# EXHIBIT B



**Todd&Weld**LLP

Howard M. Cooper
E-mail: hcooper@toddweld.com

May 6, 2019

<u>By e-mail</u>

Joshua Schiller, Esq. (jischiller@bsfllp.com)
Sigrid McCawley, Esq. (smccawley@bsfllp.com)
Boies Schiller Flexner LLP
55 Hudson Yards
New York, New York 10001

  Re: <u>Giuffre v Dershowitz</u>

Dear Counsel:

  I write to provide notice to your firm that we believe you are disqualified from acting as counsel in this case. As the Rules of Professional Conduct are self-executing in the first instance, for the moment we are simply bringing this issue to your attention to ensure that you recognize the ethical issues present here and can proceed accordingly. In the event that your firm refuses to withdraw from this case, we will seek your firm's disqualification via a motion to the Court.

  I expect that the reasons for your need to withdraw are already well-known to you. I will not belabor them.

  First, both David Boies and Sigrid McCawley will be material and necessary witnesses for Professor Dershowitz on highly relevant issues, and their testimony will be adverse and prejudicial to your firm's client given the admissions made by them as her agent. As you know, the advocate-witness rule enshrined in Rule 3.7 of the Rules of Professional Conduct prohibits an attorney from representing a party in a case where the attorney is "likely to be a witness". *See* <u>Rizzuto v. De Blasio</u>, 2019 WL 1433067 (EDNY 3/29/19). Based upon the particular circumstances of this matter we strongly believe that the disqualification required in this instance is pervasive and firm wide.

  Second, there are substantial issues in this case concerning your client's waiver of the attorney-client privilege with regard to communications with your firm. We also believe there is a challenge to the availability of your client's claim of privilege more generally, including any claimed litigation privilege. All of this will compound the issue regarding the degree to which the testimony of Mr. Boies and Ms. McCawley, and possibly other members and associates of your firm, will be adverse to your client. We are confident additional grounds for disqualification exist. We reserve the right to assert those grounds upon discovery, and within a motion to disqualify.



Finally, if Professor Dershowitz were to bring claims against Mr. Boies, Ms. McCawley, and your firm, it would provide further compelling grounds for the disqualification of your firm as counsel in this matter. As you must surely be aware, Professor Dershowitz believes that in fact he does possess substantial claims against your firm based upon its misconduct outside of any privilege.

Again, at this time I am simply providing you notice, at the earliest possible opportunity, of our position on your firm's disqualification in this matter. Please be guided accordingly.

Please note that we have identified our New York based co-counsel, Arthur L. Aidala, Esq. and his team at Aidala, Bertuna & Kamins, P.C. They are copied on this letter. Please include them in all future communications.

Please also confirm that you have taken all steps necessary to preserve evidence.

Very truly yours,

Howard M. Cooper

HMC/ckb

cc: Professor Alan Dershowitz
    David Rich, Esq.
    Arthur L. Aidala, Esq.
    Imran H. Ansari, Esq.
    Hon. Barry Kamins (ret.)