# EXHIBIT I

Case 1:19-cv-03377-LAP   Document 10-9   Filed 06/07/19   Page 2 of 3

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

February 10, 2015

*Via Email and First Class Mail*
Professor Alan Dershowitz
Harvard Law School
520 Hauser Hall
1575 Massachusetts Avenue
Cambridge, MA 02138
Dersh@law.harvard.edu

Re:   Notice Pursuant to Florida Rule of Professional Conduct 4-1.18

Dear Professor Dershowitz:

I serve as the General Counsel for Boies, Schiller & Flexner LLP ("BSF" or the "Firm"). I write to provide notice pursuant to Florida Rule of Professional Conduct 4-1.18 that we have screened two lawyers, Carlos Sires and Stuart Singer, from a representation that is adverse to you (the "Screened Matter").

We understand that you have had communications involving Mr. Sires and Mr. Singer regarding a potential representation in connection with *Edwards v. Dershowitz*, pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. Mr. Sires communicated to you that the Firm could not take on this potential representation due to a conflict, the nature of which we are unable to disclose. Additionally, given Jonathan Schiller's role as Chairman of the Board of Columbia University, the Firm's executive committee is reluctant to take on matters involving universities or faculty during his tenure.

No attorney-client relationship developed, and we are not aware that you conveyed to Mr. Sires or Mr. Singer any information that could be used to your disadvantage. However, in an excess of caution, we have taken the following steps to screen Mr. Sires and Mr. Singer from the Screened Matter.

We have notified all Firm personnel in writing that Mr. Sires and Mr. Singer may not participate in any way in the Screened Matter. Furthermore, all Firm personnel have been instructed in writing that no one may discuss with Mr. Sires or Mr. Singer any aspect of the Screened Matter or any information in any way relating to that matter; that no one may discuss the Screened Matter in the presence of or near Mr. Sires or Mr. Singer; and that no one may show Mr. Sires or Mr. Singer any documents relating to the Screened Matter. Mr. Sires and Mr. Singer has been instructed, orally and in writing, not to discuss or share any data, information, or documents regarding the any aspect of the allegations against you or your responses to those

BOIES, SCHILLER & FLEXNER LLP

allegations. Furthermore, all files concerning the Screened Matter will be segregated and secretarial and other staff assignments will be made so that those files will not be accessible to Mr. Sires or Mr. Singer. Mr. Sires and Mr. Singer will not have access to the Firm's limited access computer drive in which data, information and documents in connection with the Screened Matter are stored. Finally, the Firm's executives and accounting department will take the necessary steps to ensure that Mr. Sires and Mr. Singer will not share in any fees paid to the Firm in connection with the Screened Matter.

If you have any questions, please feel free to contact me.

Respectfully yours,

Nicholas A. Gravante, Jr.