LAW OFFICES OF
## Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
DOMINICK GULLO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
JENNIFER CASSANDRA
PETER W. KOLP
WILLIAM R. SANTO
PETER S. THOMAS

**VIA ECF**                                                          June 12, 2019

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   ***Giuffre v. Dershowitz***, **Case No. 19-Civ-3377-LAP**
      **Pre-Motion Letter**

Dear Judge Preska,

      We respectfully submit this letter to, request a pre-motion conference in light of the recent order marking off Defendant Alan Dershowitz's (hereinafter "Prof. Dershowitz") Motion to Disqualify [Dkt. No. 8-10], and in support of compliance with Rule 2.A of the Court's Individual Practice Rules. We apologize to the Court for not complying with the express terms of Rule 2.A, and assure the Court that its rules will be followed accordingly going forward. Nonetheless, we respectfully wish to bring to the Court's attention the unique and particular circumstances under which the motion was filed.

      First, the motion is unique in itself, in that it is filed pre-answer, and although not a pre-answer motion to dismiss, one of the enumerated motions subject to exception from pre-motion conference, it is akin to such in that it seeks exigent pre-answer relief. Within his motion, rather than seeking pre-answer dismissal of the Complaint, Prof. Dershowitz seeks the pre-answer disqualification of Counsel. Prof. Dershowitz, with a pending deadline to answer, move, or otherwise respond to Plaintiff's Complaint, sought to file his motion now, so as to seek disqualification of Boies Schiller Flexner LLP (hereinafter "Boies firm") as early as possible in the litigation and raise the issue at the inception of the case. Prof. Dershowitz moves for this relief at this early stage so as to preserve the integrity of the judicial process in this action and ensure that prejudice does not occur - to either of the parties.

      Second, Prof. Dershowitz has serious concerns about any delay in the filing of the motion, given the tone of the Boies firm's prior communication with his counsel. On May 6, 2019, Prof. Dershowitz's counsel sent a letter to the Boies firm notifying them that they are subject to disqualification. In response, attorney Joshua Schiller sent the following email demanding that Prof. Dershowitz file his motion immediately:

1

> **From:** Josh Schiller <jischiller@bsfllp.com>
> **Sent:** Thursday, May 9, 2019 6:28 PM
> **To:** Cooper, Howard; Sigrid McCawley
> **Cc:** Rich, David H.; Kiely, Christian; Arthur Aidala; Imran H. Ansari, Esq.; Judge Barry Kamins
> **Subject:** Re: FW: Guiffre v Dershowitz
>
> Counsel,
>
> We have your letter dated May 6, 2019. We do not believe there is any good faith basis to attempt to disqualify this Firm or any of its lawyers. This is simply another attempt by the Defendant to avoid the reckoning that he publicly purports to desire. If you intend to continue to seek disqualification, you should make a motion now. If you do make such a motion, we will seek sanctions. If you do not make your motion now, we will take the position that you have waived any claim of disqualification.
>
> Many thanks,
>
> Josh

While we don't suggest that the hostile tone of Mr. Schiller's email is reason in itself to file a motion in disregard to the Rule 2.A, we do point out that it tends to suggest that a pre-motion conference would be futile in seeking to resolve the issue of disqualification without this Court's decision upon fully submitted motion papers. Therefore, we respectfully request that the Court, upon satisfaction of Rule 2.A, permit Prof. Dershowitz to re-file and re-calendar his Motion to Disqualify so that a decision by this Court can be rendered upon review of the <u>complete</u> motion papers, with supportive declarations, exhibits, and memorandum of law.

In accordance with Rule 2.A, Prof. Dershowitz submits his pre-motion conference letter herein. With his previously filed motion, Prof. Dershowitz submitted a detailed declaration reciting the underlying factual basis supporting his motion, and also submitted the declaration of Professor Bruce A. Green, an ethics expert, who provided his legal analysis and expert opinion in support of disqualification. In brief, the basis of the motion seeking disqualification of the Boies firm are at least two independent reasons that are based upon the New York Rules of Professional Conduct (Rules 1.6, 1.7, 1.9, 1.10 and/or 1.18, and 3.7).

