

June 17, 2019

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Virginia L. Giuffre v. Alan Dershowitz*, No. 19 Civ. 3377 (LAP)

Dear Judge Preska:

We represent plaintiff Virginia Giuffre and write in response to Alan Dershowitz's June 12, 2019 letter seeking a pre-motion conference regarding his motion to disqualify Boies Schiller Flexner LLP ("BSF") from representing her in this matter. That proposed motion is tactical, untimely, and frivolous, and we request that it be denied without further briefing.

Virginia Giuffre is a confirmed victim of convicted sex offender Jeffrey Epstein. In December 2014, she revealed that one of the men to whom she was trafficked as a minor was Epstein's close friend and lawyer, Dershowitz. Ever since, Dershowitz has viciously and publicly attacked her, calling her a "prostitute," a "bad mother," and a "liar." Those attacks escalated in November 2018 when the *Miami Herald* published a ground breaking series of articles that disclosed the inner-workings of Epstein's sex trafficking operation, including references to Dershowitz. On April 16, 2019, Ms. Giuffre filed this action to end Dershowitz's relentless campaign of intimidation and harassment.

Now, despite knowing that BSF has represented Ms. Giuffre for five years, and despite making prior threats of disqualification and having multiple opportunities in prior cases to do so, Dershowitz seeks to deprive his victim of her chosen counsel. Such an untimely and frivolous motion should not be entertained by this Court. *See Brown & Williamson Tobacco Corp. v. Pataki*, 152 F. Supp. 2d 276, 289-91 (S.D.N.Y. 2001) (Preska, J.) (noting that delay and intentional tactical maneuvering in filing a motion to disqualify can greatly prejudice a party); *Yasuda Trust & Banking Co. v. 250 Church Associates*, 206 A.D.2d 259, 259-60 (N.Y. App. Div. 1994) (denying disqualification motion where defendants "failed to object to the firm's representation of plaintiff in two separate actions against defendants").

Dershowitz seeks to disqualify BSF because he knows that BSF is representing Ms. Giuffre *pro bono* and he hopes that, if BSF is disqualified, she will be unable to continue her action.

**Dershowitz was never a BSF client.** Dershowitz claims BSF agreed in January 2015 to represent him in matters related to his abuse of Ms. Giuffre. It did not, as evidenced by, among other things, his own words when BSF declined that request: "*Darn. I was really hoping you could come on board. Thanks for considering it.*" Given his vast experience as both a lawyer and a client, Dershowitz's assertion that he believed BSF had agreed to represent him is not credible or reasonable. *See, e.g., Anderson v. Greene*, 2016 U.S. Dist. LEXIS 105671, at *90 (S.D.N.Y. Aug.



10, 2016) (a "unilateral belief that one is his or her attorney is not dispositive") (citations omitted). The written record between Dershowitz and BSF is clear that Dershowitz was never anything more than a prospective client. As Dershowitz well knew, BSF needed to complete a conflict check as a precondition to possibly representing him. That is why BSF partner Carlos Sires requested the public filings from the Florida defamation action. Instead, and even though he knew that BSF's conflict check had not been completed, Dershowitz copied Mr. Sires into a group e-mail attaching a memorandum, which Dershowitz now claims was confidential. (The memorandum, addressed to his "friends," contained no confidential information or legal strategy that had not already been disclosed publicly and repeatedly by Dershowitz to various news organizations.) Within ***two*** days of Dershowitz furnishing the requested information, he was told that there was a conflict. His response at the time refutes his assertion now, and that of his expert, that Dershowitz ever reasonably believed BSF had already agreed to represent him.

Even so, in an abundance of caution, BSF implemented robust screening measures pursuant to Rule 1.18(d) of the New York Rules of Professional Conduct (the "Rules"). *See Maricultura Del Norte v. Worldbusiness Capital, Inc.*, 2015 U.S. Dist. LEXIS 29953, at *40 (S.D.N.Y. Mar. 6, 2015) (ethical screens are generally sufficient to rebut presumption of disqualification); *Am. Intl. Group, Inc. v. Bank of Am. Corp.*, 827 F. Supp. 2d 341, 347 (S.D.N.Y. 2011) ("[M]inimal degree of Becker's involvement in the case also erodes any risk of taint."). As a result, here, as in *Brown*, the limited interactions between Dershowitz and BSF cannot form the basis for disqualification.

