UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

VIRGINIA L. GIUFFRE                                     1:19-CV-03377

               Plaintiff,                             ECF CASE

    -against-                                                **SUPPLEMENTAL DECLARATION
                                                        OF DAVID BOIES**

ALAN DERSHOWITZ,

               Defendant.

-------------------------------------------------------- X

    DAVID BOIES hereby declares pursuant to 28 U.S.C. § 1746 as follows:

    1.    I make this declaration to respond to certain assertions made by Defendant Alan Dershowitz in his declaration submitted in support of a motion to disqualify Boies Schiller Flexner LLP from representing the Plaintiff in this action.

    2.    I understand that an affidavit that I previously submitted in response to Mr. Dershowitz's assertions to The Florida Bar and The New York Bar is being submitted to the court. The purpose of the present declaration is to respond specifically to Mr. Dershowitz's recent claim of statements by me that he asserts he recorded during confidential settlement discussions.

    3.    The discussions I had with Mr. Dershowitz during 2015 were settlement discussions that Mr. Dershowitz had requested, that Mr. Dershowitz had expressly sought (and received) my agreement that our settlement discussions would be kept confidential, and that to the extent any recording was made it was made without my knowledge or agreement.

    4.    Throughout my discussions with Mr. Dershowitz, I told Mr. Dershowitz that I was convinced Ms. Giuffre was telling the truth as she recalled it. Contrary to Mr. Dershowitz's

1

later assertions that Ms. Giuffre was a perjurer who had made up the accusations against him as part of an extortion plot, Mr. Dershowitz did not dispute that Ms. Giuffre was truthfully recounting what she believed happened. On the contrary, Mr. Dershowitz affirmatively agreed that he believed Ms. Giuffre was telling the truth as she remembered it and would easily pass a lie detector test. Mr. Dershowitz's assertion to me was that Ms. Giuffre had made an honest mistake and had confused him with another friend of Mr. Epstein (Nathan Myhrvold).

5. Initially, Mr. Dershowitz provided me with extensive, but unsubstantiated, assertions that indicated he was never in the locations where and when he could have had sex with Ms. Giuffre. I told him in substance that if that were true, Ms. Giuffre would have to have been mistaken and I would in that event try to convince Ms. Giuffre to withdraw her statements that Mr. Dershowitz was one of the men to whom Mr. Epstein had lent her out for sex.

6. However, I also told Mr. Dershowitz that he would need to provide clear confirmation of his assertions.

7. Despite many opportunities to do so, Mr. Dershowitz was never able to substantiate his assertions that he was never in a location where and when he could have had sex with Ms. Giuffre. On the contrary, as I informed Mr. Dershowitz in October, November, and December of 2015, we were increasingly uncovering evidence that was contrary to Mr. Dershowitz's assertions and supportive of Ms. Giuffre's report.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
July 3, 2019

Respectfully Submitted,

*David Boies*
David Boies