# EXHIBIT 9

## AFFIDAVIT OF STUART H. SINGER

I, Stuart H. Singer, being duly sworn, do hereby state under oath that the following facts are true:

1. I am a member of The Florida Bar, a partner in the law firm of Boies, Schiller & Flexner LLP ("BSF"), and the Administrative Partner responsible for the Fort Lauderdale office of BSF.

2. Although I was copied on several email exchanges between my Partner Carlos Sires and Mr. Dershowitz, as described herein, I never wrote, emailed or otherwise communicated directly with Mr. Dershowitz. The facts are that I never spoke to Mr. Dershowitz in person or by phone about the Edwards/Cassell Florida defamation matter. Indeed, except for the possibility of a brief encounter at a social or professional event (of which I have no independent recollection), I have never had any discussions about any matter with Mr. Dershowitz.

3. I never offered to represent Mr. Dershowitz in connection with the Florida defamation matter or any other matter. On January 22, 2015, when Mr. Sires told me Mr. Dershowitz may be interested in our assistance, I suggested to Mr. Sires that he should set up a meeting.

4. Consistent with long-standing BSF policy, before we could accept the potential representation, our Firm would need to run a conflict check and, as Carlos and I discussed, we would also need to agree to a fee and get approval for the representation from Firm Chairman David Boies.

5. I never requested or received confidential information from Mr. Dershowitz. Mr. Sires forwarded to me various public court filings, which I reviewed. Mr. Sires also forward to me the memorandum that I understand Mr. Dershowitz sent to him unsolicited. While I recall that I briefly reviewed the document, I have no independent recollection of its contents.

6. Before a meeting or discussion with Mr. Dershowitz about any potential representation occurred, I raised with Mr. Boies the prospective representation. I did not share Mr. Dershowitz's memorandum or discuss its contents with Mr. Boies. Mr. Boies informed me there was a conflict precluding the representation of Mr. Dershowitz, and I immediately relayed this information to Mr. Sires. Mr. Sires promptly emailed Mr. Dershowitz on January 30, 2015, that we could not represent him. I was copied on this email.

7. I have had no involvement whatever in the litigation matters involving any matter relating to Virginia Roberts Giuffre or Alan Dershowitz.

8. At no time, before or after the issuance of the February 9, 2015, Screening Memorandum did I disclose to either Mr. Boies or Ms. McCawley any substance of any communication with Mr. Dershowitz. I received, reviewed and complied with the Memorandum without exception.

9. At no time, before or after the issuance of the Screening Memorandum did either Mr. Boies or Ms. McCawley disclose to me any information regarding the representation of Ms. Virginia Roberts Giuffre.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Stuart H. Singer

STATE OF FLORIDA
    SS:
COUNTY OF BROWARD

BEFORE ME, the undersigned authority, personally appeared Stuart H. Singer, personally known to me ~~or produced the following identification~~ _____, who upon being first duly sworn, deposes and says that he has read the foregoing and it is true and correct to the best of his knowledge.

SWORN TO and SUBSCRIBED BEFORE ME this 27th day of November, 2017.

_____
Notary Public, State of Florida

Notary Public State of Florida
Deborah C Knowlton
My Commission FF 067473
Expires 11/29/2017