LAW OFFICES OF
## Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
DOMINICK GULLO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
JENNIFER CASSANDRA
PETER W. KOLP
WILLIAM R. SANTO
PETER S. THOMAS

October 1, 2019

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC # ___ DATE FILED: 10-1-19]

Re:   *Giuffre v. Dershowitz*, Case No. 19-Civ-3377-LAP
      **Opposition to Plaintiff's September 26, 2019 Request**

Dear Judge Preska,

In her letter of September 26, 2019, Plaintiff's counsel requests that the Court issue an Order directing Defendant to (a) provide the Plaintiff a "complete and unaltered copy" of the audio tape as transcribed in Defendant's filing under seal, and (b) provide the Plaintiff a "complete certified transcript of the entire recording...promptly."

Defendant objects to these requests in that they prematurely and improperly seek pre-answer discovery while dispositive motions are pending before the Court. If the Court so desires, Defendant will provide *the Court* these materials, under seal and for *in camera* review. Yet simultaneously providing Plaintiff unfettered access to this evidence, before issue is joined and discovery is commenced pursuant to F.R.C.P. Rule 26, creates a risk of substantial prejudice to the Defendant.

Should the Court be inclined to grant the Plaintiff's request, then in turn, Defendant respectfully requests that the Court permit Defendant to seek limited and expedited pre-answer discovery of his own. To wit, Defendant will seek (a) the unsealing of the transcript of Plaintiff's deposition testimony taken during the *Edwards & Cassell v. Dershowitz* action; (b) the unsealing of the emails of Sarah Ransome that are contained in the record of the *Giuffre v. Maxwell* action; and (c) the unsealing of the legal brief submitted by Sharon Churcher that is contained in the record of the *Giuffre v. Maxwell* action. To permit Plaintiff to benefit from pre-answer discovery at this time, while denying the Defendant the same privilege, is inequitable, and Defendant should be afforded the same right.

Respectfully Submitted,

/s/ Imran H. Ansari

*Denied*

SO ORDERED
/s/ Loretta A. Preska
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
10/1/19

cc: Counsel for Plaintiff (via ECF)

1