

October 3, 2019

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

       Re:    *Virginia L. Giuffre v. Alan Dershowitz*, No. 19 Civ. 3377 (LAP)
              Response to Defendant's Post-Argument Letter

Dear Judge Preska:

Pursuant to the Court's letter endorsement, Dkt. 60, Plaintiff Virginia Giuffre ("Giuffre" or "Plaintiff") respectfully submits the following letter.[1]

**Limiting Principle**

The limiting principle with which Defendant Alan Dershowitz ("Dershowitz") takes issue is taken directly from the Court's own decision in *Jewel v. Capital Cities/ABC, Inc.*, No. 97 Civ. 5617, 1998 WL 702286, at *2 (S.D.N.Y. Oct. 7, 1998) (Preska, J.) ("[U]nder New York law, 'every distinct publication of a . . . slanderous statement gives rise to a separate cause of action.'"); Tr. at 5:4-8. The cases Dershowitz offers to rebut this principle are, as they were when he first cited them in his motion papers, easily distinguishable and inapposite.[2]

Dershowitz also takes issue with Judge Sweet's prior holding that:

---

[1] Dershowitz promised the Court that he did not "seek to re-argue the facts and legal arguments already made in his moving papers and in Court," and would instead "provide the Court citations to the record -both the record before the Court and in the public domain- in response to statements made in Court." Dkt. 59. Yet every argument and citation in Dershowitz' Post-Argument Letter ("Letter") either was already raised in Dershowitz' briefs or could have been made at oral argument if Dershowitz' counsel had thought to do so. *See* Dkt. 23 at 9, 12-16, 18, 20; Dkt. 40 at 3, 4, 8, 9. Accordingly, this entire Letter should be stricken as an unauthorized sur-reply.

[2] *Hoesten* concerned *identical* statements; *Gelbard* focused on a restatement of what was already written in a letter; and *Clark* is not a statement of New York law.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

BSF

Honorable Loretta A. Preska
October 3, 2019
Page 2

> [T]o suggest an individual is not telling the truth about her history of having been sexually assaulted as a minor constitutes more than a general denial, it alleges something deeply disturbing about the character of an individual willing to be publicly dishonest about such a reprehensible crime.

*Giuffre v. Maxwell*, 165 F. Supp. 3d 147, 152 (S.D.N.Y. 2016).  Dershowitz has not offered a "mere denial" of Plaintiff's claims—he has publicly and systematically smeared her.  Dkt. 61.

### Leslie Wexner

Dershowitz' citation to a December 2015 *New York Times* article does nothing to stop his December 5, 2018 letter in the *Harvard Crimson* from being a new defamatory statement, made to a new audience, that restarted the statute of limitations.  In the *Harvard Crimson* letter, Dershowitz himself wrote that Plaintiff "made up the accusations out of whole cloth in order to obtain millions of dollars from Leslie Wexner."  Dkt. 1 ¶17(e).  The *Times* article does mentioned Wexner, but it is not in a quote from Dershowitz and the two statements can only look similar when Dershowitz misrepresents what the article actually says by hiding almost all of the article's text through the use of ellipses.  In the article, Dershowitz' quotation is far simpler: [3]

> "Virginia and her lawyers hoped to get $1 billion, B-I-L-L-I-O-N, $1 billion or half of his net worth," Mr. Dershowitz testified he was told, calling the plan an "extortion" attempt.[4]

At *best*, the *Times* article shows that during in-court testimony Dershowitz repeated something that he claims to have heard.  It is noteworthy that the same article notes that a source briefed on the matter familiar with Wexner said "no extortion attempt was made."  By 2018, however, he was leveling affirmative accusations at Plaintiff in a publication and asserting his lies as fact.

---

[3] Barry Meier, *Alan Dershowitz on the Defense (His Own)*, N.Y. Times (Dec. 12, 2015), https://www.nytimes.com/2015/12/13/business/alan-dershowitz-on-the-defense-his-own.html.

[4] Notably, despite filing a "correction" of the Letter, Dkt. 63, Dershowitz chose to not fix his use of quotation marks that gives the impression that he himself is quoted using Wexner's name.



### Proportionality

Without citation, Dershowitz' counsel attributes a statement to Ms. McCawley that a review of the transcript establishes was not made.  In any case, Dershowitz' statements were *not* proportional—he did more than merely call Plaintiff a liar; he systematically went from media outlet to media outlet to malign and impugn the reputation of his victim, calling her an *extortionate*, *perjuring* liar, who conspired with her attorneys to extract money from him and other "powerful, wealthy people."  Dkt. 1 ¶17.

### Conflict Check

In discussing the conflict check, Dershowitz fails to mention that he never opposed or denied the affidavits demonstrating that he was clearly told that Boies Schiller Flexner LLP needed to conduct a conflict check before taking on his representation.  Tr. at 40:12-42:2 ("THE COURT:  Well perhaps in the 9,000 pages that were submitted you could have said that.").  This letter, which is not a sworn submission by Dershowitz, does *nothing* to bolster his rebuttal—it is as ineffectual as his counsel's attempt to rebut Plaintiff's evidence during the argument itself.  Tr. at 41:8-13 ("MR. ANSARI:  It is, your Honor, there's a denial here on the record.  Because it's my client's contention, your Honor.  THE COURT:  So now we can come to court and put denials in and they weren't in the affidavits?  Is that how we do it now?").

Finally, because Dershowitz' Letter is entirely repetitive of his briefing papers, Plaintiff respectfully refers the Court back to her opposition briefs, Dkts. 33 & 38, for further rebuttal of Dershowitz' arguments.

                                      Respectfully submitted,

                                      */s/ Joshua I. Schiller*
                                      Joshua I. Schiller
                                      Sigrid McCawley