

Howard M. Cooper
E-mail: hcooper@toddweld.com

October 24, 2019

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:   *Giuffre v. Dershowitz*
           Case No.: 19-cv-03377-LAP

Dear Judge Preska:

    Pursuant to Local Civil Rule 37.2 and Rule 2.A of Your Honor's Individual Practices, Defendant Alan Dershowitz respectfully requests that the Court hold a pre-motion conference with respect to Professor Dershowitz's request for certain limited, narrowly tailored, pre-Answer discovery.

    Specifically, Professor Dershowitz intends to request that Plaintiff Virginia Giuffre be required to immediately produce the following two items which are readily available to her:

- The transcript(s) and exhibits of her deposition(s) in *Giuffre v. Maxwell*, 15-cv-07433; and
- The transcript and exhibits of her deposition in *Edwards et al. v. Dershowitz*.

    These materials contain Giuffre's prior sworn testimony about the very accusations and events at issue in this case. They will be of substantial assistance in Professor Dershowitz's preparation of his forthcoming counterclaims. In the depositions, Giuffre faced cross-examination about her history with Jeffrey Epstein, the genesis of her accusations against Professor Dershowitz, her interactions with journalists, and her efforts to profit from her story. As one example only, the transcripts and exhibits will establish that it was British journalist Sharon Churcher who in 2011 mentioned Professor Dershowitz's name to Giuffre, suggesting that she include him in her book, even though she had failed to mention him in her manuscript or in her interviews with Churcher. This smoking gun evidence actually states that although there was "no proof" that Professor Dershowitz engaged in any sexual misconduct, he was a "good name for [Giuffre's] book" and that Giuffre "probably *met* him when he was hanging [o]ut w[ith] [Epstein]." **Ex. A** (emphasis supplied).

    As we know Your Honor is aware, the Second Circuit in *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019), ordered the immediate unsealing of the entire summary judgment record in the *Giuffre v. Maxwell* matter (including the emails attached hereto as Ex. A), and remanded the case to the District Court, where it was subsequently assigned to Your Honor, for the unsealing of additional materials. In the Second Circuit, a party making a request for pre-answer discovery must show "that the requests are reasonable under the circumstances." *Keybank, Nat'l Assoc. v. Quality Pay–Roll Sys., Inc.*, WL 1720461, at *4 (E.D.N.Y. June 22, 2006). Professor Dershowitz's request satisfies this reasonableness



Hon. Loretta A. Preska
October 24, 2019
Page 2 of 2

standard because it is targeted at a small and discrete set of documents which are plainly discoverable, and which can be produced forthwith with no burden whatsoever to Plaintiff.

  Professor Dershowitz respectfully requests that the Court hold a pre-motion conference with respect to this matter, or otherwise order Giuffre to produce these materials forthwith. In order that these materials may be incorporated into his Answer and Counterclaims, Professor Dershowitz further requests that he be given seven (7) days from the date of production of these materials (if ordered) to file his Answer and Counterclaims.

              Respectfully submitted,

              /s/ Howard M. Cooper
              Howard M. Cooper

HMC/lm

cc:  All counsel of record, via ECF