**LAW OFFICES OF**
**Aidala, Bertuna & Kamins, P.C.**

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
DOMINICK GULLO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
JENNIFER CASSANDRA
PETER W. KOLP
WILLIAM R. SANTO
PETER S. THOMAS

November 4, 2019

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Giuffre v. Dershowitz*, Case No. 19-Civ-3377-LAP
        Response to Letter Filed by Plaintiff Re: Audio Recording

Dear Judge Preska,

Defendant Alan Dershowitz (hereinafter "Mr. Dershowitz") respectfully writes the Court in response to the letter filed by the Plaintiff on November 1, 2019 [Dkt. No. 79] requesting that the audio microcassette currently in the custody of Stroz Friedberg be delivered by Stroz Friedberg to forensic firms that Plaintiff has "enlisted" for analysis, to wit, "CDS Legal and its partner Vestige Ltd."

To the extent that this amounts to *unilateral* pre-Answer discovery, Mr. Dershowitz opposes this request. Your Honor directed the submission of the audio recording to "Stroz Friedberg or similar digital forensic firm" in regard to issues before the Court during the pendency of the disqualification motion and Mr. Dershowitz complied. That motion has since been decided.

There are no necessary, relevant or compelling reasons at this phase of litigation that warrants the passing of the microcassette to two additional forensic firms for testing at the behest of the Plaintiff. Plaintiff's contentions as to accuracy and audibility of the recording are issues for trial, or to be explored during discovery. If and when Mr. Dershowitz seeks to admit the tape into evidence, it will be his burden to establish authenticity and audibility, and arguably, if he did not to seek its admission, further forensics would not be needed. In any event, at this particular juncture, with no issues as to the audio recording pending before the Court, it is wholly premature, if not improper.

1

Conversely, Mr. Dershowitz has made a request for discrete pre-Answer discovery in the unsealing the Plaintiff's deposition transcripts and exhibits in collateral matters so that he may thoroughly prepare his responsive pleading. Unlike Plaintiff's request, this request is necessary, relevant and compelling in light of the Court's directive to file a responsive pleading by November 7, 2019. Based on correspondence received from Plaintiff's counsel last week, we expect Plaintiff to oppose Mr. Dershowitz's request for pre-Answer discovery. To deny Mr. Dershowitz's request while simultaneously providing Plaintiff unfettered access to the microcassette through their enlisted forensic firms, before issue is joined and discovery is commenced pursuant to F.R.C.P. Rule 26, creates a risk of substantial prejudice to the Mr. Dershowitz and is simply inequitable.

Furthermore, the microcassette is a piece of tangible evidence that is subject to possible erasure, breakage, and exposure to the elements. Mr. Dershowitz has understandable reservation with the transfer of the microcassette between multiple third-parties. Therefore, Mr. Dershowitz requests that the Court issue an order directing Stroz Friedberg to return the microcassette to Mr. Dershowitz at this time. If and when the microcassette is at issue during discovery, then Mr. Dershowitz will address any demands at that time as per the F.R.C.P.

Should the Court be inclined to grant the Plaintiff's request, then in turn, Mr. Dershowitz respectfully requests that the Court permit Defendant to receive the limited and expedited pre-answer discovery as detailed in his October 24, 2019 Individual Practice Rule 2.A letter [Dkt. No. 71]. To permit Plaintiff to benefit from pre-Answer discovery at this time, while denying Mr. Dershowitz the same privilege, is inequitable, and Defendant should be afforded the same right.

Respectfully Submitted,

/s/
Imran H. Ansari

CC:   Counsel of Record via ECF (*Giuffre v. Dershowitz, Case No. 19-Civ-3377-LAP*)