# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Charles J. Cooper<br>(202) 220-9660<br>ccooper@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C.  20036 | (202) 220-9600<br>Fax (202) 220-9601 |

November 4, 2019

**VIA ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Giuffre v. Dershowitz*, Case No. 19-cv-3377-LAP
        Pre-Answer Discovery and Audio Recording

Dear Judge Preska:

  I write on behalf of Plaintiff Virginia Giuffre in response (1) to Defendant Alan Dershowitz's letter dated October 24, 2019, seeking pre-answer discovery in the above-captioned matter and (2) to Mr. Dershowitz's letter of this morning opposing our request for the transfer of the microcassette to another third-party forensic firm. Ms. Giuffre opposes Mr. Dershowitz's request for pre-answer discovery and renews her request regarding the microcassette.

  As an initial matter, it is our understanding that Mr. Dershowitz already has access to the deposition transcripts and exhibits that he is asking the Court to order Ms. Giuffre to produce to him, as he was a party to *Edwards v. Dershowitz* and a witness entitled to such access in *Giuffre v. Maxwell,* No. 15-cv-7433 ("*Maxwell*"). When we conferred about Mr. Dershowitz's request, I asked counsel for Mr. Dershowitz to correct me if that understanding is incorrect, and he did not do so.

  In any event, Mr. Dershowitz has not made the requisite showing to depart from the normal discovery process and timeline set in FED. R. CIV. P. 26(d)(2). Contrary to counsel's suggestion, there is no controlling test for expedited discovery in the Second Circuit. Courts in this Circuit have required either or some combination of a showing of good cause or a showing of "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the [responding party] will suffer if the expedited relief is granted." *North Atlantic Operating Co. v. Evergreen Distributors, LLC*, 293 F.R.D. 363 (E.D.N.Y. 2013); *see also BlackRock, Inc. v. Schroders PLC*, 2007 WL 1573933, *8 (S.D.N.Y. 2007). Mr. Dershowitz has not shown even good cause for the pre-answer discovery he seeks. His letters to the Court suggest that, regardless of whether they are in his possession, Mr. Dershowitz is already aware of the contents of the documents in question. He is therefore already able to make any allegations he would

November 4, 2019
Page 2

otherwise be able to make were the Court to grant his discovery request. It is not necessary for him to provide evidence in his Answer.

The real question presented by Mr. Dershowitz's request appears to be whether the documents should be unsealed. As Ms. Giuffre has informed the Court in *Maxwell*, we support unsealing the entire record in *Maxwell*, including the *Edwards* deposition transcript, subject to standard redactions similar to what the Second Circuit applied to protect minors and personally identifiable information. That unsealing process should proceed in accordance with the Second Circuit's mandate in *Maxwell*. For the same reasons given above, Mr. Dershowitz has not supported his request to depart from that process.

In his November 4 letter to the Court, (Doc. 80), Mr. Dershowitz describes Ms. Giuffre's request concerning the handling of the microcassette as a request for pre-answer discovery. To the contrary, the Court already ordered Mr. Dershowitz to produce the microcassette "for whatever analysis" the parties request. (Docs. 56, 66). By requesting that the microcassette be transferred to a firm capable of analyzing the microcassette as the Court provided, Ms. Giuffre simply seeks to ensure that the Court's prior instruction is carried into effect. Counsel also errs in suggesting that the Court's disqualification decision somehow moots the request for forensic analysis unless and until Mr. Dershowitz decides to place the recording in evidence. Mr. Dershowitz has already filed two inconsistent homemade transcripts of the unintelligible recording, which the Court relied on in its Order, portions of which are publicly available. *See* Declaration of Alan Dershowitz ¶ 59, Doc. 10 (June 7, 2019); Order at 10, Doc. 67 (Oct. 16, 2019) (quoting sealed transcript). It would be highly prejudicial for Ms. Giuffre to be prevented from accessing information potentially relevant to answering Mr. Dershowitz's allegations that her own former attorney expressed doubts about her account. The recording is therefore relevant and, as the Court has already determined, discoverable. Should the Court agree with Mr. Dershowitz that Ms. Giuffre's request constitutes a discovery request even though the microcassette has already been produced, Ms. Giuffre does not object to deferring consideration of her request until after the parties have conferred under Fed. R. Civ. P. 26. Ms. Giuffre requests that the microcassette remain in Stroz Friedberg's custody or be placed in the custody of the Court in the meantime. As Mr. Dershowitz rightly notes, "the microcassette is a piece of tangible evidence that is subject to possible erasure, breakage, and exposure to the elements." Especially given that Mr. Dershowitz has already lost track of the microcassette at least once, (Doc. 65), the safer course is to leave it in the hands of a neutral forensic expert or the Court.

Ms. Giuffre opposes Ms. Maxwell's suggestion that the Court enter a protective order in this case subjecting any pre-answer discovery to the protective order entered in *Maxwell*. It does not appear that Ms. Maxwell has standing to seek a protective order in this case, as she is neither a party to this case, nor has she been asked to respond to a discovery request. Fed. R. Civ. P. 26(c)(1). Moreover, it would be a waste of judicial and party resources to enter a protective order restricting the disclosure of information the Court is in the process of unsealing in *Maxwell*.

Finally, Ms. Giuffre does not oppose Mr. Dershowitz's request to extend the time to file his answer until seven days after the Court denies his request for pre-answer discovery or Ms. Giuffre produces the documents pursuant to an order from this Court.

November 4, 2019
Page 3

                                          Respectfully,

                                        /s/ Charles J. Cooper
                                        Charles J. Cooper

CC: Counsel of Record (*Giuffre v. Dershowitz*, Case No. 19-cv-3377-LAP)