UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>    Defendant.<br><br>ALAN DERSHOWITZ,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>VIRGINIA L. GIUFFRE,<br><br>    Counterclaim Defendant. | Civil Action No. 19-cv-03377-LAP |

**JOINT REPORT OF THE PARTIES PURSUANT TO FED. R. CIV. P. 26(F)**

Plaintiff and Counterclaim Defendant Virginia L. Giuffre ("Giuffre") and Defendant and Counterclaim Plaintiff Alan Dershowitz ("Dershowitz") hereby jointly submit this Joint Report and Discovery Plan pursuant to Rule 26(f) and Rule 16(b) of the Federal Rules of Civil Procedure.

**I.  OBLIGATION OF COUNSEL TO CONFER**

Pursuant to Fed. R. Civ. P. Rule 26(f), the parties (through their counsel) conferred regarding the nature and bases of their respective claims and defenses, the nature and scope of anticipated discovery, a proposed plan for discovery, and a proposed case schedule. The parties were able to reach agreement regarding various discovery-related matters and on a framework for a proposed case schedule, but as detailed below, Giuffre's newly-retained counsel is considering a

motion seeking leave to amend her Complaint to add one or more additional claims. The parties agree that such a motion will impact the remainder of the case schedule, and they accordingly hereby present a proposed Joint Discovery Plan and Pretrial Schedule that outlines a proposal that could be implemented once any proceedings on a motion to amend the Complaint are resolved.

**II.     PROPOSED CASE SCHEDULE AND DEADLINES**

Giuffre with the assistance of her new counsel is considering moving for leave to amend her Complaint to add one or more additional claims. Dershowitz has indicated he will oppose any such motion. The parties agree that on or before December 20, 2019, Giuffre will file her motion to amend, or if no motion to amend is filed, Giuffre will file her response to Dershowitz's counterclaims on that date. The parties further agree that if Giuffre moves to amend her complaint or to dismiss Dershowitz's counterclaims, Dershowitz's shall have until January 17, 2020 to respond to either such motion, taking into account the Christmas holiday.

If a motion to amend is filed, the parties agree (1) that the parties will meet and confer on a new discovery schedule within 14 days after the Court issues an order resolving the motion, and (2) that Giuffre's deadline to answer or otherwise move in response to Dershowitz's counterclaims be stayed until 21 days after the Court denies the motion or, if the Court grants the motion, until 21 days after Dershowitz serves his amended answer and counterclaim(s) in response to the amended complaint. If no motion to amend is filed, the parties agree on the following general discovery and pretrial schedule:

(a)   Fact discovery shall open on December 3, 2019;

(b)   Initial disclosures pursuant to Rule 26(a)(1) shall be made on or before December 16, 2019;

(c)   The parties will endeavor to complete all fact discovery by August 15, 2020;

(d)   The parties shall exchange initial expert reports pursuant to Rule 26(a)(2) on or before June 15, 2020;

2

(e) The parties shall submit any rebuttal expert reports on or before July 15, 2020;

(f) All expert discovery shall be completed by August 15, 2020;

(g) The Joint Pretrial Order pursuant to Rule 3.A of Your Honor's Individual Practices shall be filed by September 15, 2020

(h) Filings pursuant to Rule 3.B of Your Honor's Individual Practices shall be made by October 15, 2020

(i) Trial will be scheduled for November 1, 2020 or as soon thereafter as the Court is available.

The parties note that due to the predicted scope of necessary discovery and the likely need for motions practice to resolve discovery disputes, the parties may need to seek additional time.

### III. PROPOSED DISCOVERY PLAN PURSUANT TO RULE 26(F)(3)

#### A. Disclosures Under Rule 26(a)

Apart from the agreed timing set forth in the proposed schedule above, no changes in the form or requirement for disclosures under Rule 26(a) are needed at this time. Initial disclosures will be made on December 16, 2019.

#### B. Anticipated Subjects of Discovery

Based on the current state of the pleadings, Giuffre anticipates that she will seek discovery into following subjects:

(a) Dershowitz's sexual abuse of and involvement in the human trafficking of Giuffre and other young women;

(b) State and federal investigations of Jeffrey Epstein and Ghislaine Maxwell;

(c) Dershowitz's allegations that he has been defamed by Giuffre;

(d) Dershowitz's allegations that Giuffre conspired with her former attorneys to extort settlements from other wealthier individuals associated with Epstein;

(e) Dershowitz's allegations that Giuffre intentionally inflicted emotional distress on him;

3

(f) Dershowitz's and his wife's travel schedules, phone records, and credit card statements;

(g) Dershowitz's decades long friendship with Epstein;

(h) Dershowitz's involvement with Ghislaine Maxwell;

(i) Dershowitz's communications with members of the media regarding Giuffre;

(j) Dershowitz's involvement in defending Epstein and negotiating a non-prosecution agreement;

(k) Epstein and Maxwell's human trafficking enterprise;

(l) Dershowitz's medical and psychological records;

(m) Monetary settlements paid by Dershowitz related to claims that Giuffre or her former counsel allegedly conspired to defame him;

(n) Any and all audio or other recordings relevant to the claims and defenses in this action;

(o) Dershowitz's damages claims.

Giuffre reserves the right to pursue discovery on additional topics as may become appropriate during the course of the parties' litigation and discovery.

Based on the current state of the pleadings, Dershowitz anticipates that he will seek discovery into the following subjects:

(a) Giuffre's allegations of sexual misconduct against men other than Dershowitz;

(b) Giuffre's travel and employment records;

(c) Giuffre's communications with members of the media regarding her time with Epstein;

(d) Giuffre's communications with law enforcement regarding her time with Epstein;

(e) Giuffre's communications with counsel;

(f) Giuffre's medical and psychological records;

(g) Giuffre's false claims against other individuals;

4

    (h)    Compensation paid to Giuffre for her story;

    (i)    Monetary settlements paid to Giuffre as a result of Epstein-related claims;

    (j)    The genesis of Giuffre's allegations against Dershowitz;

    (k)    Giuffre's residency;

    (l)    Giuffre's damages claims.

