**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VIRGINIA GIUFFRE,

                Plaintiff,

    v.

ALAN DERSHOWITZ,                          Civil Action No. 1:19-cv-3377 (LAP)

                Defendant.

ALAN DERSHOWITZ,

                Counterclaim Plaintiff,

    v.

VIRGINIA L. GIUFFRE,

                Counterclaim Defendant.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER**
**MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Virginia L. Giuffre respectfully requests leave of the Court to file the attached Amended Complaint. This motion should be granted for three reasons. First, since Plaintiff filed her complaint in April 2019, the revival provision of the New York Child Victims Act has gone into effect, reviving a battery claim against Defendant Alan Dershowitz that had previously been time barred. N.Y.C.P.L.R. § 214-g.

Second, since Plaintiff filed her Complaint, Defendant has produced a copy of a recording that he represents captures a portion of a confidential telephonic settlement conference between

himself and Plaintiff's attorney, David Boies.[1] This unauthorized recording, use, and disclosure of a communication made on Plaintiff's behalf for the purpose of defaming Plaintiff violates 18 U.S.C. § 2511(1). As a "person whose wire, oral, or electronic communication" was "intercepted, disclosed, [and] intentionally used in violation" of that provision, Ms. Giuffre is entitled to recover from Mr. Dershowitz. *Id.* § 2520.

Finally, since Plaintiff filed her Complaint, Defendant's campaign of defamatory statements against Ms. Giuffre has not only continued but has intensified. Each new defamatory statement gives rise to a new claim for defamation. Although the frequency with which Mr. Dershowitz defames her will prevent Ms. Giuffre from amending her complaint every time Mr. Dershowitz publishes a new defamatory statement, the scope and nature of the new statements justify an amendment in this instance, especially given that Ms. Giuffre is amending the complaint to add the other two claims.

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend her complaint "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, 'be freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting FED. R. CIV. P. 15(a)).  "[A]bsent a showing of bad faith or undue prejudice," mere delay "does not provide a basis . . . to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Moreover, "the

---

[1] Dershowitz had previously claimed to have such a recording, but Plaintiff and her attorneys did not obtain access to it until after the complaint was filed.

party opposing the amendment bears the burden of showing prejudice, bad faith, and futility . . . ."
*Williams v. Epic Security Corp.*, 358 F. Supp. 3d 284, 294 (S.D.N.Y. 2019) (quotation marks
omitted).

There is no reason to deny leave to amend in this instance. Defendant has no valid basis to
allege "undue delay, bad faith or dilatory motive" on Plaintiff's part: the events precipitating the
battery and Wiretap Act claims occurred while a motion to dismiss the Complaint was pending.
Many of the new defamatory statements occurred during the same period or even more recently.
When it denied the motion to dismiss, the Court also disqualified Plaintiff's counsel. Her new
counsel have worked diligently since their retainer less than two months ago to develop Plaintiff's
new claims.

Defendant will not be prejudiced by the amendment. The case is in its early stages, with
parties making initial disclosures this week, and most of the factual allegations underpinning
Plaintiff's new claims—including the truth or falsity of the new defamatory statements—depend
on the same body of proof as the claims and counterclaims already in suit.

Defendant has indicated that he will argue that the claims are futile. The only ground for
futility his counsel has identified—that Plaintiff was too old at the time of the battery to invoke
the revival statute, *see* Transcript of Dec. 2, 2019, Status Conference, Doc. No. 96 at 20 ("Dec. 2
Tr.")—raises a question of fact unsuitable for resolution on a motion to amend. *See, e.g.*, *Benton
v. Brookfield Properties Corp.*, 2004 WL 1335908, *6 (S.D.N.Y. June 14, 2004) (granting leave
to amend where merits of new claim depended upon a question of fact). The statute re-opens the
limitations period for one year beginning in August 2019 for civil actions arising from conduct
that violated Article 130 of the Penal Code committed against the Plaintiff before the age of 18.
N.Y.C.P.L.R. § 214-g.  The proposed Amended Complaint alleges Defendant sexually assaulted

3

her prior to the age of 18.  *See* Proposed Amended Complaint ¶¶ 38, attached as Exhibit A to the Declaration of Haley Proctor (Dec. 20, 2019) ("Proposed Am. Compl."). Accordingly, the battery claim is not futile.

The Court independently raised the question whether Ms. Giuffre would have "standing" to make a claim under the Wiretap Act. *See* Dec. 2 Tr. at 21. Section 2520 of Title 18 provides for civil relief under the Act for "any person *whose* wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520(a) (emphasis added).  Thus, Plaintiff must have a "possessory interest" in the communication to bring a claim under the Act. *Smoot v. United Transp. Union*, 246 F.3d 633, 640 (6th Cir. 2001). Courts have held that statements made by an agent of the plaintiff in course of the agent's representation of the plaintiff are possessed by the plaintiff and thus are sufficient to confer standing to bring a Wiretap Act claim. *E.g.*, *id.* at 640–41. In the Proposed Amended Complaint, Ms. Giuffre has sufficiently alleged a possessory interest because the captured communication was a confidential settlement communication made by her attorney. *See* Proposed Am. Compl. ¶¶ 76, 117–18. Accordingly, the Wiretap Act claim is not futile.

For the reasons stated above, Plaintiff respectfully requests that the Court grant her Motion for Leave To File an Amended Complaint.

Dated:  December 20, 2019                                Respectfully submitted,

                                                         /s/ Charles J. Cooper
                                                         Charles J. Cooper*
                                                         Michael W. Kirk*
                                                         Nicole J. Moss*
                                                         Haley N. Proctor*
                                                         COOPER & KIRK PLLC
                                                         1523 New Hampshire Ave. NW
                                                         Washington, DC 74008
                                                         (202) 220-9600
                                                         *Admitted PHV

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that the foregoing was served upon all counsel of record using the CM/ECF system.

/s/ Charles J. Cooper
Charles J. Cooper*
COOPER & KIRK PLLC
1523 New Hampshire Ave. NW
Washington, DC 74008
(202) 220-9600
*Admitted PHV

*Attorney for Plaintiff*
