```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>                    Plaintiff,<br><br>-against-<br><br>ALAN DERSHOWITZ,<br><br>                    Defendant. | No. 19 Civ. 3377 (LAP)<br><br>MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is a motion to amend the operative complaint filed by Plaintiff Virginia Giuffre ("Giuffre"). (See Plaintiff's Memorandum of Law in Support of Motion to Amend Complaint ("Pl. Mem."), dated December 20, 2019 [dkt. no. 100]; see also Defendant's Memorandum of Law in Opposition to Motion to Amend ("Opp."), dated January 24, 2020 [dkt. no. 112]; see also Plaintiff's Reply Memorandum of Law in Further Support of Motion to Amend ("Reply"), dated February 7, 2020 [dkt. no. 114].) For the following reasons, that motion to amend is GRANTED.

The parties are more than familiar with the facts underlying this litigation, so the Court will not endeavor to recite them here.[1]  Of essential note, counsel for Giuffre and Defendant Alan Dershowitz ("Dershowitz") appeared at a conference before the

---

[1] A rigorous recounting of the relevant facts can be found in this Court's October 16, 2019 opinion denying Defendant Dershowitz's motion to dismiss Giuffre's original complaint.  (See Opinion & Order, dated October 16, 2019 [dkt. no. 67].)

Court on December 2, 2019, to discuss next steps in the litigation following the Court's October 16, 2019 denial of Dershowitz's motion to dismiss the original complaint.  At that conference, counsel for Giuffre indicated that she was planning to seek to amend her complaint to add (1) expired New York state battery claims that have been revived by the claim-revival provision of the New York Child Victims Act ("CVA") and (2) claims under the Electronic Communications Privacy Act, i.e., the Wiretap Act, relating to Dershowitz's purported recording of certain conversations with David Boies, Giuffre's former attorney.  (See Transcript of December 2, 2019 Conference ("Transcript"), dated December 10, 2019 [dkt. no. 96] at 19:2-3, 20:1-3, 21:11-24.) Dershowitz indicated that he would oppose any such motion to amend the complaint on the grounds that amendment would be futile, though the Court cautioned him that doing so would be an uphill battle prior to summary judgment.  (Id. at 20:17-21:9.)  Giuffre filed her motion to amend on December 20, 2019, Dershowitz dutifully opposed the motion on grounds of futility, and now here we are.

    Rule 15 of the Federal Rules of Civil Procedure emphasizes that leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  A litigant seeking to amend her complaint accordingly "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility."  Milanese v. Rust-Oleum Corp.,

2

244 F.3d 104, 110 (2d Cir. 2001); see also Agerbrink v. Model Serv. LLC, 155 F. Supp.3d 448, 452 (S.D.N.Y. 2016) (describing "liberal" Rule 15 standard).  An amendment to a pleading "is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)."  Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Dershowitz has argued that both of Giuffre's proposed New York State battery and Wiretap Act claims are futile.  (See Opp. at 4-24.)  He has failed on both scores.  With respect to the battery claim, Dershowitz has first suggested that Giuffre has failed plausibly to plead a lack of consent to any alleged sexual encounter with Dershowitz. (Id. at 5.)  However, as Giuffre points out, the absence of consent is not a formal element of the tort of battery under New York law.  (Reply at 2.)  Instead, a lack of consent is but one mechanism through which a plaintiff may establish the element of harmful or offensive contact. Rivera v. Puerto Rican Home Attendants Serv., Inc., 930 F. Supp. 124, 133 (S.D.N.Y 1996).  Alternatively, where a Defendant can demonstrate that a Plaintiff consented to the relevant contact, consent may function as a defense to the tort of battery. O'Connor v. Western Freight Ass'n, 202 F. Supp. 561, 565 (S.D.N.Y. 1962).  Thus, even assuming arguendo that Giuffre did not adequately plead a lack of consent to her alleged sexual encounters with Dershowitz, that defect would not be legally fatal to her proposed claim.

3

Dershowitz's other gambits with respect to the proposed battery claim are more consequential, but equally unsuccessful. First, he contends that the CVA's claim-revival provision, which gives victims of alleged sexual assaults an additional year to pursue claims for which the statute of limitations has run, see N.Y. C.P.L.R. § 214-6, violates Dershowitz's right to due process under the New York Constitution. (See Opp. at 9.)  That argument proceeds something like this: the New York Constitution's due process clause is broader than its sister provision in the federal Constitution; given the breadth of New York's due process protections, New York courts have looked upon claim-revival provisions skeptically, only upholding them in circumstances where a given plaintiff could not have brought an action in a timely manner; the CVA is thus unconstitutional as applied to Giuffre's sexual battery claim against Dershowitz because nothing prevented her from commencing an action against Dershowitz within the original statute of limitations.  (Id. at 11-13 (citations omitted).)

