## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

ALAN DERSHOWITZ,

      Defendant.

</td><td>

Civil Action No. 19-cv-03377-LAP

</td></tr>
<tr><td>

ALAN DERSHOWITZ,

      Counterclaim Plaintiff,

v.

VIRGINIA L. GIUFFRE,

      Counterclaim Defendant.

</td><td></td></tr>
</table>

## ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Alan Dershowitz ("Dershowitz") hereby answers the Amended Complaint of Plaintiff Virginia Roberts Giuffre ("Giuffre") (ECF No. 117) and asserts Affirmative Defenses and Counterclaims as follows:

## ANSWER

## NATURE OF THE ACTION

1.      This paragraph contains a characterization of Giuffre's Amended Complaint as to which no response is required. To the extent a response is required, Dershowitz denies that he has made any defamatory statements of and concerning Giuffre, denies that he sexually abused Giuffre, and denies that he unlawfully intercepted Giuffre's communications.

2.      Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph, except that it is denied that Giuffre was 16 when she was first introduced to Jeffrey Epstein, as records demonstrate she was 17.

3.      Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

4.      Denied that Dershowitz acted "in concert" with Epstein.  The remainder of this paragraph purports to quote from a document which speaks for itself, and thus no response is required.  To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

5.      Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

6.      Admitted that Dershowitz was for a period of time an attorney for Epstein. The remaining allegations of this paragraph are denied.

7.      Admitted that pursuant to his duties as Epstein's criminal defense attorney, Dershowitz defended Epstein as his client, not friend, including, where appropriate, by challenging the credibility of some Epstein accusers.  Denied that Dershowitz "falsely" attacked anyone, or made any comments directed at Giuffre.  Further answering, Giuffre was not among Epstein's original accusers and Dershowitz was not aware of her existence during the time he was representing Epstein.  The remaining allegations of this paragraph are denied.

8.      Admitted that Dershowitz defended Epstein as his retained criminal defense attorney.  Denied that Dershowitz actively participated in the drafting of the non-prosecution agreement ("NPA") or that he pressured the government to do anything it did not agree to do of its own accord.  Dershowitz lacks knowledge or information sufficient to admit or deny what the

government did or did not tell Epstein's victims.  Denied that Dershowitz was a "co-conspirator" of Epstein or one of the "potential co-conspirators" referenced in the NPA.  Further answering, the reference to potential co-conspirators in the NPA was to four named individuals and other unnamed but identified individuals who the government alleged procured underage females for Epstein.  If the government believed Dershowitz was a co-conspirator, they never would have permitted him to represent Epstein in the investigation as that would have been a conflict of interest.

9.      This paragraph refers to a document which speaks for itself, and thus no response is required.

10.     Dershowitz lacks knowledge or information sufficient to admit or deny the allegations of the first sentence.  The allegations of the second and third sentences refer to a document which speaks for itself, and thus no response is required.  Dershowitz denies the allegations against him contained in the Joinder Motion.  Further answering, the court in the CVRA Action struck as a "sanction" the allegations against Dershowitz in the Joinder Motion because they were "impertinent and immaterial."

11.     Admitted that Dershowitz publicly denied the false accusations against him contained in the CVRA Joinder Motion and questioned the ethics of Giuffre's lawyers, and the motives of Giuffre and her lawyers in making those accusations.   Dershowitz lacks knowledge or information sufficient to admit or deny the allegations of the third and fourth sentences.  The fifth sentence refers to court records which speak for themselves, and thus no response is required.  To the extent a response is required, Dershowitz denies the allegations referred to therein.

12.     Admitted that a settlement was reached and that the parties agreed the terms of the settlement would be kept confidential.

13.     Admitted that the *Miami Herald* published a series of articles beginning in November 2018, which articles speak for themselves.  Dershowitz denies any allegations of corruption and sexual abuse as it relates to Dershowitz and contained therein.  Dershowitz lacks knowledge or information sufficient to admit or deny the allegations concerning any investigation conducted by the *Miami Herald*.  Admitted that Dershowitz responded to Giuffre's false accusations against him published by the *Miami Herald*.  Denied that Dershowitz's response was false or defamatory, or that the purpose of the response was anything other than to defend his reputation against Giuffre's malicious lies.

14.     Admitted that Dershowitz has made clear that Giuffre has committed perjury, that together with her lawyers she engaged in a scheme to falsely accuse him of sex trafficking as part of a criminal attempt to extort a settlement from another party.  Further answering,  Dershowitz's central assertion includes: that he never met or had any contact with Giuffre as she falsely claims; that she has falsely accused him of heinous acts which never happened; and that she never accused Dershowitz until she met her lawyers and was told she could profit from accusing him.  Otherwise, denied.

15.     Denied.

16.     Denied that Dershowitz's statements are false.  The remainder of this allegation is nonsensical in light of this denial, and therefore no response is required.

17.     Admitted that Dershowitz made these statements, the content of which speak for themselves, but denied that they are false, defamatory, or were made with malice.

18.     Admitted that Dershowitz has accused Giuffre of being a liar, of lying, and has questioned her reputation for truthfulness and her motives in accusing him.  It is denied that these assertions are false, defamatory or otherwise actionable.

19.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied in the form alleged.

20.     Admitted that Dershowitz has stated publicly that he welcomes a trial at which a jury will conclude that Giuffre is a liar, perjurer and extortionist in making her allegations against him.  The remaining allegations of this paragraph are denied, including that Dershowitz said he would waive the statute of limitations so that Giuffre "could sue him".  Further answering, Dershowitz has made clear that as a civil libertarian and law professor he also feels compelled to present and preserve all First Amendment defenses including the self-defense privilege and the statute of limitations.

21.     Denied.

22.     Admitted that Dershowitz has made recent statements about Giuffre in response to his being attacked including the statement quoted.

23.     Denied in the form alleged except admitted that Dershowitz now has the ability to seek justice and vindication for himself in regard to Giuffre's false allegations while seeking damages from Giuffre for her and her lawyers' tortious conduct.

## JURISDICTION AND VENUE

24.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied.

25.     This paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied.

26.     This paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied in the form alleged.  It is denied that Dershowitz abused Giuffre or anyone else in New York City or elsewhere.

27.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied.

## PARTIES

28.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

29.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied in the form alleged.

## FACTUAL ALLEGATIONS

30.     Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

31.     Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

32.     Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

33.     Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

34.     The first three sentences of this paragraph refer to documents which speak for themselves, and thus no response is required.  Denied that Dershowitz was a "close friend" of Epstein's.  The fourth sentence is denied.  The fifth sentence is denied.  The sixth sentence is denied in the form alleged.

35. The first sentence is denied in the form alleged, except that it is admitted that Dershowitz was for a period of time an attorney for Epstein. The second sentence refers to a document which speaks for itself, and thus no response is required.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. This paragraph does not pertain to Dershowitz and therefore no response is required. If a response is required, it is admitted that Epstein pled guilty to procuring a minor for prostitution and was a registered sex offender prior to his death.

42. This paragraph refers to a document which speaks for itself, and thus no response is required. To the extent a response is required, it is admitted that Dershowitz was a member of Epstein's criminal defense team at the time Epstein entered into the NPA.

43. This paragraph refers to a document which speaks for itself, and thus no response is required.

44. Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph, which does not pertain to him.

45. Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph, except that it is admitted that he was a member of Epstein's criminal defense team at the time.

46. This paragraph refers to a document which speaks for itself, and thus no response is required.

47.     This paragraph refers to a document which speaks for itself, and thus no response is required.

48.     Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

49.     Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

50.     Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied that Dershowitz's statements were false or that Epstein had any involvement with the statements whatsoever.  Dershowitz lacks knowledge or information sufficient to admit or deny how listeners interpreted his statements.  Dershowitz lacks knowledge or information sufficient to admit or deny allegations pertaining to Epstein. The remaining allegations of this paragraph are admitted.  Further answering, it is true that Giuffre is a liar, a perjurer and an extortionist.

56.     Dershowitz lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, except it is denied that Dershowitz worked in concert with Epstein to discredit Giuffre's accusations.

57.     Denied.

58.     Denied.

59.     This paragraph refers to documents which speak for themselves, and no response is required.  To the extent a response is required, Dershowitz admits he made the referenced statements.  It is denied that these statements were a lie or that Dershowitz attempted to "conceal" his relationship with Epstein.

60.     Denied that Dershowitz sought to conceal his relationship with Epstein or that he repeatedly asserted that he only visited Epstein's Palm Beach residence once.  Dershowitz lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

61.     Admitted that Dershowitz has repeatedly asserted that he was never in Epstein's residence in the presence of underage females.  Further answering, that is the truth.  Dershowitz lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

62.     Dershowitz lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

63.     The allegations Ms. Farmer makes concerning Dershowitz are false, and they are denied.  Giuffre and her lawyers at Boies Schiller Flexner LLP have suborned perjury by submitting an affidavit containing these allegations from Ms. Farmer as an exhibit to Giuffre's original Complaint in this action.  Upon information and belief, Ms. Farmer never saw Dershowitz in Epstein's New York residence because her employment with Epstein ended months before Dershowitz ever set foot in Epstein's New York residence.

64.     Denied.

65.     Denied that Dershowitz sought to conceal his relationship with Epstein or lied about anything concerning Giuffre.  Admitted that Dershowitz has records which prove that he was not in the places at the times where and when Giuffre claims to have had sex with him.  Dershowitz's

records are not selective, incomplete or revised. They are American Express records, travel records and other third-party documentation, which were inspected for authenticity by former FBI Director Louis Freeh and his investigators. They were also reviewed by Giuffre's attorneys who concluded that it would have been impossible for Dershowitz to have been in the places where and when Giuffre allegedly had sex with him, and that Giuffre was "wrong… simply wrong" in accusing Dershowitz.

66. Denied.

67. Denied. Further answering, no inference can be drawn against Dershowitz based on Ross's and Marcinkova's invocations of their Fifth Amendment privileges.

68. The allegations of this paragraph refer to documents which speak for themselves, and no response is required. To the extent a response is required, the assertions contained in those documents are denied.

69. Denied. Dershowitz never stated that he "always" flew with his wife. He generally flew with his wife, but has publicly stated on several occasions that he flew alone, with fellow lawyers, or with his nephew or others. The Victoria's Secret model who was on the plane with Dershowitz was in her mid-twenties and there is no evidence or suggestion that she was on the plane for any improper reason, nor did Dershowitz witness or engage in any inappropriate conduct with her or any other individuals.

70. Denied. Dershowitz has never stated or implied that he literally never received a massage from anyone. He has had dozens of therapeutic massages throughout his life. He has truthfully stated that he never had a sexual massage from Giuffre or anyone else in any of Epstein's homes.

71. Denied.

72.     Denied.   Dershowitz never met Ransome and never had an attorney-client relationship with her.  The remaining allegations of this paragraph refer to a document (Ransome's perjured affidavit), which speaks for itself and thus no response is required.  To the extent that a response is required, Dershowitz denies the false allegations made against him by Ransome in her affidavit.

73.     Admitted that Dershowitz truthfully asserted that he never had sex with Ransome, never represented her as an attorney, and never met her.  Admitted that Dershowitz asserted that Ransome's statements about him were fabricated.  The remaining allegations of this paragraph are denied

74.     Denied.

75.     Denied.

76.     Denied.

77.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

78.     Denied.

79.     Denied.

80.     Admitted that David Boies told Dershowitz that based on the documentation he provided, it was impossible for Giuffre's accusations against him to be true.  Otherwise, denied.

81.     Denied.

82.     The allegations of this paragraph refer to documents which speak for themselves, and thus no response is required.  To the extent a response is required, denied.

83.     Admitted that after David Boies told Dershowitz that, based on the documentation he provided it was impossible for Giuffre's accusations against Dershowitz to be true, Boies later attempted to reverse his admission and stated that Giuffre would not be withdrawing her false accusations.  Otherwise, denied.

84.     Denied.

85.     Denied.

86.     The allegations of this paragraph refer to documents which speak for themselves, and no response is required.  To the extent that a response is required, it is denied that Dershowitz "pleaded" with Boies.

87.     Denied.

88.     The first sentence is denied.  The second sentence refers to documents which speak for themselves.  The third sentence is denied.

89.     Denied.

90.     Denied in the form alleged.  Admitted only that Dershowitz settled his litigation with Edwards and Cassell.

91.     Denied that Dershowitz claimed he prevailed in the Edwards and Cassell lawsuit as it was resolved by a settlement.  He has instead stated that he was vindicated by the investigation conducted by Louis Freeh and his associates, the Court's decision to strike Giuffre's allegations against him in the CVRA Action, and Edwards' and Cassell's admission that "it was a mistake to have filed sexual misconduct accusations against Dershowitz."  The remaining allegations of this paragraph refer to a document which speaks for itself, and no response is required.   To the extent a response is required, denied.

92.     Denied.  Further answering, Dershowitz insists that the terms of the settlement with Edward and Cassell remain confidential because that is the agreement reached by all parties. Complying with an agreement is not an admission of guilt.

93.     Admitted that Dershowitz has stated his innocence will be proven at any trial. Otherwise, denied.

## COUNT I DEFAMATION

94.     Dershowitz restates and incorporates by reference all prior responses.  The remaining allegations of this paragraph are denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    This paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied.

102.    This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied.

103.    This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied.

104.    This paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied

105.    This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied.

106.    Denied.

107.    This paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

## COUNT II BATTERY

113.    Dershowitz restates and incorporates by reference all prior responses.  The remaining allegations of this paragraph are denied.

114.    Denied.  Further answering, Giuffre has for years described her alleged encounters with Dershowitz as involving what was essentially underaged prostitution, with Giuffre herself initiating the alleged sexual contact under the guise of providing a "massage" for which she was paid.  Now that her employment records conclusively prove that her original claim that she was underage was false, she has conveniently recast her encounters with Dershowitz as non-consensual based on an actual lack of consent rather than a legal incapacity to consent based on age, in order to falsely bring a claim under N.Y.C.P.L.R. § 214-g.

115.    Denied.  Further answering, Giuffre's allegation that she was below the age of 18 when she claims to have had sex with Dershowitz is demonstrably false and is alleged without a

good faith basis in fact by her own account, making her ineligible to bring a claim under N.Y.C.P.L.R. § 214-g.

116. Denied.

117. Denied.

## COUNT III WIRETAP ACT

118. Dershowitz restates and incorporates by reference all prior responses. The remaining allegations of this paragraph are denied.

119. As to the first sentence, admitted only that Dershowitz consensually recorded Boies in New York. The second paragraph calls for a legal conclusion as to which no response is required. The third sentence is denied. Dershowitz lacks knowledge or information sufficient to admit or deny the allegations of the fourth sentence. Further answering, neither Giuffre's nor Boies' consent to record the conversation was required under New York law.

120. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph. Further answering, neither Giuffre's nor Boies' consent was required under New York law.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Giuffre's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Giuffre's claims are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred by the single publication rule.

### FOURTH AFFIRMATIVE DEFENSE

Giuffre's claims are barred by the doctrines of laches, waiver, ratification and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred because Dershowitz's allegedly defamatory statements concerning Giuffre are true or substantially true.

### SIXTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred because Dershowitz's allegedly defamatory statements are all protected by the First Amendment and Article I, Section 8 of the New York State Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred because Dershowitz's allegedly defamatory statements are all protected by the self-defense privilege.

### EIGHTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred because she is a public figure and Dershowitz did not act with actual malice.

### NINTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred because the alleged defamatory statements at issue in the Amended Complaint did not cause or contribute to any damages suffered by Giuffre.

### TENTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred by the incremental harm doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

Giuffre suffered no damages by reason of the acts complained of in the Amended Complaint, or by any acts or omissions of Dershowitz and/or for which Dershowitz is legally responsible.

### TWELFTH AFFIRMATIVE DEFENSE

Giuffre's alleged damages, if any, are speculative, hypothetical, unsupported by any reasonable methodology, and are not cognizable as a matter of law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Giuffre's alleged losses, if any, were caused by her own actions and/or inactions and/or the actions of third parties, and therefore, she is precluded from recovery from Dershowitz.

### FOURTEENTH AFFIRMATIVE DEFENSE

Giuffre failed to mitigate her damages, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

Dershowitz is not liable to Giuffre in any amount because, at all times relevant herein, Dershowitz has not acted improperly or in bad faith with respect to Giuffre.

## SIXTEENTH AFFIRMATIVE DEFENSE

Dershowitz is not liable to Giuffre in any amount because, at all times relevant herein, Giuffre has failed to act properly and in good faith with respect to Dershowitz.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Giuffre and/or her agents and/or her attorneys acting on her behalf are with unclean hands and have engaged in conduct consistent with intimidation, extortion, malicious prosecution and/or abuse of process.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Giuffre and/or her agents and/or her attorneys acting on her behalf, are with unclean hands, in filing the within lawsuit and other actions and are acting in a manner with intent, or reckless disregard, to harass, intimidate Dershowitz, and/or seek publicity and media attention, and financial gain, at the expense and detriment of Dershowitz.

## NINETEENTH AFFIRMATIVE DEFENSE

Giuffre's action is barred by the doctrines of res judicata and/or judicial estoppel and/or collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

Giuffre's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

By virtue of the tortious conduct and defamatory statements of Giuffre and/or her agents, and/or attorneys, and/or acquaintances, made upon her behalf, against Dershowitz, Giuffre is barred in whole or in part from recovering for the claims made in her Amended Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Giuffre's Amended Complaint is barred in whole or in part, as Giuffre, and/or her attorneys, and/or her agents acting upon her behalf, are with unclean hands as they have engaged in defamation, libel, and/or slander *per se* against Dershowitz.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Giuffre's Amended Complaint is barred in whole or in part as Plaintiff, and/or her attorneys, and/or her agents, acting upon her behalf, are with unclean hands in commencing a lawsuit in bad faith, engaging in tortious public banter, defamatory conduct and disparagement, in engaging in repeated harassing behavior and conduct directed Dershowitz, therein causing damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Giuffre's Amended Complaint is barred, in whole or in part, in that Giuffre, and/or her attorneys and/or, her agents acting on her behalf are with unclean hands, in that they have engaged in abuse of process, the filing of a lawsuit in bad faith, engaging the media and public sphere with defamatory and self-serving statements, solely in order to gain public notoriety, product and self-promotion, and recognition, and in order to seek financial gain at the expense and detriment of Dershowitz.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The acts alleged to have been committed in Giuffre's Amended Complaint, if found to have been committed, were committed by third-parties over which Dershowitz had no control nor right of control.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Giuffre's Amended Complaint is barred in whole or in part as Giuffre, and/or her attorneys, and/or her agents, acting upon her behalf, are with unclean hands in commencing a lawsuit in bad faith, engaging in tortious public banter, defamatory conduct and disparagement, in engaging in repeated harassing behavior and conduct directed at this answering Defendant, therein causing intentional, reckless and/or negligent infliction of emotional distress, and/or negligently and/or with reckless disregard causing Dershowitz pain and suffering.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Giuffre's Amended Complaint is barred in whole or in part, as Giuffre, and/or her attorneys, and/or agents, acting upon her behalf, are with unclean hands, and have engaged in tortious conduct by engaging in a campaign of disparagement and false accusations against Dershowitz and thereby damaging Dershowitz's business, professional and personal reputation and relationships and Giuffre and/or her attorneys and/or agents' actions made on her behalf constitute *prima facie* tort against Dershowitz.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Giuffre's Amended Complaint contains redundant, immaterial, impertinent, and/or scandalous matter and allegations that should be stricken by this Court pursuant to Fed. R. Civ. P. 12(f).  Giuffre's purpose in including this material in the Amended Complaint is unrelated to the lawsuit itself, but it is instead part of a design to disseminate knowingly false and defamatory material about Dershowitz to the media.  This is precisely what they did in the CVRA Action, which they were sanctioned for and warned never to do again.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Giuffre's claim for battery is barred because on her own account, Giuffre consented to the alleged sexual contact with Dershowitz.

### THIRTIETH AFFIRMATIVE DEFENSE

Giuffre's claim for battery is time barred because she was 18 or older at the time she falsely alleges that Dershowitz committed a battery against her and therefore is ineligible to avail herself of the revival provision of N.Y.C.P.L.R. § 214-g.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Giuffre's claim for battery is barred because application of N.Y.C.P.L.R. § 214-g to Giuffre's claim against Dershowitz violates his due process rights under the New York Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Giuffre fails to state a claim for violation of the federal Wiretap Act because she lacks standing to challenge the interception of a conversation to which she was not a party.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Giuffre fails to state a claim for violation of the federal Wiretap Act because Dershowitz did not act with a criminal or tortious purpose when making the at-issue recording.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Dershowitz reserves the right to raise any and all other affirmative defenses he deems proper based on the discovery process or any future development of the case.


**WHEREFORE**, Defendant **ALAN DERSHOWITZ** demands judgment dismissing all counts of Plaintiff's Amended Complaint against him, together with the costs and disbursements

of this action, and for any expenses incurred by him in the defense thereof, including attorneys'

fees and costs, and such other and further relief as to this Court may seem just and proper.

## **COUNTERCLAIMS**

1.      Since 2014, Counterclaim Plaintiff Alan Dershowitz ("Dershowitz") and Counterclaim Defendant Virginia Roberts Giuffre ("Giuffre") and her lawyers – motivated by money and other improper factors – have engaged in a sustained campaign to subvert the judicial process for the purposes of disseminating outrageous, knowingly false and defamatory claims accusing Dershowitz of sexually abusing her when she was a minor.  Dershowitz now brings this action for defamation in order to establish the truth – that he never met Giuffre – and to hold Giuffre accountable for her defamatory claims and recover for the serious harm she has caused to his reputation, his business, and his health.

2.      Dershowitz never met Giuffre and never had sex with her.  Prior to meeting her lawyers at Boies Schiller Flexner LLP, Giuffre – in accounts she gave to the FBI, her best friend, her boyfriend, and a journalist with whom she had a close relationship – had never included Dershowitz among the individuals she was allegedly trafficked to by Jeffrey Epstein.  To the contrary, she wrote emails, a manuscript, and other material that made it clear that she *did not* have sex with Dershowitz.  She then met her lawyers, who "pressured" her to falsely accuse Dershowitz, suggesting to her that she could make money by doing so.

3.      On December 30, 2014, Giuffre alleged for the first time that she been sexually abused by Dershowitz as a minor in the early 2000s while he was a guest at properties owned by Epstein.  She made these salacious false allegations in a public pleading in which she purportedly sought to intervene as a plaintiff in an ongoing Crime Victims' Rights Act lawsuit ("CVRA Action") brought against the government by victims of sexual abuse committed by Epstein, who alleged that the government had violated their rights by failing to timely inform them that it had entered into a non-prosecution agreement with Epstein.  Giuffre falsely alleged in the pleading (the

"CVRA Joinder Motion") that in addition to sexually abusing her himself, Epstein had "required [Giuffre] to have sexual relations with Dershowitz on numerous occasions while she was a minor, not only in Florida but also on private planes, in New York, New Mexico and the U.S. Virgin Islands[,]" and that, "in addition to being a participant in the abuse of [Giuffre] and other minors, Dershowitz was an eye-witness to the sexual abuse of many other minors by Epstein and several of Epstein's co-conspirators." Exhibit A at p. 4. Giuffre repeated and expanded upon these false accusations against Dershowitz in a sworn declaration filed under seal in the same action on January 21, 2015. All of these accusations are categorically false and defamatory.

4.      Giuffre's accusations against Dershowitz in the CVRA Joinder Motion were stricken as a "sanction" by the Court pursuant to Fed. R. Civ. P. 12(f) as "impertinent" and "immaterial" because they were "unnecessary to the determination of whether [Giuffre] should be permitted to join [the original Petitioners'] claim that the Government violated their rights under the CVRA." Exhibit B at p. 5.

5.      On information and belief, the inclusion of the accusations against  Dershowitz in the CVRA Joinder Motion was part of a broader conspiracy to subvert the judicial process for the purpose of making false claims against him in order to make a public example out of him, and extort private settlements from other, wealthier individuals associated with Epstein. Notably, the CVRA Joinder Motion asserted that Giuffre had been sexually abused by "many other powerful men, including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders," but publicly identified none of them, with the exception of Dershowitz, British Royal Prince Andrew, and a French modeling agency executive, Jean Luc Brunel. Ex. A at p. 4. She privately named these "powerful men" to her lawyers and in sealed depositions, but not publicly.

6.      The CVRA filing, and the lurid accusations against Dershowitz contained therein, generated massive media coverage.  Upon information and belief, Giuffre or her lawyers either provided the media with copies of the CVRA Joinder Motion or directed them to the docket, in order to stimulate media coverage at a time of year when most people were on vacation, and long before the Epstein story was national news.

7.      In the years since making her original accusation against Dershowitz in the CVRA Joinder Motion, Giuffre and her lawyers have repeatedly reaffirmed, incorporated by reference, and otherwise affirmatively republished to new audiences the false and defamatory claims made in that filing, which, in turn, have been republished in the media on countless occasions, and in particular over the past year as public interest over the Epstein saga intensified.

8.      In addition, upon information and belief, Giuffre and her lawyers have spoken to reporters, repeating the substance of her defamatory allegations on an off the record basis, in order to promote the further dissemination of her false narrative regarding Dershowitz. Giuffre has undertaken these actions to enrich herself financially. Committed to her lie, and using Dershowitz's public invitation to sue as cover, Giuffre has now sued Dershowitz for defamation for calling her a liar.  But Giuffre *is* a liar.  She has told numerous provable lies about her age, who she has met, whether she had emails concerning Dershowitz, and other fabrications, in addition to her false accusations about sex with Dershowitz.  Her lies concerning Dershowitz have caused tremendous damage to his personal and professional reputation, his business, his health and caused him emotional and physical pain and suffering.  Through these counterclaims, he seeks to hold her accountable for that damage.

## PARTIES

9.      Dershowitz is a renowned criminal defense attorney and *Professor Emeritus* at Harvard Law School.  He has authored more than 40 books and is a frequent public speaker on issues of criminal defense, constitutional law, First Amendment freedoms, and the Middle East.

10.     Giuffre is known as one of Epstein's accusers and has become a public figure by seeking media attention and accepting money for interviews in which she has made accusations against prominent men, including the false accusations against Dershowitz.

## JURISDICTION AND VENUE

11.     This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

12.     Insofar as this Court has subject matter jurisdiction over Giuffre's Complaint, it has supplemental jurisdiction over Dershowitz's Counterclaims pursuant to 28 U.S.C. § 1367.

13.     This Court has personal jurisdiction over Giuffre because she has voluntarily submitted to jurisdiction in the Southern District of New York by filing her Complaint there, and because she has caused tortious injury to Dershowitz in the Southern District of New York.

## FACTUAL ALLEGATIONS

14.     In or about 1996, Dershowitz began to develop a professional and academic relationship with Epstein, who was a patron of the arts and academia who would frequently host "salon"-type gatherings of academics, politicians, business leaders, and other influential individuals at his homes in New York, Florida, and elsewhere.  Dershowitz was a guest at some of these events and an occasional visitor to Epstein's properties.  He joined such distinguished guests as the President and Provost of Harvard, the Dean of the Kennedy School, and several distinguished professors, business leaders, and government officials.

15.     When Epstein learned that prosecutors in Florida were investigating him for alleged sex crimes, Epstein asked Dershowitz to join his legal defense team, and Dershowitz accepted. Ultimately, Epstein negotiated a non-prosecution agreement with federal prosecutors and agreed to plead guilty to state charges for soliciting a minor for prostitution and to register as a sex offender.

16.     In 2008, two women whom the government had previously identified as victims of sexual abuse by Epstein filed the CVRA Action, alleging that the United States Attorney's Office for the Southern District of Florida had violated their rights under the CVRA, 18 U.S.C. § 3771, by failing to timely inform them that it had entered into the non-prosecution agreement with Epstein. *See Doe v. United States*, 9:08-cv-80736, Dkt. No. 435 at pp. 22-23 (S.D. Fla. Feb. 21, 2019).

17.     On December 30, 2014, counsel for Plaintiffs in the CVRA Action filed the Joinder Motion on behalf of Giuffre and another woman, seeking to have them added as Plaintiffs in the case.  Although it was not publicly known at the time, Boies Schiller Flexner LLP represented Giuffre in connection with the Joinder Motion, though David Boies subsequently falsely denied it.

18.     Giuffre and her lawyers alleged in the CVRA Joinder Motion that in addition to sexually abusing her himself, Epstein had "required [Giuffre] to have sexual relations with Dershowitz on numerous occasions while she was a minor, not only in Florida but also on private planes, in New York, New Mexico and the U.S. Virgin Islands[,]" and that, "in addition to being a participant in the abuse of [Giuffre] and other minors, Dershowitz was an eye-witness to the sexual abuse of many other minors by Epstein and several of Epstein's co-conspirators." Ex. A at p. 4.  Giuffre had not previously accused Dershowitz of having sex with her.  To the contrary, she has made statements – both orally and in writing – that directly contradicted her accusation.

27

19.     Giuffre further alleged in the CVRA Joinder Motion that she had been sexually abused by British Royal Prince Andrew, and "many other powerful men, including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders," none of whom were publicly identified (other than Dershowitz, Prince Andrew, and a French modeling agency executive, Jean Luc Brunel). *Id.* At p. 4.

20.     In a sworn declaration filed under seal a few weeks after the Joinder Motion, Giuffre repeated and expanded upon her allegations against Dershowitz. *See* <u>Exhibit C</u>. She claimed in the declaration that she was 15 when she met Epstein, and that she had sex with Dershowitz at least six times between the ages of 16 and 19, and gave specific details of the alleged encounters, though no timeframes. *Id.*   However, her employment records prove that she did not even meet Epstein until she was 17, and she later admitted that she was well over 18 when she claimed to have had sex with Epstein's friends.  In submitting this sworn declaration, Giuffre committed perjury, suborned by her lawyers at Boies Schiller Flexner LLP.

21.     Giuffre's false accusations against Dershowitz in the CVRA Joinder Motion were stricken as a sanction by the Court pursuant to Fed. R. Civ. P. 12(f) as "impertinent" and "immaterial" because they were "unnecessary to the determination of whether [Giuffre] should permitted to join [the original Petitioners'] claim that the Government violated their rights under the CVRA." <u>Ex. B</u> at p. 5.

22.     The circumstances of the CVRA Joinder Motion – from the timing of the filing, to the decision to publicly name Dershowitz but not the other prominent men, to the unusual amount of media coverage of the filing – strongly suggest that the accusation against Dershowitz was part of a larger conspiracy undertaken by Giuffre and her lawyers to subvert the judicial process for the

purposes of making false claims against Dershowitz in order to make a public example out of him, and extort private settlements from other, wealthier individuals associated with Epstein, whose alleged misconduct was well outside the statute of limitations. Giuffre and her lawyers deliberately made these false allegations against Dershowitz in a court pleading in a misguided effort to shield Giuffre from liability for defamation under the litigation and fair report privileges. She and her lawyers intended that the allegations contained in the CVRA Joinder Motion would be continuously repeated and widely disseminated by the media, which they were.

23.     Around the same time that she publicly accused Dershowitz, Giuffre, through her lawyers at Boies Schiller Flexner LLP, privately made an accusation against Leslie Wexner, the billionaire founder and CEO of L Brands and owner of Victoria's Secret. David Boies personally met with Wexner's lawyer in what Wexner's lawyer and wife both described as a "shakedown". Although the statute of limitations had long expired for any legal action against Wexner, Boies and his partner described in detail the alleged sexual encounters between Giuffre and Wexner, including an alleged demand by Wexner that Giuffre wear Victoria's Secret-type lingerie during their encounters. Such an accusation, if made publicly, could have massively damaged Wexner and his company. No public accusation against Wexner was ever made. This means that Wexner either submitted to Giuffre and her lawyers' extortion conspiracy and paid the demanded hush money, or that David Boies came to disbelieve Giuffre's claims regarding Wexner. If the latter, the Boies firm suborned perjury when Giuffre later testified under oath in a sealed deposition that she was sexually trafficked to Wexner. Upon information and belief, Giuffre's lawyers also approached other wealthy individuals whose alleged misconduct was well beyond the statute of limitations, as part of an extortion and shake down conspiracy.

29

24.     Giuffre's claims regarding Dershowitz are totally false, and have been disseminated with a knowledge of their falsity or a reckless disregard for the truth, and out of ill-will and spite.

25.     Giuffre gave the first public account of her experiences with Epstein in a series of interviews with British tabloid journalist Sharon Churcher in 2011, which Churcher published via a series of articles in the *Daily Mail*.  Giuffre was paid $160,000 for her story.  Giuffre gave Churcher the names of prominent men she allegedly had sex with.  The *Daily Mail* articles make no mention of Dershowitz (except as an attorney for Epstein), because Dershowitz was not among the men with whom Giuffre claimed to have had sex.  Churcher has confirmed that Giuffre never accused Dershowitz of having sex with her.

26.     At the same time she was speaking with Churcher, Giuffre was shopping the rights to a book she was writing about her time with Epstein.  The manuscript of her book mentions Dershowitz, but only as a friend of Epstein's – ***not*** as someone with whom Giuffre had sex.

27.     An email exchange produced in discovery in a related litigation – which Giuffre unsuccessfully fought to keep private – explains how this came to be and constitutes smoking gun evidence of Giuffre's knowing and intentional fabrication of her allegations against Dershowitz.  After telling her story to Churcher, Giuffre emailed Churcher in May 2011 to report that she was working towards a book deal and was "[j]ust wondering if you have any information on you from when you and I were doing interviews about the J.E. story.  I wanted to put the names of some of these assholes, oops, I meant to say, pedo's, that J.E. sent me to.  With everything going on my brain feels like mush and it would be a great deal of help."  <u>Exhibit D</u>.  Churcher replied: "***Don't forget Alan Dershowitz***….JE's buddy and lawyer…***good name for your pitch*** as he repped Claus Von Bulow and a movie was made about that case….title was Reversal of Fortune.  We all suspect

Alan is a pedo and ***tho no proof of that, you probably met him*** when he was hanging [out] with JE." *Id.* (ellipses in original; emphasis supplied).

> --- On Wed, 11/5/11, Sharon.Churcher@mailonsunday.co.uk <Sharon.Churcher@mailonsunday.co.uk> wrote:
>
> From: Sharon.Churcher@mailonsunday.co.uk <Sharon.Churcher@mailonsunday.co.uk>
> Subject: Re: Good News!!
> To: "Virginia Giuffre" <███████████>
> Received: Wednesday, 11 May, 2011, 4.17 PM
>
> Don't forget Alan Dershowitz. JE's buddy and lawyer..good name for your
> pitch as he repped Claus von Bulow and a movie was made about that
> case...title was Reversal of Fortune. We all suspect Alan is a pedo and tho
> no proof of that, you probably met him when he was hanging put w JE

    28.    Giuffre wrote back but did not inform Churcher that she was mistaken that there was "no proof" of sexual misconduct by Dershowitz.  She did not do so because Churcher was correct, and Giuffre had not reported having sex with Dershowitz.  Instead, she replied only: "Thanks again [Sharon], I'm bringing down the house with this book!!!"  *Id.*

    29.    Churcher has confirmed that Giuffre never accused Dershowitz of having sex with her.  This evidence proves that Giuffre's claim that she had sex with Dershowitz is a fabrication and she published her claim while knowing it was false, and after having been pressured by her lawyers to name him.  Indeed, Giuffre has lied about these emails by falsely testifying under oath that no such emails between her and Churcher about Dershowitz existed.  Her counsel, upon becoming aware of Giuffre's false testimony, took no steps to correct the record.  Despite her perjury having been suborned by her lawyers, she is responsible for her defamation.

    30.    Around this same time, in the spring of 2011, Giuffre was interviewed by the FBI regarding her time with Epstein.  At risk of criminal penalty for making a false statement to a federal agent, she described in detail her time with Epstein and her allegations of being "lent out" to Epstein's friends, who she named, but ***never accused Dershowitz***.  This and the other evidence

described above corroborates the account of Giuffre's former best friend, who confirmed that Giuffre only accused Dershowitz after she was pressured by her lawyers to do so.

31.     Giuffre's credibility has been completely destroyed. She has repeatedly and deliberately lied and committed perjury for money.  Some of these lies were made before she met her lawyers but some were made after she met her lawyers, who pressured and suborned her to lie for their own and her profit.  Her lawyers were fully aware of her history of lying when they submitted and vouched for her perjured affidavits.  In addition to the false allegations against Dershowitz, she has fabricated allegations and far-fetched stories against a number of high-profile individuals. For example, she has described in great detail having dinner with and closely observing former Vice President Al Gore and his wife Tipper on Epstein's Caribbean island and claims she saw Vice President Gore and Epstein walk on the beach of the island together.  The Gores did not know Epstein and have never set foot on his island.  When Dershowitz directly asked Boies to call Al Gore, his former client, to confirm that Giuffre had lied when she claimed to have met the Gores on Epstein's Caribbean island, Boies refused and responded: "I'm not vouching for her general credibility.  I know she's wrong about you and that's enough."

32.     Giuffre has also alleged that she was forced to have sex with former Israeli Prime minister Ehud Barack, former New Mexico Governor Bill Richardson, former Democratic Senate Majority Leader Sen. George Mitchell, the late MIT computer scientist Marvin Minsky, billionaire Thomas Pritzker of Hyatt Hotels, hedge fund manager Glenn Dubin, MC2 model agency cofounder Jean Luc Brunel, England's Prince Andrew, and also an unnamed "prince," "foreign president," and owner of "a French hotel chain."  Many of these accused men have issued denials and disclaimers stating that they have never even met Giuffre.  While Dershowitz has no knowledge of the truth or falsity of any or all of these accusations, Giuffre has offered no proof

other than her own uncorroborated word, which has been thoroughly discredited by her proven lies about the Gores, President Clinton, her age, the absence of emails naming Dershowitz, and other matters.

33.     Perhaps one of the most prominent denials to Giuffre's fabrications is from President Bill Clinton.  Giuffre's statements – some under oath, and others made in a 2011 *Daily Mail* article – claimed that she was on Little St. James Island with former President Clinton:

> Clinton was present on the island at a time when I was also present on the island . . . . Maxwell went to pick up Bill in a huge black helicopter … Bill had the Secret Service with him and I remember him talking about what a good job she did… We all dined together that night. Jeffrey was at the head of the table. Bill was at his left. I sat across from him.  Emmy Tayler, Ghislaine's blonde British assistant sat at my right.  Ghislaine was at Bill's left and at the left of Ghislaine there were two olive-skinned brunettes who'd flown in with us from New York…. Maybe Jeffrey thought they would entertain Bill, but I saw no evidence that he was interested in them.  He and Jeffrey and Ghislaine seemed to have a very good relationship.  Bill was very funny.

Exhibit E; Exhibit F.  A statement released by President Clinton on July 8, 2019 directly refutes these claims and reads:

> In 2002 and 2003, President Clinton took a total of four trips on Jeffrey Epstein's airplane: one to Europe, one to Asia, and two to Africa, which included stops in connection with the work of the Clinton Foundation. Staff, supporters of the foundation, and his Secret Service detail traveled on every leg of every trip. He had one meeting with Epstein in his Harlem office in 2002, and around the same time made one brief visit to Epstein's New York apartment with a staff member and his security detail. He's not spoken to Epstein in well over a decade, **and he has never been to Little St. James Island**, Epstein's ranch in New Mexico, or his residence in Florida.

Exhibit G (emphasis supplied).

34.     After being falsely accused by Giuffre, Dershowitz assembled travel records, credit card statements, phone records, and other documentation which prove that Dershowitz could not have been in the places during the time period when Giuffre claims to have had sex with him. These documents were inspected for authenticity by former FBI Director Louis Freeh. When

Dershowitz presented this documentation to Giuffre's lawyer, David Boies, he concluded that it was "impossible" for Dershowitz to have been where Giuffre claims they had sex, and that her claims were "wrong," "simply wrong."  Nevertheless, Boies and his firm continued to persist in advancing Giuffre's false claims, and in submitting perjurious affidavits.

35.     Since accusing Dershowitz in the CVRA Joinder Motion in December 2014, Giuffre and her lawyers have repeatedly and publicly outside of court reaffirmed her false claims, directing the media and the public to her allegations in the CVRA Joinder Motion and making clear that she stands by those accusations against Dershowitz.  The full scope of Giuffre's and her lawyers' efforts to promote media coverage of her false accusations against Dershowitz through confirming and repeating those false accusations to members of the media, with the intention that they publish those claims to mass audiences, is not yet known and will be the subject of discovery in this case.

36.     Giuffre has never retracted any part of her accusations, even the central claim that she was a minor at the time she allegedly had sex with Dershowitz, a claim which has since been conclusively proven to be false by Giuffre's own admissions and employment records, and which is conspicuously absent from the allegations of Giuffre's Complaint in this case.  On information and belief, Giuffre continues to call Dershowitz a "pedophile" and "child rapist" and "child molester" despite her own admissions and her own records that prove she was an adult when she falsely claimed to have had sex with him.

37.     On November 28, 2018, the *Miami Herald* published an interview with Giuffre as part of lengthy article discussing the preferential treatment Epstein allegedly received from the criminal justice system.  Exhibit H.  Giuffre and her lawyers provided the reporter, Julie Brown, with a copy of her sworn declaration in the CVRA action, which, unlike the CVRA Joinder Motion,

remained under seal.  The article quoted at length from Giuffre's declaration, including publishing, in particular, the details of her accusations against Dershowitz.   This was not the only time that Giuffre and her lawyers provided sealed court records to the media.  Later, in July 2019, in anticipation of an order by the Second Circuit unsealing documents in the related *Giuffre v. Maxwell* case – including the smoking gun Churcher emails referenced above – Giuffre's lawyers supplied Brown and *New Yorker* reporter Connie Bruck with selected documents, still under seal, which they perceived as favorable to Giuffre.  Brown and Bruck thereafter pressured Dershowitz to provide them with the Churcher emails and other evidence establishing his innocence even though they remained under seal, which Dershowitz refused to do.

38.   Brown has confirmed that Giuffre told her in their interview which led to the publication of the November 28, 2018 *Miami Herald* article that she (Giuffre) had sex with Dershowitz.  In a videotaped interview that the *Herald* posted to its website as part of the story, "Giuffre described how Epstein and [Ghislaine] Maxwell began grooming her – not just to perform massages, but to sexually pleasure them and others[,]" including "politicians and academics and royalty."  When she mentioned "academics," the video showed a picture of Dershowitz.  Giuffre and her lawyers were the sources of this publication.

39.   Upon information and belief, before filing her Complaint against Dershowitz in this action, Giuffre and her lawyers provided an advance copy to Brown to induce Brown to publish a story about the lawsuit on the same day it was filed, April 16, 2019.  Exhibit I.  In a statement issued that same day outside of any legal proceeding and published in the *Miami Herald* and other news outlets, Giuffre stated: "As my complaint shows, my abusers have sought to conceal their guilt behind a curtain of lies.  My complaint calls for the accounting to which I, and their other victims, are entitled."  *Id.*  This statement was later provided to the television program The View,

which read it on air during an appearance by Dershowitz on that show on May 2, 2019.  <u>Exhibit J</u>.

Accusing Dershowitz out of court of being one of her abusers is false and defamatory.

40.     Since filing the Complaint in this action, Giuffre and her lawyers have continued

to make public, out of court statements falsely accusing Dershowitz of participating in the sexual

abuse of Giuffre.  For example, in response to the Court's ruling disqualifying Giuffre's lawyers

at Boies Schiller Flexner LLP from representing her in this action, Giuffre issued a statement which

referred to Dershowitz as a "co-conspirator" of Epstein.  <u>Exhibit K</u>.  This is false and defamatory.

41.     Giuffre and her lawyers also served as a source for a lengthy *New Yorker* profile of

Dershowitz published on August 5, 2019, and on information and belief, falsely confirmed to the

article's author, Connie Bruck, that Giuffre had sex with  Dershowitz, intending that the *New

Yorker* publish the accusation, which it did.  <u>Ex. J</u>.

42.     Clearly, Giuffre has engaged in a campaign to maliciously disparage and attack

Dershowitz, and over the years, has made a number of defamatory statements about Dershowitz,

either herself, or speaking through her authorized agents.  For example:

    a.  On or about July 31, 2019, in *The American Lawyer*, Giuffre's attorney and

        authorized agent David Boies, stated on Giuffre's behalf: "[T]he problem is that

        [Dershowitz] believes that if he quacks loudly enough and outrageously enough,

        people will focus on what he's saying and not the underlying conduct… [H]e's

        desperate to detract attention from the underlying accusation. People who have

        good defenses present those defenses. Those who don't engage in ad hominem

        attacks." <u>Exhibit L</u>.

    b.  On or about July 19, 2019, in *New York Magazine*, Boies stated: "This is simply

        more evidence of how desperate Mr. Dershowitz is to distract attention from the

evidence of his misconduct. . . . Mr. Dershowitz's misconduct, and his lies about it, are documented in sworn affidavits, sworn depositions, and contemporaneous documents… I can understand why Mr. Dershowitz wants to distract attention from the facts…" Exhibit M.

c.  On or about July 17, 2019, in *Vanity Fair*, Boies stated: "Epstein's former employees said in sworn depositions that they saw Dershowitz at the house multiple times without his wife. 'This Olga woman doesn't exist. Epstein's barely kept women around who were over 25. It's a figment of Alan's imagination.'" Exhibit  N.

d.  On or about July 7, 2019, outside the Manhattan federal courthouse, Boies stated: "Virginia sued Ms. Maxwell in the Southern District of New York for her participation in the sex trafficking.  She is currently suing Alan Dershowitz for his participation in the sex trafficking."

e.  On or about July 5, 2019, in the *Miami Herald*, Boies stated: "It's very dangerous to take one position publicly and another position in court.  Eventually, both the public and the court figure out that you're lying and you lose your credibility in both forums and that's what he has been doing - trying to take one position publicly and another in court - and they are now clashing." Exhibit O.

f.  On or about December 18, 2018, in the *New York Daily News*, Boies stated: "Alan Dershowitz's absurd attacks... are consistent with his pattern of attacking every lawyer who has represented women who have accused him of sexual abuse… This is simply a pattern where he thinks if he is loud enough and crazy enough it will distract attention from what he's done." Exhibit P.

43.     Upon information and belief Giuffre and her attorneys at Boies Schiller Flexner LLP have made other defamatory statements and engaged in further tortious conduct that Dershowitz intends to document during discovery and through the unsealing of documents in collateral matters.

## COUNT ONE – DEFAMATION

44.     Dershowitz realleges and incorporates herein by reference each of the prior paragraphs.

45.     Giuffre has conspired with her lawyers to publish her false and defamatory claims of and concerning Dershowitz with a knowing or reckless disregard of their falsity.  She has done so with the specific intent and design that her statements be a source for the media so that the media will publish her false allegations of and concerning  Dershowitz that he had sex with her while she was underage as part of Epstein's criminal sex trafficking of minors.  Giuffre has falsely and with a knowing and reckless disregard of falsity and acting out of ill-will and spite publicly labelled Dershowitz as a child rapist and molester.

46.     Giuffre's campaign of defamation against Dershowitz, assisted and promoted by her lawyers, consists of a combination of: (i) out of court statements and; (ii) statements made in pleadings which were knowingly false and instituted with malice of the constitutional and common law varieties, for the purposes of publicly disseminating libelous statements about  Dershowitz via media statements which refer to those pleadings, and causing the repeated republication of her false allegations.

47.     Giuffre is liable for the defamatory statements of her authorized agents.

48.     Giuffre's false allegations constitute libel.

49.     Giuffre's false allegations constitute libel per se, including that they: (i) accused Dershowitz of a crime; (ii) exposed him to public contempt, ridicule, aversion and disgrace, and induced an evil opinion of him in the minds of right-thinking persons; and (iii) tended to injure him in his professional capacity as a legal scholar and civil libertarian.

50.     Giuffre intended her false statements to be widely published and disseminated on television, through newspapers, by word of mouth, and on the internet.  As she intended, Giuffre's statements were published and disseminated around the world.

51.     As a result of Giuffre's campaign to spread malicious lies accusing  Dershowitz of being a sexual predator, pedophile, abuser, child molester and other negative epithets,  Dershowitz has suffered substantial damages in the form of personal and professional reputational harm, lost business opportunities, emotional harm, embarrassment, humiliation, and pain and suffering in an amount to be proven at trial.

## COUNT TWO - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.     Dershowitz realleges and incorporates herein by reference each of the prior paragraphs.

53.     Giuffre has engaged in extreme and outrageous conduct in engaging in a campaign of lies, disparagement, defamation, harassment, intimidation, and maliciousness directed at Dershowitz that is beyond the bounds of decency and not tolerated in civilized society.

54.     By engaging in the aforementioned conduct, Giuffre intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Dershowitz, and did in fact cause severe emotional distress to Dershowitz.

55.     There exists a causal connection between the aforementioned conduct and the injury and damages suffered by Dershowitz.

56.     As a result of said conduct Dershowitz has suffered and continues to suffer from severe emotional distress including anxiety, stress, mental anguish, and the physical effects therefrom, medical conditions including but not limited to cardiac conditions, and other ailments, precipitated by the harassment, disparagement, and other tortious conduct by Giuffre.

## JURY DEMAND

Dershowitz demands a jury trial on all issues so triable in this action.


**WHEREFORE,** Counterclaim Plaintiff **ALAN DERSHOWITZ** respectfully seeks the following relief: (a) a judgment awarding compensatory damages; (b) punitive damages; (c) attorney's fees; (d) costs; (e) such other and further relief as to this Court may seem just and proper.



Respectfully submitted,

ALAN DERSHOWITZ,

By his attorneys,


/s/ Howard M. Cooper
Howard M. Cooper (MA BBO# 543842)
(*pro hac vice*)
Christian G. Kiely (MA BBO# 684308)
(*pro hac vice*)
Kristine C. Oren (MA BBO# 705730)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com
koren@toddweld.com


/s/ Imran H. Ansari
Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)

Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
iansari@aidalalaw.com
aidalaesq@aidalalaw.com

Dated:  April 28, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on April 28, 2020.

/s/ Christian G. Kiely
Christian G. Kiely