**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIRGINIA L. GIUFFRE, | |
| Plaintiff / Counterclaim Defendant, | |
| v. | Case No. 19-cv-03377-LAP |
| ALAN DERSHOWITZ, | |
| Defendant / Counterclaim Plaintiff. | |

**<u>VIRGINIA L. GIUFFRE'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ..............................................................................................................................1

BACKGROUND .................................................................................................................................1

LEGAL STANDARD .........................................................................................................................1

ARGUMENT .......................................................................................................................................2

I.      Dershowitz Fails To State a Claim for Defamation............................................................2

        A.      Dershowitz Fails To State a Claim for Defamation Based on Statements
                Described Generically in Paragraphs 35–37, 40 and 43 ........................................ 4

        B.      Dershowitz Fails To State a Claim for Defamation Based on Statements
                Alleged in Paragraphs 3, 6, 18, 20, 35, and 37–42. ....................................................6

                1.      *The Statute of Limitations Bars Claims Based on Statements
                        Alleged in Paragraphs 3, 6, 18, and 20 Because They Were
                        Allegedly Made in 2014 and 2015.* ...........................................................6

                2.      *The Litigation and Fair Report Privileges Bar Claims Based on
                        Statements Alleged in Paragraphs 3, 6, 18, 20, 35, and 37–42
                        Because They Allegedly Were Made in or about Judicial Proceedings.* .....7

                        a.      *Statements Contained in Judicial Documents Are Privileged.* ........9

                        b.      *Statements Published as a Result of Providing Court
                                Documents to News Media Are Privileged.* ...................................10

                        c.      *Statements Reiterating Allegations Set Forth in Court
                                Documents Are Privileged.* ..........................................................10

                3.      *Statements Alleged in Paragraphs 39 and 42.a, b, c, e, and f Are
                        Statements of Opinion, Which Cannot Support a Defamation Claim.* ........13

        C.      Dershowitz Has Not Pleaded Facts Supporting Vicarious Liability .....................15

II.     Dershowitz Fails To State a Claim for Intentional Infliction of Emotional Distress ........18

CONCLUSION ...................................................................................................................................20

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page**

*Algarin v. Town of Wallkill*, 421 F.3d 137 (2d Cir. 2005) ............................................................. 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 2, 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ............................................................. 2

*Blige v. City Univ. of New York*,
  No. 15-cv-08873, 2017 WL 498580 (S.D.N.Y. Jan. 19, 2017) ........................................ 6

*Butler v. Del. Otsego Corp.*, 203 A.D.2d 783 (N.Y. App. Div. 3d Dep't 1994) ......................... 18

*Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 255 (W.D.N.Y. 2010) ......................... 19, 20

*Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169 (S.D.N.Y. 1988) ........................................ 15

*Celle v. Filipino Reporter Enters., Inc.*, 209 F.3d 163 (2d Cir. 2000) .................................... 13

*Chimarev v. TD Waterhouse Investor Servs.*, 99 Fed. Appx. 259 (2d Cir. 2004) ..................... 8

*Cholowsky v. Civiletti*, 69 A.D.3d 110 (N.Y. App. Div. 2d Dep't 2009) ................................... 8

*D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211 (E.D.N.Y. 2012) ........................................... 11

*Feist v. Paxfire, Inc.*, No. 11-cv-5436, 2017 WL 177652 (S.D.N.Y. Jan. 17, 2017) ............. 10, 11

*Fishof v. Abady*, 280 A.D.2d 417 (N.Y. App. Div. 1st Dep't 2001) ........................................... 10

*Flomenhaft v. Finkelstein*, 8 N.Y.S.3d 161 (N.Y. App. Div. 1st Dep't 2015) ........................... 8

*Front, Inc. v. Khalil*, 24 N.Y.3d 713 (2015) ............................................................................. 9

*Gallose v. Long Island R.R.*, 878 F.2d 80 (2d Cir. 1989) ........................................................ 16

*GEM Holdco, LLC v. Changing World Techs.*,
  No. 650941/2013, 2014 WL 4249134 (N.Y. Sup. Ct. Aug. 28, 2014) ............................... 11

*Green Acres Trust v. London*, 688 P.2d 658 (Ariz. Ct. App. Dep't A 1983) ......................... 15, 16

*Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013) ...................................................................... 1, 2

*In Touch Concepts, Inc. v. Cellco P'ship*, 949 F.Supp.2d 447 (S.D.N.Y. 2013) ........................ 6

*James v. DeGrandis*, 138 F. Supp. 2d 402 (W.D.N.Y. 2001) ................................................... 19

*Kamalian v. Reader's Digest Ass'n, Inc.*, 29 A.D.3d 527
  (N.Y. App. Div. 1st Dep't 2006) ...................................................................................... 13

*Kaye v. Trump*, 873 N.Y.S.2d 5 (N.Y. App. Div. 1st Dep't 2009) .................................. 18, 19, 20

*Kelly v. Schmidberger*, 806 F.2d 44 (2d Cir. 1986) ............................................................ 2, 3, 5

*Lacher v. Engel*, 33 A.D.3d 10 (N.Y App. Div. 1st Dep't 2006) ......................................... 11, 15

*LaDuke v. Lyons*, 673 N.Y.S.2d 240 (N.Y. App. Div. 3d Dep't 1998) ....................................... 19

*Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504 (S.D.N.Y. 2013) .................................................. 13

*Live Face on Web, LLC v. Five Boro Mold Specialist Inc.*,
  No. 15-cv-4779, 2016 WL 1717218 (S.D.N.Y. Apr. 28, 2016) ................................... 13, 15

*Mann v. Abel*, 10 N.Y.3d 271 (2008)...................................................................13

*McNally v. Yarnall*, 764 F. Supp. 853 (S.D.N.Y. 1991) .....................................11

*McRedmond v. Sutton Place Restaurant and Bar, Inc.*,
   851 N.Y.S.2d 478 (N.Y. App. Div. 1st Dep't 2008) ......................................11

*Morgan Art Found. Ltd. v. McKenzie*,
   18-cv-4438, 2019 WL 2725625 (S.D.N.Y. July 1, 2019)................................11

*Mosesson v. Jacob D. Fuchsberg Law Firm*,
   683 N.Y.S.2d 88 (N.Y. App. Div. 1st Dep't 1999) ..........................................8

*Mottola v. Denegre*, No. 12-cv-3465, 2012 WL 12883775 (S.D.N.Y. June 8, 2012)....................2

*Murphy v. Am. Home Products*, 58 N.Y.2d 293 (1983) .....................................19

*Murphy v. Metro. Transp. Auth.*, 548 F. Supp. 2d 29 (S.D.N.Y. 2008) ...........16

*Neal v. Asta Funding, Inc.*, No. 13-cv-2176, 2014 WL 3887760 (S.D.N.Y. June 17, 2014).........3

*O'Brien v. Alexander*, 898 F. Supp. 162 (S.D.N.Y. 1995) ..................................8

*Park Knoll Assoc. v. Schmidt*, 59 N.Y.2d 205 (1983) .........................................8

*Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v.
   Morgan Stanley Inv. Mgmt.*, 712 F.3d 705 (2d Cir. 2013) .............................2

*Reilly v. Natwest Mkts. Grp. Inc.*, 181 F .3d 253 (2d Cir. 1999) ......................6

*Scholastic, Inc. v. Stouffer*, 124 F.Supp.2d 836 (S.D.N.Y. 2000)......................6

*Sebastiani v. Brooklyn Hosp. Ctr.*, No. 19-cv-253,
   2019 WL 3281010 (E.D.N.Y. July 19, 2019)...........................................4, 6

*Sierra Club v. Con-Strux, LLC*, 911 F.3d 85 (2d Cir. 2018) ..............................2

*Singh v. HSBC Bank USA*, 200 F. Supp. 2d 338 (S.D.N.Y. 2002) .....................8

*Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406 (2d Cir. 2008) .............6

*TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577 (S.D.N.Y 2011)..................19

*Thai v. Cayre Grp. Ltd.*, 726 F. Supp. 2d 323 (S.D.N.Y. 2010)....................2, 4, 7, 12

*Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995) ..........................................16

*United States v. Com. Bank of N. Am.*, 31 F.R.D. 133 (S.D.N.Y. 1962) ...........9

*Van Buskirk v. The New York Times Co.*, 325 F.3d 87 (2d Cir. 2003) ...............6

*Villacorta v. Saks, Inc.*, 932 N.Y.S.2d 764 (2011) ...........................................20

*Yang Feng Zhao v. City of New York*, 656 F. Supp. 2d 375 (S.D.N.Y. 2009)..............18

**Statutes and Rules**

FED. R. CIV. P. 12(b)(6) .....................................................................................1

N.Y. C.P.L.R. 215(3) .........................................................................................6

## INTRODUCTION

Defendant and Counterclaim Plaintiff Alan Dershowitz ("Dershowitz") continues his campaign of defamation against Plaintiff and Counterclaim Defendant Virginia L. Giuffre ("Giuffre"), reasserting in his counterclaims the same facially preposterous accusation that is the basis of Giuffre's defamation complaint: that at least six of Giuffre's former lawyers, all officers in good standing of this and/or many other courts, maliciously devised "an extortion and shakedown conspiracy" in which they " 'pressured' [Giuffre] to falsely accuse Dershowitz" in order "to subvert the judicial process for the purpose[ ] of making . . . a public example out of him, and extort private settlements from other, wealthier individuals associated with [Jeffrey] Epstein, whose misconduct was well outside the statute of limitations." But even if Dershowitz's fictional conspiracy theory had a connection to reality, his counterclaims for defamation and intentional infliction of emotional distress are baseless as a matter of law and should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), with prejudice.

## BACKGROUND

Giuffre brought this action against Dershowitz on April 16, 2019, Doc. 1, attached as Exhibit 1 to the Declaration of Haley Proctor, dated May 19, 2020 ("Proctor Decl."). After being granted leave of Court, Doc. 115, Giuffre filed her Amended Complaint on April 15, 2020, Doc. 117, attached as Exhibit 2 to Proctor Decl. On April 28, 2020, Dershowitz filed his Answer to the Amended Complaint, and also asserted counterclaims for Defamation (Count I) and Intentional Infliction of Emotional Distress (Count II), Doc. 118, attached as Exhibit 3 to Proctor Decl. (hereinafter "Counterclaims" or "Countercl.").

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678; *Hogan*, 738 F.3d at 514. The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (citation omitted); *Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 729–30 (2d Cir. 2013). Moreover, the Court need not credit legal conclusions. *Ashcroft*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp.*, 712 F.3d at 717. For purposes of a motion to dismiss, a pleading "is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to" the pleading. *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 89 (2d Cir. 2018) (quotation marks omitted).

## ARGUMENT

### I.   <u>Dershowitz Fails To State a Claim for Defamation.</u>

"To state a claim for defamation under New York Law, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused special damages." *Thai v. Cayre Grp. Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010). In order to satisfy Rule 8's notice requirement, a plaintiff must sufficiently identify the content of the allegedly defamatory statement made by the defendant and must allege details about who made it, where and when it was made, and to whom it was made. *Id.; Mottola v. Denegre*, No. 12-cv-3465, 2012 WL 12883775, *2 (S.D.N.Y. June 8, 2012) (Preska, J.), *aff'd* 518 Fed. Appx. 22 (2d Cir. 2013); *see also Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d

Cir. 1986); *Neal v. Asta Funding, Inc.,* No. 13-cv-2176, 2014 WL 3887760, *3 (S.D.N.Y. June 17, 2014).

In Count One, Dershowitz alleges that Giuffre "conspired with her lawyers to publish her false and defamatory claims . . . that [Dershowitz] had sex with her while she was underage as part of Epstein's criminal sex trafficking of minors," and that Dershowitz is "a child rapist and molester." Countercl. ¶ 45. He further alleges that her "campaign of defamation . . . consists of a combination of: (i) out of court statements and; (ii) statements made in pleadings . . . ." *Id.* ¶ 46. The body of the pleading sets forth statements, often on "information and belief," allegedly made by Giuffre or her attorneys, which are alleged to comprise the defamatory statements at issue. *Id.* ¶¶ 3, 6, 18, 20, 35–43.

Dershowitz's defamation claim fails as a matter of law with respect to all of those statements. As a threshold matter, for several of the statements Dershowitz has not provided any, let alone adequate, allegations about the "where," "to whom," "when," or other details necessary to satisfy Rule 8's notice requirement. And even the statements pleaded with sufficient detail to satisfy Rule 8 are not actionable on numerous other grounds: First, several of the statements Dershowitz identifies with adequate specificity were made more than one year before Dershowitz first filed his counterclaims, and thus any claims based on those statements are barred by the statute of limitations. Second, most of the statements are privileged under the litigation and fair report privileges. Third, to the extent that the statements were made outside of judicial proceedings and do not constitute mere accurate reports of those proceedings, they are not actionable because they constitute statements of opinion. Finally, many, if not most, of the statements were made by individuals other than Giuffre, and Dershowitz has not pleaded facts that plausibly establish her vicarious liability.

### A.    Dershowitz Fails To State a Claim for Defamation Based on Statements Described Generically in Paragraphs 35–37, 40, and 43.

Count One does not identify the specific defamatory statements on which it is based, but instead refers broadly to statements Giuffre and/or her attorneys allegedly made about Dershowitz. Broad and conclusory allegations of a criminal conspiracy to fraudulently extort wealthy individuals by falsely defaming Dershowitz, however, cannot support a defamation claim. A well-pleaded defamation claim must identify the allegedly defamatory statement, preferably by reprinting it word-for-word, but at least by describing its specific content, identifying the speaker and to whom it was published, and giving a date of publication. *Thai*, 726 F. Supp. 2d at 329. Another pertinent detail is the mode of publication of the allegedly defamatory statement. *Sebastiani v. Brooklyn Hosp. Ctr.*, No. 19-cv-253, 2019 WL 3281010, *5, n.10 (E.D.N.Y. July 19, 2019).

A liberal reading of the Counterclaims indicates that the statements upon which Dershowitz seeks to found his defamation claims are set forth in Paragraphs 3, 6, 18, 20, and 35–43.[1] But five of those paragraphs contain only general allegations, wholly lacking in the details necessary to support a defamation claim. These deficient general allegations include:

- The general allegation that "Giuffre and her lawyers have … reaffirmed her false claims, directing the media and the public to her allegations in the CVRA Joinder Motion and making clear that she stands by those accusations against Dershowitz." (Countercl. ¶ 35)

---

[1] Although Dershowitz alleges elsewhere that Giuffre and her attorneys made other purportedly false statements, *e.g.*, Countercl. ¶¶ 32–33, those statements are not about Dershowitz and therefore could not satisfy the elements of a defamation claim by Dershowitz. *See, e.g., Algarin v. Town of Wallkill*, 421 F.3d 137, 139 (2d Cir. 2005) ("[A]n individual plaintiff must be clearly identifiable [in an allegedly defamatory statement] to support a claim for defamation."). In addition, in paragraphs 7–8, the pleading generically accuses Giuffre and her attorneys of a campaign of defamation. These allegations are also too general to support a claim for defamation, but we do not address them here on the assumption that they are intended to be introductory.

- The general allegation that "Giuffre continues to call Dershowitz a 'pedophile' and 'child rapist' and 'child molester.'" (Countercl. ¶ 36)

- The general allegation that Giuffre's attorneys provided reporters from the *Miami Herald* and *New Yorker* "with selected documents, still under seal, which they perceived as favorable to Giuffre." (Countercl. ¶ 37)

- The general allegation that Giuffre and her lawyers "falsely accus[ed] Dershowitz of participating in the sexual abuse of Giuffre." (Countercl. ¶ 40)[2]

- The general allegation that "Giuffre and her attorneys . . . have made other defamatory statements." (Countercl. ¶ 43)

These generic conclusory allegations do not give Giuffre the information necessary for her to identify the statements and defend against Dershowitz's claims. *See Kelly*, 806 F.2d at 46 ("[T]he central concern is that the complaint 'afford defendant sufficient notice of the communications complained of to enable him to defend himself.'"). Specifically, the allegations in paragraphs 35 and 40 fail to describe the timing and manner of the alleged publications, fail to identify the recipients of the alleged publications, and fail to specify whether Giuffre or her attorneys made a given statement. Paragraph 36 alleges that Giuffre called Dershowitz defamatory names, but nowhere alleges where, when, how, or to whom she published the alleged comments. Paragraph 37 specifies the rough timing and recipient of "selected [court] documents" but does not identify which documents (among the thousands of pages in the queue for unsealing) that Giuffre's attorneys allegedly provided or what defamatory statements the unsealed documents contain.[3] Paragraph 43 provides no details whatsoever.

Thus, to the extent that Dershowitz seeks to state defamation claims based on the unidentified statements to which he alludes in paragraphs 35–37, 40, and 43, they must be

---

[2] Dershowitz identifies one statement in paragraph 40 arguably with adequate specificity. As set forth in Section I.B.2, *infra*, however, that statement is privileged.

[3] As set forth in Section I.B.2, *infra*, the alleged statements set forth in paragraphs 35 and 37 are also privileged.

5

dismissed. *See, e.g.*, *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F .3d 253, 271 (2d Cir. 1999); *In Touch Concepts, Inc. v. Cellco P'ship*, 949 F.Supp.2d 447, 484 (S.D.N.Y. 2013) (dismissing defamation claim against corporate defendants when plaintiff failed to allege which defendant made defamatory statement); *Scholastic, Inc. v. Stouffer*, 124 F.Supp.2d 836, 849–50 (S.D.N.Y. 2000) ("[Claimant's] claim is deficient . . . [because] she completely fails to identify who made the alleged statements, at what times or places, and to whom the statements were made."); *Sebastiani*, 2019 WL 3281010, at *5 & n.10 (dismissing defamation claim that did not specify the third party to whom statements were made or the mode of publication); *Blige v. City Univ. of New York*, No. 15-cv-08873, 2017 WL 498580, *11 (S.D.N.Y. Jan. 19, 2017) (dismissing defamation claim that did not identify the timing or the recipient of defamatory statement).

The only remaining statements concerning Dershowitz that the Counterclaims identify as having been published by Giuffre (or her attorneys) are those contained in Paragraphs 3, 6, 18, 20, and 37–42. These statements are not actionable, for reasons set forth below.

### B. Dershowitz Fails To State a Claim Based on Statements Alleged in Paragraphs 3, 6, 18, 20, 35, and 37–42

#### 1. *The Statute of Limitations Bars Claims Based on Statements Alleged in Paragraphs 3, 6, 18, and 20 Because They Were Allegedly Made in 2014 and 2015.*

Although the statute of limitations is a defense, this Court may dismiss a claim under Rule 12(b)(6) based on that defense if it is apparent on the face of the pleading that the claim is time-barred. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). In New York, the statute of limitations for defamation is one year. N.Y. C.P.L.R. 215(3); *see also* Opinion and Order, Doc. 67, at 12 (Oct. 16, 2019). A defamation claim accrues at publication. *Id.*; *Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 39 (2d Cir. 2003).

It is apparent on the face of Dershowitz's pleading (together with its exhibits) that the following statements were published in 2014 and 2015, more than one year before the complaint was filed:

- "On December 30, 2014, Giuffre alleged for the first time that she [had] been sexually abused by Dershowitz as a minor in the early 2000s while he was a guest at properties owned by Epstein. . . . Giuffre falsely alleged in the pleading (the 'CVRA Joinder Motion') that in addition to sexually abusing her himself, Epstein had 'required [Giuffre] to have sexual relations with Dershowitz on numerous occasions while she was a minor, not only in Florida but also on private planes, in New York, New Mexico and the U.S. Virgin Islands[,]' and that, 'in addition to being a participant in the abuse of [Giuffre] and other minors, Dershowitz was an eye-witness to the sexual abuse of many other minors by Epstein and several of Epstein's co-conspirators.' . . . Giuffre repeated and expanded upon these false accusations against Dershowitz in a sworn declaration filed under seal in the same action on January 21, 2015." Countercl. ¶ 3; *see also* Countercl. ¶ 18.

- "Upon information and belief, Giuffre or her lawyers either provided the media with copies of the CVRA Joinder Motion or directed them to the docket, in order to stimulate media coverage at a time of year when most people were on vacation, and long before the Epstein story was national news." Countercl. ¶ 6.

- "In a sworn declaration filed under seal a few weeks after the Joinder Motion, Giuffre repeated and expanded upon her allegations against Dershowitz. . . . She claimed in the declaration . . . that she had sex with Dershowitz at least six times between the ages of 16 and 19, and gave specific details of the alleged encounters, though no timeframes." Countercl. ¶ 20.

*See also* Countercl. Exs. A & C, Docs 118-1 & 118-3. To the extent that Dershowitz seeks to state claims based on these alleged publications, those claims are time-barred and must be dismissed.[4]

### 2. *The Litigation and Fair Report Privileges Bar Claims Based on Statements Alleged in Paragraphs 3, 6, 18, 20, 35, and 37–42 Because They Allegedly Were Made in or about Judicial Proceedings.*

Most of the statements Dershowitz identifies with adequate specificity are privileged. Thus, Dershowitz is unable to state a claim for defamation based on these statements. *See Thai*, 726 F. Supp. 2d at 329 (one element of a defamation claim is that the statement not be privileged).

---

[4] As set forth in Section I.B.2, *infra*, each of these statements is also privileged.

New York law provides two types of privileges relating to judicial proceedings. First, at common law, "statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to" legal proceedings. *O'Brien v. Alexander*, 898 F. Supp. 162, 171 (S.D.N.Y. 1995), *aff'd* 101 F.3d 1479 (2d Cir. 1996). Because the privilege is absolute, statements that are pertinent to a legal proceeding are privileged irrespective of the motive with which they are made. *Singh v. HSBC Bank USA*, 200 F. Supp. 2d 338, 340 (S.D.N.Y. 2002); *see also Park Knoll Assoc. v. Schmidt*, 59 N.Y.2d 205, 206 (1983).

"Pertinency is a question of law for the court to decide." *Mosesson v. Jacob D. Fuchsberg Law Firm*, 683 N.Y.S.2d 88, 89 (N.Y. App. Div. 1st Dep't 1999). "The test of 'pertinency' is extremely broad," and "[t]he absolute privilege embraces anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability." *O'Brien*, 898 F. Supp. at 171 (quotation marks omitted). When the privilege is invoked, "any doubts are to be resolved in favor of pertinence." *Flomenhaft v. Finkelstein*, 8 N.Y.S.3d 161, 164 (N.Y. App. Div. 1st Dep't 2015); *see also Singh*, 200 F. Supp. 2d at 340; *Chimarev v. TD Waterhouse Investor Servs.*, 99 Fed. Appx. 259, 262–63 (2d Cir. 2004) (summary order).

Second, in addition to the common law litigation privilege, New York Civil Rights Law Section 74 codifies a privilege for "the publication of a fair and true report of any judicial proceeding." A statement reporting on a judicial proceeding is "fair and true"—and thus absolutely privileged—if it is substantially accurate. *Cholowsky v. Civiletti*, 69 A.D.3d 110, 114 (N.Y. App. Div. 2d Dep't 2009) (quotation marks omitted).

Most of the statements on which Dershowitz relies in these paragraphs (3, 6, 18, 20, 35, and 37–42) are privileged under one or both of these privileges.

a.    *Statements Contained in Judicial Documents Are Privileged.*

The statements described in paragraphs 3, 18 and 20 of Defendant's pleading, in addition to being time-barred, are privileged because those statements were made to the court in *Jane Doe #1 and Jane Doe #2 v. United States*, No. 08-80736 (S.D. Fla.) ("CVRA Action")—an action brought by other Epstein victims under the Crime Victims' Rights Act ("CVRA"). *See Front, Inc. v. Khalil*, 24 N.Y.3d 713, 718 (2015) ("[I]t is well-settled that statements made in the course of litigation are entitled to absolute privilege.").[5]   The statements appeared in a motion and sworn declaration filed as part of an effort to join Plaintiff in the action. The statements describe Plaintiff's trafficking to Defendant, who served as Epstein's lawyer in the criminal matter in which Epstein's victims' CVRA rights were violated, Countercl. Ex. A, Doc. 118-1, at 4, 10; Countercl. Ex. C, Doc. 118-3, at ¶¶ 24–31, and thus advance the motion's purpose of explaining why it was "desirable" to add Plaintiff as a party, *United States v. Com. Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (quotation marks omitted). Accordingly, they are absolutely privileged.[6]

To the extent that Dershowitz seeks to base his claims on statements in Giuffre's filings in this action and documents unsealed in *Giuffre v. Maxwell*, No. 15-7433 (S.D.N.Y.)—as opposed to the alleged republication of those court statements to the press, discussed below—those claims must be dismissed because they are absolutely privileged. *See Front*, 24 N.Y.3d at 718.[7] Giuffre's

---

[5] Any defamation claim based on those statements is barred by New York's one-year statute of limitations in defamation actions. *See* Section I.B.1, *supra*.

[6] Plaintiff's statements in the CVRA Action were struck because they described Plaintiff's trafficking to non-parties, and the Court concluded that they were "unnecessary" "[a]t this juncture in the proceedings." Countercl. Ex. B at 5, Doc. 118-2.

[7] It is unclear whether Dershowitz seeks to base his claims on filings in these proceedings, and if so, on which statements in such filings he seeks to base his claims. *See, e.g.*, Counterclaim ¶ 37 (alleging that Giuffre's attorneys provided two journalists with copies of "selected documents, still under seal, which they perceived as favorable to Giuffre"); *id.* ¶ 46 (alleging that Giuffre's "campaign of defamation . . . consists of . . . statements made in pleadings"). Thus, any such claims should also be dismissed for failure to plead them with adequate specificity. *See generally* Section I.A, *supra*.

statements concerning Dershowitz in her Complaint and Amended Complaint are plainly pertinent to her battery claim, which arises from Dershowitz's sexual assault against Giuffre, and her defamation claims, which arise from Dershowitz's campaign to destroy Giuffre's credibility after she accused him of abuse and complicity in Epstein's trafficking scheme. Giuffre's statements concerning Dershowitz in the *Maxwell* matter likewise occurred in the context of judicial proceedings and are relevant to the core factual dispute in that matter: whether Ghislaine Maxwell conspired with Epstein to traffic Giuffre to other men, including Dershowitz. The statements are pertinent as a matter of law and are thus absolutely privileged.

       b.     *Statements Published as a Result of Providing Court Documents to News Media Are Privileged.*

The common-law litigation and Section 74 fair report privileges protect parties and their counsel who provide copies of court documents to the media. *See Fishof v. Abady*, 280 A.D.2d 417, 417 (N.Y. App. Div. 1st Dep't 2001) (where attorney distributed copies of the allegedly libelous sexual harassment complaint at a press conference and publicity resulted, Section 74 barred defamation suit); *see also Feist v. Paxfire, Inc.*, No. 11-cv-5436, 2017 WL 177652, *6 (S.D.N.Y. Jan. 17, 2017) (applying litigation privilege where draft of complaint was provided to reporters prior to filing so that the reporter could cover the case as soon as action was filed). In paragraphs 6, 37, and 39 of the pleading, Dershowitz merely alleges that Giuffre and/or her attorneys provided copies of court documents to various news organizations. Consequently, the fair report privilege bars any defamation claim arising from the disclosures alleged in paragraphs 6, 37 and 39.

       c.     *Statements Reiterating Allegations Set Forth in Court Documents Are Privileged.*

The litigation and fair report privileges also protect statements by parties and their attorneys that "are no more than recitations of matter in pleadings that are themselves privileged." *Feist*,

2017 WL 177652, at *5 (quotation marks omitted) (applying litigation privilege); *see D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211, 220–21 (E.D.N.Y. 2012) (holding that the fair report privilege protects attorney and party statements to the press). Statements to the press need not be limited to specific language contained in the court documents; instead, they need only constitute "substantially accurate" accounts of the contents of the documents or proceedings. *McRedmond v. Sutton Place Restaurant and Bar, Inc.*, 851 N.Y.S.2d 478, 259 (N.Y. App. Div. 1st Dep't 2008); *see, e.g.*, *Morgan Art Found. Ltd. v. McKenzie*, No. 18-cv-4438, 2019 WL 2725625, *17 (S.D.N.Y. July 1, 2019); *Lacher v. Engel*, 33 A.D.3d 10, 17 (N.Y App. Div. 1st Dep't 2006). The privilege also extends to factual descriptions of positions *to be taken* in the litigation, even if those positions have not yet been staked out in a formal filing. *See, e.g.*, *McNally v. Yarnall*, 764 F. Supp. 853, 856 (S.D.N.Y. 1991); *GEM Holdco, LLC v. Changing World Techs.*, No. 650941/2013, 2014 WL 4249134 (N.Y. Sup. Ct. Aug. 28, 2014).

Paragraphs 35, 38–42 describe statements Giuffre or her attorneys allegedly made to the press about the CVRA Action, this action, or other proceedings. Most of these statements merely describe Giuffre's claims and position or other judicial proceedings and are therefore absolutely privileged:

| Description of Statement in Counterclaim | Judicial Proceeding About Which It Is a Fair Report |
|---|---|
| "Giuffre and her lawyers have repeatedly and publicly outside of court reaffirmed her false claims, directing the media and the public to her allegations in the CVRA Joinder Motion and making clear that she stands by those accusations against Dershowitz." (Countercl. ¶ 35) | CVRA Motion and Declaration, attached to Counterclaims as Exs. A and C, Docs. 118-1, 118-3 |
| "Giuffre told [Brown] that [Giuffre] had sex with Dershowitz" and "described how Epstein and [Ghislaine] Maxwell began grooming her . . . to | CVRA Declaration, attached to Counterclaims as Ex. C, Doc. 118-3, at ¶¶ 15, 19, 25 |

| | |
|---|---|
| sexually pleasure . . . academics" (Countercl. ¶ 38) | |
| "As my complaint shows, my abusers have sought to conceal their guilt behind a curtain of lies. My complaint calls for the accounting to which I, and their other victims, are entitled." (Countercl. ¶ 39) | Complaint, Doc. 1, at, *e.g.*, ¶¶ 7, 11, 13–17, 47–84 |
| "Giuffre issued a statement which referred to Dershowitz as a 'co-conspirator' of Epstein." (Countercl. ¶ 40) | Complaint, Doc. 1, at ¶ 6 |
| "Giuffre and her lawyers . . . confirmed . . . that Giuffre had sex with Dershowitz." (Countercl. ¶ 41) | Complaint, Doc. 1, at ¶ 36 |
| David Boies ("Boies") stated that "Mr. Dershowitz's misconduct, and his lies about it, are documented in sworn affidavits, sworn depositions, and contemporaneous documents." (Countercl. ¶ 42.b) | Complaint, Doc. 1, at, *e.g.*, ¶¶ 56–61, 65 |
| Boies stated: "Epstein's former employees said in sworn depositions that they saw Dershowitz at the house multiple times without his wife. 'This Olga woman doesn't exist. Epstein's barely kept women around who were over 25. It's a figment of Alan's imagination.'" (Countercl. ¶ 42.c) | Complaint, Doc. 1, at, *e.g.*, ¶¶ 56–61, 66 |
| Boies stated: "[Giuffre] is currently suing Alan Dershowitz for his participation in the sex trafficking."[8] (Countercl. ¶ 42.d) | Complaint, Doc. 1 |
| In reference to Dershowitz's motion to dismiss Giuffre's original complaint, Boies accused Dershowitz of taking inconsistent positions in court and in public. (Countercl. ¶ 42.e) | Complaint, Doc. 1, at, *e.g.*, ¶¶ 19, 84; Mem. of Law in Support of Mot. To Dismiss Compl., Doc. 23 |
| Boies stated "Alan Dershowitz's absurd attacks . . . are consistent with his pattern of attacking every lawyer who has represented women who | *See generally* Countercl. Ex. P, Doc. 118-16 (referring to bar charges Dershowitz filed against Boies) |

---

[8] In addition to being privileged, the truth of this statement is apparent on the face of the pleadings in this case—Giuffre is suing Dershowitz for his role in Epstein's sex trafficking—and is therefore not actionable. *Thai*, 726 F. Supp. 2d at 329 (falsity is an element of defamation).

| have accused him of sexual abuse." (Countercl. ¶ 42.f) | |

Because these statements are privileged, they cannot support a claim for defamation as a matter of law. To the extent that Dershowitz seeks to bring defamation claims based on these statements, therefore, those claims must be dismissed.

### 3. *Statements Alleged in Paragraphs 39 and 42.a, b, c, e, and f Are Statements of Opinion, Which Cannot Support a Defamation Claim.*

The remaining statements that are arguably described with adequate specificity are nonetheless not actionable, for they are privileged statements of opinion. "Expressions of opinion, as opposed to assertions of fact, are deemed privileged and . . . cannot be the subject of an action for defamation." *Mann v. Abel*, 10 N.Y.3d 271, 276 (2008); *see also Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 519 (S.D.N.Y. 2013); *Live Face on Web, LLC v. Five Boro Mold Specialist Inc.*, No. 15-cv-4779, 2016 WL 1717218, *2 (S.D.N.Y. Apr. 28, 2016). To determine whether a statement contains an opinion versus a statement of fact, courts consider whether the specific language has a precise meaning that can be readily understood, whether the statement can be proven true or false, and whether the context—both the immediate context and the broader social context—indicates that the statement conveys an opinion. *Mann*, 10 N.Y.3d at 276; *Live Face*, 2016 WL 1717218, at *2. "A pure opinion is a statement of opinion which is accompanied by a recitation of the facts upon which it is based or does not imply that it is based upon undisclosed facts." *Kamalian v. Reader's Digest Ass'n, Inc.*, 29 A.D.3d 527, 528 (N.Y. App. Div. 1st Dep't 2006). Whether a statement is a privileged expression of opinion is a question of law for the court to resolve. *Celle v. Filipino Reporter Enters., Inc.*, 209 F.3d 163, 177–78 (2d Cir. 2000)

The statements quoted in paragraph 39 and in subparts a, b, c, e, and f of paragraph 42 contain expressions of opinion and therefore cannot be defamatory. Those statements include:

- "My complaint calls for the accounting to which I, and their other victims, are entitled." (Countercl. ¶ 39)

- "[T]he problem is that [Dershowitz] believes that if he quacks loudly enough and outrageously enough, people will focus on what he's saying and not the underlying conduct… [H]e's desperate to detract attention from the underlying accusation. People who have good defenses present those defenses. Those who don't engage in ad hominem attacks." (Countercl. ¶ 42.a)

- "This is simply more evidence of how desperate Mr. Dershowitz is to distract attention from the evidence of his misconduct. . . . Mr. Dershowitz's misconduct, and his lies about it, are documented in sworn affidavits, sworn depositions, and contemporaneous documents. . . . I can understand why Mr. Dershowitz wants to distract attention from the facts…" (Countercl. ¶ 42.b)

- "Epstein's former employees said in sworn depositions that they saw Dershowitz at the house multiple times without his wife. 'This Olga woman doesn't exist. Epstein's barely kept women around who were over 25. It's a figment of Alan's imagination.'" (Countercl. ¶ 42.c)

- "It's very dangerous to take one position publicly and another position in court. Eventually, both the public and the court figure out that you're lying and you lose your credibility in both forums and that's what he has been doing - trying to take one position publicly and another in court - and they are now clashing." (Countercl. ¶ 42.e)

- "Alan Dershowitz's absurd attacks . . . are consistent with his pattern of attacking every lawyer who has represented women who have accused him of sexual abuse . . . . This is simply a pattern where he thinks if he is loud enough and crazy enough it will distract attention from what he's done." (Countercl. ¶ 42.f)

The statement from paragraph 39, apart from being privileged under the litigation and fair report privileges, posits that Giuffre and other victims are entitled to an "accounting" of Epstein's and Dershowitz's conduct. This is a statement of opinion because neither "accounting" nor "entitled" has a readily identifiable meaning that lends the statement to verification: what, precisely, the victims are entitled to, morally speaking, is a matter of opinion.

The remaining statements express the opinions of her then attorney, David Boies, about human behavior and litigation strategy (¶ 42.a and f—that people with good defenses pursue them, rather than engage in ad hominem attacks to distract attention), his opinions about Dershowitz's motives (¶ 42.b—that he is desperate to distract attention from allegations against him), his

14

opinions about the conclusions to be drawn from the evidence (¶ 42.c—that testimony by Epstein's employees belies Dershowitz's account of his activities), and his opinion about Dershowitz's inconsistent positions (¶ 42.e—that it is risky for a litigant to take contradictory positions in public and in court). The statements themselves cannot be proven true or false and would be interpreted by a reader as hyperbole and opinion. *See Live Face*, 2016 WL 1717218, at \*2 (finding that statements about an opponent's litigation strategy were "hyperbolic and imprecise[, and] may mean different things to different people" and therefore were non-actionable opinions); *Lacher*, 33 A.D.3d at 16 (statements that an attorney was a "thief" and "liar" and had a "pathological character" were opinions). Moreover, the only statements of opinion that disclose a factual basis—namely, the statements in paragraphs 42.b, c, e, and f concerning the existence of sworn testimony documenting Dershowitz's misconduct and Dershowitz's litigation strategy—accurately report the allegations in Giuffre's complaint or the course of judicial proceedings and are therefore also protected by the fair report privilege. *See* Section I.B.2 *supra*.

Because they are expressions of opinion, the statements in paragraphs 39, 42.a, 42.b, 42.c, 42.e, and 42.f cannot give rise to defamation claims.

## C.     Dershowitz Has Not Pleaded Facts Supporting Vicarious Liability.

Dershowitz's defamation counterclaim also fails to the extent that it is based on statements made by Giuffre's attorneys. The pleading sets out a series of statements in paragraph 42 made by Boies, alleging that those should be attributed to Giuffre on the theory that she was "speaking through her authorized agents." Countercl. ¶ 42. But as a matter of law, Dershowitz fails to allege facts sufficient to show that Giuffre should be liable for those statements.

An attorney's statements are attributable to his client only if they are made in furtherance of the representation, or with apparent authority. *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 172 (S.D.N.Y. 1988); *see, e.g., Green Acres Trust v. London*, 688 P.2d 658, 664 (Ariz.

Ct. App. Dep't A 1983) (finding client could not be vicariously liable for attorney's statement where client did not authorize same), *aff'd in relevant part, and vacated in part* 141 Ariz. 609 (1984). Actions undertaken for "personal motives" rather than to further client's interests cannot be said to be within the scope of the representation. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995). Although the scope of an agency relationship is a question of fact, *Gallose v. Long Island R.R.*, 878 F.2d 80, 83–84 (2d Cir. 1989), a claim based on vicarious liability must be dismissed where the claimant fails to allege facts sufficient to support the inference of agency, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dershowitz's conclusory allegation that Giuffre made the quoted statements "through her authorized agents," Countercl. ¶ 42, alleges no facts that make it plausible that Boies acted within the scope of his representation when he made the statements in question. As an initial matter, Dershowitz's own allegations are inconsistent with an agency relationship: according to Dershowitz, Boies and Giuffre's other lawyers used Giuffre as a cat's paw in their fraudulent plot to "make a public example out of" Dershowitz. Countercl. ¶¶ 5, 22; *see also id.* ¶¶ 2, 29–31. Boies' actions, then, would not have been taken with Giuffre's authority or in furtherance of her interests, but on his own authority and for his own purposes. *See Murphy v. Metro. Transp. Auth.*, 548 F. Supp. 2d 29, 41 (S.D.N.Y. 2008) (finding no vicarious liability as a matter of law where facts alleged made it implausible that the agents actions "benefited" the principal or "furthered its . . . objectives").

Even leaving Dershowitz's outlandish conspiracy theories to one side, a review of the statements in the context in which they were spoken[9] compels the conclusion that most statements

---

[9] The full articles are appended to the Counterclaims, so the Court may review them as part of its plausibility determination.

were intended to represent Boies' own point of view, and that he was not speaking on Giuffre's behalf.[10] For example, Boies made the statement quoted in paragraph 42.b in response to a statement by Dershowitz casting aspersions on Boies' own personal sexual conduct. Countercl. Ex. M, Doc. 118-13, at 6. Boies cannot be said to have been speaking as Giuffre's agent when addressing allegations about his personal life. And the *New York Daily News* article cited in paragraph 42.f concerns a second Epstein victim who has alleged that she was forced to have sex with Dershowitz. Countercl., Ex. P, Doc. 118-16, at 3. The article reports that Dershowitz alleged that that victim—*not* Giuffre—was "being manipulated by her high-powered attorney David Boies," to which Boies apparently responded with the quoted statement. *Id.* at 5–6. Thus, to the extent that Boies was acting as anyone's agent (instead of defending his own professional reputation), he was acting as the other victim's agent, not Giuffre's. Two of the other quotes, those in paragraphs 42.a and 42.e, are drawn from articles discussing Boies as an attorney generally (not simply Giuffre's attorney) and describe his relationship with Dershowitz (beyond his representation of Giuffre), undermining any appearance that Boies is speaking on Giuffre's behalf. Countercl. Ex. L, Doc. 118-12; Countercl. Ex. O, Doc. 118-15. In short, it is plain on the face of these articles that Boies made each of the challenged statements outside the scope of his representation of Giuffre and without any appearance of authority to act on Giuffre's behalf.

<p style="text-align:center">*          *          *</p>

In sum, Count I must be dismissed because Dershowitz has not stated a defamation claim. The allegedly defamatory statements he identifies do not support liability for a variety of reasons. Given the number of allegations upon which Dershowitz might seek to found his defamation count,

---

[10] To the extent that Boies was merely describing developments in Giuffre's case, *e.g.*, Countercl. ¶¶ 42.c–d, and thus plausibly acting within the scope of his representation, his statements were privileged under Section 74. *See* Section I.B.2 *supra*.

and the number of deficiencies that justify dismissal of that count, those reasons are summarized in the table contained in Appendix A.

## II.   <u>Dershowitz Fails To State a Claim for Intentional Infliction of Emotional Distress</u>.

Dershowitz's claim for intentional infliction of emotional distress ("IIED") is doomed for three independent reasons: it sounds in defamation, it arises from privileged conduct, and it is inadequately pleaded. Countercl. ¶¶ 53–54.

First, the law "is well settled that a cause of action for intentional infliction of emotional distress should not be entertained where the conduct complained of *falls well within* the ambit of other traditional tort liability." *Butler v. Del. Otsego Corp.*, 203 A.D.2d 783, 784–85 (N.Y. App. Div. 3d Dep't 1994) (internal quotations omitted). *See also Yang Feng Zhao v. City of New York*, 656 F. Supp. 2d 375, 404–05 (S.D.N.Y. 2009) (stating that IIED claim should not be recognized where conduct falls within traditional scope of other tort liability, collecting cases, and granting judgment to defendant on that claim). Dershowitz's IIED claim simply repackages his defamation claim. The conduct he complains of encompasses allegedly false, defamatory, and disparaging statements by Giuffre: the same conduct on which he bases his defamation claim.

The *Butler* case is instructive. There, the plaintiff accused the defendant of circulating defamatory materials to the *New York Times* and plaintiff's business associates, causing emotional distress. *Butler*, 203 A.D.2d at 784. He sued for defamation and intentional infliction of emotional distress, but the New York Appellate Division dismissed his IIED claim because "[t]he factual allegations underlying this cause of action relate to the dissemination of allegedly defamatory materials." *Id.* For the same reason, Dershowitz's IIED claim should be dismissed, with prejudice.

Second, under the litigation and fair report privileges, statements and actions that "occu[r] in the context of adversarial litigation and therefore cannot provide a foundation for" an IIED claim. *Kaye v. Trump*, 873 N.Y.S.2d 5, 6 (N.Y. App. Div. 1st Dep't 2009). The conduct that *Giuffre*

is alleged to have engaged during the year preceding the filing of her complaint (and thus within the one-year statute of limitations), occurred in the context of ongoing, adversarial litigation, and is therefore not actionable. *See* Section I.B.2, *supra*. The same is true of the conduct that Dershowitz has *plausibly* alleged that her attorneys engaged in on her behalf. *See* note 10, *supra.*

Finally, to state a claim for IIED under New York law, a claimant must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. Am. Home Products*, 58 N.Y.2d 293, 303 (1983). Dershowitz has alleged that Giuffre has fraudulently accused him in a judicial proceeding of sexual abuse and complicity with Epstein in sex trafficking and has made (or authorized) statements to the press concerning those proceedings. Even assuming that Giuffre's accusations are untrue, these allegations do not come close to satisfying the "strict standard" that governs the conduct element of an IIED claim. *Murphy*, 58 N.Y.2d at 303. "Defamatory statements generally cannot constitute extreme and outrageous behavior to support an [IIED] claim." *TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577, 605 (S.D.N.Y 2011).

For that reason, courts routinely dismiss IIED claims premised solely on allegedly false accusations that the plaintiff engaged in misconduct, *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 372 (W.D.N.Y. 2010)—even where the accusations involve criminal conduct and injure the plaintiffs' livelihood or family. For example, in *LaDuke v. Lyons*, the court dismissed an IIED claim against individuals who were alleged to have accused the plaintiff—a nurse—of euthanizing a patient, causing her to lose her job. 673 N.Y.S.2d 240 (N.Y. App. Div. 3d Dep't 1998). In *James v. DeGrandis*, the court dismissed an IIED claim against individuals who were alleged to have spread false statements that the plaintiff—a soccer coach—had sexual relationships with students. 138 F. Supp. 2d 402 (W.D.N.Y. 2001). And in *Kaye v. Trump*, the court affirmed a

dismissal of an IIED claim based on allegations "that defendants variously made rude remarks to and about her, commenced two baseless lawsuits and filed a criminal complaint against her, and frightened her and her daughter by attempting to instigate her arrest." 973 N.Y.S.2d at 6; *see also Carlson*, 679 F. Supp. 2d at 373 (accusations that "supervisors harassed [plaintiff], and conducted an investigation into whether she had sex with students and sold them drugs" do not state claim for IIEC); *Villacorta v. Saks, Inc.*, 932 N.Y.S.2d 764, *2 (N.Y. Sup. Ct. N.Y. Cty. 2011) (Table) ("[A]llegations that defendants questioned plaintiff for four hours without cause, failed to pay 'what was owed to her' and made false statements to the police resulting in her arrest" did not "allege the requisite 'extreme and outrageous' conduct."). Dershowitz simply has not alleged facts that set this case apart from typical contested accusations of criminal activity. He therefore has not stated a claim for IIED, and Count II must be dismissed.

## CONCLUSION

For the reasons set forth above, the Counterclaims should be dismissed, with prejudice.

Date: May 19, 2020                    Respectfully submitted,

                                       s/ Charles J. Cooper
                                       Charles J. Cooper*
                                       Michael W. Kirk
                                       Nicole J. Moss*
                                       Haley N. Proctor*
                                       COOPER & KIRK PLLC
                                       1523 New Hampshire Ave. NW
                                       Washington, DC 20036
                                       (202) 220-9600
                                       *Admitted PHV

                                       *Attorney for Plaintiff Virginia Giuffre*

APPENDIX A

| Paragraph of Counterclaims Setting Forth Allegedly Defamatory Statement | Ground(s) for Dismissal |
|---|---|
| Paragraph 3 | Statute of Limitations<br>Litigation Privilege |
| Paragraph 6 | Statute of Limitations<br>Litigation/Fair Report Privilege |
| Paragraph 18 | Statute of Limitations<br>Litigation Privilege |
| Paragraph 20 | Statute of Limitations<br>Litigation Privilege |
| Paragraph 35 | Deficient Under Rule 8<br>Litigation/Fair Report Privilege |
| Paragraph 36 | Deficient Under Rule 8 |
| Paragraph 37, *Miami Herald* article | Litigation/Fair Report Privilege |
| Paragraph 37, *New Yorker* article | Deficient Under Rule 8<br>Litigation/Fair Report Privilege |
| Paragraph 38 | Litigation/Fair Report Privilege |
| Paragraph 39 | Litigation/Fair Report Privilege<br>Opinion (in part) |
| Paragraph 40 | Deficient Under Rule 8 (except as to example)<br>Litigation/Fair Report Privilege (as to example) |
| Paragraph 41 | Litigation/Fair Report Privilege |
| Paragraph 42(a) | Opinion<br>No Vicarious Liability |
| Paragraph 42(b) | Litigation/Fair Report Privilege<br>Opinion<br>No Vicarious Liability |

| Paragraph 42(c) | Litigation/Fair Report Privilege<br>Opinion |
|---|---|
| Paragraph 42(d) | Litigation/Fair Report Privilege |
| Paragraph 42(e) | Litigation/Fair Report Privilege<br>Opinion<br>No Vicarious Liability |
| Paragraph 42(f) | Litigation/Fair Report Privilege<br>Opinion<br>No Vicarious Liability |
| Paragraph 43 | Deficient Under Rule 8 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that the foregoing was served upon all counsel of record using the CM/ECF system.

<div style="margin-left:40%">

<u>s/ Charles J. Cooper</u>
Charles J. Cooper*
COOPER & KIRK PLLC
1523 New Hampshire Ave. NW Washington, DC 20036
(202) 220-9600
*Admitted PHV

*Attorney for Plaintiff Virginia Giuffre*

</div>