

Howard M. Cooper
E-mail: hcooper@toddweld.com

May 29, 2020

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Giuffre v. Dershowitz*
         Case No.: 19-cv-03377-LAP

Dear Judge Preska:

    I write pursuant to Local Civil Rule 37.2 and Rule 2.A of Your Honor's Individual Practices. Professor Alan Dershowitz ("Professor Dershowitz" or "Dershowitz") respectfully requests a pre-motion conference with respect to a Rule 45 subpoena he served on the law firm of Boies Schiller Flexner LLP ("BSF") on December 5, 2019. The subpoena requests relevant and material documents relating directly to the claims and defenses in this case including, without limitation, the alleged defamatory statements Professor Dershowitz made concerning the conspiracy between Plaintiff and BSF to use the example they made of him by falsely and publicly accusing him of sexual wrongdoing in an effort to extort other individuals. Your Honor will recall that you dealt with the ramifications of Plaintiff's decision to include such allegations in her Complaint in disqualifying BSF from acting as her counsel in this case. BSF has objected to the subpoena in its entirety. It refuses to produce a single document, save for its engagement letters with Plaintiff (which it has not yet produced). BSF refuses to produce non-privileged communications with third parties whom they engaged on Plaintiff's behalf. BSF refuses to produce privileged documents which Professor Dershowitz seeks pursuant to the crime or fraud exception to the privilege, which are central to his defense that what he said publicly was true. BSF is unwilling even to provide a privilege log of the subject communications. Professor Dershowitz therefore intends to move to compel BSF to comply with his subpoena and submits this letter seeking permission to do so.

    **I.    Background**

    On April 16, 2019, Plaintiff, through her then-counsel at BSF, filed a Complaint alleging, among other things, that Dershowitz defamed her by saying that she committed perjury and that she and her attorneys at BSF had "hatched a scheme to falsely accuse Dershowitz of sex trafficking as part of a criminal attempt to extort a settlement from another party[,]" namely, Leslie Wexner. (ECF No. 1 at ¶ 14). On April 15, 2020, Plaintiff amended her Complaint to add claims for sexual battery and a violation of the Wiretap Act based on Dershowitz's alleged recording of a meeting with her attorney, David Boies ("Boies"), a founding partner of BSF. (ECF No. 117). Dershowitz asserted counterclaims for defamation and intentional infliction of emotional distress, based on Plaintiff's abuse of the judicial process and publication of statements to the media, including through her attorneys at BSF, for the purposes of disseminating malicious lies about him. (ECF No. 118).

    Based on many of the same statements by Dershowitz which form the basis for Plaintiff's Complaint in this action, Boies himself has filed a complaint for defamation against Dershowitz in New York State Supreme Court placing at issue many of the same alleged defamatory statements. *See*



Hon. Loretta A. Preska
May 29, 2020
Page 2 of 3

Exhibit 1. Presumably, Boies filed his action with Plaintiff's permission. Dershowitz has asserted counterclaims in that action which are substantially similar to his counterclaims here. *See* Exhibit 2.

## II. The Subpoena to BSF

On December 5, 2019, Dershowitz served a Rule 45 subpoena for documents on BSF. *See* Exhibit 3. The subpoena had twelve requests, generally categorized as follows: **Requests 1 & 2** seek communications between Giuffre and her BSF attorneys concerning Dershowitz and/or Leslie Wexner ("Wexner"); **Request 3** seeks communications between BSF and Wexner or his attorneys or other representatives; **Requests 4-5** seek communications between BSF and the media concerning Plaintiff and/or Dershowitz; **Requests 6-9** seek documents concerning BSF's interactions with an individual known as "Patrick Kessler," from whom Boies attempted to purchase alleged secret video recordings from Jeffrey Epstein's properties; **Requests 10-11** seek communications between BSF and certain individuals associated with Epstein, or their attorneys or other representatives, against whom Plaintiff has made allegations of sexual abuse, as well as any related settlement agreements; and **Request 12** seeks Engagement letters between BSF and Plaintiff.

Requests 1-3 and 10-11 relate to Dershowitz's "central" statement that Plaintiff alleges defamed her – that she conspired with her lawyers to falsely accuse Dershowitz in an effort to force settlements from Wexner and other wealthy individuals whom Plaintiff has accused of sexual abuse. (*See* ECF No. 1 at ¶ 14). Requests 6-9 are also relevant to Dershowitz's defense on the "extortion" claim. They concern reporting by the New York Times that Boies (with Attorney Stanley Pottinger) attempted to purchase sex-related video recordings made at Epstein's properties which falsely featured Dershowitz and other prominent men engaged in sex with young women and intended to "offer" at least some of those men their services in exchange for a fee.[1] Finally, Requests 4-5 directly relate to Dershowitz's counterclaim alleging that Plaintiff, through her attorneys, has defamed Dershowitz to the media.

With the exception of Requests 1 & 2, the requests largely seek information which is not protected from disclosure by any claim of privilege or work product protection. Nonetheless, BSF has refused to produce a single document, with the exception of its engagement letters with Plaintiff, claiming that all the requests are unduly burdensome or seek privileged information.

## III. BSF's Objections
### a. Burden

BSF served objections on January 10, 2020. The parties then engaged in a meet and confer. *See* Exhibits 4 and 5. BSF objects that the requests are unduly burdensome and the search terms Dershowitz proposes will generate an unreasonably large number of hits. Dershowitz is willing to work with BSF on search terms and protocols to make the collection as efficient as possible, while still capturing all discoverable materials. However, BSF possesses the information needed to narrow the search results. For example, BSF knows the identities (and email addresses) of members of the media it corresponded

---

[1] It was reported that Boies and Pottinger planned to use the videos either on behalf of existing clients to force monetary settlements of time-barred claims, or to induce those featured on the videos to engage them as legal counsel to assure that the videos would be kept private, in a form of "catch and kill" scheme. *Jeffrey Epstein, Blackmail, and a Lucrative 'Hot List,'* N.Y. Times, (Nov. 30, 2019), available at: https://www.nytimes.com/2019/11/30/business/david-boies-pottinger-jeffrey-epstein-videos.html



with regarding Dershowitz. BSF's obligation includes interviewing relevant custodians and determining search terms and parameters based on those custodians' knowledge of relevant events. It refuses to do so. BSF's burden objection is substantially undermined by Boies' own lawsuit against Dershowitz which places at issue the same allegations and will necessitate the collection, review and production of the same documents in that case.

### b. Privilege

As noted, Request Nos. 1 and 2 call for attorney-client communications between Plaintiff and BSF concerning Dershowitz and Wexner, respectively. These communications are within the crime or fraud exception to the attorney-client privilege. In the alternative, Plaintiff waived the privilege when she put these communications at issue in her Complaint in this action. First, if Plaintiff agreed with her lawyers to falsely accuse Dershowitz in pleadings filed in *Jane Doe #1 & Jane Doe #2 v. United States*, No. 08-80736-CIV-Marra (S.D. Fla.) ("CVRA Action"), the crime-fraud exception will negate any privilege on that subject. *See, e.g., United States v. Jacobs,* 117 F.3d 82, 87 (2d Cir. 1997). The exception would apply even if, arguendo, Plaintiff's lawyers were not complicit in this scheme. *See, e.g., Chevron Corp. v. Salazar*, 275 F.R.D. 437, 452 (S.D.N.Y. 2011). In order to obtain an *in camera* review by the Court of the subpoenaed privileged materials, a defendant need only supply "a factual basis adequate to support a good faith belief by a reasonable person . . . that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *United States v. Zolin*, 491 U.S. 554, 572 (1989). Dershowitz will be able to demonstrate more than a good faith basis for his request. Indeed, Plaintiff will not be able to dispute that shortly after she accused Dershowitz falsely and initiated a media frenzy, she instructed her lawyers to contact Wexner's lawyers. Further, the pleadings already before the Court establish beyond dispute the falsity of her allegation against Dershowitz. This includes, for example, emails Plaintiff exchanged with a publicist, Sharon Churcher, which memorialize that Plaintiff never made any allegation against Dershowitz until it was suggested she do so in order to garner publicity for her upcoming book even though there was no evidence Dershowitz had done anything wrong and Plaintiff's admission to her friend that she only accused Dershowitz after her lawyers "pressured" her to do so.

Separately, Plaintiff has also waived any privilege by putting her communications with BSF at issue in this lawsuit. *See, e.g.*, *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991) ("[T]he privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications."). As Your Honor has found in disqualifying BSF from representing Plaintiff, by her Complaint, Plaintiff "made the truth of these statements, including the actions and motivations of at least one of [BSF's] attorneys, a necessary—indeed essential—part of the Complaint." (ECF No. 67 at 33).

Professor Dershowitz respectfully requests that the Court hold a pre-motion conference with respect to this matter so that he may proceed with his motion to compel.

Respectfully submitted,

  /s/ Howard M. Cooper
Howard M. Cooper

cc:   All counsel of record, via ECF