AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

Virginia L. Giuffre
*Plaintiff*
v.
Alan Dershowitz
*Defendant*

Civil Action No. 1:19-cv-03377-LAP

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Boies Schiller Flexner LLP

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Aidala, Bertuna & Kamins PC<br>Attn: Imran Ansari<br>546 Fifth Avenue, 6th Floor<br>New York, NY 10036 | Date and Time:<br>w/i 30 days |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/3/19

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Alan Dershowitz, who issues or requests this subpoena, are:

Howard Cooper and Christian Kiely, Todd & Weld LLP, One Federal Street, 27th Floor, Boston, MA 02110
hcooper@toddweld.com; ckiely@toddweld.com. 617-720-2626

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-03377-LAP

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>Plaintiff,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>Defendant. | Civil Action No. 19-cv-03377-LAP |
| ALAN DERSHOWITZ,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>VIRGINIA L. GIUFFRE,<br><br>Counterclaim Defendant. | |

**SCHEDULE A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff Alan Dershowitz ("Dershowitz") requests that Boies Schiller Flexner LLP ("BSF") produce for inspection and copying all documents and things listed below to Imran Ansari at the offices of Aidala, Bertuna & Kamins PC, 546 Fifth Avenue, Sixth Floor, New York, NY 10036, within thirty (30) days of service of this subpoena.

**DEFINITIONS**

The words and phrases used in these Requests shall have the meaning ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court

for the Southern and Eastern Districts of New York, including Local Rules of Civil Procedure 26.3 definitions for "communication," "document," "identify," "parties," "person," and "concerning." The Definitions expressly include hard copy documents and electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations. Dershowitz expressly requests forensic images of all electronically stored information (e.g., the document and data, and its metadata). The Definitions also expressly include tangible things.

In addition, the following terms shall have the meanings set forth below whenever used in any Request. The following Definitions apply to the Instructions and Requests below and are incorporated into each Instruction and Request as if fully set forth therein:

1. "Action" means the lawsuit captioned *Virginia L. Giuffre v. Alan Dershowitz,* Civil Action No. 19-cv-03377-LAP.

2. "You," "Your" and "BSF" means Boies Schiller Flexner LLP, inclusive of individual attorneys within the firm, including but not limited to, David Boies, Sigrid McCawley, Joshua Schiller, and Your agents, representatives, all persons acting on Your behalf, and any and all persons associated with, affiliated with, or controlled by You

3. "Giuffre" means Virginia L. Giuffre (née Roberts), her agents, representatives, all persons acting on her behalf, and any and all persons associated with, affiliated with, or controlled by her.

4. "Dershowitz" means Defendant and Counterclaim Plaintiff Alan Dershowitz.

5. "Epstein" means Jeffrey E. Epstein, his agents, representatives, all persons acting on his behalf, and any and all persons associated with, affiliated with, or controlled by him.

6. “Wexner” means Leslie Wexner, his agents, representatives, all persons acting on his behalf, and any and all persons associated with, affiliated with, or controlled by him.

7. “Complaint” means the Complaint filed by Giuffre in the Action.

8. “Counterclaim” means the Counterclaim filed in the Action.

9. “Answer” means the Answer and Affirmative Defenses filed by Dershowitz in the Action.

10. “CVRA Action” means the lawsuit captioned *Jane Doe 1 and Jane Doe 1 v. United States*, Civil Action No. 08-cv-80736-KAM, filed in the United States District Court for the Southern District of Florida.

11. “Income” includes, without limitation, any revenue, payments, compensation, remuneration, financial benefit or support or any other financial consideration, or provision of any other thing of value.

12. “Person” means any natural person or any legal entity, including, without limitation any business or governmental entity or association.

13. “Document” or “Documents” shall have the broadest meaning possible under Rules 26 and 34 of the Federal Rules of Civil Procedure and shall include without limitation: documents; ESI; Communications in written, electronic, and recorded form; and tangible things.

14. “ESI” means electronically stored information as defined by and used in the Federal Rules of Civil Procedure.

15. “Communication” means any oral or written exchange of words, thoughts or ideas with another person or entity, whether in person, in group, by telephone, by letter, by fax, by electronic mail, by text message, or otherwise.

16. The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be constructed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to."

15. The words "concerning," "regarding," "reflecting," and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

**INSTRUCTIONS**

1. You must furnish all non-privileged documents within Your possession, custody, or control including any documents in Your constructive possession whereby You have the right to compel production of documents from a third party—as well as those which are reasonably available to You, including documents and information in the possession of Your Attorneys, agents, representatives, consultants, accountants, advisors, or investigators, regardless of the location of such documents.

2. All documents should be produced in single page tiff format, with corresponding document level text files containing the OCR or extracted text. The filename of the text file should correspond to the Bates number of the first page of the document; the filename of the image file should correspond to the Bates number of the document. The Bates number should have a prefix and contain 7 digits and no spaces, for example SAMPLE0000001. The production should be accompanied by: (i) a load file suitable for loading the data into a litigation database that defines

document breaks, attachments, metadata, and other information; and (ii) a cross-reference file that facilitates the linking of the produced tiff or native file with a litigation database.

3. For documents maintained electronically, the following fields should be included, at a minimum: Bates Begin, Bates End; Bates Begin Attach; Bates End Attach; Attachment Document; Pages; Author; Custodian/Source; Date Created; Date Last Modified; Date Received; Date Sent; Time Sent; Document Extension; Email BCC; Email CC; Email From; Email Subject/Title; Email To; Original Filename; File Size; Original Folder Path; MD5 Hash; Parent Document ID; Document Title; Time Zone; Text Link; Native Link.

4. For any electronically stored documents that cannot be interpreted in TIFF format (including, but not limited to, spreadsheets, presentations, databases, logs, video and audio files), you should produce a Bates numbered TIFF placeholder and a native version of that file, with the native version named by its Bates numbers.

5. All drafts of a responsive Document must be produced, as well as all non-identical copies of the Document. Any comment, notation, or other marking shall be sufficient to distinguish Documents that are otherwise similar in appearance and to make them separate Documents for purposes of Your response. Any preliminary form, intermediate form, superseded version, or amendment of any Document is to be considered a separate Document.

6. Each paragraph and subparagraph of these Instructions and the Requests, as well as the definitions herein, shall be construed independently, and no paragraph or subparagraph or definition shall limit the scope of any other.

7. If You object to any Request or any part of a Request, identify the part to which You object, state the objection(s) with specificity, and provide a response to the remaining unobjectionable part.

8. If You object to all or any part of a Request, the objection must state whether any responsive Documents are being withheld on the basis of that objection.

9. If You claim any privilege or similar basis for not producing a requested document, please provide a privilege log consistent with Local Rule 26.2.

10. If You have no Documents in Your possession, custody, or control that are responsive to a particular Request, please so state.

11. To the extent that any information that is responsive to the Requests has been destroyed, lost or misplaced, please identify that information by type and author and the date and manner in which the information was destroyed, lost or misplaced.

12. The Requests, Definitions, and Instructions herein are propounded for the purpose of discovery and are not to be taken as a waiver of or prejudice to any objections that may be made at any hearing or trial in this Action to the introduction of any evidence relating to Documents responsive to these Requests or as an admission of the authenticity, relevance, or materiality of Documents responsive to these Requests.

13. The following Requests are both general and specific, and to the degree that a more specific Request seeks documents that also happen to be responsive to a more general Request, the more specific Request does not limited the breadth of the documents which are requested by and responsive to the more general Request.

14. Unless otherwise stated, the relevant time period for these Requests is January 1, 1998 through the date of Your response.

15. Dershowitz specifically requests that You supplement Your responses to these Requests as required under Fed. R. Civ. P. 26(e).

## REQUESTS FOR PRODUCTION

1. All Documents concerning Communications between BSF and Giuffre concerning Dershowitz.

2. All Documents concerning Communications between BSF and Giuffre concerning Wexner.

3. All Documents concerning Communications between BSF and Wexner.

4. All Documents concerning Communications between BSF and any media outlet concerning Giuffre and/or Dershowitz.

5. All Documents concerning Communications between BSF and any journalist, reporter and/or author concerning Giuffre and/or Dershowitz.

6. All Documents concerning Communications between BSF and the individual known as Patrick Kessler.

7. All Documents concerning Communications between BSF and Stanley Pottinger concerning the individual known as Patrick Kessler.

8. All Documents concerning Communications between BSF and the New York Times, and/or other media outlets, concerning the individual known as Patrick Kessler.

9. All Documents concerning Communications between BSF and law enforcement concerning the individual known as Patrick Kessler.

10. All Documents concerning Communications between BSF and any of the following individuals, their agents, representatives, all persons acting on their behalf, and any and all persons associated with, affiliated with, or controlled by them:

    a. Epstein;

    b. Wexner;

c. Ghislaine Maxwell;

d. Bill Richardson;

e. George Mitchell;

f. Thomas Pritzker;

g. Glenn Dubin;

h. Prince Andrew;

i. Ehud Barak;

j. Marvin Minsky;

11. All Documents concerning any confidentiality agreement, settlement agreement, or other contractual agreement of any kind between Giuffre and any of the following individuals:

a. Epstein;

b. Wexner;

c. Ghislaine Maxwell;

d. Bill Richardson;

e. George Mitchell;

f. Thomas Pritzker;

g. Glenn Dubin;

h. Prince Andrew;

i. Ehud Barak;

j. Marvin Minsky;

12. All engagement letters between BSF and Giuffre.

ALAN DERSHOWITZ,

By his attorneys,

/s/ Howard M. Cooper
Howard M. Cooper (MA BBO# 543842)
(*pro hac vice*)
Christian G. Kiely (MA BBO# 684308)
(*pro hac vice*)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com

/s/ Imran H. Ansari
Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)
Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
iansari@aidalalaw.com
aidalaesq@aidalalaw.com

Dated: December 3, 2019