UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

        Plaintiff,

v.

ALAN DERSHOWITZ,

        Defendant.
_____/

Case No.: 19 Civ. 3377 (LAP)

**RESPONSES AND OBJECTIONS OF NON-PARTY BOIES SCHILLER FLEXNER LLP TO ALAN DERSHOWITZ'S RULE 45 SUBPOENA**

Pursuant to Federal Rules of Civil Procedure 30 and 45, Non-Party Boies Schiller Flexner LLP ("BSF") provides the following Responses and Objections to the Subpoena to Produce Documents, Information, or Objects, or To Permit Inspection of Premises in a Civil Action, served on December 5, 2019, by Alan Dershowitz (the "Subpoena"), as follows:

## GENERAL OBJECTIONS

1. BSF objects to the Subpoena to the extent that it attempts to impose obligations on BSF beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, or any applicable order of the Court.

2. BSF objects to the Subpoena to the extent that its uses or contains words or phrases that are vague and/or ambiguous.

3. BSF objects to the Subpoena to the extent that it seeks the disclosure of information that is not within the scope of Federal Rule of Civil Procedure 26, not relevant, material or necessary to this action, and not likely to lead to the discovery of admissible evidence.

4. BSF objects to the Subpoena to the extent it seeks information not in BSF's possession, custody, or control.

5. BSF objects to the Subpoena insofar as it seeks the disclosure of information that is subject to the terms of confidentiality or non-disclosure agreements with third parties and/or would violate the privacy interests of others. To the extent that BSF agrees to disclose information in response to the Subpoena, such disclosure shall be subject to and contingent upon appropriate notice to and/or consent from such third parties.

1

6.  BSF objects to the Subpoena to the extent it seeks personal and private information of any individual, the disclosure of which is prohibited by federal, state or local law, rule or regulation.

7.  BSF objects to the Subpoena to the extent that it is unreasonably cumulative, duplicative, or redundant.

8.  In responding to these Subpoena, BSF does not waive or intend to waive its right to object to the admission of any answer in evidence at any proceeding, hearing, or trial. BSF reserves the right to object on all grounds to the introduction of any evidence covered or referred to in the responses below.

9.  BSF objects to the Subpoena to the extent that it is disproportionate to the needs of the case.

10. BSF objects to the Subpoena to the extent that they call for the disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest, or that is otherwise protected from disclosure under applicable privileges, laws, or rules.

11. BSF objects to the Subpoena to the extent that it seeks the disclosure of information, or the production of documents, that would not be admissible pursuant to Federal Rule of Evidence 408.

12. BSF objects to the Subpoena to the extent that it is duplicative of documents or subpoenas that were served or will be served by or on other parties in the above-captioned case, including but not limited to requests for production to the Plaintiff in this action.

13. BSF objects to the Definitions of "You," "Your" and "BSF" as overbroad. Consistent with Local Civil Rule 26.3, BSF will construe these phrases to exclude other non-affiliated persons acting at the direction, under the control of, or on behalf of BSF.

14. BSF objects to the Definition of "Giuffre" as overbroad. Consistent with Local Civil Rule 26.3, BSF will construe this phrase to exclude other non-affiliated persons acting at the direction, under the control of, or on behalf of Plaintiff.

15. BSF objects to the Definition of "concerning" as overbroad, and will construe the phrase consistent with Local Civil Rule 26.3.

16. BSF objects to Instructions 2-5. Any productions will be made in accordance with a protocol to be agreed upon.

17. BSF objects to Instruction 9, and will produce a privilege log only if ordered to do so by the Court, upon a timeline to be determined by the Court.

18. BSF objects to Instruction 14 as unduly burdensome, as it spans a 22-year period.

19. BSF objects to the Subpoena on the grounds and to the extent that it uses terms not defined in the "Definitions." The objections to any defined term are incorporated by reference at every instance of the use of that term in the Subpoena.

20. BSF's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, BSF's rights to rely on other facts or documents in responding to the Subpoena.

21. BSF expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

22.   BSF expressly reserves its right to move to quash or modify the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3).

23.   BSF objects to the Subpoena in its entirety because Dershowitz has made no attempt to or arrangement for the compensation of BSF for its costs to be incurred in complying with the Subpoena. The costs will be substantial, and the cost of compliance should be borne by the party requiring such compliance. BSF gives notice that if it is required to comply with any part of the Subpoena, it will seek a cost-shifting order to relieve it of the undue burden and expense of compliance.

24.   By agreeing to produce documents in response to a request, BSF is not representing that such documents actually exist or can be identified following a reasonable and diligent search.

25.   By objecting to a request, BSF is not representing that such documents actually exist or can be identified following a reasonable and diligent search.

## SPECIFIC RESPONSES AND OBJECTIONS

**DOCUMENT REQUEST NO. 1.** All Documents concerning Communications between BSF and Giuffre concerning Dershowitz.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 1.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client

4

communications, including privileged information or documents shared with entities with which BSF holds or held a common interest.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 2.** All Documents concerning Communications between BSF and Giuffre concerning Wexner.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 2.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 3.** All Documents concerning Communications between BSF and Wexner.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 3.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome,

and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 4.** All Documents concerning Communications between BSF and any media outlet concerning Giuffre and/or Dershowitz.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 4.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to this request as vague and ambiguous, as the term "media outlet" is undefined. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 5.** All Documents concerning Communications between BSF and any journalist, reporter and/or author concerning Giuffre and/or Dershowitz.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 5.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 6.** All Documents concerning Communications between BSF and the individual known as Patrick Kessler.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 6.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation,

7

that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 7.** All Documents concerning Communications between BSF and Stanley Pottinger concerning the individual known as Patrick Kessler.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 7.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 8.** All Documents concerning Communications between BSF and the New York Times, and/or other media outlets, concerning the individual known as Patrick Kessler.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 8.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to

this request as vague and ambiguous, as the term "media outlet" is undefined. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 9.** All Documents concerning Communications between BSF and law enforcement concerning the individual known as Patrick Kessler.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 9.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 10.** All Documents concerning Communications between BSF and any of the following individuals, their agents, representatives, all persons acting on their behalf, and any and all persons associated with, affiliated with, or controlled by them:

    a. Epstein;

    b. Wexner;

    c. Ghislaine Maxwell;

    d. Bill Richardson;

    e. George Mitchell;

    f. Thomas Pritzker;

    g. Glenn Dubin;

    h. Prince Andrew;

    i. Ehud Barak;

    j. Marvin Minsky;

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 10.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest. BSF objects to this request to the extent that it calls for the production of documents equally available to Dershowitz.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 11.** All Documents concerning any confidentiality agreement, settlement agreement, or other contractual agreement of any kind between Giuffre and any of the following individuals:

   a. Epstein;

   b. Wexner;

   c. Ghislaine Maxwell;

   d. Bill Richardson;

   e. George Mitchell;

   f. Thomas Pritzker;

   g. Glenn Dubin;

   h. Prince Andrew;

   i. Ehud Barak;

   j. Marvin Minsky;

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 11.**

BSF incorporates its General Objections as though fully set forth herein. BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which

BSF holds or held a common interest. BSF objects to this request to the extent that it calls for the production of documents equally available to Dershowitz.

In accordance with Rule 34(b)(2)(C), BSF states that it is withholding all responsive documents on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 12.** All engagement letters between BSF and Giuffre.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUEST NO. 12.**

BSF incorporates its General Objections as though fully set forth herein.

BSF objects to this request on the grounds that it calls for the production of documents irrelevant to this litigation. BSF objects to this request on the grounds that it seeks disclosure of information learned from documents prepared in anticipation of litigation, that constitutes or reflects attorney work-product, and that contains privileged attorney-client communications, including privileged information or documents shared with entities with which BSF holds or held a common interest.

Subject to its General and Specific Objections, BSF will produce all engagement letters between BSF and Giuffre.

DATED: January 10, 2020                     BOIES SCHILLER FLEXNER LLP

*/s/ Michael Brille*
_____

Michael Brille
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
(202) 237-2727