**From:** Mike Brille <mbrille@bsfllp.com>
**Sent:** Monday, May 11, 2020 11:31 AM
**To:** Kiely, Christian
**Cc:** Cooper, Howard; Imran H. Ansari, Esq.; Andrew Villacastin; Richard Weill; Oren, Kristy; Ilana Miller
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

Christian,

I write to update you on the status of our efforts with respect to your subpoena.

As an initial matter, our ability even to assess your requests during this pandemic has been, and continues to be, enormously burdensome. Document collection itself is unusually difficult, because many of the documents you request are stored on laptops in the personal possession of individual attorneys. Others are stored on servers housed in BSF offices that are closed, inaccessible to physical contact. Thus, collection has required BSF personnel to access devices remotely, a cumbersome and lengthy process. In addition, a remote collection requires a transfer of more data than a direct collection, entails a series of transfers over an overburdened internet infrastructure, and thus takes much more time. BSF's security obligations to its clients also require that any remote collection be secure and encrypted. And our personnel are already stretched thin serving an entire firm working remotely.

Your position with respect to our requests to limit the facially overbroad scope of the subpoena still contributes to this burden and timing. Despite our request, you have provided no search terms pertaining to Requests 1 and 2; and when we specifically proposed on April 16 that the search terms you provided for Requests 4 and 5 also apply to Requests 1 and 2, you refused. You also identified the 2014-2016 time period as the relevant timeframe for certain requests, but inexplicably refuse to apply the same time period to your subpoena as a whole – although conceding on April 17 that this is the period "most likely to be relevant to the subject matter of this litigation." And, you have yet to articulate how documents outside of that timeframe could be relevant to any issue in this litigation. Accordingly, we see no basis to for your insistence that we endeavor to collect, review, produce, and log documents that that fall outside of that 2014-2016 timeframe.

Moreover, when the search terms you provided on April 14 were applied to the remote collections we conducted, they returned a total of over 230,000 documents. Obviously, it is unreasonable to expect us to review more than 230,000 documents either to determine their actual responsiveness or for the preparation of a privilege log. This, of course, would be unduly burdensome, particularly of a non-party whom you have not agreed to compensate for its time, resources, and lost revenue to comply with your subpoena. *See, e.g.*, *In re Subpoena to Loeb & Loeb LLP*, 19 Misc. Civ. 241 (PAE), 2019 WL 2428704 (S.D.N.Y. Jun. 11, 2019). More refined, targeted searches are necessary.

Accordingly, our current positons with respect to your subpoena are as follows, all of which are premised on an agreement to limit responsive documents to the 2014-2016 time period:

    **Requests 1 and 2:** On their face, these requests – expressly seeking communications with our client, and related documents, specific to subject matters of her representation – seek documents protected by the attorney-client privilege and work product doctrines. No privilege log could possibly detract from that conclusion. Nor have you explained how a privilege log bears upon your ability to carry your burden to establish your "crime/fraud" claim, i.e., that this entire litigation was initiated and pursued to falsely make an example of Mr. Dershowitz. *In re Richard Roe, Inc. (Roe II)*, 168 F.3d 69, 71 (2d Cir. 1999) ("Where the very act of litigating is alleged as being in furtherance of a fraud, the party seeking disclosure under the crime-fraud exception must show probable cause that the litigation or an aspect thereof had little or no legal or factual basis and was carried on substantially for the purpose of furthering the crime or

fraud.  Absent such a showing, the requisite finding that an otherwise privileged or immunized communication was intended to further the fraud cannot be made.").

Using the search parameters you provided, which returned over 70,000 documents just for the 2014-2016 period for these requests alone, any privilege log would take months to generate, and would require extraordinary efforts (and costs) to complete.  Nonetheless, BSF would consider providing a privilege log if you alleviate this undue burden by supplying narrower search terms designed to identify only the documents most pertinent to your claims and agreeing to advance BSF the costs of complying with each of your requests.  *See Loeb*, 2019 WL 2428704, at *4-6 (ordering cost shifting where compliance would entail review of "25,000 documents that are responsive to the Subpoena"); *see also Bank of New York Mellon v. WMC Mortg., LLC*, 2017 WL 252464, at *2 (N.Y. Sup 2017) ("WMC, in requesting ESI from a non-party, will have to defray the Certificateholders' reasonable document collection, review, and production costs, including certain legal fees.").

**Request 3:**  BSF would be willing to produce any direct communications with Mr. Wexner (but not its related internal documents), subject to the issuance of an appropriate protective order to protect this production from further disclosure, in view of the expectation of confidentiality with which these communications were conducted.

**Requests 4 and 5:**  BSF would be willing to produce any direct communications with identified journalists and media outlets relating to this matter (but not its internal documents) if you could provide a list of email addresses and domains, as well as narrow search terms designed to return a reasonable volume of responsive documents only, which thus far has not occurred.  Particularly without the application of your 2014-2016 date restriction, your Requests for "All Documents concerning Communications between BSF and any media outlet concerning Giuffre and/or Dershowitz" (or with any reporters or journalists) are overbroad.

**Requests 6, 7, 8, and 9:**  All of your requests relating to Patrick Kessler, an individual who did not surface until late August 2019, are irrelevant to the claims and defenses in this matter.  BSF stands on its original objections to these requests.

**Request 10:**  BSF would be willing to produce any direct communications with the individuals you identify and their representatives relating to this matter (but not its internal documents or communications relating to the Maxwell litigation) if you could provide narrower search terms that return a reasonable volume of documents, which thus far has not occurred.  BSF's agreement to search for such communications in no way suggests that documents exist for the vast majority of the individuals you listed.  For Epstein, this would be limited to direct communications with Epstein and his attorneys.  For Maxwell and as you agreed in your April 14 email, BSF need not produce communications with her counsel of record in the *Giuffre v. Maxwell* litigation.  However, BSF is also currently counsel of record for several victims of Epstein's sex-trafficking conspiracy in actions filed against Epstein's estate and, in one case, against Ghislaine Maxwell.

**Request 11:**  BSF is barred by the express terms of the agreements you request from disclosing their unredacted content; and, for some, absent Mr. Dershowitz obtaining a court order on notice to the affected parties. Were these impediments lifted, BSF would be willing to produce these agreements (but not its internal documents).

**Request 12:**  BSF has agreed to produce its engagement letters with Ms. Giuffre.

We have already spent significant time and incurred substantial costs, under most unusual and difficult circumstances, assessing our ability to respond to your overbroad subpoena.  We would ask that you consider again your obligation to "take reasonable steps to avoid imposing undue burden or expense" on us.  Fed. R. Civ. Pro. 45(d)(1).  At a minimum, agreeing to reasonable timeframes, identifying email recipients, and refining your list of search terms are among those required steps.

We look forward to working cooperatively with you to resolve these remaining issues.

Mike

---

**From:** Mike Brille
**Sent:** Monday, April 27, 2020 4:33 PM
**To:** 'Kiely, Christian' <ckiely@toddweld.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <AVillacastin@BSFLLP.com>; Richard Weill <rweill@BSFLLP.com>; Oren, Kristy <koren@toddweld.com>; Ilana Miller <imiller@BSFLLP.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

Christian,

We are continuing to assess the burden of your modified requests. However, doing so has required, in the first instance, the remote collection of potentially responsive documents, a process that is proving particularly difficult under the current circumstances. We are doing our best to work through these issues, but it is affecting the timing of our response. We appreciate your patience, and I will provide further updates as soon as I have them.

Mike

---

**From:** Kiely, Christian [mailto:ckiely@toddweld.com]
**Sent:** Friday, April 17, 2020 9:16 AM
**To:** Mike Brille <mbrille@bsfllp.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Richard Weill <rweill@bsfllp.com>; Oren, Kristy <koren@toddweld.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Mike,

In response to your questions:

(1) The search terms we have proposed for the other requests would presumably go a long way toward turning up material responsive to Requests No. 1 and 2, but without knowing how Giuffre and her attorneys at BSF may have referred to Dershowitz or Wexner internally, we cannot agree at this time that searching these terms only would satisfy BSF's obligation to identify responsive documents.

(2) The 2014-2016 period proposed on our call does not govern all requests. In response to BSF's position that it would not produce any privilege log whatsoever, we proposed that an initial privilege log be limited to 2014-2016 in order to: (i) reduce the initial burden on BSF of logging all responsive communications, including potentially voluminous communications relating to the Giuffre v. Maxwell litigation; (ii) hone in on the communications most likely to be relevant to the subject matter of this litigation and assessing application of the crime-fraud doctrine. We make this offer while reserving all rights to a more complete privilege log spanning all relevant dates, as well as the production of the underlying communications and documents themselves.

Please let me hear from you on these issues by next Wednesday, 4/22.  Otherwise I will assume we are at an impasse and BSF refuses to comply with the subpoena at all (with the very limited exception of your agreement to produce engagement letters).

Christian

**From:** Mike Brille <mbrille@bsfllp.com>
**Sent:** Thursday, April 16, 2020 4:49 PM
**To:** Kiely, Christian <ckiely@toddweld.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Richard Weill <rweill@bsfllp.com>; Oren, Kristy <koren@toddweld.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

Christian,

Thanks for this information.  We will incorporate it into our assessment of what we have and get back to you as soon as we can, but it obviously won't be by tomorrow.

In the meantime, please clarify (1) whether the search terms you proposed for Requests 4 and 5 apply equally to Requests 1 and 2; and (2) whether your 2014-2016 time period governs all your requests.

    Mike

**From:** Kiely, Christian [mailto:ckiely@toddweld.com]
**Sent:** Tuesday, April 14, 2020 11:56 AM
**To:** Mike Brille <mbrille@bsfllp.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Richard Weill <rweill@bsfllp.com>; Oren, Kristy <koren@toddweld.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Mike,

With respect to communications between BSF and third parties which are responsive to Requests 4 and 5, we propose you run the following search terms on the custodial accounts of all BSF partners who worked on Giuffre matters, including but not limited to David Boies, Sigrid McCawley, and Josh Schiller, and then filter for those emails that were sent or received by a non-BSF domain other than Ms. Giuffre's.  We cannot agree to further limit domains without knowing which third parties members of your firm corresponded with.  Without limiting the request, we are particularly interested in communications with the following members of the media:  Julie Brown of the Miami Herald, Connie Bruck of the New Yorker, Maureen Callahan of the New York Post, and Sharon Churcher.

**Search Terms:**
Dersh%  (% indicates a root expander)
Alan
AD
alandersh@gmail.com

Wexner
Giuffre
"Virginia Roberts"
VR
VG
Jenna

For Request 10, we propose you search those same custodians for the names listed in Request 10.  For Ghislaine Maxwell, the search can exclude emails with counsel of record in the Giuffre v. Maxwell litigation sent on dates between the filing of the complaint and settlement of the case.

Please let me know by the end of this week, whether, in light of this proposal, you will drop your burden objections to producing responsive communications with third parties.  Please also provide a proposed protective order with respect to Request No. 11, as previously discussed.

With respect to your privilege objections, please let me know by the end of this week whether Boies Schiller will agree to provide a privilege log for the years 2014-2016 as discussed on our prior call.

Regards,
Christian

**From:** Mike Brille <mbrille@bsfllp.com>
**Sent:** Tuesday, April 14, 2020 10:53 AM
**To:** Kiely, Christian <ckiely@toddweld.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Richard Weill <rweill@bsfllp.com>; Oren, Kristy <koren@toddweld.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

Christian,

I had hoped to be further along in assessing some of the possible clarifications and limitations we discussed on our last call, but that has proven more difficult than I expected and unfortunately we not there yet.  I suggest we put off our call that is scheduled for tomorrow and let me get back to you next week with a proposed date to reschedule.

In the meantime, my recollection was you were going to give us some greater detail on some of the possible limitations we discussed and provide a list of proposed search terms.  Is that still in the offing?

    Mike

**From:** Kiely, Christian [mailto:ckiely@toddweld.com]
**Sent:** Monday, March 23, 2020 12:19 PM
**To:** Mike Brille <mbrille@bsfllp.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Richard Weill <rweill@bsfllp.com>; Oren, Kristy <koren@toddweld.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Mike,

That's fine.  Please use this dial-in:

1-888-512-3146
Code: 66559101

Christian

---

**From:** Mike Brille <mbrille@bsfllp.com>
**Sent:** Monday, March 23, 2020 12:15 PM
**To:** Kiely, Christian <ckiely@toddweld.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Richard Weill <rweill@bsfllp.com>; Oren, Kristy <koren@toddweld.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

Christian,

Apologies for the delayed response.  Can we do next Tuesday at 11:00 am instead?  Friday no longer works for me.

    Mike

---

**From:** Kiely, Christian [mailto:ckiely@toddweld.com]
**Sent:** Thursday, March 19, 2020 7:32 PM
**To:** Mike Brille <mbrille@bsfllp.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Richard Weill <rweill@bsfllp.com>; Oren, Kristy <koren@toddweld.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Mike,

Can we speak on Friday, 3/27 at 11 AM eastern?

Thanks,
Christian

---

**From:** Mike Brille <mbrille@bsfllp.com>
**Sent:** Thursday, March 19, 2020 6:06 PM
**To:** Kiely, Christian <ckiely@toddweld.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Richard Weill <rweill@bsfllp.com>; Oren, Kristy <koren@toddweld.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

Christian,

This week is not possible for me and first availability for a call is Friday of next week, or Monday/Tuesday the week after.

    Mike

---

**From:** Kiely, Christian [mailto:ckiely@toddweld.com]
**Sent:** Wednesday, March 18, 2020 12:33 PM
**To:** Mike Brille <mbrille@bsfllp.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Richard Weill <rweill@bsfllp.com>; Oren, Kristy <koren@toddweld.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Mike,

Can we please set up a time later this week to discuss your objections to the subpoena? I will propose tomorrow at 2 pm but if that does not work for you, please propose an alternate time.

Thank you,

Christian

---

**From:** Mike Brille <mbrille@bsfllp.com>
**Sent:** Friday, January 10, 2020 5:41 PM
**To:** Kiely, Christian <ckiely@toddweld.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Andrew Villacastin <avillacastin@bsfllp.com>; Richard Weill <rweill@bsfllp.com>
**Subject:** RE: Subpoena in Giuffre v. Dershowitz

Christian,

Thank you again for extending our response time. Our responses and objections are attached. As you note below, we are opposing this subpoena, but let's find some time to have a discussion, including with respect to next steps.

    Regards,

    Mike

**Michael A. Brille**
General Counsel

**BOIES SCHILLER FLEXNER** LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)  +1 202 237 9608
mbrille@bsfllp.com
www.bsfllp.com

**From:** Kiely, Christian [mailto:ckiely@toddweld.com]
**Sent:** Wednesday, December 4, 2019 10:46 AM
**To:** Mike Brille <mbrille@bsfllp.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>
**Subject:** Subpoena in Giuffre v. Dershowitz


Mr. Brille,

I represent Alan Dershowitz in the Giuffre v. Dershowitz matter currently pending in SDNY. I am attaching here a courtesy copy of a document subpoena which we intend to serve on your firm. Please let me know whether you will accept service on behalf of BSF. I appreciate that BSF is likely to oppose this subpoena and we would be happy to work out a mutually acceptable briefing schedule for any motion practice.

Regards,
Christian

Christian G. Kiely



Todd & Weld LLP
One Federal Street, Boston, MA  02110
Tel:  617.624.4729   Fax:  617.624.4829
www.toddweld.com

---

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any

dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.