

Howard M. Cooper
E-mail: hcooper@toddweld.com

July 2, 2020

**Via ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    **Giuffre v. Dershowitz, Case No.: 19-cv-03377-LAP**

Your Honor:

    I write on behalf of Professor Alan Dershowitz ("Professor Dershowitz") to seek leave to file an emergency motion requesting a stay pending appeal of your Order issued yesterday which requires Plaintiff Virginia Giuffre's counsel in this case, Cooper & Kirk PLLC ("Cooper & Kirk"), to destroy evidence. ECF No. 144. I also write to seek permission to file a non-emergency motion to clarify your Order prior to appealing given the uncertainty it has created as to what is and is not covered by it.  Last, we seek leave of the Court to file a motion to disqualify Cooper & Kirk from this case in the event your Order is upheld, based upon the findings in your decision. I will take each of these issues in turn briefly.

    Your Order issued yesterday requires that Cooper & Kirk destroy all evidence improperly possessed by that firm from the *Giuffre v Maxwell* case. I note that this is a remedy no party sought from the Court and a remedy which no party was given an opportunity to brief or even meaningfully address during argument.  Professor Dershowitz believes that such an order to destroy evidence, which he believes in good faith is fully exculpatory of him and believes to be devastating to the credibility of the plaintiff in this case, is, respectfully, unprecedented and beyond the Court's discretion even as it relates to a discovery matter.

    We asked Cooper & Kirk last evening to hold off destroying the materials which the Court has ruled they should not possess until we can file a motion to stay. They responded that they intend to proceed with the destruction, but they believe that all of the materials they intend to destroy remain in the possession of the Boies Schiller Flexner LLP ("BSF") law firm. We have no way of confirming that this is true but even such a representation, of course, begs the question whether BSF now believes that it too improperly possesses certain materials which must be destroyed given the Court's Order or whether Ms. Giuffre herself or any of her many other lawyers improperly possess materials from the *Maxwell* case.  The matter is further complicated by the Indictment today of Ms. Maxwell and the possible interest of the United States Attorney's Office in evidence from the *Maxwell* case.

    With all respect to the Court, no evidence should be destroyed until this matter can be sorted out with the parties having been given a meaningful opportunity to comment on the



Court's remedy as to which, again, the Court has allowed no input to date. Accordingly, a stay is in order and Professor Dershowitz seeks leave to file such an emergency motion.

Even if upheld, the Court's Order creates confusion as to which clarification is necessary. For example, the Court recognized in its Order that Professor Dershowitz is properly entitled to Ms. Giuffre's deposition testimony and exhibits (which it already ordered turned over to him), as these materials may provide admission and impeachment evidence which is clearly discoverable in this case. The Court, however, did not address the issue of admission and impeachment materials in Ms. Giuffre's affidavits and filed pleadings which remain under seal. By way of example only, each time Ms. Giuffre filed a pleading in court or made a statement in an affidavit claiming that Ms. Maxwell's alleged defamatory statements about her destroyed her reputation is an important admission in a defamation case where she has placed damage to her reputation at issue. Likewise, any testimony from an individual Ms. Giuffre accused of being someone to whom she was trafficked swearing that this never happened and/or that they never even met her, is not only discoverable, but it is critical to Professor Dershowitz's defense here.

We understand that the Court believes Professor Dershowitz's request was too broad. We ask the Court to recognize that under its mandatory letter process that request was set forth in a three-page letter seeking permission to file a motion, an opportunity which the Court denied. Had Professor Dershowitz been allowed to file a motion, he would have had the opportunity to get into the specifics of what he seeks so that the Court could consider each category of items on its own. An opportunity to seek clarification where Professor Dershowitz is given such a fair opportunity to brief these matters is necessary here.

If the Court's Order is upheld, then Cooper & Kirk must be disqualified from this case. Cooper & Kirk's possession of literally thousands of pages of *Maxwell* discovery materials including deposition transcripts, interview summaries, pleadings, and more, which the Court has found they should never have possessed, is a bell which cannot be un-rung by the destruction of those materials. The Cooper & Kirk lawyers clearly will retain critical information in their memories which the Court has already recognized will allow them an unfair strategic advantage in this case. The Court cannot meaningfully require counsel to unlearn what they have spent the past many months learning. The Court cannot police Ms. Giuffre's own communications with her lawyers at BSF and Cooper & Kirk about these materials let alone communications between her lawyers themselves. Professor Dershowitz will have no way of knowing when to object to a question which is asked based upon information which opposing counsel should never have had in this case.

I note in this regard that Professor Dershowitz did not create this problem. To the contrary, he has sought all along the full and complete disclosure of the *Maxwell* materials and all other sealed materials. By contrast, the violation here by Ms. Giuffre's lawyers is of what the Court determined to be the plain language of the *Maxwell* protective order. Simply put, the Court's remedy, if allowed to stand, does not go nearly far enough.  Professor Dershowitz's



Hon. Loretta A. Preska
July 2, 2020
Page 3 of 3

request seeking leave to file a motion to disqualify Cooper & Kirk is appropriate here and should be taken up as the next order of business if the Court's Order is upheld.

    Thank you for your consideration.

                  Very truly yours,

                    _____
                    Howard M. Cooper

cc:     All counsel of record, via ECF