# EXHIBIT D

| | |
|---|---|
| **From:** | Nicole Moss |
| **To:** | Kiely, Christian; Imran H. Ansari, Esq. |
| **Cc:** | Cooper, Howard; Arthur Aidala; Judge Barry Kamins; Michael W. Kirk; Haley Proctor; Chuck Cooper |
| **Subject:** | Re: Meet and Confer |
| **Date:** | Saturday, December 07, 2019 9:06:18 AM |

Dear Christian,

We appreciate the productive call yesterday afternoon regarding initial disclosures and other discovery matters. As promised, the following is an email confirming the agreements we have reached. Please let me know if this deviates from your understanding so that we can make sure we are all on the same page to avoid any confusion or problems moving forward.

1. Initial Disclosures:
    a. Both parties will provide their Rule 26 Initial Disclosures on Dec. 16, 2019;
    b. On that date or as soon as reasonably possible thereafter, Plaintiff will produce the following:
        i. Records received from Mar-a-Lago;
        ii. Flight logs;
        iii. Documents produced by Giuffre in the *Maxwell* case;
        iv. Documents produced by Giuffre in the *Edwards v. Dershowitz* matter;
        v. We will confirm that Plaintiff has not produced documents in any other pending matters;
        vi. We will produce an electronic and video transcript of Giuffre's deposition in the *Maxwell* matter.
        vii. A list of doctors and/or psychiatrists seen by Plaintiff since records were last gathered/produced in the *Maxwell* case.

    c. On Dec. 16, 2019 or as soon thereafter as reasonably possible, Defendant will produce the following:
        i. Documents produced in the *Edwards v. Dershowitz* matter;
        ii. You will confirm whether there were any documents produced in the *Maxwell* matter that were not copied to Plaintiff's then counsel, Boies Schiller;
        iii. The compilation of evidence Mr. Dershowitz has cited to as proving that Ms. Giuffre has made up her allegations;
        iv. The thousands of pages of travel, phone and other documentary evidence referenced in Mr. Dershowitz's email to Julie Brown of 3/12/19 (to the extent that is different from the compilation of evidence referenced above);
        v. All evidence reviewed by FGIS;
        vi. All materials produced by Mr. Dershowitz to any law enforcement or police agency.
        vii. We have also requested a list of Defendant's doctors and therapists. You are going to get back to us with a proposal on reasonable date parameters for this request.
        viii. We had asked for documents/evidence supporting the claim that Plaintiff was over the age of 18 when she was trafficked to Defendant. We

      understand you deny that this occurred at all, but we had understood Defendant to have said that Plaintiff was over the age of 18 when she claims these encounters took place and that you have proof of that. On our call, I understood you to be saying you were limiting this statement to Plaintiff being over the age of majority (i.e. consent) in New York, which is 17, and that she was not necessarily over the age of 18. After our call, I reviewed the Answer/Counterclaims filed by Defendant, and I note that in Paragraph 20, Defendant states in relevant part "her employment records prove that she did not even meet Epstein until she was 17, and she later admitted that she was well over 18 when she claimed to have had sex with Epstein's friends." To clarify we request that you produce or identify whatever you are relying upon for the proposition that Plaintiff was over the age of 18 when she had sex with Epstein's friends.

   d. The parties agree that any documents produced from the *Maxwell* case that are still subject to the protective/sealing order in that case will only be used for the purposes of this litigation and will not be publicly disclosed unless and until the Court unseals the materials.

   e. Defendants agree to hold the document requests served on Plaintiff on December 3, 2019 in abeyance. The parties agree this means that Plaintiff's time to respond to these requests has not begun to run, and we will revisit both the scope of the requests and a timeline for a response after the exchange of initial disclosures and documents described above.

1. <u>Recordings:</u>

   a. Defendant agrees to the third-party expert/vendor that Plaintiff has proposed;

   b. The parties will jointly submit a letter to Judge Preska asking for an Order allowing Stroz Friedberg to release the analog tape currently in its possession to the newly identified expert. (We will send you a proposed letter for your review);

   c. Defendant will also produce to this expert the recording Defendant made of a conversation with an individual known as "Patrick Kessler." We did not discuss whether this recording is digital or analog. If analog we request that you produce the original recording for analysis, and if digital that it be produced in a forensically sound manner that preserves all metadata.

   d. Defendant is in the process of cataloging all recordings for the purpose of identifying all responsive recordings that will likewise be produced to this third-party expert for analysis. While we did not specifically discuss this point, we think it is important to set forth our understanding of relevance to be sure we have an agreement. It is Plaintiff's position that any recording (analog or digital) with any of the following individuals should be considered responsive and produced for analysis – all attorneys from the firm Boies Schiller, Bradley Edwards, Paul Cassell, Rebecca Boylan, Michael (Boylan's husband), Stan Pottinger, Leslie Wexner, Abigail Wexner, any attorney or individual associated with the Wexner's, Ghislaine Maxwell or any individual associated with Ms. Maxwell, Jeffrey Epstein or any individual associated with Jeffrey Epstein, any individual who claims that Mr. Epstein acted inappropriately with young women, any individual (including but not limited to any member of the media) with whom

>Defendant discussed his theory that Plaintiff and her attorneys made claims against him to extort money, any individuals who would be a witness to Plaintiff's time with Jeffrey Epstein, any other individuals who claim to have knowledge about any of the claims, counterclaims, or defenses in this action, any other media personnel with whom this case, Plaintiff's claims, or Jeffrey Epstein were discussed.  To the extent Defendant believes an individual recording is privileged, we ask that it be identified and a privilege log provided.
>    e. It is agreed that the production of all recordings will be done in such a manner as to forensically preserve all metadata where applicable, will be complete recordings, and that all originals will be preserved;
>    f. It is agreed that any analysis of any recording produced as noted above will be done so as to preserve the recording and not alter or destroy its content.
>2. <u>Third-party discovery</u>: The parties agree to cooperate to the extent possible to coordinate subpoenas to third-parties such as media outlets, to work cooperatively on scheduling depositions to avoid multiple depositions or competing depositions on the same day and to alleviate the burden on non-parties.  This agreement to cooperate extends to third-parties that may be located overseas.  The specific details will be discussed when it is determined which third-parties Plaintiff and Defendant wish to subpoena and/or depose.
>3. <u>Amending the Complaint</u>:  We discussed foregoing a motion to amend.  Defendant is not in a position to agree to that
>4. <u>Discovery of Settlement Agreements</u>:  You are considering our request that Defendant produce the Settlement Agreement from the *Edwards v. Dershowitz* matter as part of the initial exchange of documents.  We note that you will receive a copy of Virginia's settlement with Epstein, which is an exhibit to Plaintiff's deposition in the *Maxwell* case, and reiterate our request that you produce the  *Edwards* settlement.

Please let me know if you think there is anything significant that I have left out of this summary.  I look forward to speaking with you again as we work through the discovery issues in this case.  I reiterate that is my preference to work through discovery questions as cooperatively as possible to avoid unnecessary letter writing and motions practice so please do not hesitate to contact me if you have any questions or concerns.

Have a good weekend,


Nicole Jo Moss
Cooper & Kirk, PLLC
1523 New Hampshire Ave. N.W.
Washington, D.C. 20036
202-220-9636 (work)
202-423-3237 (cell)
202-220-9601 (fax)

---

**From:** "Kiely, Christian" <ckiely@toddweld.com>
**Date:** Wednesday, December 4, 2019 at 11:33 AM

**To:** Nicole Moss <nmoss@cooperkirk.com>, "Imran H. Ansari, Esq." <iansari@aidalalaw.com>
**Cc:** "Cooper, Howard" <hcooper@toddweld.com>, Arthur Aidala <arthur@aidalalaw.com>, Judge Barry Kamins <judgekamins@aidalalaw.com>, "Michael W. Kirk" <mkirk@cooperkirk.com>, Haley Proctor <hproctor@cooperkirk.com>, Chuck Cooper <ccooper@cooperkirk.com>
**Subject:** RE: Meet and Confer


Nicole,

I apologize for the back and forth but **3 PM Friday** would work best for our team, rather than 1 PM. Please confirm that works for your side.

In addition, just to supplement briefly the agenda for Friday for the sake of efficiency, let me add the following:

1. In accordance with Judge Preska's directions to us, we will be prepared to produce quickly Professor Dershowitz's travel documents and the recording of his call referenced in the NYT article last weekend with your side producing Ms. Giuffre's deposition and exhibits in the Maxwell case (and the video recording), along with the Mar-a-Lago employment records. All of these materials will be used solely in the pending litigation absent further order of the court per Judge Preska's order from the bench.
2. We would like to broaden the upfront exchange to include all materials in your client's custody, possession or control from the Maxwell case, the Florida CVRA case and any other pending or previously pending proceeding. These materials should be readily available and easily produced. As explained to the Court, allowing us to review these materials early will help determine what other discovery needs to be taken and may very well allow us to narrow what needs to be done in this case. These materials too would be used solely in the pending litigation absent a further order of the Court.

We look forward to discussing these and other matters on Friday.

Thank you,

Christian

**From:** Kiely, Christian
**Sent:** Wednesday, December 4, 2019 9:50 AM
**To:** 'Nicole Moss' <nmoss@cooperkirk.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>
**Cc:** Cooper, Howard <hcooper@toddweld.com>; Arthur Aidala <arthur@aidalalaw.com>; Judge Barry Kamins <judgekamins@aidalalaw.com>; Michael W. Kirk <mkirk@cooperkirk.com>; Haley Proctor <hproctor@cooperkirk.com>; Chuck Cooper <ccooper@cooperkirk.com>
**Subject:** RE: Meet and Confer

Nicole,