# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>    Defendant.<br><br>ALAN DERSHOWITZ,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>VIRGINIA L. GIUFFRE,<br><br>    Counterclaim Defendant. | Civil Action No. 19-cv-03377-LAP |

**PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Virginia Giuffre, by and through her counsel, provides the following Responses and Objections to Defendant Alan Dershowitz's First Request for Production of Documents ("Requests" or "RFPs") as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Requests to the extent that they attempt to impose obligations on Plaintiff beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, or any applicable order of the Court.

1

reserves the right to object on all grounds to the introduction of any evidence covered or referred to in the responses below.

24.    Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

25.    By agreeing to search for and produce documents in response to a request, Plaintiff is not representing that such documents actually exist or can be identified following a reasonable and diligent search.

26.    By objecting to a request, Plaintiff is not representing that such documents actually exist or can be identified following a reasonable and diligent search.

## SPECIFIC RESPONSES AND OBJECTIONS

1.    **All Documents that you consulted or referred to in answering Dershowitz's First Set of Interrogatories.**

**RESPONSE:**  In addition to the General Objections set forth above, Plaintiff objects to this Request because Defendant's Interrogatories violate Local Rule 33.3. Plaintiff further objects to this Request in that it seeks information protected by the attorney-client privilege and the attorney work-product privilege.

Subject to and without waiving these objections, Plaintiff directs Defendant to Plaintiff's Initial Disclosures and documents served on December 16, 2019 and December 30, 2019 and the list of Plaintiff's medical providers served on December 30, 2019.

2.    **All Documents and Communications concerning Your allegations in the Complaint in this Action.**

**RESPONSE:**  In addition to the General Objections set forth above, Plaintiff objects to this Request as over broad. As written, this Request would sweep in potentially scores of

documents with little to no relevance to the disputed issues in this case and would impose burdens on Plaintiff that are disproportionate to the needs of this case. Plaintiff further objects to this Request to the extent it calls for the production of privileged communications and/or documents protected by the attorney-client, attorney work-product, or other applicable privileges. Plaintiff also objects to this Request to the extent it calls for the production of publicly available documents, such as news stories, media reports, etc. that are as readily available to Defendant as they are to Plaintiff. In responding to this Request, Plaintiff will not be logging privileged communications that post-date the filing of the Complaint or producing publicly available materials such as those cited in the Complaint.

Subject to and without waiving these objections, Plaintiff responds that as part of her Initial Disclosures, Plaintiff produced to Defendant the entirety of her document production in *Giuffre v. Maxwell* and her non-party production of documents in *Edwards v. Dershowitz*. In addition, Plaintiff produced a copy of her depositions in the *Giuffre v. Maxwell* case, records from Mar-a-Lago, flight logs, and the non-party production from Victims Refuse Silence in the *Giufffre v. Maxwell* matter. In searching for and producing responsive emails in the *Giuffre v. Maxwell* matter, which were included in the production already provided to Defendant, Plaintiff employed search terms that would capture documents and communications in her email account related to Defendant. For example, Plaintiff used the following search terms: "Alan," "Dersh%," and "AD." Thus, Plaintiff, with the exceptions noted below, objects to searching her emails anew for the time period prior to August 24, 2015 when her email was collected for the *Giuffre v. Maxwell* matter as responsive, non-privileged emails would already be part of the prior *Maxwell* production, which has already been provided to Defendant. However, Plaintiff is willing, subject to an agreement on an appropriate production protocol and search terms, to update these prior productions with responsive, non-privileged documents and communications that were either created or obtained

since those productions were made, and to do a non-date-limited search for emails and attachments containing the following search terms that were not included in the search protocol in the *Giuffre v. Maxwell* case – Farmer, Ransome, Rodriguez, Boylan, Brown, Bruck, Zeiger, Kessler, Alexander, Lang, Reiter, Stratton, Barak and Kessler (taken from the list of individuals identified in Defendant's Request No. 5). In addition, assuming the Court grants leave, Plaintiff will produce to Defendant the document production received from Ghislaine Maxwell in the *Giuffre v. Maxwell* matter, which is currently subject to the protective order in that case. Plaintiff's willingness to run these search terms and produce materials from the *Giuffre v. Maxwell* matter should not be construed as an agreement that any of the terms or materials are relevant.

3.     **All Documents and Communications referenced in your Complaint or Answers to Interrogatories.**

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Request to the extent it seeks the production of publicly available materials, which Defendant can access based on the citations and references provided by Plaintiff in her Complaint and which do not require production by Plaintiff. Plaintiff likewise objects to this Request to the extent it calls for the production of materials that are already in Defendant's possession such as his own deposition testimony, correspondence sent to Defendant or Defendant's lawyers, or documentation that Defendant would have by virtue of his prior representation of Jeffrey Epstein.

Subject to and without waiving these objections, Plaintiff directs Defendant to the materials produced as part of her Initial Disclosures in this case. For the statements in Paragraph 20 of the Amended Complaint for which a specific citation was not provided, Plaintiff directs Defendant to the news article available at www.cnn.com/2015/01/05/europe/prince-andrew-sex-abuse-allegations/index.html; the transcript available at www.cnn.com/TRANSCRIPTS/1501/05/cnnt.02.html; and Defendant's deposition testimony and deposition exhibits in the *Edwards v. Dershowitz*

7

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she currently has not served any subpoenas in this Action, but when and if subpoenas are served, Plaintiff will comply with the requirements of Rule 45 of the Federal Rules of Civil Procedure and will produce copies of any documents received to Defendant.

36. **All Documents received pursuant to public records requests to non-parties in connection with this Action.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff will produce all public records received in response to any public records requests to non-parties in connection with this Action.

Dated: February 28, 2020

Respectfully Submitted,

By: *[signature: Nicole J. Moss]*

Charles J. Cooper*
Michael W. Kirk
Nicole J. Moss *
Haley N. Proctor*
*Admitted Pro Hac Vice*
COOPER & KIRK, PLLC
1523 New Hampshire Ave. N.W.
Washington, D.C. 23006
(202) 220-9600
ccooper@cooperkirk.com
mkirk@cooperkirk.com
nmoss@cooperkirk.com
hprocter@cooperkirk.com

*Counsel for Plaintiff, Virginia Giuffre*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 28TH day of February, 2020, I served the attached document via e-mail and U.S. Mail, postage pre-paid, to the following counsel of record:

Arthur L. Aidala
Imran H. Ansari
AIDALA, BERTUNA & KAMINS, P.C.
546 5th Ave
New York, NY 10036
Tel: (212) 486-0011
Fax: (212) 750-8297
arthur@aidalalaw.com
iansari@aidalalaw.com

Howard M. Cooper
Christian G. Kiely
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com

*Counsel for Defendant, Alan Dershowitz*

By: _____
Nicole J. Moss