

Howard M. Cooper
E-mail: hcooper@toddweld.com

July 10, 2020

**Via ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:   <u>Giuffre v. Dershowitz, Case No.: 19-cv-03377-LAP</u>

Your Honor:

    I write on behalf of Professor Alan Dershowitz ("Professor Dershowitz") pursuant to the Court's Order dated July 6, 2020 (ECF No. 147).

    Cooper & Kirk's recent letter to the Court (ECF No. 148) states: (i) that Plaintiff does not oppose Professor Dershowitz's request for a stay of the Court's Order regarding the destruction of the *Maxwell* materials (ECF No. 144, which the Court had already preliminary granted, *see* ECF No. 147); and (ii) that Plaintiff too seeks clarification of the Order. Given the parties' agreement, Professor Dershowitz looks forward to the opportunity, if allowed by Your Honor, to file a detailed motion to clarify the Court's Order.

    Of course, the bulk of Cooper & Kirk's letter consists of the firm's offered explanation for the mistake they concede making in taking possession of the entirety of the *Maxwell* discovery materials, further ad hominem on opposing counsel for somehow being disingenuous, and their statement that they oppose Professor Dershowitz being allowed an opportunity even to argue for their disqualification. Professor Dershowitz responds here to those portions of Cooper & Kirk's letter. First, Professor Dershowitz accepts Cooper & Kirk's explanation that it made a mistake. Second, as to the unfortunate ad hominem, I assure the Court that my reaction during the June 23, 2020 hearing was quite genuine surprise in learning that Cooper & Kirk had in their possession and had reviewed the *complete* set of confidential materials from the *Maxwell* case. The working assumption of my office in propounding a document request to Plaintiff (not Cooper & Kirk) for the *Maxwell* materials was that the materials were in *her* possession, custody or control because either she or her counsel at Boies Schiller Flexner LLP had them. Having checked with my colleagues, we are confident that Cooper & Kirk did not disclose affirmatively to any of us that their firm possessed all of the *Maxwell* materials, although in fairness, until the recent call, the issue of where the documents resided was not the focus of the parties' discussions because it was assumed by our side that the materials could be obtained via a request to Plaintiff. Having reviewed the exhibits attached to Mr. Cooper's Declaration (ECF No. 149), and with the benefit of hindsight, I can see there is ambiguity in the correspondence concerning the status of the documents which we did not pick up on as, again, it was not our focus.


Hon. Loretta A. Preska
July 10, 2020
Page 2 of 3

The question now is what to do about the fact that Plaintiff's counsel has had improper access to a wealth of information that would ordinarily be discoverable, and likely would be admissible, absent the *Maxwell* Protective Order. We wish to be practical here while protecting our client's rights to a fair process. As the Court is aware, Professor Dershowitz is not a young man and he is hoping for this matter to be tried as soon as reasonably possible as he believes that it will lead to his full vindication. Accordingly, in the interest of moving this matter forward, Professor Dershowitz suggests the following steps which it asks the Court to undertake to try and remedy this situation. *First*, Professor Dershowitz asks that Cooper & Kirk forthwith provide the Court and him, on a confidential basis, with an inventory of the materials at issue. By doing so, both the Court and Professor Dershowitz will better be able to consider the magnitude of the problem. *Second*, based upon the inventory, Professor Dershowitz would ask the Court to review *in camera* specific items so that the Court may assess whether having had access to the item(s) gives Plaintiff's counsel an unfair advantage in this case which cannot be remedied by the destruction of the evidence.[1] *Third*, the Court would then fashion a remedy, on an informed basis, which could include having some or all of the material turned over to Professor Dershowitz, or depending on what is disclosed in the inventory, giving Professor Dershowitz leave to file his motion to disqualify.[2] Blindness based upon a lack of information and specifics here is not an option. Absent a fair process such as the one suggested above, disqualification of Cooper & Kirk will be an appropriate remedy here.[3]

---

[1] Based just on the limited information that can be gleaned from the public summary judgment record, Cooper & Kirk have had the benefit of reviewing, e.g., testimony and documents from Plaintiff's former boyfriends and family members, Epstein employees, and Maxwell herself, all of which are highly relevant to this action. Further, based on the number of "John Does" who have appeared in the *Maxwell* case, it is evident that discovery was taken from numerous individuals whom Plaintiff alleges she was sexually trafficked to by Epstein. *The Court should keep in mind that one of alleged defamations Plaintiff is suing Professor Dershowitz about here is that he defamed her by accusing her of lying about numerous prominent men.* ECF No. 117 at ¶ 17(p). *She has thus made all of this evidence relevant to this case.* The unfair prejudice to Professor Dershowitz from Cooper & Kirk's improper exposure to these materials is therefore not speculative. The theoretical opportunity to "re-subpoena" this information is not an adequate remedy, because, among other reasons, Cooper & Kirk will know precisely which information to seek and which to avoid, while Professor Dershowitz will be blind, not even knowing the identities of many of the third parties who provided discovery in *Maxwell*. It should not be Professor Dershowitz's burden to demonstrate with certainty the prejudice he will suffer arising from Cooper & Kirk's failure to comply with the *Maxwell* Protective Order.

[2] Professor Dershowitz submits that at a bare minimum, he must be provided with the materials listed in <u>Appendix A</u> to this letter, to the extent they were among the *Maxwell* materials received and reviewed by Cooper & Kirk. Importantly, all individuals identified by name in item #7 of <u>Appendix A</u> have been publicly identified in the unsealed summary judgment record in *Maxwell*, potentially undercutting the privacy concerns expressed by counsel for John Doe. The three redacted names – which although they have been identified publicly are not contained in the unsealed records – will be provided under seal at the Court's request.

[3] *See, e.g., Fund of Funds, Ltd. v Arthur Andersen & Co.*, 567 F.2d 225, 234 (2d Cir. 1977) (disqualification appropriate where counsel surreptitiously collaborated on legal work in the action with an attorney who was incapable of appearing therein for a common client); *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1973) (affirming disqualification of a previously neutral law firm on a showing that the tainted lawyer client might have transmitted some confidences to the firm).



Thank you for your consideration.

                Very truly yours,

                Howard M. Cooper

cc:    All counsel of record, via ECF

APPENDIX A

1. All documents concerning Alan Dershowitz.

2. All documents produced, or deposition or written testimony given, by any of Giuffre's family members or boyfriends, including but not limited to Sky Roberts, Anthony Figueroa, and James Michael Austrich.

3. All documents produced, or deposition or written testimony given, by any friends of Giuffre, including Rebecca Boylan and Michael Boylan.

4. All documents produced, or deposition or written testimony given, by any Epstein employees or non-employee staff, including but not limited to Juan Alessi and David Rodgers.

5. All documents produced, or deposition or written testimony given, by Jeffrey Epstein.

6. All documents produced, or deposition or written testimony given, by Sarah Ransome or Maria Farmer.

7. All documents produced, or deposition or written testimony given, by any of the following individuals whom Giuffre has testified she was sexually trafficked to by Epstein:

    a. Prince Andrew

    b. Jean-Luc Brunel

    c. Glenn Dubin

    d. Stephen Kaufmann

    e. Marvin Minsky

    f. George Mitchell

    g. Thomas Pritzker

    h. Bill Richardson

    i. Leslie Wexner

    j. [Redacted]

    k. [Redacted]

    l. [Redacted]

2

8. All communications between Giuffre, and/or her agents or representatives, and any members of the media.

9. Ghislaine Maxwell's deposition transcripts and exhibits.

10. All documents describing, or photographs, videos, or other media depicting, any of Epstein's properties or airplanes.

11. All flight logs from Epstein's planes.

12. All police reports concerning Giuffre.

13. All emails exchanged between Sarah Ransome and any member of the media, including but not limited to Maureen Callahan of the New York Post.