UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>  Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>  Defendant / Counterclaim Plaintiff. | Case No. 19-cv-03377-LAP<br><br>ORAL ARGUMENT REQUESTED |

**VIRGINIA L. GIUFFRE'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS AMENDED COUNTERCLAIMS**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT .........................................................................................................................................1

I.     Dershowitz Fails To State Claims for Defamation. ............................................................1

       A.     Dershowitz's Claims Based on Paragraphs 3, 6, 18, and 20 Are Time-Barred. .......1

       B.     The Alleged Statements in and About Court Filings Are Privileged........................2

            1.     *The CVRA Filings Are Privileged Under the Litigation Privilege.* ..............2

            2.     *Section 74 Protects the Alleged Reports of Judicial Proceedings.* ...............4

       C.     The Alleged Statements in Paragraphs 39 and 42.b, c, d, f, and g Are Constitutionally Protected Opinions. ....................................................................7

       D.     Giuffre Is Not Liable for Alleged Publications by Boies in Paragraphs 42.b, c, f, and g. ...........................................................................................................9

II.    Dershowitz Fails To State A Claim for Intentional Infliction of Emotional Distress. ........9

CONCLUSION....................................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                  **Page**

*Biro v. Condé Nast*, 883 F. Supp. 2d 441 (S.D.N.Y. 2012)..........................................................8, 9

*Branca v. Mayesh*, 101 A.D.2d 872 (2d Dep't 1984) ...........................................................................5

*Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019) ................................................................................3, 4

*Capsolas v. Pasta Res., Inc.*, 2013 WL 703670 (S.D.N.Y. Feb 26, 2013) ...........................................5

*D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211 (E.D.N.Y. 2012) ......................................................5

*Doe 1 v. United States*, 411 F. Supp. 3d 1321 (S.D. Fla. 2019) ..........................................................3

*El Greco Leather Prods. Co. v. Shoe World, Inc.*, 623 F. Supp. 1038 (E.D.N.Y. 1985) ............6, 7

*Flomenhaft v. Finkelstein*, 44 Misc. 3d 1215(A) (N.Y. Sup. Ct. 2014)............................................2

*Ford v. Levinson*, 454 N.Y.S.2d 846 (N.Y. App. Div. 1st Dep't 1982) ..........................................7

*Friedman v. Bloomberg, L.P.*, 884 F.3d 83 (2d Cir. 2017)...............................................................4

*Frydman v. Vershlesier*, 172 F. Supp. 3d 653 (S.D.N.Y. 2016) ......................................................5

*Geiger v. Town of Greece*, 311 Fed. App'x 413 (2d Cir. 2009) ......................................................6

*GeigTech E. Bay LLC v. Lutron Elecs. Co.*, 2019 WL 1768965 (S.D.N.Y. Apr. 4, 2019) .........5, 6

*Giuffre v. Maxwell*, 165 F. Supp. 3d 147 (S.D.N.Y. 2016) .............................................................8

*Gonzalez v. Gray*, 69 F. Supp. 2d 561 (S.D.N.Y. 1999)..................................................................7

*Halperin v. Salvan*, 499 N.Y.S.2d 55 (N.Y. App. Div. 1st Dep't 1986) .........................................2

*Hirshfeld v. Daily News, LP*, 703 N.Y.S.2d 123 (N.Y. App. Div. 1st Dep't 2000) .......................10

*Howell v. New York Post Co.*, 81 N.Y.2d 115 (1993) ...................................................................10

*Hudson v. Goldman Sachs & Co.*, 757 N.Y.S.2d 541 (N.Y. App. Div. 1st Dep't 2003)  .................. 4

*In re Wild*, 955 F.3d 1196 (11th Cir. 2020) .............................................................................2, 3, 4

*Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348 (S.D.N.Y. 1998) ...............................................7

*Kelly v. Albarino*, 485 F.3d 664 (2d Cir. 2007) ............................................................................3, 4

*Lacher v. Engel*, 33 A.D.3d 10 (1st Dep't 2006)..............................................................................5

*Lenz v. Young*, 492 Fed. App'x 145 (2d Cir. 2012) .........................................................................8

*Pandozy v. Tobey*, 2007 WL 3010333 (S.D.N.Y. Oct. 11, 2007)....................................................2

*People ex rel. Bensky v. Warden of City Prison*, 258 N.Y. 55 (1932).............................................2

*Rinaldi v. Viking Penguin, Inc.*, 73 A.D.2d 43 (1st Dep't 1980).....................................................1

*Salmon v. Blesser*, 802 F.3d 249 (2d Cir. 2015)............................................................................10

*Simon v. Safelite Glass Corp.*, 128 F.3d 68 (2d Cir. 1997) .............................................................4

*Stuto v. Fleishman*, 164 F.3d 820 (2d Cir. 1999)...........................................................................10

*Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873 (D.C. 1998) ............................1

*Wexler v. Allegion*, 374 F. Supp. 3d 302 (S.D.N.Y. 2019) ..........................................................5, 6

*Williams v. Williams*, 23 N.Y.2d 592 (1969) ...................................................................................5

**Other**

Notice of Withdrawal, in *Edwards v. Dershowitz*, No. 15-000072
   (17th Jud. Cir. Fla. Apr. 8, 2016) ................................................................................................4

The law has erected protections around those who are willing to subject their accusations to the test of the adversarial process. These protections are especially important for victims of sexual assault, who face not only public embarrassment but also the difficulty of bearing the burden of proving something that often comes down to he-said-she-said. Dershowitz seeks to disassemble these protections by pressing claims that uniformly arise from litigation-related conduct by Giuffre and her former counsel, and his reasoning often boils down to the fact that Giuffre claims to be a victim of sexual assault. The Court should reject this perverse logic and dismiss his claims.

## ARGUMENT

### I. Dershowitz Fails To State Claims for Defamation.

Dershowitz disavows any intent to state claims based on the generic allegations in paragraphs 35–37, 40, and 43, *see* Opp'n at Tab A, leaving the specific allegations in paragraphs 3, 6, 18, 20, 37–42. He fails to state claims based on the alleged statements, save the one in 42.a.[1]

#### A. Dershowitz's Claims Based on Paragraphs 3, 6, 18, and 20 Are Time-Barred.

Dershowitz's defamation claims based on the statements described in paragraphs 3, 6, 18 and 20 are time-barred. Mot. at 7–8. Dershowitz argues that these statements are "actionable because [Giuffre] published additional related allegations" within the limitations period. Opp'n at 11. Although a republication may create a new cause of action in its own right, Doc. 67 at 16, it does not *revive* a time-barred cause of action based on the original statement. *See Rinaldi v. Viking Penguin, Inc.*, 73 A.D.2d 43, 45 (1st Dep't 1980), aff'd 52 N.Y.2d 422 (1981)*; see also Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 882 (D.C. 1998). Dershowitz's claims must therefore be limited to the two occasions on which Giuffre allegedly republished her CVRA filing to the press, AC ¶¶ 37–38, 41, and those two alleged republications must be analyzed under

---

[1] This memorandum relies on the abbreviations used in Giuffre's Mem. in Support of Mot. To Dismiss, Doc. 137 (June 15, 2020) ("Mot."). Dershowitz's opposition, Doc. 145 (July 2, 2020) is cited herein as "Opp'n."

1

the fair report privilege. *See infra* Part I.B.2.

### B. The Alleged Statements in and About Court Filings Are Privileged.
#### 1. *The CVRA Filings Are Privileged Under the Litigation Privilege.*

In any event, Giuffre's CVRA filings are privileged because they were pertinent to the proceeding in which they were filed. Although courts have sometimes described the pertinence requirement as a "malice" exception, Opp'n at 3 n.1, it is, unlike the "malice" inquiry that qualifies other forms of immunity, a question of law in New York. *People ex rel. Bensky v. Warden of City Prison*, 258 N.Y. 55, 60 (1932).[2] The privilege is lost "only when the language used goes beyond the bounds of reason and is so clearly impertinent and needlessly defamatory as not to admit of discussion." *Id.* at 59. The CVRA plaintiffs had challenged a non-prosecution agreement ("NPA") that granted Epstein "and any coconspirators" immunity from prosecution, and complained that "prosecutors worked hand-in-hand with Epstein's lawyers . . . to keep the NPA's existence and terms hidden from victims," *In re Wild*, 955 F.3d 1196, 1199 (11th Cir. 2020).[3] The gravamen of Epstein's criminal conduct was that "he either sexually abused [minor girls] himself, gave them over to be abused by others, or both." *Id.* at 1198. In relevant part, Giuffre described how Epstein required her to have sex with Dershowitz, who later represented Epstein in negotiating the NPA. AC Ex. A at 4. In other words, she described how she was victimized by the criminal conduct at issue in the proceeding and how she might illuminate two extraordinary features of the NPA: its grant of immunity to unnamed co-conspirators and its secrecy.

---

[2] One decision arguably recognizing a true malice limitation on the litigation privilege has been criticized as contrary to New York law as enunciated by New York's highest court. *Pandozy v. Tobey*, 2007 WL 3010333, at *2 (S.D.N.Y. Oct. 11, 2007) (discussing *Halperin v. Salvan*, 499 N.Y.S.2d 55 (N.Y. App. Div. 1st Dep't 1986)). "When it is cited"—including in the case Dershowitz cites for its continued viability, Opp'n at 3 n.1—"it is distinguished." *Flomenhaft v. Finkelstein*, 44 Misc. 3d 1215(A) (N.Y. Sup. Ct. 2014).

[3] At the time Giuffre moved to intervene, the court had held that CVRA rights had attached in the Epstein investigation. *In re Wild*, 955 F.3d at 1198, 1201.

Judge Marra's decision to strike Giuffre's CVRA filings in part under Rule 12(f) does not strip them of their privileged status. Despite the Second Circuit's hypothetical dictum that striking a pleading under Rule 12(f) is equivalent to making a "determination that permits a defamation action under the common law," *Brown v. Maxwell*, 929 F.3d 41, 53 n.47 (2d Cir. 2019), Judge Marra's determination does not match the determination needed to negate the litigation privilege. "[A]ny matter which, *by any possibility, under any circumstances, at any stage of the proceeding, may be or may become material or pertinent* is protected by an absolute privilege *even though such matter may be ineffectual*" for the purpose for which it is submitted. *Kelly v. Albarino*, 485 F.3d 664, 666 (2d Cir. 2007) (summarily adopting district court's reasoning) (emphasis added). By contrast, Judge Marra found only that "*[a]t this juncture in the proceedings*, [the] lurid details [in the CVRA filings] are unnecessary to the determination of whether [Giuffre] should be permitted to join Petitioners' claim that the Government violated [her] rights under the CVRA" because "[t]he factual details regarding with whom and where [she] engaged in sexual activities are immaterial and impertinent to this central claim . . . ." AC Ex. B at 5 (italics added). That Judge Marra did not rule out the "possibility" that there were "circumstances" or "stage[s] of the proceedings" at which Giuffre's submissions might have become "material or pertinent," *Kelly*, 485 F.3d at 666, is demonstrated by the Court's statement that she "is free to reassert these factual details through proper evidentiary proof, should [she] demonstrate a good faith basis for believing that such details are pertinent to a matter presented for the Court's consideration." AC Ex. B at 6. If nothing else, such details could have made up part of a "victim impact statement" at the hearing the government later proposed to remedy its violations of the victims' rights. *Doe 1 v. United States*, 411 F. Supp. 3d 1321, 1325 (S.D. Fla. 2019).

Giuffre's CVRA filings help tell "a tale of national disgrace" about the victims of the

3

crimes committed by Epstein and his co-conspirators, including Dershowitz, and the conduct of the government lawyers who "affirmatively misled" those victims. *In re Wild*, 955 F.3d at 1198. And so in that sense, Giuffre's CVRA filings were "beyond scandalous." *Id.* And while the "scandalous" nature of the crimes committed against Giuffre may be relevant to the issue whether to strike her filings describing those crimes, *see Brown*, 929 F.3d at 51 n.42 (citing *Wine Markets Int'l v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998)), it should not narrow her field for vindicating her rights without fear of a retaliatory suit. The maxim that "[a]ll doubt has to be resolved in favor of the privilege in order that the . . . right of access to the Courts should not suffer," *Kelly*, 485 F.3d at 666, should be no less true for victims of heinous crimes. [4]

### 2. *Section 74 Protects the Alleged Reports of Judicial Proceedings.*

Dershowitz cannot state claims based on the alleged publications in Paragraphs 6, 37, 38–41, and 42.b–g because they are fair and accurate reports of judicial proceedings.[5]

---

[4] Nor does the statement by Brad Edwards and Judge Paul Cassell somehow estop Giuffre from arguing that the filings were "pertinent." *Contra* Opp'n at 5 n.3. As an initial matter, Edwards and Cassell made the statement on their own behalf, *see* Doc. 118, ¶¶ 90–91, so it is not attributable to Giuffre. In any event, and more importantly, there is no "true inconsistency" between the Edwards-Cassell statement and Giuffre's argument that her filings were pertinent, *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 73 (2d Cir. 1997), as a more complete excerpt of the statement reveals:

> [T]he withdrawal of [their summary judgment motion] is not intended to be, and should not be construed as being, an acknowledgement by Edwards and Cassell that the allegations made by Ms. Giuffre were mistaken. Edwards and Cassell do acknowledge that the public filing in the [CVRA] case . . . became a major distraction from the merits . . . by causing delay and, as a consequence, turned out to have been a tactical mistake.

Notice of Withdrawal, *in Edwards v. Dershowitz*, No. 15-000072 (17th Jud. Cir. Fla. Apr. 8, 2016).

[5] To the extent that Dershowitz argues that the alleged publication in paragraph 39 must be analyzed under the pre-litigation privilege instead of the fair report privilege because Giuffre's attorneys allegedly provided Julie Brown with a copy of the complaint in this action before it was filed, Opp'n at 10, he is incorrect. So long as Giuffre made the statements in a court filing, it does not matter whether her attorneys made them to a third party before or after the filing occurred. Section 74 protects them absolutely. *See Friedman v. Bloomberg, L.P.*, 884 F.3d 83, 95 (2d Cir. 2017) (citing *Hudson v. Goldman Sachs & Co.*, 757 N.Y.S.2d 541 (N.Y. App. Div. 1st Dep't 2003)). Giuffre does not take the position Dershowitz attributes to her, Opp'n at 8 n.13, that Section

4

First, Dershowitz's allegations do not bring his defamation claims within the "narrow" scope of the *Williams* exception, *D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211, 218 (E.D.N.Y. 2012). *See Williams v. Williams*, 23 N.Y.2d 592 (1969). Mere allegations of malice are not enough to invoke the exception, else the absolute privilege that Section 74 confers on "any person" would become a qualified one for litigants and their counsel. *Id.* at 597 (acknowledging that Section 74 extends an absolute privilege to "all persons"); *see also Branca v. Mayesh*, 101 A.D.2d 872, 873 (2d Dep't 1984) (declining to apply *Williams* in a way that would cause "Section 74 [to] extend only to persons disinterested in the lawsuit which was being reported, a premise inconsistent with the broad terms of the statute"). Rather, the complainant must *plausibly* allege that the action was brought "maliciously and *solely* for the purpose of later defaming the complainant." *Wexler v. Allegion*, 374 F. Supp. 3d 302, 312 n.8 (S.D.N.Y. 2019) (emphasis added); *see also Capsolas v. Pasta Res., Inc.*, 2013 WL 703670, *3 (S.D.N.Y. Feb 26, 2013).

This is a high bar: where, for example, another judge had "dismissed [a] lawsuit but ruled against the imposition of sanctions," a court found "sufficient basis on which to conclude"—as a matter of law—"that the lawsuit was not an objective sham filed for the sole purpose of disseminating false allegations to the public." *Frydman v. Vershlesier*, 172 F. Supp. 3d 653, 673 (S.D.N.Y. 2016). The inference that a lawsuit was brought for the sole purpose of defamation is also unjustified where the plaintiff vigorously prosecutes her claims, thereby subjecting them to the rigors of the adversarial process. *Compare Lacher v. Engel*, 33 A.D.3d 10, 14 (1st Dep't 2006) (a lawsuit was not a sham because the plaintiff opposed a motion to dismiss), *with GeigTech E. Bay LLC v. Lutron Elecs. Co.*, 2019 WL 1768965 (S.D.N.Y. Apr. 4, 2019) (allegation that party

---

74 protects every statement that is at some point repeated in a judicial proceeding. But so long as the publication is "of [a] judicial proceeding"—as copies of pleadings surely are—it does not matter that it was made before the judicial proceeding it describes.

5

withdrew patent claim on eve of claim construction deadline sufficient to invoke *Williams*).

Although Dershowitz formulaically alleges that Giuffre acted "for the purposes of publicly disseminating libelous statements about Dershowitz via media statements," AC ¶ 46, he does not allege that this was her "sole" purpose. And if he had, the allegation would not be remotely plausible. Having made the CVRA filings, Giuffre had no need to file her complaint in this action if her sole purpose was to defame Defendant. "In any event, the record belies the notion" that Giuffre brought the CVRA motion and this action "maliciously and for the sole purpose of defaming" Dershowitz, *Wexler*, 374 F. Supp. 3d at 312 n.8. Giuffre pressed her CVRA motion even under threat of sanctions from Dershowitz, AC Ex. B, and reiterated her claims in this action after the alleged extortion motive abated, AC ¶ 23. Moreover, the Court's rulings on Dershowitz's motion to dismiss and Giuffre's motion to amend, Docs. 67 & 115, show that Giuffre has "plausibly alleged multiple claims." *Wexler*, 374 F. Supp. 3d at 312 n.8. *Williams* does not apply.

Second, the statements are "substantially accurate" reports of the underlying proceedings because they do not "suggest more serious conduct than that actually suggested in the official proceeding." *Geiger v. Town of Greece*, 311 Fed. App'x 413, 417 (2d Cir. 2009) (summary order) (quotation marks omitted). Dershowitz argues that Boies's statement that "[t]his Olga woman doesn't exist [because] Epstein's barely kept women around who were over 25," AC ¶ 42.d, impermissibly embellished the allegation that Dershowitz "also lied by saying that he 'never' got a massage from anyone" and then revised his story to admit that "he had one massage . . . with an adult woman," Compl. ¶ 66 & article cited therein. Providing a name for the "adult woman" from whom Dershowitz claims he received his lone massage does not "suggest more serious conduct than what is alleged"—namely, that Dershowitz lied about his awareness of and involvement in Epstein's conduct. *See, e.g.*, *El Greco Leather Prods. Co. v. Shoe World, Inc.*, 623 F. Supp. 1038,

6

1043 (E.D.N.Y. 1985); *Ford v. Levinson*, 454 N.Y.S.2d 846, 848 (N.Y. App. Div. 1st Dep't 1982). Dershowitz likewise fails to explain why Boies's characterization of Dershowitz's "pattern of attacking every lawyer who has represented women who have accused him of sexual abuse" embellishes on bar complaint proceedings that both constitute and describe Dershowitz's repetitive bar attacks, Doc. 36-12 (Decl. of David Boies). *See, e.g.*, *Gonzalez v. Gray*, 69 F. Supp. 2d 561, 570 (S.D.N.Y. 1999). The remaining statements are also substantially accurate reports.

### C. The Alleged Statements in Paragraphs 39 and 42.b, c, d, f, and g Are Constitutionally Protected Opinions.

Dershowitz cannot state claims based on the statements of opinion in paragraphs 39 and 42.b, c, d, f, and g. Dershowitz seems to concede that Giuffre's statement that her "complaint calls for the accounting to which" she is "entitled," AC ¶ 39, is not capable of defamatory meaning.[6] His concession is correct. This leaves Boies' statements in paragraph 42, which are not actionable.

Dershowitz answers his own claims by highlighting factual elements of the statements, Opp'n 15–16, for the First Amendment protects "a statement of opinion that is accompanied by a recitation of the facts on which it is based." *Id.* Of course, if the disclosed facts are false, then the statement may be actionable, *Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 377 (S.D.N.Y. 1998), but the factual bases of Boies' statements are either privileged or not alleged to be false: The factual bases of Boies' opinion that Dershowitz is desperate to distract from the accusations against him, AC ¶¶ 42.b[7] and g—namely, the existence of accusations and Dershowitz's conduct

---

[6] Dershowitz instead focuses on Giuffre's statement that her complaint "shows [that her] abusers have sought to conceal their guilt behind a curtain of lies." AC ¶ 39. Giuffre does not seek to defend this statement as one of opinion, but instead as a privileged report of her complaint.

[7] Dershowitz is correct that Giuffre did not initially argue that the statement in paragraph 42.b is privileged under Section 74. But to the extent that Dershowitz seeks to recover on the ground that a disclosed factual basis of the opinion—the *existence* of accusations from which one would wish to distract—is false, the Court should also dismiss because the statement contains a fair and accurate report of the accusations.

7

in response to them—are not alleged to be false and are, moreover, privileged characterizations of judicial proceedings. When Boies characterized the "facts" and "evidence" from which he opined that Dershowitz wished to distract, AC ¶ 42.c, he also offered a privileged report of judicial proceedings. Boies likewise characterized judicial proceedings when he disclosed the factual basis of his opinion that Dershowitz is "lying" in paragraph 42.f: that Dershowitz had publicly declared his desire to subject Giuffre's accusations to the adversarial process but then moved to dismiss those claims. AC Ex. O. What is more, Dershowitz nowhere alleges that this characterization, as distinguished from the opinion Boies draws from it, is false. Finally, the Amended Counterclaims do not contradict the factual basis of Boies' opinion that "Olga . . . is a figment of Alan's imagination"—namely, that "Epstein's barely kept women around who were over 25," AC ¶ 42.d.

Boies' statements that Dershowitz is lying are distinguishable from Maxwell's statements that Giuffre is lying. *See* Opp'n at 16, nn. 22 & 24. Because Maxwell had personal knowledge concerning the truth or falsity of Giuffre's accusations against her, Maxwell's denials necessarily implied "facts separate and contradictory to those that" Giuffre alleged. *See Giuffre v. Maxwell*, 165 F. Supp. 3d 147, 152 (S.D.N.Y. 2016). By contrast, Boies' opinions that Dershowitz is lying do not imply first-hand knowledge but rather disclose factual bases that are privileged and, in any event, not even alleged to be false. Dershowitz argues that the statements necessarily imply undisclosed facts because Boies was Giuffre's attorney, and that they were "calculated to communicate a simple factual falsehood: that Dershowitz had sex with Giuffre." Opp'n at 17. But attorneys' comments on litigation are routinely found to be opinion, even though attorneys usually know more about a case than they disclose in comments to the press, and even though their opinions usually imply a position on an underlying factual dispute. *See, e.g.*, *Lenz v. Young*, 492 Fed. App'x 145, 147 (2d Cir. 2012) (summary order); *Biro v. Condé Nast*, 883 F. Supp. 2d 441,

8

462–63 (S.D.N.Y. 2012).

### D. Giuffre Is Not Liable for Alleged Publications by Boies in Paragraphs 42.b, c, f, and g.

Dershowitz has not alleged facts sufficient to establish Giuffre's vicarious liability for the statements set forth in paragraphs 42.b, c, f, and g. Even as Giuffre's lawyer, Boies does not speak on her behalf every time he answers a media inquiry.[8] In some of the articles Dershowitz collects, Boies is speaking in defense of interests other than Giuffre's: namely, his own good name, and that of another client. AC Exs. M, P. Even the statement in 42.b, which refers to Giuffre's accusations, comes from an article focusing on the relationship between Boies and Dershowitz. AC Ex. L; *see also* AC Ex. O. Dershowitz has not plausibly alleged that these statements were made on Giuffre's behalf. Recall that the statements concerning this case will be actionable *only* if Dershowitz can establish that Giuffre's filings were made "maliciously and *solely* for the purpose of later defaming" Dershowitz. *See supra* Part I.B.2. He proposes to do so by proving that Giuffre did not name him as one of her abusers until she retained Boies, Opp'n at 9, at which point she "succumbed to 'pressure' from her lawyers to falsely accuse Dershowitz in order to extort money from a billionaire." Opp'n at 4. These fantastical allegations are flatly inconsistent with the notion that Giuffre is a principal who may be liable for the bad acts of her agents. *See also* Opp'n at 10 ("Giuffre's attorneys were clearly acting beyond their capacities as lawyers and instead as self-interested participants in the litigation."). In his effort to overcome one obstacle to stating a claim, Dershowitz runs headfirst into another.

## II. Dershowitz Fails To State A Claim for Intentional Infliction of Emotional Distress.

Dershowitz cannot salvage his IIED claim because it merely duplicates his defamation

---

[8] Giuffre denies neither that a principal may be held liable for the statements of her agent, nor that Boies sometimes acted as her agent. She denies that Dershowitz has plausibly alleged that Boies acted as her agent in making the statements for which Dershowitz would hold Giuffre liable.

claims. *Salmon v. Blesser*, 802 F.3d 249, 256 (2d Cir. 2015). While distinct conduct might support an IIED claim, Opp'n at 18–19, Dershowitz has not adequately alleged that Giuffre inflicted emotional distress on him by means other than her alleged publications. True, Dershowitz alleges in a conclusory fashion that Giuffre "harass[ed]" and "intimidat[ed]" him, AC ¶ 53, but he has not identified acts of harassment or intimidation *apart* from Giuffre's alleged statements to third parties. It follows that any damages he claims for IIED are likewise traceable to the conduct underlying his defamation claims. It also follows that his claim must fail because the conduct on which it is based is privileged. *See supra* Part I.B.

Moreover, Defendant has not pleaded conduct "sufficiently 'extreme and outrageous' to meet the stringent New York standard." *Stuto v. Fleishman*, 164 F.3d 820, 828 (2d Cir. 1999). The decades-old cases Dershowitz cites, Opp'n at 19–20, have no force because they were not decided under Rule 8, *e.g.*, *Halperin*, 499 N.Y.S.2d at 58, and conflict with the now-settled rule that mere defamation cannot support an IIED claim, however heinous the accusation, *compare e.g.*, *Hirshfeld v. Daily News, LP*, 703 N.Y.S.2d 123, 124 (N.Y. App. Div. 1st Dep't 2000) (murder-for-hire). Scrubbed of the gloss Dershowitz applies, the alleged conduct in this case consists of filing pleadings, discussing proceedings with the media, and privately investigating related allegations. If such commonplace litigation conduct "go[es] beyond all possible bounds of decency," *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993), merely because the content of the accusations is salacious, then victims of sexual assault would face an added burden from speaking out: vulnerability to claims not actionable against victims of other types of wrongful conduct. That is not the law.

## CONCLUSION

For the reasons set forth above, the Amended Counterclaims apart from the defamation claim based on the statement alleged in paragraph 42.a should be dismissed, with prejudice.

10

Date: July 16, 2020				Respectfully submitted,

						s/ Charles J. Cooper
						Charles J. Cooper*
						Michael W. Kirk
						Nicole J. Moss*
						Haley N. Proctor*
						COOPER & KIRK PLLC
						1523 New Hampshire Ave. NW
						Washington, DC 20036
						(202) 220-9600
						*Admitted PHV

						*Attorneys for Plaintiff Virginia Giuffre*

# APPENDIX A

*\* Revised in light of Dershowitz's opposition.*

| Paragraph of Counterclaims Setting Forth Allegedly Defamatory Statement | Ground(s) for Dismissal |
|---|---|
| Paragraph 3 | Statute of Limitations<br>Litigation Privilege |
| Paragraph 6 | Statute of Limitations<br>Litigation/Fair Report Privilege |
| Paragraph 18 | Statute of Limitations<br>Litigation Privilege |
| Paragraph 20 | Statute of Limitations<br>Litigation Privilege |
| Paragraph 35 | *Dershowitz does not seek to state a claim based on this paragraph.* |
| Paragraph 36 | *Dershowitz does not seek to state a claim based on this paragraph.* |
| Paragraph 37, *Miami Herald* article | Litigation/Fair Report Privilege |
| Paragraph 37, *New Yorker* article | *Dershowitz does not seek to state a claim based on this portion of the paragraph.* |
| Paragraph 38 | Litigation/Fair Report Privilege |
| Paragraph 39 | Litigation/Fair Report Privilege<br>Opinion (in part) |
| Paragraph 40 | *Dershowitz does not seek to state a claim based on this paragraph except as to example.*<br>Litigation/Fair Report Privilege (as to example) |
| Paragraph 41 | Litigation/Fair Report Privilege |
| Paragraph 42(b) | *Litigation/Fair Report Privilege*<br>Opinion<br>No Vicarious Liability |

A-2

| | |
|---|---|
| Paragraph 42(c) | Litigation/Fair Report Privilege |
| | Opinion |
| | No Vicarious Liability |
| Paragraph 42(d) | Litigation/Fair Report Privilege |
| | Opinion |
| Paragraph 42(e) | Litigation/Fair Report Privilege |
| Paragraph 42(f) | Litigation/Fair Report Privilege |
| | Opinion |
| | No Vicarious Liability |
| Paragraph 42(g) | Litigation/Fair Report Privilege |
| | Opinion |
| | No Vicarious Liability |
| Paragraph 43 | *Dershowitz does not seek to state a claim based on this paragraph.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that the foregoing was served upon all counsel of record using the CM/ECF system.

s/ Charles J. Cooper
Charles J. Cooper*
COOPER & KIRK PLLC
1523 New Hampshire Ave. NW Washington, DC 20036
(202) 220-9600
*Admitted PHV

*Attorney for Plaintiff Virginia Giuffre*
