| | | |
|---|---|---|
| **COOPER & KIRK, PLLC**<br>1523 New Hampshire Ave, N.W.<br>Washington, DC 20036<br>(202) 220-9600 | **TODD & WELD LLP**<br>One Federal Street<br>27th Floor<br>Boston, MA 02110<br>(617) 720-2626 | **AIDALA, BERTUNA & KAMINS, PC**<br>546 Fifth Avenue<br>6th Floor<br>New York, NY 10036<br>(212) 486-0011 |

July 29, 2020

**VIA ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Giuffre v. Dershowitz*, **Case No 19-cv-3377-LAP**
     Joint Status Report Pursuant to ECF No. 152

Dear Judge Preska:

  Pursuant to Your Honor's Order dated July 22, 2020 (ECF No. 152), the parties hereby jointly report to the Court on the status of their discussions concerning Defendant's request that Plaintiff produce to him confidential discovery materials and sealed filings from the *Giuffre v. Maxwell* matter.

  Counsel for both parties held a meet and confer on July 27, 2020. In advance of that meet and confer, and to facilitate a meaningful discussion, Defendant requested that Plaintiff's counsel supply an inventory of all confidential discovery materials and sealed filings from *Maxwell* in their possession. Plaintiff's counsel supplied such an inventory, but withheld from it the names of several deponents whose identities they do not believe they can disclose without permission of the Court due to the Protective Order in *Maxwell*. The parties hereby request that the Court allow Plaintiff's counsel to disclose to Defendant's counsel the names and identities of all deponents in the *Maxwell* case for whom Plaintiff has a deposition transcript, so that Defendant's counsel can properly assess and articulate the relevance of the discovery provided by those individuals.

  In addition, the parties note that there remains substantial confusion regarding whether certain documents are properly subject to the *Maxwell* Protective Order. For example, the transcripts of the depositions of witnesses including James Austrich, Tony Figueroa, Sky Roberts, Brittany Henderson, and Juan Alessi do not bear confidential designations, yet the parties in *Maxwell* submitted excerpts from these transcripts under seal as part of the (now-unsealed) summary judgment record in *Maxwell*. The parties ask that the Court confirm that, under the terms of the *Maxwell* Protective Order, deposition transcripts and other documents not designated confidential on their face are not subject to the Protective Order and may be freely disclosed and produced to Defendant.

| | | |
|---|---|---|
| **COOPER & KIRK, PLLC**<br>1523 New Hampshire Ave, N.W.<br>Washington, DC 20036<br>(202) 220-9600 | **TODD & WELD LLP**<br>One Federal Street<br>27th Floor<br>Boston, MA 02110<br>(617) 720-2626 | **AIDALA, BERTUNA & KAMINS, PC**<br>546 Fifth Avenue<br>6th Floor<br>New York, NY 10036<br>(212) 486-0011 |

**Plaintiff's Position:**

As Plaintiff has previously informed the Court, Plaintiff has no objection to producing to Defendant any materials from the *Maxwell* matter the Court deems are relevant and should be produced. *See e.g.* D.E. 141. Plaintiff believes this can be accomplished by running keyword searches through the confidential materials in Cooper & Kirk's possession for Defendant's name and producing the corresponding pages or materials. Plaintiff is otherwise willing to consider any other suggestions that Defendant may have for identifying potentially responsive materials. While Plaintiff does not join Defendant's position on relevancy, at this stage of proceedings, Plaintiff does not object to producing the items in Appendix A of Defendant's July 10, 2020 letter to the Court on relevancy grounds, and will produce whatever materials and information the Court permits. Plaintiff, however, reserves the right to object on burden grounds to specific proposals for identifying and producing information covered by Appendix A.

**Defendant's Position:**

Plaintiff's counsel made clear that they have no objection to producing any of the *Maxwell* confidential materials or sealed filings in their possession so long as the Court deems them relevant and grants them permission to do so. Accordingly, and reserving all rights pending the disclosure of the identities of additional third parties as discussed above, Defendant's counsel requests that at a minimum, Plaintiff's counsel should be allowed to produce to Defendant all categories of documents listed on Appendix A of Defendant's July 10, 2020 letter to the Court (ECF No. 150),[1] all of which are directly relevant on their face to the claims and defenses in this action. Should the Court allow this request, Defendant's counsel will supply a list of search terms which Plaintiff's counsel can run against its database of confidential *Maxwell* materials to capture responsive documents.

Given that the Court has previously expressed reservations about Defendant's intention to take discovery into Plaintiff's accusations against other prominent men, Defendant specifically addresses that request here. As an initial matter, it is important to note that we are presently dealing only with the discoverability, not admissibility, of evidence (the latter of which Defendant will address at a later date based upon a full discovery record). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff does not object on relevance grounds to producing any discovery relating to Plaintiff's accusations against other men, which can be produced at the click of a button to the extent it exists among the *Maxwell* confidential materials. The truth or falsity of Plaintiff's accusations against other prominent men is indeed relevant to Plaintiff's credibility, as Your Honor acknowledged in Your July 22 Order (ECF No. 152). The relevance of this discovery is not limited to Plaintiff's credibility, however, but to disproving her

---

[1] For ease of reference, that Appendix A is re-attached to this letter.

| **COOPER & KIRK, PLLC** | **TODD & WELD LLP** | **AIDALA, BERTUNA & KAMINS, PC** |
|---|---|---|
| 1523 New Hampshire Ave, N.W. | One Federal Street 27th Floor | 546 Fifth Avenue 6th Floor |
| Washington, DC 20036 | Boston, MA 02110 | New York, NY 10036 |
| (202) 220-9600 | (617) 720-2626 | (212) 486-0011 |

claim that Professor Dershowitz defamed her by accusing her of lying about numerous prominent men. ECF No. 117 at ¶ 17(p).

Plaintiff has also alleged that Professor Dershowitz was a "co-conspirator" of Jeffrey Epstein and Ghislaine Maxwell, *id.* at ¶¶ 6, 52, and, in essence, that anyone setting foot in any Epstein's residences, including Professor Dershowitz, was effectively put on notice that Epstein was engaged in the sex trafficking of minors. *See id.* at ¶¶ 38, 61-63, 71. The discovery Professor Dershowitz seeks from among the confidential *Maxwell* materials is also relevant to disproving these allegations. Professor Dershowitz has more than satisfied his burden of demonstrating the discoverability of this information.

\* \* \*

Finally,

The parties respectfully request that the Court enter an Order:

(1) Permitting Plaintiff's counsel to disclose to Defendant's counsel the names and identifies of all deponents, subpoena recipients, and affiants in the *Maxwell* case to the extent that information is in Cooper & Kirk's possession;
(2) Permitting Defendant's counsel to disclose to Plaintiff's counsel the nature of any confidential material from the *Maxwell* case that is in Defendant's possession.
(3) Clarifying that deposition transcripts and other documents not designated confidential on their face are not subject to the *Maxwell* Protective Order and may be freely disclosed and produced to Defendant without any restrictions on their use or disclosure.

Defendant, without objection from Plaintiff at this stage, respectfully requests that the Court further enter an Order:

(1) Permitting Plaintiff's counsel to produce all documents responsive to the requests listed in Appendix A.

Respectfully,

| COOPER & KIRK, PLLC | TODD & WELD, LLP |
|---|---|
| /s/ Nicole J. Moss | /s/ Christian G. Kiely |
| Charles J. Cooper* | Howard M. Cooper* |
| Michael W. Kirk | Christian G. Kiely* |
| Nicole J. Moss* | Kristine C. Oren* |
| Haley N. Proctor* | *Admitted Pro Hac Vice |

| **COOPER & KIRK, PLLC** | **TODD & WELD LLP** | **AIDALA, BERTUNA & KAMINS, PC** |
|---|---|---|
| 1523 New Hampshire Ave, N.W. | One Federal Street 27th Floor | 546 Fifth Avenue 6th Floor |
| Washington, DC 20036 | Boston, MA 02110 | New York, NY 10036 |
| (202) 220-9600 | (617) 720-2626 | (212) 486-0011 |

*Admitted Pro Hac Vice
1523 New Hampshire Avenue, NW
Washington, DC 20036
(202) 220-9600
ccooper@cooperkirk.com
mkirk@cooperkirk.com
nmoss@cooperkirk.com

One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com
koren@toddweld.com

AIDALA, BERTUNA & KAMINS, P.C.

__/s/ Imran H. Ansari_____
Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)
Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
iansari@aidalalaw.com
aidalaesq@aidalalaw.com

CC: Plaintiff/Cooper & Kirk P.L.L.C. via ECF

encl. (1)

APPENDIX A

1. All documents concerning Alan Dershowitz.

2. All documents produced, or deposition or written testimony given, by any of Giuffre's family members or boyfriends, including but not limited to Sky Roberts, Anthony Figueroa, and James Michael Austrich.

3. All documents produced, or deposition or written testimony given, by any friends of Giuffre, including Rebecca Boylan and Michael Boylan.

4. All documents produced, or deposition or written testimony given, by any Epstein employees or non-employee staff, including but not limited to Juan Alessi and David Rodgers.

5. All documents produced, or deposition or written testimony given, by Jeffrey Epstein.

6. All documents produced, or deposition or written testimony given, by Sarah Ransome or Maria Farmer.

7. All documents produced, or deposition or written testimony given, by any of the following individuals whom Giuffre has testified she was sexually trafficked to by Epstein:

    a. Prince Andrew

    b. Jean-Luc Brunel

    c. Glenn Dubin

    d. Stephen Kaufmann

    e. Marvin Minsky

    f. George Mitchell

    g. Thomas Pritzker

    h. Bill Richardson

    i. Leslie Wexner

    j. [Redacted]

    k. [Redacted]

    l. [Redacted]

8. All communications between Giuffre, and/or her agents or representatives, and any members of the media.

9. Ghislaine Maxwell's deposition transcripts and exhibits.

10. All documents describing, or photographs, videos, or other media depicting, any of Epstein's properties or airplanes.

11. All flight logs from Epstein's planes.

12. All police reports concerning Giuffre.

13. All emails exchanged between Sarah Ransome and any member of the media, including but not limited to Maureen Callahan of the New York Post.