# Todd & Weld LLP

Howard M. Cooper
E-mail: hcooper@toddweld.com

July 23, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP

Dear Judge Preska:

Pursuant to Local Civil Rule 37.2 and Rule 2.A of Your Honor's Individual Practices, Professor Alan Dershowitz ("Professor Dershowitz") respectfully requests a pre-motion conference with respect to Rule 45 subpoenas (the "Subpoenas) that he served on Leslie Wexner and Wexner's attorney, John Zeiger, on June 8, 2020.[1]

The Subpoenas, attached as Ex. A, seek depositions of Wexner and Zeiger, and the production of a small number of documents directly relevant to the central allegation in this case that Plaintiff falsely accused Professor Dershowitz of sexual abuse as part of a scheme to extort Wexner. Professor Dershowitz's counsel has engaged in an extensive meet and confer process and has offered every courtesy and accommodation to Wexner and Zeiger short of withdrawing the Subpoenas. With Wexner refusing to produce any documents or appear for a deposition, and Zeiger refusing to produce documents or provide testimony absent the entry of an onerous protective order which would severely hamper Professor Dershowitz's ability to use the discovery in this litigation, the parties are at an impasse. By this letter, Professor Dershowitz seeks permission from the Court to file a motion to compel.[2]

Your Honor is already acquainted with the factual allegations of this case as they relate to Wexner. Plaintiff alleges in her Amended Complaint that Dershowitz defamed her by claiming that she committed perjury and that she and her attorneys at Boies Schiller Flexner LLP ("BSF") "hatched a scheme to falsely accuse Dershowitz of sex trafficking as part of a criminal attempt to extort a settlement from another party[,]" namely, Wexner. ECF No. 117 at ¶ 14. Your Honor has recognized that by suing Dershowitz for defamation based on this claim, "Giuffre made the truth of these statements (Dershowitz's ultimate defense on the merits), including the actions and motivations of at least one of [BSF's] attorneys, a necessary—indeed essential—part of the Complaint." ECF No. 67 at 33.

In order to defend himself against Plaintiff's claims, Professor Dershowitz seeks to take discovery from Wexner, and his lawyer who dealt with Giuffre's lawyers, Zeiger, concerning Plaintiff's accusations against Wexner and her counsel's communications with Wexner and Zeiger concerning those accusations.

---

[1] Through their counsel, Marion Little, Wexner and Zeiger accepted service of the Subpoenas on June 8, 2020. Ex. B at 2. Counsel apparently seeks to withdraw his acceptance after Professor Dershowitz would not agree to a Protective Order which would have allowed Wexner and Zeiger veto power over any use of the discovery at issue. Ex. C. at 4.

[2] Although Wexner and Zeiger reside in Ohio, they have previously consented pursuant to Fed. R. Civ. P. 45(f) to have Your Honor resolve any disputes arising from the Subpoenas. Ex. D at 4.



Professor Dershowitz originally issued the Subpoenas to Mr. Wexner and Mr. Zeiger on April 28, 2020, and thereafter commenced a meet and confer process with their counsel, Marion Little (who is Zeiger's law partner), while Wexner's and Zeiger's obligation to formally respond to the Subpoenas was held in abeyance by agreement. On June 8, 2020, at Little's request, Professor Dershowitz revised the Subpoenas to make clear that he was not seeking any attorney-client privileged or work product materials. Little accepted service of those Subpoenas. Ex. B at 2. Those Subpoenas seek the following non-privileged documents from Wexner and Zeiger:

1. All Documents sent or delivered concerning Communications between Wexner or Zeiger and any lawyer representing Giuffre.
2. All Documents sent or delivered concerning Communications between Wexner or Zeiger and any lawyer at Boies Schiller Flexner LLP, concerning any Jeffrey Epstein-related matter.
3. All Documents sent or delivered concerning Communications between Wexner or Zeiger and Bradley Edwards, Paul Cassell, or Stanley Pottinger.
4. All Documents received from Giuffre concerning any accusation by Giuffre that she had sexual relations with Wexner.
5. All Documents concerning any offer, agreement or promise Wexner made to help Epstein accusers – including providing information about Epstein's assets to assist them in collecting judgments – in exchange for not sitting for a deposition in Epstein-related litigations.[3]
6. All documents concerning any confidentiality agreement, settlement agreement, or other contractual agreement of any kind between Wexner and Giuffre or any lawyer for Giuffre.
7. All Documents previously produced by Wexner or Zeiger in *Edwards and Cassell v. Dershowitz*, Case No. CACE 15-000072 (17th Judicial District, Broward County, Florida).
8. All Documents previously produced by Wexner or Zeiger in *Giuffre v. Maxwell.*
9. All Documents previously produced by Wexner or Zeiger in response to any subpoena, whether criminal or civil, in any matter related to Jeffrey Epstein.

By letter dated June 19, 2020, Wexner and Zeiger propounded formal objections to the subpoenas. Ex. E. In essence, they claim that Wexner possess no relevant, non-privileged information, and that all materials and testimony sought from Zeiger are confidential, and will not be produced except pursuant to a draconian protective order of their drafting. They contend that Rule 1.6 of the Ohio Professional Conduct Rules prohibits the disclosure of any information which relates to Zeiger's representation of Wexner, or at least requires that it only be disclosed pursuant to a protective order so restrictive it renders the information all but useless to Professor Dershowitz's defense. The protective order they have proposed would entitle them to indiscriminately designate all documents and deposition testimony as confidential, and then preclude Professor Dershowitz from using that material in Court – even as part of a sealed filing – without their permission. Ex. F. at ¶ 4.

Rule 1.6 of the Ohio Professional Conduct Rules, adapted verbatim from the ABA Model Rules, prohibits a lawyer from revealing confidential information relating to a client representation. Ohio Prof. Cond. Rule 1.6(b)(6). Rule 1.6, however, is not a basis to refuse production in response to a lawful subpoena. By its own terms, Rule 1.6 permits the disclosure of information relating to the

---

[3] This request is based upon an assertion made by Brad Edwards in his book "Relentless Pursuit: My Fight for the Victims of Jeffrey Epstein."



representation of a client in order "to comply with other law or a court order[.]" Ohio Prof. Cond. Rule 1.6(b)(6). "Fed. R. Civ. P. 45 constitutes a 'law' that requires [a subpoenaed attorney] to reveal otherwise confidential, nonprivileged client information, and a subpoena issued under Rule 45 is a court order that compels compliance absent some other valid objection." *F.T.C. v. Trudeau*, 2013 WL 842599, at *4 (N.D. Ill. 2013). *See also S.E.C. v. Sassano*, 274 F.R.D. 495, 497 (S.D.N.Y. 2011).

Even if Rule 1.6 could be interpreted to prohibit a lawyer from producing confidential, but non-privileged information in response to a duly-issued subpoena, Wexner and Zeiger have not explained how the documents sought are properly considered "confidential." The only basis identified in their written objection is that the subpoenas "seek records and information exchanged with the expectation and/or an express or implied agreement of confidentiality" because "[Plaintiff's counsel] Attorney [David] Boies asserts his communications with Attorney Zeiger were confidential." Ex. D at 2. But Boies' recent and convenient assertion – in response to Professor Dershowitz's separate subpoena to BSF (*see* ECF No. 128, p. 2) – that his 2015 correspondence with Zeiger was confidential is at odds with Zeiger's purported understanding that the communications were *not* confidential. In any event, Rule 1.6 is obviously not intended to protect confidentiality asserted by someone other than the lawyer's client. Finally, a claim of confidentiality asserted by Boies, over communications he made in his capacity as counsel for Giuffre, is no basis to withhold those documents from discovery or condition their production on being subject to a protective order, where Giuffre has directly put these matters at issue in this litigation and thereby waived any conceivable confidentiality.[4]

Zeiger and Wexner concede that the discovery sought from Zeiger is relevant to this litigation. Yet, Wexner claims that he possesses no non-privileged information relevant to any claim or defense in this case. To the contrary, the information sought from Wexner goes to the core of Professor Dershowitz's case. It will be key evidence at trial. Wexner has publicly denied having any knowledge of sex trafficking or other illegal activity by Epstein.[5] Through surrogates, he has publicly denied ever meeting Giuffre.[6] Professor Dershowitz is entitled to memorialize these denials on the record in a form that makes them admissible in this litigation.

Wexner and Zeiger further claim the Subpoenas will expose them to duplicative discovery, because the discovery sought is relevant both to this case and the *Boies v. Dershowitz* matter pending in New York Supreme Court, and there is no formal stipulation to consolidate discovery in the two cases. However, Professor Dershowitz has assured Wexner and Zeiger that once a date for the depositions is definitively established, he would formally notice the depositions in both cases.

Finally, Professor Dershowitz has made clear he will take all reasonable measures to accommodate any COVID-19 related concerns, including by conducting the depositions by videoconference on dates which are agreeable to Wexner and Zeiger and their counsel.

Professor Dershowitz respectfully requests that the Court hold a pre-motion conference with respect to this matter so that he may proceed with his motion to compel.

---

[4] Boies further waived any confidentiality by discussing those communications with Dershowitz.

[5] https://www.wexnerfoundation.org/statement-from-les-wexner/

[6] https://www.nytimes.com/2015/12/13/business/alan-dershowitz-on-the-defense-his-own.html

Todd & Weld LLP • Attorneys at Law • One Federal Street, Boston, MA 02110 • T: 617.720.2626 • F: 617.227.5777 • www.toddweld.com



Hon. Loretta A. Preska
July 23, 2020
Page 4 of 4

                Respectfully submitted,

                /s/ Howard M. Cooper
                Howard M. Cooper

cc:     All counsel of record, via email
         Marion H. Little, Esq., via email

Enclosures: Exhibits A - F