# EXHIBIT D

# Kiely, Christian

| | |
|---|---|
| **From:** | Cooper, Howard |
| **Sent:** | Wednesday, July 15, 2020 12:18 PM |
| **To:** | Marion H. Little; Kiely, Christian |
| **Cc:** | Oren, Kristy |
| **Subject:** | RE: From Marion Little re: David Boies v. Dershowitz; Giuffre v. Dershowitz [IWOV-DMS.FID44745] |

Marion –

We disagree. No need for further discussion or debate, especially by email. Let's let the Court decide.

One thing to be clear about, however, we of course remain willing to accommodate any COVID 19 concerns by taking Mr. Wexner and Mr. Zeiger's depositions remotely and at a date and time reasonable suitable to them. We also remain agreeable to a protective order which does not give your clients veto power over whether the discovery can be used by Professor Dershowitz. If you are at all interested in talking further, please let us know. Otherwise, we will proceed with our motion to compel.

My best regards to you,

Howard

---

**From:** Terri Thompson <thompson@litohio.com> **On Behalf Of** Marion H. Little
**Sent:** Wednesday, July 15, 2020 12:11 PM
**To:** Kiely, Christian <ckiely@toddweld.com>; Cooper, Howard <hcooper@toddweld.com>; Marion H. Little <little@litohio.com>
**Cc:** Oren, Kristy <koren@toddweld.com>
**Subject:** RE: From Marion Little re: David Boies v. Dershowitz; Giuffre v. Dershowitz [IWOV-DMS.FID44745]

Please see the attached letter.  There is no valid service of a subpoena.

MHL

---

**From:** Kiely, Christian [mailto:ckiely@toddweld.com]
**Sent:** Monday, July 13, 2020 4:00 PM
**To:** Cooper, Howard; Marion H. Little
**Cc:** Oren, Kristy
**Subject:** RE: From Marion Little re: David Boies v. Dershowitz; Giuffre v. Dershowitz [IWOV-DMS.FID44745] - Wexner, Zeiger and Documents


Marion,

As Howard has indicated, we are now at the point where we are going to need to file a motion to compel.  In your email of June 22, 2020, you indicated it was your preference to litigate the subpoenas in S.D.N.Y. rather than S.D. Ohio.  Can

you please confirm that Mr. Zeiger and Mr. Wexner will consent to jurisdiction in S.D.N.Y for purposes of this motion practice?  We are willing to agree on a reasonable briefing schedule to accommodate any summer vacation plans, etc.

Please let me know.  Thank you.

Regards,
Christian


Christian G. Kiely



Todd & Weld LLP
One Federal Street, Boston, MA  02110
Tel:  617.624.4729   Fax:  617.624.4829
www.toddweld.com


**From:** Cooper, Howard <hcooper@toddweld.com>
**Sent:** Monday, June 29, 2020 5:01 PM
**To:** Marion H. Little <little@litohio.com>
**Subject:** RE: From Marion Little re: David Boies v. Dershowitz; Giuffre v. Dershowitz [IWOV-DMS.FID44745] - Wexner, Zeiger and Documents

Hi Marion –

I wanted to take a few days before responding to your surprising email.  I am not sure where you arrived at the misunderstanding that Alan's "counsel" has disclosed anything improperly, and that is plainly not true.   Nor are we in possession of anything the court did not already order we be provided or which we have appropriately obtained, and there has been no accusation or finding otherwise that I am aware of. That you would rely upon something that you apparently read in a newspaper rather than calling me before sending your email is certainly disappointing especially after our multiple conversations, which I had thought were quite courteous.

You have described for me in detail a half dozen non-privileged, non-work product documents which you have told me are not subject to any confidentiality or other order whatsoever.  The documents include a 2015 letter from BSF which sought to initiate an investigation into Mr. Wexner and his alleged contact with Virginia Giuffre, and Attorney Zeiger's following exchanges with BSF lawyers. You told me that these documents would be produced without objection subject only to a reasonable protective order. You contacted me and asked me to change language in the subpoena to accommodate your concerns to be clear that we were not asking for privileged documents, which we did. You then sent me a proposed protective order which would allow your client to prevent us from using the documents and other discovery in court at all without your approval, and which would render the discovery we seek and which you concede exists unusable as a practical matter. I have repeatedly offered to enter into a Protective order that is standard, including one which would allow for things properly designated confidential because of privacy issues to be filed under seal. Given what I thought was a respectful disagreement over the scope of the protective order, I have offered to keep the documents you told me would be produced as attorneys and clients eyes only until your motion is resolved. In short, I believe and hope that I have extended you every courtesy I can think of, only apparently to now have you accuse my

office of some form of wrongdoing without even picking up the phone to discuss it while you also threaten that you need the power of contempt before you will let us see anything.

I am not looking to get into an argument with you, Marion.  This is very simple. Mr. Wexner and Mr. Zeiger have information which is relevant and discoverable in the lawsuit in which they have been subpoenaed.  We wish to get the documents and to depose Attorney Zeiger and Mr. Wexner.  We had said we would settle upon a schedule cooperatively before you sent your most recent email, and in this regard I had been prepared to extend you every courtesy as well.  However, I am no longer willing to wait until the Fall as a courtesy given the numerous unexpected roadblocks you have created which are not consistent with our discussions. Such a delay is not reasonable or to anyone. As a courtesy, I am letting you know we will be filing a motion to compel shortly.

I remain available to talk if you like and would always prefer to work out any issues by agreement where possible.

Thank you,

Howard

**From:** Marion H. Little <little@litohio.com>
**Sent:** Tuesday, June 23, 2020 3:31 PM
**To:** Cooper, Howard <hcooper@toddweld.com>
**Cc:** Terri Thompson <thompson@litohio.com>; Kiely, Christian <ckiely@toddweld.com>; Oren, Kristy <koren@toddweld.com>; Basaria, Saraa <sbasaria@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>
**Subject:** RE: From Marion Little re: David Boies v. Dershowitz; Giuffre v. Dershowitz [IWOV-DMS.FID44745]

Howard, we will not be releasing the information absent the protective order that contains an enforcement mechanism for seeking contempt of court.  The necessity for this is evidenced by Julie Brown's tweet today reporting that your client's counsel has access to sealed depositions and is disclosing the contents of the same.   Do not know whether that is true, but that is what she is reporting.  mhl

**From:** Cooper, Howard [mailto:hcooper@toddweld.com]
**Sent:** Monday, June 22, 2020 5:49 PM
**To:** Marion H. Little
**Cc:** Terri Thompson; Kiely, Christian; Oren, Kristy; Basaria, Saraa; Imran H. Ansari, Esq.
**Subject:** RE: From Marion Little re: David Boies v. Dershowitz; Giuffre v. Dershowitz [IWOV-DMS.FID44745]


We would not turn the documents over to them (which I assume they already have) unless they agreed.

**From:** Marion H. Little <little@litohio.com>
**Sent:** Monday, June 22, 2020 1:26 PM
**To:** Cooper, Howard <hcooper@toddweld.com>
**Cc:** Terri Thompson <thompson@litohio.com>; Kiely, Christian <ckiely@toddweld.com>; Oren, Kristy <koren@toddweld.com>; Basaria, Saraa <sbasaria@toddweld.com>; Imran H. Ansari, Esq. <iansari@aidalalaw.com>
**Subject:** RE: From Marion Little re: David Boies v. Dershowitz; Giuffre v. Dershowitz [IWOV-DMS.FID44745]

Howard,

Let me think about it. I'm a bit concerned since I would not have an enforcement mechanism. Would the other parties sign off?

-----Original Message-----

From: Cooper, Howard [mailto:hcooper@toddweld.com]
Sent: Monday, June 22, 2020 12:59 PM
To: Marion H. Little
Cc: Terri Thompson; Kiely, Christian; Oren, Kristy; Basaria, Saraa; Imran H. Ansari, Esq.
Subject: Re: From Marion Little re: David Boies v. Dershowitz; Giuffre v. Dershowitz [IWOV-DMS.FID44745]

Marion-

Let's talk when you are done with your PI. Would you consider sending the documents now if we agreed that until the motion is resolved we will keep them attorneys and clients eyes only with all rights reserved?

Thanks.

Howard

Howard M. Cooper

Todd & Weld LLP
One Federal Street
Boston, MA 02110
T: 617-720-2626
F: 617-227-5777
www.toddweld.com

On Jun 22, 2020, at 12:51 PM, Marion H. Little <little@litohio.com> wrote:


Howard,

We do have a couple of documents to produce one the confidentiality objection is resolved. They are not privileged, but they are confidential for the reasons outlined in the objection letter. If your client's position has changed re the protective order we circulated, please let me know and we could seek to have it entered by the Court. I could then forward those materials to you. Otherwise, our motion to the Court will request the issuance of a protective order.

I have a PI hearing this week. I am guessing we are a couple weeks out on the motion. Our preference is to file the motion in SDNY (as opposed to S.D. Ohio), which should simplify things. I assume your client does not object to that approach.

If it is helpful, we could jump on a call late today. Thanks, mhl



From: Cooper, Howard [mailto:hcooper@toddweld.com]
Sent: Monday, June 22, 2020 12:25 PM
To: Terri Thompson
Cc: Marion H. Little; Kiely, Christian; Oren, Kristy; Basaria, Saraa; Imran H. Ansari, Esq.
Subject: RE: From Marion Little re: David Boies v. Dershowitz; Giuffre v. Dershowitz [IWOV-DMS.FID44745]


Marion –

I had understood you would be sending along the small set of documents you described to me, as to which there is no

4

objection in producing. Do you intend to send them? Also, please let me know your timeframe for filing your motion(s).

Thanks and regards,

Howard

From: Terri Thompson <thompson@litohio.com>
Sent: Friday, June 19, 2020 5:09 PM
To: Cooper, Howard <hcooper@toddweld.com>
Cc: Marion H. Little <little@litohio.com>
Subject: From Marion Little re: David Boies v. Dershowitz; Giuffre v. Dershowitz [IWOV-DMS.FID44745]



Terri Thompson
Zeiger, Tigges & Little LLP
41 S. High Street, Suite 3500
Columbus, OH 43215
(614) 324-5065
Email: thompson@litohio.com<mailto:thompson@litohio.com>

_____
This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

_____
This e-mail, and any attachments thereto, is intended only for the addressee(s) named
herein and may contain legally privileged and/or confidential information. If you are not
the intended recipient, you are hereby notified that any dissemination, distribution or
copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have
received this e-mail in error, please immediately notify me by return e-mail and
permanently delete the original and any copy of this e-mail message and any printout
thereof.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service,
we inform you that any U.S. tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of
avoiding U.S. tax penalties.

_____
This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any

5

...

...

dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

---

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.