# EXHIBIT E

ZEIGER, TIGGES & LITTLE LLP

ATTORNEYS AT LAW

TELEPHONE: (614) 365-9900
FACSIMILE: (614) 365-7900

3500 HUNTINGTON CENTER
41 SOUTH HIGH STREET
COLUMBUS, OHIO 43215

WRITER'S DIRECT NUMBER:
(614) 365-4113

June 19, 2020

**Via Email**

Howard M. Cooper, Esq.
Todd & Weld LLP
One Federal Street
Boston, MA 02110
hcooper@toddweld.com

> Re: David Boies v. Alan Dershowitz
> Supreme Court of New York, County of New York
> Case No. 160874/2019 (the "State Action");
>
> Virginia L. Giuffre v. Alan Dershowitz
> U.S. District Court, Southern District of New York
> Case No. 19-cv-3377 (Preska, J.) (the "Federal Action") (collectively, the Federal Action and the State Action are referred to as the "Lawsuits")
>
> Objections to Record Subpoenas Propounded upon Attorney John W. Zeiger and Leslie H. Wexner

Dear Howard:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, we object to the subpoenas issued on June 8, 2020, to Attorney John W. Zeiger and Leslie H. Wexner (the "Subpoenas") seeking records on the following grounds:

1. The Subpoenas seek confidential records and information relating to Attorney Zeiger's representation of Mr. Wexner.[1] Under Rule 1.6(a) of the Ohio Rules of Professional Conduct "[a] lawyer *shall not* reveal information relating to the representation of a client, including information protected by the attorney-client privilege under applicable law…." (Emphasis added.) "Confidential information" under this Rule "is *broader* than simply that information covered by the attorney-client privilege and covers *all 'information* relating to the representation.'" Lamson & Sessions Co. v. Mundinger, 2009 U.S. Dist. LEXIS 37197, at *13 (N.D. Ohio May 1, 2009) (emphasis added). The "presumptive prohibition on the

---

[1] The Subpoenas do not appear to request the production of any privileged materials. However, all rights and objections are reserved as to all privileged materials.

ZEIGER, TIGGES & LITTLE LLP

Howard M. Cooper, Esq.
June 19, 2020
Page 2

>  disclosure of confidential information" under Rule 1.6(a) extends to information the attorney receives from sources outside of the attorney-client relationship such as communications with opposing counsel. See City of Pittsburgh v. Silver, 50 A.3d 296, 301 (Pa. Commw. 2012) (settlement negotiations are protected by Rule 1.6). It includes "all information relating to the representation, *whatever its source*." Ohio Prof. Cond. Rule 1.6, cmt. 3 (emphasis added).

2. The Subpoenas seek records and information exchanged with the expectation and/or an express or implied agreement of confidentiality. We have reviewed some of the correspondence publicly filed and submitted to District Judge Preska in the Federal Action. Attorney Boies asserts his communications with Attorney Zeiger were confidential. [Federal Action, Doc. 128, pg. 2.]

3. Under those limited circumstances where deviation from the "presumptive prohibition" precluding disclosure is permitted under Professional Conduct Rule 1.6, the attorney and the court are duty-bound to protect confidential information from entering the public domain: "If the disclosure will be made in connection with a judicial proceeding, *the disclosure should be made in a manner that limits access to the information* to the tribunal or other persons having a need to know it and *appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable*." Ohio Prof. Cond. Rule 1.6, cmt. 16 (emphasis added). Accord: Spratley v. State Farm Mut. Auto. Ins. Co., 78 P.3d 603, ¶ 22 (Utah 2003) (discussing Utah's version of Rule 1.6 and noting: "[t]he trial court has numerous tools it *must* employ to prevent unwarranted disclosure of the confidential information, including the use of sealing and protective orders, limited admissibility of evidence, orders restricting the use of testimony in successive proceedings, and, where appropriate, in camera proceedings.") (quotation omitted).

    We have previously provided a proposed Protective Order that would allow non-parties responding to discovery to invoke its protection for offered testimony and documents produced. Mr. Dershowitz has rejected this proposed Protective Order, and we understand that he otherwise intends to oppose any confidential treatment of the documents produced in response to the subpoena duces tecum or any testimony solicited in oral depositions except to the extent such information relates to health or financial information. As such, seperate and apart from the instant objections, we intend to move the court for the entry of a standard and customary protective order consistent with those routinely entered in cases pending in the Southern District of New York in comparable type proceedings.

4. The Subpoenas unnecessarily and unreasonably expose the deponents to duplicative discovery. As referenced above, Mr. Dershowitz is a party in two

ZEIGER, TIGGES & LITTLE LLP

Howard M. Cooper, Esq.
June 19, 2020
Page 3

related cases: the State and Federal Actions. We have preliminarily reviewed the Lawsuits and note they overlap in substantial respects, thus exposing non-parties to duplicative discovery in multi-forums. A review of the respective dockets in the Lawsuits reveals no order or stipulation consolidating discovery. We understand that the subpoenas, from the perspective of Mr. Dershowitz, are intended to be for both Lawsuits. However, absent a stipulation from the litigants in the Lawsuits that the requested discovery will, in fact, be consolidated at least as to the deponents, we object that this discovery unreasonably imposes a burden on non-parties.

We further note that, provided that our confidentiality concerns are appropriately addressed either voluntarily by the parties to the Lawsuits or otherwise resolved by the Court, we will make Attorney Zeiger available for oral testimony. Having reviewed the respective pleadings from the Lawsuits, it appears that Attorney Zeiger may possibly have discoverable information that is relevant to either a claim or defense in the Lawsuits and such deposition is proportional to the needs of the Lawsuits.

In contrast, we believe Mr. Wexner has no non-privileged information relevant to a claim or defense on Mr. Dershowitz's allegations of an extortion scheme. As for the remaining allegations in the Lawsuit, we believe Mr. Wexner's deposition would impose an unreasonable burden on him as his testimony would not be relevant and/or proportional to the needs of the Lawsuits and, in fact, is at best merely inadmissible extrinsic, collateral evidence. Having reviewed the transcript of the Rule 26 conference before District Judge Preska, it appears Her Honor shares our view. We thus intend to seek an order precluding his testimony. We previously offered as a compromise to have Mr. Wexner answer written deposition questions, as permitted under Civil Rule 31, but understand this proposal is unacceptable to Mr. Dershowitz, and he will oppose our motion to preclude Mr. Wexner's deposition.

As a final note, Mr. Wexner will be 83 years old and Attorney Zeiger will be 73 years old at the rescheduled deposition dates, they are thus in a heightened-risk category, and their continued health remains paramount. Each of the deponents has followed quarantine practices for the last several months given the current pandemic. Attorney Zeiger and Mr. Wexner, if ordered by the Court, will only be made available for deposition consistent with the then-federal, state, and local health restrictions and best heath practices.

We believe we have conferred in good faith with your offices in an effort to resolve these disputes without court action, and thus intend to certify for purposes of Rule 26 and any applicable local rule that all extrajudicial efforts to resolve these issues have been exhausted. If you disagree and believe additional discussions would be beneficial, please advise and we will schedule a call.

ZEIGER, TIGGES & LITTLE LLP

Howard M. Cooper, Esq.
June 19, 2020
Page 4

Thank you for your attention to this matter.

Very truly yours,

Marion H. Little, Jr.

MHL:tlt:1053-001:860834