

Howard M. Cooper
E-mail: hcooper@toddweld.com

July 31, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   **Re:** *Giuffre v. Dershowitz*, **Case No.: 19-cv-03377-LAP**

Dear Judge Preska:

  Professor Dershowitz respectfully submits this reply to Marion Little's letter dated July 28, 2020, concerning the subpoenas Professor Dershowitz has served upon Leslie Wexner and John Zeiger.

  Mr. Little's letter effectively concedes the relevance and discoverability of the discovery sought by Professor Dershowitz while attempting to make an irrelevant and premature argument as to the potential future admissibility at trial of one portion of that discovery. In doing even that, Little fails even to acknowledge, let alone explain, how the discovery is not tied to the defamatory statements placed at issue by Plaintiff's Amended Complaint, including Professor Dershowitz's alleged libel that Giuffre lied about numerous prominent men, one of whom is Wexner. Little also misses the points that it is neither customary nor usual for Wexner and Zeiger to: (i) condition their compliance with lawful subpoenas (the service of which Mr. Little in fact accepted) on an agreement to treat *all* discovery they provide as confidential regardless of whether Wexner's surrogates have already commented publicly or the subject matter is properly entitled to confidentiality; and (ii) reserve to themselves veto power over whether the materials can be filed with the Court even under seal. Further, Wexner's contention that he possesses no information relevant to any claim or defense in this lawsuit is demonstrably false. Professor Dershowitz addresses these issues in turn.[1]

  1. <u>Confidentiality</u>

  From the beginning of the parties' negotiations, Wexner and Zeiger have taken an extreme view on confidentiality. They have gone so far as to insist that even the subpoenas themselves not be publicly filed to the docket in connection with any motion practice, even though they contain no confidential information. *See* <u>Ex. B</u> to H. Cooper July 23, 2020 Letter. Professor Dershowitz has always made clear that he will agree to a reasonable protective order allowing for the confidential designation of legitimately confidential material, and the filing of such material with the Court under seal (after seeking leave on an assented-to basis). The protective order that Wexner and Zeiger proposed however, would

---

[1] Little's letter incorrectly implies that there are preliminary issues such as "service and venue" which need to be resolved. There are not. Counsel has never faced the issue of a lawyer accepting service and then trying to renege, and Little offers no legitimate or good faith grounds for doing so here. Little likewise does not dispute his prior consent pursuant Fed. R. Civ. P. 45(f) to have Your Honor resolve all disputes arising from the subpoenas, and concedes that Zeiger has since been personally served. Professor Dershowitz notes that in reliance on these agreements, his counsel revised, limited and re-served the subpoenas at Little's request.



allow them to indiscriminately designate all discovery as confidential, and to oppose Professor Dershowitz's filing of that discovery with the Court, *even under seal*.  See <u>Ex. F</u> to H. Cooper July 23, 2020 Letter at ¶ 4.  It is therefore by no means a "routine" protective order as they claim.

Moreover, as to the central documents at issue – Zeiger's correspondence with Boies Schiller Flexner LLP ("BSF") regarding Plaintiff's accusations against Wexner – Zeiger and Wexner continue to assert a bogus claim of confidentiality based on, they say, a position taken by Plaintiff's then-counsel at BSF, even though Plaintiff herself has made clear that she has no objection to Professor Dershowitz taking discovery from Zeiger and Wexner.  *See* July 28, 2020 Letter from Charles J. Cooper.  BSF has also just yesterday told Professor Dershowitz that it is Wexner's and Zeiger's insistence upon confidentiality, not BSF's, that is holding up production of the documents at issue.  Zeiger and Wexner have not even attempted to rebut Professor Dershowitz's challenge to their claim of confidentiality over these communications.  Even putting aside whether they have standing to raise such a claim (which they do not), Zeiger and Wexner cannot seriously continue to rely on a claim of confidentiality made by BSF, in its capacity as counsel for Plaintiff, when Plaintiff herself and BSF have repudiated any such claim.  Wexner and Zeiger and BSF are playing a game in which each side asserts confidentiality over the communications based on a supposed claim made by the other side.  The Court should put an end to this charade and order the communications produced without further delay and without being subject to a protective order.

2. <u>Discoverability of Wexner's Testimony</u>

Wexner and Zeiger dedicate the balance of their letter to arguing that Wexner should not be subject to a deposition because, in their view, his testimony will not be admissible at trial.  In doing so, they ignore that the present dispute concerns not admissibility, but discoverability.  Federal Rule of Civil Procedure Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  This includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Pegoraro v. Marrero*, 281 F.R.D. 122, 127 (S.D.N.Y. 2012) (quoting *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992)).  Indeed, Rule 26 expressly provides that "*[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable*."  Fed. R. Civ. P. 26(b)(1) (emphasis supplied).  "Thus, admissibility is not a prerequisite to discoverability, and the scope of relevance under Rule 26 is broader than under the Rules of Evidence." *In re Initial Public Offering Securities Litigation*, 2004 WL 60290, at *4 (S.D.N.Y. 2004). Professor Dershowitz will address the *admissibility* of testimony obtained from Wexner at the appropriate time, upon a complete discovery record including being able to offer the Court Wexner's actual testimony, as opposed to his lawyer's self-serving characterization of what it will be.  There can be no serious dispute that Wexner's testimony is "relevant" and "discoverable" as those concepts are applied under the Federal Rules of Civil Procedure.  Even Plaintiff agrees that Wexner possesses relevant, discoverable evidence at the "heart" of this litigation, and she likewise intends to pursue discovery from him.  *See* July 28, 2020 Letter from Charles J. Cooper.

Professor Dershowitz reiterates his request that the Court hold a pre-motion conference with respect to this matter so that he may proceed with his motion to compel.



Hon. Loretta A. Preska
July 31, 2020
Page 3 of 3

                    Respectfully submitted,

                    /s/ Howard M. Cooper
                    Howard M. Cooper

cc:    All counsel of record, via email
        Marion H. Little, Esq., via email
        Guy Petrillo, Esq., via email