# ZEIGER, TIGGES & LITTLE LLP

ATTORNEYS AT LAW

3500 HUNTINGTON CENTER
41 SOUTH HIGH STREET
COLUMBUS, OHIO 43215

TELEPHONE: (614) 365-9900
FACSIMILE: (614) 365-7900

WRITER'S DIRECT NUMBER:
(614) 365-4113

July 28, 2020

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

    Re: *Giuffre v. Dershowitz*, Case No. 19-cv-3377 (LAP)

Dear Judge Preska:

  We are writing in response to Defendant Dershowitz's correspondence of July 23, 2020. The discovery disputes generally fall into two categories. The first is the manner by which confidential documents and testimony should be produced. We submit discovery should be conducted subject to a protective order. The second relates to the scope of discovery, and specifically whether Defendant, adopting the maxim "falsus in uno, falsus in omnibus," should be permitted to impose an unnecessary burden upon Mr. Wexner and many others for purposes of staging a collateral attack on the credibility of Ms. Giuffre with extrinsic evidence. We submit there is no basis for compelling Mr. Wexner's deposition.

  **A. Defendant's Refusal To Accept Confidential Information Subject To A Protective Order.**

  The subpoenas seek both records and testimony that are confidential under Ohio law, pursuant to a claim of confidentiality by attorney David Boies, and given the private nature of the proposed inquiries. John Zeiger, who is a member of the Ohio Bar and represents Mr. Wexner, is subject to Professional Conduct Rule 1.6(a): "A lawyer *shall not* reveal information relating to the representation of a client, including information protected by the attorney-client privilege under applicable law…." (Emphasis added.) "Confidential information" under this Rule "is *broader* than simply that information covered by the attorney-client privilege and covers *all 'information* relating to the representation.'" Lamson & Sessions Co. v. Mundinger, No. 4:08-CV-1226, 2009 WL 118217, at *5 (N.D. Ohio May 1, 2009) (emphasis added). See Hustler Cincinnati, Inc. v. Cambria, No. 1:11-CV-718 2014 WL 347021 11760, at *9 (S.D. Ohio Jan. 30, 2014) (same). The "presumptive prohibition on the disclosure of confidential information" pertains to all information concerning the representation, "*whatever its source*." Ohio Prof. Cond. Rule 1.6, cmt. 3 (emphasis added); Restatement (Third) of the Law Governing Lawyers, § 59 cmt. b (duty of confidentiality "covers information gathered from any source, including sources such as third persons whose communications are not protected by the attorney-client privilege").

The Honorable Loretta A. Preska                    ZEIGER, TIGGES & LITTLE LLP
July 28, 2020
Page 2

   To be clear, we have never asserted that this Rule or any other considerations serve as a basis for refusing to produce non-privileged documents.  However, where "the disclosure will be made in connection with a judicial proceeding, _[the law dictates] the disclosure should be made in a manner that limits access to the information_ to the tribunal or other persons having a need to know it and _appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable_."  Ohio Prof. Cond. Rule 1.6, cmt. 16 (emphasis added).  Defendant scoffs but his view does not trump the law, the privacy rights of non-parties, or the confidentiality agreement asserted by Mr. Boies.  [R-128, at 2]

   We have attempted to reasonably resolve these (and other discovery) issues to no avail.  While Defendant's positions have vacillated, ranging from insisting on no protective order to offering a perfunctory one of no applicability, Defendant has consistently stated his desire to publicly publish his discovery results for his press battle.  We submit Defendant's position imposes an unreasonable burden on non-parties, as measured by any standard.  This Court has expressed concerns as well.  [R-144]  As a result, we tendered a protective order that is unremarkable.  It allows a non-party to designate materials as confidential; the Court serves as the final arbiter if a dispute exists; and leave must be sought to file any materials under seal, which is required by Rule 2(H)(2) of your Honor's Rules of Individual Practice.  [Exh. A]  Thus, if the discovery information is truly relevant to Dershowitz's position, he will have the information available.  A protective order only renders discovery "useless," as Defendant asserts, for his media campaign.  While much more could be said in support given the particulars of this case, especially given the admissions made by Defendant in his July 27 correspondence to this Court (which we will address in our July 31 correspondence), we submit our approach is both fair and, unfortunately, necessary.[1]

   **B.**  **<u>Defendant Impermissibly Seeks To Depose Mr. Wexner.</u>**

   Subject to a protective order and COVID-19 considerations, _we are producing all documents_ responsive to the subpoenas and _making Mr. Zeiger available for deposition_.

---

[1]  Defendant's letters offers several unfortunate misstatements as to the timing and actual service of the subpoenas to create a misleading narrative.  Page limitations permit only brief comment.  Defendant represents he originally issued the subpoenas on April 28, 2020.  But he omits that he did not serve such subpoenas on that date.  Rather, based upon representations Defendant made as to the timing of any deposition, Mr. Little accepted service on June 8, 2020, subject to reservation of all objections, which he timely made on June 19.  [Exh. B; see also Exh. C]  However, after securing this courtesy, Defendant reneged on his representations, thereby voiding the terms of acceptance.  Contrary to Defendant's statement to the Court, this had nothing to do with the issue of a protective order, particularly as the parties already had reached an impasse on the issue of the protective order and we advised we intended to seek relief from this Court.  Defendant knows service is lacking, and thus proceeded to serve Mr. Zeiger on July 22, 2020, but has not successfully served Mr. Wexner.  Thus, there are preliminary issues such as service and venue, which are hereby reserved.

The Honorable Loretta A. Preska                         ZEIGER, TIGGES & LITTLE LLP
July 28, 2020
Page 3

Defendant's Counterclaim includes the contention that Ms. Giuffre defamed him as part of a scheme orchestrated by Mr. Boies to extort monies from wealthy men.  While many of these are discovery subjects that should be, in the first instance, explored with Ms. Giuffre and Mr. Boies, Mr. Zeiger did have communications with Mr. Boies and can readily confirm that: no extortion demand was ever made, no settlement was entered into, and not a penny (or other consideration) was ever paid.  Just the opposite is true for Mr. Wexner, however.  He had no involvement, and thus lacks any personal knowledge relating to, Defendant's so-called "Extortion Claim."  Mr. Boies, who is in the midst of litigation with Defendant, can readily confirm Mr. Wexner's lack of involvement without burdening a non-party.

Indeed, Defendant has candidly conceded the sole purpose for Mr. Wexner's deposition is to collaterally attack, with extrinsic evidence, Ms. Giuffre's credibility.  Defendant contends that Wexner and other's denials of an inappropriate relationship show Ms. Giuffre's propensity to lie or misremember, and thus she must have lied or misremembered in accusing him of sexual misconduct.  On several occasions, this Court has already expressed concerns with Defendant's stated strategy and proposed far-ranging discovery from non-parties.  [R-96; R-152]  It has for good reason.  Evidence Rule 608(b) prohibits the offering of extrinsic evidence to attack a witness' credibility.  Such propensity testimony is also inadmissible under Rule 404(a)(1): "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."  If such evidence were permitted here, the resolution of the parties' claims would involve a series of mini-trials where the jury, in order to resolve the disputes Defendant seeks to interject, would be forced to render de facto verdicts as to non-parties not before the Court and who are not presenting their case.

Yet, in an effort to limit our unnecessary involvement in Defendant's litigation (including motion practice before this Court), we offered to have Mr. Wexner answer a written deposition question, as permitted under Civil Rule 31, confirming his lack of any relationship whatsoever with Ms. Giuffre.  Defendant steadfastly refused this offer and demands a mini-trial.  He seeks to videotape the deposition of Mr. Wexner, take advantage of his credibility, interrogate him as to Ms. Giuffre, and then use that video testimony to challenge the video testimony of Ms. Giuffre with a side-by-side comparison (although Ms. Giuffre has already stated Defendant mischaracterized her statements).  [R-141]  It makes good theater, but is not relevant here.  As the Court recently observed, the "central factual issue is the case is quite simple:  did the parties have intimate contact or not."  [R-152]   The discovery sought from Mr. Wexner is "fairly far afield from the main issue in this litigation."  [Id.] It imposes an unreasonable burden on a non-party in violation of Rule 45, particularly where Defendant unnecessarily subjects others to discovery in multiple forums without having, first, accomplished such basic tasks as consolidating discovery and securing a protective order to facilitate non-party discovery.  Allowing him to pursue motion practice compounds the resulting burden occasioned by his failure to proceed appropriately under Rule 45 and without regard to the proportionality requirement of Rules 26 and 403.

The Honorable Loretta A. Preska  
July 28, 2020  
Page 4

ZEIGER, TIGGES & LITTLE LLP

Respectfully submitted,

*/s/ Guy Petrillo*                       */s/ Marion H. Little, Jr.*

Guy Petrillo                              Marion H. Little, Jr. (Ohio Bar # 0042679)  
PETRILLO KLEIN & BOXER LLP

cc:      All counsel of record, via email