# EXHIBIT A

# ZEIGER, TIGGES & LITTLE LLP

TELEPHONE: (614) 365-9900
FACSIMILE: (614) 365-7900

ATTORNEYS AT LAW
3500 HUNTINGTON CENTER
41 SOUTH HIGH STREET
COLUMBUS, OHIO 43215

WRITER'S DIRECT NUMBER:
(614) 365-4113

May 29, 2020

**Via Email**

Howard M. Cooper, Esq.
Todd & Weld LLP
One Federal Street
Boston, MA 02110
hcooper@toddweld.com

> Re: <u>David Boies v. Alan Dershowitz</u>
> Supreme Court of New York, County of New York
> Case No. 160874/2019 (the "State Action");
>
> <u>Virginia L. Giuffre v. Alan Dershowitz</u>
> U.S. District Court, Southern District of New York
> Case No. 19-cv-3377 (Preska, J.) (the "Federal Action") (collectively, the Federal Action and the State Action are referred to as the "Lawsuits")

Dear Howard:

We are enclosing a proposed form of protective order for your review.

If such a protective order is in place, it will allow us to produce the documents responsive to your proposed subpoena and make Attorney John Zeiger available to testify at a mutually agreeable date.

As you may know, under Rule 1.6(a) of the Ohio Rules of Professional Conduct, lawyers are not permitted to reveal information relating to the representation of a client. This prohibition is broader than simply information protected by the attorney-client privilege--it covers all confidential and non-public information relating to the representation. Where information relating to a representation is to be disclosed as part of a judicial proceeding, the disclosure needs to be made in a manner that limits public access to the information. This is one of the reasons necessitating the protective order.

We would appreciate your review and comments.

Very truly yours,

*/s/ Marion H. Little, Jr.*

Marion H. Little, Jr.

Enclosure
MHL:tlt:1053-001:859002

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VIRGINIA L. GIUFFRE, | : | |
| | : | Case No. 1:19-cv-03377 |
| Plaintiff, | : | |
| | : | Judge Preska |
| v. | : | |
| | : | |
| ALAN DERSHOWITZ, | : | |
| | : | |
| Defendant. | : | |

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which may improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, **IT IS ORDERED:**

1. This Protective Order shall govern the production, disclosure, dissemination, exchange and use of all documents, information, or other things, responses to interrogatories, responses to requests for admission, responses to subpoenas, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations, and portions thereof produced, given, or exchanged by and among all parties and non-parties in the course of the above-captioned proceeding (the "Proceeding") ("Discovery Materials").

2. A party, person, or entity receiving Discovery Materials from another party, person, or entity shall use such Discovery Materials solely for purposes of preparing for and conducting litigation of the Proceeding. Discovery Materials designated as Confidential shall not be disclosed by a non-designating party except as expressly permitted by the terms of the Protective Order.

3. Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to the Protective Order any information, document, or thing, or portion of any document or thing that contains: (a) information that relates to efforts to comply with statutory or judicial regulations (regardless of whether such information is protected by the attorney-client privilege); (b) information concerning private facts or information which, if publicly disclosed, would serve to embarrass a party or third party; (c) disclosure of information prohibited by non-disclosure agreement(s) with third parties that is not (i) generally available to the public or in the public domain or (ii) independently known to the receiving party; or (d) information a party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Protective Order, who produces or discloses any Confidential material,

1

including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential") at the time of its production.

4. This Order does not authorize filing protected materials under seal. No Discovery Material designated as Confidential may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the necessity and legal basis for filing under seal.

5. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

>   a. The parties;
>
>   b. The parties' legal counsel (partners, employees, legal assistants, paralegals, secretarial and clerical employees);
>
>   c. Any deponent or witness may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in or may have relevant knowledge with respect to the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;
>
>   d. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and
>
>   e. Such other persons as may be designated by order of the Court.

6. Confidential material shall be used only by individuals permitted access to it under Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of Confidential material of a party or third party to this action, such party or third party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5 (a), (b), (c), (d), and (e) above and the deponent during

these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 6 (a), (b), (c), (d), and (e)) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order. The portions of a transcript designated as Confidential shall not be filed under seal absent the further order of this Court.

8. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

> a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

> b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with the Court's published Individual Procedures, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality, which shall at all times remain the burden of the designating party.

9. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or information, it may do so only after giving notice to the producing party and as directed by the Court.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after

disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

11. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.  If a party decides to add a designation to any document previously produced without designation, or to withdraw the designation on any document previously produced, the designating party shall produce to each receiving party substitute copies of such documents bearing the appropriate designation, if any.  Each receiving party shall use reasonable efforts to substitute the later produced documents for the previously produced documents, and destroy or return to the designating party the previously produced documents and all copies thereof.

12. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

13. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

14. No receiving party shall produce Confidential material to third parties unless a request is made in accordance with applicable discovery rules and/or pursuant to a subpoena, court order, or other compulsory process, or any request for production is received from any governmental agency or other self-regulatory organization, purporting to have authority to require the production thereof.  In the event that a receiving party receives such a request, subpoena, order or other compulsory process commanding the production of Confidential material, the receiving party shall, to the extent permissible by law and the rules, requirements or requests of any relevant governmental or self-regulatory organization, promptly (a) make a timely objection to the production of the Confidential material on the grounds that production is precluded by this Protective Order; (b) notify the designating party of the existence and general substance of each such request, subpoena, order, or other compulsory process, including the dates set for the production, no later than three (3) business days after the receipt of such request, subpoena, order or other compulsory process; (c) furnish the designating party with a copy of the document(s) that the receiving party received that memorialized the request, subpoena, order, or other compulsory process, no later than three (3) business days after the receipt of such request, subpoena, order or other compulsory process; and (d) not interfere with the designating party's response or objection to any such request, subpoena, order, or other compulsory process.  The receiving party shall be entitled to comply with the request, subpoena, order or other compulsory

process except to the extent that (i) the designating party is successful in timely obtaining an order modifying or quashing the request, subpoena, order, or other compulsory process, or (ii) the receiving party is on notice that an application for such relief is pending; provided that the receiving party shall in all events be entitled to comply with the request, subpoena, order or other compulsory process to the extent required by law and the rules, requirements or requests of any relevant governmental or self-regulatory organization.

15. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material as well as excerpts, summaries and digests revealing Confidential material that do not constitute attorney work product. Counsel may retain complete copies of all work product, transcripts, and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

16. The Court retains jurisdiction even after final disposition of this proceeding to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

IT IS SO ORDERED.


Dated: _____        _____
                                     United States District Judge