# EXHIBIT C

## ZEIGER, TIGGES & LITTLE LLP

TELEPHONE: (614) 365-9900
FACSIMILE: (614) 365-7900

ATTORNEYS AT LAW
3500 HUNTINGTON CENTER
41 SOUTH HIGH STREET
COLUMBUS, OHIO 43215

WRITER'S DIRECT NUMBER:
(614) 365-4113

July 10, 2020

**Via Email**

Howard M. Cooper, Esq.
Todd & Weld LLP
One Federal Street
Boston, MA 02110
hcooper@toddweld.com

> Re: <u>David Boies v. Alan Dershowitz</u>
> Supreme Court of New York, County of New York
> Case No. 160874/2019 (the "State Action");
>
> <u>Virginia L. Giuffre v. Alan Dershowitz</u>
> U.S. District Court, Southern District of New York
> Case No. 19-cv-3377 (Preska, J.) (the "Federal Action") (collectively, the Federal Action and the State Action are referred to as the "Lawsuits")

Dear Howard:

We are writing in response to your email of June 29, 2020. The delay in our response was caused by the two in-court preliminary injunction hearings the undersigned has tried within the last seven days, with a third scheduled this upcoming Monday.

At the outset, we note that your email appears to be an effort to rewrite both the context and content of our discussions. We assume that your client is driving this new position, but we are obviously obligated to respond directly through you.

To be clear, our position on this matter has been consistent throughout. Although you incorrectly state the amount of documents, we have previously confirmed for you that in response to a subpoena we would have certain non-privileged, but otherwise confidential, information responsive to your client's subpoena. We have never suggested or indicated that such records would be released without the benefit of a protective order. To the contrary, the Ohio Code of Professional Responsibility, as outlined in our prior correspondence, requires that we affirmatively seek to secure a protective order before the production of such information. We have cited for you this mandatory rule. We have cited for you the case law. In response to both, you have offered nothing.

**EXHIBIT C**

ZEIGER, TIGGES & LITTLE LLP

Howard M. Cooper, Esq.
July 10, 2020
Page 2

In our initial discussion, you represented that the parties to the case were developing a proposed protective order, which a review of the docket reveals never occurred. Later, you communicated your client's position that a protective order would only be acceptable to him in the most limited of circumstances, namely the protection of tax information and health information. We disagreed and tendered a protective order for your review and consideration. There is nothing extraordinary about the protective order. It is, quite frankly, fairly customary and standard for this type of litigation and this form has been filed in countless federal proceedings.

We believe District Judge Preska will agree. Having reviewed the July 1, 2020 Order issued in the Federal Action, it appears that the Court does not share your client's view as to the scope or import of protective orders. For example, the Court commented: "The Maxwell Protective Order . . . is unremarkable in form and function," and then discussed its basic elements. The protective order we tendered for your review contains these same elements and serves the same basic purpose.

Your email suggests that your client is changing his position and is more flexible than previously represented as to the scope of the protective order. If this is true (as it should be), we invite you to return a redline copy of the protective order we tendered to you. We are not, however, prepared to speculate and guess as to your client's position on any given day.

We have been equally clear as to the scope of permissible discovery. We have agreed to make Attorney Zeiger available for deposition given that he arguably has discoverable information. While we believe the information is unfavorable to your client's claims, we are prepared to make Attorney Zeiger available for your examination so that you can confirm this as well. In contrast, we have repeatedly advised that Mr. Wexner does not have any non-privileged personal information relevant to the purported conspiracy theory narrative outlined in your client's amended counterclaim in the Federal Action. And what other information he may possess, is simply collateral, extrinsic evidence of no admissibility or, quite frankly, import to the claims of these cases. On this point as well, District Judge Preska's July 1 Order further supports our view that the discovery sought by your client is impermissibly broad, as the Court offered several comments questioning the scope of the discovery pursued by your client.

We have consistently communicated the foregoing positions so that we could identify and narrow those issues that District Judge Preska would be required to consider and resolve. This is, of course, an obligation that all counsel share as part of any extrajudicial dialogue addressing discovery disputes. We had also shared with you our intention to move the Court for a protective order on whatever issues remain unresolved.

Now as for the event presumably prompting your client's most recent position, you inquired whether we would make the requested documents available to both you and your client

ZEIGER, TIGGES & LITTLE LLP

Howard M. Cooper, Esq.
July 10, 2020
Page 3

before the Court's resolution of our motion for a protective order—even though your client had not agreed to a protective order. We responded that we would consider your proposal but we were concerned given the lack of an enforcement mechanism for ensuring compliance with a confidentiality commitment. You responded by noting that you would not share the information with your opponents unless they agreed to maintain the confidentiality of the information, but did not address the lack of an enforcement mechanism. The latter is particularly important as we already have advised you of your client's breach of his confidentiality agreement with Attorney Zeiger—an agreement (and breach) that we have not waived.

We then advised, on June 23, that we would not release the information without the benefit of an enforcement mechanism for seeking a contempt of court citation. The necessity for such protection was made clear by press reports detailing the content of sealed materials purportedly made available to you.

> NEW: Alan Dershowitz's attorney confirms that his client has access to Virginia Giuffre's sealed depositions. Those depositions reveal that she was directed by Jeffrey Epstein to have sex with former Israeli PM Ehud Barak & Victoria's Secret's Les Wexner.
>
> [Julie K. Brown June 23, 2020 Twitter Post.]

District Judge Preska's July 1 Order, at footnote 6, further highlights the necessity for an enforcement mechanism given the public and toxic-fashion in which your client has sought to litigate his disputes with Ms. Giuffre. Those comments need not be repeated here.

Equally troubling is that we have re-reviewed you client's pleading in the Federal Action in light of the foregoing. Paragraph 23 of the Amended Complaint specifically discloses the contents of a "sealed deposition." Is this the same deposition that District Judge Preska ordered released to you with the stipulation that the contents remain sealed? If it is the same deposition, there is compelling reason for the Court to issue a protective order and take such other action as she deems appropriate.

Turning to your threats to proceed with the filing of a Motion to Compel, we do not believe your client has a basis for seeking any relief. However, we assume (and insist) any such motion will be filed consistent with the local rules and in a manner that is consistent with all pending orders and directions by the District Court.

As for your statement that you are no longer willing to wait until the fall for depositions, we offer two points. First, the timing of the depositions is not a choice for you to make. We have already advised that there will be no deposition of Mr. Wexner until the District Judge has

ZEIGER, TIGGES & LITTLE LLP

Howard M. Cooper, Esq.
July 10, 2020
Page 4

resolved the disputes and, in any event, no depositions will occur unless they are done in a manner that does not unnecessarily create health risks given the ages of the deponents. We cite for your benefit the national headlines reporting on the surge of COVID-19 cases and State's re-closings. In our county, for example, Ohio's Governor is issuing an order obligating the wearing of facial coverings. Second, Mr. Zeiger and Mr. Wexner will not compromise their rights in response to your client's threat to make things inconvenient for them.

Moreover, we had accepted service of the subpoenas based upon your representations as to the dates and times of the depositions—your transmittal correspondence confirms the same. Given your client's breach of this agreement, the deponents are relieved from the subpoenas. Your client can re-serve the subpoenas at his pleasure and then we will respond appropriately. Given that your client's entrenched position seems to be diametrically inconsistent with the District Judge's view on this matter, we will be pleased to present these issues to the Court for full consideration and all available relief.

There is another point your client should appreciate. Rule 45 expressly provides for a non-party's recovery of its attorneys' fees where undue burden or expense has been imposed. The following conduct certainly supports recovery of fees: Mr. Dershowitz's game playing of (a) seeking the discovery of confidential information but not agreeing to a protective order; (b) making representations with respect to the service of a subpoena and then reneging on the agreement; and (c) interposing baseless threats in an effort to force a capitulation from a non-party. Each supports an award of all fees and costs.

Very truly yours,

Marion H. Little, Jr.

MHL:tlt:1053-001:864313