August 13, 2020

**SUBMITTED VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY  10007-1312

            Re:     <u>Virginia L. Giuffre v. Alan Dershowitz</u>, Case No. 19-cv-3377

Dear Judge Preska:

     As directed by this Court's order of August 11, counsel for Plaintiff Virginia Giuffre, Defendant Alan Dershowitz, and Non-Parties Messrs. Zeiger and Wexner conducted a telephonic conference to discuss the parties' discovery, or anticipated discovery, to the Non-Parties.

     **A.**     **Document Discovery.**

     Mr. Dershowitz has issued a record subpoena to the Non-Parties.  Ms. Giuffre has not and does not intend to issue a record subpoena to the Non-Parties but does request that she be provided any documents produced at the same time they are produced to Mr. Dershowitz.  The Non-Parties intend, and are prepared, to produce documents responsive to the record subpoenas subject to this Court's issuance of a Protective Order, and within 14 days of the issuance of such Protective Order.

     **B.**     **Form Of Protective Order To Be Issued.**

     Plaintiff and Non-Parties are in agreement to the issuance of a Protective Order that would be applicable to the information and testimony elicited from the Non-Parties.   The Non-Parties previously tendered a proposed form of Order. [R-159-1]  This standard and customary form of order allows the Non-Parties to designate materials as confidential, such as information deemed confidential under the Code of Professional Responsibility.  It includes a standard mechanism for the Court to resolve any challenges as to the propriety of a designation.   It requires that leave is first sought before material are filed under seal, which is consistent with Rule 2(H)(2) of this Court's Rules of Individual Practice and the Second Circuit's <u>Maxwell</u> decision.  Defendant's objections, below, to the Protective Order are factually inaccurate, as made clear by the plain language of the proposed Protective Order.

     Mr. Dershowitz disagrees with the proposed form of Order because it would allow the Non-Parties to designate as confidential: i) their communications with Boies Schiller Flexner LLP; ii) Wexner's anticipated testimony denying that he ever met or had any contact with Plaintiff; and iii) other information not properly entitled to confidentiality. Mr. Dershowitz does not oppose a protective order which allows the Non-Parties to designate as confidential health

Hon. Loretta A. Preska
August 13, 2020
Page 2

and financial information, and permits Mr. Dershowitz to: i) file confidential information under seal (after seeking leave of Court on an assented-to basis); and ii) challenge the Non-Parties' designations if warranted.  The problem with the Non-Parties' proposed form of Protective Order is that it allows the Non-Parties to oppose the filing under seal of materials which the Non-Parties designate as confidential even when Mr. Dershowitz is seeking a ruling on whether the subject materials have been appropriately designated as confidential.  As a result, the Court would be asked for a ruling on materials that Mr. Dershowitz cannot show it even under seal.  Such an approach is not consistent with the Second Circuit's <u>Maxwell</u> decision or a typical Protective Order.

### C.     Time And Place Of Mr. Zeiger's Deposition.

Plaintiff, Defendant, and Non-Parties have agreed to identify a mutually acceptable date within 60 days of the Court's entry of a Protective Order, for the socially-distanced deposition of Mr. Zeiger via Zoom or other comparable means.

### D.     Consolidated Discovery.

Pending in state court is the action <u>David Boies v. Alan Dershowitz</u>, Supreme Court of New York, County of New York, which involves claims paralleling those in this case. Discovery has not been consolidated in, or yet coordinated between, these two cases.  Defendant notes that the initial "Preliminary Conference" in the state court action, during which an initial discovery schedule will be set, was calendared as recently as August 11, 2020, for August 18, 2020.

Non-Parties contend this exposes them to duplicative discovery and motion practice as to the scope of discovery, and thus the scope and terms and conditions of discovery should be resolved in the one forum where such issues have been joined: this Court. The Court has jurisdiction over the common party in these two proceedings, Mr. Dershowitz.

Non-Parties submit this issue remains unresolved and ripe for the Court's consideration. Defendant has not resolved this issue, and his proposal, wherein he would not commit to a position until after this Court rules on the discovery disputes, is unacceptable.

Defendant is willing to confer with the Non-Parties, and the Parties in both this action and the state court action, in the preparation of a stipulation that will adequately address the coordination and consolidation of the discovery to be taken from the Non-Parties.

### E.     Deposition Of Non-Party Leslie Wexner.

Plaintiff and the Non-Parties agree that no deposition of Mr. Wexner should be permitted. Mr. Dershowitz disagrees.

      We look forward to speaking with the Court further on this matter at the conference scheduled for August 17, 2020.

/s/Charles J. Cooper
Charles J. Cooper*
Michael W. Kirk
Nicole J. Moss*
Haley N. Proctor*
COOPER & KIRK PLLC
1523 New Hampshire Ave. NW
Washington, DC 20036
(202) 220-9600
ccooper@cooperkirk.com
mkirk@cooperkirk.com
nmoss@cooperkirk.com
hproctor@cooperkirk.com
*Admitted PHV

*Attorneys for Plaintiff Virginia Giuffre*

/s/ Howard M. Cooper
Howard M. Cooper
Kristine C. Oren
Christian G. Kiely
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
koren@toddweld.com
ckiely@toddweld.com

/s/ Imran H. Ansari
Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)
Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor
New York, NY 10036
T: 212-486-0011
iansari@aidalalaw.com
aidalaesq@aidalalaw.com

*Attorneys for Defendant Alan Dershowitz*

/s/ Guy Petrillo
Guy Petrillo
PETRILLO KLEIN & BOXER LLP
655 Third Avenue
22nd Floor
New York, NY 10017
(212) 370-0331
Email: gpetrillo@pkbllp.com

*Attorney for Non-Parties
John W. Zeiger and Leslie Wexner*

/s/ Marion H. Little, Jr.
Marion H. Little, Jr. (Ohio Bar # 0042679)
ZEIGER, TIGGES & LITTLE LLP
41 S. High Street, Suite 3500
Columbus, OH 43215
(614) 365-9900
little@litohio.com

*Attorney for Non-Parties
John W. Zeiger and Leslie Wexner*

Hon. Loretta A. Preska
August 13, 2020
Page 4

## CERTIFICATE OF SERVICE

I, Christian G. Kiely, hereby certify that on this 13th day of August, 2020, a copy of the foregoing was sent via email to all counsel of record listed as registered participants on the Notice of Electronic filing.

/s/ Christian G. Kiely
Christian G. Kiely