

Todd&Weld LLP

Howard M. Cooper
E-mail: hcooper@toddweld.com

**VIA ECF**                                      August 14, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re:   *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
>        **Offer of Proof Regarding Deposition of Leslie Wexner**

Your Honor:

Professor Dershowitz respectfully submits the following Offer of Proof in advance of the telephonic hearing scheduled for Monday, August 17, 2020 at 2:00 pm concerning his deposition subpoenas duces tecum to Leslie Wexner and John Zeiger. Professor Dershowitz will await Monday's hearing to argue based upon the below facts, but for the Court's convenience, he has collected here the relevant facts and supporting materials presently available which support his need to depose Wexner.

                              OFFER OF PROOF

1.  On December 30, 2014, Plaintiff publicly accused Dershowitz of having sex with her when she was a minor and set off a media firestorm. *See, generally,* Amended Counterclaim (ECF No. 127).

2.  Plaintiff, through her counsel at Boies Schiller Flexner, LLP ("BSF"), thereafter contacted Wexner and alleged that she had been sexually trafficked to him by Jeffrey Epstein. *See* Affidavit of Stanley Pottinger (ECF No. 36-7) at ¶ 9, 11 (stating that he informed David Boies in the fall of 2014 that "Mr. Wexner was alleged to have had sex with one or more of Mr. Epstein's girls, including Ms. Giuffre," and BSF thereafter made contact with Wexner); Affidavit of Stephen Zack (ECF No. 36-16) at ¶ 2 (stating that, at the request of Boies, he "sent a letter to Leslie Wexner regarding possible claims against him."); Ex. A, Deposition of Alan Dershowitz, Vol. 6 at 891-93 (stating that "Sigrid McCawley claims that her client, Virginia [Giuffre], alleges that she had sex with Leslie Wexner on numerous occasions.").

3.  Plaintiff and her lawyers have denied they engaged in any effort at all to extort Wexner and have offered their own self-serving versions of their approach of Wexner and subsequent communications with Wexner and his lawyers. *See* Affidavit of Stanley Pottinger (ECF No. 36-7) at ¶¶ 11-12; Affidavit of David Boies (ECF No. 36-12) at ¶ 22; Affidavit of Stephen Zack (ECF No. 36-16) at ¶¶ 2-7.

4.  Wexner's counsel, Marion Little, in a letter to the Court has represented that no extortion attempt was made of his client. ECF No. 159 at 3.

5.  Contrary to Little's representation on behalf of Wexner, however, in a lawfully recorded conversation with Professor Dershowitz which took place in the fall of 2015 (a transcript of



Hon. Loretta A. Preska
August 14, 2020
Page 2 of 3

which is attached hereto as Exhibit B), Zeiger characterized Plaintiff's approach of Wexner as a "shakedown", and repeatedly agreed with Dershowitz's theory that Wexner was the target of an extortion attempt:

| | |
|---|---|
| Zeiger: | There's no question that [there's] allegation[s] -- [of] what I refer to as rendezvous -- and Sigrid was in one call very graphic.  (p. 2) |
| Zeiger: | I think there was a general reference to the type of lingerie and -- and things like that, but no specifics.  (pp. 2-3). |
| Zeiger: | [I]t just seems strange to me that -- that one would go this way, unless your theory is correct.  (p. 9). |
| Zeiger: | *[A]re there any other people out there being shaken down*? (p. 11). |
| Zeiger | [I]t's awfully strange . . . that of all the people around, our client would have been the one -- the only one to be directly approached. |
| Dershowitz: | Well, he has the most money.  I mean he's the pot at the end of the rainbow, obviously.  A lot of advantages in being rich, and maybe some disadvantages. |
| Zeiger: | Yeah. (p. 11). |

    Ex. B (Transcript of telephone call between Dershowitz and Zeiger) at pp. 2-3, 9, 11.

6. Wexner's wife also characterized the episode as a "shakedown" in a direct conversation with Professor Dershowitz, as Dershowitz will testify.

7. After having her lawyers make their initial approach to Wexner, Plaintiff testified under oath that she had been sexually trafficked to Wexner.

8. Professor Dershowitz was informed by Plaintiff's close friend, Rebecca Boylan, that Plaintiff was seeking a billion dollars from a wealthy man in Columbus, Ohio.

    As of now, it is unknown to Professor Dershowitz, beyond the self-serving (and demonstrably untrue) suggestions of counsel for Plaintiff and Wexner that no extortion attempt was made, whether any understanding was reached between Plaintiff and Wexner or, alternatively, if BSF concluded that Plaintiff's sworn accusations against Wexner were not truthful and the matter was dropped.  If the former, and Wexner maintains that the allegations against him were untrue, then what Plaintiff and BSF did was extortion.  If the latter, then Giuffre testified falsely under oath.  Either way, Plaintiff has placed these matters – and Wexner's testimony – directly at issue in her Complaint.



Hon. Loretta A. Preska
August 14, 2020
Page 3 of 3

Respectfully submitted,

 /s/ Howard M. Cooper 
Howard M. Cooper

cc:      All counsel of record, via ECF