LAW OFFICES OF
**Aidala, Bertuna & Kamins, P.C.**

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO
DIANA FABI SAMSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

**VIA ECF**                                                                      August 18, 2020

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Giuffre v. Dershowitz*, **Case No. 19-Civ-3377-LAP**

Dear Judge Preska,

Defendant Alan Dershowitz (hereinafter "Professor Dershowitz") respectfully writes the Court in furtherance of Your Honor's request for the contact information of Hon. Paul A Goetz, J.S.C. who is presiding over the action *Boies v. Dershowitz/Dershowitz v. Boies,* Index No. 160874/2019, Supreme Court for the State of New York, New York County.

While Professor Dershowitz does not object to this Court communication with the State Court to address any administrative and scheduling concerns related to the coordination and consolidation of the discovery taken from non-parties Leslie Wexner ("Mr. Wexner") and John Zeiger ("Mr. Zeiger"), we respectfully request that the substance of all communication between the two Courts be memorialized, and disclosed to counsel, for the benefit of the litigants. Furthermore, Professor Dershowitz respectfully requests that, in the event this Court wishes to discuss the substantive matters related to the non-party discovery in question with the State Court, that such communication be transcribed and on the record, and that counsel be included in that communication, and be permitted to be heard.

There is a practical and substantive import for this request. Ultimately, there will be a "losing party" in the disputes that exists between the parties and non-parties at bar at the trial court level. It is very likely that the "losing party" will in turn appeal, on constitutional and other grounds, and therefore to ensure preservation of a complete appellate record, we request that the communications between the two Courts be memorialized and disclosed to counsel, and if addressing substantive issues, be placed on the record with counsel being afforded the opportunity to be heard.

We further respectfully remind the Court that although there is factual overlap, between the federal and state proceedings, there are also fundamental distinctions that require the sovereignty of the State Court action be maintained. Therefore, rulings, including but not limited to those related to evidentiary issues, relevance, scope of questioning, application of New York law and civil procedure, and the very allowance of the deposition of Mr. Wexner that is still to be decided by this Court, be preserved for the State Court and its independent ruling in that action.

For example, in *Boies v. Dershowitz/Dershowitz v. Boies*, Professor Dershowitz has asserted a counterclaim against David Boies ("Mr. Boies") pursuant to New York Judiciary Law § 487. That cause of action is separate and distinct to those that have been asserted in the S.D.N.Y. In support of that cause of action, Professor Dershowitz asserts:

> *20.     Around the same time that she publicly accused Dershowitz, Giuffre, through her lawyers at BSF, privately made an accusation against Leslie Wexner (hereinafter "Wexner"), the billionaire founder and CEO of L Brands and owner of Victoria's Secret. Boies personally met with Wexner's lawyer in what Wexner's lawyer and wife both described as a "shakedown". Although the statute of limitations had long expired for any legal action against Wexner, Boies and his partner described in detail the alleged sexual encounters between Giuffre and Wexner, including an alleged demand by Wexner that Giuffre wear Victoria's Secret-type lingerie during their encounters.  Such an accusation, if made publicly, could have massively damaged Wexner and his company.  No public accusation against Wexner was ever made.  This means that Wexner either submitted to Giuffre and her lawyers' extortion conspiracy and paid the demanded hush money, or that Boies came to disbelieve Giuffre's claims regarding Wexner (yet has continued to advance her claims despite the knowledge of their falsity). If the latter, the Boies firm suborned perjury when Giuffre later testified under oath in a sealed deposition that she was sexually trafficked to Wexner. This accusation was confirmed by Boies and BSF co-counsel Stanley Pottinger in an affidavit:*

> 9. In the fall of 2014, I asked Mr. Boies if his firm represented, or if he knew, Mr. Leslie Wexner. I told him that in the course of investigating facts related to Mr. Epstein's sex trafficking, Mr. Wexner had been identified as a close business associate and personal friend of Mr. Epstein. I told Mr. Boies that there were assertions that Mr. Wexner had permitted Mr. Epstein to use, and entertain on, Mr. Wexner's Yacht, and that Mr. Wexner was alleged to have had sex with one or more of Mr. Epstein's girls, including Ms. Giuffre.

> ...

> *21.     Despite the allegations against Wexner by their own client Giuffre, Giuffre's attorneys inexplicably pivoted to the opposite, with Giuffre's attorney Edwards even saying Wexner did nothing wrong. Wexner was not alone, upon information and belief, Giuffre's lawyers also approached other wealthy individuals whose alleged misconduct was well beyond the statute of limitations, as part of an extortion and shake down conspiracy.*

> ...

> *50.    As discussed supra, Boies, BSF, their co-counsel, and/or their clients engaged in extortionate conduct with respect to billionaire owner of Victoria's Secret and former Epstein associate, Leslie Wexner. Indeed, on or about December 2014, soon after Boies, BSF and their co-counsel, suborned Giuffre to falsely make a public example out of Dershowitz by falsely naming him as one of the men to whom she was trafficked by Epstein, they reached out to Wexner with a "shakedown", according both Wexner's wife and his counsel, John Zeiger (hereinafter "Zeiger"). The shakedown was premised on allegations by Giuffre against Wexner that were similar in substance to those false allegations she had just publicly made against Dershowitz at the behest of Boies, BSF and their co-counsel: the clear implication was that if Wexner did not pay a settlement, Boies, BSF and their co-counsel, would also name him publicly in court filings alleging that he, too, was one of the men to whom Giuffre was sexually trafficked by Epstein while she was underage. Boies, BSF and their co-counsel, made this settlement demand despite that, as seasoned and well-regarded attorneys, they had reason to know that the claims they were threatening that Giuffre could make against Wexner were barred at the time by the Statute of Limitations.*
>
> *51.    Beyond implicitly threatening that Giuffre could make time-barred claims against Wexner alleging that he had sexual intercourse with Giuffre on multiple occasions while she was underage, Boies, BSF and their co-counsel, further suggested to Zeiger that Giuffre would include a specific detail in her public allegations that Wexner had deliberately instructed her to wear Victoria's Secret products during the sexual encounters she would allege took place between her and Wexner. Both Wexner's wife and Zeiger characterized these overtures for a settlement by Boies, BSF and their co-counsel, as a "shakedown" when they separately recounted same to Dershowitz. Subsequent to shaking down Wexner on time-barred allegations, for reasons unknown, Boies, BSF and their co-counsel, ultimately never made public filings naming Wexner as one of the men to whom Giuffre was sexually trafficked. Boies and BSF's co-counsel Edwards also stated that Wexner did nothing wrong, despite Giuffre's testimony that he did. One can draw a reasonable inference that a settlement was paid under threat of exposure, or, that BSF recognized that Giuffre's allegations were false and lacked credibility, yet continued to press forward with her salacious claims against other prominent men, including Dershowitz.*

The context in which these allegations are made in Professor Dershowitz's Counterclaims against Mr. Boies in the State Court action are broader, in that they establish a pattern of extortive and/or unethical conduct, as alleged by Professor Dershowitz in support of his New York Judiciary Law § 487 cause of action, and are also relevant to the cause of action against Mr. Boies for defamation, and Professor Dershowitz's defense to the claims made against him. Those further allegations of extortive and/or unethical conduct, and the causes of action asserted, are set forth in Professor Dershowitz's Answer with Counterclaims annexed hereto, for the sake of brevity *sans* exhibits, as **EXHIBIT A.**

Likewise, Mr. Boies has asserted in his Complaint against Professor Dershowitz the following:

1

*Defendant has repeatedly asserted that Plaintiff is guilty of an extortion scheme that either extorted or sought to extort (Defendant has said both) money from billionaire Leslie Wexner, and that Plaintiff induced the women who have sworn that Defendant abused them to make up that report as part of that extortion scheme.*

*See,* Mr. Boies' Summons and Complaint is annexed hereto as **EXHIBIT B**.

Indeed, given that Mr. Boies appears *pro se* in the State Court action as it relates to his Complaint, but has been disqualified in this case, Professor Dershowitz asks that particular attention be paid to avoiding any situation where Mr. Boies, or his firm, is effectively acting as counsel in this case.

While the import of the material, necessary, and relevant discovery from the non-parties, Mr. Wexner and Mr. Zeiger, cross jurisdictional lines, there is also a distinction as to how the discovery may be applied to separate and distinct causes of actions and claims, and operative facts upon which those claims, for defamation, intentional infliction of emotional distress, and violations of New York Judiciary Law § 487, are based on, between Mr. Boies and Mr. Dershowitz in State court, and Virginia Giuffre and Mr. Dershowitz in this action. Therefore, while Professor Dershowitz does not object to the consolidation and coordination of the discovery of Mr. Wexner and Mr. Zeiger in both actions, for the sake of efficiency, i.e. the taking of depositions and exchange of document discovery for use in both actions, he does not consent to the *carte blanche* application of rulings in this action to the action pending in State Court, as such would impermissibly impede the independence of the State Court in ruling on issues that, although factually related, are applied to separate and distinct causes of action. *See, e.g.*, Younger v Harris, 401 US 37 (1971)

Wherefore, we respectfully request communication between this Court and the State Court be relegated to administrative and scheduling concerns regarding the coordination of the non-party discovery of Mr. Wexner and Mr. Zeiger and that it be memorialized and disclosed to counsel, and should the Court(s) wish to discuss substantive matters related to the non-party discovery at issue, that the communication be transcribed and that counsel be included and be permitted to be heard.

Respectfully Submitted,

_____/S/_____
Imran H. Ansari

CC:   Counsel of Record via ECF (Giuffre v. Dershowitz, Case No. 19-Civ-3377-LAP)
      Counsel of Record via E-mail (Boies v. Dershowitz/Dershowitz v. Boies, Index No. 160874/2019