ZEIGER, TIGGES & LITTLE LLP

TELEPHONE: (614) 365-9900
FACSIMILE: (614) 365-7900

ATTORNEYS AT LAW
3500 HUNTINGTON CENTER
41 SOUTH HIGH STREET
COLUMBUS, OHIO 43215

WRITER'S DIRECT NUMBER:

(614) 365-4113

August 21, 2020

**SUBMITTED VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

      Re:    <u>Virginia L. Giuffre v. Alan Dershowitz</u>, Case No. 19-cv-3377 (the "Federal Action")

Dear Judge Preska:

      We are writing in response to Defendant's correspondence of August 18, 2020. [R-169.] Just a day earlier, on August 17, Defendant consented on the record to the Court's proposed communication with Judge Paul A. Goetz in <u>David Boies v. Alan Dershowitz</u>, Supreme Court of New York, County of New York Case No. 160874/2019 (the "State Action"). The Court solicited the hearing participants' consent to this approach in response to the concerns expressed by Non-Parties that Defendant's discovery would expose them and others to duplicative, potentially inconsistent, and thus unreasonable discovery. In his August 18 correspondence, Defendant unilaterally retracts the on-the-record consent by now imposing limitations on the scope and effect of such communication, as well as insisting that the respective courts effectively conduct a dual on-the-record hearing with Defendant's participation. At bottom, Defendant now opposes the specific communication he had expressly authorized.

      At the outset, Defendant's current position readily reveals why, even though Non-Parties identified this issue over four months, Defendant refused to secure a stipulation or otherwise make arrangements to avoid exposing the undersigned's clients and other non-parties to duplicative discovery and potentially inconsistent orders. If Defendant is unsuccessful before one court, he simply intends to turn to another, in direct derogation of his obligations under Rule 45 to not impose unreasonable burdens on non-parties.

      Defendant's offered explanations for his change in position are red herrings.

- Defendant suggests constitutional issues are implicated. While an underlying theme of Defendant's discovery narrative is his demand to confront his adversary, this is

ZEIGER, TIGGES & LITTLE LLP

Hon. Loretta A. Preska
August 21, 2020
Page 2

>
> obviously a civil matter and there is no Sixth Amendment right of confrontation implicated. While courts sometimes cite the Sixth Amendment as a reason for flexibility under the evidence rules in criminal trials, such constitutional considerations are not present here.
>
> - Defendant suggests material differences exist between the State and Federal Actions. The only difference is the degree of detail offered in the respective pleadings. Nothing else. The factual issues underlying the parties' legal claims mirror each other: Did extortion occur? Did Defendant have inappropriate contact with Plaintiff?
>
> - Defendant's restatement of its "extortion allegations" only reaffirms the points previously noted by Non-Parties. As Defendant already knows, and can readily confirm from the depositions of Attorney Zeiger, Attorney Boies, and Plaintiff, Mr. Wexner does not possess discoverable information on this subject. Mr. Wexner's deposition is only sought to collaterally attack Plaintiff, nothing else.

Defendant also cites Younger vs. Harris and suggests comity considerations limit this Court's effort to protect non-parties from the unreasonable and burdensome acts of a party. Not so. A district court "is vested with extensive 'discretionary powers to control discovery in order to ensure fairness to both parties'" and non-parties. Hudson v. Hermann Phauter GmbH & Co., 117 F.R.D. 33, 39 (N.D.N.Y. 1987); Fayemi v. Hambrecht & Quist, Inc., 174 F.R.D. 319, 324 (S.D.N.Y. 1997) ("courts necessarily have the inherent equitable power over their own process 'to prevent abuses, oppression and injustices'"). "[A]n … array of weaponry is available when the court exercises its inherent powers to control the discovery process." Briese Lichttechnik Vertriebs GmbH v. Langton, 2011 U.S. Dist. LEXIS 6340, at *28 (S.D.N.Y, Jan. 12, 2011).

Some of these tools are set forth in the Civil Rules themselves. Civil Rule 26(d) allows the court to regulate the sequencing of discovery, and Rule 26(c) expressly empowers the court to issue "an order to protect a party or person from annoyance, embarrassment . . . or undue burden or expense" and such protection may include, but is certainly not limited to, an order (a) "prescribing a discovery method other than the one selected by the party seeking discovery"; and (b) "forbidding inquiry into certain matters, or limiting the scope of . . . discovery to certain matters." Rule 45(d)(3) also empowers the court in this regard.

Although unnecessary for the Court to invoke at this juncture, if necessary the All Writs Act, 28 U.S.C. § 1651, allows the issuance of orders to both parties and non-parties to prevent frustration of a district court's orders. U.S. v. N.Y. Tel. Co., 434 U.S. 159, 174 (1977). Courts have held this Act may be invoked "to prevent predatory discovery, especially of sensitive documents, ensuring that litigants use discovery properly as an evidence-gathering tool, and not as a weapon." Winkler v. Eli Lilly Co., 101 F.3d 1196, 1202 (7th Cir. 1996). In Winkler, the district court issued an injunction under the All Writs Act to enjoin parties to state court

ZEIGER, TIGGES & LITTLE LLP

proceedings to protect its jurisdiction over discovery and to prevent discovery abuses and inconsistent discovery orders.

Similarly, in Blue Cross v. Smithkline Beecham Clinical Labs., Inc. 108 F. Supp. 2d 130 (D. Conn. 2000), after the district court granted judgment to the defendant on all federal and state-law claims, the court enjoined the plaintiffs from further litigating a parallel state court action that had been filed while the federal case was pending. The court held that an injunction was permitted under the Anti-Injunction Act as "necessary and in aid of jurisdiction" given "the intolerable conditions that could ensue from conflicting orders from different courts, including duplicative and inconsistent rulings on discovery disputes." Id. at 137.

As a final example, the court in ONBANCorp, Inc. v. Holzman, 1997 U.S. Dist. LEXIS 9502 (N.D.N.Y., June 27, 1997), held the Anti-Injunction Act did not prevent it from enjoining discovery activities in a parallel state court action while both the federal and state cases were pending. There, the district court enjoined the defendant, and any person acting on his behalf, from taking further discovery in the state proceeding unless and until the state court entered a protective order incorporating the terms of the protective order in the federal action. See id. at *20-27, *30.

Simply put, there are no limitations on the Court's ability to prevent the imposition of unreasonable discovery burdens on Non-Parties and the many others identified in the parties' Rule 26 disclosures. Once it has the benefit of the records and Attorney Zeiger's deposition, the Court can resolve the propriety of Mr. Wexner's deposition. It will not require Defendant's consent to resolve this issue and adopt any restraints that the Court believes should be applied to Defendant's discovery efforts on collateral issues.

Very truly yours,

Marion H. Little, Jr.

cc: Will Piereson, Esq. (via email)
Ms. Megan E. Phillips (via email)
Charles J. Cooper, Esq. (via email)
Michael W. Kirk, Esq. (via email)
Nicole J. Moss, Esq. (via email)
Haley N. Proctor, Esq. (via email)
Howard M. Cooper, Esq. (via email)
Kristine Chappen Oren, Esq. (via email)
Christian Kiely, Esq. (via email)
Guy Petrillo, Esq. (via email)

MHL:tlt:1053-001:870744