

Howard M. Cooper
E-mail: hcooper@toddweld.com

September 23, 2020

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP

Dear Judge Preska:

      Pursuant to Rule 2.A of Your Honor's Individual Practices, Defendant Alan Dershowitz ("Professor Dershowitz"), respectfully requests a pre-motion conference at which he will seek the Court's permission to file a motion to disqualify Plaintiff's lawyers at Cooper & Kirk PLLC ("Cooper & Kirk") from continuing to represent Plaintiff in this action.

      The bases for Professor Dershowitz's motion to disqualify are known to the Court and are the product of the Court's orders restricting his access to the trove of discovery and related materials from the *Giuffre v. Maxwell* case, while leaving those very same materials in the hands of his litigation opponent. To date, the Court has (i) limited Professor Dershowitz's access to those materials solely to items that mention him; (ii) held that Cooper & Kirk's possession of the materials denied to Professor Dershowitz is a violation of the Protective Order in *Giuffre v. Maxwell*; and (iii) ordered Cooper & Kirk to *destroy* those materials in order to eliminate the unfair advantage they afford Plaintiff in this case, but then reversed itself as to the destruction order.[1] The net result of the Court's orders is to leave Plaintiff, whose counsel created this problem, with an extraordinary and unfair advantage in this case which is inconsistent with any notion of due process. Professor Dershowitz submits that Cooper & Kirk must be disqualified and Plaintiff's new counsel must have only the same access he has to the *Maxwell* materials in order to rectify the unfair strategic advantage which Plaintiff currently possesses as a result of her counsel's improper access to the full set of *Maxwell* materials.

      Based on the limited information that can be gleaned from the public record and the heavily redacted index of *Maxwell* discovery materials which Plaintiff has provided, Cooper & Kirk have had the benefit of reviewing, e.g., testimony and documents from Plaintiff's former boyfriends and family members, employees of Jeffrey Epstein, and Ghislaine Maxwell herself. All of this discovery is highly relevant to Professor Dershowitz's defense not just against Plaintiff's false claims of sex with Professor Dershowitz, but also against Plaintiff's broader allegations concerning the circumstances of her time spent with Epstein and against her claims that Professor Dershowitz was a "co-conspirator" of Jeffrey Epstein and Ghislaine Maxwell, Am. Compl., ECF No. 117 at ¶¶ 6, 52, and that guests to Epstein's properties were all on notice that minors were being sexually trafficked there. *See id.* at ¶¶ 38, 61-63,

---

[1] To be clear, Professor Dershowitz does not suggest here in any way that any Court-ordered destruction of documents is proper. It is not. The sole relevance of the Court's prior destruction order is that it recognizes the severe prejudice Professor Dershowitz will suffer by Plaintiff having the *Maxwell* materials while he does not.



Hon. Loretta A. Preska
September 23, 2020
Page 2 of 3

71.  Further, based on recent submissions by John Doe and other anonymous non-parties in the *Maxwell* case, it is evident that Cooper & Kirk have had the benefit of critical discovery concerning individuals whom Plaintiff alleges she was sexually trafficked to by Epstein.  It must be emphasized in this regard that the claimed defamations Plaintiff is suing Professor Dershowitz over are not limited to his denials of her accusations of sexual abuse, but also his statements that she is a "serial liar" who has a "documented history of lying about prominent people."  Am. Compl., ECF No. 117 at ¶ 17(p); ¶ 17(n)(i).

Cooper & Kirk's possession of literally thousands of pages of *Maxwell* discovery materials including deposition transcripts, interview summaries, pleadings, and more, which the Court has found they should never have possessed, is a bell which cannot be un-rung.  Even if they cannot overtly use this material, the Cooper & Kirk lawyers will nonetheless be operating with knowledge of critical information which the Court has already recognized will allow them an unfair strategic advantage in this case.  The Court cannot meaningfully require counsel to unlearn what they have spent the past many months learning.  Professor Dershowitz will have no way of knowing when to object to a question which is asked based upon information which opposing counsel should never have had in this case

While Professor Dershowitz cannot presently know or demonstrate the full extent of the unfair prejudice arising from Cooper & Kirk's improper possession of materials which he does not have access to, that prejudice is far from speculative.  Plaintiff has acknowledged that the allegations of her complaint are in part derived from this material.  In responding to Professor Dershowitz's Rule 34 Requests for Production, Plaintiff objected that she could not produce all documents "concerning [her] allegations in the Complaint in this Action" unless this Court were to grant relief from the *Maxwell* Protective Order.  Exhibit A, at Response No. 2.[2]  Cooper & Kirk have further acknowledged that they intend to re-subpoena material subject to the *Maxwell* Protective Order.  ECF No. 148 at n.2. ("We . . . announced our intention to obtain confidential material anew in discovery so that we could use it in this action.").  But of course, the theoretical opportunity to reobtain the same discovery in this case is not an adequate remedy, because, among other reasons, Cooper & Kirk will know precisely which information to seek and which to avoid, while Professor Dershowitz will be flying blind, not even knowing the identities of many of the third parties who provided discovery in *Maxwell*.  Nor will Professor Dershowitz have the benefit of witnesses' prior testimony from *Maxwell* which Cooper & Kirk will undoubtedly use to their tactical advantage in discovery in this case.

Federal courts have inherent authority to disqualify attorneys in pending litigation when necessary to "preserve the integrity of the adversary process."  *Hempstead Video, Inc. v. Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (internal citation omitted).  Although motions to disqualify are disfavored, this Court has wide discretion to disqualify counsel when the interests of justice so require.  *Cresswell v. Sullivan & Cromwell*, 92 F.2d 60, 72 (2d Cir. 1990).  Professor Dershowitz submits that here, the improper and inequitable imbalance of information which would otherwise taint the discovery and trial of this matter requires that Cooper & Kirk be disqualified.

---

[2] Plaintiff's improper reliance on confidential documents which Professor Dershowitz does not have access to is not limited to the *Maxwell* materials.  Plaintiff has also included in her Amended Complaint allegations based on documents subject to a protective order in yet another case and refused to produce the documents for this reason.  Exhibit A, at Response No. 3.



Although not all information asymmetries require disqualification, courts in this district and elsewhere have recognized that disqualification may be warranted where, as here, opposing counsel has the benefit of confidential discovery from a prior litigation that will not be discoverable in the case at bar. The court in *Tradewinds Airlines, Inc. v. Soros*, 2009 WL 1321695, at *8 (S.D.N.Y. 2009), declined to disqualify counsel for the plaintiff who had knowledge of confidential discovery from the defendant from a prior litigation, but only because, as the court noted, "any attorney representing plaintiff in this case would have access to the information at issue through discovery." Other courts faced with arguments for disqualification based on exposure to confidential discovery in related litigation have similarly recognized that disqualification is not necessary where it is inevitable that all parties and their counsel will gain access to the same discovery in the case at bar. *See Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC*, 542 F.Supp.2d 296, 315 (S.D.N.Y. 2008) (disqualification is not warranted "[i]f a party is capable of securing confidential information by means other than through prior representation"); *DeVittorio v. Hall*, 2007 WL 4372872, at *10 (S.D.N.Y. Dec. 12, 2007) (finding that counsel's exposure to adversary's information, obtained during prior attorney-client relationship, did not create unfair advantage warranting disqualification, in part because "to the extent that information is relevant in the present action it would presumably be discoverable"); *Gen. Am. Commc'ns Corps. v. Rumpf*, 1989 WL 101926, at *4 (S.D.N.Y. Aug. 29, 1989) (declining to disqualify where information shared with attorney "was not necessarily the sort of information that would have been undiscoverable during discovery or even during depositions"). *See also Hu–Friedy Mfg. Co., Inc. v. Gen. Elec. Co.*, 1999 WL 528545, at *2 (N.D. Ill. July 19, 1999) (concluding that plaintiff's counsel "has no unfair advantage in this action due to [her] previous exposure to the confidential information" because "the information [defendant] seeks to prevent [plaintiff's counsel] from using is relevant to this case, and any reasonably competent attorney would routinely obtain it in discovery"). In those cases, one side may have a "head start," but any advantage is equalized in discovery. In contrast, here, this Court has already denied Professor Dershowitz's efforts to obtain discovery of the materials in Cooper & Kirk's possession, thus guaranteeing that Plaintiff will continue to enjoy an unfair advantage unless Cooper & Kirk is disqualified from serving as Plaintiff's counsel in this action.

Professor Dershowitz respectfully requests that the Court hold a pre-motion conference with respect to this matter so that he may proceed with his motion to disqualify.

Respectfully submitted,

/s/ Howard M. Cooper
Howard M. Cooper

cc: All counsel of record, via email

Enclosures: Ex. A