# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

Charles J. Cooper
(202) 220-9660
ccooper@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

September 30, 2020

**VIA ECF**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *Giuffre v. Dershowitz*, Case No. 19-cv-3377-LAP

Dear Judge Preska:

    In accordance with the Court's Order dated September 23, 2020, Doc. 177, I write on behalf of Plaintiff Virginia Giuffre in response to Defendant Alan Dershowitz's letter of the same date requesting a pre-motion conference at which Mr. Dershowitz will seek leave to move to disqualify my firm as counsel for Ms. Giuffre, Doc. 176 ("Letter"). Plaintiff submits that Mr. Dershowitz's proposed motion is without merit, and motion practice would accordingly be a waste of judicial and party resources.

    This is not the first time Mr. Dershowitz has sought leave to move to disqualify Cooper & Kirk PLLC ("Cooper & Kirk") on the ground that Cooper & Kirk possesses information designated "confidential" under the protective order entered in *Giuffre v. Maxwell*, dated March 18, 2016 (Doc. 62 in No. 15 civ. 7433) ("Protective Order"). As we previously explained to the Court, we believed in good faith that we were entitled to possess the confidential information under the terms of the Protective Order, *see* Docs. 148 & 149, a fact that Mr. Dershowitz does not dispute, *see* Doc. 150. Although the Court initially held that Cooper & Kirk was not entitled to possess that information and ordered us to destroy it, Doc. 144, after receiving Mr. Dershowitz's objection and our explanation, the Court ordered us to produce to Mr. Dershowitz material from *Giuffre v. Maxwell* that mentions him, Doc. 174—an order we are in the process of carrying out. Nothing else has changed since Mr. Dershowitz's last request.

    Mr. Dershowitz has offered no new argument and no basis (new or old) to believe he could meet the "high standard of proof" he must meet to disqualify Cooper & Kirk. *Evans v. Artek Sys. Corp.*, 715 F. 2d 788, 791 (2d Cir. 1983). The purpose of disqualification is "to preserve the integrity of the adversary process." *Bd. of Educ. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). "[W]ith rare exceptions disqualification has been ordered only in essentially two kinds of cases: (1) where an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation . . . ." *Id.* (internal citation omitted). This case does not fit into either category, and Mr. Dershowitz identifies no case in which facts similar to those in this case have led to disqualification. To the contrary, the court declined to disqualify in each of the disqualification cases Mr. Dershowitz cites to support his proposed motion. Letter at 3.

September 30, 2020
Page 2

Each case demonstrates that disqualification would likewise be inappropriate here. These cases make two important points that are fatal to Mr. Dershowitz's motion: First, they distinguish between mere *confidential* information, which is otherwise discoverable, and *privileged* information, which is not. *See Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC*, 542 F. Supp. 2d 296, 315 (S.D.N.Y. 2008); *Tradewinds Airlines, Inc. v. Soros*, No. 08-cv-5901, 2009 WL 1321695, at *8 (S.D.N.Y. May 12, 2009); *DeVittorio v. Hall*, No. 07-cv-0812, 2007 WL 4372872, at *10 (S.D.N.Y. Dec. 12, 2007); *Gen. American Commc'ns Corp. v. Rumpf*, No. 83-cv-2308, 1989 WL 101926, at *4 (S.D.N.Y. Aug. 29, 1989). Generally, while possession of privileged information may justify disqualification, possession of confidential information does not. The reasoning behind this distinction is that "[i]f a party is capable of securing confidential information by" other means, then its knowledge of that information by means the adversary believes to be improper does not "taint" the proceedings. *Med. Diagnostic Imaging*, 542 F. Supp. 2d at 315; *see also Hu-Friedy Mfg. Co. v. Gen. Elec. Co.*, No. 99 C 0762, 1999 WL 528545, at *2 (N.D. Ill. July 19, 1999). Mr. Dershowitz has provided no reason to believe that the confidential *Maxwell* materials, having been discovered in the *Maxwell* case, could not also be discovered in this case. True, the Court has declined to authorize Ms. Giuffre to forward Ms. Maxwell's entire production to Mr. Dershowitz, Letter at 3, but both Ms. Giuffre and Mr. Dershowitz could serve a subpoena upon Ms. Maxwell demanding the same documents. Second, two of the cases distinguish between mere *knowledge* of confidential information and its use. *Tradewinds Airlines*, 2009 WL 1321695, at *7; *Hu-Friedy Mfg. Co.*, 1999 WL 528545, at *2. The courts found unpersuasive the argument that mere knowledge of confidential information from a prior proceeding gave counsel an unfair advantage in a subsequent proceeding. *Id.*; *see also Tradewinds Airlines*, 2009 WL 1321695, at *8.

There is another problem with Mr. Dershowitz's argument: each of the cases on which he relies involved efforts to disqualify counsel that possessed confidential information *provided by the movant*. They therefore offer no guidance on the weight that should be given Mr. Dershowitz's primary complaint, which is not (as in those cases) that Cooper & Kirk *possesses* information it received from him, but instead that Mr. Dershowitz *does not possess* the same information. His motion is, in many ways, the inverse of those he cites for support, and the "unfair advantage" of which he complains is nothing more than the asymmetry of information that always exists in our adversarial system. For example, as Mr. Epstein's lawyer, confidant, and longtime friend, Mr. Dershowitz possesses a world of knowledge that is beyond Ms. Giuffre's grasp unless we as her counsel are provided in good faith with all documents and complete answers by Mr. Dershowitz in response to properly formulated discovery requests based on our own imperfect knowledge. Like any litigant, including Mr. Dershowitz, Ms. Giuffre must be satisfied with the protection that the Federal Rules of Civil Procedure provide her, including that Mr. Dershowitz must properly and fully disclose any information upon which he intends to rely to support his claims and defenses. Disqualifying an attorney based on the sort of "unfair advantage" of which Mr. Dershowitz complains would radically rewrite the rules of the game. Indeed, as Mr. Dershowitz pointed out in his previous pre-motion letter, disqualifying Cooper & Kirk does not end his (imagined) troubles, as Ms. Giuffre will unavoidably retain knowledge of the confidential *Maxwell* materials. *See* Doc. 146. Would he have her self-censor communications with her next counsel to omit knowledge she obtained from

September 30, 2020
Page 3

confidential *Maxwell* materials? Would he have her go unrepresented to handicap her for her legitimately obtained informational advantage?[1]

In any event, the Court's order has largely corrected any informational asymmetry by requiring Ms. Giuffre to produce to Mr. Dershowitz most of the portions of the *Maxwell* materials in Cooper & Kirk's possession that refer to Mr. Dershowitz. Mr. Dershowitz speculates that there may be relevant material outside the scope of the Court's order, but the evidence he cites does not support that speculation. *See* Letter at 2. Indeed, Ms. Giuffre expressly qualified the discovery response upon which he relies: "Plaintiff's willingness to . . . produce materials from the *Giuffre v. Maxwell* matter should not be construed as an agreement that any of the . . . materials are relevant." Letter Ex. A, at 7.[2] In any event, the Court has now granted Ms. Giuffre leave to disclose the material that is most likely to be relevant: namely, most of the material mentioning Mr. Dershowitz. It is true that Mr. Dershowitz has demonstrated an interest in obtaining discovery about other men who participated in Ms. Giuffre's trafficking, but the Court has repeatedly admonished the parties that it considers those issues to be far afield. Docs. 152, 174. Thus, even if these informational asymmetries could not be corrected through independent discovery, which there is no evidence they cannot, Mr. Dershowitz has fallen short of the "high standard of proof" required for disqualification.

Motions to disqualify are disfavored because they interfere with "a client's right freely to choose his counsel," "are often interposed for tactical reasons," and "inevitably cause delay." *Evans v. Artek Sys. Corp.*, 715 F. 2d 788, 791–92 (2d Cir. 1983). Mr. Dershowitz's motion is no different. It would deprive Ms. Giuffre of her counsel of choice for the second time in this litigation, after discovery has been underway for more than a year.[3] And it is difficult to escape the conclusion that Mr. Dershowitz is proposing his motion "for tactical reasons." Although his counsel claims they did not understand that Cooper & Kirk had access to the *Maxwell* materials, Doc. 150, Mr. Dershowitz and his counsel surely knew that Ms. Giuffre's *former* counsel were intimately familiar with those materials, having represented Ms. Giuffre in the *Maxwell* matter since 2015. Yet when Mr. Dershowitz moved to disqualify Boies Schiller & Flexner, he did not raise their familiarity with the *Maxwell* materials as a basis for disqualification. He did not do so because he intended to obtain those same materials in discovery. After multiple attempts, his preferred strategy has failed, but the materials are not beyond his reach if he can make a case for discovering them under the normal discovery procedures. Those procedures may be more burdensome than the shortcut Mr. Dershowitz sought to take, but that is no reason to impose upon Ms. Giuffre the monumental burden he proposes.

---

[1] Of course, Mr. Dershowitz and his counsel also possess confidential material and information from the *Maxwell* case that was provided to him by Ms. Maxwell, which under his theory would be grounds for disqualification as well.

[2] We are not at this time able to take a definitive position on whether the materials we will be producing to Mr. Dershowitz contain all the relevant material from the *Maxwell* matter in our possession because we had not yet reviewed and evaluated the massive record in *Maxwell* when we stood down due to the Court's ruling that we were not entitled to possess confidential material.

[3] Even the specter of Mr. Dershowitz's motion is causing delay—above and beyond the burden of another round of letter briefing—as Mr. Zeiger has resisted scheduling a deposition under the shadow of a potential change of counsel. *See* Exhibit 1 (enclosure omitted).

September 30, 2020
Page 4

                                                             Respectfully,

                                                             s/ Charles J. Cooper
                                                             Charles J. Cooper

cc: Counsel of Record