

Howard M. Cooper
E-mail: hcooper@toddweld.com

October 5, 2020

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP

Dear Judge Preska:

    Defendant Alan Dershowitz ("Professor Dershowitz") respectfully submits this reply concerning his request for a pre-motion conference on his motion to disqualify Plaintiff's lawyers at Cooper & Kirk PLLC ("Cooper & Kirk").

    Professor Dershowitz's motion to disqualify Cooper & Kirk is not interposed for "tactical reasons." To the contrary, Professor Dershowitz sought to *avoid* the instant disqualification fight by seeking reconsideration of the Court's prior Order denying him access to the *Maxwell* confidential materials improperly in Cooper & Kirk's possession. The Court having denied in large part his request for reconsideration, Professor Dershowitz is compelled to pursue disqualification in order to maintain basic fairness and due process in these proceedings. Plaintiff created this problem by violating a Protective Order. In order to assure Professor Dershowitz's right to a fair trial, she must shoulder the burden of any remedy.

    Plaintiff's argument that disqualification is not necessary here relies largely on the fiction that Professor Dershowitz will be able to cure the present informational asymmetry by re-assembling through independent discovery in this case the concededly "massive record" of confidential discovery from *Maxwell* which Cooper & Kirk improperly have in their possession. This argument ignores the fact that Professor Dershowitz and his counsel do not even know the identities of many of the non-parties who provided discovery in *Maxwell*. Even if Professor Dershowitz could somehow divine a list of non-parties who provided discovery in *Maxwell*, as Plaintiff tacitly acknowledges, there is no reasonable basis to presume the Court would require any of these non-parties to comply with Professor Dershowitz's discovery requests seeking the same information they produced in *Maxwell*. Indeed, to date, over Professor Dershowitz's objection, the Court has charted a narrow scope of discovery, indicating in one instance that even "technically relevant" discovery into Plaintiff's "serial" lies – a defamation put at issue by Plaintiff herself – may not be discoverable in its view. The combination of Plaintiff's possession of a voluminous record from *Maxwell* to which only she will have access and the Court's seemingly narrow view of discovery in this case risks creating a degree of unfairness that cannot be remedied by Professor Dershowitz's attempting to replicate the *Maxwell* discovery while blindfolded.

    As Plaintiff concedes, the distinction that courts analyzing similar motions for disqualification have drawn between confidential and privileged information is that privileged information is inherently undiscoverable by anyone, whereas confidential information is discoverable and will presumptively be subject to discovery in the case in which disqualification is sought, thus curing any prejudice. Not so



here. Similarly flawed is Plaintiff's attempt to distinguish the authorities cited by Professor Dershowitz on the grounds that they "involved efforts to disqualify counsel that possessed confidential information *provided by the movant*," whereas here, the inequitable information asymmetry results from information produced by third parties. That is, at least in this case, a distinction without a difference. Unlike in the cases cited, in which disqualification was deemed unnecessary because the information at issue would inevitably be required to be produced in discovery, Professor Dershowitz will as a practical matter be unable to obtain the vast majority of the *Maxwell* discovery currently in Cooper & Kirk's possession. This case is thus much more akin to cases where disqualification is deemed necessary to remedy an unfair strategic advantage resulting from counsel's improper possession of privileged, non-discoverable information.

Two additional points from Plaintiff's letter require response. The first is that this motion is somehow untimely, because the same grounds for disqualification could have been raised when Professor Dershowitz successfully moved to disqualify Plaintiff's original counsel at Boies Schiller Flexner LLP. The reality, however, is that all parties assumed at that time, and continued to assume until the Court ruled otherwise, that the confidential *Maxwell* materials would be readily and fully exchanged in discovery in this case. Professor Dershowitz's present disqualification motion ripened only when the Court denied his request for reconsideration of its Order that the *Maxwell* confidential discovery would not be provided to him. Further, the parties have yet to take a single deposition on this case and there is plenty of time for Plaintiff to retain new counsel who will not have access to the *Maxwell* materials.

The second point is Plaintiff's suggestion that any disqualification would need to be mutual on account of Professor Dershowitz's possession of a small amount of confidential discovery from the *Maxwell* case. This argument is without merit and cannot be advanced seriously. As Plaintiff well knows, Professor Dershowitz was provided a discrete sub-set of documents in connection with his designation as a witness in the *Maxwell* case. Virtually everything provided to him has subsequently been unsealed, or should be among the materials provided to him under the Court's most recent Order, ECF No. 174, because they directly concern him. Cooper & Kirk on the other hand have in their possession, improperly, the complete set of *Maxwell* materials – by their own description a "massive record" of documents – which under the Court's prior rulings Professor Dershowitz will never be allowed to see. The prejudice is thus entirely one sided and, again, this problem has been created solely by Plaintiff's violation of the *Maxwell* protective order.

The rules of discovery ended trial by ambush decades ago. Those rules require that the scales of justice be balanced and that the parties, other than with respect to privileged or work product materials, be required to disclose materials in their custody, possession or control which may lead to admissible evidence. Professor Dershowitz respectfully requests that the Court not permit this case to proceed in a manner in which Plaintiff is handed an unfair advantage obtained by ignoring an Order of the Court. Professor Dershowitz requests that the Court hold a pre-motion conference with respect to this matter so that he may proceed with his motion to disqualify.



Hon. Loretta A. Preska
October 5, 2020
Page 3 of 3

                      Respectfully submitted,

                      <u>/s/ Howard M. Cooper</u>
                      Howard M. Cooper

cc:    All counsel of record, via email

Todd & Weld LLP • Attorneys at Law • One Federal Street, Boston, MA 02110 • T: 617.720.2626 • F: 617.227.5777 • www.toddweld.com