# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Nicole J. Moss<br>(202) 220-9636<br>nmoss@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C.  20036 | (202) 220-9600<br>Fax (202) 220-9601 |

November 12, 2020

**VIA ECF**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Giuffre v. Dershowitz*, **No. 19-cv-3377-LAP**
              **Protective Order**

Dear Judge Preska:

      In accordance with the Court's Order dated November 6, Doc. 191, I write to set forth Plaintiff Virginia Giuffre's position on the proper scope of a protective order in this case.

      The parties to this action have agreed that it is desirable to seek the entry of a protective order under which they can designate certain information produced in discovery as "Confidential Information." The parties have further agreed that the following five categories of information may qualify as "Confidential Information": "(i) private financial information, such as tax records and bank account numbers; (ii) personally identifiable information, such as . . . social security numbers, home addresses, personal email addresses or personal telephone numbers; (iii) protected health information, inclusive of physical and mental health records; and (iv) identifying information of sexual abuse victims, such as names, emails, telephone numbers, or home addresses," as well as (v) "information filed under seal or designated as 'Confidential' in another action for which the confidentiality designation or seal has not been lifted."[1] The parties disagree, however, about what material properly falls into the final category.

      Specifically, the parties disagree about whether materials Plaintiff produced under the protective order in *Giuffre v. Maxwell*, No. 15-cv-7433, may remain confidential in this action. In an effort to achieve the expedited exchange of information this Court directed the parties to make at the December 2, 2019, hearing, Plaintiff agreed to produce, and produced, her productions from *Giuffre v. Maxwell*. She did so on the express understanding that "[m]any of these documents continue to be protected by the confidentiality order in that case and are being produced herewith subject to the Court's direction that this is for use only in this case and that only materials that have been unsealed by the Court may be publicly disclosed."[2] Because she produced them on that understanding, it is Plaintiff's position that the documents

---

      [1] Attached hereto as Exhibit A is the latest draft protective order exchanged by the parties. The redlined language on page 3 is the portion that is at issue in this dispute.
      [2] Attached hereto as Exhibit B is the letter covering Plaintiff's initial disclosures.

November 12, 2020
Page 2

she designated as "Confidential" in *Giuffre v. Maxwell*, should remain "Confidential Information" in this action unless and until they are unsealed by the Court, or Plaintiff agrees to remove the confidentiality designation, or Defendant successfully challenges that designation.

It is not Plaintiff's position that documents she produced in *Giuffre v. Maxwell* must remain confidential solely because they were previously produced in that matter. *Contra* Letter re Joint Status Report, Doc. 190, at 3 (Nov. 5, 2020). To the contrary, approximately half of the documents Plaintiff produced in *Giuffre v. Maxwell* (and again in this action) were *not* designated "Confidential," and would therefore not be "Confidential Information" in this action. Moreover, as described below, Plaintiff has made clear to Defendant that Plaintiff will consider requests to de-designate material that she designated as "Confidential" in the prior action.

In August (over four months after receiving Plaintiffs' proposed protective order, which included a protection for her prior productions), Defendant proposed language that would eliminate the protection for the material Plaintiff produced in *Giuffre v. Maxwell* unless the materials otherwise fell within the definition of "Confidential Information." This proposal was not acceptable to Plaintiff because she had produced her *Giuffre v. Maxwell* productions in reliance on the understanding that *all* material designated "Confidential" therein would continue to enjoy that status unless de-designated or made public through the unsealing procedure in *Giuffre v. Maxwell*. Plaintiff cannot, without reviewing every document in her prior production, agree that all material not matching the definition of "Confidential Information" in the parties' draft protective order can be made public given that she is under an independent legal obligation to produce certain material only under a protective order. Moreover, Defendant's proposal would leave it to Defendant to decide whether, in his judgment, Plaintiff's previously protected materials meet the definition of Confidential Information.

In response, Plaintiff has proposed to Defendant the following procedure: If at any time Defendant requests that the confidentiality designation be removed from any document designated "Confidential" in Plaintiff's *Giuffre v. Maxwell* production (for a specified use in this action, as opposed to Defendant's relentless public relations campaign), Plaintiff will promptly review the document and remove the designation if appropriate. Any dispute could be brought to the Court for resolution. This proposal would allow Plaintiff to determine whether the document contains confidential information within the meaning of either the *Giuffre v. Maxwell* protective order or the protective order in this case. Moreover, by limiting that review only to documents Defendant intends to use for a specified purpose in this action, the proposal spares Plaintiff and her counsel the needless expense of reviewing *every* Confidential document in Plaintiffs' *Giuffre v. Maxwell* production anew.

We will leave it to Defendant to explain his objections to this procedure in greater detail, but our understanding is that Defendant objects that requiring him to request that Plaintiff de-designate specifically identified documents would give her a veto over what material he can use in this action. Not so. Plaintiff would only be proceeding in accord with standard litigation practice, determining the confidentiality designation of the material she produced, not whether Defendant could rely on that material. For depositions, Defendant need not identify the documents he intends to use in advance. Instead, Defendant could request de-designation *after* the deposition for any confidential documents he thought warranted having that designation lifted. And for filings, if Plaintiff declines to de-designate any document, Defendant could simply redact the relevant material or move for leave to file under seal, in

November 12, 2020
Page 3

accordance with the draft protective order. And, of course, Defendant will always have recourse to this Court if he disagrees with Plaintiff's final confidentiality designations.

      For all of these reasons, in particular the unnecessary expense and burden of requiring Plaintiff to review every document she previously produced in *Giuffre v. Maxwell* would impose, Plaintiff respectfully requests that the Court enter a protective order in accordance with the form attached hereto as Exhibit A.

      Respectfully,

      s/ Nicole J. Moss
      Nicole J. Moss

cc: Counsel of Record