

Howard M. Cooper
E-mail: hcooper@toddweld.com

November 12, 2020

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP

Dear Judge Preska:

  Pursuant to your Order dated November 6, 2020, ECF No. 191, Professor Alan Dershowitz ("Professor Dershowitz") respectfully submits this letter brief setting forth his position concerning the proper scope of the protective order to govern party discovery in this case. The parties have agreed to the form of protective order attached hereto as Exhibit A, with the critical exception of paragraph 2 pertaining to the definition of "Confidential Information."[1] Simply put, Plaintiff seeks wide authority to shield information from public view by designating it confidential. Professor Dershowitz believes that in the context of this case especially, involving as it does a false global attack on his character, transparency is critical and required.

  This litigation had its inception in Plaintiff's very public accusation of sexual abuse against Professor Dershowitz, which created a media frenzy. Plaintiff has repeated her false accusation countless times in the worldwide media and disseminated it across the globe including in an appearance in a Netflix documentary while this litigation has been pending. Given Plaintiff's malicious attack on him, Professor Dershowitz insists that these proceedings be as transparent as possible, consistent with the First Amendment presumption of openness of court proceedings. It would be an abuse of these proceedings for Plaintiff to be able to falsely attack Professor Dershowitz publicly while insisting that proof of the falsity of her attack be shielded from public view. Such a use of the judicial process is precisely what the Second Circuit warned against in *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019). Professor Dershowitz has nothing to hide here and there is nothing to be gained from the type of blanket protective order the Court entered in the *Giuffre v. Maxwell* case, which improperly obscured those proceedings from public view and is still causing headaches more than three years after the case settled.

  Professor Dershowitz made clear his position at the outset of this case that any protective order governing discovery between the parties should be limited in scope to the protection solely of medical information. Plaintiff, who has recently publicly proclaimed in the unsealing proceedings in the *Maxwell* case that she too wants transparency, agreed to this proposal. Thus, the parties jointly informed the Court in their Rule 26 report that "the parties anticipate that a narrow protective order for the production of confidential medical records will be required." ECF No. 93 at 7. This agreement was later expanded to include financial information.

---

[1] Specifically, Plaintiff objects to the inclusion of the clause highlighted in yellow in paragraph 2.

Todd & Weld LLP • Attorneys at Law • One Federal Street, Boston, MA 02110 • T: 617.720.2626 • F: 617.227.5777 • www.toddweld.com



      Plaintiff has since reneged on her agreement to minimal confidentiality, and now seeks to designate as confidential under the protective order in this case all documents which she previously designated as confidential in discovery in the *Maxwell* case, without regard to whether there is any legitimate basis to assert confidentiality. Given the fact that virtually every document produced by Plaintiff in the *Maxwell* case bore a confidentiality designation, and the large degree of overlap between the two cases, as a practical matter, this would mean that the vast majority of documents produced by Plaintiff in this case would be designated confidential. Professor Dershowitz, on the other hand, would only be permitted to apply confidentiality designations to medical and financial information. Not only is this impermissibly asymmetrical and patently unfair, it is illogical.

      Professor Dershowitz recognizes that this Court has held that *Maxwell* case materials exchanged in discovery in this case which were originally produced by Ms. Maxwell or by third parties, or which contain names of alleged sexual abuse victims, continue to be governed by the *Maxwell* protective order. Plaintiff obtained these documents in discovery pursuant to the *Maxwell* protective order and she cannot unilaterally remove confidentiality designations made by another party. In contrast, Plaintiff is free to do with *her own documents* – documents which she possessed prior to the *Maxwell* case and which belong to her – whatever she wishes, including producing them in this litigation without any confidentiality designation or attendant restrictions on their use. Plaintiff recognizes this critical distinction, which is why she re-produced to Professor Dershowitz her own document productions from the *Maxwell* case without leave of Court, but insisted that leave of Court be obtained prior to her producing documents originally produced by Ms. Maxwell or third parties. The fact that Plaintiff designated documents as confidential when producing them in the *Maxwell* case is, frankly, irrelevant to the question whether they are properly entitled to confidentiality in this case.

      For the foregoing reasons, Professor Dershowitz respectfully requests that the Court enforce the parties' original agreement and enter the form of protective order attached as <u>Exhibit A</u> hereto, including the language highlighted in yellow in paragraph 2.

      Respectfully submitted,

      <u>/s/ Howard M. Cooper</u>
      Howard M. Cooper

cc:    All counsel of record, via email

Enclosures: Ex. A