21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Laura R. Handman**
212.489.8230 tel
212.489.8340 fax
laurahandman@dwt.com

November 17, 2020

<u>Via ECF</u>
Hon. Lorretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>*Giuffre v. Dershowitz*, No. 19-cv-3377-LAP</u>

Dear Judge Preska:

    We represent non-party Sharon Churcher, who has been served by defendant Alan Dershowitz with a subpoena for her testimony in the above-referenced case (the "Subpoena"). We write pursuant to Rule 2.A of the Court's Individual Practices to request a pre-motion conference in anticipation of filing a motion to quash the Subpoena.

    Churcher is a journalist who first broke the story of Plaintiff Virginia Giuffre's victimization by Jeffrey Epstein in *The Mail On Sunday* in 2011, based on extensive in-person interviews with her; over the years she wrote numerous articles about Epstein for *The Mail*, the *National Enquirer*, *Radar Online*, and others, many based on her interviews with Ms. Giuffre.

    In the related case also before this Court, *Giuffre v. Maxwell*, No. 15-cv-7433, the defendant, Ghislaine Maxwell, served a subpoena for Churcher's testimony and documents related to her communications with Giuffre.  Churcher moved to quash the subpoena pursuant to the New York Shield Law and First Amendment reporter's privilege. On November 21, 2016, Judge Sweet issued a thoroughly-reasoned opinion granting the motion to quash in full.  *See Giuffre v. Maxwell*, 221 F. Supp. 3d 472 (S.D.N.Y. 2016).  The Court should quash the Subpoena in this case on the same grounds.

    Although the Subpoena does not specify the precise topics on which Dershowitz intends to question Churcher, in discussions with the undersigned, his counsel made clear that they intend to inquire about her 2011 interviews with Giuffre to determine what, if anything, Giuffre said about her interactions with Dershowitz from 2000-2002.  They also stated their contention that emails between Churcher and Giuffre show that Churcher was not acting as a journalist in her interactions with Giuffre.  As discussed below, Judge Sweet rejected that exact argument, made based on the exact same emails, in *Maxwell*.

### The New York Shield Law Applies

    Now codified in Section 79-h of the Civil Rights Law, the reporter's privilege has its origins in the New York Constitution (art. I, § 8), which provides "the broadest possible protection to 'the sensitive role of gathering and disseminating news of public events.'"  *O'Neill v. Oakgrove Constr.*, 71 N.Y.2d 521, 529 (1988) (citation omitted).  As the New York Court of Appeals has recognized, "New York public policy as embodied in the Constitution and our current statutory scheme provides a mantle of protection for those who gather and report the

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4817-3901-1793v.3 0049264-000092

Hon. Loretta A. Preska
November 17, 2020
Page 2

news – and their confidential sources – that has been recognized as ***the strongest in the nation***." *Holmes v. Winter*, 22 N.Y.3d 300, 310 (2013)  (emphasis added).[1]

The New York Shield Law provides <u>absolute</u> protection for the identities of confidential sources and information "obtained or received in confidence" by a reporter.  N.Y. Civ. Rights Law § ("Section") 79-h(b).  The statute provides qualified protection for non-confidential newsgathering information, which can be overcome only with a "clear and specific showing" that the information is "highly material and relevant," "critical or necessary to the maintenance of a party's claim" and "not obtainable from any alternative source."  Section 79-h(c).  The party seeking disclosure bears a heavy burden to clearly show that the information sought is so "critical or necessary" to the case that the party's claim or defense "***virtually rises or falls***" based on the information, and that the party has "***exhaust[ed] all other available sources***" for the information.  *In re Application to Quash Subpoena to NBC*, 79 F.3d 346, 351, 353 (2d Cir. 1996) (emphasis added).  The Second Circuit has held that "impeachment material is not critical or necessary to the maintenance or defense of a claim.  *Id.* at 352.  "The test is not merely that the material be helpful or probative, but whether or not the defense of the action may be presented without it."  *Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 107 (2d Cir. 2012).

In light of Judge Sweet's ruling in *Maxwell*, there can be no dispute that the Shield Law applies to the Subpoena.  To determine whether the reporter's privilege applies, courts look to whether the "primary relationship" between the parties "ha[s] as its basis the intent to disseminate the information for the public."  *von Bulow v. von Bulow*, 811 F.2d 136, 145 (2d Cir. 1987).  Judge Sweet had no trouble finding that "the 'primary relationship' between Churcher and Plaintiff was that of a professional reporter gathering information from a source for the Articles that were, in fact, subsequently published under Churcher's byline over the next several years."  221 F. Supp. 3d at 478.  Maxwell argued that the Shield Law should not apply because, based on emails between Churcher and Giuffre that she filed under seal (*see Maxwell*, ECF No. 247-1), Churcher at some point "ceased to be a reporter," and was instead acting as a friend and advisor.  221 F. Supp. 3d at 478.  Judge Sweet squarely rejected this argument.  As he explained,

> [s]uccessful journalists must cultivate extensive networks of sources, and communicate with them regularly on a variety of topics. … Indeed, frequent, often informal communication with sources, even if not for the immediate purpose of gathering information for a specific article, is an integral part of the overall newsgathering process. Accordingly, the Shield Law does not narrowly apply only to the specific exchanges where the source conveys "news." As the Second Circuit has held, the Shield law protects journalists from "inquiries into the newsgathering process," as a whole.  *Baker*[, 669 F.3d at 109].

---

[1] A federal court sitting in diversity applies the privilege law of the state that governs the claims. *See, e.g., Maxwell¸* 221 F. Supp. 3d at 475.  Here, the Court has already determined that New York law applies to the claims in this case.  *See* ECF No. 67 at 12-13.

*Id.* at 479. The evidence showed that Churcher's "intent from the very beginning of her relationship with [Giuffre] was to gather information to publish news stories," and that, moreover, the emails Maxwell cited "show[ed] that even as [Churcher] was consulting with [Giuffre] on seemingly separate topics, her overarching intent remained newsgathering." *Id.* In any event, here, Dershowitz has made clear that he intends to question Churcher specifically about her interviews with Giuffre to find out what she may have said about Dershowitz at that time. These interviews were the core of Churcher's newsgathering process. Even if the Shield Law did not apply to some later phase of Churcher and Giuffre's relationship (a premise Judge Sweet correctly rejected), there can be no question that the privilege covers the very interviews that formed the basis of Churcher's news stories about Giuffre.

### **Dershowitz Cannot Overcome the Shield Law's Protections**

As an initial matter, certain of the information Churcher and Giuffre discussed was on a confidential, off-the-record basis, and/or involved other confidential sources. The Shield Law would absolutely preclude any inquiry into that information. *See* Section 79(h).

Although neither the fact that Giuffre was a source for Churcher, nor *some* of the information they discussed, is confidential, Dershowitz cannot meet the high burden to overcome the qualified privilege for non-confidential newsgathering information. He has attempted to make Churcher's interactions with Giuffre central to his claim, and even characterizes an email between them as a "smoking gun" showing that Giuffre is "fabricat[ing]" her allegations against him. Am. Counterclaim, ECF No. 127 ¶¶ 27-28. He also makes the conclusory allegation that Churcher has somehow "confirmed that Giuffre never accused Dershowitz of having sex with her." *Id.* ¶ 29. But a litigant cannot establish that a claim "rises or falls" based on a journalist's testimony with *ipse dixit* assertions that this is so. *Cf.* ECF No. 144 at 8 (holding that Dershowitz "ha[d] not beyond conclusory assertions demonstrated a congruence between the *Maxwell* action and his own that would warrant" the breadth of unsealing he was requesting). Moreover, this Court has repeatedly emphasized to the parties that "the central factual issue in this case is narrow" (ECF No. 74 at 6) and "quite simple: did the parties have intimate contact or not" (ECF No. 52 at 1). Dershowitz cannot possibly suggest that Churcher has any *firsthand* knowledge of what did or did not happen between him and Giuffre; at most, he would be inquiring about what Giuffre may have said to a journalist nearly a *decade after the fact*. Even if, as Dershowitz plainly hopes, Giuffre did not tell Churcher that she had sex with him when they spoke in 2011, that would have little bearing on what actually did or did not happen in 2000-02. In any event, Dershowitz has not remotely exhausted all alternative avenues for adducing evidence that is probative of that question – for example from people who would have direct knowledge of Giuffre, Epstein's or Dershowitz's activities in 2001-02 – as he also must do to overcome the qualified privilege. Instead, this is precisely the type of "'fishing expedition[] into unpublished materials in the hope that some relevant information may turn up" that the Shield Law protects against. *Maxwell*, 221 F. Supp. 3d at 477 (citation and alterations omitted).

We look forward to discussing these issues further at a pre-motion conference.

Hon. Loretta A. Preska
November 17, 2020
Page 4

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/ Laura R. Handman

cc:     All parties (via CM/ECF)