

Howard M. Cooper
E-mail: hcooper@toddweld.com

November 19, 2020

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP

Dear Judge Preska:

    Having anticipated and addressed Plaintiff's position regarding the parties' protective order dispute in his opening letter, Professor Dershowitz submits this very short reply.

    Professor Dershowitz's only interest here is ensuring that there is a discernable standard governing which documents may properly be designated confidential and which may not. The protective order and sealing orders in *Giuffre v. Maxwell* plainly lacked such a standard, as the Second Circuit recognized in *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019). As should be clear at this point, Professor Dershowitz has nothing to hide and thus nothing to gain from the type of star chamber proceedings which pervaded the *Maxwell* case. Accordingly, Professor Dershowitz cannot agree that documents produced by Plaintiff in this case are properly entitled to be treated as confidential simply because they were designated confidential when produced in *Maxwell*.

    Plaintiff's objection to removing confidentiality designations from her *Maxwell* productions appears to be a matter of form rather than substance. Plaintiff states in her letter that "[i]t is not Plaintiff's position that documents she produced in *Giuffre v. Maxwell* must remain confidential solely because they were previously produced in that matter." ECF No. 193 at 2. Rather, the basis for Plaintiff's objection appears to be that she does not want to expend the time necessary to review her *Maxwell* productions in order to make new designations as appropriate.

    While Professor Dershowitz disagrees that a review of her *Maxwell* productions imposes any new, additional or undue burden on Plaintiff, particularly given the nature of Plaintiff's incendiary claims against Professor Dershowitz and in light of the burdensome discovery Plaintiff has sought from him, Professor Dershowitz offers the following compromise: Professor Dershowitz will agree that Plaintiff can make new designation decisions on an as-needed basis (as set forth in the third full paragraph of page 2 of Plaintiff's letter, ECF No. 193), provided that the standard to be applied to such decisions is the one set forth in Paragraph 2 of Professor Dershowitz's proposed order. In other words, the only legitimate grounds to continue to assert confidentiality over a document which Plaintiff herself originally produced in the *Maxwell* case are the grounds set forth at subsections (i)-(iv) of Paragraph 2 of Professor Dershowitz's proposed order, which provide protection for personally identifiable information, financial and medical information, and identifying information of sexual abuse victims. Documents not falling into any of these categories must have their confidentiality designations removed at Professor Dershowitz's request.



Hon. Loretta A. Preska
November 19, 2020
Page 2 of 2

    Professor Dershowitz respectfully requests that the Court adopt the proposal set forth above, leaving the parties to memorialize this proposal in a final form of order which they can then submit for entry by the Court.

                                          Respectfully submitted,

                                          /s/ Howard M. Cooper
                                          Howard M. Cooper

cc:      All counsel of record, via email