

Howard M. Cooper
E-mail: hcooper@toddweld.com

November 20, 2020

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP

Your Honor:

  Professor Dershowitz responds here to Laura Handman's letter dated November 17, 2020 (ECF No. 199) in which she requests a pre-motion conference with respect to a motion to quash she seeks to file on behalf of her client, Sharon Churcher ("Ms. Churcher"). Ms. Churcher is a material witness whom Professor Dershowitz has subpoenaed for a deposition in this case. The Court should deny Ms. Handman's request and order the deposition to proceed where Ms. Churcher is not entitled to the protection of the New York Shield Law and because she possesses critical, relevant and admissible evidence in this case as to the falsity of Plaintiff's allegations against Professor Dershowitz.

   **I.** **Ms. Churcher Has Waived the Protections of the New York Shield Law.**

  Judge Sweet's 2016 ruling on Ms. Churcher's motion to quash in *Giuffre v. Maxwell* is irrelevant here based upon the record Professor Dershowitz now places before this Court. This record includes the Affidavit of Anthony Lyons, attached hereto as <u>Exhibit A</u>, and the transcript of a lawfully recorded October 2019 conversation between Mr. Lyons and Ms. Churcher, attached hereto as <u>Exhibit B</u>. Mr. Lyons is a book publisher and acquaintance of Professor Dershowitz. In Mr. Lyons' conversation with Ms. Churcher, which occurred in a context unrelated to any journalistic pursuit by Ms. Churcher concerning the matters relevant here and thus outside of any available journalistic privilege, Ms. Churcher disclosed in detail the content of her spring 2011 interviews with Plaintiff, thereby waiving the protection of the New York Shield Law under the express provisions of that statute and exposing herself to discovery concerning those interviews. *See* N.Y. Civ. Rights Law § 79-h(g).

  More specifically, Ms. Churcher disclosed to Mr. Lyons the following:

- Based upon her interactions with Plaintiff, Ms. Churcher believes that Plaintiff's accusations against Professor Dershowitz are false;

- Plaintiff was under contract and was being paid a lot of money to be truthful in her interviews with Ms. Churcher;

- During their interviews, Plaintiff failed to identify Professor Dershowitz as someone she had sex with, despite Plaintiff naming numerous other prominent men to Ms. Churcher;



- Ms. Churcher presented Plaintiff with a list of names and photographs of prominent male friends of Jeffrey Epstein, including Professor Dershowitz, and asked her to identify which of the men she had sex with.  In response, Plaintiff failed to identify Professor Dershowitz as someone she had sex with;

- There were some men whom Plaintiff named but who Ms. Churcher did not include in her articles because they had threatened litigation, but Professor Dershowitz was not one of them;

- Ms. Churcher does not use the word "pedo," and consequently, she suspects that a critical email exchange produced by Plaintiff in which Ms. Churcher suggests that Professor Dershowitz's name would be a good name for Plaintiff's book (attached hereto as Exhibit C) may have been altered;

- Plaintiff's former lawyer, Brad Edwards, hates Professor Dershowitz and Ms. Churcher believes that Edwards and his team put Plaintiff up to accusing him;

- Ms. Churcher believes that Plaintiff may have originally confused Professor Dershowitz with another Harvard professor; and

- Plaintiff changed her story about Donald Trump.  She told Ms. Churcher, and Churcher published, that she would lie around half naked at Mar-a-Lago and Trump would say to Epstein, "you have the life."  Churcher always remembered this quote because it was a very distinct quote.  Now Plaintiff denies that she said that.

Ex. A, Lyons Aff., at ¶ 6; Ex. B, Transcript, at 5, 15-20, 32, 48-50.

The New York Shield Law expressly provides that a journalist waives its protections by voluntarily disclosing otherwise privileged information outside of a privileged context:

> Notwithstanding the provisions of this section, a person entitled to claim the exemption provided under subdivision (b) or (c) of this section waives such exemption if such person voluntarily discloses or consents to disclosure of the specific information sought to be disclosed to any person not otherwise entitled to claim the exemptions provided by this section.

N.Y. Civ. Rights Law § 79-h(g).  Ms. Churcher's disclosures concerning her interviews with Plaintiff occurred during a meeting between Ms. Churcher and Mr. Lyons to discuss an unrelated book project.  Ex. A, Lyons Aff., at ¶ 4.  There is therefore no conceivable argument that this conversation was protected by either the New York Shield Law or common law reporter's privilege.  *See Guice-Mills v. Forbes*, 819 N.Y.S.2d 432, 436 (N.Y. Sup. Ct. 2006) (journalist waived privilege by disclosing unpublished newsgathering information to third party); *In re Dan*, 363 N.Y.S.2d 493, 498 (N.Y. Sup. Ct. 1975) (journalist waived privilege by giving statements to prosecutor and government commission and testifying before grand jury); *see also People v. Wolf*, 333 N.Y.S.2d 299, 301 (1st Dep't. 1972) ("The statute . . . cannot be used as a shield to protect that which has already been exposed to view.").



Accordingly, Ms. Churcher forfeited the protections of the Shield Law with respect to all information she discussed with Mr. Lyons and should be ordered to submit to a deposition on these topics.[1]

### II.     Professor Dershowitz Can Overcome the Qualified Privilege If It Applies.

Although a moot point given Ms. Churcher's waiver of the privilege with respect to all critical aspects of her interviews with Plaintiff, Professor Dershowitz briefly responds to Ms. Churcher's incorrect argument that he cannot overcome the qualified privilege here. As Ms. Handman's letter acknowledges, because there was no expectation of confidentiality surrounding Ms. Churcher's interviews with Plaintiff and because the articles which Churcher published based upon those interviews identified Plaintiff as the source of the reporting, the absolute protection under the Shield Law for confidential sources and information, Section 79-h(b), does not apply. *See People v. Lyons*, 574 N.Y.S.2d 126, 130 (N.Y. City Ct. 1991). At most, Ms. Churcher would be entitled to the qualified protection for non-confidential newsgathering information under Section 79-h(c). That qualified privilege can be overcome where the information sought "(i) is highly material and relevant; (ii) is critical or necessary to the maintenance of a party's claim, defense *or proof of an issue material thereto*; and (iii) is not obtainable from any alternative source." *Id.* (emphasis added). Notably, Ms. Handman's formulation of the elements required to overcome the qualified privilege omits the emphasized language which makes clear that the information sought need only be critical or necessary to "an issue" material to a claim or a defense.

Judge Sweet found that Ghislaine Maxwell could not overcome the qualified privilege because Ms. Churcher's testimony was only relevant to Plaintiff's credibility, which made discovery from Churcher "no more critical than any other evidence in [that] case." *Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 479 (S.D.N.Y. 2016). Here, in contrast, as Mr. Lyons' Affidavit and the transcript make clear, Ms. Churcher's testimony regarding her 2011 interviews with Plaintiff is powerful and direct evidence that Plaintiff's accusations against Professor Dershowitz are lies ***(e.g., her failure to name Professor Dershowitz when directly asked)*** and that Plaintiff concocted her lies sometime after the spring of 2011. The timing of Plaintiff's fabrication of her accusations against Professor Dershowitz is critical evidence on the issue of whether Plaintiff fabricated those accusations as part of an extortion plot in 2014, which goes to the very heart of Plaintiff's claims and Professor Dershowitz's defense of truth and his counterclaims. Nor can this information — including but not limited to Ms. Churcher's use of a photo lineup with Plaintiff — be obtained from another source. Ms. Churcher and Plaintiff were the only two parties to their conversations, and it certainly cannot be presumed that Plaintiff's testimony will match Ms. Churcher's version of events. It would be antithetical to any notion of justice or due process for Professor Dershowitz not to be able to ask the sole eyewitness about Plaintiff's failure to identify him from a photo lineup when asked explicitly to identify the men she claims assaulted her.

For the foregoing reasons, the Court should deny Ms. Handman's request and order the deposition of Ms. Churcher to proceed.

---

[1] Professor Dershowitz should also be allowed to inquire as to the accuracy of the reporting in Churcher's published articles, as the Shield Law does not preclude this type of inquiry. *See In re Grand Jury Subpoena Dated Jan. 26, 2000*, 703 N.Y.S.2d 230 (2d Dep't 2000) (holding Shield Law did not preclude inquiry regarding whether publication fairly and accurately reported statements from a witness).



Hon. Loretta A. Preska
November 20, 2020
Page 4 of 4

                Respectfully submitted,

                <u>/s/ Howard M. Cooper</u>
                Howard M. Cooper

cc:    All counsel of record, via email

Enclosures: Exs. A, B & C.