

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Laura R. Handman**
212.489.8230 tel
212.489.8340 fax
laurahandman@dwt.com

November 23, 2020

<u>Via ECF</u>
Hon. Lorretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Giuffre v. Dershowitz*, No. 19-cv-3377-LAP

Dear Judge Preska:

We represent non-party Sharon Churcher in connection with the Subpoena served on her by Defendant Alan Dershowitz.

We have reviewed the material submitted by Dershowitz on November 20, 2020 (ECF No. 210), including the purported transcript of a private conversation that Churcher had no idea was being recorded, and which she reasonably assumed was being conducted in confidence, given her longstanding personal and professional relationship with the individual who created the recording, publisher Anthony Lyons. We acknowledge that the statements contained in that transcript, as well as the declaration filed by Lyons, have potential impact on the scope of Churcher's anticipated motion to quash the Subpoena. Accordingly, we believe that the most productive and efficient next step will be for us to confer with the parties to consider whether we can reach agreement on the scope of any potential testimony and/or any further motion to quash.

We respectfully request that the Court hold our request for a pre-motion conference in abeyance for fourteen (14) days to provide the parties sufficient time to confer in light of the holidays this week. We will report back on the status of those discussions, and whether we intend to pursue further motion practice, on or before December 7, 2020

In the meantime, we note that Dershowitz argues in his letter that, in light of the substance of Churcher's discussion with Lyons, she has "forfeited the protections of the Shield Law with respect to all information she discussed with Mr. Lyons and should be ordered to submit to a deposition on these topics." ECF No. 210 at 3. But even if Churcher's discussion with Lyons amounted to a waiver of some portion of the Shield Law's protection, that waiver would apply solely to the "limited information shared." *Guice-Mills v. Forbes*, 12 Misc.3d 852, 857, 819 N.Y.S.2d 432, 436 (Sup. Ct. N.Y. Cty. 2006); *see also Baez v. JetBlue Airways*, No. 09-cv-596, 2012 WL 5471229, at *2 (E.D.N.Y. Nov. 9, 2012) (same); *Brown & Williamson Tobacco Corp. v. Wigand*, No. 101678/96, 1996 WL 350827, at *6 (Sup. Ct. N.Y. Cty. Feb. 28, 1996) (holding that a purported leak of a news broadcast to a newspaper would waive privilege only as to what was actually published in the newspaper, and a contrary holding "would fly in the face of the purpose of the Shield Law"); N.Y. Civil Rights Law § 79-h(g) (waiver applies only to "voluntary … disclosure of the *specific information* sought to be disclosed") (emphasis added). Courts have consistently rejected the notion that a partial disclosure of information waives privilege as to any broader "topic" or to any information that was not explicitly disclosed.

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4822-6591-7906v.2 0049264-000092

Hon. Loretta A. Preska
November 23, 2020
Page 2

*See, e.g.*, *Lonegan v. Hasty*, No. 04-cv-2743, 2008 WL 41445, at *5-6 & n.3 (E.D.N.Y. 2008) ("waiver would extend only to the specific materials disclosed to third parties"); *cf. Falise v. Am. Tobacco Co.*, 193 F.R.D. 73, 84 (E.D.N.Y. 2000) (noting in context of attorney-client privilege that "the Second Circuit has declined to extend subject matter waiver to situations in which the initial disclosure of privileged information was made 'extrajudicially and without prejudice to the opposing party'") (quoting *In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987)).

Accordingly, even if Churcher's private discussions with Lyons waived any privilege, that waiver would be limited to the specific information that was actually disclosed. Dershowitz would not be permitted to inquire about other information that was not expressly discussed, particularly if that information not directly related to what this Court has recognized is the "narrow" "central factual in this case": *i.e.*, what happened between Dershowitz and Giuffre in 2001-2002. ECF No. 74 at 6.

We also note that Dershowitz has identified numerous witnesses who would be in a much better position to testify as to those facts based on <u>firsthand</u> knowledge, such as Giuffre's significant other and employees of Jeffrey Epstein from the relevant time period. *See* ECF No. 206 at 5, 13-14. As to information to which the Shield Law applies, Dershowitz must exhaust alternative avenues before seeking to uncover non-published newsgathering information that has not been disclosed to any third party.

It is our hope that, in light of these principles, we are able to reach agreement with the parties about the scope of any testimony to be taken without the need for further Court intervention.

Please do not hesitate to let us know if the Court would like any further information.

Respectfully Submitted,

Davis Wright Tremaine LLP

/s/ Laura R. Handman

cc:    All parties (via CM/ECF)