# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Nicole J. Moss
(202) 220-9636
nmoss@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

November 24, 2020

**VIA ECF**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Giuffre v. Dershowitz*, **No. 19-cv-3377-LAP**

Dear Judge Preska:

    I write in follow-up to the status conference this afternoon. On that call, I suggested that Plaintiff had requested text messages in haec verba. Having now reviewed the Plaintiff's document request definitions, while it is clear that reasonably understood the definitions of "communication" and "document" can only be read to include text messages and clearly encompass those documents, a reference to text messages was not specifically included. The following were the definitions employed:

> "Communication" means the transmittal of information (in the form of facts, ideas, inquires or otherwise) and as this term is used herein should be understood to refer to any communications that occurred in any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, testimony, telex message, cable, correspondence, message, electronic mail, voice mail, exchange, provision or relay of a document, or other occurrence whereby fact, ideas, inquires or otherwise are transmitted between or among more than one person, or through any photographic, mechanical, electrical or electronic device or devices for receiving, transmitting, or storing data or other information.

> "Document(s)" should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, unless specifically limited by the Local Rules of the Court, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, electronic mail, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or

November 24, 2020
Page 2

      materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

      I apologize for any suggestion that would leave the record unclear or incorrect as to whether text messages were specifically in terms included in those definitions as opposed to generally being encompassed therein and submit this letter to correct that record as necessary.

      Respectfully,

      /s/ Nicole Jo Moss
      Nicole J. Moss

cc: Counsel of Record