UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>Defendant / Counterclaim Plaintiff. | Case No. 19-cv-03377-LAP<br>**REDACTED VERSION**<br><br>**DECLARATION OF NICOLE J. MOSS** |

Nicole J. Moss hereby declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner at Cooper & Kirk PLLC ("Cooper & Kirk"), and I make this declaration in support of Plaintiff Virginia Giuffre's opposition to Defendant Alan Dershowitz's motion to disqualify Cooper & Kirk as Plaintiff's counsel.

2. Attached hereto as Exhibit A is a true and correct copy of an email exchange dated May 31, 2016, between Defendant and Laura Menninger, which Defendant produced in this action with Bates stamp DERSH010535.

3. Attached hereto as Exhibit B is a table that accurately lists the documents we have located in Defendant's productions in this action that were or may have been subject to the protective order entered by the Court in *Giuffre v. Maxwell*, No. 15-cv-7433 (S.D.N.Y.), or were filed under seal in that action.

4. Many of these documents were produced to us as "orphaned" attachments, meaning that they were produced without the parent email to which they were attached. Before Defendant produced these documents, he asserted that he had entered into a joint defense agreement with Ghislaine Maxwell and therefore intended to withhold his correspondence with her attorneys on

privilege grounds. ████████████████████████████████████████

████████████████████████████ Defendant withdrew his assertion of privilege and produced email correspondence with Maxwell's counsel. We believe this correspondence is the source of the sealed and confidential material Defendant has produced.

5. Except on one document, Defendant has not added his own confidentiality legend to the sealed and confidential materials he has produced from the *Maxwell* matter, though some bear an original legend from that matter. We intend to treat the protected materials Defendant produces as sealed and/or confidential to the extent that we can independently discern that they are protected.

6. On October 27, 2020, in accordance with this Court's order dated September 9, 2020 (Doc. 174), Plaintiff produced to Defendant excerpts of deposition and hearing transcripts, deposition exhibits, party and non-party productions, other discovery materials, and sealed filings from *Giuffre v. Maxwell*, that were in Cooper & Kirk's custody and mentioned Defendant (including sufficient surrounding material to provide context for the references). This production included material from Cooper & Kirk's files and material discovered during the course of our review of Plaintiff's emails. It omitted material covered by the Court's sealed order dated September 9, 2020. On November 9, 2020, Plaintiff made a supplemental production consisting of excerpts of expert reports found in Cooper & Kirk's files, which we had inadvertently omitted from the previous production. We marked all of these documents "confidential."

7. Between these productions and Plaintiff's initial production, Plaintiff has produced most of the documents listed on pages 9–10 of Defendant's brief.

8. Cooper & Kirk represents Plaintiff *pro bono*.

9. Boies, Schiller & Flexner represented Plaintiff *pro bono* when it represented her in this action.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: December 4, 2020                          Respectfully submitted,

                                                               s/ Nicole J. Moss
                                                               Nicole J. Moss