UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA GIUFFRE,<br><br>   Plaintiff,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>   Defendant. | Civil Action No. 1:19-cv-3377 (LAP) |
| ALAN DERSHOWITZ,<br><br>   Counterclaim Plaintiff,<br><br>v.<br><br>VIRGINIA L. GIUFFRE,<br><br>   Counterclaim Defendant. | **AGREED PROTECTIVE ORDER** |

  THIS MATTER comes before the Court pursuant to a joint motion by the parties for a Protective Order, and the Court having considered the motion and other matters of record herein, and it appearing to the Court and the Court finding that given the nature of the issues in dispute in this matter and that future discovery or other litigation activity will require the disclosure or use of information and documentation which contains private and confidential health, financial, and other information (as defined herein) including protected health information as that term is defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Public Law 104-191, 110 Stat. 1936 (1996) as implemented by federal regulation, 45 C.F.R. § 164.501 et seq.; it further appearing to the Court that the interests of justice require that any such personal, confidential and protected information which may be produced during discovery or otherwise

1

disclosed or used during the course of this action be protected and that all applicable privacy rules regarding protected health and other confidential information as required by HIPPA and by applicable State law be observed and enforced; and it further appearing to the Court and the Court finding that it is in the public interest to allow the release and exchange of this information in this litigation, that the need for disclosure outweighs any individual's privacy rights, and that the protections afforded the individuals producing discovery under this Protective Order are adequate to guard the confidentiality of this information.

      IT IS, THEREFORE, ORDERED with the consent of the parties that a Protective Order be entered for the purposes of assuring the confidentiality of all protected information which may be disclosed by any party, witness, or person providing discovery in this case by consent, in response to discovery or a subpoena, in response to orders of the Court, in conjunction with the filing of any motion or response thereto, or otherwise during the hearing of this matter as follows:

      1.     This Protective Order (the "Order") shall govern the handling and treatment of all documents designated as "Confidential Information" as defined herein, including such documents revealed in deposition testimony and deposition transcripts, that are produced or provided in the course of pre-trial discovery and preparation for trial in this litigation.

      2.     As used in this Protective Order, the term "Confidential Information" includes (i) private financial information, such as tax records and bank account numbers; (ii) personally identifiable information, such as a social security numbers, home addresses, personal email addresses or personal telephone numbers; (iii) protected health information, inclusive of physical and mental health records; and (iv) identifying information of sexual abuse victims, such as names, emails, telephone numbers, or home addresses. "Confidential Information" also includes information filed under seal or designated as 'Confidential' in another action for which the

confidentiality designation or seal has not been lifted; provided, however, that any party to this action may request that another party to this action remove the confidentiality designation from any document that was designated as "Confidential" in another action but which the designating party has subsequently produced in this action and which the requesting party wishes to use in a filing, at a deposition, or in a court proceeding. Should such a request be made, the designating party will promptly review the identified documents and remove the confidentiality designation from those documents if appropriate. If the requesting party disagrees with a decision not to remove a confidentiality designation, the requesting party must promptly move the Court for further relief.

3. The designation as Confidential Information shall be made by affixing the word 'Confidential' upon the document. The inadvertent failure to mark any document as 'Confidential' when being disclosed to an opposing party will not preclude a party from later designating the document as 'Confidential.' Furthermore, the designation of documents as 'Confidential' does not constitute acknowledgement that such documents are relevant, discoverable, or admissible in this action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. This Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action. Nothing herein shall be construed as an admission that materials designated 'Confidential' are in fact, proprietary, personal, or otherwise confidential materials, but only that the parties agree to comply with the terms of the Order.

4. As used in the Order, the terms "informal discovery" or "other litigation activity" are intended to encompass the voluntary exchange of information. If such an exchange of information involves the disclosure of protected health information, the Court finds this is being done pursuant to the "other lawful process" exception as that term is used in federal regulation

defining permissible disclosures, *see* 45 C.F.R. § 164.512(e)(1)(ii), and is therefore fully compliant with the parties' obligations under HIPPA and applicable state law.

      5.      "Confidential Information" that is disclosed as that term is defined in paragraph 2 above, shall be used by the party or counsel for the party only for purposes of this action, including in testimony, depositions, briefs, memoranda of law, witness preparation or other filings in connection with this action or in preparation for the trial of this action provided that all such transcripts, briefs, memoranda or other filings or trial preparation materials containing Confidential Information shall be marked "Confidential" pursuant to this Protective Order.

      6.      The Confidential Information and any information obtained from such documents shall be used solely for this litigation, and shall not be disclosed to or disseminated, including but not limited to, any other person; the general public, or any news organization provided, however, that such documents may be disclosed to the following:

    (a)    the parties of record hereto;

    (b)    the counsel of record for the parties, including associates and staff;

    (c)    personnel and witnesses of the parties whose review and knowledge is necessary to prepare the case for motions, trial or appeal;

    (d)    any person from whom testimony is taken in this action or whom either party reasonably believes will be required to testify at trial, except that such person shall previously agree in writing to be bound by this Order;

    (e)    outside experts or consultants retained by a party for purposes of the above-captioned litigation and for no other purpose, provided that each such expert or consultant shall previously agree in writing to be bound by this Order;

(f) independent stenographic personnel, court reporters, videographers, photocopying, document imaging or database services, or other independent litigation support services providing services in the above-captioned litigation;

(g) persons employed by the Court and jury in connection with the handling of this action; and

(h) any other person to whom the producing party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made.

7. If any person not already bound by law and/or position to maintain confidentiality of such information is given access to Confidential Information, before access is given to such Confidential Information, counsel who wishes to provide the documents to said person shall first inform such person of this Order and require such person to acknowledge in writing that he or she understands the terms of this Order and agrees to abide by them. In the case of a witness at trial, it shall be sufficient for the witness to acknowledge the Order on the record. It shall not be necessary to repeat this process each time a person is shown additional confidential documents.

8. Each person given access to confidential documents or information pursuant to this Order shall keep such material strictly secure and shall refrain from disclosing in any manner any information except as provided by this Order.

9. Upon conclusion of this action, including all appeals, the provisions of this Order shall continue to be binding upon all persons entitled to access under the terms of this Order. Within sixty (60) days of the conclusion of this action, all confidential documents subject to this Order and all notes, summaries, copies and extracts from such documents shall be returned to the producing party or such confidential and protected material shall be certified as having been

destroyed by the party in receipt thereof and such certificate shall be provided to the producing party or counsel. Upon conclusion of this action, to the extent the Court is in possession of Confidential Information that was filed under seal, at the request of any party, the Court shall destroy all such Confidential Information within its possession. All Confidential Information that has not been returned or destroyed shall remain subject to this Order.

10. Nothing in this Order shall preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of the documents and information. Nothing in this Order shall limit a party or its counsel from use as otherwise allowed by law of its own documents or information or any documents or information obtained outside this action.

11. To the extent that Confidential Information is contained in or attached to materials filed with this Court or a reviewing court, such materials shall be either redacted or filed under seal in accordance with Individual Practice Rule 2.H and maintained in a secure location. Alternatively, any party seeking to file Confidential Information may obtain written permission from the producing party to file such material in the public record. No one other than those authorized by this Order shall have access to such sealed materials.

12. Parties shall attempt informally to resolve disputes regarding the confidentiality designation of information pursuant to this Order, and if informal resolution is not obtained within five (5) business days, shall apply to the undersigned or other appropriate judicial officer for a ruling on the dispute within ten (10) business days. Confidentiality shall be maintained until the dispute is resolved. The party asserting the confidential nature of information shall bear the burden of persuading the Court that the designated material should be treated as Confidential Information.

13. At any time prior to a final decision in this action, any party may file a request to exempt specific documents from this Order. Documents shall be kept confidential until such time as a ruling is obtained on the request for exemption.

14. If a person or entity in possession of Confidential Information is served with a subpoena or demand for production of such materials from a court, administrative, legislative, or other governmental body, the recipient shall give written notice as soon as possible to the attorneys for the producing party, and in no instance later than five (5) business days after receipt of the subpoena or demand. In the event that a subpoena or demand purports to require production of such Confidential Information in less than ten (10) days from the recipient's receipt of the notice, the person or entity to whom the subpoena or demand is directed shall give immediate telephonic notice of the receipt of such subpoena or demand and transmit a copy thereof by facsimile, electronic mail, or for next day delivery, to the attorneys for the producing party. The person or entity in possession of such Confidential Information shall, to the extent consistent with law, retain possession and, where possible, not produce the subject Confidential Information until any attempt of the producing or disclosing party to have the subpoena or demand quashed or modified by the compelling authority is resolved or ordered to do so by a court. Good faith compliance with a lawful subpoena shall not be deemed a violation of this Order. In the event that such protective order or other relief is not obtained, or the producing party waives compliance with the provisions of this Order, the party required to disclose information designated as 'Confidential' shall furnish only that portion of the information which, upon the advice of its counsel, is legally required and will exercise reasonable efforts to obtain assurances that confidential treatment will be accorded information designated 'Confidential.'

15. This Order shall have no force and effect on the use of any Confidential Information at trial in this matter. However, on a case-by-case basis, either party may petition the Court to restrict the use at trial of highly sensitive Confidential Information.

16. A breach of the provisions of this Order shall be subject to sanctions, in the discretion of the Judge or other appropriate judicial official as authorized by any statute, rule or inherent power retained or provided by law.

17. The provisions of this Order shall survive and remain in full force and effect after the entry of a final disposition (including any appellate proceedings) in this matter, whether by settlement or litigation. This court or any other appropriate court of law retains jurisdiction both before and after the entry of final disposition of this matter (whether by settlement or litigation) to construe, enforce and amend the provisions of this Order.

18. Nothing contained in this Order will preclude any party from applying to the Court for further relief or modification of any provision thereof.

| COOPER & KIRK, PLLC | TODD & WELD, LLP |
|---|---|
| s/ Charles J. Cooper | s/ Howard M. Cooper |
| Charles J. Cooper* | Howard M. Cooper* |
| Michael W. Kirk | Christian G. Kiely* |
| Nicole J. Moss* | Kristine C. Oren* |
| Haley N. Proctor* | *Admitted Pro Hac Vice |
| *Admitted Pro Hac Vice | One Federal Street, 27th Floor |
| 1523 New Hampshire Avenue, NW | Boston, MA 02110 |
| Washington, DC 20036 | (617) 720-2626 |
| (202) 220-9600 | hcooper@toddweld.com |
| ccooper@cooperkirk.com | ckiely@toddweld.com |
| mkirk@cooperkirk.com | koren@toddweld.com |
| nmoss@cooperkirk.com | |
| hproctor@cooperkirk.com | |

AIDALA, BERTUNA & KAMINS, P.C.

s/ Arthur L. Aidala
Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)
Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
iansari@aidalalaw.com
aidalaesq@aidalalaw.com

SO ORDERED AND SIGNED this 21 day of December, 2020.

*Loretta A. Preska* 12/21/2020
Hon. Loretta A. Preska
Senior United States District Judge

9