# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

Nicole Jo Moss
(202) 220-9660
nmoss@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

January 5, 2020

**VIA ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Giuffre v. Dershowitz*, **Case No. 19-cv-3377-LAP**
      *Giuffre v. Maxwell*, **Case No. 15-cv-7433-LAP**

Dear Judge Preska:

I write on behalf of Plaintiff Virginia Giuffre in response to a letter submitted to the Court in *Giuffre v. Maxwell*, Case No. 15-cv-7433, dated December 23, 2030 (Doc. 1182 in 15-cv-7433), in which a John Doe represented by Mr. Lewin and Mr. Krieger raises concerns about the agreed protective order entered by the Court in *Giuffre v. Dershowitz*, Case No. 19-cv-3377 (Doc. 227 in 19-cv-3377) (the "Protective Order").

We respectfully disagree with the interpretation of the Protective Order that John Doe advances in his letter. It was certainly not Plaintiff's intention to agree to a protective order that gives the parties to *Giuffre v. Dershowitz* "unfettered bilateral authority to publicly file presently sealed documents from *Giuffre v. Maxwell* . . . , which have been produced as discovery in *Dershowitz*." Apart from Plaintiff's own personal documents (*e.g.*, her emails), any confidential and/or sealed materials from *Giuffre v. Maxwell* that have been produced in discovery in *Giuffre v. Dershowitz* remain subject to the protective order and/or sealing orders entered in *Giuffre v. Maxwell*. Neither Plaintiff nor Defendant has the authority to lift those confidentiality designations and must continue to treat all such documents as confidential unless and until the Court determines they can be unsealed. This, of course, includes not filing such materials unsealed on the public docket in this case.

The only documents presently designated confidential in *Giuffre v. Maxwell* that may be brought out from under the protective order entered in that case are Plaintiff's own personal documents. Those documents must be analyzed separately because they are Plaintiff's personal materials that she is required to produce in *Giuffre v. Dershowitz* to the extent that they are not privileged and are responsive to Defendant's document requests. While many of those documents were previously produced by Plaintiff in discovery in *Giuffre v. Maxwell*, and Plaintiff is relying on that production in this case to reduce the burden and expense of document discovery, they are Plaintiff's documents, and she is entitled to lift any confidentiality designation that she asserted under the protective order entered in *Giuffre v. Maxwell*, if Plaintiff concludes that removing such a designation is appropriate and assuming no other confidentiality order applies (*e.g.*, Plaintiff could not unilaterally lift the confidentiality designation on a document in her

January 5, 2021
Page 2

possession that is not her own personal document and that is subject to a confidentiality order in another matter). While Plaintiff disagrees that John Doe has any standing to object to what Plaintiff does with her own documents in discovery in this case, she notes that, to the extent a document produced by Plaintiff in *Giuffre v. Maxwell* was designated confidential by Plaintiff in that case, the parties to this case have agreed that any such document will remain subject to the *Giuffre v. Maxwell* protective order unless and until Defendant specifically requests that Plaintiff reconsider the confidentiality designation and, after review, Plaintiff agrees the document is not confidential.

Because John Doe has misread the Protective Order to grant the parties authority they do not in fact have, the Court need not take any further action, but if there are revisions to the Protective Order that the Court would like the parties to consider to put this matter to rest or clarify the parties' obligations, Plaintiff will, of course, do so.

Respectfully,

s/ Nicole Jo Moss
Nicole J. Moss

cc: Counsel of Record (in both matters)