

Howard M. Cooper
E-mail: hcooper@toddweld.com

January 5, 2021

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
          *Giuffre v. Maxwell*, Case No.: 15-cv-07433-LAP

Your Honor:

    Professor Dershowitz has reviewed the submission made by non-party John Doe, ECF No. 1182 in *Giuffre v. Maxwell*, in which Mr. Doe takes issue with the agreed-upon Protective Order entered by the Court as ECF No. 227 in *Giuffre v. Dershowitz*. Specifically, Mr. Doe asserts that the Protective Order permits the parties in *Giuffre v. Dershowitz* to file sealed material from *Giuffre v. Maxwell* to the public docket in *Dershowitz* without prior judicial approval.

    Professor Dershowitz reiterates and incorporates by reference his prior objections to John Doe's repeated attempts to assert himself into these proceedings, particularly where it appears that Mr. Doe never provided any discovery in reliance on the Protective Order in *Giuffre v. Maxwell* and therefore has no rights under the same. *See* August 24, 2020 Letter from Ansari and Cooper in *Giuffre v. Dershowitz*, ECF No. 171.

    Regardless, Mr. Doe's interpretation of the recently-entered Protective Order in *Dershowitz* is incorrect. The Court will recall that Ms. Giuffre has, for the sake of efficiency, re-produced in the *Dershowitz* case her document productions from the *Maxwell* case with whatever confidentiality designations were originally applied in the *Maxwell* case. Recognizing that some documents which Ms. Giuffre designated as confidential in *Maxwell* may not appropriately be designated as confidential in *Dershowitz*, the Protective Order provides a procedure whereby Ms. Giuffre will consider removing such inappropriate designations upon request. The Protective Order does ***not*** purport to confer authority on either party to publicly file any *sealed* documents from the *Maxwell* case without first seeking leave of Court. Mr. Doe's concerns are thus without merit and the Court should deny his request as moot.

                                        Respectfully submitted,

                                          /s/ Howard M. Cooper
                                          Howard M. Cooper

cc:    All counsel of record, via ECF and email