| COOPER & KIRK, PLLC | TODD & WELD LLP | AIDALA, BERTUNA & KAMINS, PC |
|---|---|---|
| 1523 New Hampshire Ave, N.W. | One Federal Street | 546 Fifth Avenue |
| Washington, DC 20036 | 27th Floor | 6th Floor |
| (202) 220-9600 | Boston, MA 02110 | New York, NY 10036 |
| | (617) 720-2626 | (212) 486-0011 |

January 15, 2021

**VIA ECF**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Giuffre v. Dershowitz*, Case No 19-cv-3377-LAP
      Joint Status Report

Dear Judge Preska:

  In accordance with the Court's order at the November 24, 2020, status conference, the parties submit the following joint report concerning the status of party depositions.

  The parties have not yet agreed upon dates for depositions of Plaintiff or Defendant. Two obstacles to scheduling these depositions remain.

  <u>First</u>, the coronavirus pandemic continues to inhibit travel and makes in-person depositions inadvisable at this time.

  Australia currently places travel restrictions on traveling outside Australia. *See Outward Travel Restrictions Operation Directive*, Australian Government Department of Home Affairs & Australian Border Force, https://bit.ly/2XyGChX. While it is possible to apply for an exemption to this outbound travel restriction that would enable Plaintiff to leave Australia, obtaining an exemption is not guaranteed. Further, because there are currently strict border measures in place in Australia with very limited flights currently available according to Australia's Department of Home Affairs, *see COVID-19 and the border: Travel restrictions and exemptions*, AUSTRALIAN GOVERNMENT DEPARTMENT OF HOME AFFAIRS (updated Dec. 14, 2020), https://bit.ly/35ENL4u, leaving Australia at this time presents a significant risk that, even if Plaintiff were to obtain a travel exemption and were able to book an outbound flight from Australia, she would be unable timely to return to the location where her husband and minor children reside and where she is receiving ongoing medical treatment. At a minimum, any travel to the United States from Australia would require Plaintiff to be apart from her family for at least a month, as the CDC recommends a 14-day quarantine for international travelers arriving in the United States international travelers, some states *mandate* such a quarantine, and Plaintiff, upon returning to Australia, would likely be subject to a mandatory fourteen-day hotel quarantine, in which her family could not join her. *See COVID-19 coronavirus: Travel to WA*, WA.GOV.AU (updated Jan. 8, 2021, 11:57 AM), https://bit.ly/3bwPKM9 (accessed Jan. 8, 2021). Those are the current regulations, but the dynamic nature of the pandemic could alter the travel restrictions at any time, creating a concrete risk that Plaintiff would be separated from her minor children for an even longer period. There is, however, hope that the landscape will change in the coming months, as Australia is expected to begin mass

January 15, 2021
Page 2

vaccinations next month. *Covid-19: Australia to begin mass vaccinations in February*, BBC NEWS (Jan. 7, 2021), https://bbc.in/3slaCMm.

In addition to the travel restrictions specifically impacting Plaintiff's ability to travel to the United States for her deposition, the parties and their counsel share more general concerns relating to the risks of domestic travel and convening in person for depositions under conditions which would necessarily pose a substantial risk for transmission of the coronavirus even with precautions in place.

The parties agree that many of the numerous non-party depositions which will occur in the case can be conducted remotely, via videoconference. However, the parties continue to believe that the depositions of Plaintiff and Defendant must be conducted in person if at all possible. Given the number of non-party depositions which need to occur and the volume of other discovery that remains to be completed, the parties agree that scheduling of Plaintiff's and Defendant's depositions can be deferred at this time without impacting or delaying the overall resolution of the case.

Second, party document production remains incomplete.

On Plaintiff's side, the two largest categories of outstanding documents are medical records and text/social media messages. Although Plaintiff made a substantial production of medical records as part of a production of confidential documents in late December, she is continuing to gather additional records. Plaintiff is also working on retrieving messages from a secure application on her phone called Signal that requires physical access to the phone and specialized technical knowledge. As the parties have reached an agreement in principle for a protocol governing the production of text and social media direct messages, Plaintiff will produce these messages shortly.

Defendant anticipates substantially completing production of his remaining documents, including documents from his Gmail account, text messages, and non-email documents, by January 29, 2021. Additional time will likely be necessary to complete production of Defendant's medical records, as well as email and other documents in the possession of Defendant's wife and administrative assistants which will be reviewed and produced pursuant to a protocol recently proposed by Plaintiff and which the parties are in the process of negotiating.

Finally, the parties continue to negotiate with Harvard concerning a protocol for the review and production of emails from Defendant's Harvard account, and that process is taking longer than anticipated.

*\*\*\**

The parties propose to submit a further joint status report on February 19, 2021. Importantly, in the meantime, the parties intend to proceed with the scheduling of numerous non-party depositions which can reasonably be conducted remotely via videoconference. The parties

January 15, 2021
Page 3

will also make use of this time to work on completing their respective document productions as well as non-party document productions.

                                                    Respectfully,

| COOPER & KIRK, PLLC | TODD & WELD, LLP |
|---|---|
| /s/ Nicole Jo Moss | /s/ Christian G. Kiely |
| Charles J. Cooper* | Howard M. Cooper* |
| Michael W. Kirk | Christian G. Kiely* |
| Nicole J. Moss* | Kristine C. Oren* |
| Haley N. Proctor* | *Admitted Pro Hac Vice |
| *Admitted Pro Hac Vice | One Federal Street, 27th Floor |
| 1523 New Hampshire Avenue, NW | Boston, MA 02110 |
| Washington, DC 20036 | (617) 720-2626 |
| (202) 220-9600 | hcooper@toddweld.com |
| ccooper@cooperkirk.com | ckiely@toddweld.com |
| mkirk@cooperkirk.com | koren@toddweld.com |
| nmoss@cooperkirk.com | |
| | AIDALA, BERTUNA & KAMINS, P.C. |
| | /s/ Arthur L. Aidala |
| | Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059) |
| | Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978) |
| | 546 Fifth Avenue, 6th Floor |
| | New York, New York 10036 |
| | (212) 486-0011 |
| | iansari@aidalalaw.com |
| | aidalaesq@aidalalaw.com |