| **COOPER & KIRK, PLLC** | **TODD & WELD LLP** | **AIDALA, BERTUNA & KAMINS, PC** |
|---|---|---|
| 1523 New Hampshire Ave, N.W. | One Federal Street | 546 Fifth Avenue |
| Washington, DC 20036 | 27th Floor | 6th Floor |
| (202) 220-9600 | Boston, MA 02110 | New York, NY 10036 |
| | (617) 720-2626 | (212) 486-0011 |

January 20, 2021

<u>VIA ECF</u>
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   ***Giuffre v. Dershowitz*, Case No 19-cv-3377-LAP**
>        Protective Order

Dear Judge Preska:

We write on behalf of both parties to request a clarification and modification of the Court's Order, dated Jan. 6, 2021 (ECF 233) ("Order").

The Order requires the parties to revise the agreed protective order entered in the above-captioned action ("Protective Order") by appending the following language to the definition of "Confidential Information":

> For the avoidance of doubt, for materials produced in or generated as a result of discovery in *Giuffre v. Maxwell*, the parties may only agree to remove confidentiality designations for Ms. Giuffre's personal documents, i.e., those bearing her bates stamp in *Maxwell*. Even where Ms. Giuffre agrees to remove the confidentiality designations for such materials produced in *Maxwell*, the parties shall not publicly disclose or file on the public docket the names or identifying information of non-party Does (except for Mr. Dershowitz) in materials originally designated confidential in *Maxwell* and filed in that case either under seal or with the non-party Doe's identifying information redacted (unless such information has been unsealed already by the Court in *Maxwell*).

The parties request a clarification and modification of the second sentence of the new language.

<u>First</u>, the parties request a clarification of the term "non-party Does." Does that term refer to all third parties, to third parties bearing certain characteristics (e.g., alleged perpetrators and/or victims of sexual assault or trafficking), or to a set of individuals who have been identified as Does in *Giuffre v. Maxwell*, Case No. 15-cv-7433 (LAP)? If there is a list of Does, then the parties (who do not currently have unlimited access to sealed material in *Maxwell*) request that their counsel be provided a list on a confidential basis.

<u>Second</u>, the parties are concerned about their ability to identify documents that have been "filed in [*Maxwell*] under seal or with the non-party Doe's identifying information redacted." The parties' counsel do not have access to a complete set of sealed filings in *Maxwell*, and while they do have access to public versions of redacted documents, the large number of filings on the docket

January 20, 2021
Page 2

would make it difficult to *confirm* that a given document has not been filed in redacted form. Instead, the parties would propose to redact the names of non-party Does (as clarified above) from *all* public filings of Ms. Giuffre's personal documents bearing her bates stamp in *Maxwell* that were designated "confidential" in that action, unless they affirmatively determine that the document is available publicly in unredacted form. Accordingly, the new language for the Protective Order would be revised as follows:

> For the avoidance of doubt, for materials produced in or generated as a result of discovery in *Giuffre v. Maxwell*, the parties may only agree to remove confidentiality designations for Ms. Giuffre's personal documents, i.e., those bearing her bates stamp in *Maxwell*. Even where Ms. Giuffre agrees to remove the confidentiality designations for such materials produced in *Maxwell*, the parties shall not publicly disclose or file on the public docket the names or identifying information of non-party Does (except for Mr. Dershowitz) in materials originally designated confidential in *Maxwell* ~~and filed in that case either under seal or with the non-party Doe's identifying information redacted (~~, unless <u>the filing party is able to determine that</u> such information has been unsealed already by the Court in *Maxwell*<u>, was otherwise filed publicly in that action, or is otherwise publicly available</u>~~)~~.

> The parties are grateful for the Court's guidance in this matter.

> Respectfully,

COOPER & KIRK, PLLC

s/Nicole J. Moss
Charles J. Cooper*
Michael W. Kirk
Nicole J. Moss*
Haley N. Proctor*
*Admitted Pro Hac Vice*
1523 New Hampshire Avenue, NW
Washington, DC 20036
(202) 220-9600
ccooper@cooperkirk.com
mkirk@cooperkirk.com
nmoss@cooperkirk.com

TODD & WELD, LLP

s/Howard M. Cooper
Howard M. Cooper*
Christian G. Kiely*
Kristine C. Oren*
*Admitted Pro Hac Vice*
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com
koren@toddweld.com

AIDALA, BERTUNA & KAMINS, P.C.

s/Arthur L. Aidala
Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)
Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
iansari@aidalalaw.com
aidalaesq@aidalalaw.com