# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Nicole J. Moss
(202) 220-9636
nmoss@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

February 26, 2021

**VIA ECF**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Giuffre v. Dershowitz*, No. 19-cv-3377-LAP
       Pre-Motion Letter: Motion To Compel

Dear Judge Preska:

I write on behalf of Plaintiff Virginia Giuffre to request the Court's permission to file a motion to compel Defendant Alan Dershowitz to produce electronic communications and documents sent to or from his Harvard University email account ("Harvard account"), with an alternative request for a ruling in limine. We also seek leave to file a portion of that motion under seal.

Plaintiff served her first set of requests for production on Defendant a full year ago, on February 28, 2020. Defendant has represented that he uses only two email accounts: the Harvard account and a Gmail account. While Defendant has represented that he has substantially completed his production from his Gmail account, to date Plaintiff has not received a single production from the Harvard account.

Defendant does not dispute that his communications in the Harvard account are discoverable material. To the contrary, Defendant has acknowledged from the start his obligation to produce responsive documents from the Harvard account. Instead, Defendant attributes his failure to produce the documents to the university's insistence on adhering to its policy of conducting a review of Defendant's emails for information that is confidential under the Family Educational Rights and Privacy Act (FERPA) and other laws before releasing them to Defendant (the "FERPA review"). Yet Defendant knew when this litigation began that he would have to make arrangements with Harvard to meet his discovery obligations. His failure to conclude such arrangements more than eighteen months after this litigation began and one year after receiving Plaintiffs' discovery requests leaves Plaintiff no choice but to seek the Court's intervention.

Counsel for Defendant first informed us that Harvard controlled access to his email account during a meet and confer on May 26, 2020. The next day, we followed up with a written request for a description of the protocol Harvard would be using to collect and review Defendant's emails. Counsel for Defendant did not respond. One month later, we renewed our request, and again our inquiry went unanswered. It was not until July 21, 2020, after further prompting, that counsel for Defendant informed us that "Harvard will not agree to collect Prof. Dershowitz's email until we have an agreed-upon set of search terms, since they apply search terms on their end as part of the collection process." By that point, Plaintiff's search term proposal had been outstanding for nearly two months. On August 7, 2020, the parties reached an agreement on search terms. Again, nearly a month passed without an update from Defendant, and we

February 26, 2021
Page 2

inquired once more. On September 4, 2020, counsel for Defendant promised a "substantive update on the status of the Harvard collection by next week." That report never arrived.

Frustrated by Defendant's foot-dragging in producing documents from the Harvard account, on September 8, 2020, Plaintiff issued a subpoena directly to Harvard, seeking *inter alia* the production of Defendant's emails containing the agreed search terms. Counsel for Defendant responded to Plaintiffs' notice by stating that Defendant did not "as a general matter, object to [our] pursuing the discovery of Professor Dershowitz's Harvard email in this manner," but asserting for the first time that "[a]ll that was agreed with respect to the Harvard account is that we would apply these search terms as a starting point, and thereafter refine as appropriate depending on the volume of documents returned." Defendant then suspended his own efforts to collect and produce documents from the Harvard account, but did not notify Plaintiff until we inquired about his efforts a month later.

In mid-October, Plaintiff began negotiating with Harvard concerning the subpoena. Within days—and without requiring advance agreement on search terms—Harvard had collected Defendant's account. Since early November, counsel for Plaintiff, Defendant, and Harvard have been negotiating a protocol for review and production to reduce Defendant's burden in a way that is compatible with meeting his discovery obligations. We have reached an agreement in principal that the parties will develop a search protocol to identify the universe of emails subject to review and production; Harvard will then conduct a FERPA review before releasing the emails to Defendant for a responsiveness and privilege review.[1]

Plaintiff seeks the Court's intervention on three issues on which the parties have not been able to reach an agreement: who will bear the cost of Harvard's review, certain features of the search protocol, and Defendant's ability to assert privilege over emails hosted on the Harvard server.

**Cost**: Harvard has taken the position that the parties must bear the full cost of Harvard's FERPA review, and its counsel will not commence the FERPA review until an agreement has been reached concerning who will cover the cost. Plaintiff's position is that Defendant must bear any cost Harvard passes on to the parties because it is his obligation to produce his own emails. The burden of bearing Harvard's cost should not shift to Plaintiff merely because Defendant delayed the process so long that she felt compelled to subpoena the documents directly from Harvard.

Plaintiff therefore seeks permission to move to compel Defendant to bear the costs of Harvard's FERPA review of documents returned by the parties' negotiated search protocol. In addition, she seeks an order compelling Defendant to pay Harvard immediately so Harvard will promptly review and produce the documents returned by the search terms and parameters set forth in Appendix A, which are basic to the case and highly likely to return documents relevant to the parties' claims and defenses. There is no reasonable basis for further delaying production of these clearly discoverable materials while the parties continue to negotiate over the balance of the protocol.

**Search Protocol**: The parties continue to negotiate certain features of the search protocol, but they

---

[1] In early February, Defendant requested that Harvard release a subset of emails deemed unlikely to contain FERPA material to Defendant's counsel without performing a FERPA review. To our knowledge, Harvard has not responded to that proposal, but it has rejected similar proposals by Plaintiff on the ground that it must review all emails before release.

February 26, 2021
Page 3

have reached an impasse on the following two related issues: (1) Harvard and Defendant take, in Plaintiff's view, the procrustean position that the search terms must continue to be pruned and refined until the volume of emails subject to review is reduced down to some unspecified number without regard to the relevancy and importance of various search terms, and (2) to reduce the review volume, Defendant seeks to exclude from the search protocol search terms relating to individuals other than Defendant whom Plaintiff has identified as Epstein associates. Yet Defendant has repeatedly made it clear that he considers the veracity of Plaintiff's statements concerning these individuals to be relevant to his defense to her defamation claims. *See, e.g.*, Mem. of Law in Supp. of Mot. To Disqualify, Doc. 204, at 8 (Nov. 18, 2020). Although Plaintiff stands by her prior testimony concerning Epstein associates, she agrees with the Court that the conduct of these Epstein associates "is fairly far afield from the main issue in this litigation." Order, Doc. 152, at 2 (July 22, 2020). Plaintiff therefore offered to eliminate the disputed terms from the search protocol if Defendant will foreswear seeking discovery or offering evidence about the referenced Epstein associates and using information about them to impeach Plaintiff. Defendant rejected the offer.

In order to resolve this dispute and to forestall future discovery disputes of a similar nature, Plaintiff seeks permission to move for a ruling in limine that evidence relating to Plaintiff's allegations concerning other Epstein associates is not admissible in this action. Plaintiff also seeks leave to file under seal so much of her motion as discloses the identities of these individuals and any details of Plaintiff's statements concerning them. Finally, and in the alternative, Plaintiff seeks an order compelling Defendant to produce documents concerning these individuals if he intends to rely on evidence relating to Plaintiff's statements about them to prosecute his claims, defend against hers, or for impeachment purposes.

**Privilege**: Defendant has announced his intention to assert privilege over his communications to and from his Harvard email address. When a person uses an employer-provided email account to communicate with his attorneys, the communication is privileged only if the person's expectation of confidentiality is "objectively reasonable." *In re Asia Glob. Crossing, Ltd.*, 322 B.R. 247, 258 (Bankr. S.D.N.Y. 2005); *see also Convertino v. U.S. Dep't of Just.*, 674 F. Supp. 2d 97, 110 (D.D.C. 2009). Harvard's policies expressly reserve to the university the right to access communications "stored in or transmitted through [its] systems."[2] The process of obtaining Defendant's communications for this litigation underscores the unreasonableness of any expectation of confidentiality: Defendant's own attorneys cannot access his communications from Harvard's servers until Harvard has conducted a substantive review of those communications. Defendant learned of that practice at least as early as 2015, when he attempted to collect communications for production in *Edwards v. Dershowitz*, No. CACE-15-000072 (17th Cir. Ct. Broward Cnty. Fla.). Plaintiff therefore respectfully seeks permission to move to compel Defendant to produce responsive communications with his counsel using his Harvard email address from April 1, 2015 to April 16, 2019.

Plaintiff reserves her rights with respect to other discovery-related disputes. Plaintiff seeks to move for relief on the Harvard account now because she feels judicial intervention is needed to advance discovery to a point where any remaining disputes can be presented for the Court's resolution.

---

[2] *Policy on Access to Electronic Information*, HARVARD UNIV. (amend. May 8, 2015), *available at* https://bit.ly/3shYpHc; *see also* REPORT OF THE ELECTRONIC COMMUNICATIONS POLICY TASK FORCE, HARVARD UNIV. (Feb. 2014), *available at* https://bit.ly/2ZE9kPr (describing practice before the adoption of the above policy).

February 26, 2021
Page 4

                                                        Respectfully,

                                                        <u>/s/ Nicole Jo Moss</u>
                                                        Nicole J. Moss

cc: Counsel of Record

# APPENDIX A

1. Include all documents to/from/cc/bcc or containing (in plain text) the following addresses:
    a. zorroranch@aol.com
    b. Abc1234562@mail.com (date limit: 4/1/2015 to present)
    c. jeeproject@yahoo.com
    d. jeevacation@gmail.com
    e. jeffreye@mindspring.com
    f. littlestjeff@yahoo.com
    g. manager@littlestjeff.com
    h. Gmax1@ellmax.com
    i. Gmax1@mindspring.com
2. Exclude all emails dated October 1, 2005 to June 30, 2008, that are to/from/cc/bcc the following names/addresses, unless the email is to/from/cc/bcc a "Third Party" (defined below):
    a. Darren Indyke
    b. DKIESQ@aol.com
    c. Gerald Lefcourt
    d. GBL@lefcourtlaw.com
    e. lefcourt@gmail.com
    f. Guy Lewis
    g. glewis@lewistein.com
    h. guyfronstin@mindspring.com
    i. Jack Goldberger
    j. jgoldberger@agwpa.com
    k. jeelitigation@agwpa.com
    l. Jay Lefkowitz
    m. Lefkowitz, Jay P.
    n. JLefkowitz@kirkland.com
    o. lefkowitz@kirkland.com
    p. Ken Starr
    q. Starr, Ken
    r. Ken.Starr@pepperdine.edu
    s. Ken_Starr@baylor.edu
    t. Lilly A. Sanchez
    u. Lilly Ann Sanchez
    v. las@fowler-white.com
    w. lsanchez@fowler-white.com
    x. Martin G. Weinberg
    y. Martin G. Weinberg, Esq.
    z. Martin Weinberg
    aa. mgwpc@yahoo.com
    bb. owlmcb@att.net
    cc. owlmcb@worldnet.att.net

A-1

      dd. owlmgw@worldnet.att.net
      ee. owlmgw@att.net
      ff. Roy Black
      gg. RBlack@royblack.com
      hh. Robert D. Critton Jr.
      ii. rcrit@bclclaw.com

3. A "Third Party" is defined to include anyone who is not Defendant and whose name/email address does not appear in the list above *except* individuals who would be identified by the following names/addresses/domain names in the to/from/cc/bcc metadata:

      a. Jeffrey Epstein
      b. Jeffrey E.
      c. Jeff Epstein
      d. Jeffery Edwards
      e. J
      f. J. Epstein
      g. Jeevacation
      h. jeffreye@mindspring.com
      i. littlestjeff@yahoo.com
      j. zorroranch@aol.com
      k. jeevacation@gmail.com
      l. jeeproject@yahoo.com
      m. epstein@wanadoo.fr
      n. epsteinj@wanadoo.fr
      o. lefcourtlaw.com
      p. lewistein.com
      q. agwpa.com
      r. kirkland.com
      s. pepperdine.edu
      t. baylor.edu
      u. fowler-white.com
      v. royblack.com
      w. bclclaw.com