# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Nicole J. Moss
(202) 220-9636
nmoss@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

March 4, 2021

**VIA ECF**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Giuffre v. Dershowitz*, No. 19-cv-3377-LAP
             Reply Letter: Motion To Compel

Dear Judge Preska:

      I write on behalf of Plaintiff Virginia Giuffre in reply to Defendant Alan Dershowitz's letter of March 3, 2021, Doc. 244, opposing Plaintiff's request for a pre-motion conference at which she will seek permission to move to compel the production of documents and/or for a motion in limine.

      **Cost**: Harvard's sudden and unexpected agreement to forego an internal review of a portion of the documents located in the Harvard account—after months of insisting that its policy precluded such an arrangement—has undoubtedly reduced the scale of the costs to be borne. Yet this breakthrough manifestly has not mooted the dispute, as Defendant still refuses to commit to cover those costs and even argues that Plaintiff should bear them. Under an ordinary subpoena, costs may be shifted (if at all) to the serving party,[1] but this is not an ordinary subpoena: it is a subpoena for documents that Defendant has repeatedly and correctly acknowledged that he has an obligation to produce under Federal Rules Civil Procedure 34. Plaintiff served a subpoena only because Defendant made no visible progress in meeting that obligation for six months after Plaintiff served her document requests and well over a year after the complaint in this case was filed and put Defendant on notice he would need to negotiate a protocol with Harvard to produce documents from the Harvard account. Whether the fault for that delay is Defendant's or Harvard's is immaterial; the fact remains that the costs are Defendant's responsibility alone, and he has steadfastly refused to agree to bear those costs so that the review and production from the Harvard account can commence.

      To be clear, Plaintiff does not seek "carte blanche": that is, an order that Defendant cover all costs

---

[1] Were this an ordinary subpoena, Plaintiff would resist cost-shifting on the grounds that (1) Harvard has substantially more resources than she does, and (2) the bulk of the costs Harvard seeks to shift are likely to be associated with its review of the documents for confidential information. *See US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *4 (S.D.N.Y. 2012) (considering "whether the nonparty can more readily bear the cost," and noting that it generally "is not appropriate to shift [the costs of privilege review] because the producing party has the exclusive ability to control the cost of reviewing the documents" (internal quotation marks omitted)).

March 4, 2021
Page 2

for any conceivable demand Plaintiff might make. Plaintiff simply seeks an order that places Defendant in the position of any party: obligated to cover the costs for demands within the scope of Federal Rules Civil Procedure 26 and 34. Defendant does not dispute that the proposal in Appendix A to Plaintiff's February 26 letter is proportional, and he acknowledges that the volume of additional documents covered by Plaintiff's latest overall proposal is "modest." This dispute should be moot, but it is not.

**Search Protocol**: Since the first interim pretrial conference in December 2019, the Court has urged the parties to narrow the issues in this case. Plaintiff believes that the discovery process would benefit immensely from a ruling *in limine* that Plaintiff's allegations concerning other individuals associated with Jeffrey Epstein are out of bounds. If the Court is not inclined to make such a ruling at this time, then Defendant should be required to produce documents in his possession relating to those individuals, at least to the extent that he intends to present evidence concerning Plaintiff's allegations about them.[2]

**Privilege**: Defendant mistakes Plaintiff's position concerning his assertion of privilege over documents in the Harvard account. At this time, Plaintiff challenges only his assertion of privilege over his communications with his own counsel between April 1, 2015, and April 16, 2019. The first date is the date after which we believe Defendant had no reasonable expectation that his communications with his counsel would remain confidential as to third parties. Although Harvard's policy is more intricate than many employer email policies, the basic fact remains that Harvard may view communications Defendant makes over his Harvard account. Unlike the client in *Convertino*, Defendant was aware of that policy—and its implications for the attorney-client privilege—no later than April 2015, when he approached Harvard to collect documents from his account for production in *Edwards v. Dershowitz*, No. CACE-15-000072 (17th Cir. Ct. Broward Cnty. Fla.). *Compare Convertino v. U.S Dep't of Just.*, 674 F. Supp. 2d 97, 110 (D.D.C. 2009); *see also* Exhibit D, Doc. 244-4.

Plaintiff has no interest in receiving Defendant's communications with his own clients, apart from Epstein and his associates, as to whom Plaintiff reserves her rights to challenge Defendant's assertion of privilege over communications with them.

Plaintiff maintains her request for a permission to move to compel and/or for a motion in limine, as well as permission to file a portion of that motion under seal.

Respectfully,

/s/Nicole J. Moss
Nicole J. Moss

cc: Counsel of Record

---

[2] Defendant represents that "two terms were inadvertently omitted from" the list of terms to which he has agreed: "Andrew w/25 (Tramp OR (Epstein w/3 Jeff*) OR Maxwell OR JE)" and "Jean* w/3 Brunel." To the contrary, in the last round of negotiations, counsel for Defendant expressly rejected both terms.