UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA GIUFFRE,<br><br>        Plaintiff,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>        Defendant. | Civil Action No. 1:19-cv-3377 (LAP) |
| ALAN DERSHOWITZ,<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>VIRGINIA L. GIUFFRE,<br><br>        Counterclaim Defendant. | **ADDENDUM TO<br>AGREED PROTECTIVE ORDER** |

      THIS MATTER comes before the Court pursuant to a joint motion by Defendant Alan Dershowitz, Plaintiff Virginia Giuffre and non-party John Stanley Pottinger, Esq. for an Addendum to the Protective Order, and the Court having considered the motion and other matters of record herein, and it appearing to the Court and the Court finding that given the nature of the issues in dispute in this matter and that future discovery or other litigation activity may require the disclosure or use of information and documentation which relates to non-party Mr. Pottinger's legal representation of clients other than Virginia Giuffre; it further appearing to the Court that the interests of justice require that any such confidential and protected information which may be produced during discovery or otherwise disclosed or used during the course of this action be protected; and it further appearing to the Court and the Court finding that it is in the public interest

1

to allow the release and exchange of this information in this litigation, that the need for disclosure outweighs any individual's privacy rights, and that the protections afforded Mr. Pottinger, who will be producing discovery under this Addendum to the Protective Order, are adequate to guard the confidentiality of this information.

IT IS, THEREFORE, ORDERED with the consent of the parties that an Addendum to the Protective Order be entered for the purposes of assuring the confidentiality of the protected information which may be disclosed by Mr. Pottinger in response to discovery or a subpoena, in response to orders of the Court, in conjunction with the filing of any motion or response thereto, or otherwise during the hearing of this matter as follows:

1. The Protective Order in this action as entered on December 21, 2020[1] will govern Mr. Pottinger's production in this matter, and Mr. Pottinger and the parties shall be bound by the Protective Order's provisions with respect to Mr. Pottinger's production.

2. However, as to Mr. Pottinger, Paragraph 2 of the Protective Order shall be modified as follows in bold:

> As used in this Protective Order, the term "Confidential Information" includes (i) private financial information, such as tax records and bank account numbers; (ii) personally identifiable information, such as a social security numbers, home addresses, personal email addresses or personal telephone numbers; (iii) protected health information, inclusive of physical and mental health records; (iv) identifying information of sexual abuse victims, such as names, emails, telephone numbers, or home addresses; **and (v) information relating to Mr. Pottinger's legal representation of clients other than Virginia Giuffre which Mr. Pottinger has a duty to keep confidential pursuant to Rule 1.6 of the New York Rules of Professional Conduct.** "Confidential Information" also includes information filed under seal or designated as 'Confidential' in another action for which the confidentiality designation or seal has not been lifted; provided, however, that any party to this action may request that another party to this action remove the confidentiality designation from any document that was designated as "Confidential" in another action but which the designating party has subsequently produced in this action and which the requesting party wishes to use in a filing, at a deposition, or in a court proceeding. Should such a request be made, the designating party will promptly review the identified

---

[1] This Addendum incorporates any subsequent modifications to this Protective Order agreed to by the parties or entered by the Court.

2

documents and remove the confidentiality designation from those documents if appropriate. If the requesting party disagrees with a decision not to remove a confidentiality designation, the requesting party must promptly move the Court for further relief.

For Plaintiff:

/s/ Nicole J. Moss
Charles J. Cooper*
Michael W. Kirk
Nicole J. Moss*
Haley N. Proctor*
COOPER & KIRK PLLC
1523 New Hampshire Ave. NW
Washington, D.C. 20036
(202) 220-9600
ccooper@cooperkirk.com
mkirk@cooperkirk.com
nmoss@cooperkirk.com
hproctor@cooperkirk.com
*Admitted PHV

*Attorneys for Plaintiff Virginia Giuffre*

For Defendant:

/s/ Howard M. Cooper
Howard M. Cooper*
Christian G. Kiely*
Kristine C. Oren*
TODD & WELD LLP
One Federal Street, 27th Fl.
Boston, MA  02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com
koren@toddweld.com
*Admitted PHV

Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)
Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor
New York, NY  10036
(212) 486-0011
iansari@aidalalaw.com
aidalesq@aidalalaw.com

*Attorneys for Defendant Alan Dershowitz*

/s/ Elkan Abramowitz
Elkan Abramowitz
A. Dennis Dillon
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY  10017
(212) 856-9600
EAbramowitz@maglaw.com
ddillon@maglaw.com

*Attorneys for Non-Party John Stanley Pottinger, Esq.*

So ordered
Loretta A. Preska

March 15, 2021

3