# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T  | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Sanford L. Bohrer
+1 305-789-7678
Sandy.Bohrer@hklaw.com

Christine N. Walz
+1 305-789-7678
Christine.Walz@hklaw.com

March 31, 2021

<u>Via ECF</u>

The Honorable Loretta A. Preska
District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    **LETTER MOTION TO INTERVENE AND UNSEAL**
>      ***Giuffre v. Dershowitz*, Case No. 1:19-cv-03377**

Dear Judge Preska:

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the Miami Herald Media Company (the "Miami Herald"), and Julie Brown, investigative journalist for the Miami Herald ("Julie Brown" and together with Miami Herald, the "Proposed Intervenors"), respectfully submit this letter motion to intervene and unseal documents in the above-captioned action and seek the public disclosure of information regarding closed proceedings.

## BACKGROUND

As the Court is aware, Proposed Intervenors moved to intervened in a related matter, *Giuffre v. Maxwell*, Case No. 1:15-cv-07433 [hereinafter "*Maxwell* case"], which has resulted in – and continues to result in – the unsealing of hundreds of judicial documents. The *Maxwell* case is similar to the above-captioned matter (the "*Dershowitz* case"), in that both cases were initiated by Virginia Giuffre, who accused the defendants in both matters of defaming her by claiming that Ms. Giuffre fabricated stories regarding sexual abuse and sex trafficking by Jeffrey Epstein and his associates.

Proposed Intervenors have become concerned with the increased number of documents filed under seal in the *Dershowitz* case, and with a hearing that was closed to the public for over

The Honorable Loretta A. Preska
March 31, 2021
Page 2

an hour on March 25, 2021, without any summary or explanation of the discussion that occurred. This Court and the parties in this case know the difficulties in retroactively seeking to unseal hundreds of documents, as is being done in the *Maxwell* case. Intervenors therefore believe judicial efficiency will be served by permitting them to intervene in the *Dershowitz* case now, so that judicial documents can be unsealed in real time, when they are most beneficial to the public's understanding of this case.

## ARGUMENT

### I.   Intervenors Should Be Permitted to Intervene.

News organizations are routinely permitted to intervene in judicial matters to seek public access to proceedings and documents. *See*, *Sec. and Exch. Comm'n v. TheStreet.Com*, 273 F.3d 222, 227 n.4 (2d Cir. 2001); *Schiller v. City of New York*, No. 04 CIV. 7921(KMK)(JC), 2006 WL 2788256, at *2 (S.D.N.Y. Sept. 27, 2006); *In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 350-51 (S.D.N.Y. 1996); *Savitt v. Vacco*, No. 95-CV-1842(RSP/DRH), 1996 WL 663888, at *7 (N.D.N.Y. Nov. 8, 1996) ("The Second Circuit Court of Appeals and its district courts have consistently held that news agencies have standing to challenge protective orders in cases of public interest.").

News media have been permitted to intervene as a matter of right under Federal Rules of Civil Procedure 24(a) – *see, e.g., In re NASDAQ*, 164 F.R.D. at 351 – and by leave of the Court under Rule 24(b) – *see In re Grand Jury Subpoenas Dated Mar. 2, 2015*, No. 15-MC-71 (VEC), 2016 WL 6126392, at *2 n.3 (S.D.N.Y. Oct. 19, 2016).  Under either rule, intervention of the press "should be granted absent some compelling justification for a contrary result." *In re Pineapple Antitrust Litig.*, No. 04 MD. 1628 RMB MHD, 2015 WL 5439090, at *1 (S.D.N.Y. Aug. 10, 2015).  Courts have broad discretion to grant permissive intervention in a case. *Giuffre v. Maxwell*, No. 15 CIV. 7433 (LAP), 2020 WL 6947435, at *2 (S.D.N.Y. Nov. 25, 2020).

Factors to consider when weighing permissive intervention include "the nature and extent of the intervenors' interests, whether their interests are adequately represented by the other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.*

First, the Miami Herald, as a news organization, "has a direct interest in collecting information about a matter of public interest in order to serve its function as a purveyor of news." *See Schiller v. City of New York*, No. 04 CIV. 7921(KMK)(JC, 2006 WL 2788256, at *3 (S.D.N.Y. Sept. 27, 2006).  Second, the interests of the Miami Herald are not likely to overlap with the parties, particularly where, as here, intervenor seeks to challenge documents sealed by both parties.  *Id.*  Third, intervention "for the limited purpose of challenging strictures on the dissemination of information should not impede the progress of the litigation."  *Id.*  To the

The Honorable Loretta A. Preska
March 31, 2021
Page 3

contrary, permitting the Miami Herald to be heard on unsealing in real-time and argue on behalf
of the public "may well facilitate determination of these issues." *Id.*

For the foregoing reasons, Intervenors should be permitted to intervene in the Dershowitz
case.

**II.    Previously Sealed Docket Entries Should Be Unsealed or at Least Filed Publicly
with Limited Redactions, and a Summary of the Closed Proceeding Should Be
Placed on the Record.**

A presumption of public access attaches to judicial documents, under both the common
law and First Amendment. *See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *Lugosch v.
Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Judicial documents are those that
are "relevant to the performance of the judicial function and useful in the judicial process."
*Lugosch*, 435 F.3d at 119. The Court must disclose judicial documents absent countervailing
reasons that substantiate withholding. *Brown*, 929 F.3d at 47; *United States v. Amodeo*, 71 F.3d
1044, 1050 (2d Cir.1995) ("*Amodeo II*").

To justify sealing, a court must make "specific, on-the-record findings that sealing is
necessary to preserve higher values." *Allen v. Chanel, Inc.*, No. 12 CIV. 6758 (LAP), 2020 WL
7711179, at \*3 (S.D.N.Y. Dec. 29, 2020) (citing *Brown*, 929 F.3d at 47). And "the nature and
extent of the sealing must be narrowly tailored to serve these interests." *Id.*

The following docket entries ("DEs") were filed either entirely under seal or with
redactions:

**<u>Related to the Motion to Disqualify Cooper & Kirk PLLC (filed with redactions)</u>**

- **DE 204**, Professor Alan Dershowitz's Memorandum of Law in Support of Motion to
  Disqualify Cooper & Kirk PLLC
- **DE 205**, Affidavit of Christian G. Kiely in Support of the Motion to Disqualify
  Cooper & Kirk PLLC
- **DE 217**, Virginia Giuffre's Opposition to the Motion to Disqualify Cooper & Kirk
  PLLC
- **DE 218**, Declaration of Nicole J. Moss in Opposition to the Motion to Disqualify
  Cooper & Kirk PLLC
- **DE 223**, Mr. Dershowitz's Reply in Support of the Motion to Disqualify Cooper &
  Kirk PLLC

The Honorable Loretta A. Preska
March 31, 2021
Page 4

**Related to the Renewed Request to Compel Deposition of Leslie Wexner (filed entirely under seal)**

- **DE 249**, Letter from Howard M. Cooper dated March 4, 2021 re: Renewed Request to Compel Deposition of Leslie Wexner
- **DE 258**, Letter from Nicole J. Moss dated 03/12/2021 re: Renewed Request to Compel Deposition of Leslie Wexner
- **DE 265**, from Howard M. Cooper dated March 16, 2021 re: Reply re: Defendant's Renewed Request to Compel Deposition of Leslie Wexner

**Related to a Pre-Motion Conference to Provide Information and Materials to the US Attorney's Office (filed entirely under seal)**

- **DE 250**, Letter from Imran H. Ansari dated 03/05/2021 re: Pre-Motion Conference to Provide Information and Materials to the US Attorney's Office
- **DE 256**, Letter from Imran H. Ansari, Esq. dated 03/11/2021 re: Letter in Reply and in Further Support of Alan Dershowitz's Letter Re: Pre-Motion Conference seeking Permission to Provide Information and Materials to the U.S. Attorney's Office
- **DE 259**, Letter from Marion H. Little, Jr. dated March 12, 2021 re: Response to Alan Dershowitz March 4, 2021 Letter
- **DE 263**, Letter from Charles J. Cooper dated 03/10/2021 re: Response to 250 LETTER re: Pre-Motion Conference to Provide Information and Materials to the US Attorney's Office

First, these documents are judicial documents. Each of the three sets of documents above call on the Court's decision-making authority to resolve disputes among the parties. They are highly "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119.

Second, none of the requests to file the above-referenced documents under seal articulated *any* countervailing interest that would outweigh the presumption of public access that attaches to these judicial records. For example, in support of his motion for leave to file DE 249 under seal, counsel for Mr. Dershowitz stated only "that the letter references and attaches excerpts of the deposition of John Zeiger, Esq., which Mr. Zeiger has designated as confidential under the applicable protective order, ECF No. 168."[1] (DE 243.)  Likewise, Ms. Giuffre's request to file her response under seal stated only that "Plaintiff will both be responding to [Mr. Dershowitz's] sealed filing as well as referencing and attaching excerpts of the deposition of

---

[1] Mr. Dershowitz's request to file DE 250 under seal likewise states only that "Professor Dershowitz's pre-motion conference letter references and cites to material that has been designated confidential pursuant to the protective order in this action."  (DE 245.)

The Honorable Loretta A. Preska
March 31, 2021
Page 5

John Zeiger, Esq. which have been designated as confidential under the applicable protective order." (DE 251).

Marking documents "Confidential" pursuant to a protective order does not guarantee that the same materials may be filed with the Court under seal. *See, e.g.*, *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 227 (2d Cir. 2001) (ordering the unsealing of documents marked "Confidential"); *Lugosch*, 435 F.3d at 126 ("[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable."). The protective order referenced in Mr. Dershowitz's request recognizes as much, stating "Notwithstanding the designation of material as 'Confidential' in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal." (DE 168, ¶ 8.)

Yet the parties did not articulate a single countervailing interest to explain why the documents should be filed under seal. There is no indication whether the sealed documents are deemed confidential because they would violate someone's privacy interests (and if so, whose privacy interests), because they contain attorney-client privileged information, or any other reason. The only "reason" the parties stated for filing under seal is that they were marked "Confidential," which alone is not a valid reason to support sealing.

Moreover, the Court did not articulate on-the-record findings to support sealing. Rather, the Court endorsed the letter motions for leave to file under seal, without any particularized findings as to the validity of their sealing. *See* DE 246, 248, 254, 260.

Proposed Intervenors respectfully request that the above-referenced sealed documents be unsealed in their entirety or, at a minimum, at least re-filed with limited redactions. Any continued sealing should be justified by specific, publicly articulated countervailing interests that go beyond mere conclusory allegations.

Finally, the Court held a hearing on March 25, 2021, which was closed to the public for roughly the first hour and ten minutes. When the Court returned to the public session, no summary was given as to the contents of the discussion that occupied the Court's attention for more than an hour, nor was there any indication whether the Court had ruled on any request by any party during the closed proceeding. Intervenors therefore respectfully request that a summary of the non-confidential portions of the parties' discussion with the Court be put on the record (or a redacted transcript be provided), as well as findings by the Court justifying the closed proceedings. Additionally, any ruling on the sealed motions should be made publicly.

## CONCLUSION

Proposed Intervenors respectfully request that they be permitted to intervene in the *Dershowitz* case. Proposed Intervenors further request that previously sealed documents filed with the Court be unsealed (or re-filed with limited redactions, as necessary), that any documents remaining under seal be supported by findings that articulated countervailing interests outweigh

The Honorable Loretta A. Preska
March 31, 2021
Page 6

the presumption of public access, that a summary of the closed proceedings on March 25, 2021 be made public, and that any future sealing be justified by specific, publicly articulated countervailing interests.

Sincerely,
HOLLAND & KNIGHT LLP

/s/ Christine N. Walz
Christine N. Walz
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
Fax:  212.385.9010
Christine.Walz@hklaw.com

Sanford L. Bohrer
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: 305-374-8500
Fax: 305.789.7799
Sandy.Bohrer@hklaw.com

Cynthia A. Gierhart
800 17th Street NW, Suite 1100
Washington, DC 20002
Telephone: 202-469-5416
Fax: 202-955-5564
Cindy.Gierhart@hklaw.com

*Attorneys for Proposed Intervenors*
*Julie Brown and Miami Herald Media Company*