# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Nicole J. Moss
(202) 220-9636
nmoss@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

April 8, 2021

**VIA ECF**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Giuffre v. Dershowitz*, No. 19-cv-3377-LAP

Dear Judge Preska:

  I write on behalf of Plaintiff Virginia Giuffre in response to Defendant Alan Dershowitz's pre-motion letter of April 2, 2021 (D.E. 275) seeking to compel Plaintiff to sit for day one of her agreed-upon two-day deposition sometime later this month or in early May. Defendant proposes to take the first day of Plaintiff's deposition via Zoom, with Plaintiff in Australia and her lawyers 12 time zones away in the United States, and to take the second day in-person in the United States once the ongoing global pandemic abates. Although Plaintiff is no less eager to complete discovery than Defendant, Plaintiff nonetheless strongly opposes this highly unusual proposal, as it would be highly burdensome, deeply prejudicial, and wholly unnecessary at this time.

  The prejudice to Plaintiff of being required to sit for a Zoom deposition in Australia within a matter of weeks is multifold. First, there is no doubt that the two most important depositions in this case will be those of the Plaintiff and the Defendant. To suggest that Plaintiff prepare for that deposition without the benefit of meeting in-person with her counsel and sit for that deposition without her counsel physically present with her is on its face prejudicial. While such an arrangement may be acceptable for a regular non-party deposition, it should not be required for one of the two most important depositions that will take place in this case. Second, the 12-hour time difference between the Eastern United States and the part of Australia in which Plaintiff is currently located substantially exacerbates the prejudice to Plaintiff. This time difference makes both preparing Plaintiff for her deposition and conducting that deposition extremely difficult and burdensome. It is not reasonable to suggest that Plaintiff or her counsel spend days working evening and overnight hours to prepare for this deposition or that the Plaintiff be required to choose between sitting for the deposition during her nighttime or having her counsel defend the deposition during theirs. Third, the Plaintiff was just released from the hospital and is recuperating from surgery and a very serious infection. Fourth, document production in this case is not final. Over a year since filing her discovery requests on Defendant, Defendant has yet to make a single production from his Harvard email account. It is not unusual, indeed it is frequently standard discovery practice, for depositions of the parties in a case to proceed after party document productions have been completed.

  All of this prejudice to the Plaintiff is completely unnecessary. While Defendant contends that "[t]his case must move forward" and that "[t]he conduct of at least one day of Plaintiff's deposition is

April 8, 2021
Page 2

critical to doing so," D.E. 275 at 2, he provides no explanation for why the first day of Plaintiff's deposition must occur now, under these conditions. Nor has he provided any explanation for his abrupt reversal of the representation he made to the Court at the November 25, 2020 status conference: "We would prefer to do it in person, socially distanced, at a mutually acceptable location so that everybody is comfortable, done in accordance with CDC guidelines." Hearing Tr. (Nov. 25, 2020) at 22. That position makes more sense today than it did last November, as we are now on the cusp of widespread vaccination that promises to make travel and in-person meetings possible in the coming months. No case schedule has been set; there are no pending discovery deadlines; there is significant discovery left to be accomplished in this case; and there is no testimony that Plaintiff can offer now that she will not be able to similarly offer at a later date when the full two-day deposition can be conducted in person in the United States without such extreme prejudice to Plaintiff's interests. If Defendant can wait for the second day of the deposition to be scheduled, he can surely wait for the first day, for again, he has identified no pressing need to support his assertion that taking day one of Plaintiff's deposition by Zoom now is critical.[1]

Defendant's contention that Plaintiff is "stonewalling even providing a date for her deposition," D.E. 275 at 1, suggests that Plaintiff has far more control over this global pandemic and Australia's travel policies than is obviously the case. No one could have anticipated this global pandemic or that as a result Australia would close its borders to virtually all incoming and outgoing travel. This situation is unprecedented and certainly not one that Plaintiff could have anticipated when she filed her complaint. At that time, Plaintiff fully expected to be able to travel freely to the United States for this litigation as necessary. Once travel restrictions lift, that remains her commitment, but it is unreasonable to suggest Plaintiff is "stonewalling" because we have reasonably pointed out that circumstances beyond everyone's control have prevented Plaintiff's return to the United States at this time.

Again, there is no pressing need to hold Plaintiff's deposition in the next several weeks. The parties can continue with the discovery that can occur while this pandemic is ongoing and when the pandemic abates, appropriate travel arrangements and a deposition schedule can be set at that time. To force a remote deposition now is unnecessary and would be unfairly prejudicial and burdensome to Plaintiff.

                Respectfully,

                /s/ Nicole Jo Moss
                Nicole J. Moss

cc: Counsel of Record

---

[1] Defendant cites to the *Maxwell* case as precedent for holding a deposition on two days separated by many months, but that was not planned and was a result of disputes that arose at and subsequent to the first deposition. It is far from a model for how the scheduling of depositions should occur in the normal course.