# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

Charles J. Cooper
ccooper@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

April 15, 2021

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re:  *Giuffre v. Dershowitz*, Case No. 19-cv-03377-LAP
> Partial Opposition to Letter Motion To Intervene and Unseal

Dear Judge Preska:

I write on behalf of Plaintiff Virginia Giuffre in opposition to the letter motion by the Miami Herald Media Company and Julie Brown ("Proposed Intervenors"), to intervene and unseal documents, Doc. 270.

## I.   Proposed Intervenors Should Not Be Permitted To Intervene at This Time.

Permissive intervention is committed to the sound discretion of the Court. *H.L. Hayden Co. of New York v. Siemens Med. Sys.*, 797 F.2d 85, 89 (2d Cir. 1986). The Court should consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," "the nature and extent of the intervenors' interests," the degree to which those interests are "adequately represented by existing parties," and "whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003).

We submit that permitting intervention at this point threatens to "unduly delay" discovery proceedings, which have already been more protracted than either the Court or the parties wish. And while we acknowledge that members of the press are uniquely well situated to represent the public's right of access to judicial proceedings, proceedings in this case have not reached a stage where the public's right outweighs countervailing considerations. Indeed, "the 'tradition' in this District is that discovery materials are not subject to disclosure . . . while discovery is still ongoing," even if those materials are filed in support of non-dispositive motions. *In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 354 (S.D.N.Y. 1996). Disputes over the status of documents can delay pre-trial proceedings, and selective presentation of materials uncovered in ongoing discovery can prejudice the jury pool. For these reasons, media intervenors during discovery may hinder and threaten, instead of contributing to, factual development and just adjudication. Moreover, it is likely that additional materials will be filed under seal as discovery progresses, and it would be more efficient for the parties and the Court to litigate the Herald's

April 15, 2021
Page 2

request for access in one proceeding after the completion of discovery rather than doing so piecemeal.

Plaintiff therefore respectfully submits that the Court should deny Proposed Intervenors' motion until a request to unseal would be timelier and more appropriate.

## II.   Plaintiff Objects to Some of Proposed Intervenors' Unsealing Requests.

Should the Court grant the motion to intervene and consider the unsealing requests individually, Plaintiff sets forth her position on each category of documents below.

### a.   Documents relating to the motion to disqualify

The limited redactions in these documents cover material that originated in *Giuffre v. Maxwell*, Case No. 15-cv-74:33-LAP ("*Maxwell*"), is subject to the protective order or sealing orders entered in that action, and/or implicates the interests of non-parties who may be actively involved in the unsealing process in that action.[1] This Court has previously expressed concern about "undercut[ting] the ongoing unsealing process in *Maxwell*," Mem. & Order (July 1, 2020), Doc. 144, and that same concern militates in favor of denying Proposed Intervenors' request to unseal DEs 204, 205, 217, 218, and 223, for the time being. Once the unsealing process in *Maxwell* concludes, the Court and parties can revisit whether those redactions remain necessary in light of the information that will have been unsealed in *Maxwell*.

### b.   Documents relating to the pre-motion conference to provide information and materials to the U.S. Attorney's Office

With one exception,[2] the confidential material disclosed in the parties' filings concerning Defendant's request for a pre-motion conference comes from material that is subject to the *Maxwell* protective order and unsealing process and implicates the privacy interests of non-parties who may be involved in that process.[3] The filings (DEs 250, 256, 263) should therefore remain under seal at least until that unsealing process concludes.

---

[1] Defendant filed Doc. 205-2, Plaintiff's appellate brief in *Giuffre v. Maxwell*, 16-3945-cv-(L) (2d Cir.), under seal, but that brief is currently available on the Second Circuit docket in redacted form. Defendant also filed excerpts of depositions from *Maxwell* that the Court has since clarified are not subject to the *Maxwell* protective order. Doc. 240, n.12. Plaintiff designated the excerpts confidential on the understanding that they were subject to the *Maxwell* protective order and now has no objection to Defendant filing them publicly.

[2] The exception is Exhibit G to Plaintiff's responsive letter, Doc. 263–7. Plaintiff notes that the privacy interests of a third party are implicated by that exhibit and that the Court may wish to solicit input from that third party before unsealing the exhibit.

[3] The Court has repeatedly admonished Defendant about his efforts to circumvent the *Maxwell* unsealing process, *e.g.,* Docs. 85, 144, 174, and Defendant's filing here appears to be another such effort: he has cherrypicked what he believes to be helpful material and invited the present unsealing request with a salacious re line on the public docket.

April 15, 2021
Page 3

      The argument for continued sealing is especially strong here due to the documents' dubious status as judicial documents and the correspondingly weak presumption of public access that attaches to them. "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (*Amodeo I*).  To qualify as a judicial document subject to the presumption of public access, a document "must be relevant to the performance of the judicial function and useful in the judicial process." *Id.*  As this Court has explained, a "judicial function" is one that involves "the exercise of the judicial power vested in the federal courts by Article III of the Constitution of the United States"—namely, the power "to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction." *Giuffre v. Maxwell*, No. 15-cv-7433, 2020 WL 133570, *2 (Jan. 13, 2020) (quotation marks omitted). Moreover, the presumption of public access weakens as a document strays farther from "the court's core role in adjudicating a case." *Brown v. Maxwell*, 929 F.3d 41, 50 (2019). For example, "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.*

      Defendants' request to provide sealed information to the U.S. Attorney's Office does not relate to the Court's adjudication of the "case or controversy" between the parties to this action. In fact, although it formally seeks relief from the protective order entered in this case, it truly relates to this Court's administration of the protective order entered in *Maxwell*, which is not even an active "case or controversy." *Maxwell*, 2020 WL 133570, at *2 (noting that there is "no live controversy to which the judicial power can extend").  At best, then, the documents relating to Defendant's request reside at the far end of the "continuum," where "documents play only a negligible role in the performance of Article III duties," and the presumption of public access "amounts to little more than a prediction of public access absent countervailing reason." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (*Amodeo II*). If the presumption is weaker for discovery motions than for dispositive motions, *Brown*, 929 F.3d at 50, it must be weaker still for communications relating to ancillary matters other than developing factual support for the parties' claims and defenses. Defendant's request ventures deep into this frontier territory: it does not purport to present his claims or defenses for the Court's adjudication, nor even to seek factual material that will support his claims or defenses.

      Even at its strongest, the presumption in favor of public access must sometimes yield to "higher values." *See Amodeo I*, 44 F.3d at 146. Plaintiff's response to Defendant's request details her concerns about the improper purposes for which Defendant filed his letter, and we will rest on that response.

      **c. Documents relating to the renewed request to compel the deposition of Leslie Wexner.**

      The documents relating to Defendant's request to compel the deposition of Leslie Wexner disclose material designated confidential by Mr. Zeiger, not Plaintiff. Plaintiff has no objection to unsealing the documents, provided the Court unseals the documents in their entirety. An order requiring the parties to refile the documents with limited redactions covering the material Mr.

3

April 15, 2021
Page 4

Zeiger designated as confidential would prejudice Plaintiff by presenting an incomplete picture of Mr. Zeiger's testimony as it relates to the matters discussed in the parties' filings. Thus, if the Court concludes that the privacy interests advanced by Mr. Zeiger override the presumption of public access with respect to some of the material, then it should maintain the seal over the entire set of documents.[4]

Respectfully,

/s/_____
Charles J. Cooper

cc: Counsel of Record

---

[4] Plaintiff also notes that the deposition testimony is subject to a protective order entered in *Boies v. Dershowitz*, Index No. 160874/2019 (Sup. Ct. N.Y. Cnty.), NYSCEF Doc. No. 36. Although Plaintiff is not party to that case and thus not subject to that protective order, Defendant is, and he may need to obtain relief from the order before disclosing Mr. Zeiger's confidential deposition testimony in this action.