ZEIGER, TIGGES & LITTLE LLP

ATTORNEYS AT LAW

TELEPHONE: (614) 365-9900
FACSIMILE: (614) 365-7900

3500 HUNTINGTON CENTER
41 SOUTH HIGH STREET
COLUMBUS, OHIO 43215

WRITER'S DIRECT NUMBER:

(614) 365-4113

April 15, 2021

**SUBMITTED VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

                 Re:     Virginia L. Giuffre v. Alan Dershowitz, Case No. 19-cv-3377

Dear Judge Preska:

       Upon behalf of Messrs. Zeiger and Wexner, we are writing in response to the Miami Herald's Motion to Intervene and Unseal, which relates to three of Defendant's submissions: (1) Motion to Disqualify; (2) Request to Provide Information and Materials to the U.S. Attorney's Office; and (3) Renewed Request to Compel Deposition of Leslie Wexner (collectively, the "Challenged Filings"). [R-270.] At the outset, we ***do not contest*** the Miami Herald's standing to be heard, but formal intervention under Rule 24 is unnecessary. See, e.g., Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 609 n.25 (1982) ("representatives of the press and the general public must be given an opportunity to be heard"); Fed. R. Civ. P. 24(c) ("A motion to intervene . . . must be accompanied by a pleading that sets out the claim or defense….").

       However, we ***do object*** to the Miami Herald's request to unseal the Challenged Filings. We are not privy to the non-public submissions made as to matters #1 and #2, but we object generally to the unsealing of any materials designated as confidential under the August 18, 2020 Protective Order, which applies only to discovery produced by our clients. [R-168.] We further object specifically to the Miami Herald's request inasmuch as its resolution may impact this Court's consideration of future access requests and potentially the information designated as confidential under the Protective Order. These objections are made in addition to the Court's independent obligation to protect the interest of non-parties drawn into this litigation.

       As briefly outlined below, the Miami Herald's request is inconsistent with First Amendment jurisprudence, Second Circuit precedent, and this Court's prior rulings in Maxwell and therefore should be denied. The Miami Herald's arguments are premised upon the false assumption that the Challenged Filings are all judicial documents. ***They are not*** and this is fatal to its position. The law is clear that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." Brown v. Maxwell, 929 F.3d 41, 49 (2nd Cir. 2019) (quotations and citation omitted). Here, the

Hon. Loretta A. Preska  ZEIGER, TIGGES & LITTLE LLP
April 15, 2021
Page 2

Challenged Filings are not documents to which a presumption of access attaches. Moreover, even if a presumption had attached, there are countervailing interests readily apparent that compel denial of the Miami Herald's request.

### A. Motion To Disqualify Cooper & Kirk PLLC—The Redacted Excerpts Are Apparently The Sealed Materials in Maxwell.

The very limited information redacted from matter #1 appears to consist solely of the "Sealed Materials" which remain subject to this Court's ongoing consideration pursuant to the Maxwell Protocol. In denying the Motion to Disqualify, the Court remarked that "[w]hat Mr. Dershowitz wants from his motion to disqualify is apparent: for the Court to reconsider its denial of his multiple demands to modify the Maxwell protective order. He does little to hide the ball." [R-240, at 26.] Defendant's interjection of *a subset* of Sealed Materials into the record as part of yet another failed effort to gain access *to all* Sealed Materials does not transform the subset into judicial records.

While it appears the specific content of the Sealed Materials was immaterial to this Court's consideration of this Motion, the Court was permitted to consider the existence of, and counsels' respective access to, the Sealed Materials in resolving the Motion to Disqualify without effectively dismantling the Protocol. The Second Circuit has made clear, as this Court has itself recognized in constructing the Protocol, no presumption of access attaches to several categories of materials filed with a court. Examples include those documents submitted for purposes of resolving discoverability or the level of protection afforded under a protective order. Brown, 929 F.3d at n.33. The limited excerpts of the Sealed Materials included in category #1 are not judicial documents for these same reasons, and no presumption attaches.

Of course, even if a presumption of access attached, the Court would then be required to determine the weight of the presumption. Where, as apparent here, the actual contents of the Sealed Materials played "only a negligible role in the performance of Article III duties," only a low presumption attaches "that amounts to little more than a prediction of public access absent a countervailing reason." Brown, 929 F.3d at 49. Such a modest presumption is easily rebutted by the substantial countervailing interests previously found by this Court in Maxwell. They need not be restated here.

### B. Motion To Release Confidential Information To The U.S. Attorney—Movant Tendered The Information To Seek Modification Of A Protective Order.

The analysis on matter #2 is equally straightforward and readily resolved by application of Second Circuit precedent. The descriptions included in the public filings make clear that Defendant's request for leave to submit information to the U.S. Attorney's Office has nothing to do with the trial and administration of the instant case. Rather, it is merely a request by one litigant to modify multiple protective orders to allow the dissemination of confidential information to a limited audience, here the U.S. Attorney. Maxwell made clear that the

"presumption of public access *does not* apply to materials that are submitted to the Court so that the Court can decide whether the same must be disclosed in the discovery process ***or shielded by a Protective Order***." Id. at n.33 (italics in original; emphasis added). The filings related to matter #2, therefore, are not judicial documents under the First Amendment.[1] No right of access exists.

### C. The Renewed Request To Compel The Deposition Of Leslie Wexner—The Court Has Not Adjudicated This Motion.

Finally, the Miami Herald's request on matter #3 fails on several alternative grounds, the most basic of which no presumption of access has ever attached. The Court has taken this matter under advisement, the issue presented thus ***has never been "decided,"*** and it may never ultimately be. As to the latter, in the public portion of the March 25 conference, the Court directed the parties to confer regarding (a) potential amendment of the pleadings; and (b) motions in limine.[2] The anticipated amendment resolves any disputes as to the complaint's narrow scope, and an order in limine may exclude certain evidence, thus rendering inappropriate Defendant's proposed discovery. Either one of these events will render moot the Court's consideration of matter #3, thus leaving it forever undecided. This Court held in Maxwell that only motions ***actually decided*** "are properly considered judicial documents to which a presumption of public access attaches," and ***rejected the Miami Herald's efforts to seek reconsideration*** of this holding. [R-1016; R-1018; R-1031; R-1044.]

Even if a presumption had attached, several countervailing interests readily outweigh any nominal presumption. The first is that most of the protected materials under matter #3 is confidential under Ohio law.[3] Attorney Zeiger, who is a member of the Ohio Bar and

---

[1] The Miami Herald incorrectly identifies Docket Entry 259 as relating to the Motion to Release Materials to the U.S. Attorney's office. That filing relates solely to matter #3 and Docket Entry 249.

[2] While this Court may regularly conduct conferences and hearings in open court and on the record, there is no constitutional right of access to discovery or status conferences. Such proceedings have not been historically open to the public and are frequently conducted in chambers or without a court reporter. See Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986).

[3] The protected materials under matter #3 include Attorney Zeiger's deposition, which is protected under Ohio law and the Protective Order. "[A]bsent a showing of improvidence in the grant of a . . . protective order or some extraordinary circumstance or compelling need . . . a witness should be entitled to rely upon the enforceability of a protective order against any third parties," Martindell v. International Tel. & Tel. Corp., 594 F.2d 291, 296 (2d Cir. 1979), the media and private parties included, see Dorsett v. Cty. of Nassau, 289 F.R.D. 54, 69 (E.D.N.Y. 2012) ("[T]he cases hold that even a First Amendment right to certain documents does not constitute 'compelling need' to modify a protective order for discovery matter." (citations omitted.)). "Th[is] Court has already concluded--twice-- that the producing parties were entitled to rely on the protective order's promise that confidential information would not be "disclosed or used for any purpose except for the preparation and trial of [the Maxwell] case." Giuffre v. Maxwell, 2020 WL 6947435, at *3 (S.D.N.Y. Nov. 25, 2020), reconsideration denied, 2021 WL 423445 (S.D.N.Y. Feb. 8, 2021). Such reliance counsels against disclosure of the sealed information. Matter #3 also appears to include materials protected by protective orders from other cases.

Hon. Loretta A. Preska    ZEIGER, TIGGES & LITTLE LLP
April 15, 2021
Page 4

represented Mr. Wexner, is subject to Professional Conduct Rule 1.6(a):  "A lawyer ***shall not*** reveal information relating to the representation of a client, including information protected by the attorney-client privilege under applicable law...." (Emphasis added.)  "Confidential information" under this Rule "is ***broader*** than simply that information covered by the attorney-client privilege and covers ***all 'information*** relating to the representation.'" Lamson & Sessions Co. v. Mundinger, 2009 U.S. Dist. LEXIS 37197, at *13 (N.D. Ohio May 1, 2009) (emphasis added).  See Hustler Cincinnati, Inc. v. Cambria, 2014 U.S. Dist. LEXIS 11760, at *25 (S.D. Ohio Jan. 30, 2014) (same).  The "presumptive prohibition on the disclosure of confidential information" pertains to all information concerning the representation, "***whatever its source***."  Ohio Prof. Cond. Rule 1.6, cmt. 3 (emphasis added).

We have never asserted that this Rule serves as a basis for refusing to produce non-privileged documents, but where "the disclosure will be made in connection with a judicial proceeding, ***[the law dictates] the disclosure should be made in a manner that limits access to the information*** to the tribunal or other persons having a need to know it and ***appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable***."  Ohio Prof. Cond. Rule 1.6, cmt. 16 (emphasis added).  Applying Utah's version of Rule 1.6, the Utah Supreme Court in Spratley v. State Farm Mut. Auto. Ins. Co., 78 P.3d 603, ¶ 22 (Utah 2003) held:  "[t]he trial court has numerous tools it ***must*** employ to prevent unwarranted disclosure of the confidential information, including the use of sealing and protective orders, limited admissibility of evidence, orders restricting the use of testimony in successive proceedings, and, where appropriate, in camera proceedings." (Emphasis added.)

The second countervailing consideration is the privacy interest impacted—an interest which both the Second Circuit and this Court have held must be considered and one that easily outweighs any nominal presumption purportedly attaching to an unresolved garden-variety discovery matter.  Of course, other countervailing considerations exist but they are outside the page limitations of this letter.

For these reasons, the Miami Herald's request for access should be denied.  To the extent the Court permits full briefing on these matters, we stand prepared to further detail the facts and law in any legal briefing the Court may order.

Very truly yours,

Marion H. Little, Jr.

cc:   Counsel of Record

MHL:tlt:1053-001:898297