# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T  | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Sanford L. Bohrer
+1 305-789-7678
Sandy.Bohrer@hklaw.com

Christine N. Walz
+1 305-789-7678
Christine.Walz@hklaw.com

April 22, 2021

<u>Via ECF</u>

The Honorable Loretta A. Preska
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re:  **REPLY IN SUPPORT OF LETTER MOTION TO INTERVENE AND UNSEAL**
       *Giuffre v. Dershowitz***, Case No. 1:19-cv-03377**

Dear Judge Preska:

  Pursuant to the Court's order dated April 1, 2021 (DE 273), the Miami Herald Media Company ("Miami Herald") and Julie Brown (collectively "Proposed Intervenors") submit this letter reply in support of their Motion to Intervene and Unseal (DE 270). This reply addresses the responses from Plaintiff Virginia Giuffre (DE 289) and third parties John Zeiger and Leslie Wexner ("Third Parties," DE 290); Defendant Alan Dershowitz does not object to Proposed Intervenors' request to intervene or to unseal (*see* DE 287).

**I. The Court Should Grant Proposed Intervenors' Motion to Intervene Under Rule 24(a) and 24(b).**

  News organizations are routinely permitted to intervene in cases on behalf of the public, either under Rule 24(a)—intervention as of right—or Rule 24(b)—permissive intervention. *See In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 351 (S.D.N.Y. 1996) (granting the L.A. Times's motion to intervene under Rule 24(a) and noting "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion." (internal quotation marks and citations omitted)); *Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *2 (S.D.N.Y. Sept. 27, 2006) (granting the New York Times's motion to intervene and noting it "may well have an absolute right of intervention" under Rule 24(a) but declining to address, instead, granting permissive intervention under Rule 24(b)).

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville
Lakeland | Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford
Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Bogotá | London | Mexico City

The Honorable Loretta A. Preska
April 22, 2021
Page 2

Ms. Giuffre addresses only the permissive intervention analysis, discussed below, but fails to object to Proposed Intervenors' motion to intervene as of right. Rule 24(a)(2) provides intervention shall be granted as of right when an applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* "The Second Circuit interpreted the term 'interest' to go beyond those situations where the proposed intervenor 'is or may be bound by a judgment in the action[.]'" *Nu-Chem Lab'ys, Inc. v. Dynamic Lab'ys, Inc.*, No. 96-CV-5886 (JS), 1998 WL 35180780, at *3 (E.D.N.Y. May 19, 1998) (quoting *H.L. Hayden Co. of New York. Inc. v. Siemens Medical Sys., Inc.*, 797 F.2d 85, 88 (2d Cir.1986)). Regarding the media, "interest" encompasses the news media's role as "representatives of the press and general public." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. at 351. To that end, in *In re NASDAQ*, the Southern District of New York granted the newspaper-intervenor's motion under Rule 24(a), noting:

> As a newspaper of national importance, the L.A. Times has been among the most active in conveying to the financial community and the public the details of this action and the facts and allegations which underlie it. The newsworthiness of these allegations is illustrated by the attention that the L.A. Times and other news media have accorded the subject.

*Id.* The same goes here. The Miami Herald has been among, if not *the*, most active news source covering the sex crimes allegations relating to Jeffrey Epstein and his associates. The newsworthiness of this story, which continues to unfold, is apparent by the growing attention to the details of the abuse itself and the treatment of the accusers by the legal system. For these reasons, intervention should be granted under Rule 24(a).

If the Court does not find intervention should be granted as of right, it should grant permissive intervention under Rule 24(b). Ms. Giuffre correctly identifies the factors considered in analyzing permissive intervention—(1) whether intervention will unduly delay litigation or prejudice the rights of the original parties, (2) the nature of the intervenor's interests, (2) whether those interests are adequately represented by other others, and (4) whether intervention will significantly contribute to the development of the underlying factual issues in the case and the equitable adjudication of the legal questions presented, *see Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (granting media company's motion to intervene)—but they do not weigh in favor of sealing.

First, Ms. Giuffre's contention that intervention will delay discovery is speculative. She avers discovery *can* delay pre-trial proceedings, and *may* hinder factual development, but does not point to any concrete reason why, in this case, intervention would give rise to inefficiency. In fact, at this point, the litigants are well-trained in the First Amendment and common law analysis employed to evaluate sealing and can readily employ the analysis as the need arises.

More importantly, this Circuit has recognized "the importance of immediate access where a right to access is found." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

"The newsworthiness of a particular story is often fleeting. To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression." *Id.* at 27 (citation and quotation marks omitted). The loss of the right of access, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Paulsen v. County of Nassau*, 925 F.2d 65, 68 (2d Cir. 1991). To that end, denying intervention now is likely to lead to a backlog of documents that will need to be addressed in bulk should intervention be granted at a later date. The very same issue, which Proposed Intervenors would like to avoid, is unfolding in *Maxwell*.

Regarding the second and third prongs, as members of the news media, Proposed Intervenors are uniquely situated to represent the public interest in this case. Finally, regarding the fourth prong, intervention by the Miami Herald supports the broad social interest in monitoring the presumptively public legal system.

## II. The Requested Documents Should Be Unsealed or at Least Re-Filed with Limited Redactions.

### A. Proposed Intervenors Do Not Seek to Undermine the *Maxwell* Unsealing Process.

It is not the intent of Proposed Intervenors to undermine the *Maxwell* unsealing process. However, the parties have repeatedly submitted filings and attachments entirely under seal *in this proceeding* without articulating *any* countervailing interests or explanation such that it is impossible for Proposed Intervenors or the public to know which sealed documents are subject to the *Maxwell* unsealing protocol and which are newly filed in this case. For example, the fact that Exhibits A through F attached to DE 263 were documents previously filed in the *Maxwell* matter was not publicly known until Ms. Giuffre filed her response to Proposed Intervenors' motion – nor was it publicly known that Exhibit G is a new document not previously filed in the *Maxwell* matter. (*See* DE 289, at 2, n.2).

Proposed Intervenors seek to intervene, in part, to ensure future motions to seal in this matter are accompanied by the requisite showing that countervailing interests exist that outweigh the public interest – and such a showing must, at a minimum, state the countervailing interest asserted and provide support beyond conclusory allegations or speculative harms.[1] *Brown v. Maxwell*, 929 F.3d

---

[1] The Third Parties' citations to case law in their footnote 3 are inapposite and should not be considered by this Court. (DE 290, at 3 n.3). The cases analyzing whether a protective order was "improvidently granted" and the "compelling need" of the requester apply only to requests to unseal materials that are *not* judicial records, such as when a third party seeks privately exchanged discovery that was never filed with the court. *See id.* (citing *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979) (never mentions judicial records or judicial documents); *Dorsett v. Cty. of Nassau*, 289 F.R.D. 54, 64 (E.D.N.Y. 2012) (finding the materials were not judicial documents)). Conversely, once a document is a judicial record, a common law and qualified First Amendment right of public

41, 47 (2d Cir. 2019); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"). "[T]he mere fact that information is subject to a confidentiality agreement between litigants ... is not a valid basis to overcome the presumption in favor of public access to judicial documents." *New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170, at *1 (S.D.N.Y. July 19, 2019). "[A] party must demonstrate reasons to justify sealing or redaction separate and apart from a private agreement to keep information confidential." *Id.*

Even if certain attachments filed in this matter are subject to the *Maxwell* unsealing protocol, the motions, letters, and other documents unique to this matter must be independently evaluated against the presumption of public access. Even where an attachment is justifiably sealed, the motion seeking court intervention and responses should be unsealed to the greatest extent possible. *See, e.g.*, *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 (CSH), 2012 WL 13029602, at *7 (D. Conn. May 10, 2012) (finding party's "request to seal the entire letter is overly broad—i.e., not narrowly tailored—to achieve the necessary ends of protecting privileged and/or confidential information).

And while Proposed Intervenors recognize the efficiency in continuing with the *Maxwell* unsealing protocol for documents filed in that matter, Proposed Intervenors cannot foreclose the possibility that there may be a justification for unsealing documents in this matter that does not exist for the same documents in *Maxwell*. For example, documents attached to motions that were never decided in *Maxwell* might be attached to decided motions in this matter, or documents attached to discovery motions in *Maxwell* may be attached to dispositive motions in this matter, which are subject to a higher presumption of public access. *Brown*, 929 F.3d at 49-50.

### B.  The Requested Documents Are Judicial Records.

The Third Parties' claim that the documents surrounding the Motion to Compel the Deposition of Leslie Wexner are not judicial documents because the Court has not yet ruled on them is directly contrary to Second Circuit precedent. The Second Circuit expressly held in *Lugosch v. Pyramid Co. of Onondaga* that a motion currently pending before the court *is* a judicial document. 435 F.3d 110, 121 (2d Cir. 2006). The *Lugosch* court found that the district court erred in holding a motion to unseal in abeyance until the motion had been decided, finding that whether the motion had been ruled on did not affect the court's determination as to whether it was a judicial document. *Id.* at 113, 121. Moreover, this Court indicated in the *Maxwell* matter that "[t]here is a stark difference between a motion that is not <u>yet</u> decided and one that can never be decided."[2] *Giuffre v. Maxwell*, No. 15 CIV. 7433 (LAP), 2020 WL 133570, at *2 n.1 (S.D.N.Y. Jan. 13, 2020) (emphasis in original).

---

access attaches, and sealing is warranted only where substantiated countervailing interests outweigh the right of public access. *See generally Lugosch*, 435 F.3d at 119-21.

[2] The Court also cautioned that its ruling on undecided motions was "a narrow one." *Giuffre v. Maxwell*, No. 15 CIV. 7433 (LAP), 2020 WL 133570, at *4.

The Honorable Loretta A. Preska
April 22, 2021
Page 5

Here, the Motion to Compel the Deposition of Leslie Wexner is not *yet* decided. As the Third Parties noted, the "Court has taken this matter under advisement." (DE 290, at 3). The motion is simply pending, and the Court's determination as to whether it should be disclosed should not wait until after the Court decides the motion. *See Lugosch*, 435 F.3d at 126 ("[H]olding the intervention motion in abeyance was a delay that was effectively a denial of any right to contemporaneous access . . . ."); *see also In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 101 F.R.D. 34, 43 (C.D. Cal. 1984) ("Indeed, for the presumptive right to be suspended or nonexistent until after the judge has ruled on a motion, would be to impair the important interest in contemporaneous review by the public of judicial performance.").

Regarding the documents related to the pre-motion conference to provide information and materials to the US Attorney's Office, Proposed Intervenors recognize that documents submitted "*in camera* for the sole purpose of confirming that the refusal to disclose them to another party was proper" or submitted solely "to decide whether or not to enter the protective order" are not necessarily judicial documents. *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001); *Brown*, 929 F.3d at 41, 50 n.33. However, neither of those narrow exceptions are present here. According to Ms. Giuffre's representations regarding the filings, they include a request "seek[ing] relief from the protective order entered in this case," and documents that had already been filed in the *Maxwell* matter.[3] (DE 289, at 3). The material was not submitted *in camera* to determine whether it must be disclosed in discovery or to seek a protective order. Rather, it consisted of already sealed material and was submitted to seek *relief* from a protective order. *Id.* Docket entries 250, 256, and 263, and the attachments thereto, should be considered judicial documents.

### C. Newly Filed Documents in This Matter Should Be Unsealed or Refiled with Limited Redactions.

The docket entries relating to the renewed request to compel the deposition of Leslie Wexner (DEs 249, 249-1, 258, 258-1, 259, and 265) are seemingly not subject to the *Maxwell* unsealing protocol, and the minimal countervailing interests offered by Third Parties are outweighed by the public interest in these documents.[4] Both Plaintiff and Defendant in this matter do not object to the unsealing of these documents in their entirety. (DE 287; DE 289, at 3-4). Only the Third Parties object based *not* on attorney-client privilege but on a theory that *any* discussion in a deposition by Mr. Zeiger of his representation of Mr. Wexner, including non-privileged and non-work product communications and materials, is confidential. (DE 290, at 3-4).

---

[3] Proposed Intervenors' ability to address the contents of the sealed documents is limited to descriptions provided on the public docket and the parties' representations in their responses to Proposed Intervenors' motion.

[4] According to Ms. Giuffre, Exhibit G attached to DE 263 is also not subject to the *Maxwell* unsealing protocol, and Proposed Intervenors seek the unsealing of that document, as well. (*See* DE 289, at 2, n.2).

The Honorable Loretta A. Preska
April 22, 2021
Page 6

First, the Third Parties fail to explain why this claim of confidentiality over non-privileged materials presumably contained in a single attachment can shield the entirety of six filings with the court, including a letter motion, two responses, and a reply. (DEs 249, 258, 259, 265). Even if the Third Parties' dubious claim of confidentiality is warranted, the documents should be redacted to remove only those portions deemed confidential.[5]

Second, the Third Parties cite no law in the Second Circuit for their broad proposition that they are entitled to shield from public view any *non-privileged* discussion by an attorney whatsoever of the attorney's representation of a client. (DE 290, at 3-4). Instead, Third Parties cite to Ohio case law involving, in one instance, the Court's resolution of a conflict-of-interest dispute regarding an attorney's representation of two clients. *Lamson & Sessions Co. v. Mundinger*, No. 4:08CV1226, 2009 WL 1183217, at *5 (N.D. Ohio May 1, 2009) (cited by the Third Parties, DE 290, at 4). The Court held that confidential information in that case was limited to information from a prior representation that would affect the present representation, and because the information obtained by counsel was irrelevant to a subsequent representation, there was no conflict. *Id.* Clearly, this case law is inapposite, not controlling, and does not support continued sealing in this case.

### III.  Conclusion.

Proposed Intervenors seek to intervene to ensure judicial documents are timely unsealed and to ensure that justification for sealing is made on the public docket, is supported by non-conclusory statements, and that the Court makes findings on the record regarding the sealing of each document. Moreover, Proposed Intervenors request that already sealed documents introduced in this matter be unsealed or, at a minimum, are refiled with minimal redactions.

---

[5] Ms. Giuffre argues that the documents should either be unsealed in their entirety or withheld entirely, as she believes releasing the documents with redactions would not show the public the complete picture of Mr. Zeiger's testimony. (DE 289, at 4). However, Ms. Giuffre fails to show how the public's partial understanding of Mr. Zeiger's testimony would prejudice her in her defamation action against Mr. Dershowitz. Even if the information revealed created an unflattering portrayal of Ms. Giuffre or caused the public to be unsympathetic to her case, such an argument cannot overcome the presumption of public access. *See Codename Enterprises, Inc. v. Fremantlemedia N. Am., Inc.*, No. 16CIV1267ATSN, 2018 WL 3407709, at *6 (S.D.N.Y. Jan. 12, 2018) ("Simply because the information is unflattering does not mean it would 'harm a litigant's competitive standing.'"); *King Pharms., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 DGT, 2010 WL 3924689, at *11 (E.D.N.Y. Sept. 28, 2010) ("[W]hile public disclosure of some of this information may cause Elan embarrassment, nothing in these portions of the briefs reflects any secret, proprietary information, the disclosure of which would result in any serious, cognizable injury.").

The Honorable Loretta A. Preska
April 22, 2021
Page 7

                        Sincerely yours,

                        HOLLAND & KNIGHT LLP

                        /s/ Christine N. Walz
                        Christine N. Walz
                        31 West 52nd Street
                        New York, NY 10019
                        Telephone: 212.513.3200
                        Fax: 212.385.9010
                        Christine.Walz@hklaw.com

                        Sanford L. Bohrer
                        701 Brickell Avenue, Suite 3300
                        Miami, FL 33131
                        Telephone: 305-374-8500
                        Fax: 305.789.7799
                        Sandy.Bohrer@hklaw.com

                        Cynthia A. Gierhart
                        800 17th Street NW, Suite 1100
                        Washington, DC 20002
                        Telephone: 202-469-5416
                        Fax: 202-955-5564
                        Cindy.Gierhart@hklaw.com

                        *Attorneys for Proposed Intervenors*
                        *Julie Brown and Miami Herald Media Company*