# Exhibit A



Christian G. Kiely
ckiely@toddweld.com

April 6, 2020

**BY E-MAIL**

Nicole Jo Moss, Esq.
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
nmoss@cooperkirk.com

  Re: **Giuffre v. Dershowitz**
     **Civil Action No. 19-CV-03377-LAP**

Dear Nicole:

  I write concerning Plaintiff's responses and objections to Defendant's First Request for Production of Documents. We believe Plaintiff's responses are deficient in a number of respects, which I address below. We intend to meet and confer on these matters, and discuss other outstanding discovery-related matters in the case, during our call scheduled for April 7 at 10 AM. In particular, we must discuss a schedule for completing discovery in the case and report back to Judge Preska regarding the same.

  **I.** **General Issues**

    **a. Privilege Issues**

  As you know, a central issue in this lawsuit is Mr. Dershowitz's claim that Plaintiff's accusations against him were falsely made as part of conspiracy with her lawyers, including those at Boies Schiller Flexner ("BSF"), to extort settlements from Leslie Wexner and other Epstein associates whom Plaintiff had privately accused. Plaintiff's Complaint alleges that Mr. Dershowitz's claim in this regard is false and defamatory.

  If, in fact, Plaintiff agreed with any of her lawyers to falsely accuse Dershowitz in pleadings filed in *Jane Doe #1 & Jane Doe #2 v. United States*, No. 08-80736-CIV-Marra (S.D. Fla.) ("CVRA Action"), the crime-fraud exception would negate any privilege that would otherwise apply to Plaintiff's communications with her lawyers concerning Dershowitz. *See, e.g., United States v. Jacobs,* 117 F.3d 82, 87 (2d Cir. 1997). The crime-fraud exception would apply even if, arguendo, Plaintiff's lawyers were not complicit in this scheme. *See, e.g., Chevron Corp. v. Salazar*, 275 F.R.D. 437, 452 (S.D.N.Y. 2011).



Even if the crime-fraud exception did not apply, however, Plaintiff has nonetheless waived any privilege over her communications with her lawyers concerning Dershowitz by putting those communications squarely at issue in this lawsuit. *See, e.g., United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991) ("the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications"). As Judge Preska has already found in disqualifying BSF from representing Plaintiff in this suit, by suing Dershowitz for defamation for his claim that she conspired with her lawyers to make false claims against him as part of an extortion plot, "Giuffre made the truth of these statements (Dershowitz's ultimate defense on the merits), including the actions and motivations of at least one of [BSF's] attorneys, a necessary—indeed essential—part of the Complaint." ECF No. 67 at 33.

Plaintiff's waiver of the privilege extends to her communications with Bradley Edwards, Paul Cassel and Stanley Pottinger, both because they are among the lawyers who Dershowitz claims Plaintiff conspired with, and because Giuffre voluntarily testified to otherwise privileged matters in response to questioning from Edwards' and Cassell's counsel at her deposition in the *Edwards v. Dershowitz* matter. *See* Transcript of Deposition of Virginia Roberts Giuffre, January 16, 2016, at pp. 201-204. Plaintiff has also disclosed attorney-client communications to Julie Brown and other journalists, as well as to her friend Rebecca Boylan, whom she told that her lawyers "pressured" her into accusing Dershowitz.

Accordingly, we hereby reiterate our demand for the production, at a bare minimum, of all communications between Giuffre and her counsel at BSF, and Edwards, Cassell and Pottinger, which concern Dershowitz or Leslie Wexner. If Plaintiff does not voluntarily produce these communications, we will move to compel on the basis of waiver and seek an *in camera* inspection pursuant to *United States v. Zolin*, 491 U.S. 554 (1989). In addition, we will seek an instruction at trial that the jury should presume that Plaintiff's refusal to produce these communications means they would support Dershowitz's claims and undermine her own.

In any event, Plaintiff's blanket objection to providing a privilege log for any attorney-client communications relating to any Jeffrey Epstein-related lawsuits is not reasonable. Defendant is willing to agree that the parties need not log communications with counsel of record in this action which post-date the filing of Plaintiff's complaint. Defendant is also willing to consider alternatives to a document-by-document privilege log for certain categories of privileged communications. Defendant however must insist on a traditional privilege log for communications between Plaintiff and her counsel, including but not limited to her counsel at BSF, Bradley Edwards, Paul Cassell, Stanley Pottinger, and their various associates, which: (i) do not specifically relate to any then-pending litigation; (ii) relate to Plaintiff's attempted joinder and allegations in the CVRA Action; or (iii) concern Mr. Dershowitz or Leslie Wexner. A document-by-document privilege log for these matters is essential to Defendant's ability to evaluate whether attorney-client communications and attorney work product fall under the crime fraud exception, given the allegations of the Counterclaim relating to Giuffre's and her then-



Nicole J. Moss, Esq.
April 6, 2020
Page 3 of 6

counsel's attempt to extort a settlement from Leslie Wexner by publicly leveling false accusations against Dershowitz.

### b. "Documents concerning communications" and "All Documents"

Several of Defendant's requests seek "documents concerning communications." These requests are intended to capture not only communications themselves, but documents such as notes, memoranda, or other communications which reference or concern the subject communications. Plaintiff often agrees to provide certain "communications." *See, e.g.*, Request 5 (seeking "Documents concerning any Communications," where in response Plaintiff agrees to produce "communications"). Likewise, where Defendant requests "all documents," Plaintiff sometimes responds by agreeing to produce "communications." *See, e.g.*, Request 25 (seeking "All Documents concerning any Income," where in response Plaintiff agrees to produce "communications"). Please confirm that you agree to produce not only "communications" but "documents concerning communications" and "all documents" as set forth above in conformance with the specific language of each request.

### c. Plaintiff is required to produce responsive documents in her "possession, custody or control"

In response to several of Defendant's requests, Plaintiff has agreed to produce only documents in her "possession." As you know, Plaintiff's obligation to produce documents is not limited to those documents in her physical possession but extends to documents in her "possession, *custody or control*." Fed. R. Civ. P. 34(a)(1)(A) (emphasis supplied). Please confirm that an agreement to search for and produce responsive documents encompasses documents that are in Plaintiff's "possession, custody or control," including but not limited to documents which Plaintiff has the right to demand from third parties and hard-copy documents stored in Plaintiff's or her family's residences in Australia.

### d. Scope of Search Conducted in *Giuffre v. Maxwell*

In response to several requests, Plaintiff agrees essentially to "update" her production from the *Giuffre v. Maxwell* case. In order to determine whether this is acceptable to Defendant, we need to better understand from you the scope of collection, review and production in that case. Please provide an explanation concerning the same.

### II.   Issues with Specific Requests

### a. Request Nos. 2 & 5

Plaintiff's agreement to update her production from the *Maxwell* case may be acceptable, provided the search performed in the *Maxwell* case included terms designed to return documents and communications responsive to these Requests. Accordingly, please provide the full set of



search terms applied in the *Maxwell* case and any other parameters used, and specifically confirm that Plaintiff's prior searches in connection with the *Maxwell* case included the names of the individuals listed in this Request. Plaintiff's agreement to conduct a non-date-limited search for emails not included in the search protocol from *Maxwell* is also acceptable provided the search include all terms designed to return emails responsive to these Requests, not just the ones included in Plaintiff's response.

    b. **Request No. 3**

In connection with the irrelevant, inflammatory, and unsubstantiated allegations in her proposed Amended Complaint, Plaintiff claims that prior to having any contact with Plaintiff's then-counsel, Sarah Ransome "identified [Dershowitz] in writing to a reporter as someone who had had sex with one or more of the girls provided by Epstein and that Epstein had arranged for Defendant to be Ransome's lawyer." Am. Compl. ¶ 74. Plaintiff now refuses to produce the supposed documentary evidence supporting this claim on the grounds that it is confidential and cannot be disclosed without a court order. Defendant demands that this information be produced immediately.

    c. **Request Nos. 6 & 7**

Please confirm that in the *Maxwell* case, Plaintiff searched for and produced photos and videos of herself with any and all individuals listed in Request No. 6, and at the locations listed in Request No. 7, as opposed to only those photos which she considers "relevant" to this action.

    d. **Request No. 9**

Please confirm that in the *Maxwell* case, Plaintiff searched for and produced all of her employment records from January 1, 1998 to the date of collection in that case, as opposed to only those records which she considers "relevant" to this action. Please also confirm that Plaintiff will search for and produce responsive documents which post-date the collection in the *Maxwell* case.

    e. **Request No. 11**

Plaintiff's response appears to state that she will produce only those documents concerning Victims Refuse Silence that are in her possession. Please confirm she will also produce responsive documents which are in her custody or control.

    f. **Request No. 15**

Defendant disagrees that settlement payments from other Epstein affiliates who Plaintiff has accused of sexual abuse are properly excluded from Plaintiff's response to this request. The existence and amount of any such settlement payments is directly relevant to Defendant's



allegations that Plaintiff's accusations against him were part of an extortion plot. It is also relevant to whether Plaintiff is lying about having sex with other alleged Epstein acquaintances. Please confirm that Plaintiff will produce responsive documents showing any Income Plaintiff received from Epstein agents and associates.

      g.  **Request No. 16**

Plaintiff's response is artificially limited to engagement letters with counsel for this action. The request encompasses, at a minimum, all engagement letters and/or other documents reflecting the terms of engagement (including fee information) with any counsel who has represented her in connection with any Epstein-related matter. This type of information is not protected by the attorney-client privilege or work product protection. *See, e.g., In re Shargel*, 742 F.2d 61, 62 (2d Cir. 1984); *In re Sampedro*, 2020 WL 633787, at *2 (D. Conn. 2020).

      h.  **Request Nos. 17 & 18**

Communications between Giuffre and her attorneys concerning Dershowitz or Leslie Wexner are directly relevant to Dershowitz's claim that Plaintiff's accusations against him were part of an extortion plot. Plaintiff's refusal to log any responsive communications, even those pre-dating this litigation, is not reasonable. Defendant's position is that privilege has been waived at least as to those communications surrounding Plaintiff's attempted intervention in the CVRA action because Plaintiff and her counsel at BSF have put those communications at issue both in this litigation and in the *Boies v. Dershowitz* matter, and further, that no privilege ever attached to these communications because they were made in furtherance of a crime or fraud.

      i.  **Request No. 24**

Please confirm that Plaintiff will produce communications between her counsel and any media outlet or between Plaintiff and any media outlet. These documents are not privileged, are within Plaintiff's control, and are plainly relevant to this action.

I look forward to discussing these matters with you.

                                              Regards,

                                              Christian G. Kiely

CGK/sb



Nicole J. Moss, Esq.
April 6, 2020
Page 6 of 6

Enclosures
Cc:    Howard M. Cooper, Esq.
        Kristine C. Oren, Esq.