# Exhibit D

**From:** Christina Fitch <christina@pathtojustice.com>
**To:** "Virginia Giuffre (robiejennag@y7mail.com)" <robiejennag@y7mail.com>
**Subject:** Regarding: Your Case
**Date:** Fri, 26 Sep 2014 16:31:11 -0400
**Attachments:** CO-COUNSEL_AUTH_TO_REP_contingency_$1M_or_more9-26-14.pdf
**Inline-Images:** image001.png; image002.png

_____

Hi Virginia:

Please see attached from Brad.  Please sign, date and return to us.

Thank you!



Farmer, Jaffe, Weissing,
Edwards, Fistos & Lehrman, P.L.

Christina Fitch
Florida Registered Paralegal

425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301

Toll Free: 800-400-1098
Facsimile: 954-524-2822

christina@pathtojustice.com | www.pathtojustice.com



**EXHIBIT**
**Zeiger 4**

Giffure_email_001321

# FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.

425 NORTH ANDREWS AVENUE, SUITE 2
FORT LAUDERDALE, FL 33301
(954)524-2820
(954)524-2822 Fax

## CO-COUNSEL - AUTHORITY TO REPRESENT

I/WE, the undersigned client(s), do hereby retain and employ **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L. ("FJW")**, and any other law firm chosen to also represent me, including Paul Cassell, Stan Pottinger, Boies Schiller Flexner and any others chosen by FJW, **(collectively referred to as "Attorneys")** as my/our attorneys to represent me in my claim for damages against <u>Les Wexner, Victoria's Secret or any other person or entity legally responsible for the sexual abuse of me.</u>

**The undersigned** client(s) has/have, before signing this contract, received and read the **Statement of Client's Rights**, and understand(s) each of the rights set forth therein. The undersigned client(s) have signed the Statement and received a signed copy of the same to keep and refer to while being represented by the undersigned attorney(s).

**This contract** may be canceled by written notification to the attorneys any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, the client shall not be obligated to pay any fees to the Attorneys for the work performed during that time. If the Attorneys have advanced funds to others in representation of the client(s), the Attorneys are entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the client(s).

I UNDERSTAND that this employment is upon a contingent fee basis. If no recovery is made, I will not have to pay my Attorneys any attorney fees nor will I be obligated to pay costs that were expended on my behalf by the law firm. However, if a recovery is made, I agree to be responsible for all costs, necessary disbursements, fees of expert witnesses, investigator fees, and reasonable personal and travel expenses, as well as interest on all costs, fees and expenses incurred by the attorney for and on behalf of the Client and the Client's cause.

If recovery is obtained, **I hereby** agree to pay for the cost of investigation, and should a lawsuit or arbitration be filed, I agree to pay applicable court costs and all out-of-pocket expenses incurred in the handling of this matter. Costs incurred during this representation include, but are not limited to: filing fees, deposition fees, service of process fees, investigation costs, copying costs, cost of facsimile transmissions, long-distance communication charges, expert witness and other witness fees, travel expenses, etc.

**I UNDERSTAND** that current law and regulations regarding Medicare, Medicaid or private health insurance plans (healthcare providers) may require all parties involved in this matter (client, Attorneys, defendant, and any insurance companies) to compromise, settle, or execute a release of healthcare providers' separate claim for reimbursement / lien for past and future payments prior to

distributing any verdict or settlement proceeds.  We agree that the law firm may take all steps in this matter deemed advisable for the handling of our claim, including hiring separate experts / case workers who assist with resolving any healthcare providers' reimbursement claims or liens for past and / or future injury-related medical care. The expense of any such service shall be treated as a case expense and deducted from our net recovery and shall not be paid out of the law firm's contingent fee in this matter.

     **I HEREBY** desire to retain the law firm of **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L., and especially Brad Edwards,** because of the law firm's experience and reputation, and the ability of the law firm to perform legal services on my behalf. I acknowledge the skill and expertise of the law firm, and expressly understand the time and labor involved in a case of this nature. I further acknowledge and understand the complexity and difficulty of the issues involved in my case, and the requisite skill required to properly perform legal services on my behalf. As a result, I agree to pay a contingent fee to the law firm of **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.** from any monies which I receive, or shall be entitled to receive, in the event of a settlement, trial, appeal or other favorable disposition of this matter, in accordance with the following fee schedule:

     (1)     40% of the total gross recovery, settlement or judgment, before the deduction of any costs, bills or expenses, in the event this matter resolves at any time;

     (2)     50% of the total amount of said recovery, settlement or judgment in the event that an appeal is taken by either side, or if garnishment, bad faith proceedings or any other proceedings after judgment are brought to collect the judgment or any portion thereof;

     I understand that if a lawsuit is filed then this fee agreement must be approved by the Court, and I agree to assist the law firm in petitioning a Court of appropriate jurisdiction to obtain approval of the fee schedule set forth above. In that regard, I agree to sign a sworn "Waiver of Fee Limitations" for the law firm to file with a Petition for Approval of Fee Contract at any time when requested by FJW.  This Waiver of Fee Limitations is intended by me to apply to my case regardless of the nature of the case (i.e., medical malpractice, negligence, product liability, etc). This Waiver of Fee Limitations is intended by me to apply to my case to waive the any fee limitations set forth in Florida Bar Rule 4-1.5. I understand that the fees charged to me by this law firm may be above the fees expressly approved by the Florida Bar; I understand this, but agree to the fee structure above in order to secure the services of this particular law firm based on my investigation of their qualifications and experience.

     I have selected the lawyers or law firms listed herein as my counsel of choice in this matter and would not be able to engage their services without this waiver; I understand there may be law firms that would take my case for a fee set forth in Rule 4-1.5 outlined in paragraph 5a-e below, however, I desire to retain the law firm of **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.** and I expressly state this waiver is made freely and voluntarily, with full knowledge of its terms, and that all questions have been answered to my satisfaction.

     **I UNDERSTAND** the fee schedule set forth in Florida Bar Rule 4-1.5. I understand the fee agreement set forth in the preceding paragraph may result in the payment of attorneys' fees to **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.** different than as set forth in Rule 4-1.5. However, due to the nature of this incident and the issues involved in this matter, and for

the other reasons set forth above, I desire to retain the services of the law firm of **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.**. I agree that in the event the court does not approve the fee agreement set forth in the preceding paragraph, or in the event that the law firm does not file the petition for or seek approval of the fee agreement set forth in the preceding paragraph, then I will pay a contingent fee to **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.** out of the total gross recovery in accordance with the following fee schedule from Rule 4-1.5:

    **a.**    **BEFORE THE FILING** of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action:

    (1)    33 1/3% of any recovery up to $1 Million - plus
    (2)    30% of any portion of the recovery between $1 Million and $2 Million; plus
    (3)    20% of any portion of the recovery exceeding $2 Million.

    **b.**    **AFTER THE FILING** of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment.

    (1)    40% of any recovery up to $1 Million; plus
    (2)    30% of any portion of the recovery between $1 Million and $2 Million; plus
    (3)    20% of any portion of the recovery exceeding $2 Million.

    **c.**    **IF ALL DEFENDANTS** admit liability at the time of filing their initial answers and request a trial only on damages, the following shall apply:
    (1).    33 1/3 %  of any recovery up to $1 Million; plus
    (2)    20 %    of any portion of the recovery between $1 Million and $2 Million; plus
    (3)    15% of any portion of the recovery exceeding $2 Million.

    **d.**    **AN ADDITIONAL** 5 % of any recovery after notice of appeal is filed or post-judgment relief or action is required for recovery on the judgment.

    **e.**    25 % of the total amount of said recovery, settlement or judgment in the event attorneys' fees in my case are limited by law for claims against governmental agencies or sovereign entities as set forth in Florida or Federal Statues.

    **IN THE EVENT** that I am successful in obtaining court-awarded attorneys fees from the defendants, then the amount of court-awarded fees shall be separate and additional to the recovery, whether by judgment or settlement. The additional court-awarded fees will be paid 60% to the client and 40% to the law firm.

    **ATTORNEYS** have a security interest in any settlement money obtained on your behalf and as such, the attorney's fee shall be paid first out of any settlement.  The attorneys' fee is to be calculated as the gross of all monies received, whether through settlement, judgment, and/or award of attorney's fees. If, at any time, I elect a new attorney, I understand that **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.** will have a cost lien on the filed that I must pay for the full amount of costs expended , and the firm will get the benefit of the last offer made on my case. (Example: If 100k offer made while **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.** were my lawyers, then I select a new

lawyer, **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.** will be paid $40k from the eventual recovery, and **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.** will be entitled to such automatic lien.)

The undersigned acknowledge and agree that each attorney or law firm sharing in a fee shall be legally liable to the claimant for any professional malpractice of any other attorney or law firm sharing in the fee to the same extent as if they were partners.  No attorney shall share in any fee unless the attorney shall be available to the claimant for consultation concerning the matter.  No attorney or any other person shall receive any fee merely for referring a claimant to another attorney for representation.  The terms for sharing of any fee shall be disclosed to and approved by the client in a written document signed by the client and all attorneys or law firms sharing in the fee.  The court shall inquire into the division of fees among attorneys and shall have the power to modify the division of fees between attorneys.

It is agreed and understood that other attorneys including those listed in paragraph 1 above, will be acting as co-counsel, and will be receiving 50% of the attorney fees from this matter, and will be assuming joint responsibility for the legal services on behalf of the Client.  This division of attorney fees will <u>not</u> increase the amount of fees incurred by you in this matter.

## BANKRUPTCY

I have not filed for bankruptcy since the date of the incident in question.  If I do file for Bankruptcy before my case is completed, I will disclose my claim to the Bankruptcy Court in my Petition for Bankruptcy, as I am required to do by Federal Law.  I will immediately notify **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.,** of my Bankruptcy by sending them a copy of my Petition for Bankruptcy.

**I/WE AGREE** that upon written notice, **Attorneys** may terminate their representation under the terms of this Agreement.  I/we agree to keep the Attorneys advised of my/our whereabouts at all times and to cooperate in the preparation and investigation of the case, to appear on reasonable notice for office conferences, depositions and court appearances and to comply with all requests made by my/our attorneys in connection with the preparation and presentation of my/our case.

Please read the attached **Statement of Client's Rights** (consisting of 3 pages).

**DATED**  at Fort Lauderdale, Broward County, this _____ day of _____, 20___.


_____                    _____
Virginia Roberts                                                                    (Client)

**The above** employment is hereby accepted upon the terms stated therein.

Giffure_email_001325

FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, PL

Co-Counsel:_____
Firm Name:_____
Address:_____
Line2: _____
Phone: _____

Co-Counsel:_____
Firm Name:_____
Address:_____
Line2: _____
Phone: _____

Co-Counsel:_____
Firm Name:_____
Address:_____
Line2: _____
Phone: _____

Giffure_email_001326