# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Charles J. Cooper<br>ccooper@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C.  20036 | (202) 220-9600<br>Fax (202) 220-9601 |

May 6, 2021

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
Letter-Motion for Pre-Motion Discovery Conference

Dear Judge Preska:

I write on behalf of Plaintiff Virginia Giuffre to request a pre-motion discovery conference under Local Civil Rule 37.2, to seek leave to file a motion for a protective order prohibiting Defendant from pursuing discovery into Plaintiff's accusations of sexual misconduct by individuals associated with Jeffrey Epstein other than Defendant ("Subject Discovery").

Under Federal Rule of Civil Procedure 26, the Court has broad discretion to control the nature and timing of discovery, and it "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Dove v. Atlantic Capital Corp.,* 963 F.2d 15, 19 (2d Cir. 1992) (Whether to grant such a motion is "singularly within the discretion of the district court."). A court can exercise this discretion to limit or bar discovery under Rule 26(b)(2)(C) or Rule 26(c)(1).  Rule 26(b)(2)(C) provides that a court "must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: . . . (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C). And under Rule 26(c)(1), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery of certain matters." FED. R. CIV. P. 26(c)(1).

A protective order is justified here under Rule 26(b)(2)(C) because the Subject Discovery is beyond the scope of Rule 26(b)(1), which permits discovery into "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Courts enjoy "significant flexibility and discretion" under Rule 26(b)(2)(C) to "limit discovery . . . to ensure that the scope and duration of discovery is reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources." *Chen-Oster v. Goldman, Sachs & Co*., 293 F.R.D. 557, 561 (S.D.N.Y. 2013). Recent amendments to Rule 26(b)(1) "emphasiz[e] the need to analyze proportionality before ordering production of relevant

May 6, 2021
Page 2

information" and "encourage judges to be more aggressive in identifying and discouraging discovery overuse." *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016).

Defendant's proposed topics of discovery open the door to a burdensome, protracted, and heavily contested process that will inevitably entail minitrials involving numerous third parties and sensitive privacy interests. Defendant's proposal to limit his discovery into Plaintiff's accusations against other men to brief depositions of those men, Tr. at 6:23-25 (Dec. 2, 2019), is untenable. No one doubts that the result of those depositions will be denials. If those denials are to be admitted against Plaintiff, then Plaintiff must likewise be permitted to take discovery to test them, and the discovery battles will multiply, until the parties are engaged in a multiple front litigation war. Plaintiff's defamation claims in this case are limited to Defendant's false statements that (i) she lied and perjured herself when she accused *Defendant* of sexual misconduct; and (ii) she and her lawyers falsely accused *Defendant* of sexual misconduct as part of a scheme to extort money from Leslie Wexner. Whether or not Plaintiff's accusations of sexual misconduct against other Epstein associates (including Leslie Wexner) are true has no bearing on whether her allegations against Defendant are true. And as the Court is well aware from its experience in *Giuffre v. Maxwell*, litigating allegations made against other individuals will inevitably multiply the proceedings exponentially.

The Court has repeatedly cautioned the parties that the "central factual issue[s]" in this action are simple: whether Defendant sexually abused Plaintiff, and whether Plaintiff accused Defendant as part of an extortion conspiracy. Order, Doc. 152, at 1 (July 22, 2020); *see also* Memorandum & Order, Doc 144, at 9 (July 1, 20202); Order, Doc. 174, at 6 (Sept. 9, 2020); Tr. at 2:20:22 (Dec. 2, 2019). The truth or falsity of Plaintiff's statements about other Epstein associates manifestly lies outside this factual core. Defendant nevertheless claims that it is relevant for two reasons.

<u>First</u>, Defendant argues that Plaintiff has put the truth or falsity of her accusations against Leslie Wexner at issue by bringing defamation claims based on Defendant's extortion accusations. This theory has been the subject of separate letter briefing by the parties, Letter from H. Cooper to Hon. L. Preska, Doc. 249 (March 4, 2021), Letter from N. Moss to Hon. L. Preska, Doc. 258 (March 12, 2021), Letter from M. Little, Jr. to Hon. L. Preska, Doc. 259 (March 12, 2021), and Letter from H. Cooper to Hon. L. Preska, Doc. 265 (March 16, 2021), so we will not rehash the argument here. Suffice it to say, although Plaintiff understands that Wexner is differently situated than the other men she has accused, she maintains her position that it is not necessary to resolve the dispute over their sexual history to determine whether she falsely accused Defendant as part of a plot to extort Wexner.

<u>Second</u>, Defendant argues that Plaintiff has put the truth or falsity of her statements about other Epstein associates at issue by bringing defamation claims based on Defendant's false statements that she lied about the other Epstein associates. *See* Tr. at 20:11-24 (Aug. 17, 2020); Letter from H. Cooper to Hon. L. Preska, Doc. 156, at 1 (July 23, 2020). As set forth in Plaintiffs' pre-motion letter seeking leave to amend, Defendant misconstrues the allegations in Plaintiff's

May 6, 2021
Page 3

complaint. In any event, if Plaintiff is permitted to amend her complaint to eliminate any doubt about the scope of her claims, this asserted basis for seeking discovery about Plaintiff's statements about Epstein associates becomes moot. Even if the Court accepts Defendant's construction of Plaintiff's complaint and denies Plaintiff leave to amend, the Subject Discovery, and the numerous minitrials that would follow, would be vastly disproportionate to the needs of the case because the focus of Plaintiff's presentation on falsity will be the "central factual issue": her accusations against Defendant.

We note briefly a third reason that Defendant may argue, *see* Letter from H. Cooper to Hon. L. Preska, Doc. 265, at 1 (March 16, 2021): that the discovery may support a collateral attack on Plaintiff's credibility. Although *discovery* relating to extrinsic character evidence is not categorically prohibited, such evidence is inadmissible. FED. R. EVID. 404(a)(1), 608(b). The extraordinary burden described above is wildly disproportionate when its only purpose is to uncover inadmissible evidence.

The same concerns—burden, delay, irrelevance, and inadmissibility—also supply good cause for a protective order under Rule 26(c)(1). *See, e.g.*, *Navel Orange Admin. Comm. v. Exeter Orange Co.*, 722 F.2d 449, 454 (9th Cir. 1983) (no error for trial court to grant protective order barring "irrelevant and immaterial" discovery); *Furminator, Inc. v. Munchkin, Inc.*, No. 4:08CV00367 ERW, 2009 WL 1176285, at *2 (E.D. Mo. May 1, 2009) (protective order justified where disclosure of certain information "would be unduly burdensome and might lead to a mini-trial regarding irrelevant issues").

Early in this case, the Court warned that: "[t]his is not going to be the book for my dear friends the reporters to write on the whole matter." Tr. at 16:4–6 (Dec. 2, 2019). Plaintiff agrees. She has no desire to relive (for a second time) every detail of two years of trafficking at the hands of Jeffrey Epstein. We therefore respectfully request that the Court grant us leave to move for a protective order, and that it thereafter exercise its discretion to limit discovery in this matter.

Respectfully,

/s/Charles J. Cooper
Charles J. Cooper

cc: Counsel of Record