# Cooper & Kirk
### Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Charles J. Cooper<br>ccooper@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | (202) 220-9600<br>Fax (202) 220-9601 |

May 6, 2021

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
     Request for Permission To File Motion To Amend Complaint

Dear Judge Preska:

I write on behalf of Plaintiff Virginia Giuffre to request permission, pursuant to the Court's suggestion at the March 25 hearing, to file a motion to amend the Amended Complaint filed in this action on April 15, 2020 (Doc. 117). Plaintiff seeks to amend her complaint: (1) to eliminate any doubt that Plaintiff's defamation claims are based solely on Defendant's defamatory statements that Plaintiff lied when she accused *Defendant* (as opposed to other associates of Jeffrey Epstein) of sexually abusing her and that Plaintiff did so as part of a conspiracy with her prior lawyers to extort money from Leslie Wexner; (2) to "clean up," as the Court put it, the complaint in ways that do not change the substance of the claims; and (3) to add defamatory statements that Defendant has made about Plaintiff since the Amended Complaint was submitted to the Court in December 2019.

The Court "should freely give leave" to amend pleadings, FED. R. CIV. P. 15(a), absent, inter alia, "undue prejudice to the opposing party by virtue of allowance of the amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant's counsel has advised that Defendant opposes the amendment on grounds of prejudice; namely (1) that the proposed amendments will alter the scope of Plaintiff's claims two years into the litigation, and (2) that the proposed amendments will deprive Defendant of an opportunity to defend against "inflammatory" statements that appear in the first two complaints. We dispute the factual premises of both objections; in any event, they provide no basis for denying leave to amend.

**First**, as detailed by Plaintiff's counsel at the March 25 hearing, Pub. Tr. at 66:19–68:18 (Mar. 25, 2021), we submit that neither the original Complaint nor the Amended Complaint can reasonably be interpreted as asserting defamation claims based on Defendant's statements that Plaintiff has lied about being trafficked to men other than Defendant. The proposed amendment thus seeks merely to eliminate any doubt about the scope of Plaintiff's claims. Although the Complaint and Amended Complaint refer to statements in which Defendant accused Plaintiff of having "a documented history of lying about prominent people," Am. Compl. ¶ 17(p)(i), those

statements were included solely because they were made as part of statements accusing Plaintiff of lying about *Defendant's* sexual abuse of Plaintiff; it was clearly not Plaintiff's intention to state defamation claims based on Defendant's false statements concerning any other men who sexually abused Plaintiff. Rather, as the Complaint and Amended Complaint made clear, Plaintiff sues Defendant for calling her a "serial perjurer" and an extortionist for testifying about *Defendant's* sexual abuse of Plaintiff. *Id.* ¶¶ 14–15, 55. Indeed, Defendant moved to dismiss the original complaint, and Plaintiff opposed the motion, on grounds premised solely on this construction of her claims. *See, e.g.*, Mem. of Law in Supp. of Mot. To Dismiss, Doc. 23, at 19 (June 25, 2019) ("Each of the statements identified in the Complaint as having defamed Giuffre . . . directly responds to the accusations Giuffre leveled against Dershowitz." (emphasis added)); Mem. of Law in Opp'n to Mot. To Dismiss, Doc. 38, at 11 (July 9, 2019) ("Accepting th[e] factual allegation [that Plaintiff was forced to have sex with Defendant] as true, it necessarily follows that Dershowitz's statements that Giuffre is a perjurer and extortionist were made with full knowledge of their falsity."). And the Court has likewise long interpreted Plaintiff's claims to be so limited. *See, e.g.*, Opinion and Order, Doc. 67, at 4 (Oct. 16, 2019); Tr. at 2:18–24 (Dec. 2, 2019); Mem. & Order, Doc. 144, at 9 (July 1, 2020).

But even if the Amended Complaint could reasonably be read to state broader defamation claims, Plaintiff should be permitted to narrow them. It is difficult to conceive of how Defendant could be prejudiced by an amendment that *narrows* the claims asserted against him. The amendment does not alter his defensive ground with respect to her claims that she lied about being abused by him: it would be no defense to these claims for Defendant to submit evidence that she lied about other men.

Nor has Plaintiff been dilatory in seeking this amendment. Plaintiff learned at the parties' Rule 26(f) conference in November 2019 that Defendant intended to seek discovery into her "allegations of sexual misconduct against men other than" Defendant. Joint Report, Doc. 93, at 4 (Nov. 20, 2019). At the time, Plaintiff understood that Defendant sought this information in order to mount a collateral attack on her credibility, not because he believed that Plaintiff was suing him for falsely accusing her of lying about the other men. *See* Tr. at 5–7 (Dec. 2, 2019); *see also* Letter from H. Cooper to Hon. L. Preska, Doc. 133, at 1 (June 12, 2020) (seeking *Maxwell* material to attack Plaintiff's credibility). Plaintiff accordingly objected to Defendant's requests for documents concerning these men on the grounds that they "include[ed] individuals who are not relevant to Plaintiff's allegation that Defendant sexually abused her and defamed her or Defendant's denial of those allegations" and otherwise sought irrelevant information. Plaintiff nevertheless agreed, in the spirit of cooperation, to produce certain responsive documents. *See* Exhibit A.[1]

To our recollection, we first learned in July of 2020 of Defendant's attempt to misconstrue the Amended Complaint to assert defamation claims based on Defendant's statements accusing her of lying about other individuals, in a footnote to a pre-motion reply letter. *See* Letter from H. Cooper to Hon. L. Preska, Doc. 150, at 2, n.1 (July 10, 2020); *see also* Joint Letter, Doc. 153, at 2–3 (July 29, 2020) (expounding on theory). The Court quickly and decisively rejected the theory.

---

[1] For her part, Plaintiff served document requests for Defendant's communications with and about certain Epstein associates. Defendant's own communications are independently relevant. They may, for example, establish Defendant's knowledge that Epstein trafficked Plaintiff.

Order, Doc. 152, at 1–2 (July 22, 2020) ("[T]he central factual issue in the case is quite simple: did the parties have intimate contact or not. That Ms. Giuffre might or might not have spoken truthfully about her contact (or lack of contact) with individuals other than Mr. Dershowitz might technically be relevant to her credibility, but it is fairly far afield from the main issue in this litigation."); *see also* Order, Doc. 174, at 6 (Sept. 9, 2020) (reaffirming same). Accordingly, Plaintiff saw no need to seek leave to amend at that time.

Nevertheless, Plaintiff offered Defendant a compromise in December 2020: Plaintiff would agree to drop search terms relating to certain Epstein associates if Defendant would agree not to pursue discovery or offer evidence about them. Defendant declined. After further active negotiations, this dispute over the scope of Plaintiff's claims was placed before the Court in March 2021, when Plaintiff's counsel confirmed to the Court that Plaintiff would "clean up" her complaint to eliminate any doubt and thus resolve the dispute. Pub. Tr. at 68:19–69:12 (Mar. 25, 2021).

**Second**, the proposed amendment does not deprive Defendant of an opportunity to defend against any accusation Plaintiff has made *about Defendant*. At the March 25 hearing, counsel for Defendant stated (for the first time): "[T]he complaint is not just a defamation claim. In the complaint, [Defendant] is sued over and is accused of being a co-conspirator in a sex trafficking ring that involved multiple girls." Pub. Tr. at 69:17–20. At the parties' meet and confer, Defendant's counsel expressed the notion that Plaintiff's proposed amendment backed away from this accusation, depriving Defendant of an opportunity to disprove them. It does not.

Every version of the complaint—including the proposed Second Amended Complaint—accuses Defendant of having sex with Plaintiff under circumstances that put him on notice that she was being trafficked. That is a factual predicate for her defamation and battery claims, and it is what makes Defendant a "co-conspirator" in her trafficking. No version of the complaint includes an allegation that even remotely states or implies that Defendant participated in procuring underage girls for Epstein and his associates or a claim (such as a trafficking claim) that depends upon such a factual predicate. Still, the proposed amendment includes revisions designed to negate any notion that Defendant had any role in the sex trafficking conspiracy other than his participation as one of the men to whom Epstein sent Plaintiff for sex.

We concurrently seek leave to move for a protective order prohibiting discovery concerning Plaintiff's allegations about Epstein associates other than Defendant, and in connection with that request, explain why such discovery should be prohibited irrespective of whether the Court grants Plaintiff's motion to amend.

We respectfully request that the Court permit us to move for leave to amend the complaint or, should the Court see fit, authorize us to file a second amended complaint in the form annexed hereto as Exhibit B without further motion practice.[2]

---

[2] For the convenience of the Court, we also attach hereto as Exhibit C a redline showing differences between the text of Amended Complaint and the text of the proposed Second Amended Complaint. Formatting edits are not shown in redline.

May 6, 2021
Page 4

                                                Respectfully,

                                                /s/Charles J. Cooper
                                                Charles J. Cooper

cc: Counsel of Record