# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>Plaintiff,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>Defendant. | Civil Action No. 19-cv-03377-LAP |
| ALAN DERSHOWITZ,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>VIRGINIA L. GIUFFRE,<br><br>Counterclaim Defendant. | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Virginia Giuffre, by and through her counsel, provides the following Responses and Objections to Defendant Alan Dershowitz's First Request for Production of Documents ("Requests" or "RFPs") as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Requests to the extent that they attempt to impose obligations on Plaintiff beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, or any applicable order of the Court.

reserves the right to object on all grounds to the introduction of any evidence covered or referred to in the responses below.

24. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

25. By agreeing to search for and produce documents in response to a request, Plaintiff is not representing that such documents actually exist or can be identified following a reasonable and diligent search.

26. By objecting to a request, Plaintiff is not representing that such documents actually exist or can be identified following a reasonable and diligent search.

## SPECIFIC RESPONSES AND OBJECTIONS

**1. All Documents that you consulted or referred to in answering Dershowitz's First Set of Interrogatories.**

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Request because Defendant's Interrogatories violate Local Rule 33.3. Plaintiff further objects to this Request in that it seeks information protected by the attorney-client privilege and the attorney work-product privilege.

Subject to and without waiving these objections, Plaintiff directs Defendant to Plaintiff's Initial Disclosures and documents served on December 16, 2019 and December 30, 2019 and the list of Plaintiff's medical providers served on December 30, 2019.

**2. All Documents and Communications concerning Your allegations in the Complaint in this Action.**

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Request as over broad. As written, this Request would sweep in potentially scores of

documents with little to no relevance to the disputed issues in this case and would impose burdens on Plaintiff that are disproportionate to the needs of this case. Plaintiff further objects to this Request to the extent it calls for the production of privileged communications and/or documents protected by the attorney-client, attorney work-product, or other applicable privileges. Plaintiff also objects to this Request to the extent it calls for the production of publicly available documents, such as news stories, media reports, etc. that are as readily available to Defendant as they are to Plaintiff. In responding to this Request, Plaintiff will not be logging privileged communications that post-date the filing of the Complaint or producing publicly available materials such as those cited in the Complaint.

Subject to and without waiving these objections, Plaintiff responds that as part of her Initial Disclosures, Plaintiff produced to Defendant the entirety of her document production in *Giuffre v. Maxwell* and her non-party production of documents in *Edwards v. Dershowitz*. In addition, Plaintiff produced a copy of her depositions in the *Giuffre v. Maxwell* case, records from Mar-a-Lago, flight logs, and the non-party production from Victims Refuse Silence in the *Giufffre v. Maxwell* matter. In searching for and producing responsive emails in the *Giuffre v. Maxwell* matter, which were included in the production already provided to Defendant, Plaintiff employed search terms that would capture documents and communications in her email account related to Defendant. For example, Plaintiff used the following search terms: "Alan," "Dersh%," and "AD." Thus, Plaintiff, with the exceptions noted below, objects to searching her emails anew for the time period prior to August 24, 2015 when her email was collected for the *Giuffre v. Maxwell* matter as responsive, non-privileged emails would already be part of the prior *Maxwell* production, which has already been provided to Defendant. However, Plaintiff is willing, subject to an agreement on an appropriate production protocol and search terms, to update these prior productions with responsive, non-privileged documents and communications that were either created or obtained

since those productions were made, and to do a non-date-limited search for emails and attachments containing the following search terms that were not included in the search protocol in the *Giuffre v. Maxwell* case – Farmer, Ransome, Rodriguez, Boylan, Brown, Bruck, Zeiger, Kessler, Alexander, Lang, Reiter, Stratton, Barak and Kessler (taken from the list of individuals identified in Defendant's Request No. 5). In addition, assuming the Court grants leave, Plaintiff will produce to Defendant the document production received from Ghislaine Maxwell in the *Giuffre v. Maxwell* matter, which is currently subject to the protective order in that case. Plaintiff's willingness to run these search terms and produce materials from the *Giuffre v. Maxwell* matter should not be construed as an agreement that any of the terms or materials are relevant.

**3. All Documents and Communications referenced in your Complaint or Answers to Interrogatories.**

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Request to the extent it seeks the production of publicly available materials, which Defendant can access based on the citations and references provided by Plaintiff in her Complaint and which do not require production by Plaintiff. Plaintiff likewise objects to this Request to the extent it calls for the production of materials that are already in Defendant's possession such as his own deposition testimony, correspondence sent to Defendant or Defendant's lawyers, or documentation that Defendant would have by virtue of his prior representation of Jeffrey Epstein.

Subject to and without waiving these objections, Plaintiff directs Defendant to the materials produced as part of her Initial Disclosures in this case. For the statements in Paragraph 20 of the Amended Complaint for which a specific citation was not provided, Plaintiff directs Defendant to the news article available at www.cnn.com/2015/01/05/europe/prince-andrew-sex-abuse-allegations/index.html; the transcript available at www.cnn.com/TRANSCRIPTS/1501/05/cnnt.02.html; and Defendant's deposition testimony and deposition exhibits in the *Edwards v. Dershowitz*

5. **All Documents concerning any Communications with any of the following individuals or their attorneys, agents or representatives:**

**a. Dershowitz;**

**b. Epstein;**

**c. Ghislaine Maxwell;**

**d. Maria Farmer;**

**e. Sarah Ransome;**

**f. Juan Alessi;**

**g. Alfredo Rodriguez;**

**h. Anthony Figueroa;**

**i. Rebecca Boylan;**

**j. Sharon Churcher;**

**k. Julie Brown;**

**l. Connie Bruck;**

**m. Bill Richardson;**

**n. George Mitchell;**

**o. Thomas Pritzker;**

**p. Leslie Wexner;**

**q. Abigail Wexner;**

**r. John Zeiger;**

**s. Glenn Dubin;**

**t. Prince Andrew;**

**u. Ehud Barak;**

**v. Marvin Minsky;**

w. **Patrick Kessler;**
x. **Any witness identified in Your Rule 26(a) disclosures;**
y. **Any witness identified in Your Answers to Interrogatories.**

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad. As written this Request would call for any document concerning any communication any of the 23 specifically identified individuals and any additional individuals identified in Plaintiff's Initial Disclosures or Interrogatory Responses may have had on any subject whatsoever whether related to this case or not. Plaintiff further objects to this Request as including individuals who are not relevant to Plaintiff's allegation that Defendant sexually abused her and defamed her or Defendant's denial of those allegations. This Request is also objectionable to the extent it seeks documents protected from disclosure by the attorney-client, work-product, common interest, or any other applicable privilege.

Subject to and without waiving these objections, Plaintiff will supplement her prior production from the *Giuffre v. Maxwell* matter as noted in response to Request No. 2. by producing any non-publicly available, non-privileged communications in Plaintiff's possession with or about any of the above identified individuals regarding issues relevant to this action that postdate the prior production.

**6. All photographs or video containing any image of You and the following individuals:**

a. **Dershowitz;**
b. **Epstein**
c. **Ghislaine Maxwell;**
d. **Bill Richardson;**
e. **George Mitchell;**

    f. **Thomas Pritzker;**

g. **Leslie Wexner;**

h. **Glenn Dubin;**

i. **Prince Andrew;**

j. **Ehud Barak;**

k. **Marvin Minsky;**

l. **Bill Clinton;**

m. **Al Gore;**

n. **Tipper Gore.**

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Request as seeking information and documents that are not relevant to this action or designed to lead to the discovery of relevant information. Subject to and without waiving these objections, Plaintiff responds that she has already produced all relevant documents in her possession as part of her production in the *Giuffre v. Maxwell* matter.

**7. All photographs and video of You in any of Epstein's properties, including but not limited to his properties in: Palm Beach, Florida; New York City, New Mexico, and the U.S. Virgin Islands.**

**RESPONSE:** In addition to the General Objections set forth above, Plaintiff objects to this Request as seeking information and documents that are not relevant to this action or designed to lead to the discovery of relevant information. Subject to and without waiving these objections, Plaintiff responds that she has already produced all relevant documents in her possession as part of her production in the *Giuffre v. Maxwell* matter.

**8. All Documents concerning Your Employment at the Mar-a-Lago Club.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Subject and

**17. All Documents concerning Communications with Your Attorneys concerning Dershowitz.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it calls for the production of privileged documents irrelevant to this litigation. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. In accordance with Rule 34(b)(2)(C), Plaintiff states that she is withholding all responsive documents on the basis of the objections contained herein and objects to providing a privilege log due to the burdensome and harassing nature of this Request.

**18. All Documents concerning Communications with Your Attorneys concerning Leslie Wexner.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it calls for the production of privileged documents irrelevant to this litigation. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action. In accordance with Rule 34(b)(2)(C), Plaintiff states that she is withholding all responsive documents on the basis of the objections contained herein and objects to providing a privilege log due to the burdensome and harassing nature of this Request.

**19. All Documents concerning any confidentiality agreement, settlement agreement, or other contractual agreement of any kind between You and any of the following individuals:**

- **a. Epstein**
- **b. Ghislaine Maxwell;**
- **c. Bill Richardson;**

    **d. George Mitchell;**

**e. Thomas Pritzker;**

**f. Leslie Wexner;**

**g. Glenn Dubin;**

**h. Prince Andrew;**

**i. Ehud Barak;**

**j. Marvin Minsky;**

**k. Bill Clinton;**

**l. Al Gore;**

**m. Tipper Gore.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it seeks irrelevant information not proportionate to the needs of this case and not designed to lead to the discovery of relevant or admissible information. Plaintiff also objects to this Request to the extent compliance with it would require her to violate the terms of any such confidentiality, settlement or contractual agreement.

Subject to and without waiving these objections, Plaintiff responds that she has already produced to Defendant her settlement agreement with Jeffrey Epstein as part of her confidential deposition testimony in the *Giuffre v. Maxwell* matter. Plaintiff is prohibited by the terms of the settlement agreement reached with Ghislaine Maxwell in resolving the *Giuffre v. Maxwell* matter from disclosing that agreement without both an order of a court in a court proceeding after in-camera review by the Court and notice and an opportunity to be heard by all of the parties to the settlement agreement. Assuming those conditions are satisfied, Plaintiff has no objection to producing that settlement agreement. Plaintiff has no other agreements with any of the parties listed in this Request.

**20. All Documents concerning any prescription drugs taken by You from 1998 to**

**present, including the prescribing doctor, dates of prescription, and the dates of fulfillment of any such prescription.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she has already produced to Defendant as part of the document production in the *Giuffre v. Maxwell* matter records responsive to this Request. Plaintiff will conduct a reasonable search for additional responsive documents that post-date the *Maxwell* production.

**21. All records concerning any treatment for any physical, mental or emotional condition which You sought or received from any Health Care Provider from 1998 to present.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Subject to and without waiving those objections, Plaintiff responds that she has already produced to Defendant as part of the document production in the *Giuffre v. Maxwell* matter records responsive to this Request. Plaintiff will conduct a reasonable search for additional responsive documents that post-date the *Maxwell* production.

**22. All Documents which reference the following individuals by name or other description:**

- **a. Dershowitz;**
- **b. Epstein;**
- **c. Ghislaine Maxwell;**
- **d. Maria Farmer;**
- **e. Sarah Ransome;**
- **f. Juan Alessi;**
- **g. Alfredo Rodriguez;**
- **h. Anthony Figueroa;**

**i. Rebecca Boylan;**

**j. Sharon Churcher;**

**k. Julie Brown;**

**l. Connie Bruck;**

**m. Bill Richardson;**

**n. George Mitchell;**

**o. Thomas Pritzker;**

**p. Leslie Wexner;**

**q. Abigail Wexner;**

**r. John Zeiger;**

**s. Glenn Dubin;**

**t. Prince Andrew;**

**u. Ehud Barak;**

**v. Marvin Minsky;**

**w. Bill Clinton;**

**x. Al Gore;**

**y. Tipper Gore;**

**z. Patrick Kessler;**

**aa. Any witness identified in Your Rule 26(a) disclosures;**

**aa. Any witness identified in Your Answers to Interrogatories.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks irrelevant information, information that is publicly available and thus equally as available to Defendant as it is to Plaintiff, privileged information that is protected from disclosure by the

attorney-client, attorney work-product, common interest and other applicable privileges. Plaintiff also objects to this Request to the extent it is duplicative of and/or overlaps with other Requests. Because it is unclear what information that is different from that which is requested in Request Nos. 2, 3, 4, and 5 Defendant is seeking in this Request, Plaintiff objects on the grounds that this renders this Request vague and ambiguous and thus not subject to response.

**23. All Documents concerning the Persons to whom you claim you were sexually trafficked by Epstein, including but not limited to the unnamed Persons referenced in your pleadings filed in the CVRA Action.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client and attorney work-product privileges or the common interest or other applicable privileges. Plaintiff further objects to this Request on the grounds that it seeks irrelevant information and that it is designed for the sole purpose of harassing and intimidating Plaintiff, who was a victim of sexual trafficking. Plaintiff also objects to this Request on the grounds that naming some such individuals would jeopardize her physical safety based on credible threats to the same.

Subject to and without waiving these objections, Plaintiff refers Defendant to information provided as part of her confidential deposition in the *Giuffre v. Maxwell* matter and to documents produced as part of Plaintiff's Initial Disclosures.

**24. All Documents concerning any Communications by You or on Your behalf with any media outlet.**

**RESPONSE:** Plaintiff incorporates the General Objections as if set forth here. Plaintiff further objects on the grounds that this Request seeks information and documents protected by the attorney-client and attorney work-product privileges.