# EXHIBIT 3



# OFFICE OF DISCIPLINARY COUNSEL

September 10, 2018

Hamilton P. Fox, III
*Disciplinary Counsel*

Julia L. Porter
*Deputy Disciplinary Counsel*

*Senior Assistant Disciplinary Counsel*
Jennifer P. Lyman
Becky A. Neal

*Assistant Disciplinary Counsel*
Joseph N. Bowman
Hendrik deBoer
Dolores Dorsainvil
Gayle Marie Brown Driver
Jerri U. Dunston
Ebtehaj Kalantar
Jelani C. Lowery
Sean P. O'Brien
Joseph C. Perry
William R. Ross
Clinton R. Shaw, Jr.
H. Clay Smith, III
Caroll Donayre Somoza
Traci M. Tait

*Senior Staff Attorney*
Lawrence K. Bloom

*Manager, Forensic Investigations*
Charles M. Anderson

*Senior Forensic Investigator*
Kevin E. O'Connell

**CONFIDENTIAL**

Alan M. Dershowitz, Esquire
1575 Massachusetts Avenue
Cambridge, MA 02138

Re:   McCawley/Dershowitz
      Disciplinary Docket No. 2017-D253

Dear Mr. Dershowitz:

      This office has completed its investigation of the disciplinary complaint that you filed against Sigrid S. McCawley, Esquire. We have evaluated this matter in light of an attorney's obligation as set forth in the District of Columbia Rules of Professional Conduct ("Rules"). It is the burden of our office to find clear and convincing evidence of a violation of the Rules in order to sustain a disciplinary proceeding against an attorney. "Clear and convincing" evidence is more than a mere preponderance of the evidence, which would be sufficient in a civil proceeding. We do not find such evidence in our investigation and therefore we are closing our investigation and dismissing this matter.

      We docketed this matter for investigation following receipt of a complaint in which you allege that Ms. McCawley may have engaged in a conflict of interest, extortion, and subornation of perjury.

      Ms. McCawley responded through counsel and denies your allegations of wrongdoing. In reply, you disagree with Ms. McCawley and reiterate the allegations in your complaint.

      We have completed our investigation and do not find clear and convincing evidence that Ms. McCawley violated the Rules. The jurisdiction of this office is limited to the prosecution and investigation of attorney members of the District of Columbia Bar for violations of the Rules.

      Generally, the Rules prohibit an attorney from representing adverse parties in the same matter. With respect to the matter at hand, we do not find clear and convincing evidence that Ms. McCawley or any other member of Boise Schiller Flexner, LLP (the firm) represented you. As you state in your complaint and also in your reply, Carlos Sires, a member of the firm received confidential

*Serving the District of Columbia Court of Appeals and its Board on Professional Responsibility*
*515 5th Street NW, Building A, Room 117, Washington, DC 20001* • *202-638-1501, FAX 202-638-0862*

**EXHIBIT A**

In re Alan M. Dershowitz, Esquire
McCawley/Dershowitz
Disciplinary Docket No. 2017-D253
Page 2

information from you and your attorney in anticipation of representing you in a legal matter. Upon learning of a conflict involving a current firm client, Mr. Sires declined to represent you.

Rule 1.18 states in part that a lawyer who has received a confidence or secret from a prospective client may not represent a client with interests materially adverse to the prospective client, except as provided by paragraph (d) of the Rule. Paragraph (d) states, "when the lawyer has received a confidence or secret from a prospective client, representation is permissible if: (2) the disqualified lawyer is timely screened from any participation in the matter." Comment [8] to the Rule states, "[t]his rule, unlike ABA Model Rule 1.18, does not require notice to the prospective client that lawyers in the firm who are not personally disqualified are representing a client adverse to the prospective client." We do not find sufficient evidence to suggest that Mr. Sires and others were not properly screened consistent with the requirements of Rule 1.18. Additionally, we do not find clear and convincing evidence that Ms. McCawley received any confidential information related to your contact with Mr. Sires.

Rule 1.3 requires attorneys to zealously and diligently represent their clients. We do not find clear and convincing evidence that Ms. McCawley acted fraudulently in the representation of her client or that she suborned perjury. The fact that an attorney in the firm allegedly had doubts about the client's case, did not prohibit Ms. McCawley or any other attorney from making reasonable good faith arguments on behalf of the client or from utilizing whatever lawful means that were available to pursue the client's objective or to investigate a client's case. Aggressive tactics used by an attorney in settlement negotiations are not, without more, evidence of extortion or any other illegal activity.

In the absence of clear and convincing evidence of a violation of the Rules, we are dismissing this matter without further investigation.

Sincerely,

Gayle Marie Brown Driver
Assistant Disciplinary Counsel

cc:   Sigrid S. McCawley, Esquire
      c/o Thomas B. Mason, Esquire

GMBD:eaf