# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Charles J. Cooper<br>ccooper@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | (202) 220-9600<br>Fax (202) 220-9601 |

May 21, 2021

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP

Dear Judge Preska:

      Plaintiff Virginia Giuffre submits this combined reply to Defendant's response in opposition to Plaintiff's letter motion for a pre-motion discovery conference, Doc. 303, and her pre-motion letter seeking leave to file a motion to amend her complaint, Doc. 304 (collectively, "Pre-Motion Letters").

      Defendant precipitated Plaintiff's proposed amendment by claiming that Plaintiff's defamation claim seeks recovery not only for Defendant's repeated false statements asserting that Plaintiff lied when she publicly accused *him* of sexual abuse, but also for Defendant's statements asserting that Plaintiff lied about being trafficked by Epstein to other men (Defendant has sought discovery relating to eight such men so far). Although we believe that the complaint cannot fairly be interpreted to assert such a sweeping defamation claim, Plaintiff's proposed amendment is designed to eliminate the words and phrases that Defendant says support his misinterpretation. But now Defendant has outdone even himself. Observing that "A lie is a lie. Perjury is perjury," Defendant argues that even if the complaint is amended as proposed, Plaintiff "will still be suing him over his broad statements that she is a liar and a perjurer." Doc. 308 at 5. In other words, there is nothing that Plaintiff can do or say to clarify that her defamation claim is limited to Defendant's statements asserting that she lied in accusing *him*. So long as Plaintiff's defamation claim seeks recovery for Defendant's use of the words "lie/liar" and "perjure/perjurer," no matter how directly and tightly tied to her accusations against *him*, "Dershowitz must be allowed to take discovery into *any instance* where plaintiff lied and/or committed perjury." *Id.* And presumably "any instance" means that Defendant's fishing expedition into Plaintiff's statements can range even beyond Plaintiff's accusations against other Epstein associates, to include any statement made by Plaintiff that Defendant claims is untrue.

      Defendant's misinterpretation of Plaintiff's complaint has thus gone from patently implausible to farce, and he has eliminated any doubt that it is willful. Defendant's hyperbolic and unsupported claims that he would be prejudiced by the proposed amendment because of its alleged impact on his plan to turn discovery (and trial) in this case into an eight-ring circus are thus meritless and, in any event, insufficient to overcome the requirement that leave to amend should be freely given. *See* FED. R. CIV. P. 15(a).

May 21, 2021
Page 2

### I. Plaintiff's Request To Amend Her Complaint Does Not Prejudice Defendant

Contrary to Defendant's assertion, Plaintiff's proposed amendment does not withdraw numerous allegations and claims against him; rather, at the suggestion of the Court, she seeks only to remove any doubt that Plaintiff's defamation claims are based solely on Defendant's defamatory statements that Plaintiff lied when she accused *Defendant* of sexually abusing her and that Plaintiff did so as part of a conspiracy with her prior counsel to extort money from Leslie Wexner. The amendments to which Defendant objects fall into three categories.

First, Plaintiff has eliminated certain words and phrases in the Amended Complaint to remove any possible basis for Defendant's contention that Plaintiff intended to state defamation claims based on Defendant's false statements accusing Plaintiff of lying about other Epstein associates. As explained in Plaintiff's opening letter, these changes do not prejudice Defendant: he will have to defend the truth of his denial that he abused Plaintiff regardless of whether the amendment goes forward. It is simply no answer to the charge that *Defendant* sexually abused Plaintiff, then lied about it, and then concocted a preposterous extortion conspiracy to explain why he was publicly identified by Plaintiff, to say that Plaintiff allegedly lied about being sexually abused by *other* men.

Defendant offers no answer to this point. Instead, he argues that Plaintiff should be estopped from asserting that the statements remaining in her proposed Second Amended Complaint injured her reputation, for if Defendant's statements accusing Plaintiff of lying about other Epstein associates destroyed Plaintiff's reputation, how could she have any reputation left for him to harm when he denied her accusations against him? Doc. 308 at 2. If Defendant were right that Plaintiff's amendment is self-defeating, it is difficult to see how it would prejudice him. But in fact, Defendant's paradox is as removed from reality as was Zeno's suggestion that an arrow in flight is motionless. All of the proposed deletions were included in the prior complaints either because their obvious thrust (notwithstanding Defendant's supposed confusion) was that she was lying about *him* or because they were adjacent to, and provided context for, statements (which remain in the proposed Second Amended Complaint), in which Defendant unmistakably (even for Defendant) accused Plaintiff of lying or perjury with respect to her allegation that *he* sexually assaulted her.

Second, Plaintiff's proposed amendments likewise clarify the language used in discussing Defendant's participation as a co-conspirator in the Epstein/Maxwell sex trafficking enterprise in order to eliminate any basis for another of Defendant's mischaracterizations of the nature of the complaint. Plaintiff has not asserted a claim seeking recovery under the sex trafficking laws. Instead, Plaintiff has alleged that Defendant sexually abused her and did so knowing she was being trafficked to him, and to prevail on this claim Plaintiff will have to prove these allegations. But Defendant claims that the Amended Complaint alleges that he participated "with Jeffrey Epstein and Ghislaine Maxwell in a global sex trafficking ring." Doc. 308 at 2. To be clear, Plaintiff's claim is that Defendant was a co-conspirator with Epstein and Maxwell by virtue of his participation as one of the men to whom Epstein trafficked Plaintiff for sex. Indeed, while Defendant claims that he suffered "great public attention" from the supposed allegation that he co-conspired with Epstein and Maxwell "in a criminal human trafficking enterprise involving dozens of young girls," Doc. 308 at 1, he has provided no evidence that any publication shared his misinterpretation of the Complaint's allegations.

May 21, 2021
Page 3

Third, Plaintiff's proposed amendment removes allegations related to Sarah Ransome's and Maria Farmer's accusations against Defendant. Removing these statements precludes Defendant's predictable objection that Plaintiff should not be able to introduce evidence that Defendant abused other victims of Epstein's trafficking if he is not able to introduce evidence that Plaintiff lied about being trafficked to other men. In any event, it has become clear that Plaintiff will not be able to rely on either woman as a witness. Ms. Farmer tragically suffers from serious health issues that have made calling her as a witness impracticable if not impossible. Ms. Ransome does not reside in the United States, a fact that has been vastly complicated by the global pandemic.

The amendments Plaintiff proposes in no way alter Defendant's discovery obligations; nor do they render the limited discovery he has completed to date obsolete. As an initial matter, contrary to Defendant's representation to the Court, his discovery is not substantially complete. Defendant has yet to review, much less produce, a single email directly from his Harvard email account despite the Court's directive to do so. Further, while Defendant asserts, with no specific details and little analysis, that "[h]e has been put to an incredible burden and expense in responding to Plaintiffs' [sic] *own* sweeping discovery into topics and using email search terms which, if Plaintiff's proposed amendment is allowed, will no longer be relevant to the case," Doc. 308 at 4, Plaintiff's discovery requests remain relevant post-amendment. Defendant refers, for example, to Plaintiff's requests for communications with Epstein, arguing that post-amendment "Plaintiff would be entitled to discovery into at most a small fraction of this material." *Id.* This contention is facially absurd. It is that very relationship that placed Plaintiff in Defendant's path in the first place. And the discovery we have received thus far suggests that Defendant was in close communication with Epstein long after Defendant was identified as one of Plaintiff's abusers and that he collaborated with Epstein on his response to Plaintiff's allegations. These communications and Defendant's communications with and about other Epstein associates and victims likewise remain relevant, for they go to Defendant's state of mind, Defendant's culpability, and the defamatory nature of Defendant's denials of his sexual abuse of Plaintiff. They also could provide highly relevant information demonstrating Defendant's knowledge that Plaintiff was the victim of sex trafficking. In other words, Plaintiff seeks these communications not to establish the truth of her accusations against other Epstein associates, but instead to establish the truth of her accusations against *Defendant*.

Even assuming that certain requests will no longer be relevant post-amendment, Defendant has provided no evidence that he incurred any additional marginal expense on any such requests, and, in any event, there is no basis for conditioning an amendment on assessing discovery costs when "the vast bulk of past discovery has ongoing relevance to the complaint as amended." *Torn v. Rosen*, 1984 WL 734, at *5–6 (S.D.N.Y. Aug. 6, 1984). The one case that Defendant cites for the proposition that placing conditions on the grant of an amendment is inapposite. That case involved the withdrawal of claims that significantly narrowed the scope of issues in dispute and a long history of dilatory discovery practices by the Plaintiff, factors that are completely lacking here. *Maxim Inc. v. Gross*, 117 N.Y.S.3d 41 (N.Y. App. Div. 2020).

## II.   It Is Within the Court's Broad Discretion To Limit Discovery Relating to Other Men Who Have Been Identified as Sexually Abusing Plaintiff

As noted above, Defendant says that he is entitled to take discovery "into any instance where Plaintiff lied and/or committed perjury," because his "first defense here is truth." Doc. 308

May 21, 2021
Page 4

at 5. As this Court has acknowledged, however, "plaintiffs are 'masters of their complaints.'" *Giuffre v. Dershowitz*, 410 F.Supp.3d 564, 579 (S.D.N.Y. 2019) (citation omitted). Again, Plaintiff's complaint asserts defamation claims that rest not on any generalized statement by Defendant claiming that she is a "liar" or a "perjurer," but instead on statements claiming that she lied and perjured herself when she attested that she was sexually abused *by Defendant*. Were Plaintiff to prove the falsity of Defendant's statements that he had not sexually abused her and that her "story was 100 percent flatly categorically made-up, Doc. 117 at ¶17(a), Defendant would not be able to avoid liability by proving that she had made false statements about, for example, Prince Andrew. Nor is the discovery sought about other men relevant to the damage Defendant caused to Plaintiff's reputation for veracity; it is irrelevant to that inquiry whether the statements were true or false—only whether the public perceived them to be true or false.

The cases relied upon by Defendant are inapposite because they involve claims for defamation based on general statements the truth or falsity of which could potentially be established by a broad range of evidence. *See, e.g.*, *Weber v. Multimedia Ent., Inc.*, 1997 WL 729039, *2 (S.D.N.Y. Nov. 24, 1997) (discovery into information concerning plaintiff's sexual history warranted where defamation claim was based on claim that plaintiff was a "prostitute"); *Perrone v. CBS, Inc.*, 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997) (permitting discovery into plaintiff's bank records where defendant allegedly defamed him by accusing them of "bouncing" checks). Again, Defendant seeks to bring his case under these precedents by mischaracterizing Plaintiff's claim as resting on "broad statements" that she is a "liar" and a "perjurer." Doc. 308 at 5. Defendant's effort to obtain "full discovery from all other men who will testify that Plaintiff lied about them," Doc. 308 at 6, cannot establish the truth of his statements that are the actual basis for this action, nor can they lead to any evidence that might be relevant to proving their truth. It is squarely within the Court's broad discretion to oversee discovery to prohibit this kind of overreaching, disproportionate and unnecessary discovery. *See Edwards v. Daniels*, 2020 WL 3057412, at *1 (S.D.N.Y. Jun. 9, 2020) (where "the information requested has no conceivable bearing on the case," discovery of the requested material should be denied); *Evans v. Calise*, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Williams v. Fire Sprinkler Assocs. Inc.*, 2017 WL 1155771, at *3 (E.D.N.Y. Mar. 27, 2017) ("The party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." (quoting *Barbara v. MarineMax, Inc.*, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013))). A "district court has broad latitude to determine the scope of discovery and to manage the discovery process." *Williams*, 2017 WL 1155771, at *2 (quoting *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012) (collecting cases)). The Court should exercise its broad discretion here.

With respect to Defendant's arguments regarding Leslie Wexner, Plaintiff stands on her and Mr. Wexner's responses to Defendant's Pre-Motion Letter seeking his deposition. *See* Docs. 258 and 259.

                                                          Respectfully,

                                                          /s/ Charles J. Cooper
                                                          Charles J. Cooper

cc: Counsel of Record