# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Nicole J. Moss  
nmoss@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9636  
Fax (202) 220-9601

July 21, 2021

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Giuffre v. Dershowitz*, **Case No.: 19-cv-03377-LAP**
              Letter-Motion for Pre-Motion Discovery Conference

Dear Judge Preska:

    I write on behalf of Plaintiff Virginia Giuffre to request a pre-motion discovery conference under Local Rule 37.2 to seek leave to serve on Defendant the interrogatories attached hereto as **Exhibit A**. Although Plaintiff takes the position that Local Rule 33.3 authorizes Plaintiff to serve all of the attached interrogatories without the Court's leave, Defendant has informed Plaintiff that he disputes this position. *See* **Exhibit B**. Instead of serving the interrogatories and seeking leave to move to compel after Defendant serves his objections to the interrogatories, Plaintiff is seeking the Court's leave up front.[1]

    Local Rule 33.3(a) provides that, prior to the conclusion of discovery, interrogatories are "restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Seeking names of witnesses under Rule 33.3(a) logically includes asking questions aimed at identifying which witnesses—especially from a prepared list—have a specific type of knowledge or information relevant to the action. These targeted inquiries can be preferable to open-ended name-seeking interrogatories, which often suffer from overbreadth problems. *See Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez*, 2020 WL 7695712, at *3 (S.D.N.Y. Dec. 28, 2020).

---

[1] For ease of reading, we have broken out the elements of the requested answer into lettered paragraphs. We do not consider those lettered paragraphs to be "subparts" within the meaning of Federal Rule of Civil Procedure 33(a)(1). Should the Court disagree with this assessment, then we note that Defendant served, and Plaintiff voluntarily answered, more than 25 interrogatories, including "subparts" (so defined), and we respectfully request that the Court grant leave for Plaintiff to exceed Rule 33's limit, as well.

July 21, 2021
Page 2

Separately, Local Rule 33.3(b) authorizes interrogatories beyond the scope of paragraph (a) when they are "a more practical method of obtaining the information sought" than a production or deposition request, or when they are authorized by the court. An interrogatory is a "more practical method" of obtaining information than a deposition question when it requires "comparatively simple responses rather than long narrative explanations." *In re Weatherford Int'l Sec. Litig.*, 2013 WL 5788680, at *2–3 (S.D.N.Y. Oct. 28, 2013). Moreover, requests for specific (especially technical) details concerning past events should be submitted as interrogatories, as the required information would be too difficult for Defendants to "commit … to memory" in preparing for deposition. *See id.*; *Pratt v. Atalian Glob. Servs. Inc.*, 2021 WL 1234253, at *3 (S.D.N.Y. Apr. 2, 2021). In short, interrogatories are more practical when asking the defendant to provide a list of technical information, while depositions are more practical when asking him to tell a story. *See Roelcke v. Zip Aviation, LLC*, 2020 WL 5752228, at *2 (S.D.N.Y. Sept. 25, 2020).

The interrogatories Plaintiff proposes to serve on Defendant fall into three categories, which we will address in turn.

1. **Interrogatories About Defendant's Conversations and Recordings** (Nos. 1–7): To begin, Defendant cannot reasonably dispute that these interrogatories seek information that is relevant to this action. Over the last half decade, Defendant has maintained that he possesses recordings of conversations that support his defamatory statements about Plaintiff. He has relied on these recorded conversations in various motions before this Court, *e.g.*, Decl. of Alan Dershowitz, Doc. 10 ¶ 59 (June 7, 2019); Ex. B, Tr. of Audio File, Doc. 210-2 (Nov. 20, 2020), and the Court has already ordered him to turn them over to a forensic expert in discovery, Tr. at 13:22–15:7 (Dec. 2, 2019). Plaintiff has determined, and the forensic expert has confirmed, that the information Plaintiff seeks about the recordings is necessary both to improve the quality of the recordings (many of which are inaudible or unintelligible) and to assess their reliability as evidence of the conversations they purport to represent.

The only real question, then, is whether interrogatories are a permissible means for Plaintiff to discover this relevant information at this time. They are. First, although the interrogatories do not directly ask Defendant to identify witnesses, the requested information will assist Plaintiff in identifying witnesses who have information relevant to this action by virtue of their conversations with Defendant. Second, the interrogatories mostly seek information about the characteristics of relevant physical evidence (namely, recordings) and thus arguably fall within the scope of Local Rule 33.3(a)'s allowance for requests for descriptions of physical evidence. *See McDermott v. Marandi*, 2005 WL 3312244, at *1 (S.D.N.Y. Dec. 5, 2005) (compelling answers to interrogatory concerning audio message details). Finally, to the extent that the interrogatories seek greater detail than Local Rule 33.3(a) requires or information that is altogether beyond the scope of Local Rule 33.3(a), they nevertheless satisfy Local Rule 33.3(b) because they call for itemized and technical lists, not stories. Defendant has already disclosed the existence of <u>at least</u> eighteen distinct recorded conversations or portions of conversations. He could not be expected to recall the details Plaintiff seeks in these interrogatories at a deposition.

2. **Interrogatories About Payments Between Defendant and Epstein** (Nos. 8–9): These interrogatories seek information about payments between Jeffrey Epstein and Defendant, which will illuminate Defendant's relationship with Epstein, the man Plaintiff alleges trafficked

July 21, 2021
Page 3

her to Defendant. Subparts (e) of both interrogatories are within the scope of Local Rule 33.3(a) because they seek the location and a description of relevant documents. The remainder of the interrogatories seek information that is better obtained by means of an interrogatory. *See In re Weatherford*, 2013 WL5788680 at *3 ("It would be inefficient to rely on witnesses at deposition to accurately recall a series of specific financial transactions made over five years ago.").

      3.      **Interrogatory About Email Accounts** (No. 10): This interrogatory seeks information about the email accounts Defendant has used during the relevant period. Much of the information it seeks fits within Local Rule 33.3(a)'s allowance of questions about "the existence, custodian, location and general description of relevant documents." To the extent that it seeks additional detail, this information is better sought through an interrogatory so that Plaintiff can use the requested information to obtain relevant documents before deposing Defendant.

      We therefore respectfully request that the Court schedule a pre-motion conference at which Plaintiff will seek leave to serve the attached interrogatories pursuant to Local Rules 33.3(a) and 33.3(b).

Respectfully,

/s/Nicole J. Moss
Nicole J. Moss

cc: Counsel of Record