# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>    Defendant.<br><br>ALAN DERSHOWITZ,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>VIRGINIA L. GIUFFRE,<br><br>    Counterclaim Defendant. | Civil Action No. 19-cv-03377-LAP |

**VIRGINIA L. GIUFFRE'S FIRST SET OF INERROGATORIES PROPOUNDED TO ALAN DERSHOWITZ**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendant Virginia L. Giuffre ("Giuffre") requests that Defendant and Counterclaim Plaintiff Alan Dershowitz ("Dershowitz") answer each of the following Interrogatories fully, in writing and under oath, within thirty (30) days after service hereof.

**DEFINITIONS**

The words and phrases used in these Interrogatories shall have the meaning ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, including Local Rules of Civil

1

Procedure 26.3 definitions for "communication," "document," "identify," "parties," "person," and "concerning." The Definitions expressly include hard copy documents and electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, imagines, and other data or data compilations. Giuffre expressly requests forensic imagines of all electronically stored information (i.e., the document and data, metadata, etc.). Definitions also expressly include tangible things.

In addition, the following terms shall have the meanings set forth below whenever used in any Interrogatory. The following Definitions apply to the Instructions and Interrogatories below and are incorporated into each Instruction and Interrogatory as if fully set forth therein:

1. "Action" means the lawsuit captioned *Virginia L. Giuffre v. Alan Dershowitz*, Civil Action No. 19-cv-03377-LAP.

2. "You," "Your," and Dershowitz mean Alan Dershowitz, inclusive of any agents, representatives, business entities controlled by you including but not limited to "Alan Dershowitz Consulting, LLC," all persons acting on Your behalf, and any and all other persons associated with, affiliated with, or controlled by You.

3. "Giuffre" means Plaintiff and Counterclaim Defendant Virginia L. Giuffre (nee Roberts).

4. "Epstein" means Jeffrey E. Epstein his agents, representatives, all persons acting on his behalf, and any and all persons associated with, affiliated with, or controlled by him.

5. "Boies" means David Boies of Boies Schiller Flexner LLP, his agents, representatives, all persons acting on his behalf, and any and all persons associated with, affiliated with, or controlled by him.

6. "Boylan" means Rebecca Boylan of Florida, her agents, representatives, all persons acting on her behalf, and any and all persons associated with, affiliated with, or controlled by her, including but not limited to her husband, Michael Hoffman (also known as Michael Alax Spallhotz and Michael Hoffmann Spallholtz).

7. "Kessler" means the person identifying himself as Patrick Kessler, whose voice is purportedly recorded on DERSH001234, and his agents, representatives, all persons acting on his behalf, and any and all persons associated with, affiliated with, or controlled by him.

8. "Maxwell" means Ghislaine Maxwell, her agents, representatives, all persons acting on her behalf, and any and all persons associated with, affiliated with, or controlled by her, including but not limited to her attorneys.

9. "McCawley" means Sigrid McCawley of Boies Schiller Flexner LLP, her agents, representatives, all persons acting on her behalf, and any and all persons associated with, affiliated with, or controlled by her.

10. "Wexner" means Leslie Wexner, his agents, representatives, all persons acting on his behalf, and any and all persons associated with, affiliated with, or controlled by him.

11. "Zeiger" means John Zeiger, attorney for Wexner, his agents, representatives, all persons acting on his behalf, and any and all persons associated with, affiliated with, or controlled by him.

12. "Complaint" means the Amended Complaint filed by Giuffre in the Action.

13. "Payment" is any transfer of value or property (tangible or intangible) as compensation, reimbursement, indemnification, remuneration, donation, or gift.

14. "ESI" means electronically stored information as defined by and used in the Federal Rules of Civil Procedure.

15. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

16. The terms "refer" and "relate to"—or any tense or combination of those words or phrases—mean reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

17. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

18. As used herein the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of verb shall be considered to include within its meaning all other tenses of the verb so used.

19. The "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

## INSTRUCTIONS

1. If You cannot answer any of these Interrogatories in full, answer to the extent possible, specify the reasons for Your inability to answer the remainder, and state whatever information, knowledge or belief You do have concerning the unanswered portion.

2. In answering these Interrogatories, You should provide not only all information in your possession, custody, or control, but also all information which is reasonably available to You.

3. To the extent that any information, in whatever form that is responsive to the Interrogatories below has been destroyed, lost, or misplaced, please identify that information by type and author and the date and manner in which the information was destroyed, lost or misplaced.

4. If you claim any privilege or similar basis for not answering any of these Interrogatories in whole or in part, please provide a privilege log consistent with Local Rule 26.2.

5. Giuffre specifically requests that You supplement Your answers to these Interrogatories as required under Fed. R. Civ. P. 26(e).

## INTERROGATORIES

1. Identify all telephone communications between You and Boies, Boylan, Epstein, Kessler, Maxwell, McCawley, Wexner, or Zeiger, from January 1, 2014, until present that you recorded, regardless of whether or not those recordings still exist, including in Your answer:

   a. The date of the call;

   b. The phone number dialed, or from which the call was received;

   c. The length of the phone call;

   d. Whether the call was recorded in full or in part;

   e. The means of recording (e.g., analogue or digital recording);

   f. The specific device the recording was created on (e.g., the name of the device, the brand, the serial number, the software used); and

   g. The reason each such recording was made.

2. To the extent not already encompassed in the response to Interrogatory No. 1 identify all recordings in Your possession that include conversations between You on the one hand, and Boies, Boylan, Epstein, Kessler, Maxwell, McCawley, Wexner, or Zeiger, on the other, including in Your answer:

   a. The date of the recording;

   b. Whether the recording is of a complete conversation or only a part;

   c. The means of recording (e.g., analogue or digital recording);

   d. The specific device the recording was created on (e.g., the name of the device, the brand, the serial number, the software used); and

   e. The reason each such recording was made.

 3. Identify all recordings in Your possession that include conversations between You and any person, including but not limited to any member of the media, concerning Giuffre, Boies, Boylan, Epstein, Kessler, Maxwell, McCawley, Wexner, or Zeiger, including in Your answer:

   a. The date of the recording;

   b. Whether the recording is of a complete conversation or only a part;

   c. The means of recording (e.g., analogue or digital recording);

   d. The specific device the recording was created on (e.g., the name of the device, the brand, the serial number, the software used); and

   e. The reason each such recording was made.

 4. Identify whether any recordings identified in Interrogatories 1, 2, and 3 are reproductions from other analogue or digital recordings.

 5. Identify Your methods for creating the recordings You have produced, including by disclosing whether they are reproductions from other analogue or digital recordings.

 6. Identify whether the recordings from which any of the analogue or digital recordings You have produced were created have been lost, broken, or destroyed, or are otherwise unavailable.

 7. If any of the recordings identified in these Interrogatories are only parts of a conversation, identify your methods and process for creating these partial recordings, including but not limited to any editing, enhancements, or deletions that you performed and the location of any longer recordings from which the partial recordings were made.

8. Identify all Payments You received from Jeffrey Epstein from January 1, 2000, to present, including in Your answer:

    a. the form of the payment (i.e., the type of property);

    b. the value of the property;

    c. the date of receipt;

    d. the purpose for the payment (e.g., for services rendered, reimbursement, indemnification, gift);

    e. and the location and form of documents memorializing the payment.

9. Identify all Payments You made to Jeffrey Epstein from January 1, 2000, to present, including in Your answer:

    a. the form of the payment (i.e., the type of property);

    b. the value of the property;

    c. the date of receipt;

    d. the purpose for the payment (e.g., for services rendered, reimbursement, indemnification, gift);

    e. and the location and form of documents memorializing the payment.

10. Identify all email accounts You have used since January 1, 2000, including in Your answer:

    a. the email address associated with the account;

    b. the dates of use;

    c. the date range of the communications currently contained in the account;

    d. whether you currently have access to the account, and if not, when you lost access to the account;

      e.   what steps you have taken to collect and/or preserve the documents located in the account.

VIRGINIA GIUFFRE

By her attorneys,

/s/Nicole Jo Moss
Charles J. Cooper*
Michael W. Kirk
Nicole J. Moss*
Haley N. Proctor*
COOPER & KIRK PLLC
1523 New Hampshire Ave. NW
Washington, DC 20036
(202) 220-9600
*Admitted PHV

Dated: July 2, 2021

## CERTIFICATE OF SERVICE

    I hereby certify that on July 2, 2021, a copy of the foregoing was sent via email to all counsel of record listed as registered participants on the Notice of Electronic Filing.

/s/ Nicole Jo Moss
Nicole Jo Moss*
