

Howard M. Cooper
E-mail: hcooper@toddweld.com

**VIA ECF**                                        July 26, 2021

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
               Response to Plaintiff's Pre-Motion Letter re: Interrogatories (ECF No. 322)

Dear Judge Preska:

      Professor Alan Dershowitz ("Professor Dershowitz") respectfully opposes Plaintiff's Pre-Letter Motion which seeks an order allowing her to propound improper interrogatories (the "Proposed Interrogatories") beyond the scope permitted by the Local Rule 33.3.

      As a threshold matter, Plaintiff's letter motion is premature and the Court should defer considering it until after Professor Dershowitz's deposition is completed. Indeed, Plaintiff appears to want to continue to undertake highly burdensome and one-sided paper discovery in this case rather than work with Professor Dershowitz's counsel to finally schedule the depositions of the parties. Even a cursory review of Plaintiff's Proposed Interrogatories makes clear that the information sought is more properly the subject of deposition testimony, given that the information sought can largely be gleaned from documents and gaps, if any, can be filled in simply by asking Professor Dershowitz questions at his deposition. The parties will be better served by the Court ordering them to proceed with their depositions, in person, as a next step in this case. Plaintiff chose to initiate this litigation in the United States. There is no reason she should not be ordered at long last to appear for her deposition here. However, if the Court is at all inclined to allow Plaintiff's request, and it should not, then it should likewise order Plaintiff to respond fully to certain interrogatories propounded by Professor Dershowitz which Plaintiff refused to answer on the grounds that they were beyond the scope permitted by Local Rule 33.3.

      As Plaintiff acknowledges, Local Civil Rule 33.3(a) restricts the type of interrogatories which can be served at the commencement of discovery "to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." L.R. 33.3(a). Local Rule 33.3(b) allows interrogatories outside this narrow scope to be served during discovery only "if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court." L.R. 33.3(b). "These provisions of Rule 33.3, read together, establish a policy [in this district] that most discovery should be conducted through depositions and document requests[.]" *Erchonia Corp. v. Bissoon*, No. 07 CIV. 8696 DLC, 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011), aff'd, 458 F. App'x 58 (2d Cir. 2012).

      Plaintiff does not seriously contend that her Proposed Interrogatories come within what Plaintiff herself has characterized, when it was to her advantage to do so, as the "very limited and restricted"



scope permitted by L.R. 33.3(a). *See* Exhibit A at ¶ 2. Rather, Plaintiff contends that she should be permitted to serve her Proposed Interrogatories pursuant to L.R. 33.3(b) on the basis that "they are a more practical method of obtaining the information sought than a request for production or a deposition." Plaintiff, however, fails to demonstrate that her Proposed Interrogatories are in fact a more practical or efficient means of obtaining the requested information and they are not.

The bulk of the Proposed Interrogatories concern certain recorded conversations between Professor Dershowitz and others relating to the subject matter of this lawsuit. All such recordings within Professor Dershowitz's possession, custody or control have already been produced in discovery. Professor Dershowitz, although he was not required to do so, even supplied an index of those recordings identifying the Bates number of the recording, parties to the conversation, and the approximate date of the recording, to the extent known. *See* Exhibit B. Any remaining questions regarding the recordings, to the extent they are the proper subject of discovery, can be answered by Professor Dershowitz in his deposition. If Plaintiff is not satisfied with the answers, then she can serve interrogatories targeted to fill in any gaps in information following Professor Dershowitz's deposition.

Likewise, Professor Dershowitz has produced in discovery all non-privileged records of any payments from Jeffrey Epstein in his possession, custody or control. To the extent additional records are located in the ongoing review of Professor Dershowitz's Harvard email account, those will be produced as well. Given that all of this information is equally accessible to Plaintiff from documents produced (or to be produced) in discovery, the Proposed Interrogatories concerning this subject matter do not in any manner satisfy the standard of Local Rule 33.3(b). *See, e.g., In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646 LAK JCF, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013); *Gelb v. New York State Bd. of Elections*, No. 00 CIV. 6325(GBD)(DF, 2003 WL 1907986, at *2 (S.D.N.Y. Apr. 17, 2003).

Finally, Plaintiff has failed to demonstrate why Professor Dershowitz should be required to answer an interrogatory asking him to identify all email accounts he has used since 2000 (and related information) when counsel have already provided this information both as part of Initial Disclosures and in subsequent conferences regarding Professor Dershowitz's search for and production of responsive documents.

For the foregoing reasons, the Court should defer ruling on Plaintiff's request until after Professor Dershowitz's deposition. If, however, the Court is inclined to require Professor Dershowitz to respond to Plaintiff's Proposed Interrogatories, then it should likewise order Plaintiff to respond fully to the interrogatories which Professor Dershowitz served on Plaintiff, and which Plaintiff objected to answering on the basis of Local Rule 33.3. In particular, Plaintiff should be ordered to answer Interrogatory Nos. 2, 3 and 5 of Defendant's First Set of Interrogatories, Plaintiff's objections and responses to which are attached hereto as Exhibit A. Those interrogatories seek details regarding (i) Plaintiff's claims that she was sexually trafficked to numerous associates of Jeffrey Epstein; (ii) any alleged disclosures by Plaintiff of her accusations against Professor Dershowitz predating the public disclosure of those accusations on December 30, 2014; and (iii) payments and other income received by Plaintiff. Citing Local Rule 33.3, Plaintiff refused to answer these interrogatories other than to refer generally to her deposition testimony in *Giuffre v. Maxwell* and documents produced as part of her initial disclosures (without specific citation to either). *See id.* at pp. 6-8. These responses are plainly inadequate. If the Court accepts Plaintiff's argument that Professor Dershowitz should be required to answer the Proposed Interrogatories because he is unlikely to be able to fully answer the questions in his



Hon. Loretta A. Preska
July 26, 2021
Page 3 of 3

deposition, then *a fortiori*, it must order Plaintiff to respond to Prof. Dershowitz's interrogatories where Plaintiff has already demonstrated she is incapable of providing full and complete answers to these questions in deposition.

                                                Respectfully submitted,

                                                */s/ Howard M. Cooper*
                                                Howard M. Cooper

cc:      Counsel of record, via ECF

Enclosures: Exhibits A & B