UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

        Plaintiff,

-against-

ALAN DERSHOWITZ,

        Defendant.

19 Civ. 3377 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Plaintiff's letter requesting a pre-motion conference seeking leave to serve certain interrogatories on Defendant, (dkt. no. 322), Defendant's response, (dkt. no. 323), and Plaintiff's reply, (dkt. no. 324). Construing these letters as Plaintiff's motion, Defendant's opposition, and Plaintiff's reply, respectively, the motion for leave to serve the proffered interrogatories is granted.

    As Plaintiff points out in her reply, Defendant does not contest the relevance of the information requested. Instead, he generally responds that some of the information has been produced and anything missing can be inquired about at his deposition.

    First, as Plaintiff points out, not all of the requested information has been produced. According to Plaintiff (dkt. no. 324 at 1-2), identifications of a recording of Mr. Dershowitz's conversation with Julie Brown of the Miami Herald and a

1

recording of Tony Lyons' conversation with Sharon Churcher regarding Plaintiff's allegations in this case were not made in Defendant's initial disclosures. Similarly, according to Plaintiff (id. at 2), Mr. Dershowitz has limited his responses to inquiries about payments between Mr. Dershowitz and Jeffrey Epstein to what can be found in Mr. Dershowitz's emails. The proffered interrogatories will assure complete responses.

Second, these interrogatories are a more efficient method of gathering the information. It is unlikely in the extreme that even Mr. Dershowitz can recall, inter alia, the dates and participants in every relevant recorded conversation, the device(s) used to record each, whether the reproductions are from digital or analogue recordings, every payment between him and Mr. Epstein and the date thereof, what form the payment was in, the value of the property exchanged, the purpose of the payment, the location and form of documents memorializing the payment, and every email account he used during the relevant time period. Thus, the proffered interrogatories are a more efficient method of gathering the basic information in advance of Mr. Dershowitz's deposition. The alternative would be to hold the deposition and spend time asking each detail, spend time hearing the answer, undoubtedly supplementation of the responses after the deposition, new document requests seeking the previously-undisclosed information, and a resumed

deposition. Clearly, the proffered interrogatories are a more efficient method of obtaining the obviously relevant information.

With respect to Defendant's request that Plaintiff provide additional information in her already-served responses to Defendant's interrogatories and that she sit for her deposition promptly, the requests are denied. As to the interrogatories, Plaintiff states that she was never made aware of any perceived insufficiencies in her responses. (Id. at 2.) Accordingly, any request for relief as to those interrogatories is premature. As to depositions, the Court has already ruled that they will occur when document production is substantially complete and not before.

For the reasons set out above, Plaintiff's motion for leave to serve certain interrogatories on Defendant (dkt. no. 322) is GRANTED.

**SO ORDERED.**

Dated:    New York, New York
          July 28, 2021

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge