UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAN DERSHOWITZ,<br><br>    Defendant.<br><br>ALAN DERSHOWITZ,<br><br>    Counterclaim Plaintiff,<br><br>  v.<br><br>VIRGINIA L. GIUFFRE,<br><br>    Counterclaim Defendant. | No. 19 Civ. 3377 (LAP) |

**ADDENDUM TO AGREED PROTECTIVE ORDER**

  THIS MATTER comes before the Court pursuant to a joint motion by Defendant Alan Dershowitz, Plaintiff Virginia L. Giuffre, and non-party President and Fellows of Harvard College ("Harvard") for an Addendum to the Agreed Protective Order entered on December 21, 2020 (Dkt. No. 227) ("Protective Order") relating to documents that may be produced pursuant to subpoena by Harvard that may contain confidential, privileged, and/or protected information.

  IT IS, THEREFORE, ORDERED, with the consent of the parties, that an Addendum to the Protective Order be entered for the purposes of assuring the confidentiality of the information that may be produced in this litigation by Harvard as follows:

1. The Protective Order will govern any production of documents or information by Harvard in this matter, and Harvard and the parties shall be bound by the Protective Order's provisions with respect to Harvard's production(s).

2. Counsel for Harvard may designate any document or information produced by Harvard, in whole or in part, as Confidential for purposes of the Protective Order, if counsel determines, in good faith, that such designation is necessary to protect the interests of Harvard in information that is proprietary, a trade secret, private, protected, or otherwise sensitive non-public information of Harvard, its employees, and its students, including but not limited to information protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

3. Pursuant to Federal Rule of Evidence 502, the production by Harvard of privileged or work product protected documents or communications, electronically stored information ("ESI") or any other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceedings. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

4. Nothing contained in the Protective Order or this Addendum is intended to or shall serve to limit Harvard's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness, redaction, and/or segregation of privileged and/or protected information before production.

Date: July 30, 2021

For Plaintiff:

s/ Haley N. Proctor
Charles J. Cooper*
Michael W. Kirk
Nicole J. Moss*
Haley N. Proctor*
COOPER & KIRK PLLC
1523 New Hampshire Ave. NW
Washington, D.C. 20036
(202) 220-9600
ccooper@cooperkirk.com
mkirk@cooperkirk.com
nmoss@cooperkirk.com
hproctor@cooperkirk.com
*Admitted PHV
*Attorneys for Plaintiff Virginia Giuffre*

For Defendant:

s/ Kristine C. Oren
Howard M. Cooper*
Christian G. Kiely*
Kristine C. Oren*
TODD & WELD LLP
One Federal Street, 27th Fl.
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com
koren@toddweld.com
*Admitted PHV

Arthur L. Aidala
Imran H. Ansari
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor
New York, NY 10036
(212) 486-0011
iansari@aidalalaw.com
aidalesq@aidalalaw.com
*Attorneys for Defendant Alan Dershowitz*

For Non-Party President and Fellows of Harvard College:

s/ Andrew W. Schilling
Andrew W. Schilling
BUCKLEY LLP
1333 Avenue of the Americas, Suite 3100
New York, NY 10036
(212) 600-2400
aschilling@buckleyfirm.com
*Attorneys for Non-Party President and Fellows of Harvard College*

SO ORDERED:

*Loretta A. Preska*   8/02/2021
Hon. Loretta A. Preska
Senior United States District Judge

3