# EXHIBIT A

# (FILED UNDER SEAL)

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Virginia Giuffre, f/k/a Virginia Roberts ("Virginia Roberts"), individually, and Jeffrey Epstein, individually (jointly referred to as "Parties"), enter into this Settlement Agreement and General Release ("Settlement Agreement") in order to resolve the pending litigation between them as follows:

1. **Dismissal.** The Parties agree to immediately dismiss the pending lawsuit presently styled *Jane Doe No. 102 vs. Jeffrey Epstein, Case No. 09-80656-CIV-Marra/Johnson* (Southern District of Florida), with prejudice upon payment and clearance of the settlement amount; however, the Court will be asked to retain jurisdiction to enforce the terms of this Settlement Agreement.

2. **General Release.** Virginia Roberts and her agent(s), attorney(s), predecessor(s), successor(s), heir(s), administrator(s), and/or assign(s) (hereinafter, "First Parties"), for and in consideration of the sum of Five Hundred Thousand Dollars ($500,000.00) and other valuable consideration, received from or on behalf of Jeffrey Epstein and his agent(s), attorney(s), predecessor(s), successor(s), heir(s), administrator(s), assign(s) and/or employee(s) (hereinafter, "Second Parties"), the receipt whereof is hereby acknowledged,

HEREBY remise, release, acquit, satisfy, and forever discharge the said Second Parties and any other person or entity who could have been included as a potential defendant ("Other Potential Defendants") from all, and all manner of, action and actions of Virginia Roberts, including State or Federal, cause and causes of action (common law or statutory), suits, debts, dues, sums of money, accounts, reckonings, bonds, bills,

1

specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever in law or in equity for compensatory or punitive damages that said First Parties ever had or now have, or that any personal representative, successor, heir, or assign of said First Parties hereafter can, shall, or may have, against Jeffrey Epstein, or Other Potential Defendants for, upon, or by reason of any matter, cause, or thing whatsoever (whether known or unknown), from the beginning of the world to the day of this release. The issue of amount of attorneys' fees and costs is specifically addressed in Paragraph 8, <u>Attorneys' Fees and Costs</u>.

It is further agreed that this Settlement Agreement represents a final resolution of a disputed claim and is intended to avoid litigation. This Settlement Agreement shall not be construed to be an admission of liability or fault by any party. Additionally, as a material consideration in settling, First Parties and Second Parties agree that the terms of this Settlement Agreement are not intended to be used by any other person nor be admissible in any proceeding or case against or involving Jeffrey Epstein, either civil or criminal.

First and Second Parties further stipulate and agree that this Settlement Agreement is pursuant to and is in fulfillment of Jeffrey Epstein's obligations to Virginia Roberts, exclusive of attorneys' fees and costs, pursuant to and in conformity with the Non-Prosecution Agreement, its Addendum, and its Affirmation (collectively, the "NPA"), between Jeffrey Epstein and the United States Attorney for the Southern District of Florida.

First and Second Parties further stipulate and agree that this Settlement Agreement should not in any way be construed as an admission by Jeffrey Epstein that he violated any federal statute that constitutes a predicate for a damage claim under 18 U.S.C. § 2255 or an admission that he violated any other federal or state statute.

Giffure_email_002083

3.   **Payment.**   Payment of the settlement funds has been made to Virginia Roberts' attorneys' trust account, but may not be released until this agreement has been executed and the case is dismissed with prejudice.

4.   **Reciprocal Confidentiality.**   The Parties agree that the amount of this settlement shall be kept strictly confidential and shall not be disclosed at any time to any third party, except: (a) immediate family members of the Parties (whose identities must be provided as "Eyes Only" to Sidney Stubbs, Esq., Special Master, or his designee, in a sealed envelope to be opened only if a third party is alleged to have breached this provision); (b) to the extent required by law or rule; (c) to the extent necessary in connection with medical treatment, legal, financial, accounting or tax services, or appropriate tax reporting purposes (only if necessary); (d) in the event that all or part of the proceeds of this settlement are to be placed in trust for Virginia Roberts, to the trustee(s) of such trust; or (e) in response to a validly issued subpoena from a governmental or regulatory agency.   Any third party who is advised of the settlement amount must sign a document acknowledging that such third party is aware of this confidentiality provision and is bound by it, including the provisions contained in this Settlement Agreement relating to the enforcement of this confidentiality provision.   The Parties further agree that the Parties shall not provide any copy, in whole or in part, or in any form, of this Settlement Agreement to any third party, except to the extent required by law or rule or in response to a validly issued subpoena from a governmental or regulatory agency.   Moreover, neither this Settlement Agreement, nor any copy hereof, nor the terms hereof shall be used or disclosed in any court, arbitration, or other legal proceedings, except to enforce the provisions of this Settlement Agreement.   If any of the Parties are served with a valid

Giffure_email_002084

subpoena, court order, government agency order or subpoena, or other compulsory legal process, pursuant to which disclosure of this Settlement Agreement, the settlement amount, or other terms hereof is requested, or production of the Settlement Agreement is requested, the Party so served shall give counsel for the other Party notice thereof within five (5) days of such service and, prior to making any such disclosure, shall give counsel to such other Party at least ten (10) days to commence necessary proceedings to obtain a court order preventing, limiting, or otherwise restricting such disclosure.

5. **Anonymity.** Second Parties shall not release Virginia Roberts' identity, name, or physical depiction, or otherwise identify Virginia Roberts, absent Virginia Roberts' express written waiver of her right to anonymity, outside of ongoing or future litigation-related or claim-related matters. First Parties acknowledge that Second Parties have no control over what other plaintiffs' attorneys, witnesses' attorneys, or witnesses may do or disclose in other cases regarding depositions and discovery. Second Parties may be required to subpoena and depose Virginia Roberts and call her at trial(s). Except as provided in this Settlement Agreement, nothing shall prohibit Second Parties from conducting Jeffrey Epstein's defense, investigation, and trial(s) as his lawyers deem appropriate. Robert Josefsberg and Katherine Ezell are hereby deemed to have full authority to accept a subpoena from Second Parties on Virginia Roberts' behalf, so that Second Parties are not in violation of the terms of Paragraph 6, No Contact.

6. **No Contact.** Jeffrey Epstein agrees to continue to abide by Judge Marra's July 31, 2009 No Contact Order or any modification of same by the Court, so long as First Parties are given notice of any such modification and an opportunity to address this matter before the Court.

7. **Enforcement.** This Settlement Agreement shall be governed by the laws of the State of Florida. In the event of litigation arising out of a dispute over the interpretation of this Settlement Agreement, the prevailing party shall be entitled to recover its cost of litigation, including attorneys' fees and other reasonable costs of litigation. Should the federal court not retain jurisdiction, the Parties (and any third party) agree that the courts of the 15th Judicial Circuit of Palm Beach County shall have exclusive jurisdiction over the subject matter and shall have personal jurisdiction over the Parties (and third parties). In the event of an enforcement matter, the First Parties (and any third party family member) agree that Robert Josefsberg or Katherine Ezell is authorized to accept service for them, and Robert D. Critton, Jr. is authorized to accept service for Jeffrey Epstein.

First and Second Parties expressly acknowledge and agree that, if either First or Second Parties allege that a breach of the confidentiality provision has occurred, or if First Parties allege that a breach of the anonymity or no contact provision has occurred, the aggrieved First or Second Parties may seek an appropriate remedy with the Court. If the Court finds a breach of the confidentiality, anonymity, or no contact provision set forth above, the Court shall determine the amount of the award. Equitable remedies are not relinquished by virtue of this provision; nor does either Party relinquish the right to pursue any other legal or equitable damages to which (s)he may be entitled as a result of the other Party's breach, including, but not limited to, prevailing party costs, to include attorneys' fees.

8. **Attorneys' Fees and Costs.** This settlement does not include any amounts for attorneys' fees or costs. The Parties and their attorneys have agreed to resolve the amount of attorneys' fees and costs through the Special Master whom they have mutually

Giffure_email_002086

selected, Sidney Stubbs, Esq. Virginia Roberts agrees that any claims by her for attorneys' fees or costs is solely through her attorneys and the Special Master proceeding.

9. **Miscellaneous.**

   a. The Parties further confirm and acknowledge that this Settlement Agreement is being entered into without any duress or undue influence, and that they have had a full and complete opportunity to discuss the terms of the Settlement Agreement with their own attorneys.

   b. Virginia Roberts agrees that it is her obligation to pay any outstanding bills relating to this matter from all healthcare providers, satisfy any healthcare provider obligations arising out of the injuries underlying her claim, and hold Second Parties harmless from same. This provision does not include health care evaluations, if any, which are costs that have been paid for by her attorneys. These costs will be subject to reimbursement by the Second Parties, to the extent that they are for evaluation and not treatment. If the Parties do not agree as to whether these costs are for evaluations and not treatment and/or do not agree as to the reasonableness of the amounts claimed, then the Special Master will make those determinations.

   c. This Settlement Agreement was negotiated and entered into by the Parties with the advice and assistance of respective counsel.

   d. This Settlement Agreement may be executed by the Parties in counterparts on separate signature pages.

   e. The Parties and their counsel will cooperate to execute the necessary

Confidential

paperwork and court filings to carry out the terms of this Settlement Agreement.

*[The remainder of this page is intentionally left blank.]*

Giffure_email_002088

It is so agreed.

| | | | |
|---|---|---|---|
| 11-17-09 | *Virginia [signature]* | | |
| Date | **Virginia Giuffre f/k/a** | Date | **Jeffrey Epstein** |
| | **Virginia Roberts** | | |

STATE OF  New South Wales  )
COUNTY OF  Australia  )

   BEFORE ME, the undersigned authority, personally appeared <u>Virginia Giuffre/ f/k/a Virginia Roberts</u>, who is personally known to me or has produced <u>Drivers Licence</u>, as identification, and executed the foregoing instrument.

   WITNESS my hand and official seal this  17th  day of  November , 2009.

GERARD ALLPORT
Justice of the Peace Registration 115946
in and for the State of New South Wales, Australia
190 Waldron Road
Chester Hill NSW 2162

Justice of the Peace
Print Name:  GERARD ALLPORT
Commission No.:  115946
My Commission Expires:  Jan 2010

STATE OF FLORIDA                    )
COUNTY OF PALM BEACH      )

   BEFORE ME, the undersigned authority, personally appeared <u>Jeffrey Epstein</u>, who is personally known to me or has produced _____, as identification, and executed the foregoing instrument.

   WITNESS my hand and official seal this _____ day of _____, 2009.

Notary Public
Print Name: _____
Commission No.: _____
My Commission Expires: _____

8

For Any Notice Provision:

    1. For Virginia Roberts    -    Robert C. Josefsberg, Esq. or
                                                         Katherine W. Ezell, Esq.
                                                         Podhurst Orseck, P.A.
                                                         25 West Flagler Street, Suite 800
                                                         Miami, FL 33130
                                                         Phone: 305-358-2800
                                                         Fax:    305-358-2832

    2. For Jeffrey Epstein    -    Robert D. Critton, Jr., Esq.
                                                         Burman, Critton, Luttier & Coleman, LLP
                                                         303 Banyan Boulevard, Suite 400
                                                         West Palm Beach, FL 33401
                                                         Phone: 561-842-2820
                                                         Fax:    561-253-0164

                                                         or

                                                         Jack Alan Goldberger, Esq.
                                                         Atterbury Goldberger & Weiss, P.A.
                                                         250 Australian Avenue South, Suite 1400
                                                         West Palm Beach, FL 33401-5012
                                                         Phone: 561-659-8300
                                                         Fax:    561-835-8691

Giffure_email_002090

It is so agreed.

_____     _____
**Virginia Giuffre f/k/a**          **Jeffrey Epstein**
**Virginia Roberts**

      Date                  Date  11/25/09

STATE OF _____       )
COUNTY OF _____       )

    BEFORE ME, the undersigned authority, personally appeared <u>Virginia Roberts</u>, who is personally known to me or has produced _____, as identification, and executed the foregoing instrument.

    WITNESS my hand and official seal this _____ day of _____, 2009.

                             _____
                             Justice of the Peace
                             Print Name: _____
                             Commission No.: _____
                             My Commission Expires: _____

STATE OF FLORIDA              )
COUNTY OF PALM BEACH          )

    BEFORE ME, the undersigned authority, personally appeared <u>Jeffrey Epstein</u>, who is personally known to me or has produced *personally known*, as identification, and executed the foregoing instrument.

    WITNESS my hand and official seal this *25* day of *November*, 2009.

                        *Jessica Cadwell*
                        Notary Public
JESSICA CADWELL
MY COMMISSION # DD 853529
EXPIRES: April 19, 2013
Bonded Thru Notary Public Underwriters

                        Print Name: *Jessica Cadwell*
                        Commission No.: *DD853529*
                        EXPIRES: 4/19/13

8

Confidential

My Commission Expires: _____

For Any Notice Provision:

   1.  For Virginia Roberts  -  Robert C. Josefsberg, Esq. or
                                                 Katherine W. Ezell, Esq.
                                                 Podhurst Orseck, P.A.
                                                 25 West Flagler Street, Suite 800
                                                 Miami, FL 33130
                                                 Phone: 305-358-2800
                                                 Fax:    305-358-2832

   2.  For Jeffrey Epstein  -  Robert D. Critton, Jr., Esq.
                                                 Burman, Critton, Luttier & Coleman, LLP
                                                 303 Banyan Boulevard, Suite 400
                                                 West Palm Beach, FL 33401
                                                 Phone: 561-842-2820
                                                 Fax:    561-253-0164

                                                 or

                                                 Jack Alan Goldberger, Esq.
                                                 Atterbury Goldberger & Weiss, P.A.
                                                 250 Australian Avenue South, Suite 1400
                                                 West Palm Beach, FL 33401-5012
                                                 Phone: 561-659-8300
                                                 Fax:    561-835-8691

Giffure_email_002092