# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

**Charles J. Cooper**
ccooper@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

September 13, 2021

**UNDER SEAL**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP

Dear Judge Preska:

  I write on behalf of Plaintiff Virginia Giuffre in response to Defendant Alan Dershowitz's letter of September 8, 2021, Doc. 334, seeking relief from the Agreed Protective Order, Doc. 227 ("Protective Order"). While I will leave it to Ms. Giuffre's counsel, Mr. Boies, in her lawsuit against Prince Andrew, *Giuffre v. Prince Andrew, Duke of York*, 1:21-cv-06702-LAK, to answer Defendant's assertion that Defendant's request in this case is necessary to ▇▇▇ in that action, I must register my strong disagreement with ▇▇▇[1] We further object to Defendant's repeated attempts to circumvent the protective orders in this case and in *Giuffre v. Maxwell* by seeking to use confidential information produced in discovery for purposes unrelated to this litigation, forcing parties to expend resources to litigate matters that have no bearing on the parties' dispute. *See also* Defendant Alan Dershowitz Letter, Doc. 250 (Mar. 5, 2021).

  The settlement agreement in question was marked confidential in *Giuffre v. Maxwell* and was produced in that action by Ms. Giuffre pursuant to the *Giuffre v. Maxwell* Protective order. This same settlement agreement was then produced in this action pursuant to this Court's directive to provide Defendant the materials produced by Ms. Giuffre in *Giuffre v. Maxwell*, subject to the protective order entered in that action. The settlement agreement thus properly qualifies as confidential information under the protective order entered in this action. Protective Order § 2 (" 'Confidential Information' also includes information filed under seal or designated as 'Confidential' in another action for which the confidentiality designation or seal has not been lifted."). As I informed counsel for Defendant, *see* Exhibit D, Doc. 334-4 (Aug. 30, 2021), Ms. Giuffre is not at liberty to lift that confidentiality designation unilaterally because ▇▇▇

---

[1] Defendant's suggestion that Ms. Giuffre agreed to dismiss her battery claim because we agreed with Defendant's ▇▇▇ is misplaced and indeed is contrary to the Stipulation of Partial Dismissal. *See* Stip. Of Partial Dismissal, Doc. 330 (Aug. 12, 2021).

September 13, 2021
Page 2

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Given that, as Defendant acknowledges in his letter, Jeffrey Epstein's estate has refused to consent to the disclosure of the settlement agreement, Plaintiff may not unilaterally take that document out from under the governing protective orders.

      Defendant's suggestion that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is also clearly wrong. Specifically, after the provision Defendant quotes in his letter, the settlement agreement goes on to provide:



Exhibit A at ¶ 4, Doc. 334-1 (Nov. 25, 2009).

      As the above makes clear, Ms. Giuffre had no choice but to decline Defendant's request to lift the confidentiality designation from this document.

                                                         Respectfully,

                                                         /s/Charles J. Cooper
                                                         Charles J. Cooper

cc: Counsel of Record