

Howard M. Cooper
E-mail: hcooper@toddweld.com

September 14, 2021

**REDACTED**
**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
      Reply to ECF Nos. 338 & 340

Your Honor:

  Defendant and Counterclaimant Alan Dershowitz ("Professor Dershowitz") submits this reply to the letters filed yesterday by Plaintiff Virginia Giuffre ("Ms. Giuffre") and non-party David Boies ("Mr. Boies) concerning his request for permission from the Court to disclose to Prince Andrew, on a confidential basis, the Release which Ms. Giuffre entered into with Jeffrey Epstein in 2009.

  The issue before the Court is a matter of professional ethics and the interests of justice. The question here, very simply, is whether it is appropriate for Ms. Giuffre, represented by Mr. Boies, to file a lawsuit against Prince Andrew, and accompany that lawsuit with a global media campaign, all while knowing that her claims are barred as a matter of law by the broad and unambiguous terms of a release she signed in 2009 when she sued Jeffrey Epstein. As previously demonstrated, Professor Dershowitz himself was on the receiving end of a similar effort by Ms. Giuffre when she amended her complaint in this case with great fanfare to sue him for an alleged intentional sexual battery. Only when Ms. Giuffre's [REDACTED] in the 2009 Release she executed came into focus in this case was Professor Dershowitz able to serve a Rule 11 letter demanding dismissal of her claim. In response, Ms. Giuffre quickly agreed to a dismissal with prejudice.

  Yesterday, a hearing took place before the Honorable Judge Lewis Kaplan in *Giuffre v. Prince Andrew*. I attach for the Court's convenience a transcript of the hearing as Exhibit D. I note several things from the hearing which might inform Your Honor's consideration of the issue before you. First, it became clear during the hearing that the Release is apparently relevant to whether service upon Prince Andrew will be deemed appropriate by the authorities in the United Kingdom given what Prince Andrew's counsel described as the improper nature of the lawsuit in light of the Release. Ex. D. at pp. 5, 13-14. Second, Mr. Boies clearly seeks to use the production of the Release in order leverage Prince Andrew's general appearance in the case. *Id.* at 13-15; ECF No. 340 at 1. These issues, of course, are not for Professor Dershowitz to argue or for this Court to resolve. What is for him to address and bring to this Court's attention is his valid concern as to the actions of Ms. Giuffre and her counsel from an ethical perspective given that he possesses the Release and has knowledge of its terms.[1] As such,

---

[1] Judge Kaplan indicated that the unsealing of the Release is appropriately a matter for Your Honor's discretion, stating: "I will leave to Judge Preska the decision about what she is going to do about the sealing order in the case pending before her, as to which I might have an understandable degree of interest, but she is in charge, and we will leave it at that." Ex. D at 16.



Professor Dershowitz believes he is compelled not to sit back silently knowing the content of the document at issue.

To repeat, the plain language of the release as a legal bar to Ms. Giuffre's lawsuit against Prince Andrew is clear. Ms. Giuffre agreed to release ████████████████████████████████████████████████ ECF No. 334-1 at ¶ 2. In that lawsuit, and publicly, Ms. Giuffre alleged she was sexually trafficked to "royalty," e.g., Prince Andrew, and that this allegedly occurred well before the date she filed her 2009 lawsuit and the date she executed the Release.

I note that Mr. Boies concedes in his letter (ECF No. 340), as he did in court yesterday, that confidentiality is in fact no real obstacle to his providing the Release to Prince Andrew, and that inevitably it will be provided to Prince Andrew in discovery in *Giuffre v. Prince Andrew*. ECF No. 340 at 1; Ex. D at 15. I note further that Mr. Boies has also commented publicly, and incorrectly, on the content of the Release both in his filing in this Court on the public docket and to the press, including by representing that "[t]he release on its face at most covers persons who could have been defendants in the Florida case in connection with which the release was being prepared[,]" and making a number of legal arguments why he contends that Release does not apply to Prince Andrew. ECF No. 340 at 2. *See also* Exhibit E hereto. Ms. Giuffre's lawyer from the 2009 lawsuit, Robert Josefsberg, too has commented publicly about the content of the release. *See* Exhibit F at p. 3.

Finally, the scope of a legal release in a settlement agreement does not present any issue about highly personal information, medical information or proprietary information. It is simply a legal bar and, here, the Release by its own terms provides that it may be ████████████████████ ████████████████████████████████████████████████████████████ ECF No. 334-1 at ¶ 4. This is the precise purpose of the disclosure sought here – so that the terms of the Release can be enforced.

We ask that the Court permit and/or order disclosure of the Release to counsel for Prince Andrew and Judge Kaplan, on a confidential basis and subject to whatever other conditions Judge Kaplan may impose on its use and disclosure.[2]

Respectfully submitted,

 */s/ Howard M. Cooper*
Howard M. Cooper

cc:   All counsel of record, via ECF

---

[2] Although Epstein's Estate has not consented to the disclosure, it has not identified any particular reason for needing to maintain confidentiality over the Release, and it has not appeared here to argue against its disclosure despite being copied on Prof. Dershowitz's initial letter. Ultimately, whatever confidentiality objections the Estate might have, there can be no question the Release would eventually be provided to Prince Andrew in discovery in *Giuffre v. Prince Andrew* were the case to proceed that far, just as it was produced in discovery in all of Ms. Giuffre's lawsuits to date.