# EXHIBIT D

```
       UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
       ------------------------------x

       VIRGINIA L. GIUFFRE,

                    Plaintiff,             New York, N.Y.

                 v.                        21 Civ. 6702 (LAK)

       PRINCE ANDREW,
       Duke of York, in his personal
       capacity also known as
       Andrew Albert Christian Edward,

                    Defendant.

       ------------------------------x     Remote Conference

                                           September 13, 2021
                                           4:00 p.m.
       Before:

                          HON. LEWIS A. KAPLAN,

                                           District Judge



                               APPEARANCES

       BOIES, SCHILLER & FLEXNER, LLP
            Attorneys for Plaintiff
       BY:  DAVID BOIES, II
            SIGRID S. McCAWLEY
            ANDREW VILLACASTIN
            SABINA MARIELLA


       LAVELY & SINGER, PC.
            Attorneys for Defendant
       BY:  ANDREW B. BRETTLER
```

```
 1                  (Case called)
 2                  THE DEPUTY CLERK:  Counsel for plaintiff, if you could
 3     please put your appearances on the record.
 4                  MR. BOIES:  Good afternoon, your Honor.  This is David
 5     Boies, from Boies Schiller Flexner LLP, representing the
 6     plaintiff.  With me today, as well, is Mr. Villacastin and
 7     Ms. Mariella of my office.
 8                  THE COURT:  Thank you.  Good afternoon.
 9                  THE DEPUTY CLERK:  Counsel for the defendant, are you
10     ready and please put your appearance on the record.
11                  MR. BRETTLER:  Yes.  Good afternoon, your Honor.  This
12     is Andrew Brettler, of Lavely & Singer, specially appearing for
13     Prince Andrew, the Duke of York.
14                  THE COURT:  Good afternoon, Mr. Brettler.
15                  Let me, first of all, direct all who may be listening
16     to this call that you shall not record or broadcast all or any
17     part of this call and any violation of that order may result in
18     proceedings against any guilty party.
19                  Let's, then, pick up from there.
20                  I suppose the first order of business, Mr. Boies, is
21     for you to bring me up to date on where you are on the issue of
22     service, and then I may have some specific questions for you.
23                  MR. BOIES:  Thank you, your Honor.
24                  THE COURT:  And I have read your written submission.
25                  MR. BOIES:  Thank you, your Honor.  I don't really
```

have anything to add since our written submission.

Just, in summary, following the filing of the complaint, we transmitted the complaint to any lawyers who we were aware of that represented Prince Andrew.  Following the Court's order, we then transmitted the information concerning this conference to those lawyers, and we proceeded to serve Prince Andrew in several ways pursuant to Article 10 of the Hague Convention.  In particular, two methods of service are provided for under the laws of England and Wales, which are to deliver the complaint to the usual last known address of the defendant and to send it by royal mail to the usual last known address of the defendant, both of which we have done.

I think that it is clear that Prince Andrew has actual notice of this complaint and proceeding.  I also believe that we have complied with the service requirements, and we filed a proof of service last Friday.

THE COURT:  All right.  Thank you.

Do you intend, without prejudice to your position, to make any request for the Court to issue a letter requesting the U.K. Central Authority to make any additional or further or different service under the Hague Service Convention?

MR. BOIES:  Our view, your Honor, at this point is that that is not necessary, that we have properly served him.  I understand that -- not directly from Mr. Brettler, but I understand from other communications that Prince Andrew may

challenge our service; and if the Court were to determine for some reason that our service was defective, I think that we would ask the Court to order alternative service in the interest of moving the case along. But depending upon the Court's view, we will proceed in whatever manner the Court thinks is appropriate.

THE COURT: Do you intend to make any request of the Court that the Court authorize service under Federal Rule 4(f)(3)?

MR. BOIES: Yes, your Honor. Just to be certain that there is no question and, again, to avoid the necessity of litigating whether our current service is or has not been effective, we would ask the Court to order the alternative service under that section.

THE COURT: Why does it not make sense for me to set an outside date by which any request by the Court, should I elect to grant an appropriate course of action with respect to additional service, will be made or not made so that we do not have the possibility here of litigating what promises to be, judging by Mr. Brettler's appearance, a motion challenging the sufficiency of the service up to now, only to find, in the event that I were to sustain that position, that we are starting all over again?

MR. BOIES: I agree, your Honor, that that makes good sense.

1    THE COURT:  So what period of time do you think would
2 be appropriate for me to give you to make any and all requests
3 for any action by the Court relating to service?
4    MR. BOIES:  I think, your Honor, we could do that in a
5 week.
6    THE COURT:  Okay.  Let me now hear from Mr. Brettler
7 just on this point that we have dealt with so far.  Any reason
8 why we shouldn't do it that way, Mr. Brettler?
9    MR. BRETTLER:  Thank you, your Honor.  Andrew Brettler
10 speaking.
11    Your Honor, we agree that the Court should set that
12 date.  We do contest the validity of service to date.  The Duke
13 has not been properly served under either U.K. law or pursuant
14 to the Hague Convention.  We have significant concerns about
15 the propriety of this lawsuit that has been filed.  We have
16 been in correspondence with the High Court about service, and
17 ultimately the High Court in the U.K. is going to have to
18 determine whether or not service to date has been effected
19 properly on the Duke.
20    We believe, however, that this is a baseless,
21 nonviable, and potentially unlawful lawsuit that plaintiff has
22 filed against the Duke.  There has been a settlement agreement
23 that the plaintiff has entered into in a prior action that
24 releases the Duke and others from any and all potential
25 liability.  Mr. --

1            THE COURT:  Mr. Brettler, excuse me for interrupting,
2   but I want to confine the discussion right now to the issue of
3   whether we shouldn't get whatever attempts there are going to
4   be, or have been, with respect to service on the table, and
5   then you can make your motion addressed to the service.  This
6   is not an occasion for a different kind of discussion.
7            MR. BRETTLER:  Understood, your Honor.  We agree that
8   the Court should, then, set that deadline, as discussed.
9            THE COURT:  All right.  So that is the first order of
10  business here.
11           Mr. Boies, you have the week from today to make
12  whatever requests for the Court to authorize any different or
13  additional form of service under Rule 4(f)(3) or to request
14  that the Court issue a request to the U.K. Central Authority
15  for the U.K. to serve under the Hague Convention.  Are we
16  clear?
17           MR. BOIES:  Yes, your Honor.
18           THE COURT:  All right.  Now, given that we are in a
19  holding pattern, at least for the week, what else can usefully
20  be accomplished right now?
21           MR. BRETTLER:  Your Honor --
22           MR. BOIES:  Your Honor --
23           MR. BRETTLER:  Your Honor, this is Andrew Brettler.
24           If I may, I'm not certain what deadline the Court has
25  in mind for the defendant's response to any papers that

1    Mr. Boies's office intends to file within a week.  I will note,
2    your Honor, that Senior Master Fontaine of the High Court has
3    responded to solicitors for the Duke in the United Kingdom.
4    The Senior Master has responded not to indicate that service
5    has been effected but, rather, to indicate that she would be
6    providing further directions.  It is our understanding that she
7    has been on vacation when this correspondence was last sent to
8    her.  I'm not certain how long it will take the High Court to
9    respond with those directions, but we want to ensure that this
10   Court gives the Senior Master ample time to respond and advise
11   your Honor's Court of the U.K. proceedings.
12           THE COURT:  Well, we have two different things going
13   on here.  It is Mr. Boies's position that he has already
14   effected service.  If you are going to make a motion with
15   respect to that contention, you are going to have to make it
16   here and it will be litigated here, and that is true
17   irrespective of whether the Central Authority -- presumably the
18   Senior Master -- authorizes or doesn't authorize any additional
19   service.  Why is that not true?
20           MR. BRETTLER:  No, that is true, your Honor.  I just
21   would like to make certain that the Senior Master has ample
22   time to respond, and I'm not certain of what deadline the Court
23   has in mind for defendant's opposition or response to
24   Mr. Boies's proposed filing.
25           THE COURT:  I'm not sure what you are referring to,

Mr. Brettler.  Are you asking for how much time you will have to move with respect to any further service that might be made pursuant to this Court's order or are you anticipating a collateral litigation over the question of whether I should issue such an order?

MR. BRETTLER:  So the latter, your Honor.  I understand that, you know, the Federal Rules of Civil Procedure, assuming that the Duke were to make a general appearance in this case, would govern our time to respond to the, you know, filing of the proof of service.  What I am anticipating, however, is that this matter will need to be weighed in by the Senior Master of the High Court, and I would just like to be able to have some idea so that I can inform the solicitors in the U.K. how much time we would have in order -- before we would need to make such a motion if your Honor deemed service has been effected.

THE COURT:  Mr. Boies, do you want to weigh in on this?

MR. BOIES:  Yes, your Honor.

First, we believe that service has been effected.  We filed a proof of service, and we believe that that service is effective independent of any additional service through the Central Authority.  Service through the Central Authority would, in our view, be in addition, an alternative method of service, and we believe that the service that has already taken

place is adequate.

THE COURT:  I understand that.

MR. BOIES:  And we believe that Prince Andrew, if he contests that service, is obligated to make a motion to quash that service within the appropriate time.

Somebody is -- excuse me, your Honor.  My office is making an announcement about a fire drill.  This will just take a moment, your Honor.  I apologize.

(Pause)

MR. BOIES:  I apologize, your Honor.

So our view is that he needs to -- if he objects to that service, he needs to move against it now.

With respect to the issue of whether the U.K. authorities need to weigh in, with respect to the one thing that we would be asking the Court to do potentially, which is to request the assistance of the Central Authority, that is something that obviously involves the Central Authority. However, an application that we would anticipate under Rule 4(f)(3) does not involve the Central Authority at all.  That is something entirely for this Court to decide.  So we don't think that (a) Prince Andrew can wait with respect to the service that we have already undertaken, and we don't think the Court should wait with respect to Rule 4(f)(3).

THE COURT:  Mr. Brettler, I think we are making this a lot more complicated than it really is.

1           MR. BOIES:  Yes.

2           THE COURT:  Can you think of a single reason why I

3  should not order, assuming Mr. Boies requests it, alternative

4  service under 4(f)(3) against the possibility that you are

5  right that the service to date is no good?

6           MR. BRETTLER:  Your Honor --

7           THE COURT:  Is there a --

8           MR. BRETTLER:  Your Honor, the only reason that you

9  should not order alternative service is because there are rules

10 under the Hague Convention that should be followed here, and we

11 would like those rules and procedures followed to protect a

12 foreign national from having --

13          THE COURT:  Mr. Brettler, Mr. Brettler, I am sure you

14 know that the Hague Convention is optional and that 4(f)(3)

15 stands independent of it as long as it's not forbidden by the

16 destination state, which it is not in this case.  So unless you

17 tell me something that is going to alert me to something that

18 in the last 50 years of practice I haven't tumbled to now, I

19 will tell you right now that there is going to be 4(f)(3)

20 service authorized appropriately, because I have a foreign

21 national who has been sued in a United States court and he is

22 taking the position that he hasn't been served.  Is there such

23 a reason?  I reject your argument that the Hague Convention has

24 to be exhausted before 4(f)(3) may be employed.

25          MR. BRETTLER:  Your Honor, respectfully, I understand

Case 1:19-cv-03377-LAP   Document 342-1   Filed 09/14/21   Page 12 of 18    11
L9d2GiuC

       the Court's position. I will obviously comply with any orders of the Court. I do think it is important for the Central Authority to weigh in on this issue on whether the Hague Convention needs to be followed, but I completely understand your Honor's point and I have nothing further to add.

       THE COURT: All right. Is there any reason, Mr. Brettler, that I haven't heard already, why, in light of your argument that Mr. Boies wasn't the right person to ask the Central Authority to serve --

       MR. BRETTLER: No, your Honor.

       THE COURT: -- that I shouldn't make such a request if asked to do so?

       MR. BRETTLER: No.

       THE COURT: Pardon?

       MR. BRETTLER: We are in agreement there, your Honor.

       THE COURT: Okay. So Mr. Boies, if he is going to make either sort of request, is to do it within a week from today.

       Now, there remains only the question of how soon you are going to make whatever motion you are going to make given whatever has happened there. Now, I assume that in order to effect service under any 4(f)(3) order that may issue, it will take at least a couple of days. It probably won't take more than that for me to make a request of the Central Authority at the outside, if that's requested and if I don't change my mind,

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1     which I will tell you is unlikely, unless I hear something new
2     that I haven't heard so far.
3              So measuring from September 20, or whatever date
4     Mr. Boies indicates he is not going to make either of these
5     requests, how much time do you need to make your motion?
6              MR. BRETTLER:  I would request two weeks, your Honor.
7              THE COURT:  Okay.  You have two weeks from the earlier
8     of September 20 -- well, actually I will give you a couple of
9     days more.  Let me just take a look at my calendar.
10             Your motion will be due on the earlier of September 23
11    or 14 days after the date on which Mr. Boies informs you that
12    he will not be seeking any additional form of service that
13    involves the Court.
14             Mr. Boies, how long do you need to respond?
15             MR. BOIES:  Seven days, your Honor.
16             THE COURT:  September 30, it is.
17             A week adequate for a reply, Mr. Brettler?
18             MR. BRETTLER:  Yes, your Honor.
19             THE COURT:  So that will be October 7, and I will hear
20    argument on October 13.  Does it make any difference to you,
21    Mr. Brettler, given that you are from L.A., whether we do it in
22    the morning or the afternoon?
23             MR. BRETTLER:  No, your Honor.  I get up early.
24             THE COURT:  Well, I would anticipate argument in
25    person.

1            MR. BRETTLER:  I will be there.

2            THE COURT:  You will be there.  Okay.  So we will say

3    10:00.

4            Now, is there anything else that we can usefully

5    accomplish this afternoon?

6            MR. BOIES:  Not from us, your Honor.  This is David

7    Boies.

8            THE COURT:  Mr. Brettler.

9            MR. BRETTLER:  Nothing further on the service issue,

10   your Honor.

11           THE COURT:  Okay.  Anything else?

12           MR. BRETTLER:  I would request, your Honor, that

13   Mr. Boies provide us with a copy of the settlement agreement

14   that I referred to previously.  It's a secret settlement

15   agreement that hasn't been produced to date except for filing

16   it under seal, and I know there is an application before

17   Judge Preska to have those documents unsealed.

18           THE COURT:  Well, I imagine that unless -- well, I

19   don't know.  Go ahead, Mr. Boies.

20           MR. BOIES:  I think that when they are still

21   challenging service and only making a special appearance, I

22   think discovery requests are a bit premature, your Honor.

23           THE COURT:  Mr. Brettler.

24           MR. BRETTLER:  I believe this issue goes directly to

25   service, and certainly the Central Authority's opinion will be

1   impacted by the contents of this settlement agreement and
2   whether it does in fact release the Duke of any and all
3   liability, as we suspect it does, as it has with other
4   individuals in the same situation as the Prince.
5            MR. BOIES:  I should say that I disagree with that
6   characterization, your Honor, but I don't think merits
7   arguments from Prince Andrew are appropriate until he appears
8   in this case.  I think once --
9            THE COURT:  Well, he has appeared in this case.
10           MR. BOIES:  No, other than the special appearance.  I
11  mean he is taking the position --
12           THE COURT:  Well, special appearances in federal
13  practices were abolished at least 50 years ago.
14           MR. BOIES:  Right.  I apologize for the misstating it,
15  your Honor, but what he is essentially --
16           THE COURT:  You didn't misstate it because that's what
17  he called his appearance --
18           MR. BOIES:  Yes.
19           THE COURT:  -- but it is an appearance.
20           Now, as I understand it, you know, it may be that he
21  is here and if he challenges service or jurisdiction and loses,
22  he may elect not to proceed with a defense or he may proceed
23  with a defense, but that's neither here nor there.
24           MR. BOIES:  Right.  And your Honor, it is my
25  understanding that if he makes an appearance and he engages in

1  discovery requests, that that is sufficient to provide a basis
2  for personal jurisdiction even if it did not already exist,
3  which we believe it clearly does.  So that if he intends to
4  challenge jurisdiction, I think making discovery requests at
5  this time would be inconsistent with that.
6          Now, having said that, if he wishes to make a formal
7  discovery request, we will respond to it and we will respond to
8  it very promptly.
9          MR. BRETTLER:  Your Honor, it is Andrew Brettler.  I
10 am only making the request in conjunction with our anticipated
11 challenge to the service, and I don't know why it is being so
12 vigorously opposed.  We are asking for a copy of the document
13 that we believe absolves our client from any and all liability.
14 Mr. Boies is aware of this.  His client is aware of this.  And
15 other defendants have been dismissed from compendium and
16 parallel proceedings in reliance on the same document.
17         MR. BOIES:  Your Honor, that simply is, I think, not a
18 fair characterization of what has happened.
19         THE COURT:  Look, let's not get into characterizing
20 what has happened in relation to a transaction that at least
21 two-thirds of the people on this call know nothing about the
22 details of and which is dependent on a document that is under a
23 court sealing order that has not been varied by the judge who
24 entered it.
25         So Mr. Brettler, I understand the point, and your

L9d2GiuC

point essentially is, look, if there is a document out there that would provide your client with an affirmative defense to the claim made in this action or help you out in England or both, you would like to see it sooner rather than later.  I understand that, and there is a lot to be said for that point of view, just as there is a lot to be said for Mr. Boies's point of view that, regardless of whether your client has been served effectively to date, you have a pretty high degree of certainty that he can be served sooner or later.  So you are each arguing, but at cross purposes, let's cut out all the technicalities and get to the substance, and I think the orderly way to do that is the way I have set out here.  And we will leave to Judge Preska the decision about what she is going to do about the sealing order in the case pending before her, as to which I might have an understandable degree of interest, but she is in charge, and we will leave it at that.

    MR. BRETTLER:  I understand completely and agree, your Honor.

    THE COURT:  Okay.  Anything further?

    MR. BOIES:  Nothing from us, your Honor.

    THE COURT:  I mean, there is a very swift way of getting to the substance promptly, but you two need to talk about that, because I can see a lot of legal fees being spent and time being expended and delay, which ultimately may not be terribly productive for anyone.

```
1              MR. BRETTLER:  Understood, your Honor.  Thank you.
2              THE COURT:  Okay.
3              MR. BOIES:  Thank you, your Honor, and we will explore
4    with counsel for the defendant whether it is possible to simply
5    go directly to the substance and not delay it.
6              THE COURT:  Okay.  Thank you.
7              MR. BOIES:  Thank you.
8              MR. BRETTLER:  Thank you, your Honor.
9              THE COURT:  Have a good evening.
10             MR. BOIES:  Thank you.
11             MR. BRETTLER:  You, too.
12                                oOo
13
14
15
16
17
18
19
20
21
22
23
24
25
```