# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Charles J. Cooper<br>ccooper@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C.  20036 | (202) 220-9600<br>Fax (202) 220-9601 |

November 1, 2021

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Giuffre v. Dershowitz*, **Case No.: 19-cv-03377-LAP**
Request for Status Conference

Dear Judge Preska:

      I write on behalf of Plaintiff Virginia Giuffre in response to Defendant's letter requesting that the Court schedule a status conference "to move discovery in this case forward." Def.'s Letter Request for Status Conf., Doc. 350 (Oct. 27, 2021). Plaintiff shares Defendant's desire to complete discovery, and we are sensitive to the health issues that Defendant has brought to the Court's and our attention. We agree that a status conference concerning discovery would be beneficial, but the Court should be aware of additional information about the status of document discovery to inform the Court's choice of the best time for a status conference.

      Defendant purported to substantially complete production of documents from his Harvard Law School email account on October 14, 2021. He produced a privilege log for his Gmail account on October 13, and one for his Harvard Law School email account on October 20. Altogether, the logs have over 23,000 entries, and over 5,000 of the documents from his Harvard account or computer were not produced until mid-September or later.

      Needless to say, we are still reviewing Defendant's recent productions, but we anticipate that disputes concerning the adequacy of Defendant's productions and the propriety of his privilege assertions will necessitate the Court's intervention. For example, Defendant continues to refuse to review several thousand documents that hit on search terms like (Jeff OR Jeffrey) w/3 Epstein. Defendant has also asserted a questionable common interest privilege over a host of communications with Jeffrey Epstein in which Defendant does not appear to have been acting as Epstein's attorney. In addition, the parties have already joined issue on a number of disputes, such as Defendant's refusal to locate and produce records of his travel to Epstein's properties outside of the 2000-2002 period, except to the extent that those records appear in emails returned by keyword searches.

      Plaintiff intends to initiate a meet and confer process on these issues with a letter to Defendant, which we plan to send by the end of next week. We will then act promptly to bring to the Court any disputes that the parties are not able to resolve. It might be most efficient for the

November 1, 2021
Page 2

Court to hold a status conference once these issues are before it because only at that point will the Court be able to assess the feasibility of proceeding with party depositions.

      Relatedly, Australia has recently announced that it is in the process of relaxing its travel restrictions for vaccinated residents. This should make it easier to schedule Ms. Giuffre's deposition promptly once document discovery is complete.

      Respectfully,

      /s/ Charles J. Cooper
      Charles J. Cooper

cc: Counsel of Record