```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>                    Plaintiff,<br>-against-<br>ALAN DERSHOWITZ,<br><br>                    Defendant. | 19 Civ. 3377 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are motions filed by each of Plaintiff Virginia Giuffre, Defendant Alan Dershowitz, and prospective intervenor, The Miami Herald (the "Herald").

Ms. Giuffre requests leave to amend her complaint[1] and seeks a protective order prohibiting Defendant from pursuing discovery into her accusations of sexual misconduct by individuals associated with Jeffrey Epstein other than Mr. Dershowitz.[2]

Mr. Dershowitz moves to compel non-party Leslie Wexner to submit to a deposition.[3]

---

[1] (Letter from. C. Cooper dated May 6, 2021 [dkt. no. 304]; Letter from C. Cooper, dated May 21, 2021 [dkt. no. 313; see also Letter from H. Cooper, dated May 14, 2021 [dkt. no. 308].)
[2] (Letter from C. Cooper, dated May 6, 2021 [dkt. no. 303].)
[3] (Letter from H. Cooper ("Wexner Mot."), dated Mar. 4, 2021 [dkt. no. 249]; Letter from N. Moss ("Giuffre Wexner Opp."), dated Mar. 12, 2021 [dkt. no. 258]; Letter from M. Little ("Wexner Opp."), dated Mar. 12, 2021 [dkt. no. 259]; Letter from H. Cooper ("Wexner Reply"), dated March 16, 2021 [dkt. no. 265].)
(continued on following page)

The Herald seeks to intervene for the limited purpose of seeking an order unsealing certain documents.[4]

As described further below, Ms. Giuffre's motion to amend is GRANTED, and her motion for a protective order is GRANTED. Mr. Dershowitz's motion to compel the deposition of Leslie Wexner is GRANTED. The Herald's motion to intervene and to unseal certain documents is GRANTED to the extent specified below.

## I. Background

The Court refers to its prior orders for the facts of the case. See e.g., Giuffre v. Dershowitz, 410 F. Supp. 3d 564, 566-69 (S.D.N.Y. 2019); Giuffre v. Dershowitz, 515 F. Supp. 3d 123, 124-28 (S.D.N.Y. 2021).

## II. Discussion

1. Motion to Amend

The Court grants Ms. Giuffre leave to amend her complaint.

Rule 15 of the Federal Rules of Civil Procedure emphasizes that leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A litigant seeking to amend her complaint accordingly "should not be denied

---

[4] (Letter from C. Waltz ("Herald Opening"), dated Mar. 31, 2021 [dkt. no. 270]; Letter from C. Waltz, dated Apr. 22, 2021 [dkt. no. 294]; see also Letter from H. Cooper ("Dershowitz Resp."), dated Apr. 15, 2021 [dkt. no. 287]; Letter from C. Cooper ("Giuffre Resp."), dated Apr. 15, 2021 [dkt. no. 289]; Letter from M. Little, dated Apr. 15, 2021 [dkt. no. 290].)

2

unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); see also Agerbrink v. Model Serv. LLC, 155 F. Supp.3d 448, 452 (S.D.N.Y. 2016) (describing "liberal" Rule 15 standard).

Mr. Dershowitz opposes Ms. Giuffre's proposed amendments on the basis that, first, the amendments go beyond cleaning up the operative complaint and amount to wholesale abandonment of certain of her claims. (Dkt. no. 308 at 4-7.)  The Court disagrees with Mr. Dershowitz that the proposed revisions to the complaint are somehow improper because they are too extensive. The factual basis of Ms. Giuffre's core allegations against Mr. Dershowitz --lying that he had sex Plaintiff under circumstances that made him aware that she was being trafficked by Jeffrey Epstein--remains unchanged.  Nor does the Court find that such an amendment is proposed in bad faith or that Mr. Dershowitz will be prejudiced by allowing for amendment, (see dkt. no. 308 at 4-5), given that Ms. Giuffre sought to amend her complaint as Mr. Dershowitz was beginning to review the contents of his Harvard account and before he produced a single email.  (See dkt. no. 313 at 4.)

Accordingly, Ms. Giuffre's motion to amend the complaint is GRANTED.  Ms. Giuffre shall file her amended complaint no later than one week of the entry of this order.

3

2. <u>Motion for a Protective Order</u>

The Court grants Ms. Giuffre's motion for a protective order prohibiting Mr. Dershowitz from pursuing discovery into Ms. Giuffre's accusations of sexual misconduct by individuals associated with Jeffrey Epstein, with the exception of Mr. Dershowitz and, as described below, Mr. Wexner.

As the Court already has observed, "[t]he central factual issue in the case is quite simple: did the parties have intimate contact or not.  That Ms. Giuffre might or might not have spoken truthfully about her contact (or lack of contact) with individuals other than Mr. Dershowitz might technically be relevant to her credibility, but it is fairly far afield from the main issue in this litigation."  This is especially clear given the proposed amendments Plaintiff has made to her complaint.  The Court finds that allowing discovery into other men whom Ms. Giuffre has accused of sexual misconduct would place an undue and extraordinary burden on all parties involved, especially given the limited relevance of this discovery to the core issues in this case, and would further delay this resolution of this litigation.

Accordingly, the Court grants Ms. Giuffre's motion for a protective order prohibiting discovery into Ms. Giuffre's accusations of sexual misconduct by individuals associated with Jeffrey Epstein.

3. <u>Motion to Compel Wexner Deposition</u>

The Court grants Mr. Dershowitz's motion to compel Leslie Wexner's deposition.

In opposing Mr. Dershowitz's motion to compel, Mr. Wexner's counsel asserts the record is undisputed that Ms. Giuffre and her attorneys never made an extortion demand or otherwise solicited payment or any other consideration from Mr. Wexner. (Dkt. no. 259 at 1-2.)  Counsel further asserts that Mr. Wexner never spoke to Mr. Boies, Ms. Giuffre, or Defendant about any alleged demand for payment, (<u>id.</u> at 2), and that Mr. Wexner's testimony is not relevant to the issues in this case, (<u>id.</u> at 3).

First, although Mr. Wexner avers through his attorney that he never directly interacted with Mr. Boies or Ms. Giuffre about any sort of demand for payment, the deposition testimony of Mr. Zeiger, Mr. Wexner's lawyer, cannot substitute for Mr. Wexner's testimony about the matters for which Mr. Wexner has personal knowledge.  As to relevance, Mr. Wexner stands on a different footing from other men whom Ms. Giuffre has accused, as several of Mr. Dershowitz's statements alleged in the Amended Complaint and proposed Amended Complaint specifically refer to Mr. Wexner.

Accordingly, the Court grants Mr. Dershowitz's motion to compel Mr. Wexner's deposition.  Given the very narrow issue on which Mr. Wexner would purportedly have personal knowledge, Mr.

5

Wexner is required to sit for deposition for no longer than two hours. Additionally, considering the COVID-19 pandemic and Mr. Wexner's age, his deposition shall occur remotely via videoconference, as Mr. Dershowitz has proposed.

### 4. The Herald's Motion to Intervene and Unseal

The Herald moves to (1) intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure and, should intervention be permitted, (2) unseal various documents previously filed under seal.

The Herald's motion relates to documents filed under seal in this litigation and a hearing that was partially closed to the public to discuss that sealed material on March 25, 2021. The Herald seeks access to this material on the basis that it "'has a direct interest in collecting information about a matter of public interest in order to serve its function as a purveyor of news'" and because its asserts these documents are judicial documents entitled to the presumption of public access. (See dkt. no. 270 at 2.)  Specifically, the Herald seeks access to the following docket entries, which are now filed under seal in whole or in part:

- Dkt. no. 204: Professor Alan Dershowitz's Memorandum of Law in Support of Motion to Disqualify Cooper & Kirk PLLC;

- Dkt. no. 205: Affidavit of Christian G. Kiely in Support of the Motion to Disqualify Cooper & Kirk PLLC;

6

- <u>Dkt. no. 217</u>: Virginia Giuffre's Opposition to the Motion to Disqualify Cooper & Kirk PLLC;

- <u>Dkt. no. 218</u>: Declaration of Nicole J. Moss in Opposition to the Motion to Disqualify Cooper & Kirk PLLC;

- <u>Dkt. no. 223</u>: Mr. Dershowitz's Reply in Support of the Motion to Disqualify Cooper & Kirk PLLC;

- <u>Dkt. no. 249</u>: Letter from Howard M. Cooper dated March 4, 2021 re: Renewed Request to Compel Deposition of Leslie Wexner;

- <u>Dkt. no. 250</u>: Letter from Imran H. Ansari dated 03/05/2021 re: Pre-Motion Conference to Provide Information and Materials to the US Attorney's Office;

- <u>Dkt. no. 256</u>: Letter from Imran H. Ansari, Esq. dated 03/11/2021 re: Letter in Reply and in Further Support of Alan Dershowitz's Letter Re: Pre-Motion Conference seeking Permission to Provide Information and Materials to the U.S. Attorney's Office;

- <u>Dkt. no. 258</u>: Letter from Nicole J. Moss dated 03/12/2021 re: Renewed Request to Compel Deposition of Leslie Wexner;

- <u>Dkt. no. 259</u>: Letter from Marion H. Little, Jr. dated March 12, 2021 re: Response to Alan Dershowitz March 4, 2021 Letter;

- <u>Dkt. no. 263</u>: Letter from Charles J. Cooper dated 03/10/2021 re: Response to 250 LETTER re: Pre-Motion Conference to Provide Information and Materials to the US Attorney's Office;

- <u>Dkt. no. 265</u>: from Howard M. Cooper dated March 16, 2021 re: Reply re: Defendant's Renewed Request to Compel Deposition of Leslie Wexner.

  a. <u>Intervention</u>

"Rule 24 of the Federal Rules of Civil Procedure contemplates two distinct species of intervention: intervention of right, under Rule 24(a), and permissive intervention under Rule 24(b)." SEC vl. Bear, Stearns & Co., 2003 U.S. Dist. LEXIS 14611, at *7 (S.D.N.Y. Aug. 25, 2003).

Rule 24(a), which governs intervention as of right, provides in part that the court must permit intervention when a movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." See Fed. R. Civ. P. 24(a). "Failure to satisfy any of these requirements is a sufficient ground to deny the application." United States v. New York, 820 F.2d 554, 556.

Rule 24(b), which governs permissive intervention, provides in part that "on timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." See Fed. R. Civ. P. 24(b). Permissive intervention under Rule 24(b) is committed to the broad discretion of the Court. See AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005) (recognizing "the broad discretion of the district court when considering permissive intervention"); H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d

8

85, 89 (2d Cir. 1986) ("The district court's discretion under Rule 24(b)(2) is very broad."). In exercising its discretion, the Court is required by rule to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); see also Calderon v. Clearview AI, Inc., 2020 WL 2792979, at *7 (S.D.N.Y. May 29, 2020)("[T]he court's primary consideration is whether intervention will unduly delay or prejudice the adjudication of the rights of the parties whose lawsuits are being 'invaded.'").

Several other factors historically serve as guardrails for the Court's discretion in permitting intervention under Rule 24(b). Those factors include "the nature and extent of the intervenors' interests, whether their interests are adequately represented by the other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." Id. (quoting U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191–92 (2d Cir. 1978)).

The Herald makes several arguments in support of its motion to intervene and unseal. (See dkt. no. 270.) As for the first requirement under Rule 24(a), the Herald claims it has a direct interest in this case as a purveyor of news. (See dkt. no 270 at 2.) Second, it asserts their interests are unlikely to overlap

with the parties in the case. (See dkt. no. 270 at 2.) Third, the Herald asserts that such limited intervention should not impede or delay litigation. (See dkt. no. 270 at 2.) Finally, the Herald avers that the existing parties cannot adequately represent its interests. (See dkt. no. 270 at 2.)

As the Herald seems to concede, intervention of right is not warranted here. The Herald's interest as a purveyor of news and the public interest in the present case are not so aligned that disposition of the action would, as a practical matter, impair or impede the Herald's ability to protect that interest. See Fed. R. Civ. P. 24(a).

On the other hand, permissive intervention under Rule 25(b) is warranted here for the limited purpose of the Herald's making its motion to unseal the documents it specifies in its letter. See Fed. R. Civ. P. 24(b). The Herald has a direct interest in this case as a news organization serving its function in collecting information about a matter of public interest. See Schiller v. City of New York, No. 04 Civ. 7921, 2006 WL 2788256, at *3 (S.D.N.Y. Sept. 27, 2006). Second, this interest is not likely to overlap with the parties' interests because the Herald's interest as a purveyor of news is distinct from the interests of Ms. Giuffre and Mr. Dershowitz. Accordingly, the Herald's interests are not adequately represented by either party in this case.

Moreover, the Court finds that intervention here will not delay the lawsuit or prejudice the adjudication of the rights of the original parties. Ms. Giuffre claims that this proceeding has not reached a point where the public interest outweighs countervailing considerations and intervention threatens to "unduly" delay proceedings. The countervailing considerations Ms. Giuffre mentions are purely speculative in nature. Intervention "for the limited purpose of challenging strictures on the dissemination of information should not impede the progress of the litigation." Schiller, 2006 WL 2788256, at *3.

Accordingly, the Herald's application for permissive intervention is granted.

b. Unsealing

The Herald seeks the unsealing of documents relating to the following motions: (1) Mr. Dershowitz' Motion to Disqualify Cooper & Kirk PLLC; Mr. Dershowitz's Renewed Request to Compel the Deposition of Leslie Wexner; and (3) Mr. Dershowitz's request for a pre-motion conference to provide materials to the US Attorney's Office. Additionally, the Herald seeks (4) a summary of the non-confidential portions of the parties' discussion with the Court that took place under seal at a March 25, 2021 hearing in this case or a redacted transcript of that hearing.

11

1. <u>Motion to Disqualify (Dkt. nos. 204, 205, 217, 218, 223)</u>

The briefing related to Mr. Dershowitz's motion to disqualify Ms. Giuffre's counsel should be unsealed, subject to narrow redactions. Because the Court decided Mr. Dershowitz's motion based on this briefing, <u>Giuffre</u>, 515 F. Supp. 3d 123, those redacted documents are judicial documents to which to presumption of public access. <u>See</u> <u>Giuffre v. Maxwell</u>, No. 15 Civ. 7433 (LAP), 2020 WL 133570, at *2 (S.D.N.Y. Jan. 13, 2020). Although this presumption applies most strongly to dispositive motions, it nonetheless attaches, albeit less strongly, to non-dispositive motions such as the motion to disqualify. <u>See</u> <u>Brown v. Maxwell</u>, 929 F.3d 41, 50 (2d Cir. 2019).

Only limited portions of this briefing may remain redacted. In this case, the only interest that may override the presumption of public access is that of the Court's facilitation of an orderly unsealing of the documents in <u>Giuffre v. Maxwell</u>, 15 Civ. 7433. Accordingly, the parties are directed to confer and file a revised version of this briefing on the public docket. The only redactions that should be applied are to portions of the briefing that reference the substance of materials subject to the <u>Maxwell</u> protective order to the extent that those materials have not been unsealed by the Court.

2. <u>Motion to Compel Wexner Deposition (Dkt. nos. 249, 258, 265)</u>

The briefing in support of Mr. Dershowitz's motion to compel Mr. Wexner's deposition shall also be unsealed, subject to limited redactions.

First, the Court finds that the briefs filed in support of that application are judicial documents to which the presumption of public attaches. The Court has now actually considered that briefing and granted Mr. Dershowitz's motion to compel. Accordingly, the somewhat-less-weighty presumption of public access apples.

Mr. Wexner offers a few reasons why the public should not access these documents. First, that most of the protected material under the Renewed Request to Compel is protected as confidential under Ohio Law because of Mr. Zeiger's status as an attorney. (<u>See</u> dkt. no. 290 at 3-4.) Second, counsel cites Mr. Wexner's general privacy interests. (<u>See</u> dkt. no. 290 at 3.)

First, the Court finds that Mr. Wexner has not articulated a persuasive reason why <u>non-privileged</u> materials should not be made public. Second, although the Court acknowledges Mr. Wexner's general privacy interests in these materials, the <u>Herald</u> points out that none of this briefing has been made available to the public--not even in redacted form. Accordingly, the parties are directed to confer with Mr. Wexner's counsel and propose versions

13

of this briefing to file on the public docket that contain only narrow and properly-applied redactions.

### 3. Motion to Modify Protective Order (Dkt. nos. 250, 256, 259, 263)

As to Mr. Dershowitz's motion to modify the protective order to permit disclosure of certain materials to the U.S. Attorney's office (and related briefing), the Court finds that these are judicial documents to which the presumption of public access applies. That briefing pertained to whether Mr. Dershowitz could be granted relief from the protective order to share certain documents with a third party. It does not fall under the narrow exception to a motion's classification as a judicial document that applies where materials are submitted for in-camera review in the context of, for example, a motion to compel or for a protective order.

The Court finds that the presumption of public access to these documents, although less heavy than for papers related to dispositive motions, outweighs the privacy interests in keeping these documents private. The only interest the outweighs the presumption of public access to these documents is the orderly unsealing of documents subject to the Maxwell protective order. Accordingly, the parties shall confer and propose redactions that only shield from public view the material referenced in the briefing that is subject to the Maxwell protective order.

14

      4. Transcript of March 25, 2021 Hearing

As to the transcript of the March 25, 2021 hearing, the parties are directed to confer and propose narrow redactions to the transcript consistent with the Court's rulings on the above.

## III. Conclusion

Counsel for the parties shall appear by video for a status conference on November 16, 2021 at 2:00 p.m.  The Court will communicate separately to counsel information for joining the conference.  Members of the public may observe the conference using the following listen-only conference line: (877) 402-9753 Access code 6545179.

The Clerk of Court is directed to close the open motions at dkt. nos. 270, 303, and 304.

**SO ORDERED.**

Dated:    New York, New York
            November 10, 2021

                        *Loretta A. Preska*
                        _____
                        LORETTA A. PRESKA
                        Senior United States District Judge