

Howard M. Cooper
hcooper@toddweld.com

December 1, 2021

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
             **Request for Certification of Appeal Pursuant to 28 U.S.C. § 1292(b)**

Your Honor:

      Pursuant to the Court's direction at the November 16th status conference, Professor Alan Dershowitz ("Prof. Dershowitz") requests that the Court certify its Order allowing Plaintiff's requested Protective Order (ECF No. 355) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) where the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

      The Protective Order entered by the Court bars Prof. Dershowitz from taking *any* discovery related to Plaintiff's knowing and false claims to have been sexually trafficked to numerous other prominent and famous men. The Order further, seemingly, bars Prof. Dershowitz from even asking Plaintiff herself about her own false statements at her deposition. The Court's Order is based upon its apparent view of this evidence having only "marginal relevance" at trial. Yet, the parties are not at trial and, indeed, the Court entered its Order without permitting Prof. Dershowitz any opportunity to develop a record in discovery before the Court made its assessment of admissibility.

      The Protective Order entered by the Court denies Prof. Dershowitz the ability to defend himself in this case both as a matter of due process and his First Amendment right to pursue his constitutional truth defense. It is both extraordinary and it is error. There can be no reasonable doubt that Prof. Dershowitz seeks to pursue this evidence and his defenses in good faith. The Court is presumably aware of the decision of the United States Attorney's Office for the Southern District of New York not to include Plaintiff or her allegations in their prosecution of Ghislaine Maxwell, apparently because of Plaintiff's documented fabrications including about high-profile men.[1] Here, of course, Plaintiff is a private litigant who has chosen to put *her reputation for veracity* directly at issue by suing Prof. Dershowitz for calling her a liar. *See* Second Amended Complaint, ECF No. 362, at ¶ 16. Yet, the Court has foreclosed Prof. Dershowitz from taking

---

[1] https://apnews.com/article/ghislaine-maxwell-entertainment-lifestyle-virginia-prince-andrew-60348f70fd605c26c26615ffc5ed5f14



discovery even on the damage to her very same reputation for veracity caused by her other lies about other men. This is extraordinary in a defamation case.

Evidence of Plaintiff's false accusations would be admissible even in a criminal case. *See, e.g., Averilla v. Lopez*, 862 F. Supp. 2d 987, 994–95 (N.D. Cal. 2012) (reversible error for trial court to exclude evidence of prior false accusations, "depriv[ing] the jury of information critical to evaluating the [complainant's] credibility."); *State v. Guenther*, 854 A.2d 308, 323 (N.J. 2004) (in criminal cases, "a defendant has the right to show that a victim-witness has made a prior false criminal accusation for the purpose of challenging that witness's credibility."); *State v. Ross*, 592 A.2d 291, 294 (N.J. Super. A.D. 1991) (defendant in sexual abuse case should be "accorded a full opportunity to explore the issue of the truth or falsity of the victim's allegations of prior abuse."); *State v. Barber*, 766 P.2d 1288, 1290 (Kan. App. 1989) ("[I]n a sex crime case, the victim/complaining witness may be cross-examined about prior false accusations, and if she denies making those accusations, defendant may put on evidence of those accusations."). Evidence of Plaintiff's prior false accusations is surely at least discoverable in a civil case initiated by her.

The Court's decision implicates at least two critical controlling questions of law: 1) whether a defamation plaintiff who has placed her own truthfulness and reputation for truthfulness directly at issue (both from a liability and damages perspective) by suing for defamation over the claim that she is a "liar" and a "perjurer" can avoid discovery of multiple other instances where she has repeated the same lie about other men and her other lies have damaged her reputation; and 2) whether such a plaintiff can withdraw specific allegations about her being a perjurer and serial liar and avoid discovery on the withdrawn alleged defamations where she has previously pled that they devastated her reputation.

Prof. Dershowitz has previously briefed his positions on the merits of these issues in opposing Plaintiff's motion seeking leave to file her Second Amended Complaint and her accompanying motion for a protective order, *see* ECF No. 308, and incorporates his arguments by reference here. (For additional discussion of the relevance of Plaintiff's accusations against other men, *see also* ECF No. 265). In this letter, he addresses only the reasons why certification of an interlocutory appeal pursuant to section 1292(b) is warranted.

**I.      The Court's Order Allowing Plaintiff's Second Amended Complaint and Motion for a Protective Order Involves Controlling Questions of Law as to Which There Are Substantial Grounds for Difference of Opinion.**

The Second Circuit has recognized that "resolution of an issue need not necessarily terminate an action in order to be 'controlling'" for purposes of Section 1292(b). *Klinghoffer v. S.N.C. Achille Lauro*, et al., 921 F.2d 21, 24 (2d Cir. 1990). Rather, it is enough to satisfy the statute's first prong that the issue is one "that may importantly affect the conduct of [the] action." *In re The Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir. 1978). This can include particularly consequential discovery orders. *See In re The City of New York*, 607 F.3d 923, 933 (2d Cir. 2010) (citing *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009)).



A Section 1292(b) appeal requires "a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" *In re Worldcom*, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676–77 (7th Cir. 2000)). The requirement of "substantial ground for difference of opinion" is satisfied where there is "substantial doubt" that the district court's order was correct. *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005); *see also In re Flor*, 79 F.3d 281, 284 (2d. Cir. 1996).

Here, the Court's Order precluding Prof. Dershowitz from taking discovery into Plaintiff's false accusations about other men presents a pure question of law: whether a defamation plaintiff who has placed her own truthfulness and, as importantly, her reputation for truthfulness directly at issue by suing for defamation over the claim that she is a liar can avoid discovery of multiple other instances where she has repeated the same lie about other men. The issue is clearly one which "may importantly affect the conduct of the action." *In re The Duplan Corp.,* 591 F.2d at 148 n. 11. Plaintiff has sued Prof. Dershowitz for defamation for calling her a liar and a perjurer. Despite the Court's Order, she also continues to allege that Prof. Dershowitz was part of an international sex trafficking ring involving many men. *See, e.g.,* ECF No. 362 at ¶¶ 3, 5, 7, 31, 43, 44, 54, 74. Plaintiff's reputation for truthfulness remains centrally relevant in the case; preventing Prof. Dershowitz from gathering evidence of her false claims deprives him of a central defense. There is also "substantial doubt" that the Court's Order is correct. *Aristocrat Leisure,* F. Supp. 2d at 129. *See* ECF No. 308 (citing numerous cases which establish that a defamation plaintiff opens herself up to broad discovery into her reputation and other instances of conduct which relate to the subject matter of the alleged defamation).[2]

**II.     Immediate Appeal from the Grant of the Protective Order May Materially Advance the Ultimate Termination of The Litigation.**

As the Offer of Proof attached as Appendix A to this letter indicates, the other men to whom Giuffre has alleged she was sexually trafficked have all categorically denied her accusations. Being able to take the depositions of these men where they are willing to deny allegations of heinous actions under oath and thereby establish Plaintiff's complete lack of credibility may very well cause the case to end. This evidence is so central and critical to the defense that the failure to resolve the issue of whether it is at least discoverable now will guarantee appeals and prolong the litigation.

---

[2] The question whether Plaintiff may withdraw specific allegations about her being a perjurer and serial liar and avoid discovery on the withdrawn allegations where she has previously pled that they devastated her reputation likewise satisfies these requirements.



Hon. Loretta A. Preska
December 1, 2021
Page 4 of 4

                          Respectfully submitted,

                          */s/ Howard M. Cooper*
                          Howard M. Cooper

cc:    All counsel of record, via ECF

Todd & Weld LLP • Attorneys at Law • One Federal Street, Boston, MA 02110 • T: 617.720.2626 • F: 617.227.5777 • www.toddweld.com