

Howard M. Cooper
hcooper@toddweld.com

December 1, 2021

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

   **Re:** ***Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP**
      **Letter-Motion Seeking Leave to File Motion to Strike Certain Allegations in Second Amended Complaint and Clarifying the Scope of Protective Order**

Your Honor:

  On Plaintiff's motion, Your Honor entered a Protective Order (ECF No. 355) preventing Alan Dershowitz ("Professor Dershowitz") from taking discovery of Plaintiff's numerous false allegations about being sexually trafficked to other men. Via a separate letter filed today, Professor Dershowitz seeks leave to appeal that decision on an interlocutory basis. In this letter, Professor Dershowitz seeks clarification so as to ensure that the Court's Protective Order applies symmetrically in this case and, further, he seeks leave to file a motion to strike those paragraphs of Plaintiff's Second Amended Complaint (ECF No. 362) ("SAC") which violate the Protective Order, along with other allegations which are rendered "immaterial and impertinent" by the Court's various rulings and directives regarding the extremely limited scope of permissible discovery, and admissibility, in this case.

  Plaintiff's SAC continues to make broad and sweeping allegations concerning Jeffrey Epstein's alleged global sex trafficking enterprise, allegedly involving numerous other females and men. *See, e.g.*, SAC at ¶¶ 3-4, 29-32, 48. The Court, at the same time, has ruled that Professor Dershowitz cannot take discovery into whether any of this is true or the referenced sex trafficking to other men took place. Given the Court's ruling, it is inconceivable that the Court would nevertheless allow Plaintiff to take discovery about or offer evidence at trial that her alleged encounters with Professor Dershowitz were part of some broader enterprise. As the Court has commented numerous times, its view is that all that is at issue in this case is which party is telling the truth as to whether they had sex and that all else has only "marginal relevance" insufficient even to permit discovery. In this regard, please note that Plaintiff was forced to dismiss with prejudice her battery claim which she brought against Professor Dershowitz in which she alleged that Professor Dershowitz somehow knew she was trafficked to him because of the existence of a broader sex trafficking ring. As a result, that count no longer provides any basis for discovery.



Accordingly, Professor Dershowitz requests that the Court make clear that the Protective Order it entered applies both ways, that Plaintiff is precluded from taking discovery about Jeffrey Epstein or any alleged sex trafficking ring and is limited to discovery about her alleged encounters with Professor Dershowitz, and that the Court permit Professor Dershowitz to file a motion to strike the following allegations of the SAC:

- Allegations concerning Epstein's alleged sex trafficking ring (*see, e.g.*, SAC at ¶¶ 3, 7, 31, 43, 44);

- Allegations concerning Plaintiff's alleged role in Epstein's sex trafficking ring that do not concern Professor Dershowitz, including any allegations concerning any other individuals to whom Plaintiff alleges she was trafficked (except Leslie Wexner) (*see, e.g.*, SAC at ¶¶ 2, 4, 30, 48 (partial));

- Allegations stating or implying that Professor Dershowitz was a co-conspirator of Epstein's sex trafficking ring (*see, e.g.*, SAC at ¶¶ 5 (partial), 54 (partial), 74 (partial));

- Allegations concerning Professor Dershowitz's relationship or interactions with Epstein (*see, e.g.*, SAC at ¶¶ 33, 34, 56);

- Allegations concerning Plaintiff's alleged harm to her reputation as a victim of serial sex trafficking (*see, e.g.*, SAC at ¶¶ 86 (partial), 87 (partial), 93);

- Allegations that were relevant only for Plaintiff's battery claim, which has since been dismissed (*see, e.g.*, SAC at ¶¶ 37 (partial), 39 (partial));

- Allegations concerning the separate action, *Bradley J. Edwards & Paul G. Cassell v. Alan M. Dershowitz*, Case No. CACE 15-000072 (Cir. Ct., Broward County, Fla.) (*see, e.g.*, SAC at ¶¶ 10, 11);

- Allegations concerning Professor Dershowitz's alleged interactions with any alleged victims of Epstein's sex trafficking ring, apart from Plaintiff (*see, e.g.*, SAC at ¶¶ 6, 16(f) (partial), 16(k) (partial), 16(bb), 61 (partial), 62); and,

- Allegations concerning other alleged lies by Professor Dershowitz that do not relate to whether he had sex with Plaintiff (*see, e.g.*, SAC at ¶¶ 63-65, 72(b), (d)-(f)).

A list of the specific allegations that Professor Dershowitz seeks to strike are fully set forth in the attached **Appendix A** and, for the Court's convenience, are highlighted on the SAC in **Appendix B**.

Finally, Professor Dershowitz seeks additional clarification that he may inquire of Plaintiff at her deposition about all of her past sworn (and unsworn) accusations made in this case and the damages they have caused her, whether pending or withdrawn.



December 1, 2021
Page 3 of 3

                         Respectfully submitted,

                         */s/ Howard M. Cooper*
                         Howard M. Cooper

HMC/emj
cc:     All Counsel of Record, via ECF