# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Nicole J. Moss<br>nmoss@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | (202) 220-9636<br>Fax (202) 220-9601 |

December 3, 2021

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

```
Defendant shall file a response,
if any, no later than Monday
December 13, 2021. Plaintiff
shall file a reply, if any, by
Wednesday December 15, 2021.

Plaintiff's motion to seal (dkt.
nos. 371, 372) is granted.

SO ORDERED.
```

*[signature]* Loretta A. Preska  12/6/2021

Re: *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
Motion for Pre-Motion Discovery Conference

Dear Judge Preska:

I write on behalf of Plaintiff Virginia Giuffre to request a pre-motion discovery conference concerning several discovery disputes between Plaintiff and Defendant, including Defendant's refusal to produce discovery to which Plaintiff is entitled under the rules, and Defendant's attempt to take Ms. Giuffre's deposition before he fulfills his discovery obligations. The parties have conferred on these discovery disputes and have been unable to reach a resolution. We outline the disputes below.

### I. Defendant Wrongfully Asserts Privilege Over Non-Privileged Documents.

Defendant has withheld an extraordinary number of documents on privilege grounds. Defendant has produced approximately 10,000 communications. In contrast, he has withheld approximately 20,000 documents, consisting of approximately 16,000 communications with over sixty law firms and individual lawyers with whom he claims an attorney-client relationship, and scores of third parties. Many of these privilege assertions are facially invalid.

<u>Common Interest with Epstein</u>. Defendant has improperly asserted a joint-defense/common-interest privilege over approximately two thousand communications between himself and Jeffrey Epstein or Epstein's attorneys. These assertions of privilege are premised on the purported existence of a common interest that Defendant and Epstein shared in connection with the CVRA Action, *Edwards v. Dershowitz*, *Giuffre v. Maxwell*, this action, and "related matters."

The common-interest rule serves to protect the confidentiality of communications passing from one party to counsel for another party where a joint defense effort has been decided on and undertaken. *Schaeffler v. United States*, 806 F.3d 34, 40 (2nd Cir. 2015). For the common interest rule to apply: "(1) the party who asserts the rule must share a common legal interest with the party with whom the information was shared and (2) the statements for which protection is sought [must have been] designed to further that interest." *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 434