## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>        Plaintiff,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>        Defendant. | Civil Action No. 19-cv-03377-LAP |
| ALAN DERSHOWITZ,<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>VIRGINIA L. GIUFFRE,<br><br>        Counterclaim Defendant. | |

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant Alan Dershowitz ("Defendant" or "Dershowitz") hereby answers the Second Amended Complaint of Plaintiff Virginia Roberts Giuffre ("Plaintiff" or "Giuffre") (ECF No. 362) and asserts Affirmative Defenses as follows:

## ANSWER

## NATURE OF THE ACTION

1.    This paragraph contains a characterization of Giuffre's Second Amended Complaint as to which no response is required.  To the extent a response is required, Dershowitz denies that he has made any defamatory statements of and concerning Giuffre, denies that he sexually abused Giuffre, and denies that he unlawfully intercepted Giuffre's communications.

2.      Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph, except that it is denied that Giuffre was 16 when she was first introduced to Jeffrey Epstein, as records demonstrate she was 17.

3.      Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

4.      Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

5.      Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, admitted that Dershowitz was for a period of time an attorney for Epstein. The remaining allegations of this paragraph are denied.

6.      Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, admitted that pursuant to his duties as Epstein's criminal defense attorney, Dershowitz defended Epstein as his client, not friend, including, where appropriate, by challenging the credibility of some Epstein accusers. Denied that Dershowitz "falsely" attacked anyone.  The remaining allegations of this paragraph are denied.

7.      Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, admitted that Dershowitz

defended Epstein as his retained criminal defense attorney.  Denied that Dershowitz actively participated in the drafting of the non-prosecution agreement ("NPA") or that he pressured the government to do anything it did not agree to do of its own accord.  Dershowitz lacks knowledge or information sufficient to admit or deny what the government did or did not tell Epstein's victims. Denied that Dershowitz was a "co-conspirator" of Epstein or one of the "potential co-conspirators" referenced in the NPA.  Further answering, the reference to potential co-conspirators in the NPA was to four named individuals and other unnamed but identified individuals who the government alleged procured underage females for Epstein.  If the government believed Dershowitz was a co-conspirator, they never would have permitted him to represent Epstein in the investigation as that would have been a conflict of interest.

8.     This paragraph refers to a document which speaks for itself, and thus no response is required.

9.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, Dershowitz lacks knowledge or information sufficient to admit or deny the allegations of the first sentence.  The allegations of the second and third sentences refer to a document which speaks for itself, and thus no response is required.  Dershowitz denies the allegations against him contained in the Joinder Motion.  Further answering, the court in the CVRA Action struck as a "sanction" the allegations against Dershowitz in the Joinder Motion because they were "immaterial and impertinent."

10.    Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, admitted that Dershowitz publicly denied the false accusations against him contained in the CVRA Joinder Motion and

questioned the ethics of Giuffre's lawyers, and the motives of Giuffre and her lawyers in making those accusations.   Dershowitz lacks knowledge or information sufficient to admit or deny the allegations of the third sentence, except it is admitted that Edwards and Cassell sued Dershowitz for defamation.  The fourth sentence refers to court records which speak for themselves, and thus no response is required.  To the extent a response is required, Dershowitz denies the allegations referred to therein.

11.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, admitted that a settlement was reached and that the parties agreed the terms of the settlement would be kept confidential.

12.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, admitted that the *Miami Herald* published a series of articles beginning in November 2018, which articles speak for themselves.  Dershowitz denies any allegations of corruption and sexual abuse as they relate to Dershowitz and contained therein. Dershowitz lacks knowledge or information sufficient to admit or deny the allegations concerning any investigation conducted by the *Miami Herald*.  Admitted that Dershowitz responded to Giuffre's false accusations against him published by the *Miami Herald*.  Denied that Dershowitz's response was false or defamatory, or that the purpose of the response was anything other than to defend his reputation against Giuffre's malicious lies.

13.     Admitted.

14.     Denied.

15.     Denied that Dershowitz's statements are false.  The remainder of this allegation is nonsensical in light of this denial, and therefore no response is required.

16.     Defendant has moved to strike parts of this allegation as immaterial and impertinent and therefore no response is required for those parts. To the extent a response is required, admitted that Dershowitz made these statements, the content of which speak for themselves, but denied that they are knowingly false and malicious defamatory statements.

17.     Admitted that Dershowitz has accused Giuffre of lying about having sex with him as part of a criminal plot to extort money from Leslie Wexner.  It is denied that these assertions are false, defamatory or otherwise actionable.

18.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied in the form alleged.

19.     Admitted that Dershowitz has stated publicly that he welcomes a trial at which a jury will conclude that Giuffre is a liar, perjurer and extortionist in making her allegations against him.  The remaining allegations of this paragraph are denied, including that Dershowitz said he would waive the statute of limitations so that Giuffre "could sue him".  Further answering, Dershowitz has made clear that as a civil libertarian and law professor he also feels compelled to present and preserve all First Amendment defenses including the self-defense privilege and the statute of limitations.

20.     Denied.

21.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, admitted that Dershowitz has made recent statements about Giuffre in response to his being attacked including the statement quoted.

22.     Denied in the form alleged except admitted that Dershowitz now has the ability to seek justice and vindication for himself in regard to Giuffre's false allegations while seeking damages from Giuffre for her and her lawyers' tortious conduct.

## JURISDICTION AND VENUE

23.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied.

24.     This paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied.

25.     This paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied in the form alleged.  It is denied that Dershowitz abused Giuffre or anyone else in New York City or elsewhere.

26.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied.

## PARTIES

27.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

28.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied.

## FACTUAL ALLEGATIONS

29.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

30.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

31.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

32.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

33.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, denied that Dershowitz was a "close friend" of Epstein's.  The first four sentences of this paragraph refer to documents which speak for themselves, and thus no response is required.  The fifth sentence is denied.  The sixth sentence is denied.  The seventh sentence is denied in the form alleged.

34.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, the first sentence is denied in the form alleged, except that it is admitted that Dershowitz was for a period of time an attorney for Epstein.  The second sentence refers to a document which speaks for itself, and thus no response is required.

35.     Denied.

36.     Denied.

37.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, denied.

38.     Denied.

39.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, denied.

40.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. Furthermore, this paragraph does not pertain to Dershowitz and therefore no response is required.  If a response is required, it is admitted that Epstein pled guilty to procuring a minor for prostitution and was a registered sex offender prior to his death.

41.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, this paragraph refers to a document which speaks for itself, and thus no response is required.  To the extent a response is required, it is admitted that Dershowitz was a member of Epstein's criminal defense team at the time Epstein entered into the NPA.

42.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, this paragraph refers to a document which speaks for itself, and thus no response is required.

43.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph, which does not pertain to him.

44.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph, except that it is admitted that he was a member of Epstein's criminal defense team at the time.

45.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, this paragraph refers to a document which speaks for itself, and thus no response is required.

46.     This paragraph refers to a document which speaks for itself, and thus no response is required.

47.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

48.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, this paragraph refers to a document which speaks for itself, and thus no response is required. Dershowitz denies the allegations against him contained in the motion to intervene.

49.     Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

50.     Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

51.     Denied.

52.     Denied.

53.     Denied that Dershowitz's statements were false. Dershowitz lacks knowledge or information sufficient to admit or deny how listeners interpreted his statements.   The remaining allegations of this paragraph are admitted, except that it is denied that Dershowitz claimed that Plaintiff committed the crime of extortion rather than engaged in an extortionate plot.   Further answering, it is true that Giuffre is a liar, a perjurer and an extortionist.

54.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, denied.

55.     Denied.

56.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, this paragraph refers to documents which speak for themselves, and no response is required.  To the extent a response is required, Dershowitz admits he made the referenced statements.  It is denied that these statements were a lie or that Dershowitz attempted to "conceal" his relationship with Epstein.

57.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, denied that Dershowitz sought to conceal his relationship with Epstein or that he repeatedly asserted that he only visited Epstein's Palm Beach residence once. Dershowitz lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

58.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, admitted that Dershowitz has repeatedly asserted that he was never in Epstein's residence in the presence of underage

females.   Further answering, that is the truth.   Dershowitz lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

59.     Denied that Dershowitz sought to conceal his relationship with Epstein or lied about anything concerning Giuffre.   Admitted that Dershowitz has records which prove that he was not in the places at the times where and when Giuffre claims to have had sex with him.   Dershowitz's records are not selective, incomplete or revised, and they do not demonstrate that he was present at locations where Plaintiff was present with Epstein.   They are American Express records, travel records and other third-party documentation, which were inspected for authenticity by former FBI Director Louis Freeh and his investigators.   They were also reviewed by Giuffre's attorneys who concluded that it would have been impossible for Dershowitz to have been in the places where and when Giuffre allegedly had sex with him, and that Giuffre was "wrong… simply wrong" in accusing Dershowitz.   The remaining allegations of this paragraph are denied.

60.     Denied.

61.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, denied.   Further answering, no inference can be drawn against Dershowitz based on Ross's and Marcinkova's invocations of their Fifth Amendment privileges.

62.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, the allegations of this paragraph refer to documents which speak for themselves, and no response is required.   To the extent a response is required, the assertions contained in those documents are denied.

63.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, denied.   Dershowitz never

stated that he "always" flew with his wife.  He generally flew with his wife, but has publicly stated on several occasions that he flew alone, with fellow lawyers, or with his nephew or others.  The Victoria's Secret model who was on the plane with Dershowitz was in her mid-twenties and there is no evidence or suggestion that she was on the plane for any improper reason, nor did Dershowitz witness or engage in any inappropriate conduct with her or any other individuals. The allegation referring to Ghislaine Maxwell refers to documents which speak for themselves and no response is required.

64.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, denied.  Dershowitz has never stated or implied that he literally never received a massage from anyone.  He has had dozens of therapeutic massages throughout his life.  He has truthfully stated that he never had a sexual massage from Giuffre or anyone else in any of Epstein's homes.

65.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, denied.

66.     Denied.

67.     Denied.

68.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.

69.     Denied.

70.     Denied.

71.     Admitted that David Boies told Dershowitz that based on the documentation he provided, it was impossible for Giuffre's accusations against him to be true.  Otherwise, denied.

72. Defendant has moved to strike parts of this allegation as immaterial and impertinent and therefore no response is required for those parts. To the extent a response is required to the allegation as currently drafted, denied.

73. The allegations of this paragraph refer to documents which speak for themselves, and thus no response is required. To the extent a response is required, denied.

74. Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, admitted that after David Boies told Dershowitz that, based on the documentation he provided it was impossible for Giuffre's accusations against Dershowitz to be true, Boies later attempted to reverse his admission and stated that Giuffre would not be withdrawing her false accusations. Otherwise, denied.

75. Denied.

76. Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, denied.

77. The allegations of this paragraph refer to documents which speak for themselves, and no response is required. To the extent that a response is required, it is denied that Dershowitz "pleaded" with Boies.

78. Denied.

79. The first sentence is denied. The second sentence refers to documents which speak for themselves. The third sentence is denied.

80. Denied.

81.     Denied in the form alleged.  Admitted only that Dershowitz settled his litigation with Edwards and Cassell.

82.     Denied that Dershowitz claimed he prevailed in the Edwards and Cassell lawsuit as it was resolved by a settlement.  He has instead stated that he was vindicated by the investigation conducted by Louis Freeh and his associates, the Court's decision to strike Giuffre's allegations against him in the CVRA Action, and Edwards' and Cassell's admission that "it was a mistake to have filed sexual misconduct accusations against Dershowitz."  The remaining allegations of this paragraph refer to a document which speaks for itself, and no response is required.   To the extent a response is required, denied.

83.     Denied.  Further answering, Dershowitz insists that the terms of the settlement with Edward and Cassell remain confidential because that is the agreement reached by all parties. Complying with an agreement is not an admission of guilt.

84.     Admitted that Dershowitz has stated his innocence will be proven at any trial. Otherwise, denied.

## COUNT I DEFAMATION

85.     Dershowitz restates and incorporates by reference all prior responses.   The remaining allegations of this paragraph are denied.

86.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, denied.

87.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     This paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied.

92.     This paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied.

93.     Defendant has moved to strike this allegation as immaterial and impertinent and therefore no response is required. To the extent a response is required, this paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied.

94.     Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, this paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied.

95.     This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied.

96.     This paragraph asserts legal conclusions to which no response is required.  To the extent a response is required, denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Defendant has moved to strike part of this allegation as immaterial and impertinent and therefore no response is required for that part. To the extent a response is required to the allegation as currently drafted, denied.

## COUNT II WIRETAP ACT

102.    Dershowitz restates and incorporates by reference all prior responses.   The remaining allegations of this paragraph are denied.

103.    As to the first sentence, admitted only that Dershowitz consensually recorded Boies in New York. The second sentence calls for a legal conclusion as to which no response is required. The third sentence is denied.  Dershowitz lacks knowledge or information sufficient to admit or deny the allegations of the fourth sentence.  Further answering, neither Giuffre's nor Boies' consent to record the conversation was required under New York law or federal law.

104.    This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Dershowitz lacks knowledge or information sufficient to admit or deny this paragraph.  Further answering, neither Giuffre's nor Boies' consent was required under New York law or federal law.

112.    Denied.

16

113.    Denied.

114.    Denied.

115.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Giuffre's Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Giuffre's claims are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred by the single publication rule.

### FOURTH AFFIRMATIVE DEFENSE

Giuffre's claims are barred by the doctrines of laches, waiver, ratification and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred because Dershowitz's allegedly defamatory statements concerning Giuffre are true or substantially true.

### SIXTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred because Dershowitz's allegedly defamatory statements are all protected by the First Amendment and Article I, Section 8 of the New York State Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

17

Giuffre's claims for defamation are barred because Dershowitz's allegedly defamatory statements are all protected by the self-defense privilege.

## EIGHTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred because she is a public figure and Dershowitz did not act with actual malice.

## NINTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred because the alleged defamatory statements at issue in the Second Amended Complaint did not cause or contribute to any damages suffered by Giuffre.

## TENTH AFFIRMATIVE DEFENSE

Giuffre's claims for defamation are barred by the incremental harm doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Giuffre suffered no damages by reason of the acts complained of in the Second Amended Complaint, or by any acts or omissions of Dershowitz and/or for which Dershowitz is legally responsible.

## TWELFTH AFFIRMATIVE DEFENSE

Giuffre's alleged damages, if any, are speculative, hypothetical, unsupported by any reasonable methodology, and are not cognizable as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Giuffre's alleged losses, if any, were caused by her own actions and/or inactions and/or the actions of third parties, and therefore, she is precluded from recovery from Dershowitz.

## FOURTEENTH AFFIRMATIVE DEFENSE

Giuffre failed to mitigate her damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

Dershowitz is not liable to Giuffre in any amount because, at all times relevant herein, Dershowitz has not acted improperly or in bad faith with respect to Giuffre.

## SIXTEENTH AFFIRMATIVE DEFENSE

Dershowitz is not liable to Giuffre in any amount because, at all times relevant herein, Giuffre has failed to act properly and in good faith with respect to Dershowitz.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Giuffre and/or her agents and/or her attorneys acting on her behalf are with unclean hands and have engaged in conduct consistent with intimidation, extortion, malicious prosecution and/or abuse of process.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Giuffre and/or her agents and/or her attorneys acting on her behalf, are with unclean hands, in filing the within lawsuit and other actions and are acting in a manner with intent, or reckless disregard, to harass, intimidate Dershowitz, and/or seek publicity and media attention, and financial gain, at the expense and detriment of Dershowitz.

## NINETEENTH AFFIRMATIVE DEFENSE

Giuffre's action is barred by the doctrines of res judicata and/or judicial estoppel and/or collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

Giuffre's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

By virtue of the tortious conduct and defamatory statements of Giuffre and/or her agents, and/or attorneys, and/or acquaintances, made upon her behalf, against Dershowitz, Giuffre is barred in whole or in part from recovering for the claims made in her Second Amended Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Giuffre's Second Amended Complaint is barred in whole or in part, as Giuffre, and/or her attorneys, and/or her agents acting upon her behalf, are with unclean hands as they have engaged in defamation, libel, and/or slander *per se* against Dershowitz.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Giuffre's Second Amended Complaint is barred in whole or in part as Plaintiff, and/or her attorneys, and/or her agents, acting upon her behalf, are with unclean hands in commencing a lawsuit in bad faith, engaging in tortious public banter, defamatory conduct and disparagement, in engaging in repeated harassing behavior and conduct directed Dershowitz, therein causing damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Giuffre's Second Amended Complaint is barred, in whole or in part, in that Giuffre, and/or her attorneys and/or, her agents acting on her behalf are with unclean hands, in that they have engaged in abuse of process, the filing of a lawsuit in bad faith, engaging the media and public sphere with defamatory and self-serving statements, solely in order to gain public notoriety, product and self-promotion, and recognition, and in order to seek financial gain at the expense and detriment of Dershowitz.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The acts alleged to have been committed in Giuffre's Second Amended Complaint, if found to have been committed, were committed by third-parties over which Dershowitz had no control nor right of control.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Giuffre's Second Amended Complaint is barred in whole or in part as Giuffre, and/or her attorneys, and/or her agents, acting upon her behalf, are with unclean hands in commencing a lawsuit in bad faith, engaging in tortious public banter, defamatory conduct and disparagement, in engaging in repeated harassing behavior and conduct directed at this answering Defendant, therein causing intentional, reckless and/or negligent infliction of emotional distress, and/or negligently and/or with reckless disregard causing Dershowitz pain and suffering.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Giuffre's Second Amended Complaint is barred in whole or in part, as Giuffre, and/or her attorneys, and/or agents, acting upon her behalf, are with unclean hands, and have engaged in tortious conduct by engaging in a campaign of disparagement and false accusations against Dershowitz and thereby damaging Dershowitz's business, professional and personal reputation and relationships and Giuffre and/or her attorneys and/or agents' actions made on her behalf constitute *prima facie* tort against Dershowitz.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Giuffre's Second Amended Complaint contains redundant, immaterial, immaterial and impertinent, and/or scandalous matter and allegations that should be stricken by this Court pursuant to Fed. R. Civ. P. 12(f).  Giuffre's purpose in including this material in the Second Amended Complaint is unrelated to the lawsuit itself, but it is instead part of a design to disseminate knowingly false and defamatory material about Dershowitz to the media.  This is precisely what they did in the CVRA Action, which they were sanctioned for and warned never to do again.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Giuffre fails to state a claim for violation of the federal Wiretap Act because she lacks standing to challenge the interception of a conversation to which she was not a party.

## THIRTIETH AFFIRMATIVE DEFENSE

Giuffre fails to state a claim for violation of the federal Wiretap Act because Dershowitz did not act with a criminal or tortious purpose when making the at-issue recording.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Giuffre's claims are barred by prior release(s).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Giuffre's claims should be dismissed on the basis that subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 is improper.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Dershowitz reserves the right to raise any and all other affirmative defenses he deems proper based on the discovery process or any future development of the case.

**WHEREFORE**, Defendant **ALAN DERSHOWITZ** demands judgment dismissing all counts of Plaintiff's Second Amended Complaint against him, together with the costs and disbursements of this action, and for any expenses incurred by him in the defense thereof, including attorneys' fees and costs, and such other and further relief as to this Court may seem just and proper.

## <u>JURY DEMAND</u>

Dershowitz demands a jury trial on all issues so triable in this action.


Respectfully submitted,

ALAN DERSHOWITZ,

By his attorneys,


*/s/ Howard M. Cooper*
Howard M. Cooper (MA BBO# 543842)
(*pro hac vice*)
Christian G. Kiely (MA BBO# 684308)
(*pro hac vice*)
Kristine C. Oren (MA BBO# 705730)
(*pro hac vice*)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com
koren@toddweld.com

*/s/ Imran H. Ansari*
Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)
Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
iansari@aidalalaw.com
aidalaesq@aidalalaw.com

Dated:  December 7, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on December 7, 2021.


*/s/ Kristine C. Oren*
Kristine C. Oren