# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

Charles J. Cooper
ccooper@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

December 15, 2021

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re:   ***Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP**
>        Opposition to Letter-Motion (ECF No. 367)

Dear Judge Preska:

I write on behalf of Plaintiff Virginia Giuffre in response to Defendant's letter requesting (1) a clarification of the protective order the Court granted Plaintiff, and (2) leave to move to strike certain allegations in Plaintiff's complaint on the basis of the requested clarification. ECF No. 367 (Dec. 1, 2021) ("Ltr-Mot.").

Defendant asks the Court to clarify that the protective order precludes Plaintiff "from taking discovery about Jeffrey Epstein or any alleged sex trafficking ring" or any other topic beyond "her alleged encounters with Professor Dershowitz." Ltr-Mot. at 2. Defendant's requests to strike reveal that he understands the protective order to preclude discovery even of details of his relationship with Epstein. Although Plaintiff would welcome a clarification that Defendant's understanding of the protective order is incorrect, no such clarification is necessary because the protective order is clear: it prohibits "Mr. Dershowitz from pursuing discovery into Ms. Giuffre's accusations of sexual misconduct by individuals associated with Jeffrey Epstein, with the exception of Mr. Dershowitz and . . . Mr. Wexner." Order, at 4, ECF No. 355 (Nov. 10, 2021). The order does not speak to what discovery Plaintiff may take (much less what facts she may plead), and even if it did, it does not prohibit discovery of information about Jeffrey Epstein or Defendant. The protective order is silent on the matters about which Defendant complains.

Defendant's request for a clarification is really a request to revise the protective order, and it is one that he does not support by reference to the governing legal standards. *See* FED. R. CIV. P. 26(b)(2)(C), (c)(1). Instead, he merely argues that symmetry compels the extension. But there is no equivalence between the subject matter of the protective order and the subject matter of Defendant's request. While the Court has repeatedly recognized that the truth of Plaintiff's accusations against other individuals are "fairly far afield of the main issue in this litigation," the matters on which Defendant seeks to prohibit discovery go to the heart of the party's dispute, as explained below.

Defendant also asks the Court to clarify "that he may inquire of Plaintiff at her deposition about all of her past sworn (and unsworn) accusations made in this case and the damages they have

December 15, 2021
Page 2

caused her, whether pending or withdrawn." Ltr-Mot. at 2. Plaintiff understands this to mean that Defendant renews his request to ask Plaintiff about her accusations against other individuals and how his statements that she was lying when she made those accusations injured her. *See* ECF No. 308, at Part IV (Defendant's original request). Again, the Protective Order is unambiguous on this question, and Defendant has not supported his request to revise it.

Turning to Defendant's request for leave to move to strike, Plaintiff opposes it because the motion would be a meritless "time waster," 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1382. Defendant argues that certain allegations are immaterial and impertinent to the parties' controversy, as circumscribed by the protective order (as he conceives of it). Motions to strike on grounds of irrelevance and impertinence are disfavored "and should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some significant prejudice to one or more of the parties to the action." *Id.*; *accord Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001). Defendant identifies no prejudice arising from Plaintiff's allegations, and those allegations are pertinent to the parties' controversy as reflected in the Court's analysis supporting the protective order.

Critically, the Court never held that the subject matter of the protective order bore "no possible relation or logical connection to the subject matter of the controversy." Rather, it held that the limited relevance of the material did not support the immense burden of conducting minitrials about each of the individuals to whom Plaintiff was trafficked. In any event, most of the material Defendant seeks to strike bears a closer connection to the parties' dispute.

**Trafficking.** Defendant challenges two types of allegations that Plaintiff is a victim of trafficking. Those in the first set do not mention other Epstein victims or traffickers other than Epstein or Defendant. SAC ¶¶ 2, 30, 37, 54, 74, 86, 87, 93, 94, 101. These allegations are directly relevant to Plaintiff's central claim that Defendant defamed her by accusing her of perjury for testifying that Epstein trafficked her to Defendant. Allegations in the second set include allegations that Maxwell engaged in trafficking, that Epstein trafficked other women, or that Epstein trafficked Plaintiff to individuals other than Defendant. *Id.* ¶¶ 3, 4, 5, 9, 29, 31, 32, 39, 40, 43, 47, 48, 76. Although broader in scope than the first set, these allegations provide context for the trafficking allegation that is at the core of this suit. And even though the protective order bars discovery into Plaintiff's specific accusations against others, the complaint's background allegations concerning Plaintiff's broader trafficking are clearly connected to the subject matter of the controversy.

**Defendant's Relationship with Epstein.** The complaint's allegations about Defendant's aggressive tactics defending Epstein, *id.* ¶¶ 6, 7, 12, 41, 42, 44, 45, are also pertinent. Among other things, these tactics help to explain Plaintiff's reluctance to accuse Defendant publicly. Defendant has routinely highlighted Plaintiff's alleged failure to mention him to friends and others as evidence that her accusations against him are false. *See, e.g.*, Am. Counterclaims ¶ 2, ECF No. 127 (June 3, 2021). The complaint also describes Defendant's social relationship with Jeffrey Epstein. SAC ¶¶ 33, 34, 56, 57, 58, 64, 72. These allegations support Plaintiff's claims because the men's close relationship makes it more plausible that Epstein trafficked Plaintiff to Defendant, and Defendant's regular visits to Epstein's properties provided opportunities for the trafficking to occur. In addition, the complaint alleges that Defendant was both generally aware of Epstein's conduct towards young women, and specifically aware that Epstein was trafficking Plaintiff. SAC ¶¶ 37, 39, 61–63, 65, 72. These allegations support the truth of Plaintiff's testimony that her sexual

December 15, 2021
Page 3

contact with Defendant was non-consensual—testimony for which Defendant has falsely accused Plaintiff of perjury in the defamatory statements at the heart of this case. Defendant argues that his knowledge that Plaintiff could not meaningfully consent is irrelevant now that Plaintiff "was forced to dismiss" her battery claim. Plaintiff withdrew her battery claim voluntarily to avoid unnecessary litigation concerning the scope of a release—unnecessary because Plaintiff's defamation claims put the same core facts concerning her nonconsensual contact with Defendant in issue. Stipulation of Partial Dismissal, ECF No. 331 (Aug. 16, 2021); *see also* ECF No. 304, at 3 (arguing that consent is relevant to defamation claims).

**Defendant's Defamatory Statements About Others.** The complaint alleges that Defendant previously falsely accused Plaintiff's former lawyers of wrongdoing in connection with their representation of her and later settled with the lawyers. *Id.* ¶¶ 10, 11. These allegations are, among other things, pertinent to Defendant's state of mind when he resurrected his conspiracy theory in the statements that form the basis of Plaintiff's defamation claims in this action. Finally, Defendant made several defamatory statements about Plaintiff in which he also asserted that another woman falsely has accused him of sexual abuse. SAC ¶¶ 16(f), (k), (l), (bb), 21. The statements in question form the basis of Plaintiff's defamation claims and thus are hardly immaterial or impertinent. Plaintiff has disavowed and disavows again any intention of calling the other woman as a witness. *See* ECF No. 313, at 3.

Defendant also asserts that the SAC somehow directly violates the protective order. This argument is frivolous. The protective order prohibits discovery, not pleading. Moreover, the Court granted Plaintiff leave to file the SAC (which was before the Court in proposed form) in the same order in which it granted the protective order. ECF No. 355. The amendment is also consonant with the representations Plaintiff made when seeking the protective order. As relevant here, Plaintiff's amendment had two avowed purposes. ECF No. 304, at 1. The first was to excise every allegation that could possibly be understood to suggest that Plaintiff was suing Defendant for accusing her of lying about other men. There can be no doubt that the amendment accomplished that purpose, as none of the complaint's few references to other men appear in the defamatory statements for which Plaintiff is suing Defendant. SAC ¶¶ 4, 5, 9, 48, 76. The amendment's second purpose was to excise every allegation that could be understood, however implausibly, to suggest that Defendant conspired with Epstein in the trafficking of other women. Here, too, it was a success. Not only does the amendment state outright that Plaintiff is accusing Defendant of conspiring with Epstein only insofar as he "was one of the men to whom Epstein lent out Plaintiff for sex," SAC ¶ 5, but none of the allegations Defendant has highlighted suggests otherwise.

In any event, Defendant had a chance to point these deficiencies out when Plaintiff submitted her proposed pleading to the Court in May. ECF No. 308. He had the opportunity to do so again in August, when he stipulated that if the Court granted Plaintiff's motion to amend, she would delete the battery claim but could otherwise file the SAC in the form proposed to the Court in May. ECF No. 331. He took neither opportunity. He should not be heard to complain now.

Finally, if the Court sees enough merit in Defendant's arguments to permit him to move forward with a motion, the motion is premature because Defendant is seeking leave to appeal the protective order. *See* ECF No. 266.

For all of these reasons, Plaintiff respectfully asks the Court to confirm the plain meaning of the protective order and to deny Defendant leave to move to strike.

December 15, 2021
Page 4

Respectfully,

/s/ Charles J. Cooper
Charles J. Cooper

cc: Counsel of Record