# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Charles J. Cooper<br>ccooper@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | (202) 220-9600<br>Fax (202) 220-9601 |

December 15, 2021

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
      Position on Certification (ECF No. 366)

Dear Judge Preska:

      I write on behalf of Plaintiff Virginia Giuffre in response to Defendant's Dec. 1, 2021, letter asking the Court to certify an appeal of its order granting plaintiff a protective order. ECF No. 366.

      Plaintiff opposes Defendant's request. To support certification under Section 1292(b), Defendant must identify "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order [to be certified] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendant fails on all three counts.

      To begin, Defendant has not identified a controlling question of law. To satisfy this standard, Defendant must first identify a "pure" question of law "that the reviewing court could decide quickly and cleanly without having to study the record." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369 (S.D.N.Y. 2008) (quotations marks omitted). To state Defendant's proposed questions is to establish that they do not satisfy this requirement: "(1) whether a defamation plaintiff who has placed her own truthfulness and reputation for truthfulness directly at issue (both from a liability and damages perspective) by suing for defamation over the claim that she is a 'liar' and a 'perjurer' can avoid discovery of multiple other instances where she has repeated the same lie about other men and her other lies have damaged her reputation; and (2) whether such a plaintiff can withdraw specific allegations about her being a perjurer and serial liar and avoid discovery on the withdrawn alleged defamations where she has previously pled that they devastated her reputation." ECF No. 366 at 2. These convoluted questions contain multiple implicit assertions of fact about the claims in this case that are contested. To resolve Defendant's proposed questions, the Second Circuit will either have to resolve the disputed issues of fact or assume the truth of Defendant's assertions. Neither course is proper.

      Defendant's proposed questions are also not controlling because the answers will control neither the conduct nor the outcome of the litigation. Any ruling by the Second Circuit on the scope of discovery will nonetheless have to leave enough room for this Court to control discovery

December 15, 2021
Page 2

proceedings on remand. Moreover, a premise of this Court's protective order is that the discovery affected by the protective order is at best tangential to the central factual disputes in this action. Although the Court's decision has shaped the volume of discovery and its burden on the parties, it will have little impact on the outcome of this litigation.

Next, there is no substantial ground for difference of opinion about the soundness of the Court's order. Like Defendant, Plaintiff will largely rest her case that the Court acted within its discretion on her arguments in support of the order. *See* ECF Nos. 304, 313. It is entirely consistent with Rule 26 for the Court to cut off a fishing expedition to find inadmissible evidence that is of marginal relevance, when the discovery will impose a significant (here, gigantic) burden on the parties, third parties, and the judicial system. And such orders are reviewed extremely deferentially on appeal. *See Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 202 (2d Cir. 2013)

Of course, Defendant purports not to seek certification on the ground that the Court exercised its discretion improvidently because he knows that a bid for certification on that ground would lose for want of a controlling question of law. *See In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54 (S.D.N.Y. 1998). Rather, he argues that the First Amendment and Due Process both deprive the Court of the considerable discretion the Court enjoys under Rules 15, 16, and 26 to control proceedings and discovery, and compel the Court to permit the discovery he seeks, presumably irrespective of the burden.[1] Neither his request for certification nor his underlying briefing offer *any* support for this proposition, which is meritless. *Cf. United States v. Dawkins*, 999 F.3d 767, 788 (2d Cir. 2021) ("Restrictions on presenting evidence do not offend the Constitution if they serve legitimate interests in the criminal trial process and are not arbitrary or disproportionate to the purposes they are designed to serve. Thus, when a district court restricts evidence based on a legitimate application of the Federal Rules of Evidence, abuse of discretion remains the proper standard for our review, and we will afford the district court the customary wide latitude to exclude irrelevant, repetitive, or cumulative evidence." (quotation marks omitted)).

Finally, Defendant has not established that resolution of the question will materially advance resolution of this matter. This requirement is "strictly construed," and an appeal will satisfy it only if it "promises to advance the time for trial or to shorten the time required for trial." *In re Oxford Health Plans*, 182 F.R.D. 51 at 53. Defendant's proposed appeal would do no such thing. Not only will the appeal itself cause delay by necessitating a postponement of Plaintiff's deposition and any other depositions that would be affected by the appeal, *see Pen Am. Ctr., Inc. v. Trump*, No. 18-9433, 2020 WL 5836419, at *4 (S.D.N.Y. Oct. 1, 2020), but it threatens to multiply the pre-trial proceedings by orders of magnitude. As we (and the Court) have repeatedly emphasized, by deposing other individuals Plaintiff has accused of sexual abuse, Defendant will open the door to Plaintiff challenging those denials, resulting in multiple mini-trials that will implicate sensitive third-party privacy concerns. Defendant's speculation that the specter of these

---

[1] The Court should reject Defendant's spurious argument that evidence admissible in criminal proceedings must perforce be admissible in civil proceedings. The criminal cases Defendant cites rely upon the Confrontation Clause or adjacent state rules of criminal procedure, none of which govern here. Moreover, even in criminal cases, the Court retains discretion to make evidentiary rulings. *United States v. Dawkins*, 999 F.3d 767, 788 (2d Cir. 2021).

December 15, 2021
Page 3

individuals self-servingly denying in a deposition what, according to Defendant, they have already denied, will cause Plaintiff to wave the white flag is fanciful and cannot support an interlocutory appeal.



Respectfully,

/s/Charles J. Cooper
Charles J. Cooper

cc: Counsel of Record