UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIRGINIA L. GIUFFRE,

                    Plaintiff,

-against-

ALAN DERSHOWITZ,

                    Defendant.

---

No. 19 Civ 3377(LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

On November 10, 2021, the Court granted, among other things, Ms. Giuffre's motion for a protective order "prohibiting discovery into Ms. Giuffre's accusations of sexual misconduct by individuals associates with Jeffrey Epstein," "with the exception of Mr. Dershowitz and . . . Mr. Wexner."  (Dkt. no 355 (the "Protective Order") at 4.)  The Court concluded that "allowing discovery into other men whom Ms. Giuffre has accused of sexual misconduct would place an undue and extraordinary burden on all parties involved, especially given the limited relevance of this discovery to the core issues in this case." (Id.)

On December 1, 2021, Mr. Dershowitz filed letter motions seeking (1) certification under 28 U.S.C. § 1292(b) to file an interlocutory appeal of the protective order (dkt. no. 366) and (2) to clarify the scope of the protective order and to strike

certain allegations in the operative complaint (dkt. no. 367).
These are discussed in turn.

1.   **Interlocutory Appeal**

"Under 28 U.S.C. § 1292(b), a district court can certify a
question for interlocutory appeal if [1] the issue involves a
controlling question of law [2] as to which there is substantial
ground for difference of opinion and [3] if an immediate appeal
from the order may materially advance the ultimate termination
of the litigation." Murray v. Metro. Life Ins. Co., 583 F.3d
173, 176 (2d Cir. 2009) (cleaned up).  Interlocutory appeals are
"a rare exception to the final judgment rule that generally
prohibits piecemeal appeals" and are "reserved for those cases
where an intermediate appeal may avoid protracted litigation."
Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir.
1996).  Indeed, "only exceptional circumstances will justify a
departure from the basic policy of postponing appellate review
until after the entry of a final judgment." In re Flor, 79 F.3d
281, 284 (2d Cir. 1996) (cleaned up).  The "would-be appellant"
bears the burden of showing an interlocutory appeal is
warranted. Casey v. Long Island R.R., 406 F.3d 142, 146 (2d
Cir. 2005).

Mr. Dershowitz's request fails at the outset.  The
"controlling questions of law" that Mr. Dershowitz identifies
are:

1) whether a defamation plaintiff who has placed her own truthfulness and reputation for truthfulness directly at issue (both from a liability and damages perspective) by suing for defamation over the claim that she is a "liar" and a "perjurer" can avoid discovery of multiple other instances where she has repeated the same lie about other men and her other lies have damaged her reputation; and

2) whether such a plaintiff can withdraw specific allegations about her being a perjurer and serial liar and avoid discovery on the withdrawn alleged defamations where she has previously pled that they devastated her reputation.

(Dkt. no. 366 at 2.)  A controlling question of law exists in circumstances where "reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases."  Primavera Familienstifung v. Askin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (citation omitted).  Here, far from identifying a controlling question of law, the issues presented by Mr. Dershowitz involve convoluted factual assumptions and the weighing of benefit, burden, and proportionality inherent in routine discovery rulings, which the Court of Appeals reviews for abuse of discretion.  See F.R.C.P. 26(b); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (noting that the Court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required"); S.E.C. v. TheStreet.Com, 273 F.3d 222,

228 & n. 6 (2d Cir. 2001) (protective orders reviewed for abuse

of discretion); see also F.R.E. 403.  Reversal of the Protective

Order would not result in dismissal or significantly affect the

outcome of the action; if Mr. Dershowitz were to succeed on

appeal, the parties would continue to prosecute their respective

claims.  And as is evident from Mr. Dershowitz's own framing,

the highly specific factual context in which these questions

arise plainly would not have "precedential value for a large

number of cases."

To be sure, reversal of the decision would affect the

amount of discovery conducted and, concomitantly, the time

needed to complete discovery and the amount of evidence received

at trial.  But this is not a proper ground for certifying an

interlocutory appeal.  Far from it, it militates against

certification of an appeal.  It is Mr. Dershowitz's burden to

show that certification will "materially advance the ultimate

termination of the litigation," which is satisfied if the

interlocutory appeal "promises to advance the time for trial or

to shorten the time required for trial."  Youngers v. Virtus

Inv. Partners Inc., 228 F. Supp. 3d 295, 302 (S.D.N.Y. 2017).

Interlocutory review here would do neither.  On the contrary, it

would seriously delay, and likely would materially lengthen,

this litigation and any eventual trial.

Because Mr. Dershowitz has failed to satisfy the first and third requirements for certification (<u>i.e.</u>, a controlling question of law that may materially advance the ultimate termination of the litigation), the Court need not—and does not—analyze the second requirement (<u>i.e.</u>, whether there is a substantial ground for difference of opinion).

Accordingly, Mr. Dershowitz's request to certify an interlocutory appeal of the Protective Order (dkt. no. 366) is DENIED.

### 2. Clarify and Strike

Mr. Dershowitz's request to clarify the Protective Order is denied because the Protective Order is clear on its face. The Protective Order "prohibit[s] discovery into Ms. Giuffre's accusations of sexual misconduct by individuals associated with Jeffrey Epstein," "with the exception of Mr. Dershowitz and . . . Mr. Wexner." (Protective Order at 4.)[1] This prohibition clearly applies to both Ms. Giuffre and Mr. Dershowitz; a protective order such as this should not be used by the movant as both a sword and a shield. And the Protective Order clearly does not prohibit discovery into Ms. Giuffre's accusations of

---

[1] The Protective Order elsewhere "prohibit[s] Mr. Dershowitz from pursuing discovery" into these matters, but that does not limit the reach of the order, which broadly "prohibits discovery;" it merely reflects the posture of the motion, which was primarily concerned with prohibiting Mr. Dershowitz's attempts to obtain such discovery.

sexual misconduct by Mr. Epstein himself—by its terms, the prohibition reaches "individuals associated with Jeffrey Epstein," subject to relevant the exceptions.  Thus, discovery into Ms. Giuffre's accusations of sexual misconduct by Mr. Epstein, as well as Mr. Dershowitz and Mr. Wexner, are fair game.

Mr. Dershowitz's request to strike certain allegations from the complaint is denied as premature.  Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "To prevail on a motion to strike, the defendant must show that: (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." Hargett v. Metro. Transit Auth., 552 F. Supp. 2d 393, 404 (S.D.N.Y. 2008) (internal quotation marks omitted).  Motions to strike material solely "on the ground that the matter is impertinent and immaterial" are disfavored.  Brown v. Maxwell, 929 F.3d 41, 52 n.42 (2d Cir. 2019).  Mr. Dershowitz has failed to meet this standard.  He may, of course, renew his request if the circumstances change such that striking certain allegations or "amending the pleadings to conform them to the evidence," F.R.C.P. 15(b)(2), becomes warranted.

Accordingly, Mr. Dershowitz's requests to clarify the Protective Order and to strike certain allegations from the complaint (dkt. no. 367) are DENIED.

*   *   *

For the reasons stated herein, Mr. Dershowitz's requests to certify an interlocutory appeal of the Protective Order (dkt. no. 366), to clarify the scope of the Protective Order, and to strike certain allegations from the complaint (dkt. no. 367) are DENIED.

**SO ORDERED.**

Dated:     December 21, 2021
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge