

Christian G. Kiely
ckiely@toddweld.com

January 4, 2022

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
    Request for Pre-Motion Conference with Respect to Motion to Exceed Ten
    Deposition Limit Pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i)

Your Honor:

  Defendant Alan Dershowitz ("Prof. Dershowitz") respectfully requests a pre-motion conference at which time he will seek leave to enforce the parties' prior written agreement that they are permitted to take more than ten (10) depositions per side in this case. The parties' agreement is memorialized in their Joint Rule 26(f) Report filed with the Court on November 20, 2019, prior to the commencement of discovery. *See* ECF No. 93 at 6-7. There, the parties stipulated that it is necessary for both sides to take more than ten depositions in this matter. Unfortunately, Plaintiff has recently informed us that she seeks to avoid her prior agreement and will now attempt to limit depositions to ten per side. This is transparently yet a further effort by Plaintiff to stymie Prof. Dershowitz in his ability to gather facts and prepare for trial. Prof. Dershowitz notes that he relied upon Plaintiff's prior stipulation in deciding which depositions to take to date (he has taken five, one of which, Wexner, was time limited to one hour per the Court's order). Prof. Dershowitz asks that the Court enforce the parties' long-standing agreement. Upon doing so, the Court need go no further.

  In the alternative, Prof. Dershowitz hereby requests a pre-motion conference at which he will seek leave pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i) to conduct in excess of ten depositions, including depositions of the witnesses listed in Appendix A hereto. Although the Federal Rules presumptively limit the number of depositions that each side may conduct to ten, Fed. R. Civ. P. 30(a)(2)(A), upon motion, a "court must grant a request to exceed ten depositions unless the additional depositions would be unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit*." In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646 LAK JCF, 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013) (citing Fed. R. Civ. P. 26(b)(2)(C)) (additional citations omitted).

  Here, Prof. Dershowitz can make the required showing with respect to each of the witnesses whose depositions he seeks to take. None of the depositions would be unreasonably cumulative or duplicative, the discovery sought from these witnesses cannot be obtained from



Hon. Loretta A. Preska
January 4, 2022
Page 2 of 5

Plaintiff herself or from other sources, and the benefit of these depositions likely outweighs any burden.  The Court should therefore allow his request.

The additional witnesses Prof. Dershowitz seeks to depose fall into four categories: (1) Plaintiff's friends and family; (2) former Epstein household employees; (3) Giuffre's former attorneys who represented her when she originally publicly accused Prof. Dershowitz and simultaneously asserted extortionate claims against Mr. Wexner in private; and (4) a witness "Carolyn" who recently testified in *United States v. Maxwell* as to Plaintiff's own critical role, as part of Jeffrey Epstein's sex trafficking operation, in recruiting her to provide sex to Epstein for money.

The testimony of Plaintiff's friends and family, who regularly interacted with Plaintiff during the time of her alleged abuse by Prof. Dershowitz, is critically relevant and not available from any other source.[1]  For one thing, Prof. Dershowitz is entitled to ask these witnesses whether she ever told any of them that she had sexual or other inappropriate contact with Prof. Dershowitz.  But more than just that, Prof. Dershowitz is also entitled to inquire of these witnesses whether Plaintiff ever did or said anything to suggest to them that she was "a victim of sex trafficking and repeated sexual abuse" as alleged in her Second Amended Complaint.  *See* ECF No. 362 at ¶ 29.  These allegations of sex trafficking are not mere "background" – they are put forth for the apparent purpose of bolstering Plaintiff's claims against Prof. Dershowitz and Prof. Dershowitz must be permitted to develop contrary evidence.  For example, Plaintiff alleges that at the time she claims she was "forced to engage in sexual acts with [Prof.] Dershowitz[,] . . . Epstein had taken her from her home, family, and friends in Palm Beach, Florida and flown her to New York, New York, where he repeatedly sexually abused her."  *Id.* at ¶¶ 35, 37.  It is anticipated that Plaintiff's family and friends will testify that contrary to the allegations of Plaintiff's Second Amended Complaint, Plaintiff never exhibited any signs that she was being sexually abused or victimized in any way, and to the contrary, that she enjoyed her time with Epstein, that she lived in an apartment paid for by Epstein, that she came and went as she pleased, that was she well compensated, and that she bragged about recruiting other girls to work for Epstein.  Not only would this testimony undermine Plaintiff's claim that she was sexually abused by Prof. Dershowitz and the veracity of her claims generally, but it is also relevant to her reputation as an advocate for sex trafficking victims which she claims Prof. Dershowitz has wrongfully damaged, as well as her alleged other damages.  These witnesses can also testify to other relevant observations of Plaintiff during this time period, including for example her drug use.

The testimony of Epstein's former household employees is equally critical and unobtainable from other sources.[2]  Plaintiff affirmatively relies upon the prior testimony of some of these former employees, including houseman Juan Alessi, to claim that Prof. Dershowitz visited

---

[1] Witnesses falling into this category are: James Michael Austrich, Anthony Figueroa, Crystal Figueroa, Lynn Roberts, Sky William Roberts, Sky Rocket Roberts, and Robert Giuffre.

[2] Witnesses falling into this category are: Juan Alessi, Larry Visoski, David Rodgers, Adam Perry Lang, and Rina Oh.



Epstein's Palm Beach residence during the time that Giuffre worked for Epstein. Alessi subsequently clarified this testimony by affidavit to make clear that he never saw anything to indicate that Prof. Dershowitz met Plaintiff or had any inappropriate contact with her. *See* <u>Ex. A</u>. Clearly, Prof. Dershowitz is entitled to preserve Alessi's testimony in a form which will be admissible at trial. Testimony of other former Epstein household employees is needed because it will undermine Plaintiff's assertions that, in essence, it would have been obvious to any visitor to Epstein's properties, including Prof. Dershowitz, that Epstein was involved in the sex trafficking of young women. *See, e.g.,* ECF No. 362 at ¶ 37.

As to the witnesses in the first two categories, a few additional points bear emphasis. The first is that, in contrast to Prof. Dershowitz who has produced thousands of pages of travel, financial and telephone records from the relevant 2000 to 2002 time period (and tens of thousands of later-dated emails), Plaintiff has produced virtually zero contemporaneous documentation supporting any of her allegations in this case, and has in fact spoliated it. It is therefore all the more important, if Prof. Dershowitz is to have a meaningful opportunity to obtain relevant discovery, that Prof. Dershowitz be able to take deposition testimony of individuals who actually interacted with Plaintiff in this time period and can shed light on the veracity of her claims. Second, it is anticipated that (as with the third party depositions already taken to date) most if not all of these depositions would be no more than two hours, meaning that the total number of hours of testimony will not exceed – and will likely be far less than – the 70 hours presumptively permitted by rule. *See* Fed. R. Civ. P. 30(a) & (d). The burden imposed by these depositions is thus minimal both relative to the importance of the testimony sought, and relative to the burden which Plaintiff has imposed upon Prof. Dershowitz in responding to document discovery in this case. Finally, most or all of these witnesses apparently reside beyond the subpoena power of this Court and therefore their live testimony cannot be compelled at trial. Taking their videotaped trial depositions is thus necessary to ensure their testimony will be available for trial. *See In re Weatherford.*, 2013 WL 5762923, at *3 (allowing more than ten depositions where witnesses could not be compelled to appear at trial).

The third category of witnesses is comprised of Plaintiff's former attorneys. Their depositions are necessary because they represented Plaintiff at the time she simultaneously accused Prof. Dershowitz in public and Leslie Wexner in private in December 2014, and they were involved in making one or both of those claims on Plaintiff's behalf.[3] Plaintiff has sued Prof.

---

[3] One of Plaintiff's former lawyers whom Prof. Dershowitz seeks to depose, Katherine Ezell, is not implicated in the extortion plot. However, her testimony is relevant because Plaintiff claims that she "named" Prof. Dershowitz to Ezell in 2009. *See* Connie Bruck, *Alan Dershowitz, Devil's Advocate*, THE NEW YORKER (July 29, 2019), https://www.newyorker.com/magazine/2019/08/05/alan-dershowitz-devils-advocate. Any claim of privilege over this alleged conversation was waived by Plaintiff's disclosure to the media. And Plaintiff cannot possibly dispute the relevance of Ezell's testimony where Plaintiff herself noticed and took the deposition of Ezell's colleague, Robert Josefsberg, concerning his and Ezell's representation of Plaintiff.



Hon. Loretta A. Preska
January 4, 2022
Page 4 of 5

Dershowitz for defamation over the claim that she conspired with her attorneys to publicly and falsely accuse him as part of a plot to extort Leslie Wexner. *See* ECF No. 362 at ¶ 66. In addition, certain of the witnesses in this category, namely, David Boies and Sigrid McCawley were party to conversations with Prof. Dershowitz which Plaintiff has directly put at issue in her Second Amended Complaint, including by suing Prof. Dershowitz for violating the federal wiretap statute. *See id.* at ¶¶ 67, 68, 69, 103. Another of Plaintiff's former lawyers, Brad Edwards, has told the media that he has "personally investigated [Epstein's trafficking operation] for eleven years and [doesn't] know of any high-profile person that would be implicated", thus directly calling into question the veracity of Giuffre's accusations against Prof. Dershowitz and others.[4] It is inconceivable that Prof. Dershowitz would not be able to depose these witnesses.

Finally, Prof. Dershowitz seeks to take the deposition of a witness identified by the first name of Carolyn, who testified in *United States v. Maxwell* that Plaintiff, knowing Carolyn was underaged, recruited her to perform sexual massages for Jeffrey Epstein, brought her to Epstein's home for that purpose, and told her to lie about her age if asked. Carolyn's testimony contradicts Plaintiff's allegations that she was a victim of rather than a co-conspirator in Epstein's sex trafficking operation, and speaks to her reputation as an advocate for sex trafficking victims which she claims Prof. Dershowitz has wrongfully injured.

Prof. Dershowitz hereby requests that the Court enforce the parties' prior stipulation to exceed the ten-deposition limit. In the alternative, he requests a pre-motion conference at which he will move for leave pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i) to take more than ten depositions in this case, for the reasons stated above.

Respectfully submitted,

/s/ *Christian G. Kiely*
Christian G. Kiely

cc: All counsel of record, via ECF

---

[4] Jessica Kegu, *Jeffrey Epstein had "well in excess of 50" victims, lawyer for accusers says*, CBS NEWS (July 10, 2019), https://www.cbsnews.com/news/jeffrey-epstein-charged-lawyer-for-women-accusing-billionaire-sexual-abuse-estimates-excess-of-50-victims/.



Hon. Loretta A. Preska
January 4, 2022
Page 5 of 5

**Appendix A**

1. James Michael Austrich
2. Anthony Figueroa
3. Crystal Figueroa
4. Lynn Roberts
5. Sky Rocket Roberts
6. Sky William Roberts
7. Robert Giuffre
8. Juan Alessi
9. Larry Visoski
10. David Rodgers
11. Adam Perry Lang
12. Rina Oh
13. David Boies
14. Sigrid McCawley
15. Brad Edwards
16. Paul Cassell
17. Stanley Pottinger
18. Kathy Ezell
19. Carolyn LNU
20. Abigail Wexner