

Christian G. Kiely
ckiely@toddweld.com

January 12, 2022

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
> **Reply to Response to Request for Pre-Motion Conference with Respect to Motion to Exceed Ten Deposition Limit**

Your Honor:

Prof. Dershowitz respectfully submits this Reply to Plaintiff's Response (ECF No. 393) to his Request for a Pre-Motion Conference concerning his motion to enforce the parties' agreement to take more than ten depositions per side (ECF No. 391). Plaintiff, without seeking leave of Court or even Prof. Dershowitz's consent, filed her response four days late.[1] This is no mere technicality but results in actual prejudice to Prof. Dershowitz where, as Plaintiff knew, Prof. Dershowitz has noticed for January 21 two depositions implicated by his letter. The Court would be justified in deeming Plaintiff's response waived and granting Prof. Dershowitz the relief he seeks.

Assuming the Court nonetheless intends to decide Prof. Dershowitz's request on the merits notwithstanding Plaintiff's disregard for the Court's rules, the Court should consider the following:

First, while the Court may have indicated at the December 2, 2019 status conference that it was not inclined to allow the parties to depose all of the witnesses listed in their joint report, the Court never suggested that each side would be limited to the 10 depositions permitted by rule. Nor did Plaintiff ever communicate, prior to the meet and confer which precipitated Prof. Dershowitz's letter, that despite her prior agreement and representation to the contrary, she was now taking the position that each side should be strictly limited to 10 depositions. Prof. Dershowitz is not seeking to depose all of the witnesses on his initial list, but has instead narrowed that list consistent with the Court's comments and subsequent rulings on the scope of discovery.

Indeed, despite taking the position that Prof. Dershowitz should be strictly limited to 10 depositions, Plaintiff in her letter concedes the relevance of the testimony of many of the witnesses whom Prof. Dershowitz seeks to depose, including all six of Plaintiff's lawyers included in Appendix A to Prof. Dershowitz's letter, as well as former Epstein houseman Juan Alessi,

---

[1] Prof. Dershowitz filed his letter on Tuesday, January 4, meaning that under Rule 2.A of Your Honor's Individual Practices, Plaintiff's response was due three business days later, on Friday, January 7. Plaintiff did not file her response until Tuesday, January 11.



Hon. Loretta A. Preska
January 12, 2022
Page 2 of 3

Plaintiff's former boyfriend Anthony Figueroa, and her husband Robert Giuffre, thus effectively conceding that more than 10 depositions per side are necessary.[2,3,4]

As for Plaintiff's family and friends, Plaintiff's offer to stipulate that she never told any of her friends or family of her alleged abuse by Prof. Dershowitz is plainly inadequate. Plaintiff ignores the other reasons cited in Prof. Dershowitz's letter for requiring the testimony of these witnesses, which in general relates to the need to test the veracity of Plaintiff's account of her time with Epstein and circumstances surrounding her accusations against Prof. Dershowitz. The Court has already ruled in response to Prof. Dershowitz's request for clarification that Plaintiff's relationship with Epstein is a proper subject of discovery. *See* ECF No. 389 at 5-6.

The testimony of Epstein's pilots, David Rodgers and Larry Visoski, is needed primarily to answer questions concerning the flight logs from Epstein's aircraft, the completeness and accuracy of which Plaintiff has disputed. *See* ECF No. 362 at ¶ 30. The testimony of Epstein's chef, Adam Perry Lang, is necessary because he was regularly present in Epstein's homes during the relevant time period, and because Plaintiff has publicly claimed that he will corroborate details of her account of her time with Epstein (which he has denied). *See* https://www.thedailybeast.com/epsteins-former-chef-adam-perry-lang-is-cooperating-with-feds-on-sex-ring-investigation.

The testimony of "Carolyn"[5] and Rina Oh concerning Plaintiff's role as a recruiter for Jeffrey Epstein is highly relevant where the alleged reputational interests she is seeking to

---

[2] Despite conceding that six of the seven witnesses that Prof. Dershowitz seeks to depose concerning the extortion plot possess relevant, discoverable evidence, Plaintiff devotes the bulk of her letter to setting forth her own self-serving and highly misleading view of the evidence gathered to date concerning the extortion conspiracy. Prof. Dershowitz is limited by space constraints from responding in full to Plaintiff's flagrant mischaracterizations of the record, but notes that Plaintiff's contention that Rebecca Boylan in her testimony "flatly rejected" Prof. Dershowitz's extortion theory is laughable. To the contrary, her testimony fully corroborated the predicate facts upon which Prof. Dershowitz relied in drawing his conclusions about the existence of an extortion plot. *See* ECF No. 352.

[3] The depositions of Anthony Figueroa and his sister Crystal Figueroa have been noticed for the same date and location, so Plaintiff's argument that her counsel is unduly burdened by having to travel to the Crystal Figueroa deposition is misleading and meritless.

[4] Abigail Wexner's testimony is relevant because she had a conversation with Prof. Dershowitz in which she characterized Plaintiff's accusation against Wexner as extortionate in nature.

[5] Carolyn, whose last name is Andriano, has now voluntarily revealed her identity to the press. *See* https://www.dailymail.co.uk/news/article-10380333/Key-witness-Ghislaine-Maxwells-trial-waives-anonymity-makes-sensational-new-claim.html. Andriano's deposition is made all the



Hon. Loretta A. Preska
January 12, 2022
Page 3 of 3

vindicate depend on her status as an Epstein victim rather than co-conspirator. *See, e.g.*, ECF No. 362 at ¶¶ 86-87, 93-94. Plaintiff's excuse that she was "compelled" to recruit other girls for money is an unproven allegation. Moreover, in contrast to her instant position that her role in recruitment is irrelevant to her victim status, Plaintiff has publicly challenged the victimhood of Oh and other alleged Epstein victims on the basis that their alleged participation in recruitment makes them co-conspirators rather than victims. *See* <u>Exhibit A</u>, at ¶ 16.

Finally, although Plaintiff's burden-related objections ring hollow given the tremendous burden and expense she has put Prof. Dershowitz to in responding to discovery, Prof. Dershowitz is willing to take steps to minimize burden by conducting as many of these outstanding depositions by Zoom as possible. The primary reason Prof. Dershowitz noticed the Figueroa depositions for in person in Atlanta rather than by Zoom is because Plaintiff's counsel previously attempted to gain an unfair advantage by attending in person a deposition (of Sharon Churcher) which Prof. Dershowitz's counsel noticed as a Zoom deposition. If Plaintiff agrees to forgo such tactics in the future, then many of these short third party depositions can be conducted via Zoom.[6]

Respectfully submitted,

/s/ *Christian G. Kiely*
Christian G. Kiely

cc:    All counsel of record, via ECF

---

more necessary due to Plaintiff's refusal to respond to a small number of Requests for Admission concerning Andriano's testimony, *see* <u>Exhibit B</u>, a matter which the parties are scheduled to confer about tomorrow.

[6] In any event, it may be necessary to conduct many of these depositions via Zoom given the recent significant worsening of the pandemic nationwide.