# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>    Plaintiff / Counterclaim Defendant,<br><br>    v.<br><br>ALAN DERSHOWITZ,<br><br>    Defendant / Counterclaim Plaintiff. | Case No. 19-cv-03377-LAP |

**VIRGINIA L. GIUFFRE'S OBJECTIONS AND RESPONSES TO
ALAN DERSHOWITZ'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiff and Counterclaim Defendant Virginia L. Giuffre ("Plaintiff") hereby serves the following objections and responses to Defendant and Counterclaim Plaintiff Alan Dershowitz's ("Defendant") First Set of Requests for Admission ("RFAs").

**GENERAL OBJECTIONS**

Plaintiff objects to all ten requests for admission on the ground that the information they seek is not relevant to any party's claim or defense. As such these RFAs "run afoul of the purpose of Rule 36 as they are not designed to confirm information and eliminate issues for trial." *Spectrum Dynamics Medical Limited v. General Electric Co.*, 2021 WL 735241 *2 (Feb. 25, 2021) (S.D.N.Y.). The information these RFAs seek is even further afield from the main issue in this litigation than is Defendant's proposed discovery into Plaintiff's accusations of sexual misconduct by individuals associated with Jeffrey Epstein other than Defendant and Leslie Wexner, which the Court has already prohibited Defendant from pursuing. *See* Order, ECF No. 355 (Nov. 11, 2021). If true, the fact that Epstein compelled Plaintiff to introduce other young women to him does not

1

make it more or less likely that he compelled Plaintiff to have sex with Defendant. Defendant's argument that this information goes to Plaintiff's reputation as an advocate for victims of sex trafficking is invalid because any information that is not yet publicly known could not affect her reputation.

Plaintiff further objects to the requests on the ground that the individual identified as "Carolyn" is not adequately identified. Defendant refers to a witness who testified in *United States v. Maxwell*, 20-cr-330-AJN (S.D.N.Y.), but that witness was identified only by her first name in that proceeding, and without other adequate identifying information these RFAs are objectionably vague and ambiguous.

Plaintiff further objects to all ten requests on the ground that they are interposed solely for the purpose of harassment.

### REQUESTS FOR ADMISSION

1. Please admit that You introduced Carolyn to Jeffrey Epstein when she was 14 or 15 years old.

    **RESPONSE:** Plaintiff incorporates by reference her general objections and based on those objections asserts that no response is required.

2. Please admit that at the time You introduced Carolyn to Jeffrey Epstein, you were at least 18 years old.

    **RESPONSE:** Plaintiff incorporates by reference her general objections and based on those objections asserts that no response is required.

3. Please admit that Carolyn was called as a witness in *United States v. Maxwell*, 20-cr-330-AJN (S.D.N.Y.) on December 7, 2021.

**RESPONSE:** Plaintiff incorporates by reference her general objections and based on those objections asserts that no response is required.

4. Please admit that you told Carolyn that she could be paid $300 to give a massage to a rich man in Palm Beach.

**RESPONSE:** Plaintiff incorporates by reference her general objections and based on those objections asserts that no response is required.

5. Please admit that you told Carolyn to dress provocatively for her meeting with Jeffrey Epstein.

**RESPONSE:** Plaintiff incorporates by reference her general objections and based on those objections asserts that no response is required.

6. Please admit that you told Carolyn that if Jeffrey Epstein asked her age, she should tell him she was 17 years old.

**RESPONSE:** Plaintiff incorporates by reference her general objections and based on those objections asserts that no response is required.

7. Please admit that the first time Carolyn accompanied you to Jeffrey Epstein's house in Palm Beach, you had sex with Mr. Epstein in front of Carolyn.

**RESPONSE:** Plaintiff incorporates by reference her general objections and based on those objections asserts that no response is required.

8. Please admit that the first time Carolyn accompanied you to Jeffrey Epstein's house in Palm Beach by telling her she would be paid $300.

**RESPONSE:** Plaintiff incorporates by reference her general objections and based on those objections asserts that no response is required.

9. Please admit that Jeffrey Epstein paid you to introduce Carolyn to him.

**RESPONSE:** Plaintiff incorporates by reference her general objections and based on those objections asserts that no response is required.

10. Please admit that Jeffrey Epstein paid you to solicit Carolyn.

**RESPONSE:** Plaintiff incorporates by reference her general objections. In addition, Plaintiff objects to this RFA as vague and ambiguous as the term "solicit" is not defined or explained. Based on all these objections, Plaintiff asserts that no response is required.

January 10, 2022                                        VIRGINIA L. GIUFFRE

By her attorneys,

/s/ Nicole Jo Moss
Nicole J. Moss
Charles J. Cooper
Michael W. Kirk
Haley N. Proctor
COOPER & KIRK PLLC
1523 New Hampshire Ave. NW
Washington, DC 200036
(202) 220-9639
nmoss@cooperkirk.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 10, 2022, a copy of the foregoing was sent via email to Defendant's counsel of record listed as registered participants on the Notice of Electronic Filing.

      /s/ Nicole J. Moss
      Nicole J. Moss