# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Nicole J. Moss<br>nmoss@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C.  20036 | (202) 220-9636<br>Fax (202) 220-9601 |

January 13, 2022

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
               Timeliness of Doc. 393

Dear Judge Preska:

      I write on behalf of Plaintiff Virginia Giuffre in response to Defendant Alan Dershowitz's submission that we filed our response to his request for a pre-motion conference four days late and that this allegedly tardy response justifies summarily granting him leave to engage in the excess number of depositions he seeks. *See* Ltr. from C. Kiely to Hon. Preska, Doc. 395 (Jan. 12, 2022). We filed our response letter on January 11, 2022, Doc. 393, seven days after Defendant filed his request on January 4, 2022. Doc. 391. Because Defendant's request for a pre-motion conference was a letter-motion, *see* L. Civ. R. 7.1(d), our response was timely under Local Civil Rule 6.1(a).

      Defendant insists that our response was untimely because we did not file it within three days, as required by the Court's Individual Practices Rule 2.A. But the time limits in Individual Practices Rule 2.A expressly do not apply to letters concerning "discovery motions." Instead, that rule directs parties to "follow Local Civil Rule 37.2." Local Civil Rule 37.2, in turn, provides that motions "under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure" must be preceded by a "request[ for] an informal conference with the Court by letter-motion for a pre-motion discovery conference." Defendant's proposed motion to exceed the ten-deposition limit would be made under Rule 30(a)(2)(A)(i), Doc. 391, at 1, so Local Civil Rule 37.2 required him to request a pre-motion conference, as he did. Because Local Civil Rule 37.2 requires that such requests be made by letter-motion, we understood Defendant's submission to be a letter-motion governed by Local Civil Rule 7.1 (and, by extension, Local Civil Rule 6.1) and responded accordingly. Our understanding that Defendant's submission was a letter-motion instead of a letter filed under Individual Practices Rule 2.A was reinforced by the fact that Defendant's opening letter did not comply with the page limits set by Individual Practices Rule 2.A. (Neither does his reply.)

      If we have misunderstood the local rules and the Court's individual practices, then we beg the Court's pardon and respectfully request clarification on the time and page limits that apply to discovery-related pre-motion letters. The clarification will benefit both parties, as we anticipate that additional discovery letters are forthcoming.

Hon. Loretta A. Preska
January 13, 2022
Page 2

      Any tardiness, however, would not forfeit our opposition to Defendant's contemplated motion. At most, it would forfeit our opposition to his request for a pre-motion conference. We believe a conference is unnecessary because Defendant's proposed motion lacks merit, but we have no other objection to appearing for one. In any event, Defendant's complaints about prejudice are disingenuous. He was aware of Plaintiff's opposition to his deposition plan long before he noticed the depositions that will occur on January 21. And immediately after he noticed those depositions, we reminded him of our objections and advised him to seek the Court's guidance before proceeding with the noticed depositions, *see* Exhibit A, yet he waited two weeks to do so.

      Respectfully,

      s/ Nicole J. Moss
      Nicole J. Moss

CC: Counsel of Record (via ECF)