

Christian G. Kiely<br>ckiely@toddweld.com

January 14, 2022

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
             Request for Pre-Motion Conference re: Motion to Deem Unanswered
             Requests for Admission as Admitted

Your Honor:

      Defendant Alan Dershowitz ("Prof. Dershowitz") respectfully requests a pre-motion conference at which he will seek leave to move for an order pursuant to Fed. R. Civ. P. 36(a)(6) deeming as admitted certain Requests for Admission (the "Requests") which Plaintiff has refused to answer concerning her recruitment of Carolyn Andriano to provide sexual massages to Jeffrey Epstein. The Requests are attached hereto as Exhibit A, and Plaintiff's objections as Exhibit B.

      Ms. Andriano testified as a witness for the government in *United States v. Maxwell*, 20-cr-330-AJN (S.D.N.Y.), on December 7, 2021.[1] Her testimony is attached hereto as Exhibit C. In relevant part, Ms. Andriano testified that when Plaintiff was 18 years old and Ms. Andriano was 14 years old, Plaintiff recruited Ms. Andriano to provide sexual massages for Jeffrey Epstein. Ex. C at 1518-19, 1573. Ms. Andriano further testified that Plaintiff told her she would be paid $300 for her services, told her to dress provocatively, and told her lie about her age if asked. *Id.* at 1565-66, 1569-70. Ms. Andriano testified that Plaintiff drove her to Epstein's house, and proceeded to have sex with Epstein in front of her. *Id.* at 1519, 1521-23.

      Shortly after Ms. Andriano gave her testimony, Prof. Dershowitz propounded the Requests which essentially ask her to admit or deny the accuracy of Ms. Andriano's testimony set forth above. See Ex. A. Plaintiff has refused to respond to the Requests, principally on the grounds that they are irrelevant. See Ex. B.[2] At the same time she refuses to answer the Requests, Plaintiff has

---

[1] Although Ms. Andriano's last name was kept confidential at the time of her testimony, she subsequently voluntarily revealed her identity to the press. *See* https://www.dailymail.co.uk/news/article-10380333/Key-witness-Ghislaine-Maxwells-trial-waives-anonymity-makes-sensational-new-claim.html.

[2] Plaintiff also objects on the grounds that the Requests fail to adequately identify Ms. Andriano. This objection is beyond frivolous. Although her last name was kept confidential at the time of her testimony and thus she was referred to only as "Carolyn" in the Requests, Ms. Andriano



Hon. Loretta A. Preska
January 14, 2022
Page 2 of 3

opposed Prof. Dershowitz's effort to take Ms. Andriano's deposition, and Plaintiff's counsel stated in a meet and confer that Plaintiff would not admit to the accuracy of Ms. Andriano's testimony in exchange for Prof. Dershowitz forgoing Ms. Andriano's deposition.

Plaintiff contends that it is irrelevant to this lawsuit whether she was involved in recruiting other girls for Epstein's sex trafficking operation because that fact has no bearing on the truth or falsity of her claims against Prof. Dershowitz. To the contrary, Plaintiff's active – and by some accounts enthusiastic – participation in recruiting is relevant to her claims of coercion which go directly to the truth or falsity of Plaintiff's accounts of the circumstances surrounding her alleged sexual encounters with Prof. Dershowitz.[3]

But perhaps more importantly, Plaintiff's objection ignores that she has put at issue in this defamation suit her reputation as a sex trafficking victim and advocate, and, to prevail on her claims, she must prove not only that her accusations against Prof. Dershowitz are true, but also that Prof. Dershowitz's denials of those claims and other statements over which she is suing wrongfully caused harm to that reputation. Specifically, Plaintiff has asserted that the alleged defamatory statements by Prof. Dershowitz "tended to injure Plaintiff in her professional capacity as the president of a non-profit corporation designed to help and advocate for victims of sex trafficking, and inasmuch as they destroyed her credibility and reputation among members of the community that seeks her help and that she seeks to serve." Second Amended Complaint, ECF No. 362, at ¶ 93. *See also id.* at ¶¶ 86-87, 94. Prof. Dershowitz is entitled to take discovery into matters concerning Plaintiff's reputation as a sex trafficking victim and advocate, and to prove other causes of her alleged reputational injury. *See, e.g., Sharon v. Time, Inc.*, 103 F.R.D. 86, 90 (S.D.N.Y. 1984); *Weber v. Multimedia Ent., Inc.*, 1997 WL 729039, at *2 (S.D.N.Y. Nov. 24, 1997). Plaintiff cannot credibly argue that her role in recruitment is irrelevant to her victim status, when Plaintiff herself has publicly challenged the victim status of other purported Epstein victims on the basis that their alleged participation in recruitment makes them co-conspirators rather than victims.[4] Moreover, this Court has already ruled that Plaintiff's allegations that she was a victim of Epstein's sex trafficking operation are a proper subject of discovery in this action. *See* ECF No. 389 at 5-6.

---

testified in detail concerning Plaintiff's recruitment of her including how and where she met Plaintiff, and what mutual friends they shared. It is inconceivable that Plaintiff would be unable to identify Ms. Andriano based on her testimony. In any event, Ms. Andriano publicly revealed her full name prior to the service of Plaintiff's Responses to the Requests, thus eliminating any conceivable doubt about her identity. *See supra* n. 1.

[3] Plaintiff's defense that she was "compelled" to recruit other girls has not been tested and may not simply be accepted by the Court.

[4] *See, e.g.*, https://twitter.com/VRSVirginia/status/1321623957183684610, https://twitter.com/VRSVirginia/status/1321593015622758405, and https://twitter.com/VRSVirginia/status/1321621244144312320, attached hereto as Exhibit D.



Hon. Loretta A. Preska
January 14, 2022
Page 3 of 3

      As with prior discovery disputes in this case, it bears emphasis that the Court is not presently being asked to decide the admissibility at trial of evidence concerning Plaintiff's recruitment and solicitation of Ms. Andriano. That question must be reserved until a full record has been developed through discovery. *See Sharon v. Time*, 103 F.R.D. at 92. But there is no burden imposed on Plaintiff in answering these ten Requests for Admission sufficient to justify her refusal even to answer them.

      For the foregoing reasons, Prof. Dershowitz respectfully requests that the Court grant his request for a pre-motion conference.

Respectfully submitted,

*/s/ Christian G. Kiely*
Christian G. Kiely

cc:    All counsel of record, via ECF