# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Nicole J. Moss<br>nmoss@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | (202) 220-9636<br>Fax (202) 220-9601 |

January 20, 2022

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
               Local Rule 37.2 Request for Pre-Motion Conference re Requests for Admission

Dear Judge Preska:

      I write on behalf of Plaintiff Virginia Giuffre in response to Defendant Alan Dershowitz's letter-motion of January 14, 2022, requesting a Local Rule 37.2 pre-motion conference at which he will seek leave to move for an order deeming his requests for admission admitted. Doc. 397. Defendant's proposed motion is without merit because Plaintiff's objections to his requests for admission were justified.

      As Defendant's letter confirms, he seeks to use his requests for admission improperly. His apparent aim is to discover information about Plaintiff that he believes will further his current media campaign attacking Plaintiff, and attempting to victim shame her and portray her as a partner in Epstein's and Maxwell's sex trafficking conspiracy. *See* Ltr. from N. Moss to Hon. Preska, Doc. 393, at 4 (Jan. 11, 2022); *see also* Alan Dershowitz, *Dershowitz: What if Prince Andrew Were Innocent?*, NEWSMAX (Jan. 15, 2022), https://bit.ly/3fOqJg9; Alan M. Dershowitz, *Exclusive – Dershowitz: British Media Malpractice in Ghislaine Maxwell Case*, BREITBART (Jan. 17, 2022), https://bit.ly/3rDecBJ; Alan Dershowitz (@AlanDersh), TWITTER (Jan. 18, 2022, 11:41 AM), https://bit.ly/3AfySno. Harassment and embarrassment (not to mention a transparent attempt to influence the potential jury pool) are never permissible objectives of discovery requests. Moreover, the function of requests for admission is not to discover information at all. Rather, requests for admission are tools to "eliminat[e] the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). Requests concerning facts that are irrelevant to the disputed issues or that fail to narrow discovery because they would require "follow-on" inquiries "run afoul of the purpose of Rule 36." *Spectrum Dynamics Med. Ltd. v. Gen. Electric Co.*, 2021 WL 735241, at *2 (Feb. 25, 2021) (magistrate op. and order). Thus, even if a *Daily Mail* article correctly identified Carolyn

Hon. Loretta A. Preska
January 20, 2022
Page 2

Andriano as the woman who testified as "Carolyn" at the Maxwell trial,[1] Defendant's requests are improper because they seek information that is not relevant in order to harass and embarrass Plaintiff.[2]

Defendant does not address Plaintiff's harassment objection, but he argues that the information he seeks is relevant for two reasons. In advancing these arguments, he urges the Court to take the broadest possible view of relevance, pointing out that the question before it is discoverability instead of admissibility. While this is technically true, it carries very little weight in the context of Rule 36 because a request that seeks information that would be inadmissible at trial cannot be said to narrow the issues for trial in any meaningful way. (By the same token, establishing that information is broadly relevant does not support a request for *extra* depositions, either.) With that in mind, we address Defendant's strained relevance arguments.

First, Defendant argues that the information is relevant because it relates to a key fact in Plaintiff's account of the circumstances in which Defendant abused her: namely, that she was a victim of Epstein's trafficking. But the question is not whether Defendant can somehow draw a line between the facts he seeks to establish and Plaintiff's claims about her trafficking. The question is whether the facts he seeks to establish will ultimately assist a factfinder in determining whether Plaintiff's claims about her trafficking are true. The lurid details Defendant seeks to elicit about Carolyn (or from her, in a deposition) will do no such thing. Defendant's assertion that they will depict an "enthusiasm" for Epstein's trafficking scheme, even if true, is in no way inconsistent with Plaintiff's claims that Epstein coerced her to provide sex to Defendant. If anything, these tangential facts underscore the extent to which Plaintiff was under Epstein's control. None of this information illuminates the core factual question: whether *Plaintiff and Defendant* had sexual contact. And if Defendant is permitted to delve into this collateral issue, additional discovery will be necessary, such as the testimony of other Epstein victims who were part of his pyramid recruitment scheme and can confirm that they, too, felt coerced. The connection between Plaintiff's relationship with "Carolyn" and the core factual dispute is thus too attenuated and would open the door to too much additional discovery to support a request for admission (or, for that matter, an extra deposition).

Second, Defendant argues that the information is relevant to Plaintiff's reputation as an advocate for victims. As Plaintiff explained in her opposition to Defendant's request to exceed the ten-deposition limit, however, Defendant may not use the discovery process to shape Plaintiff's

---

[1] Defendant speculates that Plaintiff should be able to identify "Carolyn" from the details Carolyn provided in her testimony—a transcript of which Defendant did not serve with his requests—but this assumes the accuracy of Carolyn's testimony and its conformity with Plaintiff's recollection. It would not be surprising, for example, that Plaintiff and Carolyn would have different recollections of such details as where they met or who introduced them that would make it difficult for Plaintiff to identify Carolyn based on the testimony.

[2] Plaintiff also objects to one request on the ground that Defendant did not define the word "solicit," and that that term is vague or ambiguous in the request. Ex. B, Doc. 397-2, at 4 (Jan. 14, 2022). Defendant has not answered this objection.

Hon. Loretta A. Preska
January 20, 2022
Page 3

reputation to be something other than what it already is based on publicly available information. *See* Doc. 393, at 4.

  Finally, Defendant's relevance arguments do not support his request that the Court deem his requests for admission admitted. Under the plain language of Rule 36, if the Court "finds an objection [un]justified, [then] it must order that an answer be served." FED. R. CIV. P. 36(a)(6). Deemed admissions are appropriate only if a party fails altogether to respond to a request for admission, FED. R. CIV. P. 36(a)(3), or if the party answers instead of objecting but the "answer does not comply with" Rule 36, FED. R. CIV. P. 36(a)(6); *see Cole v. Oak Ridge Assoc. Univ., Inc.*, No. CV 15-00103, 2015 WL 13811826, at *3 (D. Haw. Dec. 11, 2015); *see also* FED. R. CIV. P. 36(a)(3)–(5) (distinguishing between answers and objections). Moreover, even where deemed admission is available as a remedy, the Court "should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981). At best, then, Defendant's arguments support only an order requiring Plaintiff to answer the requests for admission.

  For the foregoing reasons, the Court should find Plaintiff's objections justified or, if it does not, it should give Plaintiff an opportunity to answer Defendant's requests.

                Respectfully,

                s/ Nicole J. Moss
                Nicole J. Moss

CC: Counsel of Record (via ECF)