

Christian G. Kiely
ckiely@toddweld.com

January 21, 2022

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
               Reply to Response to Request for Pre-Motion Conference re: Motion to
               Deem Unanswered Requests for Admission as Admitted

Your Honor:

      Defendant Alan Dershowitz ("Prof. Dershowitz") respectfully submits this reply to Plaintiff's response (ECF No. 398) to his request for a pre-motion conference (ECF No. 397) with respect to Plaintiff's refusal to answer his Requests for Admission concerning the testimony of Carolyn Andriano. Plaintiff's response puts forth no compelling justification for her refusal to answer the Requests and the Court should therefore deem them admitted. At a minimum, the Court should order Plaintiff to respond truthfully to the Requests, which are entirely straightforward and capable of simply being admitted or denied.

      Plaintiff has the audacity to accuse Prof. Dershowitz and his counsel of using the Requests as part of an effort to "victim shame" Plaintiff. Plaintiff cannot put her reputation as a victim expressly at issue in this litigation and then accuse Prof. Dershowitz of "victim shaming" for testing those allegations. Plaintiff in her response does not dispute that her reputation as a sex trafficking victim and advocate is highly relevant in this defamation action. Nor does Plaintiff dispute that she herself has publicly challenged the *bona fides* of other purported Epstein victims, who, like her, were paid to recruit others. Plaintiff's only argument with respect to the relevance to her reputation of the information sought is that "Defendant may not use the discovery process to shape Plaintiff's reputation to be something other than it what it already is based on publicly available information." ECF No. 398 at 2-3. But that is not what Prof. Dershowitz is doing. Plaintiff's role in recruiting others to provide sexual massages for Epstein has long been public knowledge,[1] and was recently brought to the forefront publicly via the trial testimony of Ms. Andriano in *USA v. Maxwell*. Prof. Dershowitz is entitled to adduce admissible evidence on this issue, and to use Requests for Admission to narrow areas of dispute with an aim towards eliminating the need to take Ms. Andriano's deposition.

---

[1] *See, e.g.*, "Jeffrey Epstein accuser was not a sex slave, but a money-hungry sex kitten, her former friends say," N.Y. Daily News, March 1, 2015, *available at*: https://www.nydailynews.com/new-york/epstein-prince-andrew-accuser-not-sex-slave-ex-pals-article-1.2133175



Hon. Loretta A. Preska
January 21, 2022
Page 2 of 2

    Plaintiff's argument that Prof. Dershowitz is attempting to use the Requests for Admission to further a media campaign is likewise meritless.  All of Prof. Dershowitz's media statements have been in response to Plaintiff's own media campaign which began with an unsealed accusation against him designed to generate media coverage and further her efforts to leverage a settlement payment from Leslie Wexner.  Prof. Dershowitz has a First Amendment right to clear his name.  But that is beside the point.  The evidence of Plaintiff's actions in recruiting young girls to have sex with Epstein is already in the public domain.  The Requests for Admission relate to having the information in a form admissible at trial.

    For the foregoing reasons and the reasons stated in his opening letter, Prof. Dershowitz respectfully requests that the Court grant his request for a pre-motion conference, or in the alternative, enter an order deeming the Requests for Admission as admitted.

Respectfully submitted,

/s/ *Christian G. Kiely*
Christian G. Kiely

cc:    All counsel of record, via ECF