# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Nicole J. Moss<br>nmoss@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | (202) 220-9636<br>Fax (202) 220-9601 |

February 10, 2022

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    ***Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP**
              Supplemental Filing re Discovery Disputes

Dear Judge Preska:

      I write on behalf of Plaintiff Virginia Giuffre concerning an additional discovery dispute that has arisen between the parties. Specifically, Defendant Alan Dershowitz has refused to produce any documents in response to a request for production seeking "[c]opies of all document productions in *Dershowitz v. CNN* that contain Documents that [he] intend[s] to use to support [his] allegations of injury in that action, irrespective of whether [he has] produced the Documents in this Action." *See* Def. Alan Dershowitz's Objs. And Resps. To Pl. Virginia Giuffre's Fifth Set of Reqs. For Produc., at 8 (Jan. 26, 2022), attached hereto as Exhibit A. I respectfully seek leave to raise this issue at the pre-motion discovery conference requested in Plaintiff's letters of December 3 and December 15, 2021, alongside the other discovery disputes outlined in those letters. Docs. 373, 384.

      Plaintiff requests these documents in order to ensure that Defendant is not attributing the same injuries to separate alleged defamatory statements in the two separate actions. In *Dershowitz v. CNN*, No. 0:20-cv-61872 (S.D. Fla.), Defendant has sued CNN for its coverage, in early January 2020, of a statement he made in the course of representing President Donald Trump in his impeachment trial before the United States Senate. Defendant argues that CNN portrayed him as an "intellectual who had lost his mind," thereby destroying "his credibility and reputation" as "one of the most revered and celebrated legal minds of the past half century" and causing him "damage to his reputation, embarrassment, pain, humiliation, mental anguish" and lost earnings. *See* Compl. in *Dershowitz v. Netflix*, Doc. 1, ¶¶ 8, 14, 19 (Sept. 15, 2020), attached hereto as Exhibit B. In this action, Defendant argues that statements published between December 2014 and May 2020 "have caused tremendous damage to his personal and professional reputation, his business, his health and caused him emotional and physical pain and suffering." Am. Counterclaims, Doc. 127 ¶ 8 (June 3, 2020). Plaintiff is entitled to see the evidentiary support for the damages Defendant claims in the *Dershowitz v. CNN* action to ensure that they do not overlap with the damages he claims in this action. Plaintiff's request imposes essentially no burden on Defendant (certainly less burden than the time and expense of objecting to this straightforward request), as he need only provide Plaintiff copies of relevant document productions in the *Dershowitz v. CNN* action.

Hon. Loretta A. Preska
February 10, 2022
Page 2

      Defendant has refused to produce the requested documents on the ground that they relate to "Defendant's reputation as a legal scholar which is irrelevant to any claim or defense in this action." Ex. A, at 8. As an initial matter, a premise of Defendant's objection is mistaken: information about Defendant's reputation as a legal scholar is relevant to this litigation because Defendant has claimed damages to his "professional reputation," which presumably encompasses his reputation in his primary profession as a legal scholar. In any event, the purpose for which Plaintiff requests this information is not to understand the content of his reputation as a legal scholar, but instead to ensure that he is not double counting his injuries. For example, if Defendant's publisher cancelled a book deal, and Defendant claims that it did so because of Plaintiff's statements, Plaintiff is entitled to know whether he is simultaneously taking the position that the same cancellation occurred because of CNN's portrayal of his impeachment defense.

      Perhaps recognizing their relevance, Defendant offered to produce the documents if "Plaintiff withdraws her objections to Defendant's own efforts to take discovery from Plaintiff concerning other sources and causes of harm to her reputation." Ex. A, at 8–9. Yet Defendant has not and cannot identify any document requests to Plaintiff "concerning other sources and causes of harm to her reputation" that Plaintiff has refused to answer because there are none. At the parties' meet and confer, Defendant's counsel explained that his offer referred to Plaintiff's opposition to Defendant's request to exceed the ten-deposition limit and Defendant's requests for admission. The comparison between the objections is a false one.

      To begin, the standard for document requests differs from the standard for requests to exceed the ten-deposition limit and requests for admission. Defendant bears a higher burden to show the need to take additional depositions beyond the number permitted by the Federal Rules, even if those depositions may be marginally relevant, and the function of requests for admission is to narrow the factual disputes for trial. As set forth in Plaintiff's letters of January 11 and 20, 2022, Defendant has not met either standard. *See* Docs. 393, 398. By contrast, the request at issue here is a simple request for production (for which there is no numeric limitation in the Rules) that imposes a de minimis burden on Defendant and is therefore subject to a low standard for relevance, which Plaintiff easily clears.

      In any event, Plaintiff's rationale for requesting these documents bears no resemblance to Defendant's reputational rationale for the deposition and admissions he seeks. The relevance of documents substantiating injuries that are—on the face of the pleadings—identical to the injuries claimed here cannot seriously be disputed, and Defendant's counsel acknowledged their relevance at the parties' meet and confer. But Defendant does not seek information about the damage caused to Plaintiff's reputation by any independent cause. Instead, as set forth in our letters of January 11 and 20, Defendant seeks to *cause* damage to Plaintiff's reputation by dredging up information that is not already public—or, to the extent that it is public to weaponize such information in his scorched-earth, blame-the-victim media campaign.

      The parties met and conferred and were unable to reach an agreement on Plaintiff's request. I therefore respectfully request that the Court consider this dispute in connection with the parties' other disputes concerning Defendant's refusal to produce responsive, non-privileged documents.

Hon. Loretta A. Preska
February 10, 2022
Page 3

                                      Respectfully,

                                      s/ Nicole J. Moss
                                      Nicole J. Moss

CC: Counsel of Record (via ECF)