UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
VIRGINIA L. GIUFFRE,

                 Plaintiff,

 -against-

 ALAN DERSHOWITZ,

                 Defendant.
```

No. 19 Civ 3377(LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are four discovery motions:
(1) Dershowitz's motion to compel (dkt. no. 297); (2) Giuffre's
motion to compel (dkt. no. 373); (3) Dershowitz's motion to
exceed ten depositions (dkt. no. 391); and (4) Dershowitz's
motion to deem admitted certain requests for admissions (dkt.
no. 397).  Each of these motions have been extensively briefed,
and the Court considers them to be fully submitted.  This order
resolves many, but not all, of the parties' myriad discovery
disputes.  As discussed below, the Court will hear from the
parties on the issues that remain at a teleconference scheduled
for February 22, 2022.

## I.  Dershowitz's motion to compel

Dershowitz filed a motion to compel on May 4, 2021 (dkt.
nos. 297-301), Giuffre opposed on May 20, 2021 (dkt. nos. 309-
312), Dershowitz replied on May 27, 2021 (dkt. nos. 318-321),
Dershowitz submitted a supplemental filing on November 2, 2021

1

(dkt. no 352), and Giuffre responded to the supplemental filing on November 12, 2021 (dkt. nos. 359-360.)

Counsel shall be prepared to discuss at the February 22 conference Dershowitz's motion to compel privileged communications between Giuffre and her attorneys based on a purported "at issue" waiver of the attorney-client privilege.

## II. Giuffre's motion to compel

Giuffre filed a motion to compel on December 3, 2021 (dkt. nos. 373-374), Dershowitz opposed on December 13, 2021 (dkt. nos. 380-381), and Giuffre replied on December 15, 2021 (dkt. nos. 384-385).

Giuffre raises four issues, which are discussed in turn.

### 1. Documents Withheld on the Basis of Privilege

#### a. Common Interest Doctrine

Counsel shall be prepared to discuss at the February 22 conference the issues surrounding Dershowitz's assertion of the common interest exception to waiver of privilege.

#### b. Harvard Email Account

The motion to compel the production of otherwise privileged communications on the basis that Dershowitz lacked an expectation of privacy in his Harvard email account is denied. Dershowitz enjoyed an expectation of privacy in using his Harvard email account such that privilege may attach where the requirements of privilege are otherwise met.  Harvard's General

Counsel has expressly acknowledged and agreed that Dershowitz
has a substantial interest in protecting confidential and
sensitive information in his emails, including those protected
by attorney-client privilege.  And Harvard's Policy on Access to
Electronic Information makes clear that users have a strong
expectation of privacy in their use of Harvard's email servers.
Accordingly, the motion to compel on the basis of Dershowitz's
alleged lack of expectation of privacy in communications in his
Harvard email account is denied.

### c.   Lawyer Associates

The motion to compel communications between Dershowitz and
his lawyer associates is granted in part.  Dershowitz has
asserted privilege over communications with dozens of individual
attorneys with whom the existence of an attorney-client
relationship is unclear.  As the parties are well aware, the
burden rests on the party asserting the attorney-client
privilege to demonstrate that the privilege applies.  Dershowitz
has agreed to produce the purportedly privileged communications
with three attorneys who have disclaimed the existence of any
attorney-client relationship with Dershowitz:  Kenneth Feinberg,
Jeannie Suk Gersen, and Richard H. Pildes.  Those communications
shall be produced.

As to the withheld communications with the remaining
attorneys who have not disclaimed the existence of an attorney-

client relationship, Plaintiff shall select five withheld communications, which Dershowitz shall produce to the Court for <u>in camera</u> review.  If necessary, counsel shall be prepared to discuss at the February 22 conference the logistics for selection and production of documents for <u>in camera</u> review.

### d.   Mediations

The motion to compel communications on the ground of mediation privilege relating to the mediation before David Stone is granted on consent.  To the extent there are withheld documents from the court-ordered mediation with Judge Jeff Streitfeld, counsel shall be prepared to discuss those at the February 22 conference.

### e.   Work Product

Giuffre challenges Dershowitz's decision to withhold on the basis of the work-product privilege certain communications or documents.  Giuffre shall select five communications or documents, which Dershowitz shall produce to the Court for <u>in camera</u> review.  If necessary, counsel shall be prepared to discuss at the February 22 conference the logistics for selection and production of documents for <u>in camera</u> review.

**2.     Documents Withheld on the Basis of Relevance**

    **a.    _Dershowitz v. Netflix_ and _Boies v. Dershowitz_ Discovery**

The motion to compel this discovery is granted.  The discovery in _Netflix_ and _Boies_ are relevant because the statements at issue in those cases are either the same as or similar and highly relevant to the statements alleged here.  The burden of production is minimal as the materials are in the Defendant's custody and control and thus should require little more than forwarding the material to counsel.  Little to no review is required given the substantial overlap in the cases and the protective order in place in this action.  And fairness does not weigh against compelling production.  Giuffre has been compelled to produce material subject to protective order or sealing order in _Giuffre v. Maxwell_.  Although Dershowitz points out that the order compelling Giuffre to produce materials in the _Maxwell_ case was tailored, that does not weigh against full production here because the cases did not share the same level of similarity.  As discussed, the _Netflix_ and _Boies_ cases involve the same or very similar statements to those alleged here.  Accordingly, the motion to compel production of the discovery in the _Netflix_ and _Boies_ cases is granted.

b.   **_Edwards v. Dershowitz_ Settlement Amount**

The motion to compel production of the settlement amount in _Edwards v. Dershowitz_ is granted.  Dershowitz appears to concede that settlements of related disputes are relevant and discoverable as he sought and received settlement agreements, including settlement amounts, from Giuffre regarding related disputes.  (See Dkt. No. 373 at 12.)  The Court assumes those agreements, including the settlement amounts, have been produced by Plaintiff.  Moreover, Dershowitz made the statements at issue in this case after settling the _Edwards_ case.  Accordingly, the settlement is relevant to Dershowitz's state of mind.  And production will impose little to no burden on Dershowitz as the document(s) have been collected and are within Dershowitz's custody or control.  Dershowitz shall produce the document(s) containing the _Edwards_ settlement amount.

c.   **Tax Returns**

The motion to compel the production of Dershowitz's tax returns is granted.  The returns are relevant to show economic loss, and there is a compelling need because the information is not otherwise obtainable.  The burden of producing tax returns is minimal, and fairness weighs in favor of production as Plaintiff has already produced her tax returns, presumably for the same purpose.  Under the circumstances, what's sauce for the goose is sauce for the gander.

6

### d.   Harvard Email Search Terms

The motion to compel the production of responsive documents and communications contained in Dershowitz's Harvard email account that hit on the eight search terms proposed by Giuffre is granted.  These search terms are reasonable, the burden is not excessive, and there is no unfairness.  Dershowitz shall direct Harvard to run these terms and review and produce or log the documents returned by the search terms.

### 3.   Incomplete Interrogatories

The motion to compel Dershowitz to provide complete responses to the interrogatories regarding recordings is granted.  Dershowitz shall respond fully to interrogatories 4 and 7, including answers as to whether the recordings are originals or reproductions and whether he edited, enhanced, or deleted portions of the original recordings.

### 4.   Unreasonably Early Notices of Depositions

The Court declines to consider the parties' dispute as to the timing of depositions until discovery is substantially complete.  As the disputes discussed in this order reveal, discovery is not substantially complete.  The sooner the parties produce the relevant discovery and resolve their privilege objections, the sooner depositions can take place.

## III. Dershowitz's motion to exceed ten depositions

Dershowitz moved to exceed ten depositions on January 4, 2022 (dkt. no. 391), Giuffre opposed on January 11, 2022 (dkt. nos. 393-394), and Dershowitz replied on January 12, 2022 (dkt. no. 395).

Counsel shall be prepared to discuss this motion at the February 22 conference.

## IV. Dershowitz's motion to deem admitted certain unanswered requests for admissions

Dershowitz moved to deem admitted certain requests for admissions on January 14, 2022 (dkt. no. 397), Giuffre opposed on January 20, 2022 (dkt. no. 398), and Dershowitz replied on January 21, 2022 (dkt. no. 399.)

The motion is granted in part.  Plaintiff has put at issue her reputation as a sex trafficking victim and advocate, and the requests for admissions sought regarding the testimony of Ms. Andriano are clearly relevant to that reputation. Accordingly, Plaintiff shall respond to these requests for admission.  As Dershowitz notes, the Court is not being asked to, and does not, rule on whether this evidence ultimately will be admissible at trial.  Sufficient unto the day is the evil thereof.

*     *     *

For the reasons stated herein, Giuffre's motion to compel (dkt. nos. 373-374) is granted in part, denied in part and reserved in part; and Dershowitz's motion to deem as admitted certain requests for admission (dkt. no. 397) is granted in part.  Decision on Dershowitz's motion to compel the production of attorney-client communications (dkt. no. 297) and his motion to exceed ten depositions (dkt. no. 391) is reserved pending the February 22 conference.

The parties shall appear for a telephonic conference on Tuesday February 22, 2022 at 11:00 a.m., to discuss the disputes that remain, namely:

- Dershowitz's motion to compel the production of attorney-client privileged communications due to a purported "at issue" waiver of privilege.  (See supra Part I.)

- Giuffre's motion to compel the production of documents subject to Dershowitz's assertion of the common interest doctrine.  (See supra Part II.1.a.)

- If necessary, the logistics of selection and production of documents for in camera review (See supra Parts II.1.c and II.1.e.)

- Whether disputes remain over Dershowitz's assertion of the mediation privilege.  (See supra Part II.1.d.)

- Timing of depositions.  (See supra Part II.4.)

- Dershowitz's motion to exceed ten depositions.  (See supra Part III.)

The information to access the teleconference is as follows: Dial-in:  (877) 402-9753; Access code:  6545179.

The Court is in receipt of Giuffre's letter dated February 10, 2022 seeking to compel the production of "document productions in <u>Dershowitz v. CNN</u> that contain Documents that [Dershowitz] intends[s] to use to support [his] allegations of injury in that action, irrespective of whether [he has] produced the Documents in this Action."  (<u>See</u> Dkt. No. 400 at 1.) Defendant shall respond no later than Wednesday February 16, 2022 at 5:00 p.m., and Plaintiff shall reply no later than Friday February 18, 2022 at 5:00 p.m.  If necessary, the parties shall be prepared to discuss this motion at the February 22 conference.

**SO ORDERED.**

Dated:       February 14, 2022
             New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge