# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Charles J. Cooper
(202) 220-9660
ccooper@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

February 15, 2022

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: ***Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP**
    Supplemental Filing re Docs. 297, 309, 352, 359

Dear Judge Preska:

  Plaintiff Virginia Giuffre respectfully submits this letter to supplement the record with new information for the Court's consideration regarding the resolution of Defendant's pending motion seeking a *Zolin* examination of Plaintiffs' attorney-client communications. Doc. 297 (May 4, 2021). As the Court may recall, at the hearing on November 16, 2021, the Court asked the undersigned counsel for Plaintiff about counsel's review of the emails and other communications between Plaintiff and her former lawyers in this case. Tr. 38:1–42:19 (Nov. 16, 2021). In that colloquy, counsel for Plaintiff agreed with the Court that the attorney-client privilege would not apply to an email or other communication between Plaintiff and her former counsel suggesting that Plaintiff falsely accused Defendant of sexually abusing her as part of a scheme by Plaintiff and her former lawyers to extort money from Mr. Leslie Wexner and/or other wealthy individuals. *Id.* at 39:12–40:14. Counsel represented to the Court that we had obtained from Plaintiff her emails and other communications with her former lawyers, that we had reviewed those communications, and that there were no communications suggesting in any way, shape, or form that Plaintiff had falsely accused Defendant, let alone that Plaintiff and her former lawyers had concocted or had otherwise engaged in an extortion plot like that alleged by Defendant. *Id.* at 40:9–40:19. Counsel for Plaintiff further represented that if any such communication existed, counsel would have produced it and/or filed a withdrawal motion. *Id.* Finally, counsel acknowledged that we had not, at the time of the last hearing, obtained from Plaintiff's former lawyers any emails or other communications with Plaintiff that her former lawyers maintain but that Plaintiff may no longer have in her email account. *Id.* at 41–42. The Court encouraged us to obtain those emails. *Id.* at 42:8–19.

  I write to inform the Court that since the last hearing we have been able to obtain and review all of the potentially pertinent communications between Plaintiff and her former lawyers.[1] Specifically, we

---

[1] Based on this review, we are in the process of updating Plaintiff's privilege log and producing a small number of non-privileged communications. This updated log and small production will be provided to counsel for defendant by the end of this week.

February 15, 2022
Page 2

have obtained from Boies, Schiller, Flexner ("BSF") the emails between Plaintiff and David Boies and/or Sigrid McCawley that were sent up to the date of the filing of the complaint in this matter. We have also obtained from Stan Pottinger the emails between Plaintiff and Mr. Pottinger that were sent up to the filing of the complaint in this matter. We have obtained from Paul Cassell his emails to and from Plaintiff in 2014 (when Judge Cassell first began representing Plaintiff and the alleged extortion scheme was purportedly initiated) and 2015 (when the alleged extortion scheme was purportedly carried out). We likewise have obtained from Brad Edwards his emails to and from Plaintiff in 2014 and 2015. Judge Cassell's and Mr. Edwards' emails are particularly burdensome to obtain as they were archived by third-parties (the University of Utah in the case of Judge Cassell and in the case of Mr. Edwards, his prior law firm). Because of the burden of obtaining years of additional emails and the diminished relevance of emails years after the alleged extortion scheme was purportedly concocted and carried out, we have not obtained or reviewed Judge Cassell's and Mr. Edwards' emails after 2015.

Based on the emails we have obtained and reviewed, undersigned counsel can again unequivocally represent to the Court that we have found no communications in which there is any suggestion, discussion, effort, or hint that Plaintiff and her prior counsel were engaged in any scheme to falsely name Defendant (or anyone else) in public as one of Plaintiff's abusers in order to extort money from Mr. Wexner (or anyone else), or for any other purpose. If any such communication had been discovered, it would not be privileged and would have been produced, and we would have sought to withdraw from the case. In short, this additional review effort of Plaintiff's prior counsels' email further makes clear that there is no basis to support a *Zolin* examination of Plaintiff's privileged communications.

The fact that communications in furtherance of a scheme to falsely accuse Defendant in order to extort money from Mr. Wexner (or anyone else) would not be privileged also confirms the conclusion that Plaintiff has not put "at issue," and thus has not waived her claim of privilege over, any privileged communication. Because such communications would not be privileged in the first instance, any discussion about them—including a denial of their existence—cannot be the basis for finding a waiver of any privilege, much less the privilege protecting the communications that did take place between Plaintiff and her prior counsel. *See* Pl's Resp. in Opp'n to Def's Mot. to Compel, Doc. 311 (May 20, 2021). As explained in our opposition to his motion to compel, Defendant cannot use the at-issue waiver doctrine to circumvent a *Zolin* examination. *Id.* at 10. If he has not made the lesser showing required for a *Zolin* examination, then he certainly has not carried his more demanding burden to breach the privilege by compelling Plaintiff to produce her privileged attorney-client communications—which, again, do not and could not include communications of the sort Defendant suggests. *Id.* at 3.

Respectfully,

s/Charles J. Cooper
Charles J. Cooper

CC: Counsel of Record (via ECF)