

Christian G. Kiely
ckiely@toddweld.com

February 18, 2022

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
             Request for Pre-Motion Conference re: Motion to Compel Production of
             Documents Relating to Lie Detector Examination

Your Honor:

      Defendant Alan Dershowitz ("Prof. Dershowitz") respectfully submits this letter to request a pre-motion conference at which he will move for an order compelling Plaintiff to produce documents concerning a lie detector examination she purportedly submitted to with respect to her accusations against Prof. Dershowitz. Plaintiff, her lawyers at Boies Schiller Flexner LLP ("BSF"), and the polygrapher, Valerie Rivera, have stonewalled Prof. Dershowitz's efforts to obtain these highly relevant documents and he must therefore seek the Court's intervention.

      Plaintiff's attorney David Boies has publicly declared in an affidavit submitted in this action that Plaintiff submitted to and passed a polygraph examination concerning her accusations against Prof. Dershowitz, which he asserts "further confirm[s] she was truthful when she accused Mr. Dershowitz of having sex with her." *See* ECF No. 36-12 at ¶ 16 (attached hereto as Exhibit A). Clearly the report of this lie detector examination, purportedly administered in an effort to ascertain the truth or falsity of Plaintiff's accusations against Prof. Dershowitz, is discoverable in this action. However, when asked to produce the lie detector report and related documents, Plaintiff responded (*see* Exhibit B) that the only responsive document she could locate in either her or her lawyers' possession was a single page affidavit from the polygrapher, Ms. Rivera (attached hereto as Exhibit C), which states in substance only that Ms. Rivera "administered a polygraph examination to [Plaintiff] seeking the veracity of her allegations of intimate sexual relations with [Prof. Dershowitz]" and that "[a]fter a complete evaluation of the examination, the results were No Deception Indicated." *Id.* at ¶¶ 7 & 9.

      Following Plaintiff's refusal to produce any documents concerning the polygraph examination other than the one page Rivera Affidavit, Prof. Dershowitz served Ms. Rivera with a subpoena which sought the production of documents concerning any polygraph examinations she had administered to Plaintiff, including but not limited to the questions, answers, charts and "results" referenced in her affidavit, as well as any communications with Plaintiff's attorneys concerning those polygraph examinations. Ms. Rivera, represented by BSF, objected to producing any documents in response to this subpoena on a litany of grounds, including that Ms. Giuffre's



polygraph examination *concerning the truth or falsity of her allegations against Prof. Dershowitz* is somehow "irrelevant to this litigation." *See* Exhibit D at 2. Counsel thereafter engaged in a meet and confer process during which BSF, as counsel for Ms. Rivera, indicated she would agree to produce only certain unspecified files generated by the polygraph software (which counsel could not even open or describe), if Prof. Dershowitz agreed to drop his request for communications between Ms. Rivera and BSF concerning the administration of the polygraph examination, or any other documents. BSF, as counsel for Ms. Rivera, refused even to describe in general terms which categories of responsive documents exist or their approximate volume, despite having objected to the subpoena on burden grounds. *See* Exhibit E.

Prof. Dershowitz hereby requests that the Court put an end to Plaintiff's and BSF's stonewalling and order Plaintiff to obtain the results of her own polygraph, and related documents – including communications between Giuffre or BSF and Ms. Rivera – and produce those documents in this action. Parties are required to produce in discovery relevant, non-privileged documents which are in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). It is no answer to Prof. Dershowitz's request that Plaintiff or BSF do not presently *possess* any responsive documents (as dubious as that claim may be), because Plaintiff clearly has the right to obtain these documents upon request, and therefore they are within her *control* for purposes of Fed. R. Civ. P. 34.[1] "'Control' has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought upon demand." *S.E.C. v. Credit Bancorp, Ltd*., 194 F.R.D. 469, 471 (S.D.N.Y. 2000). *See also In re Application of Potanina*, 2015 WL 4476612, at *1 (S.D.N.Y. June 30, 2015) (Preska, D.J.) ("As a matter both of logic and of law, the ability to obtain or access documents must be the sine qua non of 'control'; a clearer statement of the rule therefore might read: 'control can be found where a party has the practical ability to acquire or access documents by (1) legal entitlement or (2) any other means.'").

Here, there can be no serious question that Plaintiff has the practical ability to obtain documents concerning the polygraph examination from her lawyers at BSF, and by extension, from Ms. Rivera, who was both hired by BSF to administer the examination at their direction and who is represented by BSF in connection with Prof. Dershowitz's subpoena to her. *See MTB Bank v. Federal Armored Express, Inc*., 1998 WL 43125, *4 (S.D.N.Y. Feb. 2, 1998) ("the clear rule [under Fed. R. Civ. P. 34] is that documents in the possession of a party's current or former counsel are deemed to be within that party's possession, custody or control."). Indeed, Plaintiff has recently represented to the Court that she obtained emails from BSF and Plaintiff's other former counsel which were no longer in her possession, and produced certain of those emails in discovery. *See* ECF No. 403 at 1-2 (representing that Plaintiff "obtained from Plaintiff's former lawyers any emails or other communications with Plaintiff that her former lawyers maintain but that Plaintiff may no longer have in her email account"). Prof. Dershowitz should not be put to the burden of

---

[1] Plaintiff's claim that her lawyers at BSF do not possess any records concerning the polygraph examination is not only implausible, it is contradicted by the Rivera Affidavit, which states that the results of the examination were "forwarded to counsel" for Plaintiff. *See* Ex. C at ¶ 9.



Hon. Loretta A. Preska
February 18, 2022
Page 3 of 3

filing an action to enforce his subpoena to Ms. Rivera in federal court in Miami in order to obtain documents which are plainly within Plaintiff's "control" under Rule 34.

There can be no valid assertion of work product protection or other privilege surrounding the alleged polygraph exam. Whatever privilege might once have existed has been waived where Plaintiff has already disclosed the purported existence of the exam and publicly proclaimed that she passed, both in an affidavit from Mr. Boies submitted in this action, *see* Ex. A, and in an affidavit from Ms. Rivera, *see* Ex. C, which was submitted in response to a bar complaint against Mr. Boies and produced in discovery in this action. Rule 502 of the Federal Rule of Evidence provides, with regard to the disclosure of work product in federal proceedings, that such waiver "extends to an undisclosed communication or information" if "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a). As the Second Circuit has explained, subject matter waiver is justified "when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged materials potentially capable of rebutting the assertion." *In re County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (internal quotation marks omitted). It would be fundamentally unfair for Plaintiff in this case to rely upon the purported results of the lie detector examination, as she has, as "further confirm[ation] she was truthful when she accused Mr. Dershowitz of having sex with her," Ex. A at ¶ 16, without disclosing the actual results, or the questions she was asked, or communications between her counsel and the polygrapher regarding which questions she would be asked. Accordingly, to the extent Plaintiff asserts that documents relating to the lie detector examination are protected work product, the Court should find that the privilege has been waived.

For the foregoing reasons, Prof. Dershowitz respectfully requests that Court hold a pre-motion conference at which he will move for an order compelling Plaintiff to obtain and produce the results of her lie detector examination, other documents relating to the administration of the exam, and any communications between Ms. Rivera and BSF concerning the administration of the exam.

Respectfully submitted,

/s/ *Christian G. Kiely*
Christian G. Kiely

cc: All counsel of record, via ECF