

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Rachel F. Strom**
(212) 489-8230 tel
(212) 489-8340 fax

rachelstrom@dwt.com

February 21, 2022

The Honorable Loretta A. Preska
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz:* 1:19-cv-03377 (LAP)
               Production of nonparties' confidential discovery

Dear Judge Preska:

      We represent non-parties in this action, who are currently being sued by defendant Alan Dershowitz in a separate action, *Dershowitz v. Netflix, et al.* (21-cv-21961) (S.D. Fla. 2021) (the "Florida Action"). Our clients are Netflix, Inc., the subscription streaming service, and the journalists and production company that created a Netflix documentary series about Jeffrey Epstein (the "Netflix Nonparties").[1] Through emails among members of the New York Bar Association, we learned of the Court's recent order, Dkt. No. 401 ("Order"), which compels Mr. Dershowitz to produce discovery that our clients have produced in the Florida Action.  That discovery would consist entirely of confidential newsgathering material created in the course of developing and creating the Epstein documentary. We respectfully ask the Court to give our clients the opportunity to be heard before their confidential material is produced in this case.

      Counsel for Mr. Dershowitz only informed us on Friday evening—before a holiday weekend—that this Court is holding a conference where this issue would be raised on Tuesday, the very next business day.  Due to a previously scheduled Second Circuit oral argument, however, we are unable to attend.  Counsel merely provided a listen-in telephone number, so we would not be able to present objections in any event.  We respectfully request this Court schedule another hearing for the Netflix Nonparties to present their objections before Mr. Dershowitz turns over their documents.

      Counsel's delay in advising the Netflix Nonparties of this issue violates the protective order in the Florida Action.  The protective order required Mr. Dershowitz to provide the Netflix Nonparties with notice that their documents were being sought in this case. But Mr. Dershowitz

---

[1] In addition to Netflix, Inc. we represent RadicalMedia LLC, Leroy & Morton Productions LLC, Lisa Bryant, and Joseph Berlinger.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Loretta A. Preska
February 21, 2022
Page 2

never informed us of the discovery requests seeking their documents, Ms. Giuffre's motion to compel these documents, or even this Court's Order. Instead, we learned about the Order from bar association emails.

When we learned of the Order, we immediately contacted the attorneys representing Mr. Dershowitz in the Florida Action. We explained that we understood the Order to require Mr. Dershowitz to produce the Netflix Nonparties' confidential documents, and that it certainly sounded to us like Mr. Dershowitz had violated his obligations to advise us under the protective order. We requested that counsel for Mr. Dershowitz confirm our understanding by the following day so that the Netflix Nonparties could, in accordance with the Protective Order, "try to protect [their] confidentiality interests." *See* **Exhibit A**.

Rather than confirm our understanding or even respond in any meaningful way, counsel for Mr. Dershowitz stated that they were "looking into this" and would "circle back by close of business Friday." *See* **Exhibit B**. At 4:57 p.m. on Friday, February 18, counsel for Mr. Dershowitz emailed that "counsel for Prof. Dershowitz in the *Giuffre* action does not have access to and has not been provided the documents produced by your client," and "we expect that Judge Preska will not order these documents produced" in any event. *See* **Exhibit C**. In addition, Mr. Dershowitz's counsel indicated that there would be a hearing at 12 p.m. on the following business day, Tuesday, February 22, 2022, and provided us with a telephone number for a "listen-only public line," if we wanted to "lodge [our] objections on behalf of [our] clients." *Id.* Finally, Mr. Dershowitz's counsel stated that "counsel in the *Giuffre* case have taken the position that confidential documents are outside the scope of Judge Preska's order and will raise that on Tuesday." *Id.*

This email concerns us for several reasons:

- *First*, the attempt to distance counsel for Mr. Dershowitz in both cases is specious. There has been clear coordination between these lawyers throughout the Florida Action. Although he has not formally appeared there, counsel for Mr. Dershowitz in this case, Howard Cooper, has at times participated on our calls and has openly advised Mr. Dershowitz on strategy in pursuing his claims against the Netflix Nonparties. The suggestion that he does not have ready access to the Netflix Nonparties' documents simply defies belief. In any event, he must have access to the publicly-filed protective order in the Florida Action, which sets out the requirements that are meant to prevent what has happened here.

- *Second*, while Mr. Dershowitz's counsel is obviously trying to avoid a finding that they violated our protective order, their representation that the Court "will not order" the production of the Netflix Nonparties' confidential documents has no basis in reality. Indeed, it appears from the text of the Order that the Court *already* ordered the production of these documents. This is exactly the situation the protective order is meant to prevent.

Hon. Loretta A. Preska
February 21, 2022
Page 3

- *Third*, waiting to respond until nearly 5 p.m. on a Friday evening before a holiday weekend and simply providing a *listen-only* phone line for the following business day does not afford the Netflix Nonparties a meaningful opportunity to protect their confidentiality interests. In fact, it is hard to understand how we could lodge any objections on a listen-only telephone line.

The materials (apparently sought by Ms. Giuffre and ordered to be produced by the Court) are the Netflix Nonparties' confidential newsgathering materials, which would otherwise be protected from disclosure pursuant to New York Civil Rights Law § 79-h and Florida's similar statutory and common-law privileges that protect journalists from disclosing unpublished material obtained during the course of their newsgathering activity. While the Netflix Nonparties had to produce these materials to Mr. Dershowitz in order to defend themselves against Mr. Dershowitz's meritless claims in the Florida Action, they did so with the understanding that the materials would remain protected under the parties' protective order and would not be further distributed to third-parties—particularly without Mr. Dershowitz following the requirements of the protective order. While we intend to raise Mr. Dershowitz' breach of the protective order with the Southern District of Florida, we request an opportunity to move this Court for a protective order before Mr. Dershowitz provides the Netflix Nonparties' documents to Ms. Giuffre.

Flatly, the Netflix Nonparties should not be punished for Mr. Dershowitz's inexcusable gamesmanship, bringing this hearing to our attention at the very last moment. Because we have a previously scheduled Second Circuit oral argument, we are unable to attend this hearing. We therefore respectfully request that the Court timely schedule another hearing during which the Netflix Nonparties can present their objections to this Court.

    Respectfully,

    Davis Wright Tremaine LLP

    */s/ Rachel F. Strom*

    Rachel F. Strom

cc:    All counsel of record (via ECF)
       Benjamin Brodsky, counsel for Mr. Dershowitz (via email)
       Dan Humphrey, counsel for Mr. Dershowitz (via email)
       Sean Burstyn, counsel for Mr. Dershowitz (via email)
       Phil Byler, counsel for Mr. Dershowitz (via email)
       Hon. Cecilia M. Altonaga (via email)
       Hon. Edwin G. Torres (via email)

# EXHIBIT A

| | |
|---|---|
| **From:** | Levine, Amanda |
| **Sent:** | Tuesday, February 15, 2022 7:17 PM |
| **To:** | 'Benjamin Brodsky'; 'Dan Humphrey'; 'sean.burstyn@burstynlaw.com'; 'Phil Byler' |
| **Cc:** | Strom, Rachel; Cherner, Lindsey; Deanna Shullman |
| **Subject:** | Giuffre v. Dershowitz Discovery Order |
| **Attachments:** | preska US_DIS_NYSD_1_19cv3377_401_ORDER_granting_in_part_and_denying_in_part_373_Let.pdf |

Counsel:

We learned today of the attached court order in *Giuffre v. Dershowitz*, in which Judge Preska orders Professor Dershowitz to produce discovery from our case, *Dershowitz v. Netflix*. From your pre-motion letters, it appears that this order requires you to provide not only documents that you produced in the *Netflix* litigation, but documents produced by Defendants as well.

If our understanding is correct, it appears that you are in violation of Section 8 of the parties' Stipulated Protective Order, which requires you to notify Defendants in writing if Professor Dershowitz is "served with a subpoena, demand or a court order issued in another litigation . . . that compels disclosure of any information or items designated in this action as 'CONFIDENTIAL' [or] 'HIGHLY CONFIDENTIAL.'"

So that we can assess our options here, please confirm by the end of the day, Wednesday, February 16, that our understanding is correct. Indeed, in accordance with the Stipulated Protective Order, Defendants are entitled to "try to protect [their] confidentiality interests" by seeking a protective order from the court, and we need to understand the scope of Judge Preska's order and the discovery demands that were served on your client to determine if we need to move for a protective order and raise this breach with Judge Torres.

Thank you,
Amanda


**Amanda Levine** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 402-4061 | Fax: (212) 489-8340
Email: amandalevine@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

# EXHIBIT B

| | |
|---|---|
| **From:** | Benjamin Brodsky <bbrodsky@bfwlegal.com> |
| **Sent:** | Wednesday, February 16, 2022 4:29 PM |
| **To:** | Levine, Amanda; Dan Humphrey; sean.burstyn@burstynlaw.com; Phil Byler |
| **Cc:** | Strom, Rachel; Cherner, Lindsey; Deanna Shullman |
| **Subject:** | RE: Giuffre v. Dershowitz Discovery Order |

**[EXTERNAL]**

Hi Amanda, we are looking into this and will circle back by close of business Friday.

*********************

Benjamin H. Brodsky, Esq.



200 SE 1st Street
Suite 400
Miami, Florida 33131
T. 305-503-5054
F. 786-749-7644
bbrodsky@bfwlegal.com
www.bfwlegal.com

**From:** Levine, Amanda <AmandaLevine@dwt.com>
**Sent:** Tuesday, February 15, 2022 7:19 PM
**To:** Benjamin Brodsky <bbrodsky@bfwlegal.com>; Dan Humphrey <dan@bfwlegal.com>; sean.burstyn@burstynlaw.com; Phil Byler <pbyler@nmllplaw.com>
**Cc:** Strom, Rachel <RachelStrom@dwt.com>; Cherner, Lindsey <LindseyCherner@dwt.com>; Deanna Shullman <dshullman@shullmanfugate.com>
**Subject:** Giuffre v. Dershowitz Discovery Order

Counsel:

We learned today of the attached court order in *Giuffre v. Dershowitz*, in which Judge Preska orders Professor Dershowitz to produce discovery from our case, *Dershowitz v. Netflix*. From your pre-motion letters, it appears that this order requires you to provide not only documents that you produced in the *Netflix* litigation, but documents produced by Defendants as well.

If our understanding is correct, it appears that you are in violation of Section 8 of the parties' Stipulated Protective Order, which requires you to notify Defendants in writing if Professor Dershowitz is "served with a subpoena, demand or a court order issued in another litigation . . . that compels disclosure of any information or items designated in this action as 'CONFIDENTIAL' [or] 'HIGHLY CONFIDENTIAL.'"

So that we can assess our options here, please confirm by the end of the day, Wednesday, February 16, that our understanding is correct. Indeed, in accordance with the Stipulated Protective Order, Defendants are entitled to "try to protect [their] confidentiality interests" by seeking a protective order from the court, and we need to understand the scope of Judge Preska's order and the discovery demands that were served on your client to determine if we need to move for a protective order and raise this breach with Judge Torres.

Thank you,
Amanda


**Amanda Levine** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 402-4061 | Fax: (212) 489-8340
Email: amandalevine@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

# EXHIBIT C

| | |
|---|---|
| **From:** | Benjamin Brodsky <bbrodsky@bfwlegal.com> |
| **Sent:** | Friday, February 18, 2022 4:57 PM |
| **To:** | Levine, Amanda; Dan Humphrey; sean.burstyn@burstynlaw.com; Phil Byler |
| **Cc:** | Strom, Rachel; Cherner, Lindsey; Deanna Shullman |
| **Subject:** | RE: Giuffre v. Dershowitz Discovery Order |

[EXTERNAL]

Hello all,

Counsel for Prof. Dershowitz in the *Giuffre* action does not have access to and has not been provided the documents produced by your clients in this case. Our understanding is that Prof. Dershowitz has consistently objected to producing these documents in that case. Given her treatment of the Maxwell documents, we expect that Judge Preska will not order these documents produced given the protective order in our case. In the meantime, below is a notification for a hearing on Tuesday at which this issue will be raised again in the event you want to lodge your objections on behalf of your clients. Our further understanding is that Prof. Dershowitz's counsel in the *Giuffre* case case have taken the position that confidential documents in our case are outside the scope of Judge Preska's order and will raise that on Tuesday.

**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Sent:** Tuesday, February 15, 2022 1:16 PM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:19-cv-03377-LAP Giuffre v. Dershowitz Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court

Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 2/15/2022 at 1:16 PM EST and filed on 2/15/2022
**Case Name:**    Giuffre v. Dershowitz
**Case Number:**   1:19-cv-03377-LAP
**Filer:**
**Document Number:** 402

**Docket Text:**
**ORDER re: [401] Order on Motion for Local Rule 37.2 Conference. Further to the Court's February 14, 2022 order (dkt. no. 401), the February 22, 2022 discovery conference will begin at 12 p.m. (rather than 11 a.m.) and will take place remotely by video (rather than by telephone). Chambers will separately transmit the video conferencing information to counsel. A listen-only public line will be available using the following information: Dial-in: (877) 402-**

1

**9753; Access code: 6545179. SO ORDERED. (Discovery Hearing set for 2/22/2022 at 12:00 PM before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 2/15/2022) (kv)**

**1:19-cv-03377-LAP Notice has been electronically mailed to:**

Laura R. Handman     laurahandman@dwt.com, marnishapiro@dwt.com, nycdocket@dwt.com, wdcdocket@dwt.com

John M. Leventhal     judgeleventhal@aidalalaw.com

Arthur Louis Aidala     arthur@aidalalaw.com, alexa@aidalalaw.com, danita@aidalalaw.com, esposito@aidalalaw.com, jaccarino@aidalalaw.com

Eric Joel Feder     ericfeder@dwt.com, nycdocket@dwt.com, tracyjohnson@dwt.com

Marion H. Little, Jr     little@litohio.com, thompson@litohio.com

Joshua Schiller (Terminated)     jischiller@bsfllp.com, NYC_Managing_Clerk@bsfllp.com, bmargulis@bsfllp.com, josh-schiller-2948@ecf.pacerpro.com

Sigrid S. McCawley (Terminated)     smccawley@bsfllp.com, NYC_Managing_Clerk@bsfllp.com, jarnold@bsfllp.com, sigrid-mccawley-4908@ecf.pacerpro.com, sperkins@bsfllp.com

Imran H. Ansari     iansari@aidalalaw.com, asieburth@aidalalaw.com, mdibenedetto@aidalalaw.com, pesce@aidalalaw.com, tfriedman@aidalalaw.com

Charles J Cooper     ccooper@cooperkirk.com, abailey@cooperkirk.com, elizza@cooperkirk.com, johlendorf@cooperkirk.com, ktroilo@cooperkirk.com

Christine Walz     christine.walz@hklaw.com, elvin.ramos@hklaw.com, glenn.huzinec@hklaw.com

Barry Kamins     judgekamins@aidalalaw.com, pesce@aidalalaw.com

Howard M. Cooper     hcooper@toddweld.com, lmahoney@toddweld.com

Nicole J Moss     nmoss@cooperkirk.com, hreeves@cooperkirk.com, jmasterman@cooperkirk.com, ktroilo@cooperkirk.com, rdempsey@cooperkirk.com

Haley N Proctor     hproctor@cooperkirk.com, elizza@cooperkirk.com, ktroilo@cooperkirk.com

Michael W. Kirk     mkirk@cooperkirk.com, elizza@cooperkirk.com, ktroilo@cooperkirk.com

Cynthia Gierhart     cindy.gierhart@hklaw.com

Christian Kiely     ckiely@toddweld.com, sbastardi@toddweld.com

Kristine Chappen Oren     koren@toddweld.com, ejoyce@toddweld.com

**1:19-cv-03377-LAP Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

2

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=2/15/2022] [FileNumber=27248160-
0] [3bfa9ce1e216994c29bdd02d300c640bedd9582c40ef641ca6ee687cb5b0837274
1799a2a5c124aedf432470fc6a0c8a6235bcbf28d792aade183af182473173]]


**********************
Benjamin H. Brodsky, Esq.



200 SE 1st Street
Suite 400
Miami, Florida 33131
T. 305-503-5054
F. 786-749-7644
bbrodsky@bfwlegal.com
www.bfwlegal.com

---

**From:** Levine, Amanda <AmandaLevine@dwt.com>
**Sent:** Tuesday, February 15, 2022 7:19 PM
**To:** Benjamin Brodsky <bbrodsky@bfwlegal.com>; Dan Humphrey <dan@bfwlegal.com>; sean.burstyn@burstynlaw.com; Phil Byler <pbyler@nmllplaw.com>
**Cc:** Strom, Rachel <RachelStrom@dwt.com>; Cherner, Lindsey <LindseyCherner@dwt.com>; Deanna Shullman <dshullman@shullmanfugate.com>
**Subject:** Giuffre v. Dershowitz Discovery Order

Counsel:

We learned today of the attached court order in *Giuffre v. Dershowitz*, in which Judge Preska orders Professor Dershowitz to produce discovery from our case, *Dershowitz v. Netflix*. From your pre-motion letters, it appears that this order requires you to provide not only documents that you produced in the *Netflix* litigation, but documents produced by Defendants as well.

If our understanding is correct, it appears that you are in violation of Section 8 of the parties' Stipulated Protective Order, which requires you to notify Defendants in writing if Professor Dershowitz is "served with a subpoena, demand or a court order issued in another litigation . . . that compels disclosure of any information or items designated in this action as 'CONFIDENTIAL' [or] 'HIGHLY CONFIDENTIAL.'"

So that we can assess our options here, please confirm by the end of the day, Wednesday, February 16, that our understanding is correct. Indeed, in accordance with the Stipulated Protective Order, Defendants are entitled to "try to protect [their] confidentiality interests" by seeking a protective order from the court, and we need to understand the scope of Judge Preska's order and the discovery demands that were served on your client to determine if we need to move for a protective order and raise this breach with Judge Torres.

Thank you,
Amanda

**Amanda Levine** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 402-4061 | Fax: (212) 489-8340
Email: amandalevine@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

4