LAW OFFICES OF
# Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
HON. JOHN LEVENTHAL (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON
ANDREA M. ARRIGO
MICHAEL DIBENEDETTO
TAYLOR FRIEDMAN

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

February 22, 2022

**VIA ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Giuffre v. Dershowitz*, Case No 19-cv-3377-LAP

Dear Judge Preska:

I write to seek clarification of an order the Court issued from the bench at the March 25, 2021 remote conference, a transcript of which is attached hereto as **Exhibit A**. The order, which is found at pp. 71-72 of the transcript, required Prof. Dershowitz to reimburse certain costs incurred by Harvard University in connection with its internal review of certain of Prof. Dershowitz's Harvard email prior to production to Prof. Dershowitz's counsel in this case. Prof. Dershowitz and Harvard disagree regarding the scope of his reimbursement obligation under the Court's order. The issue has now come to a head because Harvard refuses to provide to Prof. Dershowitz and his counsel the additional emails which Prof. Dershowitz must review to comply with the Court's recent order, ECF No. 401. Accordingly, Prof. Dershowitz seeks clarification of the Court's March 25, 2021 order to facilitate the resolution of his dispute with Harvard over reimbursement.

The dispute which was presented to the Court for resolution at the March 25, 2021 remote conference concerned whether Plaintiff or Prof. Dershowitz would be responsible for reimbursing Harvard for costs incurred by Harvard in conduction its own review of a subset of Prof. Dershowitz's email to screen for Harvard confidential information and information possibly protected under the Family Educational and Rights and Privacy Act (FERPA) (hereinafter, the "FERPA review"). More specifically, Harvard at that time was seeking advance payment to cover its costs in conducting that FERPA review on a dataset identified by the parties which contained approximately 5,000 documents.[1] Harvard estimated the cost of this review at $1 per document,

---

[1] *See* Plaintiff's letter, ECF No. 242 at p. 2 (stating that Plaintiff "seeks an order compelling Defendant to pay Harvard immediately so Harvard will promptly review and produce the documents returned by the search terms and parameters set forth in Appendix A[.]")

meaning that the total obligation being considered by the Court was in the neighborhood of $5,000.[2] It was this obligation that Your Honor was referring to when you ruled that "[w]ith respect to the already identified cache of documents identified in Professor Dershowitz's Harvard e-mail, it shall be on Professor Dershowitz to pay whatever costs Harvard insists on being paid." Ex. A at 71-72.

Thereafter, counsel for Prof. Dershowitz repeatedly requested that Harvard send Prof. Dershowitz an invoice and W-9 form so that it could make payment pursuant to the Court's order, with respect to the estimated $5,000 cost. Harvard never responded to this request or provided an invoice or W-9 form. Around the same time, shortly after the March 25, 2021 remote conference, Harvard informed that parties that its ediscovery vendor had made a significant error when applying search terms, and that the total number of documents responsive to the parties' search terms was nearly double the previous estimate which the parties and the Court had relied upon at the March 25, 2021 remote conference.

Ultimately, Harvard did not seek advance payment of its review costs, and never provided an invoice or W-9 form as requested. Instead, once Harvard had completed review and production of all email (with the exception of the additional email which the Court recently ordered to be reviewed, *see* ECF No. 401), it approached Prof. Dershowitz to seek reimbursement of $132,000 in legal fees and vendor costs, more than 26 times its original estimate of $5,000. Relying on the Court's statement during the March 25, 2021 remote conference that "it shall be on Professor Dershowitz to pay whatever costs Harvard insists on being paid," Harvard has taken the position that Prof. Dershowitz is obligated to reimburse all fees and costs it incurred in responding to Plaintiff's subpoena and forensically collecting, reviewing and producing Prof. Dershowitz's Harvard email. Harvard's position totally ignores the first half of the Court's sentence, which qualified that the reimbursement order applies only "[w]ith respect to the already identified cache of documents [i.e., approximately 5,000 documents"] identified in Professor Dershowitz's Harvard e-mail. Furthermore, and significantly, despite multiple requests, Harvard has not provided Prof. Dershowitz an actual invoice that details the fees and costs that it claims it has incurred, leaving Prof. Dershowitz with the inability to ascertain with specificity as to what the claimed costs and fees are comprised of.

Now that the Court has ordered Prof. Dershowitz to obtain and review, for responsiveness and privilege, additional emails from his Harvard account, *see* ECF No. 401, Harvard has seized upon this newly-created leverage and has refused to provide Prof. Dershowitz with the emails he needs to comply with the Court's recent order until it pays the sum of $132,000 to which it is claiming entitlement. Accordingly, Prof. Dershowitz requests that the Court clarify its March 25, 2021 reimbursement order, specifically to reaffirm that the order applied only "[w]ith respect to the already identified cache of documents" identified in Professor Dershowitz's Harvard e-mail, which means that Harvard is entitled to reimbursement for costs incurred in conducting its FERPA review of the approximately 5,000 documents identified at that time as requiring FERPA review,

---

[2] *See* Ex. A at p. 53 ("Of the roughly 16,000 documents that have been agreed upon, Harvard is able to bypass review for approximately 11,000. So there are 5,000 documents that Harvard still needs to review. They estimate their costs to review at a dollar a document, which puts that at about 5,000 [dollars].")

- 3 -

at an estimated cost of $1 per document.  Alternatively, Prof. Dershowitz requests that the Court hold its recent February 14, 2022 order in abeyance with respect to Prof. Dershowitz obligation to obtain additional emails from Harvard for review, given that Harvard presently refuses to supply those emails until it is paid a $132,000 sum to which it is not entitled.

                Regards,

                *Imran H. Ansari /s/*
                Imran H. Ansari

AIDALA, BERTUNA & KAMINS, P.C. • 546 FIFTH AVENUE, NEW YORK, NY, 10036 • T: 212-486-0011 • F: 212-750-8297 • WWW.AIDALALAW.COM