

Howard M. Cooper
hcooper@toddweld.com

February 23, 2022

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
             Response to Netflix Letter from Rachel Strom (ECF No. 407)

Your Honor:

      I write to respond briefly to Rachel Strom's letter filed on February 21, 2022 on behalf of certain defendants (the "Netflix Nonparties") in the action entitled *Dershowitz v. Netflix, et al.*, 21-cv-21961 (S.D. Fla. 2021) (the "*Netflix* action"). In short, if this Court clarifies that its February 14, 2022 Order (ECF No. 401) does not require Prof. Dershowitz to produce documents designated confidential or highly confidential by the Netflix Nonparties and thereby violate a protective order entered by Chief Judge Altonaga in the Southern District of Florida, then this entire issue will be rendered moot.

      The Netflix Nonparties' accusations against Prof. Dershowitz and his counsel are without merit. These accusations have already been contradicted by the representations made by Prof. Dershowitz's counsel in the *Netflix* action, Benjamin Brodsky, in his pre-motion email to Ms. Strom which is attached as Exhibit C to her letter. As the Court may already be aware, Prof. Dershowitz *objected* to producing in this case *any* discovery from the *Netflix* action other than documents which he himself produced in that case. One basis for Prof. Dershowitz's objection was that Plaintiff's requests improperly sought "the disclosure of information that is subject to the terms of confidentiality or non-disclosure agreements with third parties and/or would violate the privacy interest of others." See Exhibit A, Defendant's Reponses to Plaintiff's Fourth Set of Requests for Production, at p. 5 ¶ 17. Prof. Dershowitz further made clear that if he was "ordered to disclose information in response to [the] Requests, such disclosure shall be subject to and contingent upon appropriate notice to and/or consent from such third parties." Prof. Dershowitz took these steps in order to preserve the asserted confidentiality of the Netflix-produced documents.

      Despite and over Prof. Dershowitz's objections, the Court's recent order, ECF No. 401, requires him to produce all documents produced by any party or non-party in the *Netflix* action with no express exception for documents designated confidential by the Netflix Nonparties or other third parties. Prof. Dershowitz planned to seek clarification of the Court's order at the February 22 discovery conference and had planned to ask that the Court make clear that he need not produce

Case 1:19-cv-03377-LAP   Document 410   Filed 02/23/22   Page 2 of 2



Hon. Loretta A. Preska
February 23, 2022
Page 2 of 2

any documents which were designated confidential by the Netflix Nonparties in the *Netflix* action. Ms. Strom's letter to the Court rendered those efforts moot.

Contrary to the Netflix Nonparties' admitted speculation, neither I, nor any of the other lawyers representing Prof. Dershowitz in this action, have had access to *any* documents produced by the Netflix Nonparties in the *Netflix* action and any statement to the contrary in Ms. Strom's letter is untrue. My firm and I have not been and are not involved in litigating the *Netflix* case. (Although my firm and I did send a pre-litigation demand letter warning Netflix about Ms. Giuffre's lack of reliability as a source; I recently spoke with Ms. Strom about settlement; and lawyers on our litigation team have worked with Prof. Dershowitz's lawyers in the *Netflix* action in an effort to avoid duplication in our document collection efforts).

The bottom line here is that Ms. Strom and her clients have manufactured an issue and an emergency which need not exist and which counsel can surely work out given that there is no daylight between our positions. Now that the issue is before the Court, Prof. Dershowitz requests that the Court clarify that he need not produce any discovery from the *Netflix* action (or the *Boies v. Dershowitz* action) which has been produced by a party or non-party other than Prof. Dershowitz and which contains material subject to a protective order entered in either of those actions.

Thank you for your consideration.

Respectfully submitted,

/s/ *Howard M. Cooper*
Howard M. Cooper

cc:   All counsel of record, via ECF
      Rachel Strom, Esq.
      Benjamin Brodsky, Esq.
      Sean Burstyn, Esq.

Todd & Weld LLP • Attorneys at Law • One Federal Street, Boston, MA 02110 • T: 617.720.2626 • F: 617.227.5777 • www.toddweld.com