# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>    Plaintiff / Counterclaim Defendant,<br><br>  v.<br><br>ALAN DERSHOWITZ,<br><br>    Defendant / Counterclaim Plaintiff | Case No. 19-cv-03377-LAP |

**DEFENDANT ALAN DERSHOWITZ'S OBJECTIONS
AND RESPONSES TO PLAINTIFF VIRGINIA GIUFFRE'S
FOURTH SET OF REQUESTS FOR PRODUCTION**

Defendant Alan Dershowitz ("Dershowitz" or "Defendant"), by and through his counsel, hereby provides the following Objections and Responses to Plaintiff's Fourth Set of Requests for Production of Documents under Federal Rules of Civil Procedure 26 and 34 ("Requests" or "RFPs").

**PRELIMINARY STATEMENT**

1.    Defendant answers each and every one of the Requests subject to the following Preliminary Statement. This Preliminary Statement forms part of the answer to each and every one of the Requests as though restated in full therein. This Preliminary Statement may be referred to specifically in certain answers for the purpose of clarity. However, the failure to incorporate this Preliminary Statement specifically should not be construed as a waiver of the same.

2.    Defendant's providing information in response to the Requests shall not be construed as a stipulation that the information is relevant. Such information is subject to all

objections regarding relevancy, materiality, propriety, admissibility and any other objections that would require exclusion if offered as evidence at the trial or a hearing in this matter, all of which objections are hereby expressly reserved and may be interposed at the time of trial or hearing.

3. These responses are based on the information known by Defendant at the present time based on his diligent investigation to date. Defendant reserves the right to correct, clarify, modify, amend, or supplement his responses at any time should he discover facts and/or information responsive to the Requests.

4. Defendant reserves the right to withdraw any document or information covered by any privilege, including but not limited to attorney-client privilege or the work product doctrine, if Defendant inadvertently or mistakenly produces such documents or information in response to the Requests.

5. All of these responses are without prejudice to Defendant's using or relying on at trial subsequently discovered documents, including any documents omitted from these responses as a result of good faith oversight, error, or mistake.

6. Any representation herein that Defendant will produce responsive, non-privileged documents does not mean that any such documents exist, or that any existing documents can be collected through reasonable efforts, but only that responsive documents will be produced if they exist and can be located with a reasonable and diligent search of readily accessible and centrally located files maintained by, or on behalf of Defendant.

7. The responses herein are made solely for the purpose of this action.  Defendant's responses to the Requests are made without waiver and with preservation of:

   a. all objections as to competency, relevancy, materiality, propriety, and admissibility of any such response and the subject matter thereof for any purpose

        and in any further proceeding in this lawsuit (including trial) and in any other action or matter;

    b.    the right to object to the use of any such response or the subject matter thereof on any grounds in any further proceeding in this lawsuit (including trial) and in any other action or matter;

    c.    the right to object on any grounds at any time to a demand or request for further response; and

    d.    the right at any time to review, correct, supplement or clarify any of the responses contained herein.

8.    Defendant agrees to produce responsive, non-privileged documents as expressly identified below, if any, in accordance with a schedule to be determined by agreement of the parties. Unless otherwise expressly indicated, Defendant will not produce any documents encompassed by his objections.

## **GENERAL OBJECTIONS**

9.    Each of Defendant's responses to the Requests is subject to and incorporates the following objections as if set forth fully therein. The assertion of the same, similar, or additional objections, or a partial response to any individual Request does not waive any of Defendant's general objections.

10.    Defendant objects to the Requests to the extent they call for production of documents that are not relevant to the subject matter of the pending claims in this action, or reasonably calculated to lead to the discovery of admissible evidence.

11.    Defendant objects to the Requests to the extent they are overbroad, unduly burdensome, oppressive, or would require unreasonable investigation by Defendant to respond.

12. Defendant objects to the Requests to the extent that they are vague and ambiguous and/or fail to describe the documents or categories of documents sought with reasonable particularity that would allow Defendant to identify responsive documents without speculation or undue burden.

13. Defendant objects to the Requests to the extent they purport to impose upon Defendant any duty or obligation that is in excess of those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, the rules and standing orders of this Court, or any other applicable rule.

14. Defendant objects to the Requests to the extent that they rely on definitions or rules of construction that are broader than the uniform definitions contained in Local Civil Rule 26.3.

15. Defendant objects to the Requests to the extent they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, privileges or protections concerning tax returns or tax information, or any other applicable privilege, immunity, regulation or discovery protection.  Production by Defendant, inadvertent or otherwise, of any documents containing information protected from disclosure by any privilege, immunity or doctrine shall not constitute or be deemed to constitute a waiver by Defendant of such protections.

16. Defendant objects to these Requests on the grounds that they are overbroad and overly burdensome to the extent they would require logging voluminous and irrelevant privileged communications between Dershowitz and his former client, Jeffrey Epstein ("Epstein") and related work-product documents, and voluminous emails with Dershowitz's litigation counsel in the *Edwards v. Dershowitz* matter.  Defendant is willing to meet and confer

4

with Plaintiff to reach a mutual agreement on the production of privilege logs and the content and scope of the same.

17. Defendant objects to the Requests insofar as they seek the disclosure of information that is subject to the terms of confidentiality or non-disclosure agreements with third parties and/or would violate the privacy interests of others. To the extent Defendant agrees or is ordered to disclose information in response to these Requests, such disclosure shall be subject to and contingent upon appropriate notice to and/or consent from such third parties.

18. Defendant objects to these Requests to the extent they seek personal and private information of any individual, the disclosure of which is prohibited by federal, state or local law, rule or regulation.

19. Defendant objects to the Requests to the extent they seek documents that are publicly available, already in the possession, custody or control of Plaintiff, or are otherwise available from sources to which Plaintiff has equal access.

20. Defendant objects to the Requests to the extent they purport to require production of "all documents" under circumstances in which a subset of documents would be sufficient to show the pertinent information, on the grounds that such requests for production of "all documents" are overly broad and unduly burdensome.

21. Defendant objects to the Requests to the extent they purport to impose an undue burden on Defendant by asking him to collect documents (i) that are not within Defendant's possession, custody, or control, (ii) that are available from a more convenient, more efficient, less burdensome or less expensive source than Defendant, or (iii) where the burden of collection and production outweighs the benefits of discovery.

22.     Defendant objects to the Requests to the extent that they purport to require Defendant to undertake a search for, and to produce, electronically stored information ("ESI") that would impose unreasonable search costs and burdens by searching archived media, back-up systems, or other sources that are not reasonably accessible.  Defendant is willing to meet and confer with Plaintiff on the scope of an appropriate mutual protocol for the collection and production of ESI.

23.     Defendant objects to the Requests to the extent that they purport to require Defendant to draw legal conclusions.  Any response to the Requests or production of documents is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission concerning any of the terms used in the Requests.

24.     Defendant objects to the Requests to the extent they are unreasonably cumulative, duplicative or overlapping of one another.

25.     Defendant objects to these Requests to the extent that they are disproportionate to the needs of the case.

26.     Defendant objects to the Definitions of "Defendant," "Agent" and "Employee." Such definitions are overbroad particularly to the extent they intend to sweep Defendant's counsel and associated staff into the definitions.  Consistent with Local Civil Rule 26.3, Defendant will construe these terms to exclude other non-affiliated persons acting at the direction, under the control of, or on behalf of Defendant, Agent or Employee, respectively.

27.     Defendant objects to the Definition of "Jeffrey Epstein" as overbroad and, to the extent it intends to sweep Epstein's counsel and associated staff into the definition, seeking privileged material.  Defendant will construe the Definition of "Epstein" to exclude other non-affiliated persons acting at the direction, under the control of, or on behalf of Epstein.

6

28. Defendant objects to the Definitions of "knowledge," information," "possession," "custody," and "control" of a person as overbroad and seeking information outside of Defendant's possession, custody or control to the extent these terms improperly attempt to expand upon or circumvent the definition of "person" in Local Civil Rule 26.3(c)(6). Defendant will interpret these Definitions in accordance with the definition of "person" in the Local Civil Rules and will exclude material pertaining to persons outside this definition.

29. Defendant objects to the Definitions of "reflect," "refer," or "relate to" as circumventing the definitions or rules of construction provided in the uniform definitions contained in Local Civil Rule 26.3 in order to improperly attempt to expand upon or circumvent the definition of "concerning" in Local Civil Rule 26.3(c)(7). Defendant will interpret these Definitions in accordance with the definition of "concerning" in the Local Civil Rules.

30. Defendant objects to the Definitions of "You" or "Your." Such definitions are overbroad particularly to the extent they intend to sweep Defendant's counsel and associated staff into the definition. Consistent with Local Civil Rule 26.3, Defendant will construe the definitions of "You" and "Your" to exclude other non-affiliated persons acting at the direction, under the control of, or on behalf of Defendant.

31. Defendant objects to Instruction 1 as unduly burdensome as it seeks to place obligations on Defendant to produce documents spanning a 20-year time period and an unlimited time period for all other documents and communications that constitute, refer or relate to documents, communications, meetings or events during that time period. Defendant is willing to confer with Plaintiff regarding an appropriate time period for production.

32. Defendant objects to Instruction 12 to the extent it seeks production of documents or communications protected by the attorney-client privilege, the work product doctrine, the

joint defense or common interest privilege, privileges or protections concerning tax returns or tax information, or any other applicable privilege, immunity, regulation or discovery protection.

33. Defendant objects to any Instructions, and to any Definition, Instruction or Request that incorporates those instructions, to the extent that they purport to require anything more than a reasonable search for responsive information or purport to impose on Defendant burdens and obligations that are broader than, inconsistent with, or not authorized pursuant to applicable law.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**REQUEST NO. 99:**

All Documents that have not otherwise been produced in this case that are produced in response to document requests and/or subpoenas served in *Boies v. Dershowitz* or *Dershowitz v. Netflix*, whether they are produced by You, by another party to those actions, or by a third party to those actions.

*RESPONSE NO. 99:*

On the basis of the Court's prior rulings concerning his requests for copies of discovery materials produced in *Giuffre v. Maxwell*, Defendant objects to producing documents produced by persons other than him in *Boies v. Dershowitz* or *Dershowitz v. Netflix*. Defendant also objects to producing documents produced by David Boies in *Boies v. Dershowitz* as Plaintiff can obtain those documents directly from her lawyer Mr. Boies.

Subject to and without waiving the foregoing general and specific objections, Defendant will produce any documents which he has produced in *Boies v. Dershowitz* or *Dershowitz v. Netflix*, subject to the limitations imposed by any protective or confidentiality order which has or may be entered in *Boies v. Dershowitz* or *Dershowitz v. Netflix*.

**REQUEST NO. 100:**

A copy of any privilege log produced by you as part of discovery in *Boies v. Dershowitz* or *Dershowitz v. Netflix*.

*RESPONSE NO. 100:*

Defendant will produce any documents responsive to this Request, subject to the limitations imposed by any protective or confidentiality order which has or may be entered in *Boies v. Dershowitz* or *Dershowitz v. Netflix*.

**REQUEST NO. 101:**

A copy of any document requests or subpoenas served in *Boies v. Dershowitz* or *Dershowitz v. Netflix*, whether they are served by You, by another party to those actions, or by a third party to those actions.

*RESPONSE NO. 101:*

Defendant objects to producing the requested documents on the grounds of relevance and undue burden.

**REQUEST NO. 102:**

A copy of Your response to any interrogatories or requests for admission served in *Boies v. Dershowitz* or *Dershowitz v. Netflix*.

*RESPONSE NO. 102:*

Defendant will produce any documents responsive to this Request, subject to the limitations imposed by any protective or confidentiality order which has or may be entered in *Boies v. Dershowitz* or *Dershowitz v. Netflix*.

**REQUEST NO. 103:**

A copy of any deposition transcript from any depositions taken in *Boies v. Dershowitz* or *Dershowitz v. Netflix*, whether the deposition was noticed by You, by another party to those actions, or by a third party to those actions.

*RESPONSE NO. 103:*

On the basis of the Court's prior rulings concerning his requests for copies of discovery materials produced in *Giuffre v. Maxwell*, Defendant objects to producing transcripts of depositions other than his own in *Boies v. Dershowitz* or *Dershowitz v. Netflix*.

Subject to and without waiving the foregoing general and specific objections, Defendant will produce transcripts of his own depositions in *Boies v. Dershowitz* or *Dershowitz v. Netflix*, subject to the limitations imposed by any protective or confidentiality order which has or may be entered in *Boies v. Dershowitz* or *Dershowitz v. Netflix*.

ALAN DERSHOWITZ,

By his attorneys,

/s/ *Christian G. Kiely*
Howard M. Cooper (MA BBO# 543842)
(*pro hac vice*)
Christian G. Kiely (MA BBO# 684308)
(*pro hac vice*)
Kristine C. Oren (MA BBO# 705730)
(*pro hac vice*)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com
koren@toddweld.com

Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)
Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
iansari@aidalalaw.com
aidalaesq@aidalalaw.com

Dated: September 17, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2021 a copy of the foregoing was sent via email to all counsel of record for Plaintiff listed as registered participants on the Notice of Electronic Filing.

/s/ Christian G. Kiely
Christian G. Kiely