# Cooper & Kirk
### Lawyers
A Professional Limited Liability Company

Nicole J. Moss            1523 New Hampshire Avenue, N.W.           (202) 220-9636
nmoss@cooperkirk.com          Washington, D.C. 20036           Fax (202) 220-9601

February 23, 2022

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    ***Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP**
                Response to Netflix Letter from Defendant (Doc. 410)

Dear Judge Preska:

      I write to respond to the letter Defendant filed earlier today seeking "clarification" that the Court's February 14, 2022, Order, Doc. 401 (hereinafter "Order"), does not require Defendant to produce documents designated confidential or highly confidential by any defendant in *Dershowitz v. Netflix*, 21-cv-21961 (S.D. Fla. 2021) (the "*Netflix* Action"). Nothing in the Order justifies Defendant's construction, and a revision that limits the Order in this way would be unjustified.

      The Order plainly contemplates that Defendant's productions will include documents designated confidential. First, the Court granted without reservation Plaintiff's request, which encompassed documents designated confidential. *See* Def's Objections and Resps. To Pl's Fourth Set of Reqs. For Production, Ex. P, Doc. 374-16, at 8 (Sept. 17, 2021) (requesting "Documents . . . produced in response to document requests . . . served in *Dershowitz v. Netflix* . . . by another party" without excepting confidential documents); Letter Mot. for Pre-Mot. Discovery Conference, Doc. 374, at 11 (Dec. 3, 2021) (noting that any "burden [of review for protected material] should be minimal because the parties' existing protective order permits defendant to produce documents designated confidential in those actions under the protective order in this action"); Order, at 5 (granting Plaintiff's motion without qualification and adopting argument that burden is minimal "given . . . the protective order in place in this action"). Second, the Order acknowledges the fact that the order requiring Plaintiff to produce confidential material from the *Maxwell* action was tailored before concluding that "that does not weigh against *full production* here because the cases did not share the same level of similarity." Order, at 5 (emphasis added). The Court should not grant Defendant's request to effectively revise the order.

      Even if the Court were considering the issue afresh (which it plainly is not), the protective order entered in the *Netflix* Action does not require or entitle Defendant to withhold responsive documents subject to a valid document request in this action (except pending the resolution of a request for a protective order). *See* Stip. Protective Order in the *Netflix* Action, Doc. 62, at 14–15 (Nov. 18, 2021) (attached hereto as Exhibit A). Instead of barring production, the *Netflix* protective order requires Defendant to follow a notice procedure upon receiving a demand that covers

Hon. Loretta A. Preska
February 23, 2022
Page 2

confidential documents. That procedure includes giving notice to the requesting party—so that the party might adapt the request in light of the protective order—and to the producing party—so that the party may seek a protective order from the court in which the demand is made. *Id.* Had Defendant complied with his obligations under the *Netflix* protective order such that this matter came to the Court as contemplated by that order, we submit that, given the obvious relevance of the documents, the likely outcome would have been an order in this action requiring the parties in this case to respect the *Netflix* parties' confidentiality designations—not an order relieving Defendant of the duty to produce them.

As it is, the Court is *not* considering this issue afresh. Defendant has had multiple opportunities to raise the protective order in the *Netflix* Action as a basis for withholding the documents, and he has repeatedly failed to do so thereby waiving that argument. First, Defendant's boilerplate objection to the requests "insofar as they seek disclosure of information that is subject to the terms of confidentiality or non-disclosure agreements with third parties" is not sufficient to preserve his objection. *See* Def's Objections and Resps. To Pl's Fourth Set of Reqs. For Production, Ex. A, Doc. 410-1, at 5 (Sept. 17, 2021). Defendant's failure to alert Plaintiff to the protective order subsequently entered in the *Netflix* Action—as required by that protective order—deprived her of the opportunity to adapt her requests accordingly and thus waived the objection. *See Fischer v. Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017); *Highland CDO Opportunity Master Fund, L.P. v. Citibank,* N.A., No. 12 Civ. 2827 (NRB), 2014 WL 7191044, at *2 (S.D.N.Y. Dec. 17, 2014). And Defendant waived his objection all over again by failing to articulate it in his letter opposing Plaintiff's motion to compel. *See* Def's Resp. to Pl's Req. for Pre-Mot. Discovery Conf., Doc. 380, at 8 (Dec. 13, 2021); *see, e.g.*, *In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646 (LAK) (JCF), 2013 WL 12185082, at *2 (S.D.N.Y. Nov. 19, 2013); *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB, 2019 WL 2448569, at *1 (D. Kan. June 12, 2019).

For all these reasons, Plaintiff respectfully requests that the Court deny Defendant's request for a "clarification" that in reality is nothing more than a belated attempt to assert an objection that he has long since waived and that would have been ill founded had he asserted it. Plaintiff stands ready to work with defendants in the *Netflix* Action to develop an appropriate protective order to protect their interests, but there is no basis for denying Plaintiff access to highly relevant documents that were produced in the *Netflix* case and thus not subject to any claim of privilege.

Respectfully,

s/ Nicole J. Moss
Nicole J. Moss

CC: Counsel of Record (via ECF)