

Christian G. Kiely<br>ckiely@toddweld.com

February 24, 2022

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
              Defendant's Position Regarding Production of Confidential Netflix
              Documents

Your Honor:

       In light of a representation made by counsel for the Netflix Nonparties in today's Court-ordered meet and confer, Defendant Alan Dershowitz ("Prof. Dershowitz") writes to update his position regarding the production in this case of confidential discovery materials produced by the Netflix Nonparties in the *Dershowitz v. Netflix* action.

       Prof. Dershowitz previously requested that the Court clarify that its Order (ECF No. 401), ordering the production in this case of discovery materials from the *Dershowitz v. Netflix* case, did not require him to produce documents which the Netflix Nonparties had designated confidential under the protective order in place in that action. We did so because we were concerned that we would not be able to fully comply with the Court's Order (insofar as it did in fact require the production of materials designated confidential by the Netflix Nonparties) because Prof. Dershowitz and his counsel in the *Netflix* action could not supply us with those confidential documents without the Netflix Nonparties accusing them of violating the protective order in that case. During today's meet and confer, counsel for the Netflix Nonparties, Rachel Strom, clarified that the Netflix Nonparties do ***not*** contend that Prof. Dershowitz is prohibited by the *Netflix* protective order from producing confidential Netflix discovery materials in this case.[1] Instead, they contend only that Prof. Dershowitz violated the *Netflix* protective order by not providing earlier notice of Plaintiff's document requests seeking Netflix discovery materials.

       It is difficult to understand why the Netflix Nonparties seek to make an issue about notice where they have in fact been given notice prior to any of their documents being produced, and as a result have moved to intervene in this action and now have the opportunity to make whatever

---

[1] Ms. Strom specifically pointed to a provision in the *Netflix* protective order which states that "nothing in these [notice] provisions should be construed as authorizing or encouraging a [party receiving confidential discovery] in this action to disobey a lawful directive from another court…" *See Dershowitz v. Netflix* Protective Order, ECF No. 414-1 at § 8, p. 15.



arguments against production they wish. Regardless, any complaint about notice should be heard in the *Netflix* action, not here.

Based upon Ms. Strom's stated position that producing confidential Netflix discovery materials in this action is not prohibited by the *Netflix* protective order, Prof. Dershowitz is prepared to instruct his counsel in the *Netflix* action to provide to us whatever documents this Court orders produced following the conclusion of tomorrow's hearing. At this juncture, Prof. Dershowitz takes no position regarding the relevance or discoverability of the confidential Netflix discovery materials and will leave it to Plaintiff and to Netflix to present their respective positions on that issue, and for the Court to decide whether its prior Order should be clarified or narrowed in any way.

Respectfully submitted,

/s/ *Christian G. Kiely*
Christian G. Kiely

cc:  All counsel of record, via ECF
     Benjamin Brodsky, Esq.
     Sean Burstyn, Esq.