LAW OFFICES OF
*Aidala, Bertuna & Kamins, P.C.*

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
HON. JOHN LEVENTHAL (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON
ANDREA M. ARRIGO
MICHAEL DIBENEDETTO
TAYLOR FRIEDMAN

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

**VIA ECF**                                                                                           March 4, 2022

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *Giuffre v. Dershowitz*, Case No. 19-cv-03377-LAP**

Dear Judge Preska:

      Pursuant to the Court's Order dated February 23, 2022 [Doc. No. 413], Defendant Alan Dershowitz ("Prof. Dershowitz") submits the within letter to advise the Court as to the status of the dispute related the responsibility paying costs associated with the production of emails from Professor Dershowitz's Harvard's email account. Prof. Dershowitz incorporates the points made in his February 22, 2022, letter [Doc. No. 408] herein.

      The parties did meet and confer on February 25, 2022, to discuss the resolution of this dispute, and Prof. Dershowitz appreciates Harvard's good faith attempt to resolve this matter. Harvard has also now provided the invoices requested previously that detail the expenses claimed so that informed decisions can be made as to the costs and expenses claimed by Harvard. However, regardless of these developments, there remains the disagreement as to the scope of the order the Court issued from the bench at the March 25, 2021, remote conference. Accordingly, Prof. Dershowitz seeks clarification of the Court's March 25, 2021, order so as to facilitate the resolution of his dispute with Harvard over reimbursement.

      As stated more fully in Prof. Dershowitz's February 22, 2022, letter to the Court, at the time of the March 25, 2021 order, Harvard was seeking advance payment to cover its costs in conducting that FERPA review on a dataset identified by the parties which contained approximately 5,000 documents. Harvard estimated the cost of this review at $1 per document, meaning that the total obligation being considered by the Court was approximately $5,000. Prof. Dershowitz's understanding is that it was this obligation that Your Honor was referring to when you ruled that:

> "[w]ith respect to the already identified cache of documents identified in Professor Dershowitz's Harvard e-mail, it shall be on Professor Dershowitz to pay whatever costs Harvard insists on being paid."

Once Harvard had completed review and production of all email (with the exception of the additional email which the Court recently ordered to be reviewed, *see* ECF No. 401), it approached Prof. Dershowitz to seek reimbursement of $132,000 in legal fees and vendor costs, more than 26 times its original estimate of $5,000. Relying on the Court's statement during the March 25, 2021, remote conference that "it shall be on Professor Dershowitz to pay whatever costs Harvard insists on being paid," Harvard took the position that Prof. Dershowitz is obligated to reimburse all fees and costs it incurred in responding to Plaintiff's subpoena and forensically collecting, reviewing and producing Prof. Dershowitz's Harvard email. However, Harvard's position ignores the first half of the Court's sentence, which qualified that the reimbursement order applies only "[w]ith respect to the already identified cache of documents [i.e., approximately 5,000 documents] identified in Professor Dershowitz's Harvard e-mail.

Plaintiff has taken the position that she will not contribute any money to the costs claimed by Harvard. While the Court reasoned that Plaintiff need not contribute to the costs incurred by Harvard previously, Prof. Dershowitz understands that was in the context of the finite expense discussed above. As the substantial costs now claimed by Harvard are claimed to have been incurred in response to Plaintiff's subpoena, Plaintiff should be compelled to bear some percentage of those costs. See e.g., *Koopman v. Robert Bosch*, LLC, 18-cv-4065 (JMF), May 25, 2018.

Accordingly, Prof. Dershowitz requests that the Court clarify its March 25, 2021 reimbursement order, specifically to reaffirm that the order applied only *"[w]ith respect to the already identified cache of documents"* identified in Professor Dershowitz's Harvard e-mail as of that date.

Respectfully Submitted,

/s/ Imran H. Ansari
Imran H. Ansari

CC: *All Counsel of Record via ECF*

- 2 -

AIDALA, BERTUNA & KAMINS, P.C. • 546 FIFTH AVENUE, NEW YORK, NY, 10036 • T: 212-486-0011 • F: 212-750-8297 • WWW.AIDALALAW.COM