# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Nicole J. Moss
nmoss@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9636
Fax (202) 220-9601

March 7, 2022

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    ***Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP**
                S.D. Fla. Order re Production of Netflix Documents

Dear Judge Preska:

      I write on behalf of Plaintiff in response to the letters by Defendant and the Netflix Non-Parties, both dated March 4, 2022, Docs. 421 & 423, reporting that Magistrate Judge Edwin Torres has ordered Defendant not to produce documents this Court has already twice ordered Defendant to produce.

      Judge Torres did not rule that Defendant may not produce documents in response to a valid order from this Court. *See* Tr. of Discovery Hearing, *Dershowitz v. Netflix*, No. 21-cv-21961 (S.D. Fla. Mar. 3, 2022), attached hereto as Exhibit A. To the contrary, he acknowledged that this Court has authority to order their production. *Id.* at 15–17, 31. He simply sought to give the Netflix Non-Parties "leverage" to obtain a further hearing before this Court and negotiate a better deal with Plaintiff before Defendant turns the documents over. *Id.* at 32. But the Court has already given the Netflix Non-Parties an adequate hearing, and Plaintiff has already made significant concessions to accommodate the legitimate interests of all concerned. Plaintiff therefore respectfully requests that the Court reaffirm its prior orders, or, in the alternative, order the Netflix Non-Parties to produce the documents directly to Plaintiff.

## Background

      Defendant has sued the Netflix Non-Parties in the U.S. District Court for the Southern District of Florida ("the *Netflix* Action") for publishing one of the statements for which he has countersued Plaintiff in this action. Letter, Doc. 373, at 10–11 (Dec. 3, 2021). Last year, Plaintiff served requests for production on Defendant demanding, *inter alia*, that Defendant produce to Plaintiff any documents the Netflix Non-Parties produced to him in the *Netflix* Action. *Id.* Defendant objected on relevance, burden, and fairness grounds—grounds the Court rejected in granting Plaintiff's motion to compel. Order, Doc. 401, at 6 (Feb. 14, 2022).

      Defendant thereafter sought a "clarification" of the Court's order compelling him to produce documents from the *Netflix* Action that excluded confidential documents subject to the

Hon. Loretta A. Preska
March 7, 2022
Page 2

protective order in that action—something this Court's order plainly did not say or imply. Letter, Doc. 414 (Feb. 23, 2022). Defendant sought this "clarification" not because the protective order in the *Netflix* Action prohibited him from producing the documents—all agree that it permits the production—but instead because it required him to give notice to the Netflix Non-Parties of Plaintiff's document request, and he had failed to do so. *See* Stip. Protective Order in *Netflix* Action, Doc. 414-1, at 14–15 (Section 8). The Netflix Non-Parties learned of the Court's order and promptly moved to intervene to seek relief protecting the confidentiality of their documents. Letter, Doc. 407 (Feb. 21, 2022).

The Court reacted to these developments by scheduling two separate hearings at which the Court gave the Netflix Non-Parties an opportunity to be heard. The Court also ordered the parties to meet and confer in order to narrow Plaintiff's requests, which they did.

In the course of that meet and confer, Plaintiff learned the following facts: Although the Netflix Non-Parties assert a reporter's privilege over many of the documents Defendant has sought in discovery in the *Netflix* Action, the Netflix Non-Parties admitted that they had waived any privilege over the documents Plaintiff sought by producing the documents in that action. The Netflix Non-Parties' productions are largely limited to documents that mention Defendant and/or Plaintiff's accusations against him, and they include the outtakes of the interview in which Plaintiff makes the allegedly defamatory statement for which Defendant has sued her. In short, the documents are highly relevant to this action and, to the extent that they were ever privileged, that privilege has been waived.

Having considered these facts and the Netflix Non-Parties' arguments against production at the second hearing, the Court once again ordered Defendant to produce the documents to Plaintiff, excluding only documents (like insurance agreements and attorney bills) that Plaintiff agreed she did not need. In order to protect the Netflix Non-Parties' confidentiality interests, the Court ordered the parties to confer about joining the protective order in the *Netflix* Action, and it required Defendant to get Netflix Non-Parties' input on which documents he would produce under the agreement Plaintiff had reached with the Netflix Non-Parties.[1] In other words, the Netflix Non-

---

[1] In their hearing before Judge Torres, Ms. Strom represented that we had reneged on our agreement to join the protective order. Ex. A, at 27:16–18. Not so. Rather, we promptly identified three protective-order-related matters that the parties would need to address in a stipulation: (1) The protective order in the *Netflix* Action expressly does not cover use of documents at trial, so we would need to reach a separate agreement on how documents belonging to the Netflix Non-Parties could be used at trial in this action. (2) The protective order in the *Netflix* Action requires parties to follow a Southern District of Florida local rule if they seek to file a document containing confidential material. Doc. 414-1, at 17 (Section 12.3). We sought either a clarification that we could follow the equivalent procedure in the Southern District of New York or an agreement about some other procedure for filing documents containing confidential material. (3) The protective order in the *Netflix* Action does not address the question how the producing party (in this case, the Netflix Non-Parties) would receive notice if someone seeks to file confidential documents in another action. We wanted to be sure that the Netflix Non-Parties were adequately protected in

Parties had an opportunity to negotiate with Plaintiff, which resulted in Plaintiff making substantive concessions, and an opportunity to be heard by the Court, which resulted in the Court protecting the confidentiality of its documents.

### Judge Torres' Order

The magistrate judge presiding over discovery in the *Netflix* Action held a discovery hearing last Thursday, at which the Netflix Non-Parties sought sanctions against Defendant for breaching the protective order in that action by not disclosing Plaintiff's request for Netflix Non-Parties' documents. Plaintiff was not present at that hearing and only learned of its outcome the next afternoon, when counsel for the Netflix Non-Parties informed counsel for Plaintiff that ongoing negotiations over the protective order were "moot" because Defendant had been ordered not to produce the documents.

The transcript of the hearing, however, makes it clear that instead of sanctioning Defendant for failing to give the Netflix Non-Parties notice, Judge Torres opted to undo the effects of Defendant's failure by giving the Netflix Non-Parties the opportunity the notice provision was designed to give them: that is, an opportunity to protect the confidentiality of their documents. Specifically, Judge Torres contemplated that this Court will have "further proceedings" on his order "that would require [Netflix Non-Parties] to be more involved in that process." Ex. A, at 15:1–2; *see also id.* at 15:9–10 ("[Judge Preska] would have to have a hearing in which you could then participate"); *id.* at 17:16–17 ("[S]he would probably have to give you an opportunity to come back in one more time."); *id.* at 30:12, 16–17 ("[I]f I enter the order that I'm contemplating . . . that gives you additional time if you want to file anything else in New York."). And he contemplated that it would enable Netflix Non-Parties' counsel to confer with us at greater leisure. *Id.* at 30:19–22. But he expressly acknowledged that *this Court is "absolutely 100 percent entitled" decide whether "to compel the production or not notwithstanding [Netflix Non-Parties'] claim of confidentiality." Id.* 16:16–18, 17:15 (emphasis added); *id.* at 15:11–14 (pointing out that the "protective order . . . doesn't preclude another judge in her jurisdiction from saying I have a compelling need for the production"); *see also id.* at 31:19–22; 32:10–33:4. Moreover, no order has yet been entered, although Netflix Non-Parties presumably submitted a proposed order on Friday, which they have not shared with this Court or Plaintiff. *Id.* at 128:12–16.

### The Court Should Order Production a Third Time

Judge Torres's order seeks to require this Court to do what it has already done. Judge Torres concluded that further relief was necessary based on the Netflix Non-Parties' representations that the opportunities it received in this Court were inadequate. *See, e.g.*, Ex. A, at 11:19–21; 16:25–17:4. But the opportunities the Court afforded the Netflix Non-Parties resulted in meaningful relief, including a narrowing of the production and the extension of protected status. The Netflix Non-

---

that event. The Netflix Non-Parties asked to put off negotiations over these matters due to the press of business, and we agreed, provided the stipulation pursuant to which Plaintiff would join the protective order would make clear that the parties in this action are not required to follow local rules in another court.

Hon. Loretta A. Preska
March 7, 2022
Page 4

Parties are not satisfied with those outcomes, *id.* at 27:6–18, but that does not entitle them to a second bite at the apple.

In any event, the Netflix Non-Parties have not indicated what they would accomplish with a second bite at the apple.[2] In the wake of securing "leverage" from Judge Torres, they have not applied that leverage to seek any additional relief from this Court apart from requesting that they be included in any further proceedings touching on their documents. Doc. 423, at 2. Nor have they sought to confer further with Plaintiff's counsel, instead peremptorily (and inaccurately) informing us that the issue was "moot." They have identified no new argument against production, and no alternative compromise.

Accordingly, the Court should order Defendant to produce the documents without delay. Defendant has admittedly been ordered not to produce the documents, but in issuing that order, Judge Torres expressly recognized this Court's authority to overrule it. Under these circumstances, we do not believe that considerations of comity counsel in favor of staying the Court's hand. If the Court concludes otherwise, however, the simple solution is to order the Netflix Non-Parties to produce the documents directly. The Netflix Non-Parties have submitted themselves to this Court's jurisdiction by moving to intervene in this action, so the Court has authority to issue such an order. *In re Application of Chevron Corp.*, 736 F. Supp. 2d 773, 786–87 (S.D.N.Y. 2010).

Finally, Plaintiff understands and appreciates that the Court acted so promptly in giving the Netflix Non-Parties a hearing because it had ordered Plaintiff to sit for a deposition this month or next. Tr. of Hearing (Feb. 22, 2022), attached hereto as Exhibit B, at 50:19–22. It would be untenable for Plaintiff to sit for a deposition while Defendant is in exclusive possession of the highly relevant documents produced by the Netflix Non-Parties—productions that include, *inter alia*, the footage surrounding a statement for which Defendant has sued Plaintiff. Plaintiff therefore respectfully requests that the Court once again resolve this matter promptly so that she does not have to seek to defer her deposition. Plaintiff has already arranged travel from Australia, and any delay would be substantial due to scheduling conflicts in April and May.

                                                        Respectfully,

                                                        s/ Nicole J. Moss
                                                        Nicole J. Moss

CC:    Counsel of Record (via ECF)

---

[2] Judge Torres asked Ms. Strom whether "[i]f [she] had had more time, d[id she] think [she] would have been able to convince" this Court, and Ms. Strom's only answer was that this Court was previously unaware of the protective order entered in the *Netflix* Action. Ex. A, at 18:16–25 While that was true the first time Court ordered Defendant to produce the documents, the Court was fully aware of the protective order when it made its second order.