UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

           Plaintiff,

-against-

ALAN DERSHOWITZ,

           Defendant.

No. 19 Civ 3377(LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    On February 14, 2022, the Court granted Giuffre's motion to compel Dershowitz to produce documents in the Dershowitz v. Netflix matter pending in the Southern District of Florida. (Dkt. No. 401.)  One week later, on February 21, 2022, Netflix moved to intervene so it would have "the opportunity to be heard before [its] confidential material is produced in this case." (Dkt. No. 407 at 1.)  Specifically, Netflix requested that the "Court schedule another hearing for the Netflix Nonparties to present their objections before Mr. Dershowitz turns over their documents." (Id.)  Following a previously scheduled February 22 conference that focused on other discovery issues, the Court scheduled a conference for February 24 at which Netflix could be heard.  (Dkt. No. 409.)

    At that conference, with the benefit of letter briefs filed by Netflix and the parties, the Court questioned why "the procedures set out in the protective order in the Netflix

1

matter" were not followed.  (Dkt. No. 417 at 3:6-9.)  Counsel for Mr. Dershowitz conceded that the protective order was not followed but rested on the "no harm no foul" principal.  (Id. at 3:12-24.)  Netflix responded that there was indeed harm because "[h]ad we had proper notice, we could have worked with the parties on figuring out exactly what precisely they need, rather than a wholesale production." (Id. at 4:4-17.)  The Court thus gave the parties the afternoon to meet and confer to try to narrow the scope of the production.

At a conference the next morning, counsel for Netflix informed the Court that the meet and confer with counsel for Giuffre had resulted in a meaningful narrowing of the scope of production.  (Dkt. No. 425 at 4:3-5:20.)  Counsel for Netflix argued in the alternative that the Court should reconsider its decision to compel production because the documents are not relevant and due to the burden production would impose on Netflix.  (Id. at 5:21-6:19, 8:15-10:4.)  After hearing the arguments, the Court reiterated its finding that the documents are relevant and "order[ed] them to be produced subject to the caveat that [counsel for Netflix] Ms. Strom asked for"--namely, that "Dershowitz provide [Netflix] with a copy of what he plans on producing . . . first" to "make that that we're limiting it to the issues that we've agreed to." (Id. at 11:11-23, 12:7-15.)  The Court instructed the parties to "sign on to the Florida

2

protective order" and to proceed expeditiously with production to allow the party depositions to proceed without delay.  (Id. at 12:16-20.)

As Netflix indicated before this Court that it would (see dkt. no. 417 at 4:4-8), Netflix raised Dershowitz's alleged breach of the Florida protective order in the Southern District of Florida at a hearing on March 3, 2022.  (See Dkt. No. 427-1.)  The Southern District of Florida reasonably concluded that although "to some extent the violation [of the protective order] occurred," "since the documents haven't yet been produced I think I can put us back in a place we would have been before."  (Id. at 30:24-31:9.)  The Court thus ordered Dershowitz "not to produce those documents absent an order from us," which "gives [Netflix] additional time if you want to file anything else in New York" and "to work with Ms. Giuffre's lawyers, which would normally have happened.  If you got a notice in December, that is what would have happened."  (Id. at 30:8-22; see also id. at 32:1-6 ("To the extent that there is something that you had not been able to articulate to Judge Preska to make a difference for her or [], more importantly, to the extent that you can now have a stronger position to argue with the Giuffre lawyers, you will have that and I'm giving you time.").)  And if after that additional opportunity for due process "Judge Preska says I find

3

a compelling interest to order Mr. Dershowitz to comply, we are back where you would have been in December." (Id. at 31:19-22.)

This Court shares the Southern District of Florida's view that courts have an obligation to ensure that protective orders are complied with and, when they are not, to remedy such violations.  Although it is now disputed by the parties before this Court, the Court accepts the Southern District of Florida's conclusion that Netflix was not afforded the notice it was entitled to under the Florida protective order.  The Court therefore concurs with the Southern District of Florida that additional due process is warranted under the circumstances to cure Dershowitz's breach and place Netflix in the position it would have been in had it received timely notice under the Florida protective order.

Accordingly, Netflix may move for reconsideration of the Court's order granting Giuffre's motion to compel Dershowitz to produce the documents in the Netflix action.  In doing so, the parties shall proceed under the Court's Individual Rule 2.C governing memoranda of law.  The briefing schedule shall be as follows:

    Netflix Opening Brief                      March 16, 2022

    Giuffre Response                          March 23, 2022

    Dershowitz Response                      March 30, 2022

    Netflix Reply                               April 4, 2022

Should Netflix wish to move for a different form of relief (*i.e.*, a form of relief other than a motion for reconsideration), it may do so on the schedule provided for above.

Assuming such a motion is filed, the parties and counsel for Netflix shall appear on April 6, 2022, at 1:00 p.m. for telephonic oral argument on Netflix's motion using the following information:  Dial-in:  (877) 402-9753; Access code:  6545179.

Counsel of record for Netflix will receive notice of this order by ECF.

**SO ORDERED.**

Dated:     March 9, 2022
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge