Cooper & Kirk
Lawyers
A Professional Limited Liability Company

Nicole J. Moss
nmoss@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9636
Fax (202) 220-9601

March 15, 2022

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: ***Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP**
re: Motion to Reschedule Deposition of Plaintiff

Dear Judge Preska:

I write on Plaintiff's behalf to seek an order postponing her deposition, currently scheduled for March 31 and April 1, 2022, until the dispute over the production of documents governed by the protective order in *Dershowitz v. Netflix*, No. 21-cv-21961 (S.D. Fla.) is resolved and any ordered production has been made. As Plaintiff has previously noted in the context of the Netflix production dispute, it would be untenable for Plaintiff to sit for her deposition while Defendant is in exclusive possession of highly relevant documents produced by the Netflix Non-Parties. Letter from Pl. re S.D. Fla. Order re Production of Netflix Documents, Doc. 427 at 4 (Mar. 7, 2022).

Under the Court's briefing schedule regarding whether the Court should reconsider its order requiring the Defendant to produce the discovery materials he has received in the *Netflix* case to the Plaintiff in this case, the parties will conclude briefing on April 4 and the Court will hold telephonic argument on April 6, 2022. Order, Doc. 433 at 4–5 (Mar. 9, 2022). This means that any production of Netflix documents will not have been made to Plaintiff by the time of Plaintiff's currently scheduled deposition, which is patently unfair. *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, No. 10-CV-2618, 2011 WL 3471508, at *11 (E.D.N.Y. Aug. 5, 2011) (noting the "unfair advantage during [] depositions" that one party enjoyed when it had access to a relevant and discoverable recording not made available to the opposing party).

Defendant is presently in possession of the Netflix documents and he alone has the ability to prepare for and conduct Plaintiff's deposition with knowledge of those documents. This creates an asymmetry that Plaintiff cannot remedy and that inures to Defendant's strategic advantage. The asymmetry is also an important one, as the documents at issue include the *unpublished interview footage* from the Netflix documentary, *Filthy Rich*, which contained some of the very defamatory statements at issue in this litigation. This evidence is relevant information in these proceedings. Plaintiff should not be required to sit for her deposition while Defendant possesses these materials and Plaintiff does not. *Giladi v. Albert Einstein Coll. of Med.*, No. 97 CIV. 9805, 1998 WL 183874, at *1 (S.D.N.Y. Apr. 15, 1998) (requiring production of recorded statements prior to deposition where "there is a reasonable likelihood that the tape captures conversations that are directly

relevant to issues at the heart of this case"); *Costa v. AFGO Mech. Servs., Inc*., 237 F.R.D. 21, 26 (E.D.N.Y. 2006) (requiring production before deposition where court found "tape recordings at issue to have substantive, discoverable content that could be used to establish the truth of the alleged facts, relevant to plaintiff's claims and defendants' defenses").

Defendant has previously argued that his possession of these documents is irrelevant, as they are in his personal possession but not the possession of his counsel in this case, but this does not eliminate—or even reduce—the unfairness to Plaintiff. Defendant is himself a lawyer, has been closely involved in all aspects of this and the *Netflix* litigation, and he can review the Netflix documents and communicate their strategic import or vulnerabilities to his counsel in this case even if he does not share the documents with counsel directly. Direct or indirect, the result is the same: Defendant deposes Plaintiff with knowledge of relevant information in the case that is unknown to Plaintiff and her counsel.

Nor is it relevant, as Defendant has previously argued, that the protective order in *Dershowitz v. Netflix* had not yet been entered when Plaintiff issued her request for production of the Netflix documents. The protective order *was* in place when the parties met and conferred about the production of Netflix documents, when Plaintiff moved to compel that production, Doc. 374 at 10–12 (Dec. 3, 2021), when Defendant responded, Doc. 381 at 8 (Dec. 13, 2021), and when the Court issued her previous order granting Plaintiff's motion to compel, Doc. 401 at 5 (Feb. 14, 2022). Despite this, as the Court will recall, Defendant *never* informed Netflix of the pending request to produce its confidential documents in violation of the protective order; in fact, counsel for Netflix learned of the Court's initial order compelling production independently. Letter from counsel for Netflix re Production of nonparties' confidential discovery, Doc. 407 at 1 (Feb. 21, 2022). It is Defendant's violation of the *Netflix* Protective Order that prompted the Magistrate in the *Netflix* case to enter his order prohibiting production until *Netflix* had an opportunity to be heard in this case and that has necessitated the additional round of briefing on the question of whether the *Netflix* discovery should be produced to Plaintiff in this case. As Defendant created this delay in the production of these materials, he should not be permitted to benefit strategically from his violation of a court order by forcing Plaintiff to sit for deposition before the issue of whether she can review these relevant materials has been resolved.

Defendant may also complain that rescheduling will delay the deposition considerably because his deposing counsel, Howard Cooper, has a previously scheduled trial in May 2022, Hearing Tr., at 51:16–17 (February 22, 2022), but again any inconvenience is of Defendant's own making. Had Defendant complied with the *Dershowitz v. Netflix* protective order as he was required to do, Netflix would have participated in the parties' meet and confer discussions and the initial briefing, argument, and decision by this Court. If re-briefing and re-deciding these issues now inconveniences Defendant, he has no one to blame but himself.

Plaintiff therefore respectfully moves the Court to order that Plaintiff's deposition be rescheduled to a date after this Court has resolved the parties' dispute over production of Netflix documents.

Hon. Loretta A. Preska
March 15, 2022
Page 3

Respectfully,

s/ Nicole J. Moss
Nicole J. Moss

CC: Counsel of Record (via ECF)