LAW OFFICES OF

## Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA*
MARIANNE E. BERTUNA*
HON. BARRY KAMINS (RET.)
HON. JOHN M. LEVENTHAL (RET.)
JOHN S. ESPOSITO*
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON**
ANDREA M. ARRIGO*
LINO J. DE MASI
MICHAEL F. DIBENEDETTO*
TAYLOR M. FRIEDMAN+

546 FIFTH AVENUE
NEW YORK, NY 10036

TELEPHONE: (212) 486-0011

FACSIMILE: (917) 261-4832

WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT
+ALSO ADMITTED IN TEXAS

March 17, 2022

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      **Re:**     *Giuffre v. Dershowitz*, **Case No.: 19-cv-03377-LAP**
               **Opposition to Plaintiff's Motion to Reschedule Deposition (ECF No. 437)**

Your Honor:

      Plaintiff's Letter Motion seeking an order postponing her deposition is without merit and simply continues her ongoing unwillingness, now for nearly 3 years since filing her lawsuit, to answer questions about her allegations under oath. Although Plaintiff does not label her motion as such, Plaintiff is in essence seeking reconsideration of the Court's February 22, 2022 Order despite no change in circumstances which would merit reconsideration. Indeed, in accordance with Your Honor's Order at the February 22nd Status Conference, Plaintiff's deposition is now, finally, scheduled for March 31 and April 1 in Washington, D.C. Counsel have adjusted their conflicting schedules to accommodate these dates (which were suggested by Plaintiff), have accommodated Plaintiff's request that her deposition be conducted in Washington D.C., and all travel and logistical arrangements have been made for Plaintiff's deposition to go forward on those dates.

      Plaintiff's latest objection is that somehow third-party document discovery from Netflix will not be completed by that date and that Prof. Dershowitz will somehow have an unfair advantage concerning the Netflix documents. Neither of these arguments is credible and neither can be advanced seriously or in good faith. The Netflix broadcast first aired in May 2020 well after Plaintiff filed her complaint here. Plaintiff has been making her allegations against Professor Dershowitz since 2014. Presumably, she had a basis for doing so for years before the Netflix broadcast and before she filed her lawsuit 3 years ago. Likewise, neither Prof. Dershowitz nor his counsel have seen the Netflix documents either and, accordingly, they have no strategic advantage with respect to them (unlike Plaintiff's counsel who accessed the *Giuffre v. Maxwell* documents in

violation of a protective order in that case and presumably have documents Prof. Dershowitz does not have).

The Court should therefore deny Plaintiff's request for reconsideration and order Plaintiff to sit for her deposition as noticed and previously agreed to by the parties, on March 31 and April 1 in Washington, D.C.

**I.     The Court on February 22 ordered Plaintiff to submit to deposition by mid-April regardless of whether all document discovery disputes would be resolved and document discovery completed by that date.**

As he had numerous times previously, at the status conference on February 22, Prof. Dershowitz again requested that Plaintiff be ordered to submit to a deposition without further delay. *See* Transcript of February 22, 2022 status conference, attached hereto as Exhibit A, at pp. 45, 49.  Precipitating that specific request was the Court's observation, in response to Prof. Dershowitz's motion to confirm the parties' agreement to exceed the ten deposition limit in this case, that the list of potential third party deponents could only meaningfully be narrowed once Prof. Dershowitz had the opportunity to take Plaintiff's deposition and determine what facts are truly in dispute and which of the third parties possesses the most relevant knowledge. *Id.* at 44-45.  As she had previously, Plaintiff opposed the scheduling of her deposition on the grounds that Prof. Dershowitz's document productions were not substantially complete (while at the same time representing that the "main issue" preventing Plaintiff's deposition from occurring had been the global pandemic). *Id.* at pp. 49-51.  The Court rejected this argument and ordered Plaintiff to submit to deposition by mid-April, to accommodate Howard Cooper's May trial schedule. *Id.*

Notably, the Court issued its Order in the face of uncertainty regarding the timing and status of the production of the Netflix Nonparties' documents, a matter not taken up by the Court until three days later on February 25.  The fact that the Netflix Nonparties' documents may ultimately not be produced prior to Plaintiff's scheduled deposition is not a new development and therefore provides no basis to delay her deposition.

**II.     Prof. Dershowitz has zero strategic advantage because neither he nor his counsel in this action have seen the Netflix Nonparties' documents.**

Plaintiff's argument that Prof. Dershowitz will possess an unfair strategic advantage in her deposition is meritless for the simple reason that neither Prof. Dershowitz nor his counsel in this action have seen any of the Netflix Nonparties' confidential documents and will not unless and until they are ultimately produced to Plaintiff in this action.[1]  Nor do we have any knowledge regarding the content of the documents beyond what the Netflix Nonparties have disclosed to both sides.  There is thus zero information asymmetry and zero reason to delay Plaintiff's deposition pending the production of the Netflix documents.

---

[1] Discovery is now on hold in the *Netflix* action, so Prof. Dershowitz will not be exposed to any of the Netflix Nonparties' confidential documents in connection with any depositions in that case.

AIDALA, BERTUNA & KAMINS, P.C. • 546 FIFTH AVENUE, NEW YORK, NY, 10036 • T: 212-486-0011 • F: 917-261-4832 • WWW.AIDALALAW.COM

III.    **Plaintiff fails to articulate any unfairness to proceeding with her deposition before the production of the Netflix documents.**

Moreover, although it is a moot point given that neither Prof. Dershowitz nor his counsel have seen the documents at issue and therefore cannot possibly have an unfair advantage, Plaintiff has failed to articulate with any specificity the nature of the supposed prejudice that would result if she is deposed before the parties to this case are provided with the confidential Netflix discovery. As we understand from Netflix's counsel, that discovery falls into two discrete categories:  1) unpublished "newsgathering" material concerning the documentary's "reporting" into Prof. Dershowitz; and 2) the uncut version of Plaintiff's interview with Netflix.  As to the latter, there is no prejudice because Plaintiff was present for that interview and knows what was said.  As to the former, Plaintiff fails to explain how access to this material bears on *her own* deposition preparation in any way.  Certainly, it cannot be Plaintiff's position that any information inequality amounts to unfair prejudice where she and her counsel have access to and have actually reviewed large amounts of confidential discovery material from the *Giuffre v. Maxwell* case to which Prof. Dershowitz has been denied access.

The cases cited by Plaintiff provide no support for her extraordinary position.  *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, No. 10-CV-2618 JBW, 2011 WL 3471508, at *1 (E.D.N.Y. Aug. 5, 2011), involved a situation where the plaintiff failed to produce audio recordings of conversations between the president of the plaintiff company and representatives of a non-party, Aramark Sports, which the Court concluded gave the plaintiff an unfair advantage in the depositions of representatives of Aramark Sports.  *Id.* at *11.  The prejudice to the defendant identified by the Court was evidently the inability to properly *examine* the plaintiff company's president and a representative of Aramark Sports without the benefit of the recordings, which is why the Court allowed those depositions re-opened.  *Id.  Kosher Sports* provides no support for Plaintiff's argument here that she would be unfairly prejudiced if she were made to sit for a deposition before the Netflix discovery is produced to her.[2]

IV.    **The Netflix Nonparties' brief filed yesterday underscores the unfairness that would result to Prof. Dershowitz from allowing this contrived dispute over the production of the Netflix documents to delay Plaintiff's deposition.**

Finally, it bears noting that the Netflix Parties have now been given their opportunity to fully present their arguments and, in a brief filed today comprising a grand total of 8 double spaced pages, they have merely rehashed, with little elaboration, arguments which the Court already considered and rejected during the February 25 hearing.  *See* ECF No. 440.  Their filing confirms that they already had more than an adequate opportunity to present their arguments, and

---

[2] *Giladi v. Albert Einstein Coll. of Med.,* No. 97 CIV. 9805 (DC), 1998 WL 183874 (S.D.N.Y. Apr. 15, 1998) and *Costa v. AFGO Mech. Servs., Inc*., 237 F.R.D. 21, 22 (E.D.N.Y. 2006), are even farther afield.  Neither case involved a request to delay a deposition pending the production of documents.  Rather, both cases involved motions brought by parties seeking permission to delay disclosure of relevant recordings until after depositions, as is sometimes done with post-suit surveillance recordings made at the direction of counsel, out of concern that witnesses could conform their testimony to the recordings. The courts in both cases found the rationales applicable to surveillance recordings inapplicable and thus ordered the recordings produced in the normal course. Neither case provides any support for Plaintiff's request here.

AIDALA,  BERTUNA  &  KAMINS,  P.C. • 546  FIFTH  AVENUE,  NEW  YORK,  NY,  10036 • T: 212-486-0011 • F: 917-261-4832 • WWW.AIDALALAW.COM

underscores the lack of justification for delaying Plaintiff's deposition in order to allow time to afford them process which they have by now already received.

***

For the foregoing reasons, Prof. Dershowitz respectfully requests that the Court deny Plaintiff's motion for reconsideration of its February 22 Order compelling her to submit to deposition and Order Plaintiff to appear for her scheduled deposition on March 31 and April 1 in Washington, D.C.

Respectfully submitted,

*/s/ Arthur L. Aidala*
Arthur L. Aidala

*/s/ Howard M. Cooper*
Howard M. Cooper

cc:    *All counsel of record, via ECF*

AIDALA, BERTUNA & KAMINS, P.C. • 546 FIFTH AVENUE, NEW YORK, NY, 10036 • T: 212-486-0011 • F: 917-261-4832 • WWW.AIDALALAW.COM