# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Nicole J. Moss<br>nmoss@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | (202) 220-9636<br>Fax (202) 220-9601 |

March 17, 2022

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
              Plaintiff's Letter Motion to Reschedule Deposition (Doc. 437)

Dear Judge Preska:

    I write on Plaintiff's behalf in reply to Defendant's letter opposing Plaintiff's Motion to Reschedule Deposition of Plaintiff. Doc. 441 (March 17, 2022). It bears reiterating at the outset that Plaintiff finds herself in the position of having to make this request because of Defendant's failure to comply with the protective order in his lawsuit against *Netflix*. Defendant's opposition to Plaintiff's request does not address this point, presumably because he has no answer to it. Instead Defendant relies upon false premises, and counterarguments that do not justify proceeding with Plaintiff's deposition without granting symmetrical access to the Netflix documents. Plaintiff respectfully requests that the Court order Plaintiff's deposition to be rescheduled to a date after the Court has resolved the dispute over the production of the Netflix documents.

    Defendant begins with the false premise that the Netflix documents are ancillary discovery from a third party. They are not. Plaintiff's request for production is directed to *Defendant* because he is in possession of these documents, and for that reason, the Court's order to produce them is directed to *Defendant*, not any third party. In fact, Defendant would be able to produce these documents in accord with the Court's previous orders *but for* Judge Torres' contrary order in the Southern District of Florida, which he expressly entered in an effort to place the *Netflix* parties in the same position they would have been in had Defendant complied with the protective order in that case in the first instance.

    Defendant also claims Plaintiff's motion seeks reconsideration of the Court's previous order without intervening circumstances to justify a change. That too is wrong. At the February 22 hearing, when the question of scheduling Plaintiff's deposition arose, the status quo was the Court's order to Defendant to produce the Netflix documents. Although the Court agreed to hear from the Netflix parties at a hearing scheduled for February 24, 2022, *see* Order, Doc. 409 (Feb. 22, 2022), the Court gave no indication that it would revisit that order, and indeed, the Court reaffirmed it three days later during a subsequent hearing with the Netflix non-parties on February 25, 2022. *See* Hearing Tr. (Feb. 25, 2022), attached hereto as Exhibit A at 12. Only *then* did Judge Torres issue an intervening order prohibiting Defendant from producing these documents. That

Hon. Loretta A. Preska
March 17, 2022
Page 2

order is a significant intervening event that has led to additional briefing and delay in this Court. Because of it, the dispute over the Netflix documents will not be resolved before Plaintiff's scheduled deposition.

Defendant also claims he has no strategic advantage with regard to the Netflix materials because neither he nor his counsel have viewed them. But there is nothing to prevent Defendant from reviewing these materials before Plaintiff's deposition, and given their central relevance, the Court can hardly assume that Defendant will voluntarily abstain from using these materials to inform his deposition of Plaintiff. In any case, even if Defendant and his counsel do not review the materials before the deposition, Plaintiff is still prejudiced if she does not receive them before her deposition. The documents were created contemporaneously with the *very statements at issue in this case*. It is reasonable for Plaintiff to refresh her recollection with these documents before being questioned about her contemporaneous, related statements, particularly because Defendant is free to view these materials in the future and use them against Plaintiff at trial, if he chooses.

Plaintiff agrees with Defendant on one point: the Netflix parties' Motion for a Protective Order and accompanying Memorandum in Support, Docs. 439, 440 (Mar. 16, 2022) (to which we will respond on March 23, 2022), advance no new arguments that this Court has not already considered and rejected. That, however, does not justify proceeding with Plaintiff's scheduled deposition—quite the opposite. Because the Netflix parties have advanced no new arguments, the Court is likely to again order the production of these documents, but only after the issue is fully briefed and ripe for decision, which will be *after* Plaintiff's scheduled deposition. If so, Plaintiff will sit for her deposition while deprived of relevant documents that she is, in fact, entitled to have. To avoid the resulting prejudice, Plaintiff's deposition should be postponed.

In truth, the Court is now caught between three choices, each of which prejudices one party: (1) Order Defendant to produce the Netflix documents before Plaintiff's deposition, which deprives the Netflix parties of the process to which the Court held they are entitled under the Southern District of Florida's protective order; (2) Order the deposition to proceed as scheduled, which prejudices Plaintiff by forcing her to testify without access to relevant materials, asymmetrically available to Defendant alone; or (3) Postpone Plaintiff's deposition, which will cause Defendant minor inconvenience and a short delay. Among these options, the prejudice to Defendant is comparatively minimal, and in all events, the choice the Court faces is entirely attributable to Defendant's disregard of another court's protective order. Among these three options, the best course of action is to postpone Plaintiff's deposition until after resolution of the Netflix issue.

Plaintiff respectfully reiterates her request that the Court order Plaintiff's deposition be rescheduled to a date after this Court has resolved the parties' dispute over the production of the Netflix documents.

                                                                                                Respectfully,

                                                                                                s/Nicole J. Moss
                                                                                                Nicole J. Moss

CC:     Counsel of Record (via ECF)