# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Charles J. Cooper
ccooper@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

March 22, 2022

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

```
Defendant shall respond to Plaintiff's proposal
by tomorrow, March 23, 2022, at 3 p.m. The
parties shall confer as to whether Plaintiff's
deposition may be taken as previously scheduled.

SO ORDERED.        Loretta A. Preska

                                  3/22/2022
```

Re:   *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
Plaintiff's Letter Response re: Netflix Nonparties' Motion for Protective Order

Dear Judge Preska:

Plaintiff has learned from the docket for *Dershowitz v. Netflix, Inc.*, Case No. 1:21-cv-21961-CMA (S.D. Fla.) (the "*Netflix* Action"), that Defendant and the Netflix Nonparties[1] have dismissed with prejudice their respective claims against one another. *See* Stipulation of Dismissal, *Netflix* Action, Doc. 96 (Mar. 14, 2022), attached hereto as Exhibit A. The protective order in that action requires Defendant to return or destroy all "Protected Material" covered by that order within 60 days after the final disposition of the action. *See* Stipulated Protective Order in *Netflix* Action, Doc. 414-1, at 17 (Nov. 18, 2021). Defendant has represented to the Court that neither Defendant "nor his counsel in this action have seen any of the Netflix Nonparties' confidential documents and will not unless they are ultimately produced to Plaintiff in this action," and, moreover, that they do not "have any knowledge regarding the content of the documents beyond what the Netflix Nonparties have disclosed to both sides." Def's Letter Opp'n to Pl's Mot. to Reschedule Dep., Doc. 441, at 2 (Mar. 17, 2022).

In order to avoid further burdening the Court with the matter of the Netflix Nonparties' confidential documents, Plaintiff is willing to withdraw her request that Defendant produce the Netflix Nonparties' confidential documents[2] on the following conditions:

1.  Defendant and his counsel affirm on the record that neither has seen nor listened to nor reviewed in any way any document that the Netflix Nonparties produced in the

---

[1] Netflix, Inc.; Leroy & Morton Productions LLC; RadicalMedia LLC; Lisa Bryant; Joseph Berlinger.

[2] Here, we refer to documents that the Netflix Nonparties have produced to Defendant with a "Confidential" or "Highly Confidential" designation under the protective order in the *Netflix* Action. Plaintiff maintains her request for non-confidential documents the Netflix Nonparties produced to Defendant in the *Netflix* Action, unless Defendant can make similar representations that he has not reviewed them, will not review them, and will destroy or return them.

Hon. Loretta A. Preska
March 22, 2022
Page 2

> *Netflix* action with a "Confidential" or "Highly Confidential" designation, whether those "documents" take the form of video footage, audio recordings, electronic messages, or otherwise.

2. Defendant and his counsel affirm on the record that they will not review in any way the aforementioned documents and that Defendant will promptly destroy them or return them to the Netflix Nonparties.

3. Defendant and his counsel affirm on the record that neither has received any knowledge of the contents of the aforementioned documents from any source, including Defendant's counsel in the *Netflix* action, apart from the information that the Netflix Nonparties have disclosed to Plaintiff, and that if they obtain additional information about the documents' contents from any source, they will promptly disclose that information to counsel for Plaintiff.

If Defendant and his counsel refrain from reviewing the documents and from otherwise receiving any knowledge of the contents of the documents, then the parties to this action will be returned to the position they were in before Defendant sued the Netflix Nonparties. Although Plaintiff maintains that these documents are centrally relevant, she is willing to forego them provided that she is on an equal footing with Defendant.

If Defendant is unable or unwilling to make the foregoing representations and commitments, then Plaintiff maintains her demand for the documents and will timely file her brief in opposition tomorrow.

Respectfully submitted,

s/Charles J. Cooper
Charles J. Cooper

CC:    Counsel of Record (via ECF)