

Howard M. Cooper
hcooper@toddweld.com

March 15, 2022

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
            Reply in Support of Request for Relief from Order re: Tax Returns

Your Honor:

    Plaintiff's response to Defendant's request for relief from the Order to produce his tax returns reflects her relentless fishing expedition into deeply personal aspects of Defendant's and his wife's lives by seeking 24 years of tax returns despite Defendant's offer to waive his claim for loss of income. *See* ECF Nos. 434, 436. In defiance of the standard for the production of tax returns, Plaintiff continues to chase irrelevant documents for which she has demonstrated no compelling need. Defendant respectfully requests that this Court put an end to Plaintiff's fishing trip and grant Defendant relief from the February 14, 2022 Order (ECF No. 401).

    In her December 3, 2021 letter-motion, Plaintiff stated that Defendant's tax returns are "relevant to measure the economic injuries [Defendant] claims to have suffered because of the statements at issue in this case," and to possibly show certain payments received by Defendant. ECF No. 373 at 12. Because Defendant has offered to waive his claim for economic loss and provide other evidence of any payments from Jeffrey Epstein, the returns are irrelevant. In response to Defendant's offer, Plaintiff claims that the returns "may" support her assertion that Defendant suffered no "general reputational harm" as a result of her accusations. ECF No. 436 at 2. Yet tax returns are not relevant to the assessment of how Plaintiff's false accusations have tarnished Defendant's reputation as a distinguished and ethical lawyer and professor in the eyes of his family, friends and the public at large. *See, e.g.*, *Matthews v. Stolier*, No. CV 13-6638, 2016 WL 9447196 (E.D. La. Nov. 1, 2016) (finding tax returns were irrelevant despite argument that "tax returns would reflect whether any perceived reputational damage impacted [plaintiff's] income"); *Martin v. Villa*, No. 128 EDA 2016, 2017 WL 3484141, at *12 (Pa. Super. Ct. Aug. 15, 2017) (reversing order of production of tax returns because plaintiff "was not seeking damages for economic loss, but for loss of reputation"). Plaintiff, citing to *Cantu v. Flanigan*, 705 F. Supp. 2d 220 (E.D.N.Y. 2010), claims that loss of reputation includes "the loss of professional status and the ability to earn wages," but this case, which has nothing to do with discoverability of tax returns, assesses reputational harm separately from economic loss. ECF No. 436 at 2.

    Plaintiff's arguments are at best tenuous, claiming that the returns "may" "support an inference" that Defendant's reputation did not suffer from Plaintiff's accusations. ECF No. 436 at 2. If reputational harm could be disproved by a lack of economic loss, economic loss would swallow up reputational harm as an independent type of damage. This cannot be. Plaintiff struggles



Hon. Loretta A. Preska
March 15, 2022
Page 2 of 3

to create other relevance by claiming that a drop in income "during the period when [Defendant] was defending President Trump" may show "general reputational harm" linked to that representation. ECF No. 436 at 2. Yet, a tax return is unlikely to indicate the reason for a drop in income. As a hypothetical example, while an email from an individual wrongfully calling Defendant a "pedophile" would clearly show damage resulting from Plaintiff's comments, a tax return showing that Defendant's income dropped in early 2020 would likely provide no indication of whether the reduction was due to Defendant's representation of President Trump, Plaintiff's recent addition of battery and wiretapping claims against him, or some unrelated factor.[1]

In addition to a lack of relevance, Plaintiff fails to show a compelling need for 24 years' worth of tax returns.[2] The fact that Defendant's reputation is permanently marred by Plaintiff's accusations is well-documented in emails, testimony and other documents which have no bearing on his income. Plaintiff's desire for tax returns is unnecessary and nonsensical when seeking to disprove non-economic harm such as the effect of Plaintiff's accusations on his relationships, legacy and stature in the community. As for Plaintiff's other reason for obtaining tax returns – identifying payments from Epstein – she does not deny that 1099s suffice for this purpose.

To the extent Defendant's objection based on his wife's privacy interests was not raised earlier, this District has considered newly raised objections where there is an explanation for the delay. *Munoz v. Manhattan Club Timeshare Ass'n, Inc.,* No. 11-CV-7037 JPO, 2012 WL 479429, at *1 (S.D.N.Y. 2012). Here, the explanation is simple. Only once this Court ordered the production of tax returns and Defendant began the process of collecting them from his accountant did it become clear that Defendant's wife's private information would also be revealed.

As further compromise, in addition to dropping his claim for economic loss and producing 1099s reflecting income from Epstein, Defendant is willing to (1) produce redacted tax returns that only reveal income from Epstein (to the extent any such information can be gleaned from the returns), (2) stipulate that the tax returns do not show a reduction in income as a result of Plaintiff's accusations, (3) specify the year-to-year changes in his overall income (as a percentage only) based on the tax returns, and (4) submit unredacted tax returns for 2017 to 2020 (the same years Plaintiff produced) to a court-approved third party to determine if any other information is relevant to this case. These accommodations more than suffice for Plaintiff's purposes, given the strong legislative and public interest justifications supporting the confidentiality of returns. *See Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015). This important policy mandates minimization of disclosure to that absolutely necessary to satisfy a compelling need for specific information.

---

[1] Notably, Plaintiff's argument that the returns may rebut a showing of "general reputational harm" concerns only tax returns for the years after Plaintiff made her accusations about Defendant.

[2] Plaintiff's claim that, after producing four years of tax returns, she is in fairness entitled to 24 years of tax returns is ironic, given that Defendant has had to review and produce thousands of documents and Plaintiff has not been subjected to nearly the same burden. ECF No. 436. Plaintiff's returns are relevant and necessary to support, among other things, her alleged economic injury.



Hon. Loretta A. Preska
March 15, 2022
Page 3 of 3

    Defendant again reminds the Court that it previously afforded Plaintiff extraordinary relief in allowing her to amend her complaint to drop incendiary allegations against him and thereby avoid pending discovery requests. The Court has also narrowly circumscribed discovery in this case refusing, for example, to allow Defendant the opportunity to pursue discovery into Plaintiff's lies about being trafficked to numerous other well-known men. Permitting Plaintiff to discover 24 years of joint tax returns in these circumstances would be an extraordinary departure from the lines the Court has drawn to date.

    Given the importance of this topic, Defendant respectfully requests a hearing before any ruling is made on this matter.

Respectfully submitted,

*/s/ Howard M. Cooper*
Howard M. Cooper

cc:    All counsel of record, via ECF