# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| Nicole Jo Moss<br>nmoss@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C.  20036 | (202) 220-9636<br>Fax (202) 220-9601 |

July 14, 2022

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
              Letter Seeking Pre-Motion Discovery Conference

Dear Judge Preska:

    I write on behalf of Plaintiff Giuffre to request a pre-motion discovery conference concerning Defendant Dershowitz's refusal to respond to Plaintiff's discovery requests seeking impeachment evidence that Defendant plans to use at trial and seeking the names of witnesses Defendant intends to call at trial. The parties have conferred on these discovery disputes and have been unable to reach a resolution.

    Plaintiff has properly propounded interrogatories to Defendant requesting information about the evidence he plans to use at trial for impeachment purposes, but Defendant has refused to provide it. That alone is improper because "[n]o impeachment exception exists for interrogatory responses," which Defendant is bound to answer. *Rivera v. United Parcel Serv.*, 325 F.R.D. 542, 547 n.5 (S.D.N.Y. 2018). Moreover, in the context of this case, "impeachment" evidence that purports to impugn Plaintiff's credibility would be relevant not merely for impeachment purposes but also as substantive evidence in support of Defendant's defenses and counterclaims, and is therefore not protected by Rule 26(a)'s exception from disclosure for information "solely for impeachment [purposes]." See FED. R. CIV. P. 26(a)(1); *see also TelAmerica Media Inc. v. AMN Television*, No. CIV.A. 99-2572, 2002 WL 32373712, at *18 n.14 (E.D. Pa. Sept. 26, 2002) ("Evidence that serves both a substantive and impeachment function must be properly disclosed prior to trial regardless of its impeachment value."). Plaintiff seeks to compel Defendant either to identify and provide the requested impeachment evidence or, alternatively, to be prohibited from offering previously undisclosed impeachment evidence at trial.

    Plaintiff further seeks to compel Defendant to answer her interrogatory requesting the identities of individuals with information relevant to Defendant's claims and defenses. Defendant's "failure to disclose … [these] identities in response to [Plaintiff's] interrogatories, standing alone, violate[s] Rules 26(e) and 33," *Rivera*, 325 F.R.D. at 547 n.5.

Hon. Loretta A. Preska
July 14, 2022
Page 2

## Background

Following the first two days of Plaintiff's deposition, Defendant's counsel sent an email to Plaintiff's counsel stating: "[Y]our client's deposition was a disaster for her, including for reasons you and she will not appreciate until trial." Redacted Email from Howard Cooper to Charles Cooper and Michael Kirk (Apr. 22, 2022), attached hereto as Exhibit A.[1]

While we strenuously disagree with defense counsel's characterization of the deposition, in light of this candid admission regarding Defendant's plan for trial by ambush—and in order to leave no doubt about what evidence Defendant is required to produce in discovery—Plaintiff propounded additional discovery requests to Defendant. Plaintiff's Fourth Set of Requests for Production of Documents asked Defendant to "[p]roduce all documents you intend to use at trial in this Action, including but not limited to, any documents you intend to use solely for impeachment purposes," and "specifically includ[ing] any documents implicitly being referred to by Howard Cooper's email of April 22, 2022, in which he suggested that Defendant has information and/or documents that he will use to impeach Plaintiff at trial." Request No. 105 (May 9, 2022), attached hereto as Exhibit B. Similarly, Plaintiff's Second Set of Interrogatories further requested that Defendant: (1) "Identify … all individuals you contend have knowledge about any of the claims, counterclaims, or defenses in this Action, including but not limited to, any individuals you contend have information that could be used to impeach Plaintiff …"; (2) "Identify … all individuals you may call as a witness at trial, including but not limited to, any individuals you may call to impeach Plaintiff …"; and (3) "Identify … all documents you may use at trial to contradict any statements made by Plaintiff at her deposition or that you contend would otherwise impeach Plaintiff's credibility, including but not limited to, any documents implicitly being referred to by Howard Cooper in his email of April 22, 2022." (May 9, 2022), attached hereto as Exhibit C at 4.

Defendant objected to these requests and produced nothing in response. Specifically, Defendant objected to each request on the grounds that it is "premature," because "Defendant has not made any decisions" regarding which documents or witnesses or impeachment evidence "he intends to use at trial," and because in Defendant's view, he is not obligated to produce information that he intends to use to impeach Plaintiff until *after* Plaintiff has testified at trial. *See* Def. Dershowitz's Objections and Resps. To Pl. Giuffre's Fourth Set of Requests for Production (June 22, 2022), attached hereto as Exhibit D, and Def. Dershowitz's Answers to Pl. Giuffre's Second Set of Interrogatories (June 22, 2022), attached hereto as Exhibit E.

## Analysis

Defendant is clearly in violation of his discovery obligations, and Plaintiff requests leave to move to compel him to answer her recent interrogatories and request for production.

---

[1] Exhibit A contains redactions because the remainder of the email concerns settlement discussions. The quoted line, however, clearly does not concern settlement and is not protected from disclosure by any privilege.

Hon. Loretta A. Preska
July 14, 2022
Page 3

To begin, Defendant cannot properly invoke Rule 26(a)'s impeachment exception because Plaintiff has sought Defendant's intended impeachment evidence through specific discovery requests, and "[n]o impeachment exception exists for interrogatory responses." *Rivera*, 325 F.R.D. at 547 n.5. Defendant's intended impeachment evidence is clearly "relevant to any party's claim or defense" and is an appropriate subject of discovery. FED. R. CIV. P. 26(b)(1). "The fact that the party responding to discovery intends to use the material only for impeachment does not take it out of the realm of discoverable material if it is otherwise relevant." 8 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2015.

Moreover, any "impeachment" evidence Defendant may intend to use at trial would also be central to the substantive issues in this case. "To state a claim for defamation under New York Law, the plaintiff must allege," among other things, that the defendant has made "a false statement about the plaintiff." *Thai v. Cayre Grp. Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010). Here, if Defendant is to prove his counterclaim for defamation, he must show that Plaintiff's allegedly defamatory statements about him were false. Also, Defendant's substantive defense to Plaintiff's defamation claims is that Plaintiff is not a credible witness and should not be believed. In light of these circumstances, any evidence Defendant intends to offer to "impeach" Plaintiff would serve not merely an impeachment purpose, but also a substantive purpose in support of Defendant's defenses and counterclaims. *See Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) ("[s]ubstantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact," while "[i]mpeachment evidence … is that which is offered to discredit a witness," and holding that such evidence can be both).

While the impeachment exception of Rule 26 protects evidence from the affirmative obligation to disclose if that evidence will be used "*solely* for impeachment," there is no exception for *substantive* evidence. Where evidence "is of some impeachment value" but "is also of a substantive nature," "it should … be[ ] disclosed prior to trial, regardless of its impeachment value." 988 F.2d at 517 (cleaned up); s*ee also Clear-View Techs., Inc. v. Rasnick*, No. 13-cv-02744, 2015 WL 3509384, at *6 (N.D. Cal. June 3, 2015) ("If evidence … has independent relevancy to the merits of the case, the evidence is not solely for impeachment and must be disclosed to opposing counsel pursuant to Rule 26" (cleaned up)); *TelAmerica Media Inc.*, 2002 WL 32373712, at *18 n.14 ("Evidence that serves both a substantive and impeachment function must be properly disclosed prior to trial regardless of its impeachment value."); *Costa v. AFGO Mech. Servs., Inc.*, 237 F.R.D. 21, 25–26 (E.D.N.Y. 2006) (cleaned up) ("[W]here surveillance materials are used for purposes beyond impeachment as 'substantive evidence,' the materials must be produced before trial without limitation."). Accordingly, Rule 26(a) imposes an affirmative obligation on Defendant in this case to disclose impeachment evidence related to Plaintiff, and Rule 26(e) requires him to update those disclosures if new information becomes available to him.

Plaintiff respectfully requests leave to move to compel Defendant to produce any and all evidence he intends to use to "impeach" Plaintiff at trial, including the evidence that he is referring to in his veiled warning that "she will not appreciate [it] until trial." This is an appropriate remedy where one party "specifically requested production of [the evidence in] discovery" and "[the other party] refused to produce it." *Giladi v. Albert Einstein Coll. of Medicine*, No. 97-civ-9805, 1998 WL 183874, at *1 (S.D.N.Y. April 15, 1998) (holding that evidence at issue "has value beyond

Hon. Loretta A. Preska
July 14, 2022
Page 4

serving as impeachment material" and "must be immediately produced"). In the alternative, Plaintiff asks that the Court prohibit Defendant from using any impeachment evidence at trial that has not been produced to date. *See, e.g., Wood v. Cendant Corp.*, No. 03-cv-298, 2006 WL 8457171, at *2–3 (N.D. Okla. Jan. 6, 2006) (holding that where evidence was "more than mere impeachment evidence to both Plaintiff's and Defendants' cases," but Defendants failed to produce it in discovery, "Defendants shall not be allowed to use the [evidence] for any purpose at trial").

Respectfully,

s/ Nicole J. Moss
Nicole J. Moss

CC:   Counsel of Record (via ECF)