# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA L. GIUFFRE,<br><br>        Plaintiff,<br><br>v.<br><br>ALAN DERSHOWITZ,<br><br>        Defendant.<br><br>ALAN DERSHOWITZ,<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>VIRGINIA L. GIUFFRE,<br><br>        Counterclaim Defendant. | Civil Action No. 1:19-cv-3377 (LAP) |

**PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION
TO DEFENDANT ALAN DERSHOWITZ**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Virginia Giuffre, by and through her counsel, hereby propounds on Defendant Alan Dershowitz the following Requests for Production. Defendant is requested to produce and/or permit Plaintiff to inspect and to copy each of the requested documents or information that are in the possession, custody, or control of Defendant, his attorneys, agents, or representatives. Document production should be delivered to the offices of Cooper & Kirk, PLLC, 1523 New Hampshire Ave., N.W., Washington, D.C. 20036, or at any other location to which counsel mutually agree.

**DEFINITIONS**

As used herein, the following terms shall have the following meanings:

1. "Action" means the lawsuit captioned *Virginia Giuffre v. Alan Dershowitz*, No. 19-cv-03377-LAP (S.D.N.Y).

2. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting, or purporting to act, at the direction of or on behalf of another.

3. "*Boies v. Dershowitz*" refers to the action captioned *David Boies v. Alan Dershowitz*, Index No. 160874/2019, currently pending in the Supreme Court of the State of New York for New York County, in which you are a Defendant and Counterclaim Plaintiff.

4. "Defendant" refers to Alan Dershowitz and his employees, representatives or agents.

5. "*Dershowitz v. Netflix*" refers to the action captioned *Alan Dershowitz v. Netflix, Inc., et al.*, case No. 21-21961-civ-ALTONAGA/Torres, currently pending in the United States District Court for the Southern District of Florida, in which you are a Plaintiff and a Counterclaim Defendant.

6. The term "electronic data, documents, information" or "ESI," includes reasonably accessible metadata that will enable Plaintiff to have the ability to access such information as the date sent, date received, author, recipients, and custodians.

7. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

8. "Plaintiff" refers to Virginia Roberts Giuffre.

9. The words or phrases "reflect," "refer," or "relate to"—or any tense or combination of those words or phrases—mean reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

10. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

11. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

12. The word "each" shall be construed to include "every" and vice versa.

13. The word "any" shall be construed to include "all" and vice versa.

14. The present tense shall be construed to include the past tense and vice versa.

15. The "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

16. "You" or "Your" hereinafter means Alan Dershowitz and any employee, agent, consultant related entities or other representatives of Alan Dershowitz.

17. The terms "Communication," "Document," "Identify," "Person," and "Concerning," shall have the meanings given to them in Local Civil Rule 26.3(c).

## INSTRUCTIONS

1. Unless indicated otherwise, the relevant time period for these Requests is from January 2000 to present. A Document or Communication should be considered to be within the relevant time period if it constitutes, refers or relates to communications, meetings or other events or documents that occurred or were created within that time period, regardless of the date of creation of the responsive Document or Communication.

2. Pursuant to Rule 26(e), these Requests should be supplemented as appropriate should Defendant obtain information that alters any of his responses.

3. Each Request herein constitutes a request for each Document referred to or a true, complete, and legible copy thereof. Plaintiff, however, does not seek and does not require the production of multiple copies of identical Documents.

4. Each Request seeks Documents that are in any way in the Defendant's possession, custody, or control from any source, wherever situated, including, but not limited to, the files, data, records, and documents to which Defendant has access, including all Documents in the possession, custody, or control of attorneys, contractors, experts, or consultants.

5. A Document is deemed to be in Defendant's "control" if Defendant or his attorneys have the right to secure the Document or a copy thereof from another person or entity having actual possession of the Document.

6. If a requested Document was, but no longer is, in Defendant's possession, custody, or control, Defendant shall identify the Document, its current location, and the person who has possession, custody, or control of the Document. If such information is unavailable, Defendant shall identify the last known location and person who had possession, custody, or control of the Document and explain the reason for and circumstances under which the Document left Defendant's possession, custody, or control.

7. If any of the Documents requested herein has been destroyed, Defendant shall furnish a list identifying each such Document, its author and addressee, each person to whom copies of the Documents were furnished or to whom the contents thereof were communicated, a summary of the substance of the Document, the date (or approximate date) upon which it was destroyed, and the reason it was destroyed.

8. If Defendant does not answer any Request or part thereof, on the basis

of privilege, he shall provide with respect to each such Document the following:

    a. The date of the Document;

    b. The number of pages comprising the document and a description of any identifying marks or designations (*e.g.*, Bates numbers) if any, on the Document;

    c. The nature of the Document (email, letter, memorandum, spreadsheet, presentation, report, etc.);

    d. A description of the subject matter of the Document;

    e. A list of all attachments or enclosures to the Document;

    f. The name(s) of the author(s) and of any recipient(s) of the Document;

    g. The name and address of any person who is not included in response to subpart (f) with respect to such Document and who has access to or has seen, read, or heard any portion of the material in the document; and

    h. The nature of the privilege asserted.

9. For each Request or part of a Request that Defendant refuses to answer on grounds of burdensomeness, Defendant shall explain in as much detail as possible the basis for his contention.

10. If Defendant objects to any Request, or a portion of any Request, he must produce all Documents covered by the Request, or portion of the Request, not subject to the objection.

11. Defendant shall produce all Documents as they are kept in the usual course of business and/or label them to correspond to the categories in the request.

12. You are requested to produce all drafts and notes, whether typed, handwritten or otherwise, made or prepared in connection with the requested Documents,

whether or not used.

13. Documents attached to each other shall not be separated.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 105:** Produce all documents you intend to use at trial in this Action, including but not limited to, any documents you intend to use solely for impeachment purposes. This Request specifically includes any documents implicitly being referred to by Howard Cooper's email of April 22, 2022 in which he suggested that Defendant has information and/or documents that he will use to impeach Plaintiff at trial.

May 9, 2022

COOPER & KIRK, PLLC

*/s/ Nicole J. Moss*

Charles J. Cooper*
Michael W. Kirk
Nicole J. Moss*
Haley N. Proctor*
*Admitted Pro Hac Vice*
1523 New Hampshire Avenue, NW
Washington, DC 20036
(202) 220-9600
ccooper@cooperkirk.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 9th day of May, 2022, I served the attached document via e-mail to the following counsel of record:

Arthur L. Aidala
Imran H. Ansari
AIDALA, BERTUNA & KAMINS, P.C.
546 5th Ave
New York, NY 10036
Tel: (212) 486-0011
Fax: (212) 750-8297
arthur@aidalalaw.com
iansari@aidalalaw.com

Howard M. Cooper
Christian G. Kiely
Kristy Oren
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com

*Counsel for Defendant, Alan Dershowitz*

By: _____
Nicole J. Moss