# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

VIRGINIA L. GIUFFRE,

    Plaintiff / Counterclaim Defendant,

v.

ALAN DERSHOWITZ,

    Defendant / Counterclaim Plaintiff

Case No. 19-cv-03377-LAP

**DEFENDANT ALAN DERSHOWITZ'S ANSWERS TO
PLAINTIFF VIRGINIA GIUFFRE'S
SECOND SET OF INTERROGATORIES**

Defendant Alan Dershowitz ("Dershowitz" or "Defendant"), by and through his counsel, hereby provides the following Answers to Plaintiff's Second Set of Interrogatories under Federal Rules of Civil Procedure 26 and 33.

**PRELIMINARY STATEMENT**

1. Defendant answers each and every one of the Interrogatories subject to the following Preliminary Statement. This Preliminary Statement forms part of the answer to each and every one of the Interrogatories as though restated in full therein. This Preliminary Statement may be referred to specifically in certain answers for the purpose of clarity. However, the failure to incorporate this Preliminary Statement specifically should not be construed as a waiver of the same.

2. Defendant's providing information in response to the Interrogatories shall not be construed as a stipulation that the information is relevant. Such information is subject to all objections regarding relevancy, materiality, propriety, admissibility and any other objections that

1

would require exclusion if offered as evidence at the trial or a hearing in this matter, all of which objections are hereby expressly reserved and may be interposed at the time of trial or hearing.

3. These answers are based on the information known by Defendant at the present time based on his diligent investigation to date. Defendant reserves the right to correct, clarify, modify, amend, or supplement his responses at any time should he discover facts and/or information responsive to the Interrogatories.

4. Defendant reserves the right to withdraw any document or information covered by any privilege, including but not limited to attorney-client privilege or the work product doctrine, if Defendant inadvertently or mistakenly produces such documents or information in response to the Interrogatories.

5. All of these answers are without prejudice to Defendant's using or relying on at trial subsequently discovered documents, including any documents omitted from these responses as a result of good faith oversight, error, or mistake.

6. Any representation herein that Defendant will produce responsive, non-privileged documents does not mean that any such documents exist, or that any existing documents can be collected through reasonable efforts, but only that responsive documents will be produced if they exist and can be located with a reasonable and diligent search of readily accessible and centrally located files maintained by, or on behalf of Defendant.

7. The responses herein are made solely for the purpose of this action. Defendant's responses to the Interrogatories are made without waiver and with preservation of:

    a. all objections as to competency, relevancy, materiality, propriety, and admissibility of any such response and the subject matter thereof for any purpose

and in any further proceeding in this lawsuit (including trial) and in any other action or matter;

b. the right to object to the use of any such response or the subject matter thereof on any grounds in any further proceeding in this lawsuit (including trial) and in any other action or matter;

c. the right to object on any grounds at any time to a demand or request for further response; and

d. the right at any time to review, correct, supplement or clarify any of the responses contained herein.

## GENERAL OBJECTIONS

8. Each of Defendant's responses to the Interrogatories is subject to and incorporates the following objections as if set forth fully therein. The assertion of the same, similar, or additional objections, or a partial response to any individual Interrogatories does not waive any of Defendant's general objections.

9. Defendant objects to the Interrogatories to the extent they call for production of documents that are not relevant to the subject matter of the pending claims or defenses in this action, or proportional to the needs of the case.

10. Defendant objects to the Interrogatories to the extent they are overbroad, unduly burdensome, oppressive, or would require unreasonable investigation by Defendant to respond.

11. Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and/or fail to describe the information sought with reasonable particularity that would allow Defendant to respond without speculation or undue burden.

12.     Defendant objects to the Interrogatories to the extent they purport to impose upon Defendant any duty or obligation that is in excess of those obligations imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, the rules and standing orders of this Court, or any other applicable rule.

13.     Defendant objects to the Interrogatories to the extent that they rely on definitions or rules of construction that are broader than the uniform definitions contained in Local Civil Rule 26.3.

14.     Defendant objects to the Interrogatories to the extent they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, privileges or protections concerning tax returns or tax information, or any other applicable privilege, immunity, regulation or discovery protection.  Production by Defendant, inadvertent or otherwise, of any documents containing information protected from disclosure by any privilege, immunity or doctrine shall not constitute or be deemed to constitute a waiver by Defendant of such protections.

15.     Defendant objects to the Interrogatories insofar as they seek the disclosure of information that is subject to the terms of confidentiality or non-disclosure agreements with third parties and/or would violate the privacy interests of others.  To the extent Defendant agrees or is ordered to disclose information in response to these Requests, such disclosure shall be subject to and contingent upon appropriate notice to and/or consent from such third parties.

16.     Defendant objects to these Interrogatories to the extent they seek personal and private information of any individual, the disclosure of which is prohibited by federal, state or local law, rule or regulation.

17. Defendant objects to the Interrogatories to the extent they seek information that publicly available, already in the possession, custody or control of Plaintiff, or are otherwise available from sources to which Plaintiff has equal access.

18. Defendant objects to the Interrogatories to the extent they purport to impose an undue burden on Defendant by requiring him to collect documents (i) that are not within Defendant's possession, custody, or control, (ii) that are available from a more convenient, more efficient, less burdensome or less expensive source than Defendant, or (iii) where the burden of collection and production outweighs the benefits of discovery.

19. Defendant objects to the Interrogatories to the extent that they purport to require Defendant to draw legal conclusions. Any response to the Interrogatories or production of documents is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission concerning any of the terms used in the Interrogatories.

20. Defendant objects to the Interrogatories to the extent they are unreasonably cumulative, duplicative or overlapping of one another.

21. Defendant objects to the Definition of "Jeffrey Epstein" as overbroad and, to the extent it intends to sweep Epstein's counsel and associated staff into the definition, seeking privileged material. Defendant will construe the Definition of "Epstein" to exclude other non-affiliated persons acting at the direction, under the control of, or on behalf of Epstein.

## OBJECTIONS AND RESPONSES

**Interrogatory No. 1**

Identify, as that term is used in Local Rule 26(c)(3), all individuals you contend have knowledge about any of the claims, counterclaims, or defenses in this Action, including but not limited to, any individuals you contend have information that could be used to impeach Plaintiff

5

Virginia Giuffre and provide a description of the subject matter(s) and specific topic(s) each such individually allegedly has knowledge about.

**Answer to Interrogatory No. 1**

Defendant objects to Plaintiff propounding, for the first time more than three years into this case and near the close of fact discovery, an Interrogatory asking him to identify persons with knowledge about any of the claims, counterclaims, or defenses in this Action. Defendant has repeatedly identified such persons through his Rule 26 disclosures, prior written discovery responses, document productions, deposition notices and subpoenas, and submissions to the Court, including those which identify by name those remaining witnesses whom he intends to depose. Insofar as this Interrogatory seeks to require Defendant to specify which witnesses will be offered for purposes of impeaching Plaintiff at trial, it is premature where Plaintiff has not yet testified at trial, and Defendant has not made any decisions regarding his trial presentation. Defendant also objects to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege. Defendant is not required to identify all of the various false testimony that Plaintiff provided at her deposition in order to enable her to attempt to correct that testimony prior to trial. Defendant will make any required pre-trial disclosures in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and any orders issued by the Court.

**Interrogatory No. 2**

Identify, as that term is used in Local Rule 26(c)(3), all individuals you may call as a witness at trial, including but not limited to, any individuals you may call to impeach Plaintiff

6

Virginia Giuffre and provide a description of the subject matter(s) and specific topic(s) each such individually will be testifying about if called as a witness at trial.

**Answer to Interrogatory No. 2**

Defendant objects to this Interrogatory on the grounds that it is premature. The Court has not entered a case management or pretrial order setting deadlines for the disclosure of trial witnesses. Defendant also objects to this Interrogatory insofar as it seeks to require Defendant to specify which witnesses will be offered for purposes of impeaching Plaintiff at trial, it is premature where Plaintiff has not yet testified at trial, and Defendant has not made any decisions regarding his trial presentation. Defendant further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege. Defendant has not made any decisions regarding which witnesses he intends to call at trial, and he is not required to make decisions about impeachment material before Plaintiff has even testified at trial. Defendant will make any required pre-trial disclosures in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and any orders issued by the Court.

**Interrogatory No. 3**

Identify, as that term is used in Local Rule 26(c)(4), all documents you may use at trial to contradict any statements made by Plaintiff at her deposition or that you contend would otherwise impeach Plaintiff's credibility, including but not limited to, any documents implicitly being referred to by Howard Cooper in his email of April 22, 2022.

**Answer to Interrogatory No. 3**

Defendant objects to this Interrogatory on the grounds that it is premature. The Court has not entered a case management or pretrial order setting deadlines for the identification of exhibits or other documents to be used at trial. Defendant also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege. Defendant has not made any decisions regarding which documents he intends to use at trial, and he is not required to make decisions about impeachment material before Plaintiff has even testified at trial. Defendant will make any required pre-trial disclosures in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and any orders issued by the Court.

AS TO OBJECTIONS:


*/s/ Christian G. Kiely*
Howard M. Cooper (MA BBO# 543842)
(*pro hac vice*)
Christian G. Kiely (MA BBO# 684308)
(*pro hac vice*)
Kristine C. Oren (MA BBO# 705730)
(*pro hac vice*)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
ckiely@toddweld.com
koren@toddweld.com

Arthur L. Aidala (S.D.N.Y. Bar No. ALA-0059)
Imran H. Ansari (S.D.N.Y. Bar No. IHA-1978)
AIDALA, BERTUNA & KAMINS, P.C.
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
iansari@aidalalaw.com
aidalaesq@aidalalaw.com


Dated: June 22, 2022


**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2022 a copy of the foregoing was sent via email to all Plaintiff's counsel of record listed as registered participants on the Notice of Electronic Filing.

>                           */s/ Christian G. Kiely*
>                           Christian G. Kiely