# Cooper & Kirk

**Lawyers**
A Professional Limited Liability Company

| | | |
|---|---|---|
| Charles J. Cooper | 1523 New Hampshire Avenue, N.W. | (202) 220-9600 |
| ccooper@cooperkirk.com | Washington, D.C. 20036 | Fax (202) 220-9601 |

July 18, 2022

**Via ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
     **Proposed Trial Schedule**

Dear Judge Preska:

  I write on behalf of Plaintiff Virginia Giuffre pursuant to the Court's Orders of June 29, 2022 (Doc. 481) and June 30, 2022 (Doc. 483) directing the parties "to submit letters to the Court containing proposed dates to conclude fact and expert discovery and a list of currently anticipated fact and expert witnesses" by 5:00 p.m. today.

  We have conferred with counsel for the Defendant Alan Dershowitz and the parties have agreed to work towards a targeted trial date of March 2023 with fact discovery closing on November 30, 2022 and expert discovery closing on February 15, 2023. Plaintiff understands the Court had previously indicated a desire to have a trial in the Fall of this year, but neither party now believes that is possible; and indeed, we believe a March trial is optimistic and aggressive for the following reasons.

  First and foremost, 

  Second, the parties have agreed to resume Plaintiff's deposition via Zoom from Australia on July 26, 2022, and have agreed that Defendant's deposition will be taken on August 30 and 31, 2022 in Boston, MA.

  Third, given that Defendant plans to take 9 depositions (in addition to the 10 depositions he has taken thus far), additional time for fact and expert discovery is necessary. Both parties have

Hon. Loretta A. Preska
July 18, 2022
Page 2

indicated they want to depose each of the individuals identified as anticipated fact witnesses by the other party to the extent those depositions have not already occurred. Based on the currently anticipated list of fact witnesses, for Plaintiff this means we will be taking 5 depositions (in addition to the 1 deposition that we have taken thus far), including the deposition of the Defendant. For Defendant this means defense counsel will be taking 7 additional depositions including finishing the deposition of the Plaintiff. In addition, defense counsel has indicated they intend to depose 3 additional individuals – Rina Oh, and Virginia's mother and father. Plaintiff anticipates objecting to those depositions, but will address the issue with the Court when and if those depositions are in fact noticed.

Fourth, it appears there will be extensive expert discovery. Plaintiff has identified three affirmative expert witnesses and may add others if Defendant continues to claim physical, emotional, and mental damages. We currently anticipate submitting expert testimony from an expert on sex trafficking, a forensic psychologist, and an expert on the dissemination of Defendant's defamatory statements over the internet. As noted above, however, this list could expand depending on what claims of the Defendant remain in the case. Defendant has identified five potential expert witnesses (or at least topics). This expert discovery will require at a minimum two psychiatric evaluations of Plaintiff (one from Plaintiff's expert and one from Defendant's expert), and Defendant has indicated an intention to seek a physical evaluation of Plaintiff as well, which Plaintiff anticipates objecting to, but in either case will require time to resolve the objection and/or schedule.

With respect to Plaintiff's currently anticipated list of fact witnesses, we have identified the following individuals we plan to call in-person at trial:

1. Virginia Giuffre
2. David Boies
3. Sigrid McCawley
4. Brad Edwards
5. Paul Cassell
6. David Stone
7. Anousaka de Georgiou

In addition, we currently anticipate submitting recorded deposition testimony from a number of witnesses.

We also would like to respectfully raise one matter that has been pending with the Court the resolution of which would aid in preparing for Defendant's deposition. Although Defendant demanded and received Plaintiff's tax returns, Defendant has still not complied with the Court's Order of February 14, 2022 (Doc. 401) requiring him to produce his tax returns. Defendant filed a Letter Motion for a Local 37.2 Conference requesting relief from the Order requiring him to produce his tax returns (Doc. 465), which is presumably why he has not yet complied with the Court's Order. Plaintiff responded in opposition to that request (Doc. 466), and the matter is fully briefed and is awaiting the Court's resolution.

Hon. Loretta A. Preska
July 18, 2022
Page 3

                                                Respectfully,

                                                s/ Charles J. Cooper
                                                Charles J. Cooper

CC:    Counsel of Record (via ECF)