

Christian G. Kiely<br>ckiely@toddweld.com

July 19, 2022

**VIA ECF**
Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: *Giuffre v. Dershowitz*, Case No.: 19-cv-03377-LAP
     Response to Plaintiff's Letter Seeking Pre-Motion Discovery Conference
     (ECF No. 494)

Your Honor:

  Defendant Alan Dershowitz ("Prof. Dershowitz") hereby responds to Plaintiff's pre-motion letter, ECF No. 494. Plaintiff's motion is an improper attempt to force Prof. Dershowitz to disclose and identify possible impeachment material in the middle of her ongoing deposition and prior to her testifying on direct at trial. The decision about how to use any impeachment material has not been made and at this point is purely attorney work product. Prof. Dershowitz has complied with and will continue to comply with his discovery obligations, but he cannot and should not be compelled to turn over his as yet unfinalized trial strategy.

  Prof. Dershowitz has not indicated that he will never provide the requested information, but simply that the requests for production and identification via answers to interrogatories of material Prof. Dershowitz intends to use at trial is highly premature where no final decisions have been made (or could yet be made) regarding his trial presentation. The final identification of witnesses, trial exhibits, and other documents will presumably be the subject of pre-trial disclosure deadlines. Prof. Dershowitz has, of course, complied with the Court's Order that he identify his currently anticipated trial witnesses in connection with Thursday's scheduling conference, and he will comply with any future orders regarding reciprocal pre-trial disclosures.

  Prof. Dershowitz has also already produced impeachment material which is responsive to one or more of Plaintiff's more than one hundred previous requests for production.[1] What Prof.

---

[1] To be clear, Prof. Dershowitz is *not* taking the position that he would be entitled to withhold relevant information in response to a proper discovery request seeking specific, relevant documents, on the grounds that those documents will be used solely for impeachment purposes. Plaintiff has propounded more than one hundred such requests, and Prof. Dershowitz has produced documents responsive to nearly all of them. But Plaintiff's discovery demands at issue here are not aimed at specific documents, but rather, request the production and identification of *all* documents which may be used for impeachment purposes, thereby improperly "encroach[ing] on



Dershowitz objects to is Plaintiff's attempt to require him at this juncture, in the middle of discovery and indeed *in the middle of Plaintiff's deposition*, to identify all impeachment material he intends to use at trial.  Material which is to be used solely for impeachment purposes is expressly exempted from both initial and pre-trial disclosure under Rule 26(a) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i) & (ii) (exempting impeachment material and witnesses from initial disclosures); 26(a)(3)(A) (exempting impeachment material and witnesses from pre-trial disclosures).  Plaintiff's contention that she may circumvent the exemption for impeachment material set forth in Rule 26(a) simply by propounding discovery requests requesting all impeachment material, at least where the evidence arguably may also have substantive value, is incorrect and nonsensical.  The Second Circuit has not recognized such a rule, and as multiple courts have recognized, such a rule "could 'result in an erosion of evidence capable of warranting the impeachment designation.'" *Standley v. Edmonds-Leach*, 783 F.3d 1276, 1283 (D.C. Cir. 2015) (quoting *Hayes v. Cha*, 338 F. Supp. 2d 470, 503–04 (D.N.J. 2004)).

In any event, putting aside the general exemption from discovery of material which is to be used solely for impeachment purposes, Plaintiff's requests, and particularly Interrogatory No. 3, are simply designed to make work for Prof. Dershowitz's counsel, and are a transparent attempt to improperly accelerate pre-trial disclosures.  It would be patently unreasonable to require Prof. Dershowitz at this juncture in the middle of fact discovery (and in the middle of Plaintiff's deposition) to "identify all documents [he] may use at trial to contradict any statements made by Plaintiff at her deposition[.]"  *See* ECF No. 494 at Ex. C, Interrogatory No. 3.  That is tantamount to a request that Prof. Dershowitz disclose now all of his trial exhibits and other documents he may use at trial, including solely for impeachment purposes.  Moreover, the requirement to supplement his answers to such an interrogatory whenever a new document comes to light throughout the remainder of discovery would be equally unreasonable and impose a massive undue burden on Prof. Dershowitz and his counsel.[2]  **If the Court is inclined at all to enter such an extraordinary order, and it should not be, then Prof. Dershowitz requests via this pre-motion letter that the order be fully reciprocal and that his deposition not take place until all such materials and information have been produced by Plaintiff.**

---

an attorney's trial preparation, another important element of the civil system."  *Hayes v. Cha*, 338 F. Supp. 2d 470, 503–04 (D.N.J. 2004).

[2] Plaintiff's request for the identification of trial witnesses via interrogatory is moot where Prof. Dershowitz has recently identified to Plaintiff, in connection with the upcoming scheduling conference, those witnesses whom he presently intends to call at trial.  There is no legitimate reason, other than to create work for his counsel, to require Prof. Dershowitz to respond to an interrogatory propounded at this late stage in discovery seeking detailed information regarding all persons with knowledge of any of the claims, counterclaims or defenses in this action, beyond what he has already disclosed as part of his Rule 26 initial disclosures and in his filing on July 18 (ECF No. 498).



Hon. Loretta A. Preska
July 19, 2022
Page 3 of 3

    Plaintiff's demands are even more improper insofar as they were occasioned by, and to the extent they are directed at, the comment by Howard Cooper in what was expressly a confidential settlement communication that "[Plaintiff's] deposition was a disaster for her, including for reasons you and she will not appreciate until trial." Plaintiff's use of a single sentence from a confidential settlement communication in this manner violates the confidential nature of the communication and is deeply unfair. To assume that this statement even referred to impeachment material is pure speculation. And, even if it did, discovery requests targeted at that material amount to an improper effort to compel Prof. Dershowitz to identify, *in the middle of Plaintiff's ongoing deposition*, false statements, which, if repeated at trial, will be subject to impeachment. That would be patently unfair and inconsistent with any notion of due process.

    Plaintiff's contention that whatever Mr. Cooper had in mind would be admissible substantively and thus not used "solely" for impeachment and thus subject to discovery is further speculation. Regardless, the fact that Plaintiff made impeachable statements at her deposition does not mean any decisions have been made regarding *how* specifically Prof. Dershowitz intends to impeach Plaintiff on those statements at trial, including whether he will use documents to do so, or whether the impeachment will rely solely on witness testimony.[3] Plaintiff is of course free to question Prof. Dershowitz or any other witnesses at their depositions as to any of the subject matters on which she was questioned at her deposition in order to elicit contradictions which may be used at trial for impeachment purposes. We note in this regard that Plaintiff's counsel, Charles Cooper, in the very same settlement discussions stated to counsel, in effect, that "You scored some points but we expect to score points during [Prof. Dershowitz's] deposition too." By Plaintiff's logic, the Court should force Plaintiff to identify all discovery Charles Cooper was referring to or relying upon prior to Prof. Dershowitz's deposition. **Again, if the Court is inclined to allow Plaintiff's request, it should order this as well.**

    For the foregoing reasons, the Court should deny Plaintiff's request for a pre-motion conference. If the Court grants Plaintiff's motion in any respect, the Court should make clear that Plaintiff has a reciprocal duty of disclosure.

    Respectfully submitted,

/s/ *Christian G. Kiely*
Christian G. Kiely

cc:    All counsel of record, via ECF

---

[3] Prof. Dershowitz has disclosed the identities of all witnesses he presently anticipates calling at trial, including those who may be used for impeachment purposes, and all such witnesses are listed in Prof. Dershowitz' submission to the Court dated July 18, 2022 (ECF No. 498).