First, the Boies firm represented Prof. Dershowitz regarding the <u>same</u> subject matter as the current lawsuit and, in the course of its confidential communications, both presumptively and in fact received confidential information from Prof. Dershowitz that is material to this lawsuit. It is without dispute that after the Plaintiff made accusations against Prof. Dershowitz in 2015, Prof. Dershowitz received an unsolicited email from Carlos Sires, a partner at the Boies firm who is located in the same Ft. Lauderdale office as Sigrid McCawley -one of the attorneys representing the Plaintiff in this action- offering to represent him. Prof. Dershowitz accepted the Boies firm offer, the lawyer-client relationship was established, and in turn he provided a confidential memorandum to the Boies firm detailing his defense strategy. Only after that exchange of confidential information -relating to the *same* accusations by the *same* individual in this case- did the Boies firm notify Prof. Dershowitz that the firm could not represent him. The firm's disqualification is necessary to protect Prof. Dershowitz and the integrity of the proceedings against the firm's misuse of his confidential information. *See,* N.Y. Rules 1.6, 1.7, 1.9, 1.10, 1.18; *Benevida Foods, LLC v. Advance Magazine Publishers Inc.*, No. 15 CV 2729 (S.D.N.Y. June 15, 2016), *Zalewski v. Shelroc Homes, LLC,* 856 F. Supp. 2d 426 (N.D.N.Y. 2012), *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227 (2016), *Young v. Cent. Square Cent. Sch. Dist.*, 213 F. Supp.

2d 202 (N.D.N.Y. 2002), *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127 (2d Cir. 2005), *Mitchell v. Metropolitan Life Ins. Co.*, 01 Civ. 2112 (S.D.N.Y. March 21, 2002).

  Second, the Boies firm's prior representation of the Plaintiff will be a central disputed issue in *this* lawsuit - because the Plaintiff's Complaint puts it in issue. Boies firm attorneys are necessary fact witnesses whose credibility has been placed in issue by the Complaint. A central question raised by the Complaint is whether Plaintiff "and her lawyers" collaborated in making false statements against Prof. Dershowitz. If anyone, in addition to Plaintiff and Prof. Dershowitz, are necessary witnesses regarding the lawyers' role, it is Plaintiff's lawyers themselves. The Complaint refers to a course of conversations and communications between David Boies and Prof. Dershowitz in which Prof. Dershowitz asserted that Plaintiff was mistaken in her claim. Prof. Dershowitz intends to introduce evidence that during the course of these conversations Boies and attorneys at the Boies firm admitted that the Plaintiff's accusations against him were "wrong". Thus, the statements made by Boies firm attorneys are a central factual issues in the case by virtue of the Plaintiff's pleadings and are prejudicial and adverse to the Plaintiff herself. Prof. Dershowitz intends to call these attorneys as witnesses at depositions and at trial and will surely challenge any denial or explanation of these prejudicial statements. Therefore, *Plaintiff's* counsel must be free to discredit these prejudicial statements even at the expense of the Boies firm attorneys' professional reputation. Boies firm attorneys will not have the necessary independence to do this. The Complaint puts in issue not only the past conduct of Boies firm attorneys but also the ongoing conduct of the firm, including its filing and prosecution of this lawsuit. As long as the Boies firm remains in this case, its conduct of the litigation will be an implicit, if not explicit, subject of the lawsuit, making the firm's lawyers unsworn witnesses. The interest in preserving the integrity of the proceedings weighs heavily against permitting this further complexity. Therefore, the firm's disqualification is necessary to protect Prof. Dershowitz and the integrity of the proceedings from the distortions that are likely to result from the role of the firm's lawyers as necessary witnesses whose work is a central issue in this lawsuit. *See,* N.Y. Rule 3.7, *Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 178 (2nd Cir. 2009).

  Lastly, as counsel for Plaintiff raised the issue of the number of pages of Prof. Dershowitz's Memorandum of Law in his letter, due to the complexity of the issues of fact and law, and necessary discussion of the expert opinion, Prof. Dershowitz respectfully requests the Court's permission to file a Memorandum of Law of <u>28</u> pages at the time it is re-filed.

  Prof. Dershowitz respectfully requests the Court for a pre-motion conference in accordance with Rule 2.A and thereafter permission to re-file and re-calendar his previously filed Motion to Disqualify. Pursuant to Rule 2.A, we remind Plaintiff of her obligation to submit a response letter to the Court.

Respectfully Submitted,

_____  
Imran N. Ansari

_____  
Arthur L. Aidala

*CC: Counsel for Plaintiff (via ECF)*

3