**<u>Dershowitz cannot manufacture disqualification.</u>** Dershowitz claims that BSF should be disqualified under the advocate-witness rule (Rule 3.7) because David Boies and other unidentified "Boies firm attorneys are necessary fact witnesses." This argument is utterly without merit. The Second Circuit's seminal opinion in *Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009), the one case cited by Dershowitz, held that a party seeking advocate-witness disqualification of an entire law firm by imputation must satisfy a very demanding burden of proof, because "Rule 3.7 lends itself to opportunistic abuse."

Thus, a law firm "can be disqualified by imputation only if the movant proves by clear and convincing evidence that [A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result." *Id.* at 178-79. The movant must show "specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the advocate-witness' client] is substantial." *Id.* at 178. With no showing of prejudice, BSF cannot be disqualified, and even the attorney-witnesses can participate in certain aspects of the case. *Murray*, 583 F.3d at 178-79; *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 373-74 (E.D.N.Y. 2010); *Interpharm, Inc. v. Wells Fargo*, 2010 U.S. Dist. LEXIS 28802, at *13-14 (S.D.N.Y. Mar. 25, 2010); *Gormin v. Hubregsen*, 2009 U.S. Dist. LEXIS 15507, at *7-8 (S.D.N.Y. Feb. 27, 2009). Dershowitz comes nowhere close to satisfying the demanding burden to justify disqualification, especially because his requested relief will cause substantial hardship to Ms. Giuffre by denying her the *pro bono* services of her longstanding counsel. *See* Rule 3.7(a)(3)).

**<u>Dershowitz waived any right he ever had to bring this motion.</u>** Finally, Dershowitz's attempt to disqualify Ms. Giuffre's chosen counsel is untimely and tactical. The dispute between these parties has been on-going for over four years and the facts upon which Dershowitz bases his proposed motion have been known to him for over four years. In March 2016, Dershowitz threatened to seek disqualification of BSF in *Cassell and Edwards v. Dershowitz*, Case No. CACE 15-000072 (Seventeenth Judicial Circuit of Broward County Florida), but never did. Again, on August 19, 2016, during Ms. Giuffre's appeal to the Fourth District Court of Appeal, Case No. 4D16-1847, Dershowitz's attorney submitted an unsigned affidavit, titled *Affidavit of Alan Dershowitz in Support of Motion to Disqualify the Law Firm of Boies Schiller & Flexner On the Grounds That Partners Carlos Sires and Stuart Singer Had Confidential Lawyer-Client Communications with Me Regarding this Case*, containing the exact same false assertions he is making in his pre-motion conference letter, but never filed the motion.[1] Dershowitz now seeks to benefit tactically from his delay by disqualifying Ms. Giuffre's *pro bono* counsel in this matter. Courts simply do not countenance later-filed motions to disqualify in such circumstances. *See Brown & Williamson Tobacco Corp. v. Pataki*, 152 F. Supp. 2d 276, 290 (S.D.N.Y. 2001) (Preska, J.) (noting "a hint of tactical maneuvering" where the "State has never moved to disqualify C&B in any other case, including when C&B represented the tobacco manufacturers and the Tobacco Institute against the State Attorney General"); *Universal City Studios, Inc. v. Reimerdes*, 98 F. Supp. 2d 449, 455 (S.D.N.Y. 2000) (denying a motion for disqualification in part because of the movant's delay, which gave rise to concerns of tactical use).

For these reasons, Dershowitz's request to file his motion to disqualify should be denied.

Respectfully submitted,

<u>/s/ Joshua I. Schiller</u>

Joshua I. Schiller
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300
jischiller@bsfllp.com

*Attorney for Plaintiff Virginia Giuffre*

**CC**: Counsel for All Parties (via ECF)

[1] Dershowitz also declined two other opportunities to file a disqualification motion. First, August 11, 2016, he intervened in *Giuffre v. Maxwell*, Case No. 15-CV-0743 [DE 362-364]. Second, on November 16, 2016, he filed an appeal in the Second Circuit against Giuffre (16-3945).