Dershowitz reserves the right to pursue discovery on additional topics as may become appropriate during the course of the parties' litigation and discovery.

    **C.**    **Electronically Stored Information**

The parties have discussed discovery of electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps to preserve relevant and discoverable ESI within their possession, custody, or control. The parties agree to produce any properly requested electronic data, assuming such data is not otherwise protected by work product or attorney-client privileges or otherwise objectionable. The parties further agree to cooperate to limit the cost and time required in making such electronic disclosures, including by the use of search terms, which the parties agreed to meet and confer about at the appropriate time. The parties agree, with respect to the format of ESI production, that: (i) certain files shall be produced in native format (e.g., Excel, .TXT, and other file types that would be inconvenient to view or use if printed onto 8.5" x 11" sheets of paper) with slip-sheets referencing the original file on the face of the slip-sheet, and (ii) except for those documents produced in native format, electronic or magnetic data shall be produced as single-page Group IV Tagged Image File Format (".TIFF") and/or as PDFs at the requesting parties' preference.

    **D.**    **Privilege Issues**

Giuffre intends to seek discovery into attorney work product and attorney-client communications between Dershowitz and Epstein or Maxwell and/or between Dershowitz and

5

Epstein's or Maxwell's other counsel, as to which Giuffre contends that no privilege ever attached because such communications were made in furtherance of a crime or fraud. It is anticipated that Dershowitz and/or the Estate of Jeffery Epstein and other interested parties will oppose this discovery necessitating motions practice.

Dershowitz intends to seek discovery into attorney work product and attorney-client communications between Giuffre and Boies Schiller Flexner LLP, as to which Dershowitz contends Giuffre has waived privilege by putting the communications at issue in her complaint, or as to which no privilege ever attached because they were made in furtherance of a crime or fraud. It is anticipated that Boies Schiller will oppose this discovery, necessitating motion practice and an in camera inspection by the Court pursuant to *United States v. Zolin*.

E.   **Depositions**

Both parties anticipate needing to take more than the 10 depositions permitted under Fed. R. Civ. P. 30(a)(2)(i).

Given the allegations of Giuffre's Complaint and Dershowitz's Counterclaims, Dershowitz will need to depose, without limitation, the following individuals:  Giuffre, her husband, David Boies, Sigrid McCawley, Stanley Pottinger, David Stone, Stephen Zack, Paul Cassell, Bradley Edwards, Maria Farmer, Sarah Ransome, Juan Alessi, Alfredo Rodriguez, Tony Figueroa, Rebecca Boylan, Ghislaine Maxwell, Sharon Churcher, Julie Brown, Connie Bruck, Bill Richardson, George Mitchell, Thomas Pritzker, Leslie Wexner, Abigail Wexner, John Zeiger, Glenn Dubin and Keepers of Records for the Estate of Jeffrey Epstein, Boies Schiller Flexner LLP, the New Yorker, the Miami Herald, and Mar-a-Lago.  Dershowitz anticipates that many of these depositions will be no more than two or three hours; with the exception of the deposition of Giuffre herself, which

6

will require more than one seven-hour day.  It is anticipated that many of the third parties may resist discovery, requiring motion to quash or motion to compel practice in multiple jurisdictions.

Giuffre likewise anticipates needing to depose many of these same individuals and several others such as Dershowitz himself.  Giuffre agrees that many of these third-party depositions will require subpoenas and will involve motions to quash or motions to compel in multiple jurisdictions.  At this time, Giuffre reserves the right to object to any request to extend her deposition beyond the seven hours allowed by the Rules.

### F. Other Issues

Giuffre and Dershowitz intend to seek discovery of materials which are currently under seal in *Giuffre v. Maxwell* and both parties agree that such materials should be unsealed.

### G. Protective Order Under Rule 26(c)

The parties anticipate that a narrow protective order for the production of confidential medical records will be required.

| VIRGINIA GIUFFRE, | ALAN DERSHOWITZ, |
|---|---|
| By her attorneys, | By his attorneys, |
| /s/ Nicole J. Moss<br>Charles J. Cooper (DC Bar# 248070)<br>(*pro hac vice*)<br>Michael W. Kirk (DC Bar# 424648)<br>(*pro hac vice*)<br>Nicole J. Moss (D.C. Bar# 472424)<br>(*pro hac vice*)<br>Haley N. Proctor (DC Bar# 102820)<br>(*pro hac vice*)<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave. N.W.<br>Washington, D.C. 23006<br>(202) 220-9600<br>ccooper@cooperkirk.com<br>mkirk@cooperkirk.com<br>nmoss@cooperkirk.com | /s/ Howard M. Cooper<br>Howard M. Cooper (MA BBO# 543842)<br>(*pro hac vice*)<br>Christian G. Kiely (MA BBO# 684308)<br>(*pro hac vice*)<br>TODD & WELD LLP<br>One Federal Street, 27th Floor<br>Boston, MA 02110<br>(617) 720-2626<br>hcooper@toddweld.com<br>ckiely@toddweld.com<br><br>/s/ Imran H. Ansari<br>Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)<br>Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)<br>AIDALA, BERTUNA & KAMINS, P.C. |

hproctor@cooperkirk.com

546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
iansari@aidalalaw.com
aidalaesq@aidalalaw.com

Signatures included with consent

Dated:  November 20, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on November 20, 2019.

/s/ Nicole Jo Moss
Nicole Jo Moss