Unfortunately for Dershowitz, the New York Courts' historical skepticism of claim-revival provisions appears to be just that: historical.  While Justice Cardozo may have opined that claim revival is an "extreme exercise of legislative power" nearly a century ago, Hopkins v. Lincoln Trust Co., 233 N.Y. 213, 215 (1922), that does not appear to be the prevailing view of such

4

provisions in the here and now.  Indeed, the New York Court of Appeals has recently enunciated the permissive stance that a given revival statute will not run afoul of New York's due process clause if it merely "was a reasonable measure to address an injustice." Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 N.Y.3d 377, 400 (2017).  In doing so, the Court of Appeals specifically rejected the kind of heightened standard for claim-revival statutes that Dershowitz presses the Court to apply here, noting such limitations would be "too strict" in part because "there is no principled way for a court to test . . . whether a particular class of plaintiffs is blameless [for failing to bring suit]."  Id.  Applying that reasoning, the CVA's claim-revival provision obviously reflects the New York State Legislature's desire to correct a perceived injustice, i.e., that the statute of limitations for certain claims expired before child victims of sexual abuse recovered from past traumas to a degree sufficient to assert their rights.  (See Reply at 6.)  And, as applied here, the claim revival provision ostensibly works as the legislature intended by redressing Giuffre's purported inability to pursue claims of sexual battery against Dershowitz and others due to her continued victimization at the hands of Jeffrey Epstein.  For purposes of the instant motion, then, the Court is unable to see how the CVA's claim-revival provision fails to meet the manageable bar set forth in the World Trade Center litigation.

5

Dershowitiz additionally contends that the CVA is unconstitutional because it is void for vagueness in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution.  Specifically, Dershowitz notes that the CVA revives claims for injuries to a minor "suffered as a result of conduct which would constitute a sexual offense as defined in [Article 130 of the New York Penal Law]."  See N.Y. C.P.L.R. § 214-g.  The New York Penal Law, in turn, makes lack of a consent "an element of every offense defined in [the] article."  N.Y.P.L. § 130.05.  The Penal Law states that lack of consent may result from "any circumstances . . . in which the victim does not expressly or impliedly acquiesce in the actor's conduct."  Id. § 130.05(2)(c).  Dershowitz takes issue with this definition of "lack of consent," arguing that it does not provide sufficient notice as to what kind of "circumstances" indicate a lack of consent and encourages arbitrary enforcement.  (Opp. at 14.)

This is too clever by half.  First, Giuffre is not "seek[ing] to sue under a statute that allows consent to be proven by surrounding circumstances," as Dershowitz contends.  (Id.) She cannot sue under the CVA because it creates no cause of action, and the CVA itself does not provide for "proof" of anything because it in no way regulates conduct.  Instead, the CVA is a means to an end.  As discussed above, its claim-revival mechanism allows Giuffre to raise a claim for civil sexual battery--which itself

6

does not require any proof of lack of consent, see supra at 3—-in the face of a potential limitations defense because the conduct alleged by Giuffre would amount to a sexual offense under the New York Penal Code. Thus, the definition of lack of consent that Dershowitz finds problematic cannot be wielded against him at all, at least not in any substantive sense. Instead, the CVA's incorporation of the language from the Penal Code is merely a guidepost for determining which claims may be revived. It is not, as Dershowitz suggests, a guidepost for how to prove those claims once they have been resurrected from the dead. Thus, the Court sees no constitutional issue with the type of notice that the CVA provides.

Second, even if the CVA itself regulated conduct it would not run afoul of the Due Process Clause. As Giuffre points out, the CVA is a civil statute that is "not impermissible under [the Due Process Clause] unless its commands are so vague as really to be no rule or standard at all." Ass'n of Int'l Auto Mfrs. V. Abrams, 84 F.3d 6022, 614 (2d Cir. 1996)(quoting Boutilier v. INS, 387 U.S. 118, 123 (1967)). And here, the Court agrees that the concept of implied consent is "a concept ubiquitous in the law," (Reply at 8), that does not provide any ground whatsoever for declaring a civil claim-revival statute void for vagueness.

Finally, Dershowitz opposes Giuffre's proposed Wiretap Act claim on the grounds that she does not have statutory standing to

7

bring the claim, that she has failed to plead a criminal tortious purpose as required by the statute, and that the claim, in any case, is time-barred. (See Opp. at 18-24.)

The standing issue is dicey, which itself counsels against a finding that the proposed claim is futile. Of course, prior to granting the present motion, this Court must examine the claims "to ascertain whether they are futile on their face." Town of New Windsor v. Tesa Tuck, Inc., 919 F. Supp. 662, 678 (S.D.N.Y. 1996)(emphasis added). Dershowitz has argued that the Wiretap Act's language, which provides a cause of action to persons "whose" communications are intercepted, does not cover the present situation, i.e., a scenario where an individual's attorney is surreptitiously recorded, because Giuffre herself was not party to the recorded conversation. (Opp. at 15-17.) The Court acknowledges that this argument is, on its face, persuasive. However, that is not enough for the Court to find Giuffre's proposed Wiretap Act claim futile. Here, it appears that the question of whether Giuffre has a possessory interest in the communications of her (now former) attorney under the Wiretap Act is a disputed, unsettled question of law. Cf. Travelers Ins. Co. v. Buffalo Reins. Co., 1990 WL 116741, at *2 (S.D.N.Y. Aug. 7, 1990)(finding proposed claim was not legally insufficient on its face because it involved an unsettled question of law); see also At the Airport v. ISATA, LLC, 438 F. Supp.2d 55, 66 (E.D.N.Y.

8

2006)(rejecting futility argument in favor of "allowing the parties an opportunity to be fully heard" where relevant question of law was "unsettled"); see also In re Bernard L. Madoff Inv. Securities LLC, 468 B.R. 620, 624-25 (S.D.N.Y. Bankr. 2012). Accordingly, the Court will wait to decide the Wiretap Act standing question until the parties have had an opportunity to be fully heard on the issue in the context of a motion for summary judgment.

Dershowitz's suggestion that Giuffre's proposed Wiretap Act claim fails to allege that he acted with a "criminal or tortious purpose" in recording the conversation with David Boies, (Opp. at 18-23) is also unavailing for purposes of defeating a motion to amend. The Wiretap Act provides that:

> "It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication . . . unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or any State."

See 18 U.S.C. § 2511(2)(d). The Court of Appeals has explicitly held that "to survive a motion to dismiss, a [Wiretap Act] plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is independent of the intentional act of recording." Caro v. Weintraub, 618 F.3d 94, 100 (2d Cir.

9

2010).[2] Dershowitz is correct that courts in this circuit construe the tortious purpose exception "narrowly," United States v. Jiau, 734 F.3d 147, 152 (2d Cir. 2013), and thus require that committing a tort was the "primary motivation" behind a defendant's conduct, In re DoubleClick Inc. Privacy Litig., 154 F. Supp.2d 497, 514-15 (S.D.N.Y. 2001).  The exception is accordingly "confined to instances where the recording party intends to use the recording to harm or injure a recorded party, such as to blackmail, threaten, or publicly embarrass the recorded party." Jiau, 734 F.3d at 152.

That is precisely what Giuffre's proposed Wiretap Act claim contends.  Her proposed amended complaint alleges that Dershowitz has "played selective portions of his recordings to the press in an effort to persuade the public" that Giuffre's own lawyers "disbelieve her."  (See Proposed Amended Complaint ("PAC"), dated December 20, 2019 [dkt. no. 101-1], ¶ 88.)  Giuffre also alleges

---

[2] For this reason, the Court rejects Giuffre's argument that she need not plead facts giving rise to an inference of tortious intent because 18 U.S.C. § 2511(2)(d) only defines a statutory exception and not an element of a Wiretap Act claim. (See Reply at 12.)  To be sure, courts in this circuit have made similar findings regarding different statutes. See, e.g., Mountain Candy & Cigar Co., Inc. v. Plainfield Tobacco and Candy Co., Inc., No., 2019 WL 5895973, at *5 (E.D.N.Y. Nov. 12, 2019) ("The [New York Cigarette Marketing Standards Act's] exception for meeting competition in good faith need not be pleaded in the negative to survive a motion to dismiss.  Instead, the CMSA's statutory structure makes clear the exception is an affirmative defense . . . rather than an element to be pleaded.")  The Court of Appeals' clear language in Caro, however, compels a different result here.  See 618 F.3d at 100.

that Dershowitz utilized the recording to buttress public claims that Giuffre had committed perjury. (Id. ¶ 17(w).) The Court thus agrees that the proposed pleading creates a plausible inference that Dershowitz recorded his conversations with Giuffre "for the purpose of creating a false impression about [Giuffre's] credibility" in further support of his "defamation campaign against her." (Reply at 13.) Giuffre does not specifically say that Dershowitz was "primarily motivated" by these objectives, but the Court does not find those words to be talismanic. The Court accordingly concludes that Dershowitz has failed to demonstrate that the Wiretap Act claim is futile due to Giuffre's failure to plead a tortious purpose.

With further respect to Dershowitz's arguments regarding the Wiretap Act claim being inadequately pleaded and his separate argument that the claim is time-barred, the Court finds that Dershowitz has primarily shown questions of fact that will need to be adjudicated at a later point, not that the claims in question are futile as a legal matter. See McGarty v. Town of Carmel, 997 F. Supp. 435, 437-38 (S.D.N.Y. 1998). For example, whether the Wiretap Act claim is time-barred appears to depend in part on the accuracy of an article cited by Dershowitz that suggests that David Boies had suspicions that Dershowitz was taping him in 2015. (Opp. at 24.) Similarly, Dershowitz has contended that the low-quality of the relevant records and the amount of time that he waited to

11

disclose them evidence a lack of tortious intent.  (Id. at 21-22.) These are factual issues that lay beyond the four corners of the proposed amended complaint and thus are not suitable for resolution on a motion to amend.

For the reasons detailed above, Giuffre's motion to amend [dkt. no. 99] is GRANTED.  To the extent not addressed in this opinion, the Court considered Dershowitz's remaining arguments and found them unavailing.  Giuffre is directed to file her First Amended Complaint by no later than April 15, 2020.

**SO ORDERED.**

Dated:     New York, New York
           April 8, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge